**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **STEWARD HEALTH CARE SYSTEM LLC**, *et al.*, | § § § | Case No. 24-90213 (CML) |
| Debtors.[1] | § § § § | **(Joint Administration Requested)** **(Emergency Hearing Requested)** |

**EMERGENCY MOTION OF DEBTORS FOR ORDER (I) AUTHORIZING
DEBTORS TO (A) FILE A CONSOLIDATED CREDITORS MATRIX AND
A CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS, AND
(B) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION;
(II) AUTHORIZING SERVICE OF PARTIES IN INTEREST BY EMAIL;
AND (III) APPROVING FORM AND MANNER OF NOTIFYING CREDITORS
OF COMMENCEMENT OF CHAPTER 11 CASES AND OTHER INFORMATION**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 10:00 A.M. (CENTRAL TIME) ON MAY 7, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 7, 2024 AT 10:00 A.M. (CENTRAL TIME) IN COURTROOM 401, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002.**
>
> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JUDGELOPEZ".**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

> **CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS.  TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE.  SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1. On May 6, 2024, (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

3. The Debtors own and operate the largest private physician-owned for-profit healthcare network in the United States.  Headquartered in Dallas, Texas, the Debtors' operations include 31 hospitals across eight states, approximately 400 facility locations, 4,500 primary and

specialty care physicians, 3,600 staffed beds, and a company-wide workforce of nearly 30,000 employees. The Debtors provide care to more than two million patients annually.

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of John R. Castellano in Support of Debtors' Chapter 11 Petitions and First-Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.[2]

## Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6. By this Motion, pursuant to section 107(c)(1)(A) of the Bankruptcy Code, Bankruptcy Rules 1007(a)(1) and (d) and 2002, and Bankruptcy Local Rule 9013-1(d), the Debtors request (i) authority to (a) file a consolidated creditors matrix (the "**Consolidated Creditors Matrix**") and a consolidated list of the Debtors' thirty (30) largest unsecured creditors (the "**Consolidated Top 30 Creditors List**"), and (b) redact the addresses and email addresses of individuals that are the Debtors' current and former employees, directors, interest holders, contractors, creditors, other parties in interest—including the Debtors' current and former patients—and other individuals, as necessary, and any other information required to be redacted, to the extent applicable or required by law; (ii) authority to serve parties in interest by email; and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

(iii) approval of the form and manner of notifying creditors of the commencement of these chapter 11 cases and other information.

7.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should Be Granted

**A.  Consolidated Creditors Matrix**

8.  Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1). Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditors Matrix for all Debtors. Such relief is permitted by Rule 14(a) of the *Procedures for Complex Cases in the Southern District of Texas*.

**B.  Consolidated Top 30 Creditors List**

9.  Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders[.]" Fed. R. Bankr. P. 1007(d). In complex chapter 11 cases filed in the Southern District of Texas, the lead debtor in a jointly administered complex case must "file a single, consolidated list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors." *See Procedures for Complex Cases in the Southern District of Texas*, Rule 14(a). Because a significant number of creditors may be shared amongst the Debtors, consistent with Rule 14(a), the Debtors request authority to file the Consolidated Top 30 Creditors List for all Debtors. The Consolidated Top 30 Creditors List will help alleviate administrative burden, costs, and the possibility of duplicative service. For the avoidance of doubt, the Debtors

are not requesting authority pursuant to this Motion to (i) file consolidated schedules of assets and liabilities and statements of financial affairs or (ii) substantively consolidate the Debtors.

C.  **Redaction of Certain Personal Information of Certain Third Parties**[3]

10. Section 107(c)(1)(A) of the Bankruptcy Code provides that "the [Court], for cause, may protect an individual, . . . to the extent the court finds that disclosure of such information would create undue risk of identity theft[,]" with respect to "[a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]." 11 U.S.C. § 107(c)(1)(A).  Here, cause exists to authorize the Debtors to redact the addresses and email addresses for individuals that are the Debtors' current and former employees, directors, interest holders, contractors, creditors, other parties in interest—including the Debtors' current and former patients—and other individuals, as necessary, and any other information required to be redacted, to the extent applicable or required by law, from the Consolidated Creditors Matrix, the Consolidated Top 30 Creditors List, and other filings made in these chapter 11 cases because such information could be used to, among other things, perpetrate identity theft, and poses potential safety or other privacy concerns.  The Debtors have policies and practices in place to preserve personal identification information of its employees, independent contractors, and patients, among other individuals, and intends to continue those policies and practices in these chapter 11 cases in the ordinary course.  The Debtors propose to provide, upon request, and subject to applicable data privacy and public health laws, unredacted versions of the Consolidated Creditors Matrix and Consolidated Top 30 Creditors List to the Court, the Office of the United States Trustee for the

---

[3] Contemporaneously herewith, the Debtors have filed the *Emergency Motion of Debtors for an Order (I) Authorizing the Implementation of Procedures to Protect Confidential Patient Information and (II) Granting Related Relief* (the "**Patient Privacy Procedures Motion**") and have proposed procedures to protect certain confidential information of Patients (as defined in the Patient Privacy Procedures Motion).

Southern District of Texas (the "**U.S. Trustee**"), and counsel to any statutory committee of unsecured creditors appointed in these chapter 11 cases.

11.     Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g.*, *In re Air Methods Corporation*, No. 23-90886 (MI) (Bankr. S.D. Tex. Oct. 25, 2023) (Docket No. 94); *In re Genesis Care Pty Limited*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023) (Docket No. 73); *In re Envision Healthcare Corporation*, No. 23-90342 (CML) (Bankr. S.D. Tex. May 15, 2023) (Docket No. 118); *In re Serta Simmons Bedding, LLC*, No. 23-90020 (DRJ) (Bankr. S.D. Tex. Jan. 24, 2023) (Docket No. 89); *In re Core Scientific, Inc.*, No. 22-90341 (DRJ) (Bankr. S.D. Tex. Dec. 22, 2022) (Docket No. 117); *In re Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. May 18, 2022) (Docket No. 237). Similar relief is also appropriate here.

**D.     Service by Email to Creditors is Appropriate and Should Be Approved**

12.     Although the Bankruptcy Rules generally require notices to be served on creditors at their addresses, they give significant latitude to bankruptcy courts for modifying the general rule. *See* Fed. R. Bankr. P. 2002(m) and 9007. Bankruptcy courts have explicit authority to modify the manner in which notice is given. *See* Fed. R. Bankr. P. 2002(m). The Debtors serve many of their patients through online platforms and often communicate with them through electronic means. Accordingly, the Debtors request authority to serve their creditors by email, where an email account is available to the Debtors.

13.     Not only is email service likely the most efficient and cost-effective manner by which service of all interested parties can be completed, it is also more likely to facilitate creditor responses. In addition, this method of service will help alleviate administrative burdens and costs on the Debtors' estates.

14. The Debtors submit that implementation of the procedures requested herein are appropriate in these chapter 11 cases and are well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

15. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g.*, *In re Genesis Care Pty Limited*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023) (Docket No. 73) (authorizing the debtors to serve all pleadings and papers, including the notice of commencement, on all parties listed on the creditor matrix by email, if available); *In re Envision Healthcare Corporation*, No. 23-90342 (CML) (Bankr. S.D. Tex. May 15, 2023) (Docket No. 118) (same).

**E.    Service of Notice of Commencement of These Chapter 11 Cases**

16. Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases. Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code[.]" Fed. R. Bankr. P. 2002(a)(1). Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

17. The Debtors, through Kroll Restructuring Administration LLC ("**Kroll**"), their proposed claims and noticing agent, propose to serve the notice of commencement substantially in the form attached as **Exhibit 1** to the Proposed Order (the "**Notice of Commencement**") to all parties entitled to notice of commencement of these chapter 11 cases, to advise them of commencement of these chapter 11 cases and the section 341 meeting of creditors. Service of the Notice of Commencement on the Consolidated Creditors Matrix will not only prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' Consolidated Creditors Matrix, but also preserve

7

judicial resources and prevent creditor confusion through the efficient service of critical information. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted and proper in these chapter 11 cases.

18. In addition, the Debtors propose to publish, within seven (7) days after entry of the Proposed Order or as soon as practicable thereafter, the Notice of Commencement once in the national edition of the *New York Times*, the local editions of the *Houston Chronicle*, the *Miami Herald*, and the *Boston Globe*, and such other publications that the Debtors determine are appropriate in their business judgment. The Debtors submit that publication of the Notice of Commencement in the manner set forth herein is the most practical method by which to notify those creditors and other parties in interest who do not receive the Notice of Commencement by mail notifying them of the commencement of these chapter 11 cases and constitutes an efficient use of the estates' resources.

## Debtors Have Satisfied Bankruptcy Rule 6003(b)

19. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003, which provides that the Court may grant relief within the first 21 days after the Petition Date to the extent such relief is necessary to avoid immediate and irreparable harm. The relief requested is essential to avoid the immediate and irreparable harm that would be caused by the Debtors' inability to transition smoothly into chapter 11. Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 are satisfied.

## Reservation of Rights

20. Nothing contained herein is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or

validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vii) an admission as to the validity of any liens satisfied pursuant to this Motion, or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## Notice

21.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 6, 2024
       Houston, Texas

       /s/  Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
        Clifford.Carlson@weil.com
        Stephanie.Morrison@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (*pro hac vice* pending)
Candace M. Arthur (*pro hac vice* pending)
David J. Cohen (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
        Candace.Arthur@weil.com
        DavidJ.Cohen@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on May 6, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.

                                             */s/ Clifford W. Carlson*
                                             Clifford W. Carlson

**<u>Exhibit A</u>**

**Proposed Order**