**Exhibit C**

**Vendor Trade Agreement**

**[Name of Applicable Debtor]**

_____, 2024

TO: [Vendor]
　　[Name]
　　[Address]

Dear Valued Supplier:

As you are aware, Steward Health Care System LLC and certain of its affiliates (collectively, the "**Company**") each filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Chapter 11 Cases**" and the "**Bankruptcy Court**," respectively) on May 6, 2024 (the "**Petition Date**"). On the Petition Date, the Company requested the Bankruptcy Court's authority to pay certain suppliers and service providers (collectively, the "**Vendors**") in recognition of the importance of the Company's relationship with those Vendors and the Company's desire to minimize any disruption that the Chapter 11 Cases could have. On _____, 2024, the Bankruptcy Court entered an [interim/final] order (the "**Order**") authorizing the Company, under certain conditions, to pay prepetition claims of certain Vendors that agree to the terms below as well as agree to be bound by the terms of the Order. A copy of the Order is annexed hereto (the Order, collectively with this letter, the "**Letter Agreement**").

To receive payment on prepetition claims pursuant to the Order, each selected Vendor must agree to continue to provide goods or services to the Company based on "Customary Trade Terms" that such Vendor provided the Company prior to the Petition Date. As used herein and in the Order, "Customary Trade Terms" are the normal and customary trade terms, practices, and

programs (including credit limits, order volumes, pricing, cash discounts, timing of payments, and other applicable terms and programs), that were most favorable to the Company and in effect between the Vendor and the Company at any time within the twenty-four (24) month period before the Petition Date, or, if applicable, the trade terms of the agreement between the parties in effect on the Petition Date.

   A. For purposes of administration of this program, the Company and you agree as follows:

1. The balance of your aggregate prepetition claim(s) against the Debtors, on account of all prepetition amounts owed, is $[____] (the "**Agreed Vendor Claim**").

2. [$[___] of the Agreed Vendor Claim is entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code (the "**Agreed 503(b)(9) Claim**").]

3. [The Company will provisionally pay you $_____ (the "**Payment**"), without interest, penalties, or other charges, on account of the Agreed Vendor Claim (net of any setoffs, credits, or discounts) of which, if applicable, $_____ will be applied toward the Agreed 503(b)(9) Claim. Such payment will satisfy the Agreed 503(b)(9) Claim in full and ___% of the total amount of the Agreed Vendor Claim.]

4. [You shall be entitled to a deficiency claim ("**Deficiency Claim**") equal to the difference between the Agreed Vendor Claim and the Payment. You must file a proof of claim in the Bankruptcy Cases. The Deficiency Claim shall be considered a general unsecured claim.]

5. You agree that you have reviewed the terms and provisions of the Order and consent to be bound by the same, including all provisions therein with respect to the Disgorgement Procedures.

6. Nothing herein waives the Company's or your rights under section 365 of the Bankruptcy Code.

7. If there is an agreement in effect as of the Petition Date between you and the Company, you will continue to provide goods or services in accordance with the agreement's terms, including honoring any existing allowances, credits, contractual obligations, or balances that were accrued as of the Petition Date and shall apply all such allowances, credits, or balances towards future orders in the ordinary course of business; *provided that* the Company shall perform any postpetition obligations arising under such contract, agreement, or arrangement subject to the Customary Trade Terms. Otherwise, you will provide Customary Trade Terms as

follows (if more space is required, continuation pages are attached):
_____
_____
_____

8. You agree that you shall not require a lump-sum payment upon the confirmation or consummation of a plan of reorganization in the Bankruptcy Cases on account of any administrative expense claim arising from the delivery of postpetiton goods or services that you may assert, if such amounts are not yet due, but instead agree that such claims will be paid in the ordinary course of business after confirmation of a plan under applicable Customary Trade Terms, if the plan provides for the ongoing operations of the Company.

9. You will hereafter extend to the Company all Customary Trade Terms and agree to abide by any purchase order terms and conditions between you and the Company as in effect before the Petition Date (the "**Current PO(s)**").

B. Payment of your Agreed Vendor Claim in the manner set forth in the Order may only occur upon execution of this Letter Agreement by a duly authorized representative of your company and the return of this letter to the Company. Your execution and return of this Letter Agreement constitutes an agreement between you and the Company:

1. to the Customary Trade Terms and, subject to the reservations contained in the Order, to the amount of the Payment set forth above;

2. that, for a period lasting until the later of (i) two years from the Petition Date; (ii) the date upon which the term of your Current PO(s) expire; or (iii) the consummation of a sale of all or a material portion of the Company's assets pursuant to Bankruptcy Code section 363 resulting in a cessation of the Company's business operations, solely to the extent requested by the Company, you will continue to supply the Company with goods or services pursuant to Customary Trade Terms and that the Company will pay for those goods or services in accordance with Customary Trade Terms;

3. that, if there is an agreement in effect as of the Petition Date, pursuant to which you provide goods or services to the Company, you will not terminate such contract, agreement, or arrangement for the duration of the Bankruptcy Cases; *provided that* the Company continues to pay for such goods and services and is not otherwise in breach of such contract, agreement, or arrangement;

4. that you will continue to supply goods or provide services, as applicable, to any non-debtor affiliate of the Company with which you do business, on the terms set forth in the applicable contracts or purchase orders;

5. that you have reviewed the terms and provisions of the Order and consent to be bound by the same;

3

6. that you will not separately seek payment for reclamation or other claims outside of the terms of the Order, including on account of any prepetition claim outside of the terms of this Letter Agreement or any confirmed plan of reorganization in these Bankruptcy Cases, unless your participation in the vendor payment program authorized by the Order (the "**Vendor Payment Program**") is terminated;

7. that, in consideration for the Payment, you agree not to file or otherwise assert against the Company, its estate, or any other person or entity, or any of their respective assets or property (real or personal) any lien (regardless of the statute or other legal authority upon which the lien is asserted) on account of any remaining prepetition amounts allegedly owed to you by the Company arising from agreements entered into before the Petition Date. Furthermore, if you have taken steps to file or assert a lien before entering into this Letter Agreement, you agree to take all necessary steps to remove the lien as soon as possible at your sole cost and expense;

8. that if you fail to comply with the terms and provisions of this Letter Agreement, (i) the Company may demand repayment in cash and otherwise take all action to have such payment be deemed to be an improper postpetition transfer on account of a prepetition claim; (ii) upon recovery by the Company, your prepetition claim will be reinstated as if the payment had not been made, and you must file a reinstated claim by the later of (a) the general bar date established by order of this Court or (b) thirty (30) days after the Debtors provide written notice to the party of the reinstatement of its claim; (iii) the Company may, in its sole discretion and without further order of the Bankruptcy Court, immediately terminate this Letter Agreement; and (iv) the Company shall have the right, in addition to any other rights and remedies existing in its favor, to seek an injunction or injunctions to prevent breaches of the provisions of this Letter Agreement and to enforce its rights and obligations hereunder not only by an action or actions for damages but also by an action or actions for specific performance, injunctive relief and/or other equitable relief;

9. that if the Company fails to pay for goods or services delivered pursuant to the Customary Trade Terms, and the Company fails to cure such default within fourteen (14) business days after receiving notice of such default, then you shall have the right to terminate this Letter Agreement, in which event you: (i) shall have no obligation to continue to provide goods or services to the Company pursuant to the Customary Trade Terms; and (ii) may exercise any rights and remedies available under applicable law; and

10. that you will keep the existence and the terms of this Letter Agreement confidential and will not disclose it to any person or entity without the prior written consent of the Company, other than as required by law to any court or governmental authority.

The Company and you also hereby agree that any dispute concerning this Letter Agreement, the Order, or your participation in the Vendor Payment Program shall be determined

4

by the Bankruptcy Court and that all litigation arising out of or relating to this Letter Agreement, the Order, or your participation in the Vendor Payment Program or its subject matter must be commenced in the Bankruptcy Court.

If you have any questions about this Letter Agreement or the Chapter 11 Cases, do not hesitate to call.

Sincerely,

[Name of Applicable Debtor]

By: _____

Title: _____

Agreed and Accepted by:

[Vendor]

By: _____

Title: _____

Dated: _____

5