IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTH CARE SYSTEM | § | Case No. 24-90213 (CML) |
| LLC, *et al.*, | § | |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re: Docket No. 46 |

**LIMITED OBJECTION OF THE ABL PARTIES TO
THE EMERGENCY MOTION OF DEBTORS FOR INTERIM AND
FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN
JUNIOR LIEN POSTPETITION FINANCING, (B) USE CASH COLLATERAL,
AND (C) GRANT LIENS AND PROVIDE SUPERPRIORITY ADMINISTRATIVE
EXPENSE CLAIMS; (II) GRANTING ADEQUATE PROTECTION TO CERTAIN
PREPETITION SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY;
(IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

Certain asset-based lenders and the administrative agent for the ABL (collectively, the "ABL Parties") under that certain Credit Agreement, dated as of August 4, 2023, by and among Steward Health Care System LLC, as the borrower, the other Loan Parties party thereto, the lenders from time to time party thereto, Sound Point Agency LLC, as administrative agent, Chamberlain Commercial Funding (Cayman) L.P., as collateral agent, Brigade Agency Services LLC, as FILO agent, and Whitehawk Capital, LLC, as documentation agent (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), by and through their undersigned counsel, hereby submit this limited objection with respect to the *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Junior Lien Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

*Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Certain Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [Docket No. 46] (the "<u>DIP Motion</u>") filed in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") and proposed interim order filed in connection therewith (the "<u>Proposed Interim Order</u>"), and in support hereof, respectfully state as follows:[2]

## LIMITED OBJECTION

1. The ABL Parties have been working constructively with the Debtors to negotiate a consensual financing framework whereby MPT provides the Debtors with junior post-petition financing and the ABL Parties permit the Debtors to use cash collateral during these Chapter 11 Cases. At this point, the ABL Parties and the Debtors have largely agreed on terms to permit consensual use of cash collateral by the Debtors for purposes of the interim hearing. However, the Proposed Interim Order contains certain provisions purporting to improperly pre-wire the allocation of future sale proceeds in favor of MPT with no basis to do so.[3] These provisions are simply pork barrel politics playing out in an otherwise straightforward DIP financing and they should be rejected by the Court.

2. The Debtors have approximately $1.2 billion in secured funded debt across multiple facilities with crossing liens.[4] In order to return value to their secured lenders and other creditor constituencies, the Debtors have stated that they will pursue the sale of their assets (many

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' DIP Motion, as applicable.

[3] MPT is the landlord on most of the Debtors' properties and is also a secured lender to the Debtors.

[4] *See Declaration of John R. Castellano in Support of Debtors' Chapter 11 Petitions and First-Day Pleadings*, Case No. 24-90213 at ¶ 33 (Bankr. S.D. Tex. 2024) [Docket No. 38].

2

of which are hospitals) during these Chapter 11 Cases. As a result, the proper distribution of the proceeds of such sales to the Debtors' various constituencies is of paramount importance.

3. These cases are at their inception. At present, the Debtors (i) have not sold any assets, (ii) do not know whether and how prospective purchasers will allocate their respective purchase prices among the assets they buy, (iii) are not in possession of any documentation requiring the Debtors to allocate value from asset sales in any particular manner (other than lien priorities), (iv) have no perspective of a yet to be formed unsecured creditors' committee, and (v) have not attempted to negotiate with the major parties in interest in these cases to find a solution to avoid litigation over this complex issue. Nevertheless, MPT is trying to use its leverage as the DIP financing provider to slip a provision into the Proposed Interim Order dictating the allocation of future sale proceeds – an issue that is at the very heart of these cases and has nothing to do with the proposed DIP Financing.

4. Specifically, the Proposed Interim Order illogically provides that for each Hospital Disposition, MPT either needs to be paid the Hospital Disposition Allocation Amount[5] or, if paid less than such amount, the deficiency amount will become an allowed secured claim. Additionally, the term sheet summarizing the terms of the DIP Facility provides that, subject to entry of the Final Order and bidding procedures, the Debtors will apply proceeds such that "all amounts up to the Adjusted Lease Base shall be for the benefit of and paid to the applicable MPT Lessors and any

---

[5] Under the Proposed Interim Order, "Hospital Disposition Allocation Amount" is defined to mean, "with respect to any Hospital Disposition under the Master Leases, an amount equal to the sum of (x) the lease base applicable to such hospital under the applicable Master Lease (which lease base amount shall, for the avoidance of doubt, be determined exclusive of any deferred rent) *plus* (y) the aggregate amount of any deferred and unpaid rent accrued in respect of such hospital under such Master Lease as of the applicable time of determination plus (z) in any case, without duplication of any amounts described under the foregoing sub-clauses (x) or (y), all other pre-petition or post-petition unpaid insurance, Impositions (as such term is defined in such Master Lease and, for the avoidance of doubt, including the amounts necessary to remove any mechanics liens), and unreimbursed capital expenditures, in each case accrued and outstanding relating to such hospital," which amounts as of May 6, 2024 are allegedly set forth on Annex III to the DIP Term Sheet, and subject to adjustments as of the applicable time of determination.

amount in excess of the Adjusted Lease Base[6] shall be for the benefit of the applicable Debtor's estate and that any allocation under such sale or disposition will be consistent with the foregoing."[7]

5. While comprised of many words, the concept is simple: MPT is trying to get the Court to predetermine that it should be paid before secured and other creditors in connection with the Debtors' future hospital sales. As noted, unfortunately for MPT, there is no basis for the relief it is seeking. Beyond the inappropriateness of the effort, the value of MPT's real estate (or why the lease bases are asserted to be the right proxy for same) is not clear and is subject to extensive potential litigation.

6. There is no need for MPT to get a leg up on other creditors in these cases through its DIP Financing, and if it wants to lend to the Debtors, it should do so on ordinary DIP terms and leave the question of how to allocate the net proceeds of hospital sales to the time when it is relevant and after the major parties in interest in these cases have had a chance to negotiate and/or litigate a fair resolution to the issue.

[*Remainder of page intentionally left blank.*]

---

[6] "Adjusted Lease Base" is defined as "the sum of (x) the lease base applicable to such Facility under the applicable Master Lease *plus* (y) the aggregate amount of any deferred and unpaid rent accrued in respect of such Facility under the applicable Master Lease as of the applicable time of determination *plus* (z) in any case, without duplication of any amounts described under the foregoing subclauses (x) and (y), all other pre- or post-petition unpaid insurance, Impositions (as such term is defined in the applicable Master Lease and, for the avoidance of doubt, including mechanics liens), and unreimbursed capital expenditures, in each case accrued and outstanding relating to such hospital," as allegedly set forth as of May 5, 2024 on Annex III attached to the DIP Term Sheet and subject to adjustment at the time of determination.

[7] DIP Motion, Ex. C at 15.

**WHEREFORE**, the ABL Parties respectfully request that the Court require MPT to drop the offensive provisions from the Proposed Interim Order or deny approval of the DIP Motion.

Dated: May 7, 2024  
      Houston, Texas

Respectfully submitted

*/s/ James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
Schlea M. Thomas (TX Bar No. 24131710)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com
     schleathomas@paulhastings.com

-and-

Kristopher M. Hansen (*pro hac vice* pending)
Christopher M. Guhin (*pro hac vice* pending)
Emily L. Kuznick (*pro hac vice* pending)
Matthew Micheli (admitted *pro hac vice*)
Caroline M. Diaz (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: krishansen@paulhastings.com
     chrisguhin@paulhastings.com
     emilykuznick@paulhastings.com
     mattmicheli@paulhastings.com
     carolinediaz@paulhastings.com

*Counsel to the ABL Parties*

**Certificate of Service**

I certify that on May 7, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

    */s/ James T. Grogan III*
    James T. Grogan III