**<u>Exhibit B</u>**
**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § § | |

INTERIM ORDER (I) AUTHORIZING
DEBTORS TO PAY (A) CRITICAL VENDOR CLAIMS, (B) LIEN
CLAIMS, AND (C) 503(b)(9) CLAIMS; AND (II) GRANTING RELATED RELIEF

Upon the motion, dated May 6, 2024 (Docket No. 13) (the "**Motion**")[2] of Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 363(b), 503(b)(9), and 105(a) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Bankruptcy Local Rule 9013-1 (i) authorizing, but not directing the Debtors to pay, in the ordinary course of business, based on their sound business judgment, prepetition (a) Critical Vendor Claims, (b) Lien Claims, and (c) 503(b)(9) Claims; and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and upon consideration of the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, and subject to the terms of this Order, to honor, pay, or otherwise satisfy prepetition Critical Vendor Claims (or a portion thereof) described in the Motion, in an aggregate amount not to exceed $19.2 million on an interim basis as set forth in the categories and amounts in the Motion.

2. The Debtors are further authorized, but not directed, in the reasonable exercise of their business judgment, and subject to the terms of this Order, to honor, pay, or otherwise satisfy prepetition Lien Claims described in the Motion, in an aggregate amount not to exceed $2.0 million on an interim basis as set forth in the categories and amounts in the Motion.

3. The Debtors are further authorized, but not directed, in the reasonable exercise of their business judgment, and subject to the terms of this Order, to honor, pay, or

otherwise satisfy prepetition 503(b)(9) Claims described in the Motion, in an aggregate amount not to exceed $3.8 million on an interim basis as set forth in the categories and amounts in the Motion.

4. In the event the Debtors, in an exercise of their business judgment, determine that they need to exceed the amounts set forth in paragraphs 1, 2, and 3 of this Interim Order prior to entry of the Final Order in order to preserve the value of the Debtors' estates or provide critical goods or services to patients, the Debtors shall file a notice with the Court describing the category and proposed overage amount prior to payments. If no objections are filed with this Court and served on the Debtors within five (5) days, such overage shall be authorized to be paid.

5. Nothing herein shall prejudice the Debtors' ability to seek a further order from this Court authorizing the Debtors to exceed the aggregate amounts of any Vendor category as set forth herein during the interim period.

6. Any Vendor that accepts payment pursuant to the authority granted in this Interim Order shall (a) agree to continue—or recommence—supplying goods and services to the Debtors consistent with the Customary Trade Terms and (b) agree that they shall not be permitted to cancel any contract, agreement, or arrangement pursuant to which they provide such goods and/or services to the Debtors during the course of these chapter 11 cases provided that the Debtors continue to pay for such goods and services and are not otherwise in breach of such contract or agreement. The Debtors will take commercially reasonable efforts to cause a Vendor to enter into a Trade Agreement as a condition of payment of such Vendor's Vendor Claim. The Debtors reserve the right to require additional favorable trade terms with any Vendor as a condition to payment of any Vendor Claim.

7. Any party that accepts payments from the Debtors on account of a Vendor Claim (including Critical Vendor Claims) shall be deemed to have agreed to the terms and provisions of this Interim Order and submits to the jurisdiction to this Court with respect to the Trade Agreement between such party and the Debtors. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Interim Order, the Debtors shall provide such Vendor with a copy of this Interim Order (unless previously provided to such Vendor).

8. If, either after executing the Trade Agreement or receiving notification of this Interim Order and the disgorgement procedures ("**Disgorgement Procedures**") (as set forth in this paragraph 8), a Vendor accepts payment pursuant to the relief requested by the Motion and thereafter does not continue to provide the goods and services to the Debtors on the Customary Trade Terms, subject to any Trade Agreement between the Debtors and such Vendor, fourteen (14) days after receipt by the Vendor of a notice of non-performance from the Debtors, if no objection with the Court has been filed: (i) such payment shall be deemed by the Debtors to be an improper postpetition transfer on account of a prepetition claim and, therefore, will be immediately recoverable by the Debtors in cash upon written request; (ii) upon recovery by the Debtors of such payment, any prepetition claim of such Vendor previously satisfied by the disgorged payment shall be reinstated as if the payment by the Debtors had not been made in the first instance; and (iii) if there exists an outstanding postpetition balance due from the Debtors to such Vendor, then the Debtors may elect to recharacterize and apply any payment made by the Debtors to such Vendor to such outstanding postpetition balance, and such Vendor will be required to repay to the Debtors such paid amounts exceeding the postpetition obligations then outstanding from the Debtors to such Vendor without the right of any setoff, claims, provisions for payment of any claims, or otherwise.

9. Nothing herein shall impair or prejudice the Debtors' or any other party in interest's ability to contest the extent, perfection, priority, validity, or amount of any Vendor Claim.

10. The Debtors shall maintain a matrix/schedule of all amounts directly or indirectly paid under the terms and conditions of this Interim Order, including, for the avoidance of doubt, the Lien Claims and 503(b)(9) Claims (the "**Vendor Matrix**"), including the following information: (i) the category of amount paid, applied, offset or setoff as further described and classified in the Motion; (ii) the amount of the payment, application, offset or setoff by category; (iii) the Debtor or Debtors that made the payment, application, offset or setoff; (iv) the identity of the recipient of the payment, application, offset or setoff; and (v) the date of the payment, application, offset or setoff.  The Debtors shall provide a copy of such Vendor Matrix on a confidential basis to the U.S. Trustee, and on a confidential and professionals' eyes only basis to counsel to each of the ABL Lenders, the FILO Lenders, the DIP Lender, and any statutory committee appointed in these chapter 11 cases by the last day of each month beginning on the last day of the first full month following the Petition Date.  The Debtors shall <u>also provide a copy of the Vendor Matrix, solely with respect to operations in the Commonwealth of Massachusetts, contemporaneously with the provision of the Vendor Matrix to other parties as provided in this Order, to the Office of the Massachusetts Attorney General and the Executive Office of Health and Human Services of Massachusetts on a confidential basis, which shall, for the avoidance of doubt, be exempt from public disclosure pursuant to this Order.  The Debtors shall</u> not be required to file or publish the Vendor Matrix.

11. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to

consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

12. Nothing herein shall impair or prejudice the rights of the U.S. Trustee and any statutory committee appointed in these chapter 11 cases, which are expressly reserved, to object to any payment made pursuant to this Interim Order to an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtors.  To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall, to the extent reasonably practicable, provide three (3) business days' advance notice to, and opportunity to object by the U.S. Trustee and any statutory committee appointed in these chapter 11 cases; *provided*, that if any party objects to the payment, the Debtors shall not make such payment without further order of this Court.

13. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments.  The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

14. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the

commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

15. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors; (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (vii) an admission as to the validity of any liens satisfied pursuant to the Motion; or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

16. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing (such orders, the "**DIP Order**") and any budget in connection with any such use of cash collateral and/or post-petition debtor-in-possession financing. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

17. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

18. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

19. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

20. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

22. A final hearing to consider the relief requested in the Motion shall be held on **June 3**, 2024 at **1:00 p.m.** **(Central Time)** and any objections or responses to the Motion shall be filed on or prior to **May 28**, 2024 at **4:00 p.m.** **(Central Time)**.

23. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: _____, 2024
       Houston, Texas

_____
Christopher Lopez
United States Bankruptcy Judge