United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § § | |

## INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) MAINTAIN, ADMINISTER, MODIFY, AND RENEW THEIR EXISTING REFUND PROGRAMS AND PAY OR OTHERWISE HONOR PREPETITION OBLIGATIONS RELATED THERETO, AND (B) HONOR PREPETITION HEALTH PLAN ADMINISTRATION OBLIGATIONS; AND (II) GRANTING RELATED RELIEF

Upon the motion, dated May 6, 2024 (Docket No. 7), (the "**Motion**")[2] of Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 363, 541, and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing Debtors to (a) maintain, administer, modify, and renew existing Refund Programs and pay or otherwise honor prepetition obligations related thereto, and (b) honor prepetition Health Plan Administration Obligations; and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and upon consideration of the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, pursuant to sections 363, 541, and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, in the reasonable exercise of their business judgment, and subject to the limitations herein and the terms of this Order, to maintain, administer, modify, and renew their existing Refund Programs described in the Motion, and pay or otherwise honor prepetition obligations related thereto, in the ordinary course of business on a post-petition basis consistent with past practice.

2. The Debtors are further authorized, but not directed, pursuant to sections 363 and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, in the reasonable exercise of their business judgment, and subject to the limitations herein and the terms of this Order, to honor prepetition Health Plan Administration Obligations described in the Motion, and pay or otherwise honor prepetition obligations related thereto, in the ordinary course of business on a post-petition basis consistent with past practice.

3. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

4. Nothing contained in the Motion or this Interim Order is intended or should be construed to convert a prepetition claim into an administrative expense priority claim.

5. The Debtors shall maintain a matrix/schedule of cash payments made pursuant to this Interim Order on account of prepetition obligations, including the following information: (i) the nature, date, and amount of the obligations; (ii) the category or type of the obligations, as described and classified in the Motion; and (iii) the Debtor or Debtors that made or incurred the obligation. The Debtors shall provide a copy of such matrix/schedule on a confidential basis to the U.S. Trustee, and on a confidential and professionals' eyes only basis to counsel to each of the ABL Lenders, the FILO Lenders, the DIP Lender, and any statutory committee appointed in these chapter 11 cases by the last day of each month beginning on the last day of the first full month following the Petition Date. The Debtors shall also provide a copy of such matrix/schedule solely with respect to payments in the Commonwealth of Massachusetts, contemporaneously with the provision of those matrix/schedules to other parties as provided in this Order, to the Office of the Massachusetts Attorney General and the Executive Office of Health and Human Services of Massachusetts on a confidential basis, which shall, for the avoidance of doubt, be exempt from public disclosure pursuant to this Order.

6. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available

funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

8. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors; (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (vii) an admission as to the validity of any liens satisfied pursuant to the Motion; or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

9. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and

in accordance with any interim and final orders, as applicable, authorizing the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing (such orders, the "**DIP Order**") and any budget in connection with any such use of cash collateral and/or post-petition debtor-in-possession financing. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

10. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

11. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

12. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

13. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

15. A final hearing to consider the relief requested in the Motion shall be held on **June 3, 2024 at 1:00 p.m. (Central Time)** and any objections or responses to the Motion shall be filed on or prior to **May 28, 2024 at 4:00 p.m. (Central Time)**.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Signed:  May 07, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

5