IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
|  | § | (Jointly Administered) |
| Debtors.[1] | § § § |  |

**MOTION OF DEBTORS
TO ESTABLISH PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1. On May 6, 2024, (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

3. The Debtors own and operate the largest private physician-owned for-profit healthcare network in the United States. Headquartered in Dallas, Texas, the Debtors' operations include 31 hospitals across eight states, approximately 400 facility locations, 4,500 primary and specialty care physicians, 3,600 staffed beds, and a company-wide workforce of nearly 30,000 employees. The Debtors provide care to more than two million patients annually.

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of John R. Castellano in Support of Debtors' Chapter 11 Petitions and First-Day Pleadings* (Docket No. 38) (the "**First Day Declaration**").[2]

## Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6. By this Motion, pursuant to sections 330 and 331 of title 11 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Bankruptcy Local

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

Rules, the Debtors request entry of an order establishing an orderly and regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to section 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

7. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Retention of Professionals

8. Given the size and complex nature of these chapter 11 cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings and to successfully and timely emerge from chapter 11. Accordingly, the Debtors have filed or intend to file separate applications with the Court to employ and retain a number of professionals, including, without limitation, (i) Weil, Gotshal & Manges LLP, as attorneys to represent them in these chapter 11 cases, (ii) AlixPartners LLP, as financial advisor, (iii) Lazard Frères & Co. LLC, as restructuring investment banker, (iv) Leerink Partners LLC, as healthcare investment banker, (v) Cain Brothers, a division of KeyBanc Capital Markets Inc., as hospital investment banker, (vi) McDermott Will & Emery LLP, as special counsel, and (vii) Kroll Restructuring Administration LLC, as claims and noticing agent (collectively, the "**Debtors' Professionals**"). The Debtors may also need to retain additional professionals in connection with the administration of the chapter 11 cases.[3]

---

[3] Contemporaneously herewith, the Debtors filed a motion pursuant to sections 327, 328, 330, and 105(a) of the Bankruptcy Code seeking authority to employ certain professionals used in the ordinary course of business (each, an "**Ordinary Course Professional**").

3

9. The Debtors believe that establishing orderly procedures to pay the Debtors' Professionals and attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code, including professionals retained by any statutory committee, if any, and that will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively and together with the Debtors' Professionals, the "**Retained Professionals**") will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest. A streamlined process for serving interim fee applications and notices thereof will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

**Proposed Compensation and Reimbursement Procedures**

10. The Debtors propose that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows (the "**Compensation Procedures**"):

(i) On or before the **last day of each month** following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "**Monthly Statement**"), by email or hand delivery, to the following parties:

(a) the Debtors: c/o Steward Health Care System LLC, Attn: Herbert L. Holtz, Esq., General Counsel (hholtz@toddweld.com);

(b) the proposed attorneys for the Debtors: Weil, Gotshal & Manges LLP, Attn: Ray C. Schrock, Esq., Candace M. Arthur, Esq., David J. Cohen, Esq., and Stephanie N. Morrison, Esq. (Ray.Schrock@weil.com, Candace.Arthur@weil.com, DavidJ.Cohen@weil.com, and Stephanie.Morrison@weil.com);

(c) the Office of the United States Trustee for the Southern District of Texas, Attn: Jana Whitworth and Ha Nguyen (Jana.Whitworth@usdoj.gov and Ha.Nguyen@usdoj.gov);

4

  (d) the attorneys for the ABL Lenders: Paul Hastings LLP, Attn: Kristopher M. Hansen, Esq. and Christopher M. Guhin, Esq. (krishansen@paulhastings.com and chrisguhin@paulhastings.com);

  (e) the attorneys for the FILO Lenders: Milbank LLP, Attn: Michael Price, Esq., Brian Kinney, Esq. (mprice@milbank.com and bkinney@milbank.com);

  (f) the attorneys for the DIP Lender and MPT Prepetition Secured Lender: KTBS Law LLP, Attn: Thomas Patterson, Esq. and Sasha Gurvitz, Esq. (tpatterson@ktbslaw.com and SGurvitz@ktbslaw.com); and

  (g) the attorneys for any statutory committee appointed in these chapter 11 cases.

(collectively, the "**Fee Notice Parties**").

(ii) Each Fee Notice Party shall have 14 days after delivery of a Monthly Statement to review it. Upon expiration of such 14-day period, the Debtors are authorized and directed to pay the Retained Professional an amount (the "**Actual Monthly Payment**") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "**Maximum Monthly Payment**") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii) If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "**Notice of Objection to Monthly Statement**") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after delivery of the Notice of Objection to Monthly Statement, the objecting party shall file its objection (the "**Objection**") with the Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the other Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the amount in dispute pursuant to the Objection (the "**Disputed Amount**"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(iv) Beginning with the period ending July 31, 2024, and at three month intervals thereafter (each, an "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each an "**Interim Fee Application**") for payment of compensation and reimbursement of expenses sought in the Monthly Statements served during such Interim Fee Period and prepared in accordance with the Interim Compensation Procedures. Each Interim Fee Application shall consist of (i) the Complex Case Fee Application Case Coversheet, the form of which is located on the Court's website, (ii) a copy of the invoices for the interim application period (if hourly) or a calculation of the fee due for the interim application period (if non-hourly), unless already included in the applicable Monthly Statements, (iii) an itemized list of expenses for which reimbursement is requested (if not contained in the copies of the invoices), unless already included in the applicable Monthly Statements (iv) a narrative discussion, (v) a summary of the Monthly Fee Statements that are the subject of such application request, (vi) the amount of fees and expenses paid of date or subject to objection, (vii) the deadline for parties to file objections, and (viii) a proposed order in the form located on the Court's website. Fee Notice Parties shall have 21 days after service of an Interim Fee Application, which service may be by email, to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including July 31, 2024. Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by the Court.

(v) Retained Professionals shall file their Interim Fee Applications on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period; *provided*, that the failure to file an Interim Fee Application on such date shall not be the basis for objection to or disallowance of the fees and expenses of any Retained Professional.

(vi) The Debtors will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(vii) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional

from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by the Court.

11. The Debtors request that the Court limit service of Monthly Fee Statements, Interim Fee Applications and final fee applications (each, a "**Final Fee Application**," and together with the Interim Fee Applications, the "**Applications**") to the Fee Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (the "**Hearing Notices**"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Retained Professionals' fees and will save unnecessary duplications and mailing expenses.

## Relief Requested Should Be Granted

12. Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides in relevant part as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

13. The proposed Interim Compensation Procedures would enable the Debtors to monitor closely the costs of administration, forecast cash flows, and implement efficient cash management procedures. They would also allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

14. Courts in this District have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Air Methods Corp.*, No. 23-90866 (MI) (Bankr. S.D. Tex. Dec. 6, 2023) (Docket No. 315); *In re Serta Simmons Bedding LLC*, No. 23-90020 (DRJ) (Bankr. S.D. Tex. Mar. 6, 2023) (Docket No. 422); *In re Core Sci. Inc.*, No. 22-90341 (DRJ) (Bankr. S.D. Tex. Feb. 21, 2023) (Docket No. 541); *In re Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. June 24, 2022) (Docket No. 631); *In re Basic Energy Servs., Inc.*, No. 21-90002 (DRJ) (Bankr. S.D. Tex. Oct. 21, 2021) (Docket No. 527); *In re CBL & Assocs. Props., Inc.*, No. 20-35226 (DRJ) (Bankr. S.D. Tex. Dec. 22, 2020) (Docket No. 350); *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Sept. 17, 2020) (Docket No. 367); *In re CEC Ent., Inc.*, No. 20-33163 (MI) (Bankr. S.D. Tex. Aug. 14, 2020) (Docket No. 583); *In re NPC Int'l, Inc.*, No. 20-33353 (DRJ) (Bankr. S.D. Tex. Aug. 14, 2020) (Docket No. 434). Similar relief is also appropriate here.

15. Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interest of the Debtors' estates, creditors, and all parties in interest, and, therefore should be granted in these chapter 11 cases.

## Notice

16. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 11, 2024
      Houston, Texas

    /s/ *Clifford W. Carlson*
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Gabriel.Morgan@weil.com
       Clifford.Carlson@weil.com
       Stephanie.Morrison@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
David J. Cohen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Ray.Schrock@weil.com
       Candace.Arthur@weil.com
       DavidJ.Cohen@weil.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Certificate of Service**

I hereby certify that on May 11, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

                                                                                   */s/  Clifford W. Carlson*
                                                                                   Clifford W. Carlson