IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**MOTION OF DEBTORS FOR ENTRY OF ORDER
AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS USED IN
ORDINARY COURSE OF BUSINESS EFFECTIVE AS OF PETITION DATE**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1.  On May 6, 2024, (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

**Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

        2.       The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

        3.       The Debtors own and operate the largest private physician-owned for-profit healthcare network in the United States. Headquartered in Dallas, Texas, the Debtors' operations include 31 hospitals across eight states, approximately 400 facility locations, 4,500 primary and specialty care physicians, 3,600 staffed beds, and a company-wide workforce of nearly 30,000 employees. The Debtors provide care to more than two million patients annually.

        4.       Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of John R. Castellano in Support of Debtors' Chapter 11 Petitions and First-Day Pleadings* (Docket No. 38) (the "**First Day Declaration**"), filed on the Petition Date and incorporated herein by reference.[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**Jurisdiction**

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6. By this Motion, pursuant to sections 327, 328, 330, 363(b), and 105(a) of the Bankruptcy Code, the Debtors request authority, but not direction, to employ professionals retained in the ordinary course of business (the "**Ordinary Course Professionals**"), effective as of the Petition Date, without the submission of separate employment applications or the issuance of separate retention orders for each professional.

7. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**"). A non-exclusive list of Ordinary Course Professionals are annexed to the Proposed Order as Exhibit 1 (as supplemented from time to time, the "**OCP Schedule**").[3]

**Proposed Procedures for Employment of Ordinary Course Professionals**

8. The Debtors seek authority to continue employing Ordinary Course Professionals to provide a variety of professional services to the Debtors' estates in the same manner and for the same or similar purposes as the Ordinary Course Professionals were employed before the Petition Date. These Ordinary Course Professionals provide a range of services to the Debtors relating to, among other things, litigation, general corporate, transactional, environmental, medical malpractice, workers compensation, labor and employment, regulatory, real estate, audit, accounting advisory, tax, as well as other matters that have a direct and significant impact on the

---

[3] The exclusion of a professional from the OCP Schedule shall not prejudice the Debtors' ability to add such professional at a later date.

3

Debtors' day-to-day operations. Certain of the Ordinary Course Professionals have been engaged by a Debtor but may perform services for certain of the Debtors' non-Debtor subsidiaries.[4] Continued employment of the Ordinary Course Professionals is essential to avoid disruption to the Debtors' normal business operations and the cost, expense, and delay of securing replacement professionals.

9. The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**Procedures**") are in the best interests of the Debtors' estates and creditors. The relief requested herein would save the Debtors the time and expense associated with applying separately to retain each Ordinary Course Professional and would prevent the Debtors from incurring additional fees for the preparation and prosecution of interim and final fee applications during these chapter 11 cases.

10. The Debtors propose the following Procedures:

(i) Pursuant to sections 327, 328, 330, 363(b), and 105(a) of the Bankruptcy Code, the Debtors will be authorized, but not directed, to employ the Ordinary Course Professionals listed on the OCP Schedule as "Tier 1 Professionals" and "Tier 2 Professionals" in accordance with the procedures set forth in the Proposed Order, effective as of the Petition Date.

(ii) Each Ordinary Course Professional will provide the Debtors' attorneys, within 20 days after the later of the date (a) of entry of the Proposed Order or (b) on which the Ordinary Course Professional commences rendering services for the Debtors, with a declaration substantially in the form annexed as Exhibit 2 to the Proposed Order (the "**OCP Declaration**") certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the

---

[4] The Debtors are authorized to pay certain obligations on behalf of their non-Debtor subsidiaries or affiliates pursuant to the *Interim Order (I) Authorizing Debtors to (A) Continue Their Existing Cash Management System, (B) Maintain Existing Business Forms and Intercompany Arrangements, (C) Continue Intercompany Transactions, and (D) Continue Employee Credit Card Program; (II) Extending Time to Comply with Requirements of 11 U.S.C. § 345(b); and (III) Granting Related Relief* (Docket No. 115) (the "**Cash Management Order**"). To the extent a Debtor pays the fees and expenses of an Ordinary Course Professional on behalf of a non-Debtor affiliate, such transactions will be tracked and reflected in the Debtors' books and records in accordance with the Cash Management Order.

        Debtors or their estates with respect to the matter on which the professional is to be employed.

(iii) The Debtors' attorneys will file the OCP Declarations with the Court and serve a copy of each upon: (a) the United States Trustee for Region 7 (Attn: Jana Whitworth and Ha Nguyen) (the "**U.S. Trustee**"); (b) counsel to any statutory committee appointed in these chapter 11 cases, if applicable; (c) counsel to the ABL Lenders, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 (Attn: Kris Hansen and Christopher Guhin); (d) counsel to the FILO Lenders, Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163 (Attn: Michael Price and Brian Kinney); (e) counsel to the MPT Lenders, KTBS Law LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067-2328 (Attn: Thomas Patterson and Sasha Gurvitz); and (f) counsel to the DIP Lender and MPT Prepetition Secured Lender, KTBS Law LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067-2328 (Attn: Thomas Patterson and Sasha Gurvitz) and Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 1901 Sixth Avenue North, Suite 2600, Birmingham, AL 35203 (Attn: Luther Crull and Allen Blow) (collectively, the "**Reviewing Parties**").

(iv) The Reviewing Parties will have 10 days after service of the OCP Declarations (the "**Objection Deadline**") to serve upon the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

(v) If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved pursuant to sections 327 and 328 (or, in the alternative, 363(b)) of the Bankruptcy Code without the need for a hearing and without further order of the Court; *provided* that if an objection is served by the Objection Deadline and such objection cannot be resolved within 20 calendar days from the date the Objection is served the Debtors will schedule the matter for a hearing before the Court.

(vi) The Debtors will be authorized to retain additional Ordinary Course Professionals throughout these cases; *provided* that each additional Ordinary Course Professional shall file an OCP Declaration with the Court and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplement to the OCP Schedule or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

(vii)   The Debtors shall not pay any Ordinary Course Professional any amounts for invoiced fees and expense reimbursement until an OCP Declaration from the applicable Ordinary Course Professional has been filed with the Court and the applicable Objection Deadline has passed with no objection having been filed or, in the event an objection is filed, until such objection is resolved or upon order of the Court.

(viii)  Subject to the foregoing and the payment caps described below, the Debtors will be authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to the Proposed Order in the same manner as such Ordinary Course Professional was compensated and reimbursed before the Petition Date, without a prior application to the Court by such Ordinary Course Professional, in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred, in each case calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices).  The following limitations shall apply to the payment of fees and reimbursement of expenses:

- For each Ordinary Course Professional set forth on the OCP Schedule as Tier 1 Professionals, fees, excluding costs and reimbursable expenses, shall not exceed $250,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 1 Monthly Cap**") and may not exceed $1.5 million over a rolling 6-month period starting from the first full month after the Petition Date (the "**Tier 1 6-Month Cap**");  and

- For each Ordinary Course Professional set forth on the OCP Schedule as Tier 2 Professionals, fees, excluding costs and reimbursable expenses, shall not exceed $100,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 2 Monthly Cap**" and, together with the Tier 1 Monthly Cap, the "**Monthly Caps**") and may not exceed $600,000 over a rolling 6-month period starting from the first full month after the Petition Date (the "**Tier 2 6-Month Cap**" and, together with the Tier 1 6-Month Cap, the "**6-Month Caps**").

(ix)    The Debtors may increase a Monthly Cap or 6-Month Cap for any Ordinary Course Professional with the written consent (email sufficient) of the Reviewing Parties.  Absent consent, the Debtors shall file a

motion seeking Court authority to increase the Monthly Caps or 6-Month Caps.

(x) The Debtors may (a) add Ordinary Course Professionals to the OCP Schedule, and (b) re-designate Tier 2 Professionals as "Tier 1 Professionals" with the written consent (email sufficient) of the Reviewing Parties. Notwithstanding any professional being designated as an Ordinary Course Professional in accordance with these Procedures, the Debtors may choose to file a separate application to employ any Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code in their discretion if the Debtors determine a separate retention application is advisable or appropriate.

(xi) To the extent an Ordinary Course Professional seeks compensation in excess of its applicable Monthly Caps and/or 6-Month Caps (the "**Excess Fees**"), the Ordinary Course Professional shall file with the Court a notice of fees in excess of the applicable cap (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. The Reviewing Parties and other parties in interest shall then have 14 days to file an objection to the Notice of Excess Fees with the Court. If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application. If an objection is timely filed and such objection cannot be resolved within 20 days, the Debtors will schedule the matter for a hearing before the Court. To the extent an Ordinary Course Professional seeks compensation in excess of the applicable 6-Month Cap (as may be increased with the consent of the Reviewing Parties), the Debtors shall file an application to employ such Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code, as applicable, and such Ordinary Course Professional's subsequent compensation shall be governed by the Court's order, if any, approving such Ordinary Course Professional's employment.

(xii) At three-month intervals during the pendency of these chapter 11 cases (each, a "**Quarter**"), beginning with the Quarter ending June 30, 2024, the Debtors will file with the Court and serve on the Reviewing Parties, no later than 30 days after the last day of such Quarter, a statement (the "**Quarterly Statement**") that will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter (*provided* that with respect to the quarter ending June 30, 2024, the Debtors shall only be required to report the amounts paid to each Ordinary Course Professional from the Petition Date through May 31, 2024); (c) the

7

aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (d) a general description of the services rendered by that Ordinary Course Professional. For the avoidance of doubt, the Debtors shall not be required to file the Quarterly Statement following the effective date of a chapter 11 plan.

11. The Debtors reserve their rights to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time-to-time as the need arises. The Debtors shall not be required to file an amended list of Tier 1 and/or Tier 2 professionals as long as the Ordinary Course Professional complies with the Procedures outlined above.

## Relief Requested Should Be Granted

12. Ample reasons exist to authorize the Debtors to employ Ordinary Course Professionals and to grant the related relief set forth herein, including, among other things, (i) that the continued services provided by the Ordinary Course Professionals is integral to the Debtors' operations and success in these chapter 11 cases; and (ii) it would be unduly burdensome and costly for the Debtors to submit individual applications to employ each Ordinary Course Professional who are entitled to relatively modest fees.

13. Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Section 327(e) of the Bankruptcy Code provides that, "with the court's approval," a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

8

11 U.S.C. § 327(e).  Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment."  11 U.S.C. § 328(a).  To the extent the Court finds that any Ordinary Course Professional does not qualify for retention under sections 327 and 328 of the Bankruptcy Code, the Debtors hereby seek authority to retain such professional pursuant to 363(b) of the Bankruptcy Code.

14. Under section 330(a)(1) of the Bankruptcy Code:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Finally, section 105(a) of the Bankruptcy Code allows the Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.  *See* 11 U.S.C. § 105(a).

15. Here, in light of the additional costs associated with the potential preparation of employment applications for Ordinary Course Professionals that will receive relatively modest fees, it is impractical and costly for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional as would otherwise be required by Bankruptcy Rules 2014 and 2016.  Accordingly, the Debtors request that the Court implement the streamlined Procedures described herein in lieu of individual employment applications, retention orders, and fee applications for each Ordinary Course Professional.

16. Other than the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the administration of these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and other orders of the Court.

17. Although certain of the retained Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services provided to the Debtors and/or provide services to certain of the Debtors' non-Debtor affiliates, the Debtors do not believe that any Ordinary Course Professional has an interest materially adverse to the Debtors, their creditors, or other parties in interest in connection with the matters for which such Ordinary Course Professional is to be retained that should preclude such Ordinary Course Professional from continuing to represent the Debtors. Thus, the Ordinary Course Professionals proposed to be retained should meet the special counsel retention requirement under section 327(e) of the Bankruptcy Code. Similar procedures and fee and expense caps were approved in other large and complex chapter 11 cases in this district. *See, e.g.*, *In re Air Methods Corporation, et al.*, No. 23-90886 (MI) (Bankr. S.D. Tex. Dec. 6, 2023) (Docket No. 313) (establishing monthly cap of $250,000 average per month, calculated on a three-month rolling basis, not to exceed $1,000,000 for the duration of the case); *In re Genesis Care Pty Limited, et al.*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. July 18, 2023) (Docket No. 292) (establishing monthly caps of (a) $200,000 average per month, calculated on a three-month rolling basis, not to exceed $1,800,000 for the duration of the case; and (b) $75,000 average per month, calculated on a three-month rolling basis, not to exceed $900,000 for the duration of the case); *In re Envision Healthcare Corporation, et al.*, No. 23-90342 (CML) (Bankr. S.D. Tex. July 10, 2023) (Docket No. 989) (establishing monthly caps of (a)

$275,000 average per month, calculated on a three-month rolling basis; and (b) $100,000 average per month, calculated on a three-month rolling basis); *In re Core Scientific, Inc., et al.*, No. 22-90341 (CML) (Bankr. S.D. Tex. Feb. 21, 2023) (Docket No. 543) (establishing monthly caps of (a) $250,000 average per month, calculated on a three-month rolling basis, not to exceed $1,500,000 for the duration of the case; (b) $100,000 average per month, calculated on a three-month rolling basis, not to exceed $500,000 for the duration of the case; and (c) $50,000 average per month, calculated on a three-month rolling basis, not to exceed $250,000 for the duration of the case); *In re Talen Energy Supply, LLC, et al.*, No. 22-90054 (MI) (Bankr. S.D. Tex. June 24, 2022) (Docket No. 632) (establishing monthly caps of (a) $250,000 average per month, calculated on a three-month rolling basis, not to exceed $2,000,000 on a rolling twelve-month period; and (b) $100,000 average per month, calculated on a three-month rolling basis, not to exceed $1,000,000 on a rolling twelve-month period).  Similar relief is also appropriate here.

18. For the foregoing reasons, the relief requested is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these chapter 11 cases. Accordingly, the Court should authorize the Debtors to employ the Ordinary Course Professionals in accordance with the Procedures.

**Reservation of Rights**

19. Nothing contained herein is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder,

(vii) an admission as to the validity of any liens satisfied pursuant to this Motion, or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## Notice

20. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 11, 2024
       Houston, Texas

    /s/ Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email:  Gabriel.Morgan@weil.com
        Clifford.Carlson@weil.com
        Stephanie.Morrison@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
David J. Cohen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  Ray.Schrock@weil.com
        Candace.Arthur@weil.com
        DavidJ.Cohen@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**Certificate of Service**

I hereby certify that on May 11, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

        /s/ Clifford W. Carlson