**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| **STEWARD HEALTH CARE SYSTEM LLC, ET AL.,** | § | **CASE NO. 24-90213 (CML)** |
| | § | **(JOINTLY ADMINISTERED)** |
| | § | |
| ***Debtors.*[1]** | § | **Hearing Set For: 07/02/24 @ 11:00 a.m.** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT CONTINUATION OF PERSONAL INJURY LITIGATION AND TO PURSUE INSURANCE PROCEEDS**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON JULY 2, 2024 AT 11:00 AM. IN COURTROOM 401, 515 RUSK, HOUSTON, TX 77002.**

**TO THE HONORABLE U. S. BANKRUPTCY JUDGE:**

**COMES NOW** Melissa Williams ("*Movant*"), a personal injury plaintiff against Debtor Steward Melbourne Hospital Inc., d/b/a Melbourne Regional Medical Center, f/k/a Wuesthoff Medical Center – Melbourne ("Melbourne Debtor"), in Cause No. 05-2019-CA-018502; pending in The Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida and

1 A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

styled as "Melissa Williams v. Steward Melbourne Hospital Inc., d/b/a Melbourne Regional Medical Center, f/k/a Wuesthoff Medical Center – Melbourne" (the "*Personal Injury Litigation*"), requests that the Court grant her relief from the automatic stay of 11 U.S.C. § 362 for cause to permit her to continue the Personal Injury Litigation and to pursue the proceeds of applicable insurance coverage. In support of this Motion, Movant states as follows:

**JURISDICTION AND VENUE**

1. On or about May 6, 2024 (the "*Petition Date*"), Steward Health Care System, LLC, et al., and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code ("*Petition*"), with the United States Bankruptcy Court for the Southern District of Texas, Houston (the "*Court*"). Melbourne Debtor is one of the Debtors in these cases.

2. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G). The statutory basis for the relief sought is 11 U.S.C. § 362.

**BACKGROUND**

3. On March 1, 2019, Movant initiated the Personal Injury Litigation to recover damages for personal bodily injuries and other damages caused by the Melbourne Debtor's negligent provision of medical care to Movant on November 17, 2017. Subject to any further adjustment, the amount of monetary damages sought by Movant is in excess of $15,000. A jury trial was demanded by Movant in the Personal Injury Litigation. A true and correct copy of Movant's Amended Complaint, which is the live Petition in the Personal Injury Litigation, is attached hereto as **Exhibit A**.

4. On the Petition Date, Movant's case was fully prepared for trial, boxed and ready to go in compliance with all the discovery deadlines set by Judge Michelle Naberhaus, the presiding judge in the Personal Injury Litigation. Movant announced ready for trial at the pretrial hearing, and the Personal Injury Litigation was specially set for a 3-week docket. Movant's pre-trial preparations included depositions of all fact and expert witnesses, extensive written discovery, updating all expert reports inclusive of associated expenses, and dozens of pretrial motions. While the Melbourne Debtor's initial trial counsel in the Personal Injury Litigation had withdrawn in February 2024, one of the main reasons their Motion to Withdraw was granted was that they represented to the Court hearing the Personal Injury Litigation (the "*State Court*") that the case was ready for trial and nothing was left to do such that Movant would not be prejudiced by any delay. New defense counsel for the Melbourne Debtor thereafter filed his Notice of Appearance in early March 2024, but failed to show up to the pretrial conference. He then belatedly filed a Motion for Continuance, which was denied by the State Court, and the matter was ready for trial.

## RELIEF REQUESTED

5. Movant seeks relief from the automatic stay for cause to continue prosecuting the Personal Injury Litigation up to the limits of applicable insurance coverage and to collect against the proceeds of applicable insurance. *See In re Edgeworth*, 993 F.2d 51, 53–54 (5th Cir. 1993) ("In the liability insurance context, of course, a tort plaintiff must first establish the liability of the debtor before the insurer becomes contractually obligated to make any payment.").

6. Movant does not seek to prosecute the Personal Injury Litigation in order to collect on a judgment against the Melbourne Debtor, Reorganized Debtor or the bankruptcy

estate at this time. Rather, Movant is aware and/or advised that there is applicable insurance coverage that would cover her claims. The Melbourne Debtor has not claimed the insurance proceeds as an asset of the Melbourne Debtor or its bankruptcy estate. Accordingly, Movant seeks to continue the Personal Injury Litigation with the Melbourne Debtor as a nominal party for the purpose of establishing liability only, including, to liquidate the amount of Movant's claim to be allowed in the Melbourne Debtor's bankruptcy case, particularly if same is not completely covered by applicable insurance.

7. Pursuant to 11 U.S.C. § 362(d)(1), the Court may grant relief from the automatic stay "for cause." While lack of adequate protection is one cause for relief, it is not the only cause. A desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes may include the lack of any connection or interference with the pending bankruptcy case. "The facts of each request will determine whether relief is appropriate under the circumstances." *In re Fowler*, 259 B.R. at 858 (citing legislative history to section 362, H.R. Rep. No. 95-595, 95th Cong., 1st Session, 343-44 (1977)). Because the Movant's tort claim lacks connection to or interference with the Melbourne Debtor's bankruptcy case, and because Movant has a strong interest in continuing the Personal Injury Litigation in its original tribunal, cause exists to grant Movant the relief requested.

8. The Melbourne Debtor's estate will not be prejudiced by granting the relief requested in this Motion. Any recovery by Movant will be from applicable insurance coverage only and limited by applicable policy limits. Accordingly, the Melbourne Debtor's estate will not be prejudiced by granting Movant relief to proceed with the Personal Injury Litigation. In addition, Movant is entitled to a trial by jury of the Personal Litigation. Further, upon information and belief, the Melbourne Debtor's cost of defense of the Personal Injury Litigation

is also subject to applicable insurance, therefore there is no risk of material loss to the Melbourne Debtor's bankruptcy estate. By comparison, Movant will be severely prejudiced if she is prevented from pursuing her claims, particularly since Movant's injuries occurred six and a half years ago, and she commenced litigation on same more than five years ago to seek redress for same. Movant has expended significant resources in the Personal Injury Litigation, not including her personal injury damages.

WHEREFORE, PREMISES CONSIDERED, Movant, Melissa Williams, requests the Court enter an order granting her request for relief from the automatic stay of 11 U.S.C. § 362 to permit her to proceed with the Personal Injury Litigation against applicable insurance coverage within the policy limits of that coverage, that any order granting this Motion waive the requirements of Rule 4001(a)(3) and grant her such other and further relief as the Court may deem just and proper.

DATED May 22, 2024.

/s/*Marc W. Taubenfeld* [2024-05-22]
**Marc W. Taubenfeld**
State Bar No.196979800
**McGuire, Craddock & Strother, P.C.**
500 N. Akard Street, Suite 2200
T: (214) 954-6800
F: (214) 954-6868
mtaubenfeld@mcslaw.com
**COUNSEL FOR MELISSA WILLAMS**

## CERTIFICATE OF CONFERENCE

I, the undersigned attorney, do hereby certify that on May 17, 2014, May 20, 2024, and May 21, 2024, I attempted to confer telephonically with Gabriel A. Morgan, Clifford W. Carlson, or Stephanie N. Morrison, counsel for the Debtors herein, regarding the relief requested in this Motion. I left detailed voice messages each time, and spoke with their legal assistant on May 20, 2024 Debtors' counsel never called me back to confer with respect to the relief requested in this Motion, so it is presented to the Court for determination.

/s/*Marc W. Taubenfeld* [2024-05-22]
**Marc W. Taubenfeld**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2024, the foregoing document was served electronically on all CM/ECF participants or via U. S. Mail postage prepaid to the following parties:

Steward Health Care System LLC
1900 N. Pearl Street
Suite 2400
Dallas, TX 75201

**DEBTOR**

Candace M. Arthur
Email: Candace.Arthur@weil.com
Robert S. Berezin
Email: Robert.Berezin@weil.com
David J. Cohen
Email: DavidJ.Cohen@weil.com
Loren Maelle Findlay
Email: loren.findlay@weil.com
Jason George
Via CM/ECF Notice: jason.george@weil.com
Ray C. Schrock
Via CM/ECF Notice: ray.schrock@weil.com
**Weil Gotshal & Manges LLP**
767 Fifth Ave.
New York, NY 10153

and

Clifford William Carlson
Via CM/ECF Notice: clifford.carlson@weil.com
Gabriel Adam Morgan
Via CM/ECF Notice: gabriel.morgan@weil.com
**Weil Gotshal & Manges LLP**
700 Louisiana Street
Suite 3700
Houston, TX 77002
**COUNSEL FOR DEBTORS**

Sarah L. Schultz
Via CM/ECF Notice: sschultz@akingump.com
**Akin Gump Straus Hauer & Feld LLP**
2300 N. Field Street, Suite 1800
Dallas, TX 75201

and

Ira S. Dizengoff
Email: idizengoff@akingump.com
Brad M. Kahn
Email: bkahn@akingump.com
Avi E. Luft
Email: aluft@akingump.com
One Bryant Park
New York, NY 10036-6745
**COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITOR OF STEWARD HEALTH CARE SYSTEM LLC**

Office of the U.S. Trustee
515 Rusk Ave., Suite 3516
Houston, TX 77002

Ha Minh Nguyen
Via CM/ECF Notice: ha.nguyen@usdoj.gov
Jana Smith Whitworth
Via CM/ECF Notice: jana.whitworth@usdoj.gov
**Office of the U. S. Trustee**
515 Rush Ave., Suite 3516
Houston, TX 77002
**COUNSEL FOR OFFICE OF THE U.S. TRUSTEE**

/s/*Marc W. Taubenfeld* [2024-05-22]
**Marc W. Taubenfeld**