IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM, LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § | |

**LIMITED OBJECTION OF ATLANTIC SPECIALTY INSURANCE COMPANY TO DEBTORS' EMERGENCY MOTIONS (I) TO CONTINUE INSURANCE, SURETY BONDS, AND LETTERS OF CREDIT AND (II) TO OBTAIN POST-PETITION FINANCING AND USE OF CASH COLLATERAL**

[relates to ECF No. 6 and 46]

Atlantic Specialty Insurance Company ("**ASIC**" or "**Surety**"), a creditor and party-in-interest, files this *Limited Objection to Debtors' Emergency Motions (I) To Continue Insurance, Surety Bonds, and Letters of Credit and (II) To Obtain Post-Petition Financing and Use Cash Collateral* (the "**Objection**"), and respectfully shows the Court as follows:

**I.
BACKGROUND FACTS**

1. On May 6, 2024 ("**Petition Date**"), the Debtors filed voluntary petitions in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") under chapter 11 title 11 of the United States Code (the "**Bankruptcy Cases**").

2. The Bankruptcy Cases are jointly administered under Case No. 24-90213.

3. Also on May 6, 2024, the Debtors filed the following: (I) *Emergency Motion of Debtors for Interim and Final Orders (i) Authorizing the Debtors to (a) Continue Insurance*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

*Policies, Surety Bonds, and Letters of Credit and (b) Satisfy Obligations Related Thereto; (ii) Modifying the Automatic Stay to Permit Employees to Proceed with Workers' Compensation Claims; and (iii) Granting Related Relief* (the "**Insurance Motion**") [ECF No. 6] and (II) *Emergency Motion of Debtors for Interim and Final Orders (i) Authorizing the Debtors to (a) Obtain Junior Lien Postpetition Financing, (b) Use Cash Collateral, and (c) Grant Liens and Provide Superpriority Administrative Expense Claims; (ii) Granting Adequate Protection to Certain Prepetition Secured Parties; (iii) Modifying the Automatic Stay; (iv) Scheduling a Final Hearing; and (v) Granting Related Relief* ("**DIP Financing Motion**") [ECF No. 46] (collectively, the "**Motions**").

4. An interim hearing was held on May 7, 2024, and the Court ruled that Debtors were granted interim authority under the Motions. Interim orders ("**Interim Orders**") were entered by the Court on May 7, 2024. [See ECF Nos 113 and 116].

5. Final hearings were set on the Interim Orders for June 3, 2024 at 1:00 pm CT. Deadlines to object to the Insurance Motion, the DIP Financing Motion and any final orders was set for May 28, 2024 at 4:00 pm CT.

## II.
## ASIC'S SURETY INTERESTS

A. **ASIC's Claims and Contractual Relationship to the Debtors.**

6. Between May 2023 and April 2024, ASIC issued numerous surety bonds in the total penal sum of $52,511,526.00 on behalf of various Debtors (collectively, the "**ASIC Bonds**"). See *Exhibit 1* for a summary of the ASIC Bonds. As a condition to the issuance of the ASIC Bonds, ASIC required the Debtor Garver to enter into a *General Agreement of Indemnity* (the "**ASIC GAI**").

7. Also in consideration for the ASIC Bonds and the ASIC GAI, various Debtors caused letters of credit to be issued in favor of ASIC (the "**ASIC L/Cs**"). ASIC has drawn upon the ASIC L/Cs and currently holds cash (the "**L/C Funds**") to be used as collateral for any obligations, losses or other expenses it may incur under the ASIC Bonds, the ASIC GAI and/or applicable law.

8. At the time of the filing of this Bankruptcy Case, certain Debtors were in default on one or more of the ASIC Bonds and the ASIC GAI. ASIC has received bond claims to date in the approximate amount of $390,939.57, potentially obligating the Debtors and third parties on the ASIC GAI and under applicable non-bankruptcy law.

### III.
### LIMTED OBJECTION

9. ASIC objects to the Motions and the Interim Orders on a limited basis solely to protect ASIC's rights against third parties and its rights in and to the L/C Funds to the extent any Debtor or asserted secured lender to any Debtors (as defined in the DIP Financing Motion) may claim an interest in and to any portions of the L/C Funds.

10. ASIC's limited objections may be satisfied by the inclusion of the following (or substantively similar) language in the final orders identified below:

(a) <u>Insurance Motion Final Order</u>:

**Nothing in this Order shall amend, modify or otherwise alter the rights of Atlantic Specialty Insurance Company's ("ASIC") against any non-Debtor indemnitor or any other third party pursuant to (i) any surety bond issued by ASIC to any Debtor or non-Debtor affiliate, (ii) any indemnity agreement(s) and related collateral agreement executed by any Debtor or non-Debtor affiliate, as may be amended, supplemented or modified from time to time, or (iii) any rights that may exist against such third parties under applicable law or equity.**

(b) <u>DIP Financing Motion Final Order</u>:

**Nothing in this Order shall grant any rights of any kind that are superior to Atlantic Specialty Insurance Company's ("ASIC") pre-petition rights in any collateral, included cash collateral, granted by any Debtor pursuant to any indemnity agreement(s) and related collateral agreements, as may be amended, supplemented or modified from time to time, executed between any Debtor, any non-Debtor affiliate and ASIC.**

## IV.
## RESERVATION OF RIGHTS

11. Evaluation is ongoing in this case, and thus, ASIC reserves its right to assert such additional and further objections to the Insurance Motion, DIP Financing Motion and any final orders related thereto, to the extent they are revealed in informal or formal discovery, raised by other parties and/or the result of oppositional briefing by opposing parties, including the Debtors. To the extent ASIC is impacted in any way by the contents of any supplements or amendments to the motions and proposed Final Order or that may arise as a result of continued discovery in these cases that is scheduled to occur or does occur after any objection deadline for a Final Hearing on the Motion, ASIC reserves its right to object thereto on any basis whatsoever.

## V.
## CONCLUSION

WHEREFORE, ASIC prays that this Court (i) sustain this Limited Objection; (ii) deny the Motions unless ASIC receives the relief requested herein; and (iii) grant ASIC such other and further relief to which it may be justly entitled.

Dated:  May 28, 2024                                      Respectfully,

*/s/ Duane J. Brescia*
Duane J. Brescia
**CLARK HILL PLC**
3711 South Mopac Expressway
Building One, Suite 500
Austin, TX 78746
(512) 499-3647 (direct)
dbrescia@clarkhill.com

    and

    Christopher R. Ward
    Audrey L. Hornisher
    **CLARK HILL PLC**
    901 Main Street, Suite 6000
    Dallas, TX 75202
    (214) 651-2056 (direct)
    cward@clarkhill.com
    ahornisher@clarkhill.com

    **COUNSEL FOR ATLANTIC SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on this 28th day of May 2024, a true and correct copy of the above pleading was served upon all parties via the Court's electronic case filing system (ECF).

    */s/ Duane J. Brescia*
    Duane J. Brescia