IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-90213 (CML) |
| STEWARD HEALTH CARE SYSTEM LLC, ) | |
| *et al.*[1] ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |

## UNITED STATES' LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING THE DEBTORS' MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING DEBTORS TO INCUR DEBTOR-IN-POSSESSION FINANCING AND GRANTING RELATED RELIEF

The United States Department of Justice, on behalf of the United States of America (the "United States"), files this Limited Objection and Reservation of Rights regarding the motion of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") requesting entry of a final order approving debtor-in-possession financing and granting related relief (the "DIP Motion")[2] to the extent the motion attempts to limit or impair the United States' regulatory rights. In support hereof, the United States respectfully states as follows:

## INTRODUCTION

1. In the DIP Motion, the Debtors seek authorization to borrow up to $300 million in post-petition funds from Medical Properties Trust ("MPT"), a real estate investment trust that

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Junior Lien Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Certain Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief [Dkt. No. 46].

leases healthcare facilities to the Debtors and participated in pre-bankruptcy financing of the Debtors' operations. As the Debtors acknowledge, MPT's debtor-in-possession ("DIP") financing proposal contains "expensive terms as well as onerous milestones, covenants, and events of default." (DIP Motion, ¶ 31). But even so, the Debtors submit that MPT's proposed DIP facility "taken as a whole, is reasonable under the facts and circumstances and is the Debtors' best option." (DIP Motion, ¶ 31).

2. The United States objects to the proposed DIP facility to the extent its 'milestones' interfere with the exercise of United States regulatory rights concerning any proposed sales of the Debtors' assets. Relevant here, the United States commenced an antitrust review of the Debtors' proposed sale of their physician services network, Stewardship Health, to a UnitedHealth Group Incorporated affiliate ("United") before the Debtors' bankruptcy filing.[3] The Debtors have represented they intend to use the proposed sale to United as a "stalking horse" bid for a bankruptcy sale. The United States' ongoing review is in its early stages and may require extensive production of documents and data before the United States determines whether to oppose the transaction.

3. The DIP milestones make no mention of this review and, in fact, could be construed to undercut the United States' regulatory rights by permitting MPT to impose hasty sale procedures for Stewardship Health[4] and terminate financing if the Debtors fail to close the

---

[3] As the Debtors indicated in their "first day" filings, negotiations to sell Stewardship Health to United began shortly before the Petition Date, and the Debtors plan to treat United as a "stalking horse" bidder for sale of Stewardship through the bankruptcy case. *See* Decl. of John R. Castellano in Support of Debtors' Chapter 11 Petitions and First-Day Pleadings, [Dkt. No. 38], ¶ 13.

[4] Indeed, presumably at the lenders' urging, the Debtors have already proposed a precipitate sale process, filing a bid procedures motion without a purchase agreement with United Healthcare, and seeking an auction on June 27, 2024 and a final sale hearing on July 2, 2024. [Dkt. No. 281].

2

sale by a date acceptable to MPT. (DIP Motion, ¶ 13). The United States submits that the milestones, and any final order approving the DIP Motion, must acknowledge that the Stewardship Health sale is subject to the Clayton Act and the United States' enforcement rights thereunder, and that no sale can be consummated prior to conclusion of the United States' antitrust review. At the very least, the United States reserves its rights to conduct a full antitrust review and, if necessary, file an enforcement action concerning the proposed sale regardless of any milestones agreed to by the Debtors and MPT.

## BACKGROUND

4. On May 6, 2024 (the "Petition Date"), each of the Debtors filed a petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). By order of the Bankruptcy Court, the Debtors' chapter 11 cases are being jointly administered under the above caption [Docket No. 24].

5. On May 16, 2024, the United States Trustee filed a notice of appointment of an official committee of unsecured creditors pursuant to 11 U.S.C. §1102.

6. On the Petition Date, the Debtors filed the DIP Motion, seeking interim and final orders granting authority for the Debtors to obtain post-petition financing from an MPT affiliate, seeking authority to use cash collateral and seeking to provide adequate protection to the DIP Lender.[5]

---

[5] Terms not otherwise defined herein have the same meaning ascribed to them in the DIP Motion at Docket No. 46.

7. After the first day hearing, the Court entered an order (the "Interim Order") granting the DIP Motion on an interim basis and setting a final hearing on the DIP Motion for June 3, 2024 (the "DIP Hearing").

8. To avoid default and termination of the DIP facility, the DIP Motion requires that the Debtors file a motion seeking to establish procedures for the sale of Stewardship Health that contain "certain milestones acceptable to the DIP Lender." (DIP Motion, ¶ 13). The Debtors must also execute a stalking horse agreement for sale of Stewardship Health acceptable to the DIP Lender "in its sole and absolute discretion" by a date "reasonably satisfactory to the DIP Lender." *Id*. Finally, the Debtors must consummate sales "by a date to be reasonably acceptable to the DIP Lender (taking into account regulatory approvals)." (DIP Motion, ¶ 12).

9. Prior to the Petition Date, certain Debtors sought to consummate the sale of Stewardship Health to United (DIP Motion, ¶¶ 32, 55). The Debtors executed a "term sheet" for the sale to United on March 24, 2024, and the United States became aware of the transaction shortly thereafter. After an initial review of the transaction, the United States notified the Debtors it would conduct a full antitrust review of the potential sale pursuant to the Clayton Act.

10. After filing the bankruptcy cases, the Debtors indicated they intended to pursue the sale with United acting as a stalking horse bidder. They subsequently contacted the United States indicating they were prepared to provide information responsive to the United States' requests, and the parties commenced negotiations concerning the provision of information required for the antitrust review.

4

11. On May 15, 2024, the Debtors filed an emergency bid procedures motion (the "Bid Procedures Motion")[6] that, among other things, sought to establish a schedule regarding the sale of the Stewardship Health assets. The motion refers to a stalking horse agreement being negotiated with United, which the Debtors stated they "hope[d] to be able to announce in the near-term." (Bid Procedures Motion, ¶ 18). Without describing any potential terms, the Debtors asserted that the agreement with United would "provide a floor value and maximize the value of the Stewardship [Health] assets for the benefit of the Debtors' estates." (Bid Procedures Motion, ¶ 16).

12. Despite the absence of a stalking horse agreement, the Bid Procedures Motion seeks an aggressive schedule for auctions and sale approval. (Bid Procedures Motion, ¶ 29). Bids for Stewardship Health are due three weeks after the DIP Hearing (June 24, 2024), and the auction date is set three days thereafter (June 27, 2024). The sale hearing is set for July 2, 2024, *one day* after the date for objections. *Id.*

## **LIMITED OBJECTION AND RESERVATION OF RIGHTS**

13. Section 364(d)(1) of the Bankruptcy Code authorizes a trustee (or a chapter 11 debtor-in-possession) to obtain credit secured by a senior or equal lien on the property "if the trustee is unable to obtain such credit otherwise, and there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted." 11 U.S.C. § 364(d)(1). DIP financing arrangements generally may be approved if they represent a sound exercise of Debtors' business judgment. *In re Laffite's Harbor*

---

[6] Emergency Motion of Debtors for Entry of an Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief. [Dkt No. 281].

*Dev. I, LP*, 2018 Bankr. LEXIS 2, *5 (Bankr. S.D. Tex. Jan. 2, 2018), *see also In re Pro-Health LLC*, 2009 Bankr. LEXIS 5171, *8 (Bankr. N.D. Tex. August 6, 2009)(finding DIP financing may be approved if terms are fair and reasonable and reflect the debtor's exercise of prudent business judgment). Bankruptcy courts, however, do not allow terms in financing arrangements that "prejudice the powers and rights that the Code confers for the benefit of all creditors. . .[and] grant. . .the lender excessive control over the debtor or its assets. . . ." *Laffite's Harbor Dev. I, LP*, 2018 Bankr. LEXIS 2 at *6; *see also, e.g., In re LATAM Airlines Grp. S.A.*, 620 B.R. 722, 816 (Bankr. S.D.N.Y. 2020)(permitting exercise of reasonable business judgment under section 364(d) "so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest.").

14. To the extent the MPT DIP facility interferes with the Debtors' obligations to comply with the United States' antitrust review, it should not be approved. Section 959(b) of Title 28 requires that the Debtors comply with applicable non-bankruptcy law during their cases, including those laws requiring compliance with antitrust review. *See, e.g., In re American Coastal Energy Inc.*, 399 B.R. 805, 810 (Bankr. S.D. Tex. 2009)("Bankruptcy debtors are no different from any citizen in that they must comply with state and federal laws."); *In re White Crane Trading Co., Inc.*, 170 B.R. 694, 698 (Bankr. E.D. Cal. 1994) (noting a bankruptcy court could not authorize a sale by the debtor-in-possession inconsistent with valid state consumer protection laws). Moreover, antitrust review by the United States is a police and regulatory action excepted from the automatic stay. *See* 11 USC 362(b)(4); *see also In re First All. Mortg. Co.*, 263 B.R. 99, 108 (B.A.P. 9th Cir. 2001) ("[C]onsumer protection is a valid exercise of the police and regulatory power for purposes of § 362(b)(4)."). The existing milestones should not

affect the Debtors' obligations to comply with full antitrust review and any final DIP order should acknowledge that any potential sale is subject to the Clayton Act.

15. The existing milestones should not affect these obligations and any final DIP order should acknowledge that any potential sale is subject to the Clayton Act. Moreover, it is questionable whether the Debtors are properly exercising their business judgment in agreeing to the milestones because they plainly leave inadequate time for compliance with the antitrust review prior to the sale hearing on July 2, 2024. If United is the prevailing bidder for the Stewardship Health assets, this will mean the United States is entitled to the period of antitrust review provided for in the Bankruptcy Code. Thus, even after a sale order is entered, MPT will retain an absolute right to terminate DIP financing if the sale cannot be consummated within the time MPT, in its sole discretion, believes appropriate.

16. Even if the DIP Motion is approved, the United States reserves all rights to conduct a full antitrust review unaffected by DIP milestones. No agreement concerning DIP financing can cut off or interfere with the United States' pursuit of regulatory relief or enforcement of liabilities that are not claims or debts as defined under 11 U.S.C. § 101(5) (defining claim) and §101(12) (defining debt as liability on a claim). *See In re Torwico Elecs., Inc.*, 8 F.3d 146, 151 (3d Cir. 1993); *In re Chateaugay Corp.*, 944 F.2d 997, 1008 (2nd Cir. 1991). Regardless of the milestones, or any default triggered by failure to meet the milestones, the United States' antitrust review, or review of any transaction under the Clayton Act, must be permitted to reach a conclusion and the Debtors cannot consummate a sale until the review concludes.

Dated: May 28, 2024                                           Respectfully submitted,

                                                               BRIAN M. BOYNTON
                                                               Principal Deputy Assistant Attorney General

/s/Augustus T. Curtis
KIRK T. MANHARDT
MARY A. SCHMERGEL
AUGUSTUS T. CURTIS
RYAN W. LAMB
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 7208
Washington, D.C. 20044
(202) 598-7524
*Attorneys for the United States*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that I caused a copy of this Limited Objection to be served on May 28, 2024, upon those parties who have registered for the Court's electronic noticing system (CM/ECF) and by electronic mail on the parties requesting electronic service of notices.

/s/ *Augustus T. Curtis*
Augustus T. Curtis, Trial Counsel