IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § | Case No. 24-90213 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

### NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE

### (Stewardship Health and First Round Hospitals) [2]

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On May 15, 2024, Steward Health Care System LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a motion (Docket No. 281) (the "**Motion**") seeking, among other things, entry of an order:

a) approving the proposed global bidding procedures (the "**Global Bidding Procedures**") in connection with the sale of substantially all of the Debtors' assets, including Stewardship Health, the Hospitals, and the Debtors' Other Assets (each as defined in the Global Bidding Procedures) and related contracts and other assets through one or more sale transactions (each, a "**Sale Transaction**");

b) authorizing the Debtors to designate stalking horse bidders (each a "**Stalking Horse Bidder**," and such bidder's bid, a "**Stalking Horse Bid**") and offer such bidder certain bid protections identified in the Motion (the "**Stalking Horse Bid Protections**");

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] "**First Round Hospitals**" refers to all of the Debtors Hospitals except for those in Florida and the four hospitals located in Texas identified as Second Round Hospitals. "**Second Round Hospitals**" refers to the Debtors' Hospitals in Florida and the four hospitals located in Texas referred to as Odessa Regional Medical Center, Scenic Mountain Medical Center, Southeast Texas (Port Arthur), and Wadley Regional Medical Center. The Debtors will serve the Cure Notice for the Second Round Hospitals and the Other Assets by July 19, 2024 in accordance with the Global Bidding Procedures.

c) scheduling Auctions of the Assets (as defined herein) and hearings for the approval of the proposed Sale Transaction(s) (the "**Sale Hearings**");

d) authorizing and approving the form and manner of notice for sale of the Assets, the Auctions, and the Sale Hearings;

e) authorizing and approving the form and manner of notice to each non-Debtor counterparty (the "**Assignment and Cure Notice**") to an executory contract or unexpired lease of non-residential real property of the Debtors (each, a "**Contract**") regarding the potential assumption and assignment of such Contracts and the amount necessary to cure any monetary defaults under such Contracts (the "**Cure Costs**");

f) authorizing and approving procedures for the assumption or assumption and assignment of certain Contracts in connection with the Sale Transactions, as applicable (collectively, the "**Assigned Contracts**") and the determination of Cure Costs with respect thereto;

g) authorizing the Sale Transaction(s) including, but not limited to, the assumption and assignment of the Assigned Contracts; and

h) granting related relief.

On June 3, 2024, the Bankruptcy Court entered the *Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief* (Docket No. 626) (the "**Bidding Procedures Order**").[3]

**Cure Costs**

In accordance with the Assumption and Assignment Procedures and the Bidding Procedures Order, the Debtors shall, in connection with a Sale Transaction of Stewardship Health or a First Round Hospital with a Successful Bidder (as defined in the Global Bidding Procedures), assume and assign to the Successful Bidder (or its designated assignee, as applicable) certain contracts and leases of the Debtors.

Each of the contracts and leases that may potentially be assumed and assigned in connection with a Sale Transaction with a Successful Bidder and the Debtors' calculation of the Cure Costs with respect thereto are set forth on **Exhibit A** annexed hereto.

The inclusion of any contract or lease on **Exhibit A** does not constitute an admission that a particular contract or lease is an executory contract or unexpired lease within the meaning of the

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Global Bidding Procedures or the Bidding Procedures Order, as applicable.

Bankruptcy Code or require or guarantee that such contract or lease ultimately will be assumed or assigned. All rights of the Debtors and the counterparties with respect thereto are reserved.

Notwithstanding the inclusion of any lease or contract on **Exhibit A**, a Successful Bidder is not bound to accept assignment of such Contract, and may amend the schedule of Assigned Contracts to remove any contract or lease to the extent provided in their purchase agreement with the Debtors.

If (a) the Debtor identifies (i) additional contracts or leases to be assumed and assigned to a Successful Bidder, or (ii) modifications that need to be made to a proposed Cure Cost previously stated in the Assignment and Cure Notice; or (b) a Successful Bidder designates any additional contracts or leases not previously included on this Assignment and Cure Notice for assumption and assignment, the Debtor shall file with the Court and serve by first class mail on the applicable Contract Counterparty a supplemental Assignment and Cure Notice (a "**Supplemental Cure Notice**"). As soon as reasonably practicable after filing a Supplemental Cure Notice, the Debtors shall post a copy of the Supplemental Cure Notice on the Kroll Website.

**Adequate Assurance Objections**

Objections, if any, to the proposed assumption and assignment of a Contract identified on **Exhibit A** based on a Successful Bidder's (a) ability to provide adequate assurance of future performance or (b) the proposed form of adequate assurance of future performance with respect to such Assigned Contract (each, an "**Adequate Assurance Objection**"), must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection, and, to the extent applicable, provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Bankruptcy Local Rules; and (v) be filed with the Court by the following deadlines (the "**Adequate Assurance Objection Deadlines**"):[4]

| Assets | Adequate Assurance Objection Deadline[5] |
|---|---|
| Stewardship Assets | July 8, 2024 at 5:00 p.m. (Central Time) |
| First Round Hospitals | July 8, 2024 at 5:00 p.m. (Central Time) |

**Cure Objections**

Objections, if any, to any proposed Cure Costs (each, a "**Cure Objection**," and together with the Adequate Assurance Objections, the "**Contract Objections**") with respect to the Contracts identified on **Exhibit A** must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with

---

[4] Or such earlier date with consent of the Creditors' Committee, or later date designated by the Debtors after consultation with the Consultation Parties.

[5] The Adequate Assurance Objection Deadline for Second Round Hospitals and Other Assets is August 20, 2024 at 5:00 p.m. (Central Time).

particularity the basis and nature of any objection, and, to the extent applicable, provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Local Rules; and (v) be filed with the Court with respect to the Stewardship Assets and First Round Hospitals 10 days after service of the initial Cure Notice (the "**Cure Objection Deadline**").[6]

Any Cure Objection with respect to Cure Costs set forth in a Supplemental Cure Notice must be filed within 14 days after service of the Supplemental Cure Notice.

**IF NO TIMELY CONTRACT OBJECTION IS FILED WITH RESPECT TO AN ASSIGNED CONTRACT OR A SUCCESSFUL BIDDER: (I) THE CONTRACT COUNTERPARTY TO SUCH PROPOSED ASSIGNED CONTRACT SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION BY THE DEBTOR AND ASSIGNMENT TO THE SUCCESSFUL BIDDER, AS APPLICABLE, OF THE ASSIGNED CONTRACT, AND BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO SUCH ASSUMPTION AND ASSIGNMENT (INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY THE SUCCESSFUL BIDDER OR BIDDERS); (II) ANY AND ALL DEFAULTS UNDER THE ASSIGNED CONTRACT AND ANY AND ALL PECUNIARY LOSSES RELATED THERETO SHALL BE DEEMED CURED AND COMPENSATED PURSUANT TO BANKRUPTCY CODE SECTION 365(B)(1)(A) AND UPON PAYMENT OF THE CURE COSTS SET FORTH IN THE CURE NOTICE FOR SUCH ASSIGNED CONTRACT; (III) THE DEBTOR WILL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE FOR SUCH ASSIGNED CONTRACT IN ACCORDANCE WITH SECTION 365(F)(2)(B) OF THE BANKRUPTCY CODE AND THE CONTRACT COUNTERPARTY SHALL FOREVER BE BARRED FROM ASSERTING AGAINST THE DEBTOR, ITS ESTATE, AND A SUCCESSFUL BIDDER, ANY ADDITIONAL OBLIGATION TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE; AND (IV) THE CONTRACT COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OTHER CLAIMS RELATED TO SUCH ASSIGNED CONTRACT AGAINST THE DEBTOR AND ITS ESTATE OR THE SUCCESSFUL BIDDER, OR ITS PROPERTY, THAT EXISTED PRIOR TO THE ENTRY OF THE ORDER RESOLVING SUCH CONTRACT OBJECTION AND ANY SALE ORDER.**

**Sale Hearings**

The Debtors will seek to assume and assign the Assigned Contracts at the hearings to approve the Sale Transaction(s). Unless the Debtors file and serve a revised notice, the hearings to approve the Sale Transaction(s) (each, a "**Sale Hearing**") shall be held on the following dates (subject to the availability of the Court):[7]

---

[6] Or such earlier date with consent of the Creditors' Committee, or later date designated by the Debtors after consultation with the Consultation Parties.

[7] Or such earlier date with consent of the Creditors' Committee, or later date designated by the Debtors after consultation with the Consultation Parties.

| Assets | Sale Hearing[8] |
|---|---|
| Stewardship Assets | July 11, 2024 at 1:00 p.m. (Central Time) |
| First Round Hospitals | July 11, 2024 at 1:00 p.m. (Central Time) |

Objections, if any, that cannot otherwise be resolved by the parties, will be heard either at a hearing scheduled prior to the Sale Hearing or the Sale Hearing, as determined by the Debtors in accordance with the Bidding Procedures Order.

**Additional Information**

Copies of the Motion, the Bidding Procedures Order, the Global Bidding Procedures, and the Stalking Horse Agreement(s), if any, may be obtained free of charge at the website dedicated to the Debtor's chapter 11 case maintained by the Debtor's claims and noticing agent, Kroll Restructuring Administration, LLC, located at https://cases.ra.kroll.com/Steward.

---

[8] The Sale Hearing for Second Round Hospitals and Other Assets is currently scheduled for August 22, 2024 at 1:00 p.m. (Central Time)

Dated:  June 10, 2024
　　　　Houston, Texas

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Clifford W. Carlson*
　　　　　　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　　　　　　Gabriel A. Morgan (24125891)
　　　　　　　　　　　　　　　　　　　　　　　　Clifford W. Carlson (24090024)
　　　　　　　　　　　　　　　　　　　　　　　　Stephanie N. Morrison (24126930)
　　　　　　　　　　　　　　　　　　　　　　　　700 Louisiana Street, Suite 3700
　　　　　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (713) 546-5000
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (713) 224-9511
　　　　　　　　　　　　　　　　　　　　　　　　Email:   Gabriel.Morgan@weil.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Clifford.Carlson@weil.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Stephanie.Morrison@weil.com

　　　　　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　　　　　　Ray C. Schrock (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Candace M. Arthur (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　David J. Cohen (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10153
　　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 310-8000
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 310-8007
　　　　　　　　　　　　　　　　　　　　　　　　Email:   Ray.Schrock@weil.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Candace.Arthur@weil.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DavidJ.Cohen@weil.com


　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Debtors*
　　　　　　　　　　　　　　　　　　　　　　　　*and Debtors in Possession*