United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **STEWARD HEALTH CARE SYSTEM LLC**, *et al.*, | § § § | Case No. 24-90213 (CML) |
|  | § § | **(Jointly Administered)** |
| Debtors.[1] | § § | Re: Docket No. 709 |

**ORDER (I) ESTABLISHING
PROCEDURES FOR SALES, TRANSFERS, AND ABANDONMENT
OF DE MINIMIS ASSETS; AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated June 6, 2024 (the "**Motion**")[2] of Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 363, 554(a), and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6004 (i) authorizing the Debtors to efficiently sell, transfer, or abandon, in their discretion, De Minimis Assets;[3] and (ii) and granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] For the avoidance of doubt, De Minimis Assets shall not include the Debtors' hospital operations (including closed hospitals and hospitals under construction); *provided*, that the Debtors may sell assets used in, previously used in, or relating to hospital operations.

been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized pursuant to sections 363, 554(a), and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6004, to sell or transfer the De Minimis Assets in accordance with the following procedures (the "**De Minimis Asset Disposition Procedures**"):

   a. <u>Non-Noticed De Minimis Asset Sales</u>. For property that, in the Debtors' good faith determination, has a fair market value or book value (only if fair market value is unavailable and cannot be determined) of $1,250,000 or less and is proposed to be sold or transferred in a De Minimis Transaction, or in a series of related De Minimis Transactions (each, a "**Non-Noticed De Minimis Asset Sale**"):

      i. <u>De Minimis Transactions Sold or Transferred to the Same Party</u>. If (i) multiple properties, each with a fair market value or book value (only if fair market value is unavailable and cannot be determined) of $1,250,000 or less, is sold in a series of De Minimis Transactions to a party, but (ii) in the aggregate exceed $1,250,000 in fair market value or book value, then such De Minimis Transactions will be subject to the Noticed De Minimis Asset Sale procedures, set forth in paragraph 1(b).

      ii. <u>Business Judgment Standard</u>. Subject to the terms of the DIP Orders[4] the Debtors are authorized to consummate sales or transfers of such De Minimis

---

[4] "**DIP Orders**" means the *Final Order (I) Authorizing the Debtors to (A) Obtain Junior Lien Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Certain Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 1538) and *Final Order (I) Authorizing the Debtors to (A) Obtain Junior Lien Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide*

2

Assets without further order of the Court or notice to any party if the Debtors determine in their business judgment that such sales or transfers are in the best interests of the Debtors' estates; *provided,* that if the fair market value or book value (only if fair market value is unavailable and cannot be determined) of such De Minimis Assets exceeds $250,000, to the extent reasonably practicable, the Debtors will provide e-mail notification (each, an "**E-mail Notification**") at least two (2) business days prior to the consummation of such Non-Noticed De Minimis Asset Sale to the following parties:[5]

1. the U.S. Trustee, Attn: Ha Nguyen, Esq. and Jana Whitworth, Esq.;

2. counsel to the ABL Lenders: Paul Hastings LLP, Attn: Kristopher M. Hansen, Esq. and Christopher M. Guhin, Esq.;

3. counsel to the FILO Lenders: Milbank LLP, Attn: Michael Price, Esq., and Brian Kinney, Esq.;

4. counsel to Siemens Financial Services, Inc.: Otterbourg P.C., Attn: Andrew Kramer, Esq.;

5. counsel to the DIP Lender, MPT Prepetition Secured Lender, and MPT Lessors: KTBS Law LLP, Attn: Thomas Patterson, Esq. and Sasha Gurvitz, Esq.;

6. counsel to the Creditors' Committee: Akin Gump Strauss Hauer & Feld LLP, Attn: Ira Dizengoff, Esq., Brad Kahn, Esq., and Sarah Schultz, Esq.; and

7. counsel to any other statutory committee appointed in these chapter 11 cases.

iii. <u>Sale Free and Clear.</u>  Any Non-Noticed De Minimis Asset Sale of property shall be free and clear of all liens, claims, and encumbrances ("**Liens**"), with any valid and properly perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the sale.

---

*Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Certain Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 625).

[5] To the extent any of the Debtors' property in Texas subject to any *ad valorem* prepetition tax claim(s) held by any of the entities enumerated below (the "**Texas Taxing Authorities**") is to be sold pursuant to a Non-Noticed De Minimis Asset Sale, the E-mail Notification shall be sent to the following additional parties solely to the extent such parties are the applicable claim holder(s) of such *ad valorem* tax claims: (i) counsel to Fort Bend ISD, Fort Bend County Levee Improvement District #2, Mission Bend Utility District, Alief ISD, the City of Houston, Richardson ISD, Howard County Tax Office, and Midland County: Perdue, Brandon, Fielder, Collins & Mott, L.L.P., Attn: Melissa E. Valdez, Esq., Elizabeth Banda Calvo, Esq. and Laura Monroe, Esq.; (ii) counsel to Bexar County, Ector CAD, Fort Bend County, Jefferson County, Harris County, and Dallas County: Linebarger Goggan Blair & Sampson LLP, Attn: Don Stecker, Esq., Tara L. Grundemeier, Esq. and John Kendrick Turner, Esq.; and/or (iii) counsel to Midland CAD, the County of Hardin, Texas, and Bowie CAD: McCreary, Veselka, Bragg & Allen, P.C., Attn: Julie Anne Parsons, Esq.

      iv.      <u>Good Faith Purchaser</u>.  Each purchaser of De Minimis Assets pursuant to such Non-Noticed De Minimis Asset Sale will be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

      v.      <u>Non-Noticed De Minimis Asset Sales Reports</u>.  Within 30 days after each quarterly period, commencing with the period ending July 31, 2024, the Debtors will file with the Court a report summarizing any Non-Noticed De Minimis Asset Sales (where the value of the De Minimis Assets sold or transferred exceeded $250,000) that were completed pursuant to the De Minimis Asset Disposition Procedures during the immediately preceding quarter, and serve it on (a) the U.S. Trustee, (b) the United States Attorney's Office for the Southern District of Texas; (c) counsel to the ABL Lenders, (d) counsel to the FILO Lenders, (e) counsel to Siemens Financial Services, Inc., (f) counsel to the DIP Lender, MPT Prepetition Secured Lender, and MPT Lessors, (g) counsel to the Creditors' Committee; and (h) all known parties holding or asserting liens, claims, encumbrances or other interests in the De Minimis Assets being sold or transferred and their respective counsel, if known[6] (collectively, the "**Notice Parties**").  With respect to each applicable Non-Noticed De Minimis Asset Sale, each quarterly report shall identify: (I) the De Minimis Assets sold or transferred, (II) fair market value and book value of the De Minimis Assets being sold or transferred, (III) a summary of the reasons for selling or transferring such De Minimis Assets, (IV) the entity who sold or transferred the De Minimis Assets, (V) the sale price of any De Minimis Assets sold, and (VI) identification of the purchaser and the broker or auctioneer, if applicable, that advised or assisted the Debtors with such Non-Noticed De Minimis Asset Sale and any fees paid to such party in connection with such Non-Noticed De Minimis Asset Sale.

   b.   <u>Noticed De Minimis Asset Sales</u>.  For property that, in the Debtors' good faith determination, has a fair market value equal or book value (only if fair market value is unavailable and cannot be determined) equal to or greater than $1,250,000, and less than or equal to $5,000,000, and that is proposed to be sold or transferred in a De Minimis Transaction, or in a series of related De Minimis Transactions (each, a "**Noticed De Minimis Asset Sale**"):

      i.      <u>Business Judgment Standard</u>.  Subject to the terms of the DIP Orders, the Debtors are authorized to consummate such a sale or transfer of De Minimis Assets without further order of the Court, subject to the procedures set forth herein, if the Debtors determine in their business judgment that such a sale or transfer is in the best interest of the Debtors' estates.

---

[6] For the avoidance of doubt, to the extent any of the Debtors' property in Texas subject to any *ad valorem* prepetition tax claim(s) held by any of the Texas Taxing Authorities are sold or transferred pursuant to the De Minimis Asset Disposition Procedures, counsel to the applicable Texas Taxing Authorities shall be included as a Notice Party.

ii. <u>Sale Free and Clear</u>.  Any Noticed De Minimis Asset Sale shall be free and clear of all Liens, with any valid and properly perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to such Noticed De Minimis Asset Sale.

iii. <u>Good Faith Purchaser</u>.  Each purchaser of De Minimis Assets pursuant to such Noticed De Minimis Asset Sale will be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

iv. <u>De Minimis Asset Sale Notice</u>.  The Debtors shall, at least five (5) business days prior to closing such Noticed De Minimis Asset Sale, serve a written notice of such sale or transfer via e-mail (each notice, a "**De Minimis Asset Sale Notice**") to the Notice Parties, which De Minimis Asset Sale Notice shall consist of:

1. identification of the De Minimis Asset being sold or transferred;

2. fair market value and, to the extent available, book value of the De Minimis Asset being sold or transferred; *provided*, that with respect to any De Minimis Asset that constitutes land, the Debtors will use commercially reasonable efforts to provide the Creditors' Committee with a corresponding appraisal or broker's opinion reflecting the fair market value of such asset;

3. identification of the purchaser of the De Minimis Asset and any relationship such party has with the Debtors or insiders of the Debtors;

4. identification of any parties known to the Debtors as holding Liens on the De Minimis Asset being sold or transferred and a statement indicating whether (a) all such Liens are capable of monetary satisfaction, or (b) the holders of such Liens have consented to the sale or transfer;

5. the sale price;

6. any other significant terms of the Noticed De Minimis Asset Sale including, for the avoidance of doubt, whether the Debtors intend to abandon any De Minimis Assets with an aggregate value greater than $25,000 in connection therewith;

7. the date and time within which objections must be filed and served on the Debtors; and

8. the broker or auctioneer, if any, that advised or assisted the Debtors with such Noticed De Minimis Asset Sale and any fees paid or to be

<div style="margin-left:2em">

paid to such party in connection with such Noticed De Minimis Asset Sale.

v. <u>Revised De Minimis Asset Sale Notice</u>. If the terms of the proposed De Minimis Transaction relating to a Noticed De Minimis Asset Sale are materially modified (including, without limitation, a change in the De Minimis Asset(s) involved, the price, or the parties to the transaction) after transmittal of the De Minimis Asset Sale Notice but prior to the deadline to file a timely objection, the Debtors shall serve a revised De Minimis Asset Sale Notice (each notice, a "**Revised De Minimis Asset Sale Notice**") on the Notice Parties describing the material terms to be amended or revised. If a Revised De Minimis Asset Sale Notice is required, the deadline to file a timely objection shall be extended for an additional three (3) business days following the delivery of such Revised De Minimis Asset Sale Notice.

vi. <u>Objection Procedures</u>. Parties objecting to a Noticed De Minimis Asset Sale must file and serve a written objection so that such objection is filed with the Court and is actually received by the Notice Parties as well as counsel to the Debtors no later than five (5) business days after the date the Debtors serve the relevant De Minimis Asset Sale Notice.

vii. <u>No Objection</u>. If no objection to a Noticed De Minimis Asset Sale is timely filed by any of the Notice Parties within five (5) business days after service of such De Minimis Asset Sale Notice, the Debtors are authorized to immediately consummate such Noticed De Minimis Asset Sale.

viii. <u>Unresolved Objections</u>. If a timely objection is filed and not withdrawn or resolved within three (3) business days of the filing thereof, the Debtors shall file a notice of hearing to consider the unresolved objection, and such hearing shall be held on an expedited basis, subject to the Court's availability. If such objection is overruled or withdrawn, or if the sale or transfer of the De Minimis Assets is specifically approved by further order of the Court, the Debtors are authorized to immediately consummate such Noticed De Minimis Asset Sale.

c. <u>Sale Pursuant to Motion</u>. Subject to the terms of the DIP Orders, for property that, in the Debtors' good faith determination, has a fair market value greater or book value (only if fair market value is unavailable and cannot be determined) greater than $5,000,000, and is proposed to be sold or transferred in a transaction, or in a series of related transactions, the Debtors shall seek authority to sell or transfer such property pursuant to a motion (which may be the Bidding Procedures Motion) and in accordance with the Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules.

</div>

2. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sound business judgment, to abandon the De Minimis Assets

that have an aggregate value less than or equal to $25,000 free and clear of any interests of any party, without further order of the Court or notice to any party *provided that* any abandoned De Minimis Assets that have an aggregate value greater than $25,000 will be subject to notice of such abandonment being given in accordance with the De Minimis Asset Disposition Procedures, as set forth in paragraphs 1(a) and 1(b); *provided further that* if the Debtors are abandoning assets which may contain personal or confidential information about the Debtors' employees or customers (the "**Confidential Information**"), the Debtors shall remove the Confidential Information from such assets before such abandonment, and retain such Confidential Information until further order of the Court.  Any successor in interest of any of the locations at which De Minimis Assets are abandoned shall be free, notwithstanding the automatic stay, to dispose of such De Minimis Assets without notice or liability to any party and without further notice or order of the Court.  Any personal property of the Debtors remaining locations shall be deemed abandoned as of the date of such abandonment, free and clear of all liens, claims, interests, or other encumbrances.

3. The Debtors are authorized to take any actions that are reasonable and necessary to effectuate the sale or transfer of De Minimis Assets in accordance with the De Minimis Asset Disposition Procedures and, if applicable, obtain the proceeds thereof, including, without limitation, paying commission fees to agents, brokers, auctioneers, and liquidators in connection with such transaction.

4. Notice of any sale of the De Minimis Assets in accordance with the De Minimis Asset Disposition Procedures shall be sufficient notice of the sale or transfer of such assets.

5. Notwithstanding anything in this Order and/or the De Minimis Asset Disposition Procedures to the contrary, the Debtors shall not sell, assign or transfer any Religious

Items under the De Minimis Asset Disposition Procedures unless such Religious Items[7] are determined to be property of the Debtors' bankruptcy estates either by a written agreement between the Debtors and the Roman Catholic Archbishop of Boston (email being sufficient), or by a separate Court order.

6. Notwithstanding anything in this Order and/or the De Minimis Asset Disposition Procedures to the contrary, any existing consent rights of any insurer or third party administrator with respect to the Debtors' insurance policies and/or any agreements related thereto, including, without limitation, any rights to consent to any sale, assignment, or transfer thereof in accordance with the terms and conditions of the applicable insurance policies and/or related agreements and/or applicable law, are expressly reserved and not altered by this order.[8]

7. Notwithstanding anything in this Order and/or the De Minimis Asset Disposition Procedures to the contrary, any existing rights of ALTUS ACE and/or Altus ACE Management, LLC to consent to any sale, assignment, or transfer of any equity interest held by a Debtor(s) in ALTUS ACE in accordance with any existing agreements related thereto and/or applicable law are expressly reserved. To the extent any such equity interests in ALTUS ACE are to be sold subject to this Order and/or the De Minimis Asset Disposition Procedures, the following party shall be included as a Notice Party or otherwise provided written notice and at least five

---

[7] "**Religious Items**" shall have the meaning prescribed to such term in the *Response And Limited Objection Of The Roman Catholic Archbishop Of Boston, A Corporation Sole, To The Debtors' Motion Of Debtors For Entry Of An Order (I) Establishing Procedures For Sales, Transfers, And Abandonment Of De Minims Assets; And (II) Granting Related Relief* (Docket No. 1048).

[8] To the extent any insurance policies maintained by Debtors in relation to the claims made by personal injury claimants Terence and Denise Grogg pending against Debtors Steward Easton Hospital, Inc., Steward Medical Group, Inc., Steward Health Care System LLC, Steward Health Care Network, Inc., Steward Emergency Physicians of Pennsylvania, Inc., and Steward Emergency Physicians, Inc. in Cause No. C-48-CV-2022-03084 in the Court of Common Pleas of Northampton County, Pennsylvania, styled as *Grogg, et al. v. Easton Hospital, et al.* (State Court Case) as well as any documents or records maintained by Debtors that are relevant to the Groggs' claims in the State Court Case are to be sold subject to this Order and/or the De Minimis Asset Disposition Procedures, the following party shall be included as a Notice Party and a recipient of any Email Notification: counsel to Terence and Denise Grogg: Cain & Skarnulis PLLC, Attn: Ryan Chapple, Esq.

business days to object in writing: counsel to ALTUS ACE: Howley Law PLLC, Attn: Tom A. Howley, Esq.

8. De Minimis Transactions shall be deemed authorized pursuant to the terms of this Order and no further or additional waivers of the fourteen-day stay of Bankruptcy Rule 6004(h) shall be required for the Debtors to consummate any De Minimis Transaction, subject to compliance with the De Minimis Asset Disposition Procedures.

9. Nothing contained in this Order shall prejudice the Debtors' right to seek Court authorization to sell or transfer any asset under section 363 of the Bankruptcy Code by separate motion.

10. This Order does not authorize any transactions with "insiders" as that term is defined in section 101 of the Bankruptcy Code.

11. The rights and defenses of the Debtors and any other party in interest with respect to whether any assertion that any liens, claims, interests, or encumbrance, if any, will attach to the proceeds of a sale of De Minimis Assets are hereby preserved.

12. The De Minimis Asset Disposition Procedures satisfy Bankruptcy Rules 2002(a), 6004, and 9014.

13. The transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold

or purchased pursuant to this Order; and each and every federal, state, and local governmental agency or department is directed to accept this Order as sole and sufficient evidence of the transfer of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the sales or purchases contemplated hereby.

14. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order, including paying those necessary fees and expenses incurred in the sale or transfer of De Minimis Assets.

15. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

16. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

18. Nothing in this Order shall (i) amend or modify the DIP Orders or the DIP Facility or waive, alter, or modify any rights of the DIP Lender thereunder or (ii) prescribe any allocation or distribution of proceeds of De Minimis Asset Transactions, which proceeds shall be subject to use in accordance with the terms of the Approved Budget (as defined in the DIP Orders).

19. Notwithstanding anything herein, nothing in the De Minimis Asset Disposition Procedures or this Order shall waive, alter, or modify any rights of the MPT Lessors with respect to the real property owned by MPT Lessors and the Master Leases (as defined in the DIP Orders).

20. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  July 23, 2024

_____
Christopher Lopez
United States Bankruptcy Judge