IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTH CARE SYSTEM, LLC, *et al.*, | § § § | Case No. 24-90213 (CML) |
| | § | (Jointly Administered) |
| Debtors. | § | |

**FIRST AMENDED LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DELTA LOCUM TENENS, LLC IN RESPONSE TO DEBTORS' ORIGINAL AND SUPPLEMENTAL NOTICES OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE**

**[Relates to Dkt. Nos. 756, 968, 1151, 1623, 1643, and 1645]**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES DELTA LOCUM TENENS, LLC (hereinafter "DLT"), a creditor and contract counterparty in the above-captioned jointly administered Chapter 11 cases (collectively, the "Bankruptcy Case") and submits this First Amended Limited Objection and Reservation of Rights in Response to (a) Debtors' Original and Supplemental Notices of Cure Costs and Notices of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale ([Dkt. Nos. 756, 968, 1151, and 1623], collectively, the "Cure Notices"), and to (b) Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale and Notice of (I) Cancellation of Certain Auctions and Sale Hearing With Respect to … (B) Glenwood Regional Medical Center [Dkt. Nos. 1643 and

1645], [collectively], the "Glenwood Sale Notices"), and in support of such Limited Objection, DLT would show the Court as follows:

## I. LIMITED OBJECTIONS AND RESERVATION OF RIGHTS

1. Pursuant to 11 U.S.C. § 365(b), as a prerequisite to assumption of any executory contract Debtors have with DLT, Debtors are obligated to cure all prepetition debts owed on said executory contracts.

2. Debtors' Cure Notices (Dkt. Nos. 756 and 968) identified four (4) "Supplemental Allied Staffing Agreements" for Debtor IASIS Glenwood Regional Medical Center LP ("Glenwood") with the counterparty identified as "Delta Healthcare Providers – Staffing." *See* Dkt. 756-4 at p. 10. Delta Healthcare Providers -Staffing is a separate company from DLT, making it unclear what agreements the Cure Notices are proposing to assume. DLT believes that the Debtor was intending here to refer to Delta Healthcare Providers – Staffing and not to DLT or its contracts. However, out of an abundance of caution and to the extent DLT is misconstruing those Cure Notices, if and to the extent the four agreements in the Cure Notices refer to purchase orders issued under DLT's master agreement with Glenwood, then DLT objects that the Cure Notices fail to identify and propose curing the full, currently outstanding prepetition balances owed by Glenwood to DLT.

3. In its more recent Glenwood Sale Notices (Dkt. Nos. 1151, 1623, 1643, and 1645) Debtors describe the anticipated sale of Glenwood, assumption of certain contracts, and proposed cures. However, DLT's master Service Agreement, signed April 19, 2006 and in continuing effect

(the "Service Agreement") is not referenced in either the prior Cure Notices nor the more recent Glenwood Sale Notices, nor is any cure proposed.[1] DLT therefore poses this Limited Objection.

4. Glenwood's prepetition debt owed to DLT, as of calculations of July 25, 2024, after giving effect to payments received pursuant to the Debtors' Wages Order[2] presently totals $291,865.33. Post-petition obligations due to DLT presently total $316,812.76.[3]

5. DLT's Service Agreement regarding Glenwood should be assumed, with a cure of all defaults thereon, in any sale of Glenwood. DLT would be amenable to discussions with Debtor and the proposed Purchaser of Glenwood towards facilitating an assumption and/or an amendment and assumption of the DLT contract, particularly relating to concepts for making any such assumption and an agreed upon cure more workable and palatable for all sides.

6. DLT understands that Debtors' counsel has proposed that its Limited Objections be adjourned, without prejudice, from and with respect to the upcoming hearing (presently set for July 31, 2024) in order to accommodate such discussions. If this understanding is correct, DLT is amenable to such proposed adjournment.[4]

---

[1] In one place, Debtor apparently refers to a "Delta Locum Tenens Service Agreement" with Delta Flex Travelers[, LLC] regarding facilities in "Texas," rather than Louisiana, where Glenwood is located. *See* Dkt. 1643 at pp. 97-98. Delta Flex Travelers, LLC is a Delta Companies entity but does not provide staffing services. In another location, Debtors appear to refer to staffing sub-agreements or work orders arising under the Service Agreement with DLT. In either case, DLT objects to these references which will need to be corrected before DLT can further respond.

[2] "Wages Order" refers to Dkt. No. 86, "Order Authorizing Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits, Expenses, and Other Compensation, (B) Maintain Employee Benefits Programs, and (C) Continue to Pay Workforce Obligations, and (II) Granting Related Relief," (Related Doc # 15). Signed on 5/7/2024. (rgs4) (Entered: 05/07/2024).

[3] These amounts may vary as further business is conducted, further payments are made, received, and processed, and as related accounting issues arise and are resolved.

[4] Not at issue in the Glenwood related pleadings, but for informational purposes, and to the extent not otherwise paid and satisfied under the Wages Order, DLT is presently owed $1,977.05 for prepetition work, goods, services, contractors, and/or consultants DLT furnished to Sharon Regional Medical Center ("Sharon Regional"). Post-petition accounts receivable presently total $141,789.16.

## II. CONCLUSION

This is a limited, provisional objection and DLT reserves all rights to amend or supplement this objection as further information becomes available or relief is requested by Debtors or any other party in interest. For the reasons set forth above, DLT respectfully requests that the Court deny any requests by Debtors for authority to assume any executory contract(s) with DLT pertaining to Glenwood absent Debtors' or any proposed Purchaser's agreement to promptly cure, per se or by compromise, the above-stated outstanding amounts due and owing to DLT, and for all further relief to which DLT shows itself justly entitled.

Dated: July 26, 2024.

Respectfully submitted,

*/s/ Robert C. Rowe*
J. Michael Sutherland
  Texas State Bar No. 19524200
  Southern Dist. Admin. No. 13736
Robert C. Rowe
  Texas State Bar No. 24086253
  Southern Dist. Admin. No. 3782278
**CARRINGTON, COLEMAN, SLOMAN
 & BLUMENTHAL, L.L.P.**
901 Main St., Suite 5500
Dallas, TX  75202
Telephone:    214-855-3000
Facsimile:    214-580-2641
Email: msutherland@ccsb.com
             rrowe@ccsb.com

*Texas Bankruptcy Counsel for
Delta Locum Tenens, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing document was served on all parties receiving ECF-Notice in this case, on this 26th day of July, 2024.

                _/s/ Robert C. Rowe_
                Robert C. Rowe