**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | **Case No. 24-90213 (CML)** |
| **LLC,** *et al.*, | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | **Re: Docket No. 756** |
| | § | |

**FOURTH SUPPLEMENTAL NOTICE OF CURE COSTS AND**
**POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY**
<u>**CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE**</u>

<u>**(Stewardship Health)**</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On June 3, 2024, the Bankruptcy Court entered the *Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief* (Docket No. 626) (the "**Bidding Procedures Order**"),[2] which: (a) approved global bidding procedures (the "**Global Bidding Procedures**") in connection with the sale of substantially all of the Debtors' assets, including Stewardship Health, the Hospitals, and the Debtors' Other Assets (each as defined in the Global Bidding Procedures) and related contracts and other assets through one or more sale transactions (each, a "**Sale Transaction**"); (b) authorized the Debtors to designate stalking horse bidders and offer such bidder certain bid protections identified in the Motion; (c) scheduled Auctions of the Assets (as defined herein) and hearings for the approval of the proposed Sale Transaction(s) (the "**Sale Hearings**"); (d) authorized and approved the form and manner of notice for sale of the Assets, the Auctions, and the Sale Hearings; (e) authorized and approved the form and manner of notice to each non-Debtor counterparty to an executory contract or unexpired lease of non-residential real property of the Debtors (each, a "**Contract**") regarding the potential assumption and assignment of such Contracts and the amount necessary to cure any monetary defaults under such Contracts (the "**Cure Costs**"); (f) authorized and approved procedures for the assumption or assumption and assignment of certain Contracts in connection with the Sale Transactions, as applicable (collectively, the "**Assigned Contracts**") and the determination of

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Steward.  The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Global Bidding Procedures or the Bidding Procedures Order, as applicable.

Cure Costs with respect thereto; (g) authorized the Sale Transaction(s) including, but not limited to, the assumption and assignment of the Assigned Contracts; and (h) granted related relief.

On June 11, 2024, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* (Docket No. 756) (the "**Initial Cure Schedules**"), which identified on Exhibits A-H thereto, among other things, certain contracts that may be assumed and assigned in connection with a Sale Transaction with a Successful Bidder, the respective market for each identified contract, and the Debtors' calculation of Cure Costs with respect thereto.

On June 21, 2024, the Debtors filed the *First Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* (Docket No. 968) (the "**First Supplemental Cure Schedules**").

On July 3, 2024, the Debtors filed the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* (Docket No. 1151) (the "**Second Supplemental Cure Schedules**").

On July 17, 2024, the Debtors filed the *Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* (Docket No. 1623) (the "**Third Supplemental Cure Schedules**").

## <u>Cure Costs</u>

In accordance with the Assumption and Assignment Procedures and the Bidding Procedures Order, the Debtors shall, in connection with a Sale Transaction of Stewardship Health with a Successful Bidder (as defined in the Global Bidding Procedures), assume and assign to the Successful Bidder (or its designated assignee, as applicable) certain contracts and leases of the Debtors.

The exhibit attached hereto identifies certain contracts that may potentially be assumed and assigned in connection with a Sale Transaction with a Successful Bidder and the Debtors' calculation of the Cure Costs with respect thereto (the "**Fourth Supplemental Cure Schedule**," and together with the Initial Cure Schedules, the First Supplemental Cure Schedules, the Second Supplemental Cure Schedules, and the Third Supplemental Cure Schedules, the "**Cure Schedules**"). The Initial Cure Schedules are amended, supplemented, and superseded solely with respect to the contracts listed herein as they relate to the respective Sale Transaction market in which such contracts may be assigned.

The Fourth Supplemental Cure Schedule amends and supplements the Initial Cure Schedules as follows:

| Exhibit | Asset | Amendment/Supplement |
|---------|-------|---------------------|
| Amended Exhibit A | Stewardship Health | Amends and Supplements Exhibits A and E of the Initial Cure Schedules |

The inclusion of any contract or lease on the Cure Schedules or the service of the Cure Schedules to any party does not constitute an admission that a particular contract or lease is an executory contract or unexpired lease within the meaning of the Bankruptcy Code, that a served party has an interest in the contract or lease identified on the Cure Schedule, or require or guarantee that such contract or lease ultimately will be assumed or assigned or indicate that the consent of any particular party is required in connection with the Debtors' assumption or assignment of the included contract or lease. All rights of the Debtors and the counterparties with respect thereto are reserved.

Notwithstanding the inclusion of any lease or contract on the Cure Schedules, a Successful Bidder is not bound to accept assignment of such Contract, and may amend the schedule of Assigned Contracts to remove any contract or lease to the extent provided in their purchase agreement with the Debtors.

If (a) the Debtor identifies (i) additional contracts or leases to be assumed and assigned to a Successful Bidder, or (ii) modifications that need to be made to a proposed Cure Cost previously stated in the Cure Schedules; or (b) a Successful Bidder designates any additional contracts or leases not previously included on the Cure Schedules for assumption and assignment, the Debtor shall file with the Court and serve by first class mail on the applicable Contract Counterparty a supplemental notice (a "**Supplemental Cure Notice**"). As soon as reasonably practicable after filing a Supplemental Cure Notice, the Debtors shall post a copy of the Supplemental Cure Notice on the Kroll Website.

## Adequate Assurance Objections

Objections, if any, to the proposed assumption and assignment of a Contract identified on the Cure Schedules based on a Successful Bidder's (a) ability to provide adequate assurance of future performance or (b) the proposed form of adequate assurance of future performance with respect to such Assigned Contract (each, an "**Adequate Assurance Objection**"), must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection, and, to the extent applicable, provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Bankruptcy Local Rules; and (v) **be filed with the Court by August 9, 2024 at 5:00 p.m. (Central Time)** (the "**Adequate Assurance Objection Deadline**"):[3]

---

[3]     Or such earlier date with consent of the Creditors' Committee, or later date designated by the Debtors after consultation with the Consultation Parties.

**Cure Objections**

Objections, if any, to any proposed Cure Costs (each, a "**Cure Objection**," and together with the Adequate Assurance Objections, the "**Contract Objections**") with respect to the Contracts identified on the Fourth Supplemental Cure Schedule must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection, and, to the extent applicable, provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Local Rules; and (v) be filed with the Court with respect to Stewardship Health **14 days** after service of this Supplemental Cure Notice (the "**Cure Objection Deadline**").[4]

**IF NO TIMELY CONTRACT OBJECTION IS FILED WITH RESPECT TO AN ASSIGNED CONTRACT OR A SUCCESSFUL BIDDER: (I) THE CONTRACT COUNTERPARTY TO SUCH PROPOSED ASSIGNED CONTRACT SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION BY THE DEBTOR AND ASSIGNMENT TO THE SUCCESSFUL BIDDER, AS APPLICABLE, OF THE ASSIGNED CONTRACT, AND BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO SUCH ASSUMPTION AND ASSIGNMENT (INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY THE SUCCESSFUL BIDDER OR BIDDERS); (II) ANY AND ALL DEFAULTS UNDER THE ASSIGNED CONTRACT AND ANY AND ALL PECUNIARY LOSSES RELATED THERETO SHALL BE DEEMED CURED AND COMPENSATED PURSUANT TO BANKRUPTCY CODE SECTION 365(B)(1)(A) AND UPON PAYMENT OF THE CURE COSTS SET FORTH IN THE CURE NOTICE FOR SUCH ASSIGNED CONTRACT; (III) THE DEBTOR WILL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE FOR SUCH ASSIGNED CONTRACT IN ACCORDANCE WITH SECTION 365(F)(2)(B) OF THE BANKRUPTCY CODE AND THE CONTRACT COUNTERPARTY SHALL FOREVER BE BARRED FROM ASSERTING AGAINST THE DEBTOR, ITS ESTATE, AND A SUCCESSFUL BIDDER, ANY ADDITIONAL OBLIGATION TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE; AND (IV) THE CONTRACT COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OTHER CLAIMS RELATED TO SUCH ASSIGNED CONTRACT AGAINST THE DEBTOR AND ITS ESTATE OR THE SUCCESSFUL BIDDER, OR ITS PROPERTY, THAT EXISTED PRIOR TO THE ENTRY OF THE ORDER RESOLVING SUCH CONTRACT OBJECTION AND ANY SALE ORDER.**

**Sale Hearings**

The Debtors will seek to assume and assign the Assigned Contracts at the hearings to approve the Sale Transaction(s).  Unless the Debtors file and serve a revised notice, the hearing to

---

[4]   Or such earlier date with consent of the Creditors' Committee, or later date designated by the Debtors after consultation with the Consultation Parties.

approve the Sale Transaction for Stewardship Health (the "**Sale Hearing**") **shall be held on August 13, 2024 at 1:00 p.m. (Central Time).**[5]

Objections, if any, that cannot otherwise be resolved by the parties, will be heard either at a hearing scheduled prior to the Sale Hearing or after the Sale Hearing, as determined by the Debtors in accordance with the Bidding Procedures Order.

**Additional Information**

Copies of the Motion, the Bidding Procedures Order, and the Global Bidding Procedures may be obtained free of charge at the website dedicated to the Debtor's chapter 11 case maintained by the Debtor's claims and noticing agent, Kroll Restructuring Administration, LLC, located at https://cases.ra.kroll.com/Steward.

---

[5]   Or such earlier date with consent of the Creditors' Committee, or later date designated by the Debtors after consultation with the Consultation Parties.

Dated:  July 30, 2024
        Houston, Texas

_/s/  Clifford W. Carlson_
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
         Clifford.Carlson@weil.com
         Stephanie.Morrison@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
David J. Cohen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
         Candace.Arthur@weil.com
         DavidJ.Cohen@weil.com


*Attorneys for Debtors and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on July 30, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/  Clifford W. Carlson*
Clifford W. Carlson

**<u>Amended Exhibit A</u>**

**Exhibit A**
**Potential Assigned Additional and Amended Stewardship Contracts and Proposed Cure Costs**

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| Allston-Brighton Community Development Corporation[1] | | | | | | |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001205 | Real Property Lease | Sublease Agreement | $ - |
| Boston Food Allergy Center LLC[1] | | | | | | |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001204 | Real Property Lease | Medical Office Timeshare Agreement | $ - |
| Brighton Family Dental Group[1] | | | | | | |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001187 | Real Property Lease | Sublease Agreement | $ - |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001188 | Real Property Lease | First Amendment to Sublease | $ - |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001189 | Real Property Lease | Second Amendment to Sublease | $ - |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001190 | Real Property Lease | Third Amendment to Sublease | $ - |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001191 | Real Property Lease | Fourth Amendment to Sublease | $ - |
| Brighton Marine Health Center, Inc.[2] | | | | | | |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_000824 | Real Property Lease | Lease Agreement | $ 55,264 |
| Defense Finance and Accounting Service | | | | | | |
| | Stewardship | Steward Health Care System LLC; St. Elizabeth's Medical Center, Inc. | SHC_OOC_000023 | Vendor | Amended and Restated Management and Services Agreement | $ - |
| | Stewardship | Steward Health Care System LLC | SHC_OOC_000185 | Vendor | Extended Agreement of the Management and Services Agreement | $ - |
| | Stewardship | Steward Health Care System LLC | SHC_OOC_000186 | Vendor | Second Extended Agreement | $ - |
| Cape Code Hospital | | | | | | $ - |
| | Stewardship | St. Elizabeth's Medical Center, Inc. | SHC_BMI_000001 | Vendor | Hospital Services Agreement | |
| | Stewardship | St. Elizabeth's Medical Center, Inc. | SHC_BMI_000003 | Vendor | Assignment of USFHP Provider Agreement | |
| Individual_Supp4_1[1] | | | | | | |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001198 | Real Property Lease | Amended and Restated Sublease | $ - |
| Roman Catholic Archbishop of Boston[1] | | | | | | |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001194 | Real Property Lease | Amended and Restated Sublease | $ - |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001195 | Real Property Lease | Amendment of Sublease | $ - |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001196 | Real Property Lease | Notice of Lease Extension | $ - |
| | Stewardship | Steward Health Care System LLC | SHC_LSC_001197 | Real Property Lease | Sublease Agreement | $ - |
| UMASS Memorial Health Care | | | | | | $ - |
| | Stewardship | Steward Health Care System LLC; St. Elizabeth's Medical Center, Inc. | SHC_BMI_000002 | Vendor | Hospital Services Agreement | |

Notes:
(1)  Contracts were previously included in Exhibit E - Massachusetts in the Initial Cure Schedule For St. Elizabeth's Medical Center
(2)  The Initial Cure Schedules identified the contract counterparty as Defense Finance and Accounting Service, the entity that receives
payment from the Debtors in connection with the Debtors' financial obligations owed under the Amended and Restated Management and
Services Agreement. Reference is made to Brighton Marine Health Center, Inc. for the avoidance of doubt with respect to the contract
subject to the Cure Schedules and it is additive to the notice previously provided. Such inclusion is without prejudice to the Debtors'
position with respect to the date upon which notice of assumption was provided and the Debtors reserve all rights with respect thereto.