IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | : | Case No. 24-90213 (CML) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | Re: Docket No. 1711 |

**OBJECTION OF COMMONWEALTH OF PENNSYLVANIA
TO EMERGENCY MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I)
APPROVING (A) FUNDING FROM THE COMMONWELTH OF MASSACHUSETTS
FOR THE PLANNED TRANSITION AND SALE OF MASSACHUSETTS HOSPITALS,
(B) THE CLOSURE OF CARNEY HOSPITAL AND NASHOBA VALLEY MEDICAL
CENTER, AND (C) PROCEDURES RELATED TO FACILITY CLOSURES;
AND (II) GRANTING RELATED RELIEF**

The Commonwealth of Pennsylvania, by and through its Attorney General, Michelle A. Henry, hereby files this Objection of the Commonwealth of Pennsylvania to the *Emergency Motion of Debtors for Entry of an Order (I) Approving (A) Funding from the Commonwealth of Massachusetts for the Planned Transition and Sale of Massachusetts Hospitals, (B) the Closure of Carney Hospital and Nashoba Valley Medical Center, and (C) Procedures Related to Facility Closures; and (II) Granting Related Relief* [Docket No. 1711] filed by Steward Health Care System LLC and its related debtor affiliates (the "Debtors") on July 26, 2024, (the "**Motion**") [2], and would respectfully state as follows:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

1

The Commonwealth of Pennsylvania does not oppose the proposed relief set forth in the Motion related to the sale and closure of certain Massachusetts Hospitals. Pennsylvania does strongly oppose certain other relief requested in the Motion.

The Motion seeks broad relief with respect to procedures related to Non - Massachusetts hospital closures that should not be considered at the emergency hearing scheduled by the Debtors on only two (2) business day notice set for July 31, 2024. Pennsylvania therefore requests that the Court deny all relief <u>other</u> than that with respect to Massachusetts, or alternatively, that Pennsylvania be entirely carved-out of requested relief sought in the Motion as it relates to possible hospital closures. In support thereof, Pennsylvania respectfully states as follows:

## **Background**

1. The Commonwealth of Pennsylvania, through its Attorney General, Michelle A. Henry (the "**Attorney General**"), is the chief law enforcement officer of the Commonwealth of Pennsylvania.

2. The Commonwealth of Pennsylvania has a duty to oversee and monitor health care providers to uphold the highest standard of care. The Commonwealth of Pennsylvania, therefore, has a significant interest in the proceedings in these Chapter 11 cases.

3. Sharon Hospital is a community hospital located in Sharon, Pennsylvania, which is mid-way between Pittsburgh, Erie, and Cleveland, Ohio. Sharon Hospital consists of a 163-bed acute care hospital and 19 satellite centers, and offers specialized services including a heart and vascular center, emergency heart attack/stroke treatment, weight loss center, orthopedics/sports medicine, minimally invasive surgery, emergency care, and a breast care center.

4. Sharon Hospital has served the local and regional community for over 125 years and is, upon information and belief, the largest employer in Mercer County, Pennsylvania.[3] It is vital to the local and regional community. The priority of the Attorney General has been, and remains, the preservation of accessible, quality health care throughout Pennsylvania and in the Sharon, Pennsylvania region.

**Objection**

5. Although the Motion primarily relates to the sale and closure of Massachusetts hospitals, also contained within the Motion are broad "Facility Closure Provisions" that Debtors seek approval from this Court with respect to the closure of *any* hospital, including Sharon Hospital.

6. Approval of these other closure procedures should be denied. The relief requested on an *emergency basis* is not supported under Rule 9014, Federal Rules of Bankruptcy Procedures. The "emergency" aspect of the relief requested is certainly not supported factually.

7. There have been no negotiations with Pennsylvania regarding the requested relief. There literally have been no discussions with the Debtors and Pennsylvania since the case commenced other than one short call in Mid- July.

8. The relief sought is in violation of Pennsylvania law. See Joint Objection and Response of Commonwealth of Pennsylvania and Christian H. Buhl Legacy Trust Regarding

---

[3] Upon information and belief, Sharon Hospital currently has approximately 700 employees. It had approximately 1,800 employees prior to the March 31, 2014 sale to CHS/Community Health Systems, Inc. and affiliates ("**CHS**"), a for-profit entity, pursuant to an Asset Purchase Agreement dated February 4, 2014 (the "**CHS APA**").

Proposed Sale or Potential Closure of Regional Medical Center filed on July 16, 2024 (Docket No. 1612).

9. First, this relief should not be considered at the Emergency Hearing. Rule 9014 requires "reasonable notice" for a contested matter. Two business days for requested **_emergency hospital closure_** relief is unreasonable. It is wholly inappropriate to bind the Commonwealth of Pennsylvania, and numerous other parties, to hospital closing procedures being sought on two days' notice in connection with an emergency motion dealing mostly with Massachusetts hospitals. It appears that the issues with Massachusetts have been negotiated for several months or longer. Therefore, only the Massachusetts matters should be considered by the Court.

10. The Motion primarily deals with Massachusetts, and states the Motion provides that the "Debtors understand that the Commonwealth intends to work cooperatively with the Debtors to effectuate a safe closure of the Closing Massachusetts Hospitals in accordance with the closure plans detailed herein. *Then*, it provides, to the extent **any additional closures become necessary in these chapter 11 cases,** the Debtors are seeking approval of the procedures set forth in Exhibit 1 to the Proposed Order (as defined herein) (the "**Facility Closure Procedures**") to allow the Debtors to close additional facilities in a timely manner that ensures public health and safety, should it become necessary to do so." Motion ¶ 10.

11. The Debtors' Proposed Order (Exhibit 2) provides for the approval of the Facility Closure Procedures (Proposed Order ¶ 7) and Facility Closure Notice (Proposed Order ¶ 8) annexed to the Proposed Order. The Facility Closure Procedures provide just three days for parties to object to any facility closure, rejection of executory contracts, or abandonment of property. *See* Facility Closure Procedures ¶ 6. The objection deadline in the Facility Closure Notice is just five days, which appears to contradict the objection deadline in the Facility Closure Procedures.

4

Whether the objection deadline is three days or five days, it is an entirely short period of time for the Commonwealth of Pennsylvania to meaningfully evaluate and object to the extraordinarily complex issues arising from any proposed closure of Sharon Hospital, which can have a life or death impact on the community it has served for over 125 years.

12. Alarmingly, the Proposed Order also absolves the Debtors of all "liability to any governmental entity for effectuating the closure of…any Facility Closure in accordance with the proposed closure plans approved by this Order." *See* Proposed Order ¶ 10.

13. The Commonwealth of Pennsylvania objects to the extent the Motion seeks approval of Facility Closure Procedures as they relate to the Commonwealth of Pennsylvania, or to shield the Debtors from any liability resulting from such closure. The Debtors have not, other than one very brief telephone call with one attorney for the Debtors on July 14, 2024, ever even consulted with the Commonwealth of Pennsylvania concerning the potential sale, transition, or closure of Sharon Hospital.

14. The Debtors' requested relief, if granted, would violate Pennsylvania law. Hospitals cannot quickly, or unilaterally, be closed under Pennsylvania law. Pursuant to 28 Pa. Code §101.196, a hospital facility is required to provide written notice to the Pennsylvania Department of Health (the "**PA DOH**") at least ninety (90) days prior to closing. As part of that notification, the hospital must submit a proposed closure plan, which is subject to approval of the PA DOH. The content and format of the closure plan may vary, but the closure of a hospital is not a simple thing; provision must be made for the safeguarding and access to patient medical records, disposition of pharmaceuticals and controlled substances, transfer of patients, disposition of biomedical, hazardous and radioactive waste, removal of hospital road signs, transfer of residents and/or fellows (if applicable), security procedures, employee notifications, transition of emergency

medical services, removal of medical gases (e.g., oxygen tanks), disposition of personnel files, closure of laboratory facilities, among other things.

15. One very key area of service provided by Sharon Hospital is the operation of its Emergency Room. Any reduction in services related to the Sharon Hospital Emergency Room requires advanced planning such as coordination of ambulance crews, the redirection of patients, and providing emergency room capabilities at other nearby health care facilities.

16. In that regard, pursuant to Section 362(b)(4) of the Bankruptcy Code, the PA DOH may exercise its authority over any proposed closure of Sharon Hospital without seeking leave of this Court or violating the automatic stay because such action is an exercise of the Commonwealth's regulatory or police powers. *See In re Allegheny Health, Educ. & Research Foundation*, 252 B.R. 309 (W.D. Pa. 1999) (permitting Pennsylvania Attorney General, acting under Pennsylvania statute, to seek appointment of trustee to oversee hospital's charitable assets because such action was an exercise of the Commonwealth's *parens patriae* powers and intended to protect public health, welfare or safety). In holding that the attorney general could proceed, the court in *Allegheny* noted that "the police powers exception has been broadly interpreted and liberally applied" to protect the public health and welfare. *Id.* at 326. The Commonwealth's statutory authority to oversee Sharon Hospital's potential closure falls well within its regulatory and police powers.

17. The Debtors' obligation to obtain Commonwealth of Pennsylvania approval of its closure plan – if and when closure is contemplated – is not limited by the filing of the Debtors' bankruptcy cases. *See* 28 U.S.C. § 959(b) (a debtor in possession shall manage and operate the property in his possession "according to the requirements of the valid laws of the State in which such property is situated").

18. Certainly, it is the goal of the Attorney General that an acceptable and capable buyer will acquire Sharon Hospital, and that no closure will be necessary. If, however, the Debtors seek such a closure, it must be done in accordance with applicable law, which as described above includes requisite notice to the PA DOH, the submission of a closure plan and the approval of such plan by the PA DOH.

19. Moreover, any attempt by the Debtors to seek authority to close Sharon Hospital should be done by separate notice and motion, with reasonable opportunity to be heard. Accordingly, the Commonwealth of Pennsylvania respectfully requests that to the extent the Court grants relief in connection with the Motion, such relief expressly carves-out the Commonwealth of Pennsylvania and Sharon Hospital.

## Reservation of Rights

20. The Commonwealth of Pennsylvania reserves any and all rights to amend or supplement this Objection as well as raise additional objections at the hearing on this matter, as well as to assert other and further objections to any proposed sale, transfer, or closure of the Sharon Hospital.

21. For all of the above reasons, the Motion as it relates to hospital closure procedures should be Denied, or alternatively, Pennsylvania should be exempted from and carved out of the Debtors' proposed hospital closure procedures.

DATED: July 31, 2024

Respectfully submitted,

**COMMONWEALTH OF PENNSYLVANIA, OFFICE OF ATTORNEY GENERAL**

Michelle A. Henry
Attorney General

Mark Pacella
Executive Deputy Attorney General
Public Protection Division

Eugene J. Herne*
Charitable Trusts and Organizations Section


BY:  */s/ Raymond J. Urbanik*
Raymond J. Urbanik
Texas  20414050
**URBANIK, LLC**
13785 Research Blvd
Suite 125
Austin, TX 78750-1826
214-762-7700
rurbanik@urbanikllc.com

* Admitted Pro Hac Vice

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, a true and correct copy of the above document was electronically filed with the court using the CM/ECF system which provides notification to all parties of interest participating in the CM/ECF system in these cases.

*/s/ Raymond J. Urbanik*