**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | **Case No. 24-90213 (CML)** |
| **LLC**, *et al.*, | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |
| | § | |

**ORDER (I) APPROVING (A) THE CLOSURE OF CARNEY HOSPITAL
AND NASHOBA VALLEY MEDICAL CENTER, AND (B) PROCEDURES
RELATED TO FACILITY CLOSURES; AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated July 26, 2024 (the "**Motion**")[2] of Steward Health Care

System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105, 363,

554, and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) approving the

Payment Agreement; (b) granting authority to close Carney Hospital and Nashoba Valley Medical

Center; (c) approving the Facility Closure Procedures; and (d) granting related relief, all as more

fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the

relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that

venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been provided; and such notice having been adequate and appropriate

under the circumstances, and it appearing that no other or further notice need be provided; and this

---

[1]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.  The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court having reviewed the Motion; and upon any hearing held on the Motion; and upon the First Day Declaration, King Declaration, Moloney Declaration, Dr. Diaz Declaration, and Castellano Declaration; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Debtors are authorized to close the Closing Massachusetts Hospitals in accordance with the Closure Plans set forth in the Motion; *provided, that,* the Closure Plans are modified: (i) to provide that the Department of Public Health may hold public hearings with respect to the closures of the Closing Massachusetts Hospitals on dates to be determined, and (ii) to remove the requirement that the Commonwealth issue a determination that the Closing Massachusetts Hospitals may close 5 days prior to closure.  The Debtors are authorized to make further amendments to the Closure Plans in consultation with the applicable regulators, the Creditors' Committee, the FILO Lenders, MPT, the ML II Lessors (as applicable), and Suzanne Koenig (as the patient care ombudsman with respect to the Debtors' hospitals in Massachusetts) without further order from this Court.

2.      The Facility Closure Procedures annexed to this Order as **Exhibit 1** are approved.

3.      The form of Facility Closure Notice annexed to this Order as **Exhibit 2** is approved.

4.      If there is a conflict between the terms of this Order and the Facility Closure Procedures or the Facility Closure Notice, the terms of this Order shall govern.

5.      The Debtors shall consult with the Creditors' Committee, the Patient Care Ombudsmen, the ABL Lenders, the FILO Lenders, MPT, the MLII Lessors (as applicable), and the applicable state regulatory authorities, prior to proceeding with any Facility Closure.

6.      All parties in interest, including the Patient Care Ombudsmen and the Creditors' Committee, reserve the right to object to any future Facility Closure on any basis, in accordance with paragraph 6 of the Facility Closure Procedures.

7.      The Debtors shall consult with the ABL Lenders, the FILO Lenders, MPT, the MLII Lessors (as applicable), the Creditors' Committee, and the Patient Care Ombudsmen with respect to any amendment to the Facility Closure Notice and any material adjustment to a Facility Closure Date.

8.      Local, state, and federal regulators shall cooperate with the Debtors in good faith to effectuate the closure of the Closing Massachusetts Hospitals and each subsequent Facility Closure, and the Debtors shall have no liability to any governmental entity for effectuating the closure of the Closing Massachusetts Hospitals or any Facility Closure in accordance with the proposed closure plans approved by this Order.

9.      The Debtors reserve the right to (i) reject contracts or leases pursuant to the *Order (I) Approving Procedures for Rejection of Executory Contracts and Unexpired Leases of Nonresidential Real Property; (II) Amendments to Certain Unexpired Leases of Nonresidential Real Property; (III) Abandonment of Property in Connection Therewith; and (IV) Granting*

*Related Relief* (Docket No. 1551) or a separate motion approved by the Court, or (ii) sell or abandon assets pursuant to the *Order (I) Establishing Procedures for Sales, Transfers, and Abandonment of De Minimis Assets; and (II) Granting Related Relief* (Docket No. 1665) or a separate motion approved by the Court.

10.     The provisions of the Facility Closure Procedures governing the rejection of executory contracts or unexpired leases under section 365 of the Bankruptcy Code shall not apply to any future, proposed rejection of Master Lease I and any other agreements with MPT. For the avoidance of doubt, (i) the MPT lessors' rights, if any, under section 365 of the Bankruptcy Code with respect to Master Lease I are preserved, and (ii) the Debtors reserve the right to reject Master Lease I pursuant to separate motion or Court-approved procedure.

11.     Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sole discretion, to abandon the Abandoned Assets located at the applicable leased premises free and clear of any interests of any party, subject to notice of such abandonment being given in accordance with the Procedures and resolution of any timely filed objection thereto; *provided that* if the Debtors are abandoning assets which may contain personal or confidential information about the Debtors' employees or patients (the "**Confidential Information**"), the Debtors shall remove the Confidential Information from such assets before such abandonment, and retain such Confidential Information until further order of the Court.  For the avoidance of doubt, this Order does not authorize the Debtors to abandon any medical records nor negate any requirement for the Debtors to ensure medical records are properly stored and patients can access their medical records after closure in accordance with applicable nonbankruptcy law.  Subject to notice of the abandonment of Abandoned Assets being given in accordance with the Facility Closure Procedures and resolution of any timely filed objection

4

thereto, any landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of Abandoned Assets without notice or liability to any party and without further notice or order of the Court. Any personal property of the Debtors remaining at the leased premises after the Facility Closure Date shall be deemed abandoned as of the Facility Closure Date, free and clear of all liens, claims, interests, or other encumbrances, subject to notice of abandonment of such personal property being given in accordance with the Facility Closure Procedures and resolution of any timely filed objection thereto, which objection shall be heard prior to the Facility Closure Date.

12. The Debtors may not abandon any medical waste, pharmaceuticals, toxic or hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) material, if any, at the leased premises, and must remove all such materials from the leased premises designated for rejection prior to the closure of the applicable Facility. Nothing in the Facility Closure Procedures or this Order shall authorize the Debtors to maintain or dispose of such materials except in accordance with applicable nonbankruptcy law.

13. Approval of the Facility Closure Procedures and entry of this Order will not prevent the Debtors from seeking to close a facility by separate motion or pursuant to a chapter 11 plan.

14. The issues raised in the *Objection and Reservation of Rights to Emergency Motion for Entry of an Order (I) Approving (A) Funding for the Commonwealth of Massachusetts for the Planned Transition and Sale of Massachusetts Hospitals, (B) the Closure of Carney Hospital and Nashoba Valley Medical Center, and (C) Procedures Related to Facility Closures; and (II) Granting Related Relief* (Docket No. 1768) with respect to the assumption, assignment, or rejection of executory contracts between the Debtors and Humana with respect to the Closing Massachusetts Hospitals or the Massachusetts Going Concern Hospitals are fully reserved.

15. Notwithstanding anything contained herein to the contrary, the rights of the Roman Catholic Archbishop of Boston ("**RCAB**") with respect to certain Religious Items[1] are expressly reserved. In the event that the Debtors close a Facility at which any of the Religious Items are kept, the Debtors shall use commercially reasonable efforts to secure all such Religious Items, and facilitate the return of such Religious Items to the RCAB, and the RCAB and the Debtors will cooperate with respect to the preservation and return of such Religious Items.

16. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vii) an admission as to the validity of any liens satisfied pursuant to the Motion or this Order, (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, (ix) an implication or admission of consent, or modification or waiver of any rights, including consent rights, of any non-debtor party with respect to any sale transaction, (x) a waiver of any of the Creditors' Committee's Challenge rights, as set forth in the Final DIP Orders, (xi) a finding or determination with respect to whether Master Lease I, Master Lease II (or any other lease) is a true lease, whether Master Lease I, Master Lease

---

[1] "**Religious Items**" shall have the meaning prescribed to such term in the *Response And Limited Objection Of The Roman Catholic Archbishop Of Boston, A Corporation Sole, To The Debtors' Motion Of Debtors For Entry Of An Order (I) Establishing Procedures For Sales, Transfers, And Abandonment Of De Minims Assets; And (II) Granting Related Relief* (Docket No. 1048).

II (or any other lease) is a unitary lease, or the nature, validity, extent or priority of any claims in respect of Master Lease I, Master Lease II (or any other lease), (xii) a waiver of any of MLII Lessors' or MPT lessor's rights under any lease, the MPT DIP Order, or the Bankruptcy Code, including, (a) any rights afforded by Section 365(d)(3), including with respect to costs incurred as a result of the nonperformance or incomplete performance of any obligations under the lease, (b) any right to a Section 503(b) administrative expense claim for the use and occupancy of any premises or for any other actual, necessary costs and expenses incurred by any MPT lessor or ML II Lessor; (c) any right to adequate protection under Sections 361 and 363; (d) any claims or other rights arising under Section 502(g) in the event a rejection is approved, (e) any right to relief from the automatic stay under Section 362(d) or otherwise, (f) any rights under Section 554, (g) any rights arising out of applicable nonbankruptcy law, or (h) any rights or remedies against any sublessors of the Debtors, or (xii) a waiver of any defenses, rights, claims, or counterclaims of the Debtors (or any other party in interest) with respect to the foregoing.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

17. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.  Emergency relief of the Motion is warranted.

18. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

20.     This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2024
          Houston, Texas


_____
Christopher Lopez
United States Bankruptcy Judge

## **Exhibit 1**

**Facility Closure Procedures**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | **Case No. 24-90213 (CML)** |
| **LLC,** *et al.*, | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |
| | § | |

### FACILITY CLOSURE PROCEDURES

1. <u>Notice</u>. The Debtors shall file with this Court and serve on the Notice Parties (as defined below) a notice (the "**Facility Closure Notice**") substantially in the form annexed hereto as **Exhibit 2** to close the identified Facilities. The Facility Closure Notice shall set forth, among other things: (i) the Facilities to be closed; (ii) the timeline(s) for closure of such Facilities, including the proposed closure date for such Facilities (the "**Facility Closure Date**") and how patients can obtain their medical records; (iii) the plan for the treatment of employees, including with respect to any terminations; (iv) the plan for the transfer and discharge of patients at such Facilities; (v) the plan for the protection, transfer, and storage of medical records at such Facilities; (vi) the plan for the disposition of personal property at such Facilities, provided that the disposition of pharmaceuticals, hazardous materials, medical waste, and other products or materials the disposition of which is otherwise regulated shall be undertaken in accordance with applicable law and regulations; (vii) a schedule setting forth any executory contracts to be rejected by the Debtors in connection with the closure of such Facilities (which may be supplemented by the Debtors as needed) (the "**Rejected Contracts**"); (viii) the deadlines and procedures for filing objections to the Facility Closure Notice; (ix) a communications plan compliant with applicable law and regulations to keep patients, employees, government agencies, and the community at large informed of the closure (the "**Facility Closure**"); and (x) a proposed order approving the closure of the applicable Facility and the rejection of executory contracts and abandonment of property in connection therewith (the "**Facility Closure Order**"). The Debtors will consult with the Creditors' Committee, the ABL Lenders, the FILO Lenders, the ML II Lessors (as applicable), and MPT before filing any Facility Closure Notice and will close the identified Facilities in a manner that ensures patient health and safety and promotes the preservation of records.

2. <u>Rejection of Executory Contracts.</u> The Debtors will indicate in the Facility Closure Notice whether they seek to reject any executory contracts in connection with the closure or transition of the identified Facilities pursuant to section 365 of the Bankruptcy Code, and

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

shall set forth, among other things (i) the title of the Rejected Contract; (ii) the names of the counterparties to such Rejected Contract; (iii) a description of the Rejected Contract; and (iv) the proposed effective date of the rejection for the Rejected Contract (the "**Rejection Date**"). The Facility Closure Order will also provide for the rejection of the Rejected Contracts identified in the Notice. The Debtors reserve the right to reject additional contracts or leases pursuant to the *Order (I) Approving Procedures for Rejection of Executory Contracts and Unexpired Leases of Nonresidential Real Property; (II) Amendments to Certain Unexpired Leases of Nonresidential Real Property; (III) Abandonment of Property in Connection Therewith; and (IV) Granting Related Relief* (Docket No. 1551) or a separate motion approved by the Court.

3. <u>Abandonment</u>. The Debtors will specify in the Facility Closure Notice whether they intend to abandon any personal property, including inventory, furniture, fixtures, equipment, and/or other material at the Facilities as of the Facility Closure Date. Any such property of the Debtors remaining after the Facility Closure Date shall be deemed abandoned without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances, subject to notice of such abandonment being given in accordance with these Facility Closure Procedures and resolution of any timely filed Objection thereto, provided that the disposition of pharmaceuticals, hazardous materials, medical waste and other products or materials the disposition of which is otherwise regulated shall be disposed of in accordance with applicable law or regulations. Any landlord or other designee shall be free to dispose of any such items without liability to any party, subject to (i) notice of such abandonment being given in accordance with these Facility Closure Procedures and the resolution of any timely filed Objection thereto, and (ii) any applicable laws and regulations. The Debtors reserve the right to sell or abandon additional assets pursuant to the *Order (I) Establishing Procedures for Sales, Transfers, and Abandonment of De Minimis Assets; and (II) Granting Related Relief* (Docket No. 1665) or a separate motion approved by the Court. The landlords' rights, if any, to file claims for the costs of disposal of such property are fully reserved, as are the rights of all parties in interest to object to such claims.

4. With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the Facilities to be closed prior to the Facility Closure Date. For the avoidance of doubt, if any such personal property remains on such facilities' premises after the Facility Closure Date, any and all such property may be abandoned and disposed of as set forth above.

5. <u>Service of Notice</u>. The Debtors will cause the Notice to be served by overnight mail or email upon (i) the applicable regulatory authorities and their outside counsel, if known; (ii) Attorneys General in whose states closures are being noticed and their counsel, if known; (iii) counsel to each of the ABL Lenders; (iv) counsel to the FILO Lenders; (v) counsel to MPT; (vi) counsel to MIP V Hopkins LLC (as applicable); (vii) the United States Trustee; (viii) counsel to the Creditors' Committee; (ix) the Patient Care Ombudsmen, and (x) any other parties otherwise entitled to notice under the Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules (collectively, the "**Notice Parties**").

6.    Objection Procedures.  Parties objecting to a proposed Facility Closure, the rejection of executory contracts in connection therewith, or abandonment of property in connection therewith, must file and serve a written objection (an "**Objection**") so that the Objection is filed with the Court and is actually received by (i) the Debtors c/o Steward Health Care System LLC, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201 (Attn: Legal Department); (ii)  counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq. (ray.schrock@weil.com), Candace M. Arthur, Esq. (candace.arthur@weil.com), and David J. Cohen, Esq. (davidj.cohen@weil.com)); 700 Louisiana Street, Suite 1700, Houston, Texas 77002-2755 (Attn: Clifford W. Carlson, Esq. (clifford.carlson@weil.com) and Stephanie N. Morrison, Esq. (stephanie.morrison@weil.com)); and (iii) the Notice Parties, no later than seven (7) calendar days after the date the Debtors service the Notice (the "**Objection Deadline**"). Each Objection must state with specificity the legal and factual grounds for objection to the proposed Facility Closure, the rejection of executory contracts in connection therewith, or abandonment of property in connection therewith.

7.    Event of No Objection.  If no Objection is filed and served by the Objection Deadline, the Debtors shall submit the proposed Facility Closure Order to the Court after the Objection Deadline, and the Court may enter such order without a hearing.  Any Facility Closure Order shall set forth the Facility Closure Date and Rejection Date.

8.    Unresolved Objections.  If an Objection is timely filed and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection (i) at the next scheduled hearing after the Objection Deadline, subject to the Court's schedule, or (ii) a hearing date set by the Debtors, subject to the Court's schedule.  If the Unresolved Objection is overruled or withdrawn, the effective date of the Facility Closure (and abandonment of property in connection therewith) and the rejection of the Rejected Contracts shall be (i) the Facility Closure Date and Rejection Date, respectively; (ii) such other date to which the Debtors and the party that filed the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.  If an Objection is filed for fewer than all of the Facilities included on the Notice, the Debtors may proceed with submitting a proposed Facility Closure Order in accordance with the above procedures for the remaining Facilities on the Notice.  If an Objection is filed for the rejection of one or more Rejected Contracts (a "**Rejection Objection**"), but there are otherwise no Unresolved Objections to the Facility Closure (or abandonment of property in connection therewith), the Debtors may proceed with submitting a proposed Facility Closure Order, and the Debtors shall set a hearing on the Rejection Objection within a reasonable time period to be agreed upon between the Debtors and the party that filed the Rejection Objection.

9.    Deadline to File Proofs of Claim.  Claims arising out of a Facility Closure, rejection of executory contracts in connection therewith, or abandonment of property in connection therewith, must be filed on or before the later of (i) the deadline for filing proofs of claims established by this Court in these chapter 11 cases; and (ii) thirty (30) days after entry of the applicable Facility Closure Order or order resolving a Rejection Objection.  If a proof of claim is not timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these chapter 11 cases and shall be forever

barred from asserting such claim and from participating in any distributions made in connection with these chapter 11 cases.

## Exhibit 2

**Form of Facility Closure Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | Case No. 24-90213 (CML) |
| **LLC,** *et al.*, | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |
| | § | |

**NOTICE OF CLOSURE OF FACILITIES,**
**REJECTION OF EXECUTORY CONTRACTS, AND**
**ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

> **PLEASE TAKE NOTICE** that, on May 6, 2024 (the "**Petition Date**"),[2] Steward Health Care System LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

> **PLEASE TAKE FURTHER NOTICE** that, on [____], 2024, the Bankruptcy Court entered an order approving, among other relief, certain procedures for the closure of the Debtors' Facilities (Docket No. ___) (the "**Facility Closure Procedures Order**"). An electronic copy of the Facility Closure Procedures Order can found at https://restructuring.ra.kroll.com/Steward.

> **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Facility Closure Procedures Order, the Debtors hereby give notice of their intent to cease their operations of, and close, the Facilities set forth on the schedule annexed hereto as **Annex A** (each, a "**Closing Facility**," and together, the "**Closing Facilities**"), effective as of the date of closing listed for each Closing Facility (the "**Facility Closure Date**").The Debtors will close the Closing Facilities in a manner that ensures patient health and safety and ensures the preservation of records.

> **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Facility Closure Procedures Order, the Debtors hereby give notice of their intent to reject the executory contract(s) associated with the Closing Facilities set forth on **Annex B** attached hereto (each, a "**Rejected**

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.  The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2]    Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the *Emergency Motion of Debtors for Entry of an Order (I) Approving (A) Funding from the Commonwealth of Massachusetts for the Planned Transition and Sale of Massachusetts Hospitals, (B) the Closure of Carney Hospital and Nashoba Valley Medical Center, and (C) Procedures Related to Facility Closures; and (II) Granting Related Relief* (Docket No. 1711).

**Contract**," and together, the "**Rejected Contracts**"), effective as of the date of rejection set forth in **Annex B** (the "**Rejection Date**").

      **PLEASE TAKE FURTHER NOTICE** that, the Debtors intend to abandon the personal property remaining in or on the property associated with the Closing Facility. Pursuant to the terms of the Facility Closure Procedures, upon entry of the Facility Closure Order (defined below), the applicable landlord shall be entitled to use or dispose of such abandoned personal property without further notice or order of the Court and without notice or liability for such disposal to the Debtors or any third party.

      **PLEASE TAKE FURTHER NOTICE** that, any party wishing to object to the Debtors' proposed closing of a facility, rejection of executory contracts, or abandonment of personal property remaining at such premises, must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (an "**Objection**") so that it is actually filed with the Bankruptcy Court and served on the following parties no later than seven (7) calendar days after the date of service of this Facility Closure Notice (the "**Objection Deadline**"): (i) the Debtors c/o Steward Health Care System LLC, 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201 (Attn: Legal Department); (ii) the counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq. (ray.schrock@weil.com), Candace M. Arthur, Esq. (candace.arthur@weil.com), and David J. Cohen, Esq. (davidj.cohen@weil.com)); 700 Louisiana Street, Suite 1700, Houston, Texas 77002-2755 (Attn: Clifford W. Carlson, Esq. (clifford.carlson@weil.com) and Stephanie N. Morrison, Esq. (stephanie.morrison@weil.com)), (iii) the Notice Parties, and (iv) the applicable regulatory authorities.

      **PLEASE TAKE FURTHER NOTICE** that if no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Objection Deadline a proposed order approving the closing of each of the Closing Facilities, the rejection of executory contracts in connection therewith, and the abandonment of property in connection therewith (each such order, a "**Facility Closure Order**"), substantially in the form annexed hereto as **Annex C**, and the Bankruptcy Court may enter such order without a hearing. If an Objection is filed for fewer than all of the Closing Facilities included on this Facility Closure Notice, the Debtors may submit a proposed Facility Closure Order in accordance with the above procedures for the Closing Facilities for which no Objection was filed.

      **PLEASE TAKE FURTHER NOTICE** that, if an Objection is properly filed and served in compliance with the foregoing and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection after the Objection Deadline, subject to the Court's schedule. The Debtors may resolve the Unresolved Objection without further notice or Court approval in advance of the hearing. If the Unresolved Objection is overruled or withdrawn, the effective date of such Facility Closure (and the abandonment of property in connection therewith), and the rejection of executory contracts in connection therewith, shall be the (i) Facility Closure Date or Rejection Date, respectively; (ii) such other date to which the Debtors and party that filed the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim(s) with respect to closing of a Closing Facility, you must do so by the later of (i) the claims bar date established in these chapter 11 cases, and (ii) 30 days after entry of the Facility Closure Order. If you do not timely file such claim, you will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan in the Debtors' chapter 11 cases and will be forever barred from asserting such claim and from participating in any distributions made in connection with these chapter 11 cases on account of such rejection damages.

<u>**Annex A**</u>

**Facility Closure Notice**

| | |
|---|---|
| **Facility Name** | |
| **Facility Address** | |
| **Proposed Closure Date** | |
| **Timeline for Closure** | |
| **Plan for Employees** | |
| **Plan for Transfer/Discharge of Patients** | |
| **Plan for Protection, Transfer and Storage of Medical Records** | |
| **Plan for the Disposition of Personal Property, Including Pharmaceuticals, Hazardous Materials and Medical Waste** | |
| **Communications Plan** | |

## Annex B

**Proposed Rejected Executory Contracts**

| Contract | Counterparty Name | Description of Contract | Rejection Date |
|----------|-------------------|-------------------------|----------------|
|          |                   |                         |                |
|          |                   |                         |                |
|          |                   |                         |                |

## Annex C

**Facility Closure Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | **Case No. 24-90213 (CML)** |
| **LLC**, *et al.*, | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |
| | § | |

**ORDER (I) AUTHORIZING DEBTORS**
**TO (A) CLOSE [•], AND (B) REJECT**
**EXECUTORY CONTRACTS AND ABANDON PROPERTY IN**
**CONNECTION THEREWITH; AND (II) GRANTING RELATED RELIEF**

Pursuant to and in accordance with the *Order (I) Approving (A) the Closure of Carney Hospital and Nashoba Valley Medical Center, and (B) Procedures Related to Facility Closures; and (II) Granting Related Relief* (Docket No. [•]) (the "**Facility Closure Procedures Order**")[2] entered in the above-captioned chapter 11 cases of Steward Health Care System LLC and its debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Notice Parties a notice (the "**Facility Closure Notice**") of their intent to close certain facilities identified on **Annex A** hereto (the "**Closing Facilities**"), reject certain executory contracts identified on **Annex B** hereto (the "**Contracts**"), and abandon any personal property remaining at the Facility as of the proposed closure date for the Closing Facilities (the "**Facility Closure Date**"), in accordance with the terms of the Facility Closure Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.  The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Facility Closure Procedures Order.

other or further notice need be provided; and no timely objections having been filed to the Facility

Closure Notice; and the Court having found and determined that the relief requested is in the best

interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all

of the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized to close [•] (the "**Closing Facilities**") in accordance

with the Closure Plans set forth in the Motion (the "**Facility Closure**").  The Debtors are

authorized to make amendments to the plans to close the Closing Facilities in consultation with

the applicable regulators, the Creditors' Committee, the ABL Lenders, the FILO Lenders, and

MPT and the ML II Lessors (as applicable) without further order from this Court.

2.      Local, state, and federal regulators shall cooperate with the Debtors in good faith

to effectuate each Facility Closure, and the Debtors shall have no liability to any governmental

entity for effectuating the Facility Closure in accordance with the proposed closure plans approved

by this Order, subject to applicable laws and regulations.

3.      Each Contract is hereby rejected, effective as of (i) the Rejection Date listed in the

Facility Closure Notice or (ii) as otherwise agreed by the Debtors and the applicable Rejected

Contract counterparty.  The Debtors reserve the right to reject additional contracts or leases

pursuant to the *Order (I) Approving Procedures for Rejection of Executory Contracts and*

*Unexpired Leases of Nonresidential Real Property; (II) Amendments to Certain Unexpired Leases*

*of Nonresidential Real Property; (III) Abandonment of Property in Connection Therewith; and*

*(IV) Granting Related Relief* (Docket No. 1551) or a separate motion approved by the Court.

4.     [Any and all personal property remaining at the Closing Facilities as of the applicable Facility Closure Date shall be deemed abandoned as of the Facility Closure Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.  Any landlord or other designee shall be free to dispose of any such items without notice or liability to any party.]  The Debtors reserve the right to sell or abandon additional assets pursuant to the *Order (I) Establishing Procedures for Sales, Transfers, and Abandonment of De Minimis Assets; and (II) Granting Related Relief* (Docket No. 1665) or a separate motion approved by the Court.  The right of any landlord, if any, to file a claim for the costs of disposal of such property is fully reserved, as is the right of all parties in interest to object to such claim.

5.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vii) an admission as to the validity of any liens satisfied pursuant to the Motion or this Order, (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, (ix) an implication or admission of consent, or modification or waiver of any rights, including consent rights, of any non-debtor party with respect to any sale transaction, (x) a waiver of any of the Creditors' Committee's Challenge rights, as set forth in the Final DIP Orders, (xi) a waiver of any claims of the Debtors.  Likewise, if the Court

grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

6. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

7. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2024
        Houston, Texas

                                        _____
                                        Christopher Lopez
                                        United States Bankruptcy Judge

## <u>Annex A</u>

**Closing Facilities**

## __Annex B__

**Rejected Executory Contracts**