**<u>Exhibit B</u>**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

ORDER (I) AUTHORIZING
REJECTION OF MASTER LEASE II AGREEMENTS
EFFECTIVE AS OF THE REJECTION DATE IN CONNECTION
WITH PLANNED TRANSITION AND SALE OF MASSACHUSETTS
HOSPITALS TO NEW OPERATORS, AND (II) GRANTING RELATED RELIEF

Upon the motion, dated July 26, 2024 (the "**Motion**")[2] of Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 365(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 (i) authorizing the Debtors to reject the Master Lease II Agreements, effective as of the Rejection Date and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and upon consideration of the Castellano Declaration, King Declaration, and Moloney Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. Pursuant to sections 365(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006, ~~the~~ Master Lease II ~~Agreements set forth on~~ **~~Schedule 1~~** ~~attached~~is hereto ~~are~~ deemed rejected ~~effective~~ as of the effective date of ~~the filing of the Motion~~rejection (the "**Rejection Date**"). ~~Following t~~The Rejection Date~~, the Debtors shall not be obligated to make any payments under the~~ and whether the Master Lease II Ancillary Agreements are rejected shall be determined by the Court following further briefing by the parties and a hearing on a schedule to be agreed by the parties in good-faith, which such hearing shall be no later than August 30, 2024 (unless otherwise extended with the consent of the Debtors and ML II Lessors), subject to the Court's availability.  All parties reserve their rights and all arguments with respect to the effective date of rejection of the Master Lease II Agreements~~, including any payments pursuant to section 365(d)(3) of the Bankruptcy Code.~~ as they existed prior to entry of this Order, none of which are waived or affected by the entry of this Order.[3]

---

[3] The reserved arguments include but are not limited to the arguments made in the *Objection of MPT and Master Lease II Lessors to Emergency Motion to Reject Master Lease II; and Cross-Motion to Condition Relief on*

2.	Nothing in this Order shall prejudice or diminish the Debtors' or the ML II Lessors' rights under the Master Lease II Agreements prior to the Rejection Date.

3.	Nothing in this Order shall prejudice or diminish the Creditors' Committee's rights, including its Challenge rights and the Challenge Period pursuant to the Final DIP Orders, and all of the Creditors' Committee's rights and remedies are expressly preserved.

4.	Nothing in this Order shall, to the extent any such rights or claims exist, waive (1) any ML II Lessors' (i) rights afforded by section 365(d)(3); (ii) right to assert a section 503(b) administrative expense claim, including for periods after the Rejection Date; (iii) right to seek adequate protection under sections 361 and 363 of the Bankruptcy Code, including for periods after the Rejection Date; (iv) claims or other rights arising under section 502(g) of the Bankruptcy Code; (v) right to seek relief from the automatic stay under section 362(d) of the Bankruptcy Code or otherwise; (vi) rights under section 554 of the Bankruptcy Code; or (vii) rights arising out of applicable non-bankruptcy law, or (2) any defenses, rights, claims, or counterclaims of the Debtors (or any other party in interest) with respect to the foregoing. Nothing in this Order shall be construed to extinguish or impair any of ML II Lessor's rights or remedies against any sublessors of the Debtors.

5.	Nothing in this Order or the fact of any party's consent to this Order shall prejudice or diminish or affect in any manner any MPT lessor's rights with respect to Master Lease I.

6.	Notwithstanding anything to the contrary contained in this Order, nothing herein affects any rights or remedies of Dana-Farber Cancer Institute ("**DFCI**") relating to St. Elizabeth's Medical Center of Boston and Holy Family Hospital in Methuen and Haverhill, or

---

*Lease II Lessors to Emergency Motion to Reject Master Lease II; and Cross-Motion to Condition Relief on Provision of Adequate Protection* (Docket No. 1760).

arising under or pursuant to the DFCI SEMC Contracts,[4] and all rights and remedies of DFCI, the Debtors, and all parties in interest with respect to the foregoing including under and pursuant to the DFCI SEMC Contracts are hereby reserved and not waived.

    7.  4. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver or limitation of the Debtors' right to assert, at a later date, that Master Lease II is not an unexpired lease, (v) a concession or evidence that the Master Lease II Agreements have not expired, been terminated, or are otherwise currently not in full force and effect, (vi) a finding or determination with respect to whether Master Lease II is an unexpired lease;, (vii) a finding or determination with respect to whether Master Lease II (or any other lease) is a true lease, whether Master Lease II (or any other lease) is a unitary lease, or the nature, validity, extent or priority of any claims in respect of

---

[4] The "DFCI SEMC Contracts" means, including without limitation, that certain: (i) Agreement of Lease dated as of February 12, 2014 by and between Steward St. Elizabeth's Medical Center of Boston, Inc. ("**SEMC**") and DFCI (ii) Master Affiliation Agreement dated as of March 7, 2014 by and among SEMC, Steward Health Care System LLC ("**SHCS**") and DFCI, (iii) Master Leased Employees Agreement dated June 24, 2014 by and among SEMC, SHCS and DFCI, (iv) Amended and Restated Service-Level Master Agreement dated May 21, 2018 by and between SEMC and DFCI, (v) Specialty Services Agreement dated as of May 14, 2014 by and between Steward Health Care Network, Inc. and DFCI, (vi) Leased Employees agreement dated April 11, 2016 by and between SEMC and DFCI, (vii) Master Affiliation Agreement between SEMC and DFCI dated as of July 1, 2014, (viii) Inpatient Transfer Agreement dated April 18, 2014 by and between SEMC and DFCI, (ix) Inpatient Professional Services Agreement dated August 10, 2018 by and between SEMC, DFCI and Dana-Farber Community Cancer Network, Inc., (x) Information Services Support Master Agreement dated May 21, 2018 by and between SHCS and DFCI, (xi) Clinical Coordination and Communication Agreement dated as of May 21, 2018 by and between SEMC and DFCI, (xii) Data Security Testing Agreement dated as of March 17, 2014 by and between SEMC and DFCI, (xiii) Clinical Laboratory Test Agreement dated as of May 18, 2014 by and between SEMC and DFCI, and (xiv) Professional Services Agreement dated as of July 1, 2014 by and between Steward Medical Group, Inc. and DFCI (each as may be extended and amended from time to time, collectively, the "**DFCI SEMC Contracts**").

Master Lease II (or any other lease), (viii) a waiver of the obligation of any party in interest to file a proof of claim, (~~viii~~ix) an agreement or obligation to pay any claims, (~~ix~~x) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (~~x~~xi) an admission as to the validity of any liens satisfied pursuant to the Motion, (xi<u>i</u>) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, other than as set forth herein, (xii<u>i</u>) a waiver of any claims of the Debtors against the MPT-Macquarie JV or any other contract counterparties, (~~xiii~~xiv) a waiver of any of the Creditors' Committee's Challenge rights, as set forth in the Final DIP Orders, or any remedies with respect thereto, or (~~xiv~~xv) a waiver of any rights in respect of allocation of value.

       8.    ~~5.~~ Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

       9.    ~~6.~~ Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

       10.    ~~7.~~ The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

       11.    ~~8.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2024
       Houston, Texas

                                                _____
                                                Christopher Lopez
                                                United States Bankruptcy Judge

## ~~Schedule 1~~

## ~~Master Lease II Ancillary Agreements~~

| ~~No.~~ | ~~Contract Counterparty~~ | ~~Debtor~~ | ~~Contract Description[1]~~ |
|---|---|---|---|
| ~~Second Amended and Restated Assignment of Rents and Leases~~ ||||
| ~~1.~~ | ~~MPT of Methuen Steward, LLC, et al.[1]~~ | ~~Steward Carney Hospital, Inc.~~ | ~~*Second Amended and Restated Assignment of Rents and Leases*, dated as of March 14, 2022, by and among Assignor and Assignee, pursuant to which the original assignment of rents and leases was amended and restated to secure payment and performance of the Obligations.~~ |
| ~~2.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward Good Samaritan Medical Center, Inc.~~ | ~~*Second Amended and Restated Assignment of Rents and Leases*, dated as of March 14, 2022, by and among Assignor and Assignee, pursuant to which the original assignment of rents and leases was amended and restated to secure payment and performance of the Obligations.~~ |
| ~~3.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward Holy Family Hospital, Inc.~~ | ~~*Second Amended and Restated Assignment of Rents and Leases*, dated as of March 14, 2022, by and among Assignor and Assignee, pursuant to which the original assignment of rents and leases was amended and restated to secure payment and performance of the Obligations.~~ |
| ~~4.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward Holy Family Hospital, Inc.~~ | ~~*Second Amended and Restated Assignment of Rents and Leases*, dated as of March 14, 2022, by and among Assignor and Assignee, pursuant to which the original assignment of rents and leases was amended and restated to secure payment and performance of the Obligations.~~ |
| ~~5.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Morton Hospital, A Steward Family Hospital, Inc.~~ | ~~*Second Amended and Restated Assignment of Rents and Leases*, dated as of March 14, 2022, by and among Assignor and Assignee, pursuant to which the original assignment of rents and leases was amended and restated to secure payment and performance of the Obligations.~~ |
| ~~6.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Anne's Hospital Corporation~~ | ~~*Second Amended and Restated Assignment of Rents and Leases*, dated as of March 14, 2022, by and among Assignor and Assignee, pursuant to which the original assignment of rents and leases was amended and restated to secure payment and performance of the Obligations.~~ |

---

[1] ~~Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the applicable agreement.~~

[1] ~~The contract counterparties for the Master Lease II Ancillary Agreements numbered 1 through 9 include: MPT of Methuen Steward, LLC, MPT of Brighton Steward, LLC, MPT of Fall River Steward, LLC, MPT of Brockton Steward, LLC, MPT of Taunton Steward, LLC, MPT of Ayer Steward, LLC, MPT of Haverhill Steward, LLC, and MPT of Dorchester Steward, LLC.~~

| ~~No.~~ | ~~Contract Counterparty~~ | ~~Debtor~~ | ~~Contract Description[1]~~ |
|---|---|---|---|
| ~~7.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Anne's Hospital Corporation~~ | ~~*Second Amended and Restated Assignment of Rents and Leases*, dated as of March 14, 2022, by and among Assignor and Assignee, pursuant to which the original assignment of rents and leases was amended and restated to secure payment and performance of the Obligations.~~ |
| ~~8.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc.~~ | ~~*Second Amended and Restated Assignment of Rents and Leases*, dated as of March 14, 2022, by and among Assignor and Assignee, pursuant to which the original assignment of rents and leases was amended and restated to secure payment and performance of the Obligations.~~ |
| ~~9.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Nashoba Valley Medical Center, A Steward Family Hospital, Inc.~~ | ~~*Second Amended and Restated Assignment of Rents and Leases*, dated as of March 14, 2022, by and among Assignor and Assignee, pursuant to which the original assignment of rents and leases was amended and restated to secure payment and performance of the Obligations.~~ |
| | | ~~**Memorandum of Master Lease Agreement**~~ | |
| ~~10.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc., et al.[1]~~ | ~~*Memorandum of Master Lease Agreement (Carney Hospital)*, dated as of March 14, 2022, by and among Lessor and Lessee, pursuant to which the parties provided record notice to all third parties of their rights under the Lease.~~ |
| ~~11.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc., et al.~~ | ~~*Memorandum of Master Lease Agreement (Good Samaritan Medical Center)*, dated as of March 14, 2022, by and among Lessor and Lessee, pursuant to which the parties provided record notice to all third parties of their rights under the Lease.~~ |
| ~~12.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc., et al.~~ | ~~*Memorandum of Master Lease Agreement (Holy Family Hospital Methuen)*, dated as of March 14, 2022, by and among Lessor and Lessee, pursuant to which the parties provided record notice to all third parties of their rights under the Lease.~~ |
| ~~13.~~ | ~~M~~ | ~~S~~ | ~~*Memorandum of Master Lease*~~ |

---

[1] ~~The Debtors party to the Master Lease II Ancillary Agreements numbered 10 through 18 include: Steward St. Elizabeth's Medical Center of Boston, Inc., Steward Good Samaritan Medical Center, Inc., Steward Holy Family Hospital, Inc., Steward St. Anne's Hospital Corporation, Morton Hospital, a Steward Family Hospital, Inc., Nashoba Valley Medical Center, a Steward Family Hospital, Inc., and Steward Carney Hospital, Inc.~~

1" = "1" "WEIL:\99803416\18\76000.0003" ""

| ~~No.~~ | ~~Contract Counterparty~~ | ~~Debtor~~ | ~~Contract Description[1]~~ |
|---|---|---|---|
|  | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc., et al.~~ | ~~Agreement (Holy Family Hospital Haverhill), dated as of March 14, 2022, by and among Lessor and Lessee, pursuant to which the parties provided record notice to all third parties of their rights under the Lease.~~ |
| ~~14.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc., et al.~~ | ~~Memorandum of Master Lease Agreement (Morton Hospital), dated as of March 14, 2022, by and among Lessor and Lessee, pursuant to which the parties provided record notice to all third parties of their rights under the Lease.~~ |
| ~~15.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc., et al.~~ | ~~Memorandum of Master Lease Agreement (Nashoba Valley Medical Center), dated as of March 14, 2022, by and among Lessor and Lessee, pursuant to which the parties provided record notice to all third parties of their rights under the Lease.~~ |
| ~~16.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc., et al.~~ | ~~Memorandum of Master Lease Agreement (St. Anne's Parking Lot), dated as of March 14, 2022, by and among Lessor and Lessee, pursuant to which the parties provided record notice to all third parties of their rights under the Lease.~~ |
| ~~17.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc., et al.~~ | ~~Memorandum of Master Lease Agreement (St. Anne's Hospital), dated as of March 14, 2022, by and among Lessor and Lessee, pursuant to which the parties provided record notice to all third parties of their rights under the Lease.~~ |
| ~~18.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward St. Elizabeth's Medical Center of Boston, Inc., et al.~~ | ~~Memorandum of Master Lease Agreement (St. Elizabeth's Medical Center), dated as of March 14, 2022, by and among Lessor and Lessee, pursuant to which the parties provided record notice to all third parties of their rights under the Lease.~~ |
| ~~Guaranty~~ ||||
| ~~19.~~ | ~~MPT of Methuen Steward, LLC, et al.~~ | ~~Steward Health Care System LLC~~ | ~~Guaranty, dated as of March 14, 2022, by and among Steward Health Care System LLC, for the benefit of the MPT Parties, pursuant to which Steward Health Care System LLC guarantees all of the obligations of each lessee under Master Lease II.~~ |
| ~~Environmental Indemnification Agreement~~ ||||
| ~~20.~~ | ~~MPT of Brighton Steward, LLC, et al.[1]~~ |  | ~~Environmental Indemnification~~ |

---

[1] ~~MPT of Brighton Steward, LLC, MPT of Brockton Steward, LLC, MPT of Fall River Steward, LLC, MPT of Methuen Steward, LLC, MPT of Taunton Steward, LLC, MPT of Ayer Steward, LLC, MPT of~~

| ~~No.~~ | ~~Contract Counterparty~~ | ~~Debtor~~ | ~~Contract Description[1]~~ |
|---|---|---|---|
| | | ~~Steward Health Care System LLC~~ | ~~Agreement, dated as of March 14, 2022, by and among Steward Health Care System LLC and the MPT Parties, pursuant to which Steward Health Care System LLC indemnifies the MPT Indemnified Parties from MPT Damages.~~ |
| ~~Non-Competition Agreement~~ | | | |
| ~~21.~~ | ~~MPT Operating Partnership, L.P., et al.[1]~~ | ~~Steward Health Care System LLC~~ | ~~Non-Competition Agreement, dated as of March 14, 2024, by and among Steward Health Care System LLC, MPT Operating Partnership, L.P., and each Lessor, pursuant to which Steward Health Care System LLC agrees that while Master Lease II remains in effect and if Master Lease II is terminated, then for a period of three (3) years following such termination, neither Steward Health Care System LLC nor its Subsidiaries shall directly or indirectly, acquire, finance, guarantee obligations, own, lease, manage, develop or provide services in connection with the acquisition, ownership, operation or development of any real estate located within a ten (10) mile radius of the Property, which real estate is used in a Competing Business.~~ |
| ~~Subordination, Non-Disturbance, and Attornment Agreement~~ | | | |
| ~~22.~~ | ~~CREFI CS U, LLC~~ | ~~Steward Tenants[1]~~ | ~~Subordination, Non-Disturbance and Attornment Agreement (Master Lease II), dated as of March 14, 2022, by and among Lender and Tenant, pursuant to which Master Lease II and all terms and conditions related thereto are subject and~~ |

---

~~Methuen Steward, LLC, MPT of Taunton Steward, LLC, MPT of Ayer Steward, LLC, MPT of Haverhill Steward, LLC, and MPT of Dorchester Steward, LLC.~~

[1] ~~MPT Operating Partnership, L.P., MPT of Brighton Steward, LLC, MPT of Brockton Steward, LLC, MPT of Fall River Steward, LLC, MPT of Methuen Steward, LLC, MPT of Taunton Steward, LLC, MPT of Ayer Steward, LLC, MPT of Haverhill Steward, LLC, and MPT of Dorchester Steward, LLC.~~

[1] ~~Steward St. Elizabeth's Medical Center of Boston, Inc., Steward Good Samaritan Medical Center, Inc., Steward Holy Family Hospital, Inc., Steward St. Anne's Hospital Corporation, Morton Hospital, A Steward Family Hospital, Inc., Nashoba Valley Medical Center, A Steward Family Hospital, Inc., and Steward Carney Hospital, Inc.~~

| ~~o.~~ | ~~Contract Counterparty~~ | ~~Debtor~~ | ~~Contract Description[1]~~ |
|---|---|---|---|
| | | | ~~subordinated to the Mortgage and the lien of the Mortgage.~~ |
| ~~Second Amended and Restated Security Agreement~~ | | | |
| ~~23.~~ | ~~MPT of West Jordan Steward, LLC, MPT of Layton Steward, LLC, MPT TRS Lender Steward, LLC, and MPT Sycamore Opco, LLC~~ | ~~Steward Health Care System LLC, the Master Lease I Lessees, the Master Lease II Lessees, and the Obligors~~ | ~~Second Amended and Restated Security Agreement, dated as of January 2, 2024, by and among Steward Health, the Lessees, and the Obligors, and the Secured Parties, pursuant to which Steward Health, the Lessees, and the Obligors granted security interests in accordance with (i) the Secured Parties agreeing to enter into the Forbearance Agreement and consummating the relevant transactions, including advancing the loan under the Stewardship Note, (ii) the Limited Lien Subordination of the Secured Parties related to the proceeds of the Lab Asset Sale, and (iii) the allowance of the Obligors to defer certain payments and other transactions.~~ |
| ~~Second Amended and Restated Pledge Agreement~~ | | | |
| ~~24.~~ | ~~MPT of West Jordan Steward, LLC, MPT of Layton Steward, LLC, MPT TRS Lender Steward, LLC, and MPT Sycamore Opco, LLC~~ | ~~Pledgors and Pledged Obligors[1]~~ | ~~Second Amended and Restated Pledge Agreement, dated as of January 2, 2024, by and among the Pledgors and Pledgees, pursuant to which the Pledgors, Pledged Obligors, and Pledgees amended and restated the Original Amended and Restated Pledge Agreement in its entirety and the Pledgors pledged, hypothecated, assigned, granted, transferred, or set over a first priority security interest and lien upon the Pledged Interests and all proceeds thereof, including cash, securities, and other property.~~ |

---

[1] ~~Pledgors and Pledge Obligors are listed on Exhibit A to the agreement.~~

~~1" = "1" "WEIL:\99803416\18\76000.0003" ""~~