United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 31, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | **Case No. 24-90213 (CML)** |
| **LLC,** *et al.*, | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**ORDER (I) AUTHORIZING
REJECTION OF MASTER LEASE II AGREEMENTS
EFFECTIVE AS OF THE REJECTION DATE IN CONNECTION
WITH PLANNED TRANSITION AND SALE OF MASSACHUSETTS
HOSPITALS TO NEW OPERATORS, AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated July 26, 2024 (the "**Motion**")[2] of Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 365(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 (i) authorizing the Debtors to reject the Master Lease II Agreements, effective as of the Rejection Date and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.  The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and upon consideration of the Castellano Declaration, King Declaration, and Moloney Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      Pursuant to sections 365(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006, Master Lease II is hereto deemed rejected as of the effective date of rejection (the "**Rejection Date**").  The Rejection Date and whether the Master Lease II Ancillary Agreements are rejected shall be determined by the Court following further briefing by the parties and a hearing on a schedule to be agreed by the parties in good-faith, which such hearing shall be no later than August 30, 2024 (unless otherwise extended with the consent of the Debtors and ML II Lessors), subject to the Court's availability.  All parties reserve their rights and all arguments with respect to the effective date of rejection of the Master Lease II Agreements as they existed prior to entry of this Order, none of which are waived or affected by the entry of this Order.[3]

2.      Nothing in this Order shall prejudice or diminish the Debtors' or the ML II Lessors' rights under the Master Lease II Agreements prior to the Rejection Date.

---

[3]   The reserved arguments include but are not limited to the arguments made in the *Objection of MPT and Master Lease II Lessors to Emergency Motion to Reject Master Lease II; and Cross-Motion to Condition Relief on Provision of Adequate Protection* (Docket No. 1760).

3.      Nothing in this Order shall prejudice or diminish the Creditors' Committee's rights, including its Challenge rights and the Challenge Period pursuant to the Final DIP Orders, and all of the Creditors' Committee's rights and remedies are expressly preserved.

4.      Nothing in this Order shall, to the extent any such rights or claims exist, waive (1) any ML II Lessors' (i) rights afforded by section 365(d)(3); (ii) right to assert a section 503(b) administrative expense claim, including for periods after the Rejection Date; (iii) right to seek adequate protection under sections 361 and 363 of the Bankruptcy Code, including for periods after the Rejection Date; (iv) claims or other rights arising under section 502(g) of the Bankruptcy Code; (v) right to seek relief from the automatic stay under section 362(d) of the Bankruptcy Code or otherwise; (vi) rights under section 554 of the Bankruptcy Code; or (vii) rights arising out of applicable non-bankruptcy law, or (2) any defenses, rights, claims, or counterclaims of the Debtors (or any other party in interest) with respect to the foregoing.  Nothing in this Order shall be construed to extinguish or impair any of ML II Lessor's rights or remedies against any sublessors of the Debtors.

5.      Nothing in this Order or the fact of any party's consent to this Order shall prejudice or diminish or affect in any manner any MPT lessor's rights with respect to Master Lease I.

6.      Notwithstanding anything to the contrary contained in this Order, nothing herein affects any rights or remedies of Dana-Farber Cancer Institute ("**DFCI**") relating to St. Elizabeth's Medical Center of Boston and Holy Family Hospital in Methuen and Haverhill, or arising under or pursuant to the DFCI SEMC Contracts,[4] and all rights and remedies of DFCI, the

---

[4]     The "DFCI SEMC Contracts" means, including without limitation, that certain: (i) Agreement of Lease dated as of February 12, 2014 by and between Steward St. Elizabeth's Medical Center of Boston, Inc. ("**SEMC**") and DFCI (ii) Master Affiliation Agreement dated as of March 7, 2014 by and among SEMC, Steward Health Care System LLC ("**SHCS**") and DFCI, (iii) Master Leased Employees Agreement dated June 24, 2014 by and among SEMC, SHCS and DFCI, (iv) Amended and Restated Service-Level Master Agreement dated May 21, 2018 by and between SEMC and DFCI, (v) Specialty Services Agreement dated as of May 14, 2014 by and between the

Debtors, and all parties in interest with respect to the foregoing including under and pursuant to the DFCI SEMC Contracts are hereby reserved and not waived.

7. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver or limitation of the Debtors' right to assert, at a later date, that Master Lease II is not an unexpired lease, (v) a concession or evidence that the Master Lease II Agreements have not expired, been terminated, or are otherwise currently not in full force and effect, (vi) a finding or determination with respect to whether Master Lease II is an unexpired lease, (vii) a finding or determination with respect to whether Master Lease II (or any other lease) is a true lease, whether Master Lease II (or any other lease) is a unitary lease, or the nature, validity, extent or priority of any claims in respect of Master Lease II (or any other lease), (viii) a waiver of the obligation of any party in interest to file a proof of claim, (ix) an agreement or obligation to pay any claims, (x) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (xi) an admission as to the validity of any liens satisfied pursuant to the Motion, (xii) an approval, assumption, adoption, or rejection

---

Steward Health Care Network, Inc. and DFCI, (vi) Leased Employees agreement dated April 11, 2016 by and between SEMC and DFCI, (vii) Master Affiliation Agreement between SEMC and DFCI dated as of July 1, 2014, (viii) Inpatient Transfer Agreement dated April 18, 2014 by and between SEMC and DFCI,  (ix) Inpatient Professional Services Agreement dated August 10, 2018 by and between SEMC, DFCI and Dana-Farber Community Cancer Network, Inc., (x) Information Services Support Master Agreement dated May 21, 2018 by and between SHCS and DFCI, (xi) Clinical Coordination and Communication Agreement dated as of May 21, 2018 by and between SEMC and DFCI, (xii) Data Security Testing Agreement dated as of March 17, 2014 by and between SEMC and DFCI, (xiii) Clinical Laboratory Test Agreement dated as of May 18, 2014 by and between SEMC and DFCI, and (xiv) Professional Services Agreement dated as of July 1, 2014 by and between Steward Medical Group, Inc. and DFCI (each as may be extended and amended from time to time, collectively, the "**DFCI SEMC Contracts**").

of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, other than as set forth herein, (xiii) a waiver of any claims of the Debtors against the MPT-Macquarie JV or any other contract counterparties, (xiv) a waiver of any of the Creditors' Committee's Challenge rights, as set forth in the Final DIP Orders, or any remedies with respect thereto, or (xv) a waiver of any rights in respect of allocation of value.

8.  Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

9.  Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10.  The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

11.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  July 31, 2024

_____
Christopher Lopez
United States Bankruptcy Judge