**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | **Case No. 24-90213 (CML)** |
| **LLC,** *et al.* | § | |
| | § | |
| | § | |
| **Debtors.**[1] | § | |

## DEBTORS' NOTICE OF BANKRUPTCY RULE 2004 ORAL EXAMINATION, REQUEST FOR PRODUCTION OF DOCUMENTS, AND SUBPOENA DUCES TECUM

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 2004-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), Steward Health Care System LLC ("**Steward**") and its debtor affiliates (together with Steward, the "**Debtors**") by and through their undersigned counsel, hereby serve this notice and command KPMG LLP ("**KPMG**") to produce the documents and information identified in the attached Exhibit A (the "**Requests**," and each individually, a "**Request**") for inspection and copying at the offices of Weil, Gotshal and Manges LLP, 700 Louisiana Street, Suite 3700, Houston Texas 77002, or at another mutually agreeable location or by electronic means, on or before August 20, 2024.

Please take further notice that KPMG is commanded to appear for oral examination at a mutually agreeable date, time, and place.  The Debtors will separately serve a list of topics on

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.  The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

which KPMG will be asked to testify, which list will be consistent with the documents requested in Exhibit A.

Please take further notice that the Debtors reserve their rights under title 11 of the United States Code (the "**Bankruptcy Code**"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice.  The Debtors further reserve their rights to amend, supplement, and/or modify Exhibit A.

Dated: August 5, 2024

/s/  Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
            Clifford.Carlson@weil.com
            Stephanie.Morrison@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
David J. Lender (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
David J. Cohen (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
            David.Lender@weil.com
            Theodore.Tsekerides@weil.com
            Candace.Arthur@weil.com
            DavidJ.Cohen@weil.com
            Christine.Calabrese@weil.com


*Attorneys for Debtors and Debtors in Possession*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 2004-1, I hereby certify that counsel for the Debtors provided KPMG a draft copy of the Debtors' Notice of Bankruptcy Rule 2004 Oral Examination, Request for Production of Documents, and Subpoena Duces Tecum via email on July 9, 2024 and conferred on July 19 and July 31, 2024.  On August 5, 2024, KPMG confirmed to the Debtors that KPMG requires a subpoena or court order before it will agree to produce documents responsive to the Debtors' requests.

*/s/ Christine Calabrese*
Christine Calabrese

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, a true and correct copy of the foregoing document was served on KPMG by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson

**EXHIBIT A**

**DEBTORS' INITIAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
FROM KPMG LLP PURSUANT TO BANKRUPTCY RULE 2004**

**DEFINITIONS**

1.      "**KPMG**." "**You**," and "**Your**" means KPMG LLP and any of its affiliates, agents, assigns, directors, employees, officers, parents, partners, representatives, subsidiaries, independent contractors, advisors, attorneys, and/or any other person or entities purporting to act on its behalf, and/or under its control.

2.      "**Company**" means Steward Health Care Holding, LLC, together with its employees, managers, officers, directors, attorneys, agents, direct and indirect subsidiaries, and affiliates, including but not limited to Steward Health Care System LLC.

3.      "**Debtors**" means Steward Health Care System LLC and its debtor affiliates in the above-captioned chapter 11 cases.

4.      "**Crowe**" means Crowe LLP, and any of its affiliates, agents, assigns, directors, employees, officers, parents, partners, representatives, subsidiaries, independent contractors, advisors, attorneys, and/or any other person or entities purporting to act on its behalf, and/or under its control.

5.      "**EY**" means Ernst & Young LLP and any of its affiliates, agents, assigns, directors, employees, officers, parents, partners, representatives, subsidiaries, independent contractors, advisors, attorneys, and/or any other person or entities purporting to act on its behalf, and/or under its control.

6.      "**Communication**" or **Communications**" shall be construed in the broadest possible sense under the Federal Rules of Civil Procedure (the "**Federal Rules**") and refers to the transmittal of information of any kind in any form.  This includes but is not limited to any oral or

written transmittal or receipt of facts, information, thoughts, inquiries, opinions, including meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, facsimile transmissions, electronic mail transmissions, letters, reports, memoranda, formal statements, press releases, and newspaper stories.  References to Communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

7.     "**Document**" or "**Documents**" has the broadest meaning under the Federal Rules and Bankruptcy Rules, including but not limited to, any medium upon which information is or can be recorded, including any and all records, whether in paper or electronic form, and wherever stored or maintained, so long as they are in KPMG's possession, custody, or control.  This includes, without limitation, email; text message; messages on applications such as but not limited to, Whats App, Signal, Telegram, Skype, and Teams; drafts; notes, including maintained on a local drive or in hard copy presentations; excel spreadsheets; hard-copy binders; electronic binders; calendars; videos; meeting minutes; instant messaging, including on applications such as Skype and Teams; voicemail messages; and any other such material and files whether electronic or on paper.  With respect to electronic Documents, this definition includes, but is not limited to, all word processing documents, spreadsheets, emails (including sent and received), PDFs, PowerPoints, fax images, database entries, calendar items, and text messages, which may exist on a work or home laptop or desktop, on company servers (including in a network home directory, in a network group share, and on mainframes or other transactional data servers), and on any other external media (including CDs, DVDs, thumb drives/memory sticks, and/or external hard drives), or in any other storage media.

8.    "**Concerning**" means related to, relating to, reflecting, referring to, pertaining to, containing, describing, regarding, illustrating, mentioning, evidencing, embodying, substantiating, involving, analyzing, reporting on, commenting on, constituting, supporting, discussing, or having any logical or factual connection whatsoever with the subject matter in question.

9.    "**Related**," "**relating**," and their variants means, in addition to their usual and customary meanings, concerning, constituting, compromising, identifying, referring to, dealing with, containing, embodying, illustrating, reflecting, stating, commenting on, describing, discussing, responding to, evidencing, demonstrating, showing, analyzing, or pertaining to in any way.

10.    "**Including**" is used to provide examples of certain types of information and should not be construed as limiting a request in any way.  The term "including" shall be construed as if followed by the phrase "but not limited to."

11.    The words "**and**" and "**or**" shall be construed disjunctively or conjunctively to bring within the scope of each request all documents which otherwise might be construed to be outside the scope of a request.

12.    The word "**any**" shall be construed to include "**all**" and vice versa.

13.    The word "**each**" shall be construed to include "**every**" and vice versa.

## **INSTRUCTIONS**

14.    These instructions incorporate by reference the requirements and duties of the Bankruptcy Rules, the Federal Rules, and the Local Rules.

15.    The Requests include all Documents and Communications in Your possession, custody, or control from January 1, 2014 through present (the "**Relevant Time Period**"), unless otherwise indicated.

16.     Each Request shall be deemed to be continuing in nature.  If at any time additional Documents or Communications responsive to the Requests come into Your possession, custody, or control or are brought to Your attention, You shall promptly supplement Your responses to these Requests.

17.     You are requested to produce all Communications, Documents, and information requested herein within Your possession, custody, or control or in the possession, custody, or control of any individual or entity acting or purporting to act on Your behalf.

18.     Terms not specifically defined herein shall be given their ordinary meaning and construed to require the fullest disclosure of all information.

19.     All Documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All Documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

20.     If You object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by Your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that You may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

21.     If You object to any part of a Request, You are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which You object and the basis for Your objection.  To the extent You consider any request to be ambiguous

or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

22.     Any Document, Communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log, the scope of which You and the Debtors shall agree upon.

23.     If a Document which would be responsive to these requests is no longer in existence or in Your possession, custody, or control, please state whether it is missing, lost, destroyed, or otherwise disposed of and, in each instance, explain the circumstances surrounding such disposition and the date of such disposition.  Additionally, describe the nature of the Document or Communication, identify the persons who created, sent, received, or reviewed the Document or Communication, and state in as much detail as possible the contents of the Document or Communication.

24.     Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, shall be produced as is.

25.     By serving these Requests, the Debtors expressly reserve the right to modify or otherwise supplement these Requests.

## **REQUESTS FOR PRODUCTION**

1.     **Request No. 1**: All Documents provided by the Company to You during the Relevant Time Period in connection with any services You provided to or on behalf of the Company, including Your preparation or review of any financial statements, audits, reconciliations, valuations, property appraisals, fairness opinions, solvency analyses, going

concern analyses, tax analyses, impairment analyses, lease treatment analyses, business segment reporting analyses, hospital-level reporting analyses, or quarterly or annual reports, or other analyses and underlying general ledger and sub-ledger activity supporting such analyses for or on behalf of the Company.

2.      **Request No. 2**: All of Your work papers, memoranda, analyses, notes, and other materials concerning Your assessments, opinions, and/or statements concerning the Company during the Relevant Time Period.

3.      **Request No. 3**: All Communications between You and the Company during the Relevant Time Period, including Communications involving Andrew Stephenson, Brett Bell, and/or Travis Hunter, concerning services You provided to or on behalf of the Company.

4.      **Request No. 4**: All Documents that You collected, reviewed, used, and/or relied on in connection with services You performed for or on behalf of the Company during the Relevant Time Period, including Your preparation of any financial statements, audits, reconciliations, valuations, property appraisals, fairness opinions, solvency analyses, going concern analyses, tax analyses, impairment analyses, lease treatment analyses, business segment reporting analyses, hospital-level reporting analyses, or quarterly or annual reports or other analyses and underlying general ledger and sub-ledgers activity supporting such analyses for or on behalf of the Company.

5.      **Request No. 5**: All Communications with parties other than the Company concerning any financial statements, audits, reconciliations, valuations, property appraisals, fairness opinions, solvency analyses, going concern analyses, tax analyses, impairment analyses, lease treatment analyses, business segment reporting analyses, hospital-level reporting analyses, or quarterly or annual reports or other analyses and underlying general ledger and sub-ledgers activity supporting such analyses for or on behalf of the Company.

6.    **Request No. 6**:  All tax analyses and/or tax due diligence prepared by and/or provided to KPMG as related to the Company, including the "UK Tax Analysis" prepared in or around April 5, 2019 and the diligence analyses of Fatma Buyukdemirci and her team.

7.    **Request No. 7**: All Documents reflecting the Company's assets and liabilities including the treatment of leases and related activities on the Company's respective financial statements during the Relevant Time Period.

8.    **Request No. 8**: All Documents from the files of Andrew Stephenson, Brett Bell, and Travis Hunter related to work they performed for or on behalf of the Company.

9.    **Request No. 9**: All tax analyses and/or tax due diligence prepared by and/or provided to KPMG as related to the Company.

10.    **Request No. 10**: All Documents and Communications internal to KPMG regarding the reversal of KPMG's FY2020 position regarding certain sale/leaseback transactions.

11.    **Request No. 11**: All Communications internal to KPMG concerning any delay or refusal to issue an audit; the transition from EY to KPMG; the transition from KPMG to Crowe; and any disagreements with the Company regarding KPMG's opinions, analyses, and/or assessments, including but not limited to the Company's ability to continue as a going concern.

12.    **Request No. 12**: All Communications between You and any other party, including but not limited to EY and Crowe, concerning any delay or refusal to issue an audit; the transition from EY to KPMG; the transition from KPMG to Crowe; and any disagreements with the Company regarding KPMG's opinions, analyses, and/or assessments, including but not limited to the Company's ability to continue as a going concern.

13.    **Request No. 13**: All Documents and Communications concerning related party transactions involving the Company, including but not limited to Steward Health Care Investors

LLC, Steward Benefit Services LLC, Steward Management Holdings LLC and Management Health Services LLC ("MHS"), Steward Health Care International S.L. ("Steward International"), Steward Health Care International LTD ("Steward Malta"), Steward Malta's subsidiaries (e.g., Steward Malta LTD, Steward Malta Management LTD, Steward Malta Assets Ltd, Steward Malta Personnel Ltd, Steward Health Care International (Malta) Ltd), TRACO International Group S.DE R.L., TRACO Investment Management LLC, Apice Health LLC, and Cref.

14.    **Request No. 14**: All Documents and Communications between You and any party other than the Company regarding the Company's transactions related to Medical Properties Trust, Inc. ("MPT") and its affiliates including relating to any list or documentation of assets acquired and liabilities assumed, including leases.

15.    **Request No. 15**: All Documents and Communications between You and any party other than the Company regarding the Company's transactions related to operations in Malta including transactions between the Company and other entities including, but not limited to, Steward Health Care International L.L.C., Steward Health Care International S.L., Steward Health Care International Ltd., Steward Malta Ltd., Steward Malta Management Ltd., Steward Malta Assets Ltd., Steward Malta Personnel Ltd., Steward Health Care International (Malta) Ltd., Accutor Ag, Accutor Ltd., Canberra International, and Spring X Media AG including relating to any list or documentation of assets acquired and liabilities assumed.

16.    **Request No. 16**: All valuations and/or appraisals of any property owned by the Company.

17.    **Request No. 17**: All valuations and/or appraisals of any leases to which the Company was or is a party.

18.  **<u>Request No. 18</u>**: All engagement letters and/or written agreements between You and the Company.