**IN AND FOR THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:

STEWARD HEALTH CARE SYSTEM, LLC, et al.,

    Debtors.
_____/

Case No. 24-90213 (CML)
Chapter 11

(Jointly Administered)

**BIRD AND 87TH AVENUE VILLAGE, LLC'S LIMITED OBJECTION TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE [ECF NO. 1643]**

Bird and 87th Avenue Village, LLC ("Bird and 87th") by and through undersigned counsel, submits this limited objection (the "Objection") to the *Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* [ECF No. 1643] and in support of the Objection, states as follows:

    **I.**    **CASE BACKGROUND**

    1.    On May 6, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The debtors continue to operate and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    2.    Bird and 87th is a creditor by virtue of a lease agreement entered into with Coral Gables Hospital, Inc., a healthcare facility owned and operated by Steward CGH, Inc. ("Steward"), one of the Debtors dated July 16, 2018 (the "Lease"). Bird and 87th is the landlord in accordance with the lease. A copy of the Lease is attached as **Exhibit A**.

3. Steward was in default as of the petition date under the Lease for failing to make monthly rent payments and applicable fees pursuant to the Lease.

4. On May 15, 2024, the Debtors filed an *Emergency Motion for Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; (IV) Granting Related Relief; (V) Approving Cure Notice Procedures for Executory Contracts and Unexpired Leases; and (VI) Granting Other Relief* (the "Bid Procedures Motion"). *See* ECF No. 281.

5. On June 3, 2024, the Bankruptcy Court entered the *Order (i) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearing, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief*. *See* ECF No. 626.

6. On July 19, 2024, Debtors filed a *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sales* (the "Notice") [ECF No. 1643] that dealt with the "Second Round Hospitals" – which includes Bird and 87th. The Notice lists the Lease with Bird and 87th on page 14. *See* ECF No. 1643, page 14.

7. The Notice proposed a cure as to the unpaid rents pursuant to the Lease in the amount of $77,801.86. *See* ECF No. 1643, page 14.

8. However, the proposed cure amount does not include unpaid late fees and attorney's fees which are part of the unpaid rents pursuant to the Lease.

9. The total amount owed in connection with unpaid pre-petition rents is $88,044.31. The current commercial ledger reflecting unpaid pre-petition rents is attached as **Exhibit B**.

II. **OBJECTION**

10. Section 365 of the Bankruptcy Code generally permits a debtor to assume or to reject an executory contract in the Debtors' discretion. However, to assume an executory contract, the Debtor must (i) cure (or provide adequate assurance that they will promptly cure) all defaults; (ii) compensate, or provide adequate assurance that they will compensate, the counter party to the executory contract for any pecuniary loss arising from such defaults and (iii) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. §365.

11. The proper cure amount should include all liabilities and obligations that have arisen or accrued under a contract for after the Petition Date as well as prior to, or as of, the Petition Date. *See* 11 U.S.C. §365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee-cures, or provides adequate assurance that the trustee will promptly cure such default. . .").

A. *The Proposed Cure Amount is Incorrect*

12. Bird and 87th objects to the assumption of the Lease because the proposed cure amount does not capture all pre-petition and post-petition amounts due and owing under the Lease as well as any non-monetary defaults under the Lease. In order to assume a contract, the debtor must cure all defaults at the time of the assumption which includes all pre-petition and post-petition amounts owed on such contract. *See* 11 U.S.C. §365(b)(1).

13. Bird and 87th reserves the right to further amend and/or supplement this

3

Objection for any reason, including without limitation, all amounts due and owing under the Lease as of the date of assumption.

**WHEREFORE,** Bird and 87th respectfully requests the requests that the Court in any final order for the assumption and assignment of the Lease address the objections set forth above. Bird and 87th requests such and further relief to which it may be entitled at law or in equity and for such other and further relief as the Court deems just and proper.

Dated August 9, 2024.

Respectfully submitted,

**DGIM Law, PLLC**
*Counsel for Bird and 87th*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/  Daniel Y. Gielchinsky*
Daniel Y. Gielchinsky, Esq.
Florida Bar No. 0097646
Email:  dan@dgimlaw.com
Jonathan E. Groth, Esq.
Florida Bar No. 102648
Email:  jonathan@dgimlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing Motion was served via CM/ECF Notification was served via CM/ECF Notification to all parties registered to receive electronic notice on August 9, 2024.

*/s/ Daniel Y. Gielchinsky*
Daniel Y. Gielchinsky, Esq.

5

**EXHIBIT "A"**