UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**STEWARD HEALTH CARE SYSTEM LLC**, *et al*.,[1]<br><br>**Debtors.** | Chapter 11<br>Case No. 24-90213 (CML)<br>(Jointly Administered) |

**OBJECTION TO ASSUMPTION AND ASSIGNMENT OF AGREEMENTS AND CURE AMOUNT OF UMASS MEMORIAL MEDICAL GROUP, INC. AND <u>UMASS MEMORIAL MEDICAL CENTER, INC.</u>**

NOW COME UMass Memorial Medical Group, Inc. ("UMMG") and UMass Memorial Medical Center, Inc. ("UMMC"; together with UMMG, "UMass Memorial") and hereby file this objection (the "Objection") to the above-captioned Debtors' (the "Debtors") proposed assumption and assignment of the purported UMass Memorial agreement and related cure amount as set forth in the *Fourth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* [Dkt. No. 1744] (the "Cure Notice").

In support hereof, UMass Memorial states as follows:

**I.     Background**.

1.     On or about July 26, 2012, UMMG and Debtor Steward St. Elizabeth's Medical Center of Boston, Inc. ("St. Elizabeth's") entered into an Administrative and Professional Services Agreement, as subsequently amended, whereby UMMG agreed to provide certain administrative and professional radiation and oncology services to St. Elizabeth's through physicians employed or engaged by UMMG (the "UMMG Agreement").  Copies of the UMMG

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

Agreement and the First Amendment to the UMMG Agreement are attached hereto as **Exhibit A**.

2. By letter dated July 19, 2023, UMMG exercised its option to terminate the UMMG Agreement effective October 20, 2023.

3. On or about February 2, 2016, UMMC and St. Elizabeth's entered into a Professional Services Agreement whereby UMMC agreed to provide certain professional physicist and dosimetrist services to St. Elizabeth's through professionals employed or engaged by UMMC (the "UMMC Agreement"; together with the UMMG Agreement, the "Agreements"). A copy of the UMMC Agreement is attached hereto as **Exhibit B**.

4. By letter dated July 19, 2023, UMMC exercised its option to terminate the UMMC Agreement effective October 20, 2023. A copy of the letter from UMass Memorial to St. Elizabeth's terminating both Agreements is attached hereto as **Exhibit C**.

5. On October 26, 2023, UMass Memorial initiated an action against St. Elizabeth's by filing a complaint (as twice amended, the "Complaint") to recover amounts owed under both terminated Agreements. A copy of the Complaint is attached hereto as **Exhibit D**.

6. As described more fully in the Complaint, St. Elizabeth's owes UMass Memorial $319,158.41 under the UMMG Agreement and $336,852.25 under the UMMC Agreement. Copies of the invoices documenting the amounts owed under both Agreements are attached hereto as **Exhibit E**.

7. On May 6, 2024 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

8. On July 30, 2024, the Debtors filed the Cure Notice.

9. The Cure Notice lists a purported Hospital Services Agreement (the "Purported

Agreement") between UMass Memorial Health Care, Steward Health Care System LLC ("Steward") and St. Elizabeth's (the "Proposed Assumption").

10. The Cure Notice proposes a cure amount of $0.00 for the Purported Agreement (the "Proposed Cure Amount").

11. The books and records of UMass Memorial do not reflect the existence of the Purported Agreement, or any active agreements, between UMass Memorial and Steward or St. Elizabeth's.

12. Assuming that the Purported Agreement refers to either the UMMG Agreement or the UMMC Agreement, those Agreements were terminated prepetition, and the Debtors incorrectly state the Proposed Cure Amount as $0.00.

13. As of the date hereof, UMass Memorial is owed at least $319,158.41 under the UMMG Agreement and $336,852.25 under the UMMC Agreement.  In any event, the Agreements cannot be cured as they were terminated well before the Petition Date.

**II.    Objection**.

14. UMass Memorial objects to the Proposed Assumption because the Agreements do not constitute executory contracts that can be assumed or assigned by the Debtors under Bankruptcy Code § 365.

15. "The more correct case law and position on the issue is that an executory contract, as that term is used in 11 U.S.C. § 365, requires a performance to be due from each of the parties to a contract." In re C.M. Turtur Investments, Inc., 93 B.R. 526, 534 (Bankr. S.D. Tex. 1988); see also In re Placid Oil Co., 72 B.R. 135, 139 (Bankr. N.D. Tex. 1987) (holding contract was not executory because the only remaining duty was the payment of the money).

16. Further, "[a] contract, having been terminated, cannot be executory." See In re C.M. Turtur Investments, Inc., 93 B.R. at 535.

3

17. Here, the Agreements cannot be considered executory contracts subject to assumption and assignment by the Debtors because the only performance due pursuant to such Agreements is the payment of amounts owed to UMass Memorial from St. Elizabeth's. See In re C.M. Turtur Investments, Inc., 93 B.R. at 534; see also In re Placid Oil Co., 72 B.R. at 139.

18. Moreover, both Agreements were terminated prior to the Petition Date, effective as of October 20, 2023.

19. Accordingly, the UMass Memorial Agreements are not executory and cannot be assumed or assigned by the Debtors under Bankruptcy Code § 365. See In re C.M. Turtur Investments, Inc., 93 B.R. at 535.

20. UMass Memorial additionally objects to the Proposed Cure Amount because such cure does not account for amounts owed by St. Elizabeth's to UMass Memorial under the Agreements. See 11 U.S.C. § 365(b)(1)(A) (providing that UMass Memorial is entitled to have all defaults cured); see also Century Indem. Co. v. Nat'l Gypsum Co. Settlement Tr. (In re Nat'l Gypsum Co.), 208 F.3d 498, 506 (5th Cir. 2000) ("Where the debtor assumes an executory contract, it must assume the entire contract, *cum onere* – the debtor accepts both the obligations and the benefits of the executory contract.").

### III.   Reservation of Rights.

21. UMass Memorial reserves its right, without limitation, to (a) object to the Sale Transaction[2] in its entirety and to assert any objections at any sale hearing held in relation to the Sale Transaction; (b) modify, supplement, or amend this Objection as additional information becomes available; (c) object to the assumption and assignment of any executory contract

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Cure Notice.

between UMass Memorial and the Debtors; (d) object to the proposed cure amounts thereunder; (e) object to the adequate assurance of future performance in accordance with the Bankruptcy Code and the Bidding Procedures Order; and (f) offset or recoup any amounts due in the ordinary course of business as permitted by applicable law.

WHEREFORE, UMass Memorial respectfully requests that this Court enter an Order:

a. Sustaining the Objection and granting relief consistent with this Objection;

b. Rejecting the assumption and assignment of the Agreements; and

c. Granting UMass Memorial such other and further relief as is just.

Respectfully submitted,

**UMASS MEMORIAL MEDICAL GROUP, INC. AND UMASS MEMORIAL MEDICAL CENTER, INC.**

By its counsel,

*/s/ Matthew W. Bourda*
Matthew W. Bourda, Bar No. 24091948
Jones Murray LLP
602 Sawyer Street, Suite 400
Houston, TX 7707
Phone: (832) 529-1999
Fax:   (832) 520-3393
Email: matthew@jonesmurray.com

-and-

*/s/ Joseph H. Baldiga*
Joseph H. Baldiga, BBO #549963
(admitted *pro hac vice*)
Shannah L. Colbert, BBO #712955
(admitted *pro hac vice*)
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: (508) 898-1501
Fax:   (508) 898-1502
Email: jbaldiga@mirickoconnell.com

Dated: August 13, 2024

## **CERTIFICATE OF SERVICE**

      I, Matthew W. Bourda, hereby certify that on August 13, 2024, a true and correct a copy of the foregoing was filed electronically through the Court's CM/ECF system and served electronically on all parties registered to receive service of electronic notice.

Dated: August 13, 2024                                */s/ Matthew W. Bourda*
                                                                              Matthew W. Bourda