IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **STEWARD HEALTH CARE SYSTEM LLC,** *et al.*, | § § § | Case No. 24-90213 (CML) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS AND INTERCOMPANY ARRANGEMENTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS, AND (D) CONTINUE EMPLOYEE CREDIT CARD PROGRAM; (II) EXTENDING TIME TO COMPLY WITH REQUIREMENTS OF 11 U.S.C. § 345(b); AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated May 6, 2024 (Docket No. 5) (the "**Motion**"),[2] of Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of interim and final orders, pursuant to sections 345(b), 363(b)(1), 363(c)(1), 364(a), 503(b), and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) continue operating the Cash Management System, including, without limitation, to continue to maintain the Debtors' existing Bank Accounts and Business Forms, (b) implement changes to the Cash Management System in the ordinary course of business insofar as such changes relate to the Debtors' participation in, or control of, the Cash Management System, including, without limitation, opening new or closing existing Bank Accounts owned by the Debtors, (c) continue to perform

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

under and honor Intercompany Transactions in the ordinary course of business, (d) provide administrative expense priority for postpetition Intercompany Claims against the Debtors, (e) continue their Employee Credit Card Program in the ordinary course of business and pay all prepetition and postpetition obligations related thereto, and (f) honor and pay all prepetition and postpetition Bank Fees payable by the Debtors; (ii) extending the time for the Debtors to comply with the requirements set forth in section 345(b) of the Bankruptcy Code; and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and upon consideration of the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT**

        1.    The Debtors are authorized, but not directed, pursuant to sections, 363(b)(1), 363(c)(1), 364(a), and 105(a) of the Bankruptcy Code, to continue to maintain, and manage their cash pursuant to, the Cash Management System; to collect and disburse cash in

accordance with the Cash Management System, including Intercompany Transactions between the Debtors and other Debtors or Non-Debtor Affiliates; and to make ordinary course changes to their Cash Management System without further order of the Court; *provided* that the Debtors shall provide two business days' notice to the U.S. Trustee of any material changes to the Cash Management System; *provided*, further, the Debtors shall consult with the official committee of unsecured creditors appointed in these chapter 11 cases (the "**Committee**") prior to making any material changes to the Cash Management; *provided*, further, that the Debtors shall not make any changes to the Cash Management System in a manner that has an adverse effect on the ABL Lenders, FILO Lenders, DIP Lender, or the Committee, without (i) the consent of the ABL Lenders, FILO Lenders, DIP Lender, and the Committee, as applicable, in each case not to be unreasonably withheld, conditioned or delayed, or (ii) further order of the Court.

2. The Debtors are further authorized, but not directed, to (i) designate, maintain, and continue to use any or all of their existing Bank Accounts, including those listed on **Exhibit C** to the Motion, in the names and with the account numbers existing immediately before the Petition Date; (ii) to the extent of available funds, deposit funds in, and withdraw funds from, such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits; (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date; and (iv) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts.

3. The Debtors are authorized to open new Bank Accounts and close any existing Bank Accounts in the ordinary course of business, so long as any such new account is with a bank that is (i) insured with the FDIC; (ii) designated as an Authorized Depository by the U.S. Trustee pursuant or otherwise approved by the U.S. Trustee as an acceptable depository

institution in this case; and (iii) agrees to be bound by the terms of this Interim Order; *provided* that the Debtors shall provide notice (email being sufficient) to the U.S. Trustee, counsel to each of the ABL Lenders, FILO Lenders, DIP Lender, and the Committee, no later than three (3) business days prior to the date of such opening or closing any Bank Account and such opening or closing shall be timely reported in the Debtors' monthly operating reports.  Additionally, the Debtors shall not open any new Bank Account (other than the Professional Fees Escrow Account) that is not subject to the liens and security interests of each of the Prepetition Secured Parties (in which case they shall be subject to the lien priorities and other provisions set forth in any interim and final orders, as applicable, authorizing the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing (such orders, the "**DIP Order**") and subject in all cases to the Challenge (as defined in the DIP Order) rights set forth in the DIP Order) without (i) the consent of the Prepetition Secured Parties (such consent shall not be unreasonably withheld, conditioned or delayed) or (ii) further order of the Court.

4. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors on account of any prepetition amounts that are authorized to be paid pursuant to this Final Order, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments.  The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or ACH transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

5. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

6. The Banks with which the Debtors maintained Bank Accounts as of the Petition Date are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at the Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtors' accounts with the Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition and postpetition amounts outstanding, if any, owed to the Bank as Bank Fees for the maintenance of the Cash Management System and charge back returned items to the Bank Accounts in the ordinary course.

7. The Banks shall not be liable to any party on account of: (i) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (ii) the honoring of any prepetition checks, drafts, wires, or ACH transfers in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wires, or ACH transfers; or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

8. The Debtors are authorized to continue maintaining, and performing their obligations under, the Employee Credit Card Program and to pay any amounts owing with respect thereto, including any amounts relating to the prepetition period.

9. The Debtors are authorized pursuant to sections 363(c) and 364(a) of the Bankruptcy Code to continue to perform under and honor Intercompany Transactions in the ordinary course of business and make certain payments on behalf of certain Non-Debtor Affiliates, so long as such Intercompany Transactions are materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period; *provided* that the Debtors shall not make any cash payments to or on behalf of TRACO to settle any prepetition medical malpractice claim without the consent of the Committee (email shall suffice) or further order of the Court; *provided, further,* that the Debtors shall not make payments exceeding $2.5 million in the aggregate each month to Non-Debtor Affiliate Management Health Services LLC without the consent of the Committee and each of the ABL Lenders or further order of the Court. For the avoidance of doubt, the Debtors shall not make any bonus, incentive, severance, or retention payments to any insiders through or on behalf of Non-Debtor Affiliate Management Health Services LLC without further order of this Court.

10. All Intercompany Claims against one Debtor held by another Debtor or a Non-Debtor Affiliate arising after the Petition Date as a result of Intercompany Transactions shall be accorded administrative expense priority status in accordance with section 503(b) of the Bankruptcy Code. For the avoidance of doubt, the relief granted in this Final Order with respect to the postpetition Intercompany Transactions and the Intercompany Claims resulting therefrom shall not constitute a finding as to the validity, priority, allocation or status or any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may

have arisen, and the Debtors, the Committee and any other party in interest expressly reserve any and all rights with regard to the validity, priority, allocation or status of any prepetition or postpetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen.

11. The Debtors shall maintain accurate and current records of all Intercompany Transactions, including, without limitation, all transfers of cash, within the Cash Management System so that all postpetition transfers and transactions, including Intercompany Transactions and payment of Intercompany Claims, shall be adequately and promptly documented in, and readily ascertainable from, their Books and Records, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining administrative expense status.  The Debtors shall make such Books and Records available to the U.S. Trustee, counsel to each of the ABL Lenders, FILO Lenders, DIP Lender, and the Committee upon reasonable request.  The Debtors shall provide counsel to the Committee, counsel to each of the ABL Lenders and the U.S. Trustee on or before the last day of each month a matrix of the postpetition intercompany balances for each Debtor and Non-Debtor Affiliate as of the last day of the preceding month.

12. The Debtors are authorized to use their existing Business Forms; *provided*, that once the Debtors' existing check stock has been exhausted, the Debtors shall include, or direct others to include, the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks as soon as reasonably practicable to do so; *provided further*, that with respect to any Business Forms that exist or are generated electronically, the Debtors shall use reasonable efforts to ensure that such electronic Business Forms are labeled "Debtor In Possession" as soon as reasonably practicable following entry of this Final Order.

13. The extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code, the Debtors shall have until 45 days from entry of this Final Order, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code; *provided* that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further extension of the 45-day period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

14. For accounts at First Republic Bank, Origin Bank, Bank of Ozarks, and Guaranty Trust Bank, the Debtors shall (i) maintain a cash balance less than or equal to the FDIC insured limit ($250,000) or (ii) promptly transfer cash balances in excess of the FDIC insured limit to other debtor-in-possession accounts, and (iii) provide notice to the U.S. Trustee and the Committee of balances that exceed the FDIC insured limit for more than two (2) business days.

15. Nothing contained in the Motion or this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors; (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (vii) an admission as to the validity of any liens satisfied pursuant to the Motion; or (viii) an

approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

16. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any DIP Order and any budget in connection with any such use of cash collateral and/or post-petition debtor-in-possession financing. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

17. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

18. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

19. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

21. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Signed: August 23, 2024

_____
Christopher Lopez
United States Bankruptcy Judge