IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-90213 (CML) |
| | ) | |
| STEWARD HEALTHCARE SYSTEM LLC, *et al.* | ) | Chapter 11 |
| | ) | Jointly administered |
| | ) | |
| Debtors. | ) | Judge Christopher M. Lopez |
| | ) | |

**JOINT OBJECTION AND RESERVATION OF RIGHTS OF WARREN CITY HOSPITAL, INC., WESTERN RESERVE HEALTH EDUCATION, INC., CITY OF WARREN AND TRUMBULL COUNTY, OHIO, TO THE DEBTORS' CLOSURE OF CERTAIN OHIO HOSPITALS**

[Related to Doc 626, Doc. 1711, Doc 1850, Doc 1850, Doc 2097 and Doc 2146]

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for relief sought herein are sections §§105, 363, 365, 503 and 507 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014.

3. Steward Health Care System, LLC ("Steward") and its debtor affiliates (collectively the "Debtors"), as debtors in possession, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on May 6, 2024.

4. On May 15, 2024, the Debtors filed the "Emergency Motion of Debtors" for Entry of an Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form

1

and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief [Docket No. 281] (the "Sale Procedures") seeking this Court's approval of procedures governing multiple rounds of sales of the Debtors' Facilities and other assets. On June 3, 2024, the Court entered an order approving the Sales Procedures [Doc. 626] (as amended, revised, or supplemented, the "Bidding Procedures Order"), which also included procedures for the assumption, assignment, and cure of executory contracts. The deadlines within the Bidding Procedures Order were extended through the Notice of Sale Hearings [Doc. 1934].

## THE PARTIES AND OHIO HOSPITALS

5. The Trumbull Regional Medical Center (the "Trumbull Medical Center") is a Steward owned hospital located in Warren, Ohio. As of the date of the filing of this Joint Objection, the Trumbull Medical Center is continuing to see and treat patients; however, Steward has provided notice of its intent to cease operations, close Trumbull Medical Center, and transfer its patients to another hospital, effective September 20, 2024, i.e., a closure notice [Doc. 2097].

6. Objecting party, Trumbull County, is located in Ohio and it has an interest in the Trumbull Medical Center.

7. The Hillside Rehabilitation Hospital (the "Hillside Medical Center") is one of the Debtors' hospital located in Warren, Ohio. As of the date of the filing of this Motion, the Hillside Medical Center is continuing to see and treat patients but a closure notice has been filed for Hillside Medical Center [Doc. 2101].

8. Upon information and belief, the Ohio Hospitals include the facilities at Elm Road Medical Park aka Steward Health Center with multiple buildings in Cortland, Ohio 44410; Austintown

Medical Park; and the hospitals, Trumbull Medical Center located at 1350 East Market Street, Warren, Ohio 44482 and Hillside Medical Center located at 8747 Squires Lane NE, Warren, Ohio 44484 (collectively the "Ohio Hospitals") [Doc. 2097, 2101].

9. Objecting party, The City of Warren, is located in Ohio and it has an interest in the viability of the Hillside Medical Center.

10. Objecting party, Warren City Hospital, Inc., has an interest in protecting the Ohio Hospitals including the Trumbull Medical Center and Hillside Medical Center and has reached out to Medical Properties Trust ("MPT") and the Cain Brothers to potentially submit a bid.

11. Objecting party, Western Reserve Health Education, Inc. ("WRHE"), is a not-for-profit organization that is dedicated to the training of residents and continuing medical education. More specifically, WRHE is the institutional sponsor of graduate medical education programs accredited by the Accreditation Council for Graduate Medical Education ("ACGME"). WRHE sponsors three residency programs and one fellowship program. WRHE is also an interested party and creditor, and willing to be a bidder for the Trumbull Medical Center and/or Hillside Medical Center.

12. Upon information and belief, the Centers for Medicare and Medicaid Services ("CMS") and the Ohio Department of Medicaid ("Ohio Medicaid") fund WRHE's residency programs by paying hospitals according to the number of residents who train in respective hospitals. This funding is intended to cover direct and indirect expenses related to educating physician residents. *See* 42 U.S.C. § 1396ww(h) (federal statutory basis for payment of graduate medical education costs); 42 C.F.R. § 413.75 (outlining the methodology for Medicare payments for graduate medical education); Ohio Administrative Code Rule 5160-2-67 (outlining the calculation of a hospital's graduate medical education costs in Ohio).

## RELEVANT FACTS AND ARGUMENT

13. The Debtors are the largest private physician-owned, for-profit healthcare network in the United States. The Debtors' medical facilities, clinics, and hospitals are currently continuing to provide care to patients across the country.

14. The Trumbull Medical Center and Hillside Medical Center play a critical role in meeting the health care needs of Ohio patients and the community within which the hospitals operate and their closures will create an irreparable harm to the rural areas of this community as there are no other hospitals in the near vicinity of Trumbull Medical Center and Hillside Medical Center to take care of the emergency services.

15. In 2018, WRHE entered into the Funding Agreement with the Debtors, as a major clinic training site for WRHE's residency program.  Per the Funding Agreement, the Debtors committed to provide financial services, including paying WRHE's bills related to the day-to-day functions of the residency and fellowship programs.  WRHE and the Medical Center reached its most recent agreed budget, according to the requirements of the Funding Agreement, on August 30, 2023.

16. On May 28, 2024, Steward and WRHE renewed the Funding Agreement, and said renewal provided for a continuation of the services provided by WRHE to the Debtor, post-petition.  The renewal of the Funding Agreement, in part, also allowed Debtors to continue to receive both CMS and Ohio Medicaid funding for each WRHE resident training in their hospital. *See supra*, ¶ 7. Debtors and the Medical Center, through the Funding Agreement and related commitments, state they are committed to provide the necessary educational, financial, physical, and human resources needed to comply with all applicable ACGME and specialty board requirements related to these programs. [Doc. 1874, Exhibit D].

17. On June 3, 2024, the Court entered the Order for the Bidding Procedures [Doc. 626] in connection with the "Global Bidding Procedures", as defined therein.

18. The June 3, 2024 Order put the Ohio Hospitals including the Trumbull Medical Center and Hillside Medical Center in the "First Round Hospitals" and failed to give sufficient notice or time to the interested parties to submit a qualified bid because the 21-day timeframe provided by the Debtors to submit the bids by June 24, 2024 was not sufficient or equitable to set forth or comply with the numerous requirements listed by the Debtors, the Cain Brothers or MPT.

19. Upon information or belief, the Objecting parties or other bidders interested in submitting a good faith bid were hindered because of the following reasons: (a) The guidance from both MPT and the Cain Brothers led to a negotiation impasse. Both parties were requiring the bidder to resolve the issues with the other party before proceeding creating a catch 22 situation. Further, negotiations with MPT has often been marked with weeks of a lack of responsiveness to requests for contact or resolution; (b) The real property of the Ohio Hospitals and facilities are in subpar condition suffering from millions of dollars of deferred maintenance; (c) It is unrealistic that MPT leases would not be reduced to maintain commercial value because of code violations and poor conditions such as temporary air conditioning units in patient contact areas; (d) MPT has attempted to change the assets under the lease during the negotiation process. The original lease listed specific property included during negotiations. Subsequently, MPT attempted to diminish the leased assets by excluding certain outpatient facilities that are integral to providing healthcare to the community. The result would dramatically reduce the hospital valuation. Further, the estimated $5 million earnings reduction could lead to a cashflow deficit.

20. With respect to the Debtors and Cain Brothers, upon information and belief that WRHE or other bidders interested in submitting a good faith bid were hindered because of the following

reasons: (a) The Ohio Hospital assets have been dissected into fragments making it extremely difficult to value. The real estate, working capital, physicians, outpatient laboratory, and other assets that add value to a normal operation have all been sold; (c) The bid process has been difficult and on an accelerated and unrealistic timeframe. For example, the requirement to accept the "markup" of an Asset Purchase Agreement without a site visit makes it difficult to submit a proper bid; (d) the Debtors and Cain Brothers have not been transparent in the sale process or have not communicated in a meaningful way with the bidders and/or objecting parties, including the disclosure of closures.

21. As of the date of this filing, the Debtors have not disclosed, as required by the Court's Bidding Procedures Order [Doc. 626], the bids or qualified bidders for the "First Round Hospitals" including the Trumbull Medical Center and Hillside Medical Center.

22. More importantly, pursuant to the Facility Closure Procedures [Doc. 1850], upon information and belief, the Debtors have failed to provide adequate notice as required or provide a list of proposed executory contracts to be rejected. There is no list of executory contracts in Annex B to the notices. See also, the notice of closure for Trumbull and Hillside [Doc. 2097, 2101].

23. In addition, the Order approving procedures related to closures [Doc. 1850] expressly provides that the Debtors "shall" consult with the Creditors' Committee, Patient Ombudsmen, lenders and applicable state regulatory authorities "prior to proceeding with any facility closure". The objecting parties are unaware of any such consultations taking place.

24. Notwithstanding renewal of the Funding Agreement with WRHE, the Debtors have not cured the defaulted amounts owed thereunder [Doc. 1874]. Yet, the Debtors continue to receive said CMS and Ohio Medicaid funding post-petition. Stated differently, the Debtors are enjoying

the benefits of the Funding Agreement renewal by receiving CMS and Ohio Medicaid funding post-petition, but failed to cure its default by paying for WRHE's services. *See supra*, ¶ 7.

25. Based on the Debtors' post-petition failure to assume and cure defaults, WRHE's faculty have threatened to stop teaching and vendors have threatened to cut off services to WRHE. Critical expenses that have not been paid by the Debtors to faculty, vendors and third parties as required under the Funding Agreement in 2024.

26. Based on Debtors' post-petition failure to collaborate with the parties toward a sale or transfer of the Ohio Hospitals or take care of the budgeted expenses outlined in the Funding Agreement, WRHE has paid the budgeted expenses to prevent collapse of the training programs for residents and continuing medical education.  WRHE has not been reimbursed the budgeted expenditures that WRHE has paid notwithstanding the Debtors' financial responsibility for same under the Funding Agreement.

27. The nonpayment of faculty by the Trumbull Medical Center has already caused some faculty members to threaten resignation without payment. In short, the health of the entire residency training program and, thus, the treatment of patients at the Trumbull Medical Center, will be directly and severely impacted if the Debtors continue to avoid assumption and payment under the renewed Funding Agreement.

28. In sum, the Debtors, MPT and Cain Brothers have not fully complied with the Court's bidding procedures or fulfilled their duties to consult with state regulatory authorities prior to issuing the notice of closure.

**RELIEF REQUESTED BY THE OBJECTING PARTIES**

29. For the reasons set forth above, the objecting parties respectfully request the Court to grant them at least fifteen days to submit a bid to the Debtors and/or extend the time of the September 20, 2024 closure deadline to November 20, 2024.

30. The Debtors will not be prejudiced by the relief or extension requested herein but closing the Ohio Hospitals on September 20, 2024 will certainly prejudice the health care needs of Ohio patients and the community within which the hospitals operate and their closures will create an irreparable harm to the rural areas of this community as there are no other hospitals in the near vicinity.

Respectfully submitted,

*/s/ Duriya Dhinojwala*
Duriya Dhinojwala (0074982)
Brennan Manna & Diamond, LLC
75 E. Market Street
Akron, OH 44308
Phone: (330) 253-5790
Fax: (330) 472-5729
E-Mail: ddhinojwala@bmdllc.com
*Counsel for Interested Party Warren City Hospital, Inc.* (admitted *Pro Hac Vice*)

*Counsel for Interested Party City of Warren* (*Pro Hac Vice* admission pending)

*Counsel for Interested Party Trumbull County* (*Pro Hac Vice* admission pending)

*Counsel for Interested Party and Creditor Western Reserve Health Education, Inc.* (*Pro Hac Vice* admission pending)

8

      AND

WYATT, TARRANT & COMBS, LLP

*/s/ Daniel E. Hitchcock*
Daniel E. Hitchcock (88927)
250 West Main Street, Suite 1600
Lexington, KY  40507-1746
Telephone:  (859) 233-2012
Facsimile:  (859) 259-0649
Email:  courtalert@wyattfirm.com
      dhitchcock@wyattfirm.com
*Counsel for Western Reserve Health Education, Inc., admitted Pro Hac Vice*

## CERTICATE OF SERVICE

The undersigned hereby certifies that a copy of this Joint Objection was served by the Court's CM/ECF system on August 27, 2024, upon those parties who are entitled to service through that system.

WYATT, TARRANT & COMBS, LLP

*/s/ Daniel E. Hitchcock*
Daniel E. Hitchcock (88927)
250 West Main Street, Suite 1600
Lexington, KY  40507-1746
Telephone:  (859) 233-2012
Facsimile:  (859) 259-0649
Email:  courtalert@wyattfirm.com
      dhitchcock@wyattfirm.com

*Counsel for Western Reserve Health Education, Inc., admitted Pro Hac Vice*

AND

*/s/ Duriya Dhinojwala*
Duriya Dhinojwala (0074982)
Brennan Manna & Diamond, LLC
76  E. Market Street
Akron, OH 44308
Phone: (330) 253-5790
Fax: (330) 472-5729
E-Mail: dd@bmdllc.com

9

*Counsel for Interested Party Warren City Hospital, Inc.* (*Pro Hac Vice* admission granted)

*Counsel for Interested Party City of Warren* (*Pro Hac Vice* admission pending)

*Counsel for Interested Party Trumbull County* (*Pro Hac Vice* admission pending)

*Counsel for Interested Party and Creditor Western Reserve Health Education, Inc.* (*Pro Hac Vice* admission pending)

4887-4241-1229, v. 1