**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | Case No. 24-90213 (CML) |
| **LLC,** *et al.*, | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |
| | § | |

**NOTICE OF DESIGNATION OF SUCCESSFUL BID**
**AND PROPOSED SALE ORDER FOR ST. ELIZABETH'S**
**MEDICAL CENTER AND GOOD SAMARITAN MEDICAL CENTER**

**PLEASE TAKE NOTICE THAT:**

1.      On May 6, 2024, Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.

2.      On June 3, 2024, this Court entered the *Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief* (Docket No. 626) (the "**Bidding Procedures Order**") approving global bidding procedures (the "**Global Bidding Procedures**") in connection with the sale of substantially all of the Debtors' assets, including St. Elizabeth's Medical Center and Good Samaritan Medical Center (the "**BMC Hospitals**"), and granting other related relief.[2]

3.      On June 5, 2024, the Debtors filed the *Notice of Sale, Global Bidding Procedures, Auction and Sale Hearing* (Docket No. 689) (the "**Sale Notice**").

4.      On June 18, 2024, the Debtors filed the *Notice of Extension of Certain Deadlines and Dates Under the Bidding Procedures Order* (Docket No. 895) (the "**Extension Notice**"),

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.  The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2]     Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Bidding Procedures Order, the Global Bidding Procedures, and the Sale Notice (as defined herein), as applicable.

pursuant to which the Bid Deadline for the BMC Hospitals was **July 15, 2024 at 5:00 p.m. (Central Time)**.

<u>**Successful Bids**</u>

5.        The Debtors received a bid (the "**BMC Bid**") from BMC Community Hospital Corporation ("**BMC**") for St. Elizabeth's Medical Center and Good Samaritan Medical Center, and have determined that the BMC Bid is a "Qualified Bid" under the Global Bidding Procedures.

6.        The Debtors, after consultation with the Consultation Parties, have determined that the designation of the BMC Bid as the Successful Bid with respect to St. Elizabeth's Medical Center and Good Samaritan Medical Center is in the best interests of the Debtors and their estates.

7.        Filed with this Notice as <u>**Exhibit A**</u> is a summary of material terms of the BMC APA (as defined below).

8.        Filed with this Notice as <u>**Exhibit B**</u> is the proposed order approving the sale transaction for St. Elizabeth's Medical Center and Good Samaritan Medical Center (the "**BMC Sale Order**").  A final and executed asset purchase agreement for St. Elizabeth's Medical Center and Good Samaritan Medical Center (the "**BMC APA**") is attached to the BMC Sale Order as <u>**Exhibit 1.**</u>

<u>**Objection Deadlines**</u>

9.        The Sale Objection Deadline with respect to the BMC Hospitals is **<u>September 3, 2024 at 12:00 p.m. (Central Time)</u>**.

10.        The Adequate Assurance Objection Deadline with respect to the BMC Hospitals is **<u>September 13, 2024 at 11:59 p.m. (Central Time)</u>**.

<u>**Sale Hearing**</u>

11.        The Debtors filed various notices of adjournment (*see* Docket Nos. 1720, 1934, 1989, 2094, & 2193) adjourning the sale hearing for the BMC Hospitals.

12.        The hearing to consider approval of the sale of the BMC Hospitals will take place on **<u>September 4, 2024 at 10:00 a.m. (Central Time)</u>** before the Honorable Christopher M. Lopez, United States Bankruptcy Judge in Courtroom 401, 4th Floor, 515 Rusk Street, Houston, Texas 77002 (the "**Sale Hearing**").

13.        You may participate in the Sale Hearing either in person or by an audio and video connection.  Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 832-917-1510.  Once connected, you will be asked to enter the Conference Room Number.  Judge Lopez's Conference Room Number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The Meeting Code is "JudgeLopez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.

14.     Appearances must be made electronically in advance of the Sale Hearing.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.

### Additional Information

15.     If you have questions concerning the contents of this notice or the sale process, you should contact the representatives of the Debtors with whom you have previously been in contact or counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, Esq. (ray.schrock@weil.com), Candace M. Arthur, Esq. (candace.arthur@weil.com), and David J. Cohen, Esq. (davidj.cohen@weil.com)) and 700 Louisiana Street, Suite 37000, Houston, Texas 77002 (Attn: Clifford Carlson, Esq. (clifford.carlson@weil.com) and Stephanie N. Morrison, Esq. (stephanie.morrison@weil.com)).

16.     Copies of the BMC Sale Order, Bidding Procedures Order, and the Global Bidding Procedures may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent and administrative advisor, Kroll Restructuring Administration LLC, located at https://restructuring.ra.kroll.com/Steward.

### Reservation of Rights

17.     In accordance with the Bidding Procedures Order, the Debtors reserve the right to, in their reasonable business judgment, in a manner consistent with their fiduciary duties and applicable law, and in consultation with the Consultation Parties, modify the Global Bidding Procedures, waive terms and conditions set forth therein, extend the deadlines set forth therein, in each case, to the extent not materially inconsistent with the Global Bidding Procedures and the Bidding Procedures Order.

**<u>Certificate of Service</u>**

I hereby certify that on August 30, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


      */s/ Clifford W. Carlson*      
Clifford W. Carlson

## Exhibit A

**Summary of Material Terms**

## Material Terms of the BMC Asset Purchase Agreement

*The following chart contains a summary of certain material terms of the asset purchase agreement relating to the sale of St. Elizabeth's Medical Center and Good Samaritan Medical Center (the "**APA**").  The summary set forth below does not contain all of the terms of the APA and should not be used or relied upon as a substitute for the full terms and conditions set forth in the APA. The summary of the APA contained herein is qualified in its entirety by the actual terms and conditions thereof.  To the extent that there is any conflict between such summary and such actual terms and conditions, the actual terms and conditions shall control. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the APA.*

| MATERIAL TERMS OF THE APA | |
|---|---|
| **Parties** | **Sellers**: Sale of assets of Steward Good Samaritan Medical Center, Inc. and Steward St. Elizabeth's Medical Center of Boston, Inc. (collectively, "Seller")<br><br>**Buyer**: BMC Community Hospital Corporation ("Buyer") |
| **Purchase Price** | (i) $140M plus/minus (ii) Purchased Working Capital (Purchased Working Capital amount to not be less than $3,520,113.49 for purposes of the Purchase Price calculation) plus / minus (iii) any Apportioned Taxes minus (iv) any amount payable to MPT in connection with the closing of the transactions contemplated under the MPT Purchase Agreement, which amount shall be equal to $130,582,446.44. |
| **Escrow Deposit** | N/A |
| **Financing** | Buyer to receive funding support from the Commonwealth of Massachusetts and to arrange debt financing in connection with the transactions contemplated by both the APA and the MPT Purchase Agreement. |
| **Termination** | The APA may be terminated by:<br><br>• By mutual consent of Buyer and Seller;<br><br>• By either Buyer or Seller if the closing does not occur by September 30, 2024;<br><br>• By either Buyer or Seller upon the other party's uncured breach of the Agreement;<br><br>• By either Buyer or Seller if Buyer is not the winning or back-up bidder at the auction;<br><br>• By Seller or Buyer upon the following occurring: (i) Seller enters into a definitive agreement with respect to a competing bid or (ii) the Bankruptcy Court enters an order approving a competing bid, in either case of (i) or (ii), other than with the winning bidder or back-up bidder at the auction;<br><br>• By Seller if its board of directors determines that its continued performance under the Agreement would be inconsistent with its fiduciary duties under applicable law;<br><br>• by either Buyer or Seller if any governmental authority issues or enters any order, enacts any law or takes any other action which, in any such case, permanently restrains, enjoins or otherwise prohibits the consummation of all or any of the contemplated transactions;<br><br>• By Seller if the MPT Purchase Agreement is terminated;<br><br>• By Seller if (i) the Buyer's closing conditions have been satisfied, (ii) Seller is prepared to complete the closing, (iii) Seller provides Buyer with notice of (i) and (ii), and (iv) Buyer does not complete the closing within three (3) Business Days; and<br><br>• By Seller upon delivery of written notice to Buyer from and after August 31, 2024 or any such later date, if Seller does not have, and has not obtained, sufficient funding from a third party to continue operating the Business. |
| **Purchased Assets and Assumed Liabilities** | • All tangible assets located at the Facilities primarily used in the operation of the facilities (the "Business").<br><br>• All intangible assets exclusively used in the Business.<br><br>• All leased real property exclusively used in the Business (excluded the existing MPT Lease).<br><br>• All liabilities in respect of Assumed Paid Time Off.<br><br>• All liabilities in respect of the Assumed Contracts and Leases arising on or after Closing. |
| **Excluded Assets and Liabilities** | • All contracts other than those designated by Buyer prior to the Sale Auction.<br><br>• Assets and operations pertaining to the Uniformed Services Family Health Plan ("USFHP") pharmacy.<br><br>• All pre-closing employee obligations, including Deferred Compensation Plan liabilities (but excluding Assumed Paid Time Off).<br><br>• Cure costs. |
| **Representations and Warranties** | • Customary representations, warranties or covenants for transactions of this type.<br><br>• No representations, warranties or covenants of any party will survive closing, except for any covenant that by its terms is to be performed (in whole or in part) by a party following the closing. |
| **Restrictive Covenants** | For 3 years after the Closing Date, Seller and Seller's Affiliates shall not:<br><br>• engage in the business currently conducted by Seller in City of Boston and the City of Brockton (the "Restricted Area"); provided, such restriction does not apply to any of Seller's or its affiliates' existing operations not otherwise in the contemplated transaction, and any acquisition or other corporate transaction by Seller or any Seller affiliate whereby Seller or any Seller Affiliate, acquires a business that is engaged in the restricted business so long as such business only amounts to no more than 10% of the revenues of such acquired business. |

| | |
|---|---|
| | • solicit or hire any officer, director, manager, employee or independent contractor of Buyer who primarily provides services to the acquired facility and works and resides in the Restricted Area, and will not cause any of the Seller's employees hired by Buyer at closing to subsequently leave the employ of Buyer. |
| **Closing Conditions** | <u>Mutual Conditions</u><br>• Continued accuracy of representations and warranties (except, solely with respect to non-Fundamental Representations, where such inaccuracy would not cause a Material Adverse Effect);<br>• Parties have materially performed and complied with pre-Closing covenants;<br>• All required governmental approvals have been obtained;<br>• No governmental orders restraining or prohibiting the closing of the transaction;<br>• Delivery of all closing documents; and<br>• Bankruptcy Court has entered the Sale Order (and such Sale Order is not subject to any stay).<br><br><u>Buyer Conditions</u><br>• Any updates to the Seller's disclosure schedules are acceptable to Buyer;<br>• The MPT Purchase Agreement shall have become effective concurrently with the Closing;<br>• Solely with respect to the St. Elizabeth's Medical Center Facility, MPT, the Commonwealth of Massachusetts and Buyer shall have reached satisfactory arrangements (which may include consensual agreement to taking by eminent domain) pursuant to which Buyer shall receive at Closing either (1) good and marketable title subject to only such Encumbrances as are reasonably acceptable to Buyer to the properties relating to St. Elizabeth's Medical Center or (2) such other arrangements the Commonwealth and Buyer, in form and manner reasonably satisfactory to Buyer, relating to St. Elizabeth's Medical Center and allowing Buyer to legally operate the Facilities located on such properties;<br>• Updated disclosure schedules are acceptable to Buyer in its discretion;<br>• Buyer has received satisfactory funding support from Massachusetts to ensure sustained community access and relevant healthcare services at the Facilities;<br>• Buyer shall have satisfactorily completed its due diligence (in its sole discretion) on a specified list of due diligence items;<br>• The Tail Insurance Coverage shall be in effect prior to or as of the Closing;<br>• Buyer and Seller shall have entered into the Transition Services Agreement;<br>• Buyer shall have reached satisfactory agreement with RCAB with respect to transition matters;<br>• The Assumed CBAs shall have been amended to eliminate inapplicable references to "Steward Health", provisions that apply to Seller's facilities, operations, and businesses other than the Purchased Assets, and other inapplicable terms;<br>• To the extent necessary, Buyer will have received satisfactory third-party financing; and<br>• The DOJ false claims act case shall be dismissed with prejudice.<br><br><u>Seller Conditions</u><br>• Buyer is not in receivership or dissolution, has not made any assignment for the benefit of creditors, has not admitted in writing its inability to pay its debts as they mature, has not been adjudicated bankrupt and has not filed a petition in voluntary bankruptcy, a petition or answer seeking reorganization, or an arrangement with creditors under the federal bankruptcy law or any other similar law;<br>• The MPT Purchase Agreement shall be in full force and effect, all closing conditions thereunder shall have been satisfied or waived, and the transactions contemplated under such agreement shall be consummated concurrently with the Closing; and<br>• The Purchase Price is either (a) equal to or greater than the Seller Transaction Expenses or (b) if the Seller Transaction Expenses are greater than the Purchase Price paid to Seller at Closing, Seller has received sufficient funds from Sellers' lenders or other third-party(ies) at Closing to pay the remainder of such Seller Transaction Expenses. |
| **Specific Performance** | Either party has the right to seek specific performance for breaches or threatened breaches, and to enforce the terms and provisions, of the APA. |
| **Assigned Contracts** | Buyer will have the right to designate Executory Contracts (incl. leases) listed on the Available Contract Schedule until two (2) Business Days prior to the Closing Date. |
| **Employee Matters** | • No later than ten (10) Business Days before the closing, Buyer shall make offers of employment to all of Seller's employees who are part of the operation of the Business.<br>• For a period of 12 months after closing, Buyer shall provide at least the same salary, wages, incentive compensation opportunities, benefits and responsibilities to all employees hired by Buyer. |

| | |
|---|---|
| | • Buyer must honor service credit and seniority level of all employees hired by Buyer. |
| | • Buyer to assume accrued PTO for all hired employees. |
| **Seller Transaction Expenses** | • Apportioned Taxes allocated to Sellers; |
| | • Cure Costs; |
| | • Transfer Taxes apportioned to Seller; |
| | • Any Prorated Amounts related to utilities servicing the Facilities; |
| | • All amounts necessary to discharge (i) with respect to the Leased Real Property, any Liens or Encumbrances that are not Permitted Encumbrances or (ii) with respect to the MPT Real Property, any mortgages, security interests, encumbrances, liens, Tax or assessment liens affecting such MPT Real Property that are (A) not encumbrances that are permitted to survive the closing of the purchase by Buyer of the MPT Real Property under the MPT Purchase Agreement and (B) not otherwise paid or required to be paid by MPT under the MPT Agreement; |
| | • Costs and expenses of the third-party Inventory count apportioned to Seller; |
| | • Any amounts payable by Seller in respect of post-Closing Net Working Capital adjustments; |
| | • Any amounts payable in respect of CMS or other government provider settlements; |
| | • Any accrued payroll or other Seller Employee obligations with respect to the pre-Closing period; and |
| | • Seller's legal, accounting, and other professional fees and expenses in connection with the Contemplated Transaction and Chapter 11 Cases. |

**<u>Exhibit B</u>**

**BMC Sale Order and APA**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | Case No. 24-90213 (CML) |
| **LLC**, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**ORDER (I) AUTHORIZING AND APPROVING
(A) THE SALE OF THE DEBTORS' ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS
AND (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; AND (II) GRANTING RELATED RELIEF**

Upon the *Emergency Motion of Debtors for Entry of Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief*, dated May 15, 2024 (Docket No. 281) (the "**Motion**"),[2] filed by the above-referenced debtors and debtors in possession (collectively, the "**Debtors**") seeking, among other things, entry of an order (this "**Order**") (i) authorizing the sale of the Purchased Assets (as defined in the APA) free and clear of all Liens, Claims, Encumbrances, and Interests (as defined herein) and assumption of Assumed Liabilities (as defined in the APA), except as otherwise provided in that certain *Asset Purchase Agreement*, dated as of [●], 2024 (together with all other agreements, documents,

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.  The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the APA (as defined herein), as applicable.

instruments, deliverable thereunder or attached thereto or referenced therein, and as may be amended, modified, or supplemented, the "**APA**") by and among one or more Debtors and BMC Health System, Inc. (the "**Buyer**"), and such sale, the "**Sale Transaction**"), with liens to attach to the proceeds of the Sale Transaction, (ii) authorizing the assumption and assignment of certain executory contracts and certain non-executory contracts, including those identified on Schedule [●] of the APA, as such schedules and sections of the APA may be modified or amended in accordance with the APA and this Order (the "**Assigned Contracts**"); and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the *Declaration of James Moloney in Support of Emergency Motion of Debtors for Entry of Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief* (Docket No. 425), the *Declaration of Toby King in Support of Emergency Motion of Debtors for Entry of Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief* (Docket No. 426), the *Declaration of John R. Castellano in Support of the Sales of Massachusetts Hospitals Free and Clear of Liens and Liabilities; and Granting Related Relief* (Docket No. [●]) and the *Declaration of James Moloney in Support of (I) the Sales of (A) Morton Hospital, (B) Saint Anne's Hospital, and (C) Good Samaritan Medical Center, Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief]* (Docket

No. [●]) (collectively, the "**Sale Declarations**"); and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having entered the *Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief* (Docket No. 626) (the "**Bidding Procedures Order**"); and the Debtors having determined that the highest or otherwise best offer for the Purchased Assets was made by the Buyer pursuant to the APA (such offer, the "**Successful Bid**"); and the Debtors having filed and served the *[Notice of Successful Bidder]* (Docket No. [●]) naming the Buyer the Successful Bidder for the Purchased Assets; and upon the Buyer and one or more Debtors having agreed to the terms of the APA with respect to the Sale Transaction; and the Court having conducted a hearing on [●], 2024 (the "**Sale Hearing**") to consider the relief requested in the Motion as set forth in this Order; and all parties in interest having been heard or having had the opportunity to be heard regarding the Motion, the Sale Transaction, the APA, and all relief set forth herein; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled on the merits; and upon the record of the Sale Hearing and all of the proceedings had before this Court; and the Court having determined that the legal and factual basis set forth in the Motion establish just cause

for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary, it is HEREBY FOUND AND DETERMINED THAT:

A.     **Findings and Conclusions.**  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     **Jurisdiction.**  The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of Texas, dated May 24, 2012.  Without limiting the generality of the foregoing, this Court has exclusive *in rem* jurisdiction over the Purchased Assets pursuant to 28 U.S.C. § 1334(e), as such Purchased Assets are property of the Debtors' chapter 11 estates, and, as a result of such jurisdiction, this Court has all necessary power and authority to grant the relief contained herein. This is a core proceeding within the meaning of 28 U.S.C. § 157(b), and as such, this Court has the authority to enter a final order.

C.     **Venue.**  Venue of these chapter 11 cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

D.     **Statutory Predicates.**   The statutory and legal predicates for the relief requested in the Motion are sections 105, 363, and 365 of the Bankruptcy Code, and Rules 2002, 6004, 6006, 9007, 9008, and 9014 of the Bankruptcy Rules, and the Complex Case Procedures.

E.     **Global Bidding Procedures and Designation of Stalking Horse Bidder.** On June 3, 2024, the Court entered the Bidding Procedures Order approving, among other things, (i) the Global Bidding Procedures (as defined in the Motion); (ii) authorizing the Debtors to designate one or more stalking horse bidders (each, a "**Stalking Horse Bidder**" and, each such bidder's bid, a "**Stalking Horse Bid**") and offer each such Stalking Horse Bidder certain bid protections as set forth in the Global Bidding Procedures (collectively, the "**Stalking Horse Bid Protections**"); (iii) scheduling Auctions of the Assets (each as defined in the Motion), (iv) scheduling Sale Hearings to consider the sale of the applicable Assets, (v) authorizing and approving (1) notice of Auctions, sales of the Assets, and the Sale Hearings, substantially in the form attached to the Bidding Procedures Order as <u>Exhibit 2</u> (the "**Sale Notice**"); and (2) notice to each non-Debtor counterparty (each, a "**Counterparty**") to an executory contract or unexpired non-residential real property lease of the Debtors that the Debtors propose to assume and assign to a particular Successful Bidder setting forth the Debtors' calculations of the amount necessary to cure any monetary defaults under such Assigned Contract (the "**Cure Costs**"), substantially in the form attached to the Bidding Procedures Order as <u>Exhibit 3</u> (the "**Cure Notice**"); (vi) authorizing and approving procedures for the assumption and assignment of the Assigned Contracts and determination of Cure Costs with respect thereto (collectively, the "**Assumption and Assignment Procedures**"); and (vii) granting related relief.  The Global Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders and afforded notice and a full, fair and reasonable opportunity for any person to make a higher or otherwise better offer to purchase the

Purchased Assets.  The Debtors conducted the sale process of the Purchased Assets without collusion and in accordance with the Global Bidding Procedures.

F.     **Notice and Opportunity to Object.**  As evidenced by the certificates of service previously filed with the Court (Docket Nos. 774, 858, 1035, and [●]), and as demonstrated by the evidence presented at the Sale Hearing, proper, timely, adequate, and sufficient notice of the Motion, the contracts to be potentially assumed and assigned in connection with the Sale Transaction, including the Assigned Contracts, the Sale Hearing, the Sale Transaction, and the deadlines related thereto was provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014 and in compliance with the Bidding Procedures Order, to each party entitled to such notice, including, as applicable: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Junior DIP Lender, Prepetition MPT Secured Party, and MPT Lessors, KTBS Law LLP, 1801 Century Park E #2600, Los Angeles, California 90067 (Attn: Thomas E. Patterson, Esq. and Sasha M. Gurvitz, Esq.); (c) counsel to the ABL Lenders, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn:  Kristopher M. Hansen, Esq., Christopher Guhin, Esq., Jeff Lowenthal, Esq., and Brian Kelly, Esq.); (d) counsel to Siemens Financial Services, Inc., Otterbourg P.C., 230 Park Avenue, New York, New York 10169 (Attn: Andrew Kramer, Esq.); (e) counsel to the FILO DIP Lenders and the FILO Lenders, Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Dennis Dunne, Esq., Michael Price, Esq., Andrew Harmeyer, Esq., and Brian Kinney, Esq.); (f) counsel to the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Brad M. Kahn, Esq., Sarah Link Schultz, Esq., Iain Wood, Esq., and Erica D. McGrady, Esq.); (g) counsel to the Buyer, Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, IL

60654 (Attn: Ross M. Kwasteniet, P.C.; Dan Latona); (h)  all entities known to have asserted any Lien, Claim, Encumbrances, Interest in or against the Purchased Assets; (i) all entities that have, to the best of the Debtors' management and advisors' knowledge, expressed written interest in consummating the Sale Transaction with respect to the Purchased Assets within the past twelve (12) months; (j) all other known parties with any interest in the Purchased Assets; (k) all known creditors of the Debtors, including contract counterparties; (l) the Securities and Exchange Commission; (m) the Internal Revenue Service; (n) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules; (o) all state attorneys' general in states where the Purchased Assets are located; (p) municipalities in which the Purchased Assets are or will be located as at Closing (as defined below); (q) all affected federal, state, and local regulatory and taxing authorities; (r) those parties entitled to notice pursuant to Local Rule 9013-1(d); and (s) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002.  With respect to entities whose identities are not reasonably ascertained by the Debtors, publication of the Sale Notice (as defined below) in the *Boston Globe*, *Houston Chronicle*, *The New York Times*, and [●] on [Date], 2024, and on the website maintained by Kroll Restructuring Administration LLC, the Debtors' claims and noticing agent in these chapter 11 cases, located at https://restructuring.ra.kroll.com/Steward on [●], 2024, as evidenced by the *Certificate of Publication* at Docket No. [●], was, and is deemed, sufficient and reasonably calculated under the circumstances to reach such entities.  *See Certificate of Publication* (Docket No. [●]).  The notices described above and in the Motion and Bidding Procedures Order were good, sufficient, and appropriate under the circumstances and reasonably calculated to reach and apprise all known and unknown holders of the Liens, Claims, Encumbrances, and Interests, and no other or further notice of the Motion, the Sale, the Sale

Hearing, the potential assumption and assignment of the Assigned Contracts, or the related Cure Costs is, or shall be, required.

   G. Service and publication of the Sale Notice (as defined below) was provided to all parties in interest, including those with alleged approval or consent right or anti-assignment provision (including any provisions that purport to give termination rights to a contract counterparty on account of the sale, disposition, transfer, or closure by the Debtors of the Debtors' property or assets) contained in an Assigned Contract ("**Consent Rights**") with a reasonable and adequate opportunity to object.

   H. The Sale Notice, substantially in the form attached to the Bidding Procedures Order as Exhibit 2, provided all interested parties with timely and proper notice of the Sale, Bid Deadline, and Sale Hearing.  A reasonable opportunity to object and/or to be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to the Bankruptcy Code and the Bankruptcy Rules.  Accordingly, no further notice of the Motion or the Sale Hearing is necessary or required.

   I. The Debtors served the Cure Notice, substantially in the form attached to the Bidding Procedures Order as Exhibit 3, and the Supplemental Cure Notices (as defined in the Motion) on all parties required to receive such notice under the Bidding Procedures Order, and such parties have been afforded a reasonable and fair opportunity to file an objection to the assumption and/or assignment of any Assigned Contracts, including any proposed Cure Costs set forth on the Cure Notice (each, a "**Cure Objection**") and to the provision of adequate assurance of future performance by the Buyer (each, an "**Adequate Assurance Objection**", and together with a Cure Objection, a "**Contract Objection**").

J.      The notice described in the foregoing paragraphs is good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Global Bidding Procedures, the assumption and/or assignment of the Assigned Contracts, the Sale Hearing, the Sale Transaction, the Cure Costs, the deadlines to submit Contract Objections, the deadline to submit objections to the Sale Transaction, and all other deadlines related thereto is or shall be required.

K.      **Assets Property of the Estate.**  The Purchased Assets sought to be sold and assigned by the Debtors to the Buyer pursuant to the APA are property of the Debtors' estates and title thereto is vested in the Debtors' estates.

L.      **Sufficiency of Marketing.**  As demonstrated by the Motion, the Sale Declarations, and the evidence set forth at the Sale Hearing, the Debtors and their professionals adequately marketed the Purchased Assets and conducted the marketing and sale process as set forth in and in accordance with the Motion and the Global Bidding Procedures.  The sale process and the Global Bidding Procedures were non-collusive, duly noticed, fair and open and provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Purchased Assets.  The process conducted by the Debtors pursuant to the Bidding Procedures Order obtained the highest or otherwise best value for the Purchased Assets, and there was no other transaction available or presented that would have yielded a higher or better result for the Purchased Assets. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective Bidders have been afforded a reasonable and fair opportunity to bid for the Purchased Assets or file a Contract Objection and/or an objection to the Sale Transaction.  The marketing and sale process undertaken by the Debtors and their professionals and each of their respective agents and other representatives with respect to the Purchased Assets has been adequate and appropriate

and reasonably calculated to maximize the value for the benefit of all of the Debtors' stakeholders in all respects.

M.     **Highest or Otherwise Best Offer.**  Pursuant to the APA and as further described below, the Buyer has offered to purchase the Purchased Assets from one or more Debtors in exchange for (i) $[8,000,000.00] in cash and (ii) the assumption of the Assumed Liabilities (as defined in the APA).  In connection with the APA and the transactions contemplated therein, the Buyer has offered to purchase the real property underlying the Purchased Assets for $[●] pursuant to that certain *Agreement for Purchase and Sale of Real Estate*, dated as of August [●], 2024 by BMC Health System, Inc., a Massachusetts not-for-profit corporation, and Acrefi CS U, LLC, a Delaware limited liability company (the "**PSA**").

N.     The Debtors determined, in a valid and sound exercise of their business judgment and following consultation with their financial and legal advisors and a robust and extensive marketing process, the transactions contemplated by the APA represented the highest or otherwise best bid.  Therefore, the Buyer's bid was designated the Successful Bid for the Purchased Assets.  The Global Bidding Procedures have been complied with in all respects by the Debtors and the Buyer and afforded a full, fair, and reasonable opportunity for any entity or person to make a higher or otherwise better offer for the Purchased Assets.

O.     The Debtors have demonstrated that (i) the Successful Bid as reflected in the APA is the highest or otherwise best offer for the Purchased Assets, (ii) the APA and the closing thereon presents the best opportunity to realize the maximum value of the Purchased Assets, and (iii) the Debtors' entry into the APA and consummation of the Sale Transaction (the "**Closing**", and the date of such Closing, the "**Closing Date**") is a sound exercise of the Debtors' business judgment.

P.      **APA.**  On [●], 2024, the Debtors filed the [*Notice of Filing of Asset Purchase Agreement by and among the Debtors and BMC Health System, Inc.*] (Docket No. [●]). A copy of the APA is attached hereto as **<u>Exhibit 1</u>**.

Q.      **Business Justification; Fiduciary Duties.**  The Debtors have demonstrated that entry into and consummation of the transactions contemplated by the APA constitute the exercise by the Debtors of sound business judgment, and such acts are in the best interests of the Debtors, their estates, and creditors, and all parties in interest.  The Court finds that the Debtors have articulated good and sufficient business reasons justifying the sale of the Purchased Assets to the Buyer pursuant to the terms and conditions set forth in the APA.

R.      The Debtors have demonstrated that it is an exercise of their sound business judgment to assume and assign the Assigned Contracts to the Buyer in connection with the consummation of the Sale Transaction, and the assumption and assignment of the Assigned Contracts is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, subject to the requirements applicable to any Disputed Contracts (as defined and described below).  The Assigned Contracts being assigned to the Buyer are an integral part of the Sale Transaction and, accordingly, their assumption and assignment is reasonable and an enhancement to the value of the Debtors' estates.

S.      The Debtors' decision to enter into the APA and consummate the Sale Transaction constitutes a proper exercise of the fiduciary duties of the Debtors and their directors, managers, and officers.  Because the entry into and consummation of the APA constitutes the exercise by the Debtors of sound business judgment, the Debtors, their respective current and former members, managers, officers, directors, employees, advisors, professionals or agents, shall have or incur no liability to the estates or any holder of a Claim against or Interest in the Debtors

for any act or omission in connection with, related to, or arising out of the negotiations of the APA or the consummation of the Sale Transaction contemplated thereunder, other than liability of the Debtors arising out of or relating to any willful misconduct or fraud, in each case as determined by a court of competent jurisdiction.

T.     **Corporate Authority.**  Upon entry of this Sale Order, the Debtors (i) have the corporate or other organizational power and authority necessary to execute the APA and all other documents contemplated thereby, (ii) have all of the power and authority necessary to consummate the Sale Transaction, and (iii) have taken all corporate or other organizational action necessary to authorize and approve the APA and any actions required to be performed by the Debtors to consummate the Sale Transaction.  Upon the entry of this Sale Order, no further consents or approvals of the Debtors are required for the Debtors to consummate the Sale Transaction.

U.     **Arm's-Length Sale and Buyer's Good Faith.**  The APA was negotiated and is undertaken by the Debtors and the Buyer at arm's length, without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code.   The Buyer (i) recognizes that the Debtors were free to deal with any other party interested in acquiring the Purchased Assets, (ii) complied with the Bidding Procedures Order in all respects, and (iii) willingly subjected its bid to the competitive Global Bidding Procedures with respect to the Purchased Assets.  All payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale Transaction, including the purchase of the real property underlying the Purchased Assets,  have been disclosed, and the Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction.  As a result of the foregoing, the Buyer is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code,

and as such, is entitled to all of the protections afforded thereby, including in the event this Order

or any portion thereof is reversed or modified on appeal.

        V.     **No Fraudulent Transfer.**  The total consideration provided by the Buyer

pursuant to the APA constitutes reasonably equivalent value and fair consideration under the

Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act,

and any other applicable law, and may not be avoided under section 363(n) of the Bankruptcy

Code or any other applicable law.  The APA was not entered into, and the Sale Transaction is not

being consummated, for the purpose of hindering, delaying or defrauding creditors of the Debtors

under the Bankruptcy Code or under the laws of the United States, any state, territory, possession

thereof, or the District of Columbia, or any other applicable law.  Neither the Debtors nor the Buyer

has entered into the APA or is consummating the Sale Transaction with any fraudulent or otherwise

improper purpose.

        W.     **Free and Clear Transfer Required by Buyer**.  The Buyer would not have

entered into the APA and would not consummate the Sale Transaction, thus adversely affecting

the Debtors, their estates, their creditors, their employees, and other parties in interest, if the sale

of the Purchased Assets was not free and clear of the Liens, Claims, Encumbrances, and Interests

(other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA)

or if the Buyer would be liable for such Liens, Claims, Encumbrances, and Interests, including,

without limitation and as applicable, liabilities that are not expressly assumed by the Buyer as set

forth in the APA or pursuant to this Order.  In closing the Sale Transaction, the Buyer shall be

deemed to have materially relied on findings and decrees in this Order.

        X.     The transfer of the Purchased Assets and the Sale Transaction is a legal,

valid, and effective transfer of all of the legal, equitable, and beneficial right, title, and interest in

and to the Purchased Assets free and clear of the Liens, Claims, Encumbrances, and Interests, except for Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA.

Y.     **Satisfaction of Section 363(f) Standards.**  The Debtors are authorized to sell the Purchased Assets free and clear of the Liens, Claims, Encumbrances, and Interests, other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA (with such Liens, Claims, Encumbrances, and Interests attaching to the proceeds with the same nature, validity, priority, extent, perfection, and force and effect that the Liens, Claims, Encumbrances, and Interests encumbered the Purchased Assets immediately prior to the entry of this Order) because, with respect to each creditor or other person or entity asserting a Lien, Claim, Encumbrance, or Interest, including but not limited to CMS or any Governmental Authority (as defined in the APA), one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied.  Each creditor or other person or entity asserting a Lien, Claim, Encumbrances, or Interest in the Purchased Assets, including but not limited to CMS or any Governmental Authority, (i) has, subject to the terms and conditions of this Order, consented to the Sale Transaction or is deemed to have consented to the Sale Transaction, (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Lien, Claim, Encumbrance, or Interest, or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.  Those holders of the Liens, Claims, Encumbrances, and Interests who did not object (or who ultimately withdrew their objections, if any) to the Sale Transaction or the Motion are deemed to have consented to the Motion and Sale Transaction pursuant to section 363(f)(2) of the Bankruptcy Code.

Z.     **No Successor Liability.**  Neither the Buyer nor any of their affiliates are successors to the Debtors or their estates by reason of any theory of law or equity, and neither the

Buyer nor any of their affiliates shall assume or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates except to the extent explicitly provided in the APA.  Without limiting the generality of the foregoing, and except as otherwise expressly provided herein or in the APA, neither the Buyer nor any of their affiliates shall be liable for any claims against the Debtors or any of their predecessors or affiliates (including claims relating to the Provider Agreements for services rendered or amounts paid to the Debtors prior to Closing, subject to paragraph 17 hereof (solely with respect to the Medicare Provider Agreements), and the Buyer shall have no successor or vicarious liabilities of any kind or character, including, without limitation, under any theory of antitrust, successor or successor employer liability (including any obligations pursuant to COBRA) with respect to any employee benefit plan as defined in Section 3(3) of ERISA, environmental, successor, strict or transfer liability, labor law (including relating to any labor unions or collective bargaining agreements), de facto merger, mere continuation, or substantial continuation, whether known or unknown as of Closing, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, without limitation, liabilities on account of warranties, intercompany loans, receivables among the Debtors and their affiliates, environmental liabilities, claims relating to the Provider Agreements for services rendered or amounts paid to the Debtors prior to Closing (subject to paragraph 17 hereof (solely with respect to the Medicare Provider Agreements)), any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Purchased Assets prior to the Closing.  The Buyer  is not, and the consummation of the Sale Transaction will not render the Buyer, a mere continuation, and the Buyer is not holding itself out as a mere continuation, of any of the Debtors or their respective estates, enterprise, or operations, and there is no continuity or common identity

between the Buyer and the Debtors.  Accordingly, the Sale Transaction does not amount to a consolidation, merger, or de facto merger of the Buyer or with or into any of the Debtors or their estates and the Buyer is not, and shall not be deemed to be, a successor to any of the Debtors or their estates as a result of the consummation of the Sale Transaction.

AA.  **Assigned Contracts.**  Subject to paragraph 17 hereof (solely with respect to the Medicare Provider Agreements), each and every provision of the Assigned Contracts or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any Assigned Contract has been or will be satisfied or is otherwise unenforceable under section 365 of the Bankruptcy Code.  All counterparties of the Assigned Contracts that did not or do not timely file an objection to the assumption and assignment of the Assigned Contract(s) to which they are a counterparty are deemed to consent to the assumption and assignment by the Debtors of their Assigned Contract to the Buyer, and the Buyer shall enjoy all of the rights and benefits under each such Assigned Contract as of the applicable date of assumption and assignment without the necessity of obtaining such non-Debtor party's consent to the assumption or assignment thereof.  All counterparties of the Assigned Contracts for which the deadline to file a Contract Objection has not passed as of the date of entry of this Order, and that did not or do not timely file such an objection prior to the applicable deadline, shall be deemed to consent to the assumption and assignment by the Debtors of their Assigned Contract to the Buyer effective as of the Closing Date, and the Buyer shall enjoy all of the rights and benefits under each such Assigned Contract as of the applicable date of assumption and assignment without the necessity of obtaining such non-Debtor party's consent to the assumption or assignment thereof.  If a Cure Objection timely filed with respect to an Assigned Contract cannot be resolved by the parties prior to the Closing of the Transaction, the Debtors may

assume and assign the applicable Contract(s) or Lease(s) pending resolution of the Cure Objection in accordance with and subject to paragraphs [23-24] of this Order.  Upon the assignment of the Assigned Contracts to the Buyer in accordance with the terms of the APA, the Assigned Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order, and shall be assigned and transferred to the Buyer, notwithstanding any provision in the Assigned Contracts prohibiting or otherwise restricting assignment or transfer, and the Debtors, their estates, or any of their affiliates, predecessors, successors, or assigns, shall have no further liability or obligation under the Assigned Contracts.  To the extent any Assigned Contract (other than a Medicare Provider Agreement, which will be transferred to the Buyer in accordance with paragraph 17 hereof) is not an executory contract within the meaning of section 365 of the Bankruptcy Code, it shall be transferred to the Buyer in accordance with the terms of the APA and, other than with respect to Assumed Liabilities, the Buyer shall not have any liability or obligation for any (i) defaults or breaches under such agreement that relate to acts or omissions that occurred in the period, or otherwise arose, prior to the Closing Date and (ii) claims, counterclaims, offsets, or defenses (whether contractual or otherwise, including, any right of recoupment) with respect to such Assigned Contract, that relate to any acts or omissions that arose or occurred prior to the Closing Date.

BB.    **Cure Costs and Adequate Assurance.**  Pursuant to the APA, the Cure Costs will be paid by the Seller in accordance with the terms of the APA.  The Buyer has demonstrated adequate assurance of future performance of each Assigned Contract within the meaning of section 365 of the Bankruptcy Code that is assumed by the Buyer or any of its permitted assignees to which such Assigned Contract is assumed and assigned by the Debtors, including by providing the Adequate Assurance Information (as defined in the Bidding Procedures Order) and

a promise to perform the Debtors' obligations under such Assigned Contract for periods at or after the Closing (as defined in the APA). The Cure Costs are deemed the amounts necessary to "cure" (within the meaning of section 365(b)(l) of the Bankruptcy Code) all "defaults" (within the meaning of section 365(b) of the Bankruptcy Code) under such Assigned Contracts that are assumed. The Seller's payment of Cure Costs in accordance with the terms of the APA and promise under the APA to perform the obligations under the Assigned Contracts as of the Closing, after the Closing Date, shall constitute adequate assurance of future performance under such Assigned Contracts. Subject to paragraph [21] of this Order and the requirements applicable to any Disputed Contracts, as set forth in Section 1.5(e) of the APA, any objections to the Cure Costs, to the extent not otherwise resolved, are hereby overruled. To the extent that any counterparty failed to timely object to its Cure Cost or to raise any other alleged default or breach of contract, such counterparty is deemed to have consented to such Cure Cost and to the assignment of its respective Assigned Contract(s) to the Buyer and to have waived any other defaults or breaches. The Court finds that with respect to all Assigned Contracts, the payment of the Cure Costs as provided in the APA is reasonable and appropriate and is deemed to fully satisfy the Debtors' obligations under sections 365(b) and 365(f) of the Bankruptcy Code. Accordingly, all of the requirements of sections 365(b) and 365(f) of the Bankruptcy Code have been satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Buyer, of each Assigned Contract to be assumed and assigned to the Buyer as of Closing.

CC. **Assets Assignable.** Subject to paragraph 17 hereof (solely with respect to the Medicare Provider Agreements), each and every provision of the documents governing the Purchased Assets or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any of the

Purchased Assets, if any, have been or will be satisfied or are otherwise unenforceable under sections 363 or 365 of the Bankruptcy Code, as applicable.

DD.   **Time of the Essence.**   Time is of the essence in consummating the Sale Transaction and each of the transactions contemplated thereby.  In order to maximize the value of the Purchased Assets, it is essential that the Sale Transaction and each of the transactions contemplated thereby occur within the time constraints set forth in the APA.  Good and sufficient reasons for approval of the APA have been articulated by the Debtors.  Upon the entry of this Order, the Debtors and the Buyer, being a good faith purchaser under section 363(m) of the Bankruptcy Code, may close the Sale Transaction and each of the transactions contemplated by the APA at any time after entry of this Order and subject to the terms and conditions of the APA.

EE.   **No Sub Rosa Plan.**  The APA and the Sale Transaction do not constitute a *sub rosa* chapter 11 plan.  The APA neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates a chapter 11 plan for the Debtors.

FF.   **Final Order; Immediate Effect.**   This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and, sufficient cause having been shown, waives any such stay, and expressly directs entry of judgment as set forth herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.   **Objections Overruled.**  All objections, statements, and reservations of rights, if any, with regard to the relief sought in the Motion that have not been withdrawn, waived,

settled, or otherwise dealt with herein are hereby overruled on the merits, with prejudice.  All objections, statements, and reservations of rights, to the entry of this Order or to the relief granted herein that were not timely filed are hereby forever barred.

2.     **Approval of Sale Transaction.**  Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Motion is granted and the relief requested therein with respect to the Sale Transaction is granted and approved in its entirety, and the APA is hereby approved.  The Debtors have satisfied all requirements of sections 363(b) and 363(f) of the Bankruptcy Code, and all other requirements and standards applicable to a sale outside the ordinary course of business, free and clear of the Liens, Claims, Encumbrances, and Interests.

3.     Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to take any and all reasonable actions necessary to consummate the Sale Transaction, including the sale, transfer, and assignment of all of the Debtors' right, title, and interest in, to, and under the Purchased Assets to the Buyer free and clear of the Liens, Claims, Encumbrances, and Interests (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA) in accordance with the terms of the APA and the terms of this Order.  The relevant Debtors, as well as their directors, managers, officers, employees, and agents, are authorized to execute, deliver, and perform their obligations under and comply with the terms of the APA and to consummate the Sale Transaction, including by taking any and all actions as may be reasonably necessary or desirable to implement the Sale Transaction and each of the transactions contemplated thereby pursuant to and in accordance with the terms and conditions of the APA and this Order.  For the avoidance of doubt, all persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Purchased Assets to the Buyer in accordance with the APA and this Order.

4.      The relevant Debtors, their affiliates, and their respective directors, managers, officers, employees, and agents, are authorized to execute and deliver, and authorized to perform under, consummate, and implement all additional notices, assumptions, conveyances, releases, acquittances, instruments and documents that may be reasonably necessary or desirable to implement the APA, including the transfer and, as applicable, the assignment of all the Purchased Assets, the assumption of the Assumed Liabilities, and the assumption and assignment of all the Assigned Contracts, and to take all further actions as may be necessary or appropriate to the performance of the obligations contemplated by the APA without further order of this Court.

5.      The Debtors are further authorized, but not directed, to pay, without further order of the Court, whether before, at or after Closing, any expenses or costs required to be paid to consummate the Sale Transaction or for the Debtors to perform their obligations solely in accordance with the APA.

6.      Each and every federal, state, local, or foreign government or governmental or regulatory authority, agency, board, bureau, commission, court, department, or other governmental entity is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA subject to the payment of any filing or other fee imposed under non-bankruptcy law.

7.      **Sale and Transfer of Assets Free and Clear.**  Pursuant to sections 105(a), 363(b), 363(f), and 365(b) of the Bankruptcy Code, the Debtors are authorized to transfer, and upon the Closing shall transfer to the Buyer all of the Debtors' right, title, and interest in and to, and possession of, the Purchased Assets, which shall be immediately vested in the Buyer, and, to the extent provided in the APA, such title to the Purchased Assets shall be transferred to the Buyer

free and clear of the Liens, Claims, Encumbrances, and Interests (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA), including:

(a)    liens (including, without limitation, mechanics', materialmens', and other consensual and non-consensual liens and statutory liens) mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, property interests, pledges, judgments, demands, encumbrances, easements, and servitudes;

(b)    interests, obligations, liabilities, causes of action, demands, guaranties, options, restrictions, and contractual or other commitments;

(c)    rights, including, without limitation, rights of first refusal, rights of offset (except for offsets exercised prior to the Petition Date), contract rights, and recovery;

(d)    decrees of any court or foreign or domestic government entity (to the extent permitted by law);

(e)    charges or restrictions of any kind or nature, including, without limitation, any restriction on the use, transfer, receipt of income or other exercise of any attributes of ownership of the Purchased Assets, including, without limitation, consent of any Person to assign or transfer any of the Purchased Assets;

(f)    subject to paragraph 17 of this Order, debts arising in any way in connection with any agreements (including Provider Agreements), acts, or failures to act, of the Debtors or any of the Debtors' predecessors or affiliates;

(g)    claims (as that term is defined in the Bankruptcy Code), including claims for reimbursement, contribution claims, derivative, vicarious, transferee, or successor liability claims, indemnity claims, exoneration claims, alter-ego claims, product liability claims, employee retirement or benefit plan claims, severance claims, retiree healthcare or life insurance claims, environmental claims (to the fullest extent allowed by law), including claims that may be secured or entitled to priority under the Bankruptcy Code, tax claims, reclamation claims, and pending litigation claims;

(h)    any pension, multiemployer plan (as such term is defined in Section 3(37) or 4001(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA")), health or welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of any Debtor or any multiemployer plan to which any Debtor has at any time contributed to or had any liability or potential liability;

(i)        any other employee, worker's compensation, occupational disease or unemployment or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (a) ERISA, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Worker Adjustment and Retraining Act of 1988, (g) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (h) the Americans with Disabilities Act of 1990, (i) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code of 1986, as amended ("IRC") and of any similar state Law (collectively, "COBRA"), (j) state discrimination laws, (k) state unemployment compensation laws or any other similar state laws, or (l) any other state or federal benefits or claims relating to any employment with any Debtor or any of its predecessors; and

(j)        matters of any kind or nature whatsoever, whether at law or in equity and whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or un-matured, material or nonmaterial, disputed or undisputed, whether arising prior to or during the Debtors' bankruptcy cases, and whether imposed by agreement, understanding, law, equity, or otherwise;

in each case, whether in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or indirect, and whether arising by agreement, understanding, law, equity or otherwise, and whether occurring or arising before, on or after the Petition Date, or occurring or arising prior to the Closing (each, a "**Lien, Claim, Encumbrance, or Interest**," and collectively, the "**Liens, Claims, Encumbrance, and Interests**"). Except to the extent an Assumed Liability or as otherwise provided in the APA, the Liens, Claims, Encumbrances, and Interests shall attach to the proceeds with the same nature, validity, priority, extent, perfection, and force and effect that such Liens, Claims, Encumbrances, and Interests encumbered the Purchased Assets immediately prior to the entry of this Order, subject

to any Claims, defenses, and objections, if any, that the Debtors or their estates may possess with respect thereto.

8.      **Binding Effect of Order.**  This Order and the APA shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, the Debtors, any holders of the Liens, Claims, Encumbrances, and Interests in, against, or on all or any portion of the Purchased Assets (whether known or unknown), the Buyer and all successors and assigns of the Buyer, notwithstanding the dismissal of any of the Debtors' cases or any subsequent appointment of any trustees, examiners, "responsible persons," or other fiduciaries in these chapter 11 cases or upon a conversion to case under chapter 7 of the Bankruptcy Code, and the APA shall not be subject to rejection or avoidance under any circumstances.  If any order under section 1112 of the Bankruptcy Code is entered, such order shall provide, or be deemed to provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that this Order, including the rights granted to the Buyer hereunder, shall remain effective and, notwithstanding such dismissal, shall remain binding on parties in interest.  To the extent of any conflict between this Order and the APA, the terms of this Order shall control.

9.      **No Material Modifications.**  The APA, PSA, and any related agreements, documents, or other instruments in effect as of the date hereof may be modified, amended, or supplemented in accordance with the terms thereof without further order of this Court; *provided*, *however*, that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors or their estates as determined in the good faith judgment of the Debtors.  For the avoidance of doubt, all other modifications, amendments, or supplements that have a material adverse effect on the Debtors' estates or their creditors shall require Court approval.

10. **No Bulk Sales.** No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale Transaction, the Motion, and this Order.

11. **Valid Transfer.** Effective upon the Closing, the transfer to the Buyer of the Debtors' right, title, and interest in the Purchased Assets pursuant to the APA shall be, and hereby is deemed to be, a legal, valid and effective transfer of the Debtors' right, title, and interest in the Purchased Assets, and vests with or will vest in the Buyer all right, title, and interest of the Debtors in the Purchased Assets, free and clear of the Liens, Claims, Encumbrances, and Interests, other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA.

12. **Good Faith Buyer.** The Sale Transaction contemplated by the APA and PSA is undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and the Buyer has acted without collusion in undertaking the Sale Transaction contemplated by the APA. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the sale of the Purchased Assets to the Buyer (including the assumption and assignment by the Debtors of any of the Assigned Contracts), unless such authorization is duly stayed pending such appeal. The Buyer is a purchaser in good faith of the Purchased Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

13. The APA and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. None of the Debtors, the Buyer or any of their respective affiliates, officers, directors, members, partners, principals, or shareholders (or equivalent) or any of their respective current and former members, managers, officers, directors, employees, advisors, professionals, agents, predecessors, successors or assigns have engaged in any conduct that would cause or permit the APA or the consummation of the transactions

contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

14. **Governmental Authorization to Effectuate Sale and Assignments.** Each and every federal, state, and governmental agency or department, and any other person or entity, is hereby directed to accept (i) any and all documents and instruments in connection with or necessary to consummate the Sale Transaction and (ii) this Order as sufficient evidence of the transfer of right, title, and interest in, to, and under the Purchased Assets. Except as otherwise provided in this Order, to the greatest extent available under applicable law upon the Closing, the Buyer shall be authorized, as of the Closing, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Purchased Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, deemed to be transferred to the Buyer as of the Closing. No governmental unit may revoke or suspend any lawful right, license, trademark, or other permission relating to the use of the Purchased Assets sold, transferred, or conveyed to the Buyer on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale Transaction, subject to paragraph 17 hereof (solely with respect to the Medicare Provider Agreements). For the avoidance of doubt, the Sale Transaction authorized herein shall be of full force and effect, regardless of whether the Debtors or any of their affiliates lack good standing in any jurisdiction in which such entity is formed or is authorized to transact business.

15. **Medicare Provider Agreements**. Notwithstanding anything to the contrary in this Order or the APA, the following provisions shall apply to the Debtors' Medicare Provider Agreements:

(a) Neither this Order nor the APA authorize any sale or transfer of any Medicare Provider Agreement of the Debtors, and the Medicare Provider

Agreements are not among the Purchased Assets to be conveyed in the APA.

(b)    The Buyer may, but shall not be obligated to, apply to the Centers for Medicare and Medicaid Services ("**CMS**") for recognition of a "change of ownership" ("**CHOW**") pursuant to 42 C.F.R. §§ 489.18 and 424.550, and applicable provisions of the Medicare Program Integrity Manual ("**PIM**") State Operation Manual ("**SOM**"), including but not limited to the procedures for such application in Chapter 10 of the PIM and Chapter 3 of the SOM.

(c)    If CMS determines that, pursuant to applicable Medicare law, the Buyer is qualified to serve as a Medicare Part A Provider and satisfies the requirements for recognition of a CHOW, the Medicare Provider Agreements shall be automatically assigned to the Buyer.

(d)    To satisfy the requirement under 42 C.F.R. § 489.18 that the Buyer assume all financial obligations associated with each Medicare Provider Agreement upon automatic assignment of the agreements through a CHOW, CMS shall accept from the Buyer, payable on or before five (5) business days following assignment of the Medicare Provider Agreements, (i) $33,517.54 as payment of determined pre-transfer liabilities (the "**Outstanding Amount**"), and (ii) an additional $471,904.67 to be placed into escrow (the "**Additional Claims Escrow**") by CMS for payment of any additional liabilities due to CMS, whether known or unknown, and whether CMS has or may have, arising from or in connection with the Debtors' provision of items or services under the Medicare Provider Agreements during the period on or before the Closing Date and for which the Buyer would be liable under 42 C.F.R. § 489.18 and *United States v. Vernon Home Health*, 21 F.3d 693 (5th Cir. 1994) (the liabilities described in (i) and (ii) together, the "**Pre-Closing Obligations**").     Payment of the Outstanding Amount and application of funds from the Additional Claims Escrow as provided in this paragraph constitutes the sole remedy available to CMS for satisfaction of any Pre-Closing Obligations, and CMS will seek no payment beyond the Outstanding Amount and Additional Claims Escrow for the Pre-Closing Obligations. Upon CMS's completion of audits relating to the Pre-Closing Obligations and application of escrowed amounts, if any residual amount remains in the Additional Claims Escrow, such amount shall be released to the Buyer.

(e)    If the Buyer fails to pay all or any part of the Outstanding Amount or Additional Claims Escrow, CMS shall have the right to recoup all Pre-Closing Obligations from payments otherwise due to the Buyer at any time after CMS's assignment of the Medicare Provider Agreement.

(f)     Within 150 days after the Closing Date, the Debtors shall file a terminating cost report for each Hospital for all services provided through the Closing Date.

(g)     Payment of the Outstanding Amount and Additional Claims Escrow fully satisfies, discharges, and constitutes a release of the Buyer and the Debtors of the Pre-Closing Obligations.

(h)     Notwithstanding any other provision hereof, CMS (through its Medicare Administrative Contractor) shall audit the Debtors' open pre-Closing Date Medicare cost reports (the "**Unaudited Cost Years**") in the ordinary course for purposes of calculating any amounts due from the Additional Claims Escrow.  However, CMS shall not use such adjustments to seek any further payments for the Unaudited Cost Years, other than from the Additional Claims Escrow.  In addition, CMS shall be entitled to use such adjustments to adjust payment rates to Debtors or Buyer for fiscal periods arising after the Unaudited Cost Years as part of adjustments in federal payment rates applicable to all similarly situated providers participating in Medicare. Notwithstanding anything contained herein to the contrary, the Buyer and the Debtors shall retain all rights to appeal the Debtors' pre-Closing Date Medicare cost reports and to continue ongoing appeals or make claims against CMS consistent with the rights each would have in the ordinary course (e.g., meaning in the case of the Buyer, the rights of any party accepting assignment of a Medicare Provider Agreement pursuant to a CHOW).

(i)      Nothing in this Order waives or abrogates whatever rights, if any, CMS may have to recoup or offset against payments otherwise payable to any Buyer in connection with the hospitals for periods after the Closing Date; *provided*, *however*, that such offsets, recoupments, demands, fines or penalties do not arise out of or relate to the pre-Closing Date actions or inactions of the Debtors or items and services provided or claims made by the Debtors to CMS under the Medicare Provider Agreements in the pre-Closing Date period.

(j)      Upon the Closing Date, nothing in this Order shall relieve or be construed to relieve the Buyer from complying with all procedures, rules, and regulations of the Medicare program, other than as described in this Order.

(k)     Nothing in this Order shall affect any right or obligation of CMS with respect to the processing of the assignment of the Medicare Provider Agreements and CMS will process the assignment of the Medicare Provider Agreements in the ordinary course effective as of the day immediately following the Closing Date.

16.     **Accounts Receivable**.  Notwithstanding anything to the contrary in this Order, nothing set forth in this Order shall be deemed to limit, impair or affect in any way (i) Debtors' right, title, and interest in Debtors' cash and patient accounts receivable, payor/contractor accounts receivable, Medicare reimbursements or adjustments and all other accounts receivable (collectively, the "**Accounts Receivable**") for services rendered or goods sold prior to Closing, which cash and Accounts Receivable remain property of the Debtors as Excluded Assets and shall be reimbursed to Debtors if received by Buyer or (ii) the Debtors' ability to complete any remaining billing for services rendered or goods sold prior to Closer under the Debtors' Medicare or other Government Provider Agreements.  Buyer shall provide the Debtors (or Debtors' billing agent) with reasonable access to the Government Provider Agreements and Books and Records as may necessary in order for the Debtors to facilitate billing and collecting for services furnished to Medicare beneficiaries by the Debtors.

17.     **Authorization to Assign.**  Notwithstanding any provision of any contract governing the Purchased Assets, including any Assigned Contract to be assumed and assigned to the Buyer as of the Closing pursuant to section 365(f) of the Bankruptcy Code or applicable non–bankruptcy law that prohibits, restricts, or conditions the assignment of the Purchased Assets, including any Assigned Contract, at the Closing, the Debtors are authorized in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code to (i) assign the Purchased Assets to the Buyer and (ii) assume and assign the Assigned Contracts to the Buyer as of the Closing, in each case, which assignments shall take place on and be effective as of the Closing or such other date after the Closing Date, in each case, as provided in this Order, the APA, the Bidding Procedures Order, or as otherwise provided by a separate order of this Court.

(a)     There shall be no accelerations, assignment fees, increases, or any other fees charged to the Buyer or the Debtors as a result of the assignment of the

Purchased Assets or the assumption and assignment of the Assigned Contracts.

(b)     The Debtors have met all of the requirements of section 365(b) of the Bankruptcy Code for each of the Assigned Contracts that are to be assumed and assigned to the Buyer as of Closing (or as otherwise provided in the Bidding Procedures Order or the APA).  Notwithstanding the foregoing, unless required by the Buyer under the APA for the Debtors to assume and assign any Assigned Contract, no Debtor shall be required by the Court to assume and assign any Assigned Contract, and, if no such assumption and assignment occurs, no Cure Costs shall be due and no adequate assurance of future performance shall be required with respect to any such Assigned Contract.

(c)     The Debtors' assumption and assignment of the Assigned Contracts is subject to the consummation of the Sale Transaction with the Buyer. Subject to the requirements applicable to any Disputed Contracts set forth in paragraphs [23-24] of this Order and Section 1.5(e) of the APA, to the extent that a Contract Objection by a counterparty to any Assigned Contract is not resolved prior to the Closing, the Buyer, may, without any further approval of the Court or notice to any party, elect to (i) not have the Debtors assume and assign such Assigned Contract to it, or (ii) have the Debtors postpone the assumption of such Assigned Contract until the resolution of such Contract Objection; provided, however, that the Debtors, the Buyer, and the relevant non-Debtor counterparty under each Assigned Contract shall have authority to compromise, settle, or otherwise resolve any objections without further order of, or notice to, this Court.

18.     **Assigned Contracts**.  As of the Closing, subject to the provisions of this Order and in accordance with the APA, the Buyer shall succeed to the entirety of the Debtors' rights and obligations in the Assigned Contracts.

(a)     Upon Closing, (i) or as soon as reasonably practicable thereafter, all defaults (monetary and non-monetary) under the Assigned Contracts shall be deemed cured and satisfied in full through and upon the payment of the Cure Costs as agreed between the Debtors and the applicable non-Debtor counterparty, or as determined by the Court (if applicable), (ii) no other amounts will be owed by the Debtors, their estates, or, other than the Assumed Liabilities, the Buyer with respect to amounts first arising or accruing during, or attributable or related to, the period before Closing with respect to the Assigned Contracts, and (iii) any and all persons or entities shall be forever barred and estopped from asserting a Claim against the Debtors, their estates, the Buyer, or the Purchased Assets that any additional amounts are due or defaults exist under the Assigned Contracts that arose or accrued, or relate to or are attributable to the period before the Closing

(other than Claims against the Buyer with respect to the Assumed Liabilities). The Buyer's promise, and any payment by Sellers, pursuant to the terms of the APA to pay the Cure Costs and the Buyer's promise to perform the Debtors' obligations under the Assigned Contracts for the period on or after the Closing shall constitute adequate assurance of Buyer's future performance under the Assigned Contracts being assigned to it as of the Closing within the meaning of sections 365(b)(l)(C) and (f)(2)(A)-(B) of the Bankruptcy Code.

(b)     Upon assumption of those Assigned Contracts to be assumed by the Debtors and assigned to the Buyer as of the Closing, such Assigned Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order, and shall be assigned and transferred to the Buyer, notwithstanding any provision in such Assigned Contract or other restrictions prohibiting assignment or transfer. To the extent any Assigned Contract is assumed and assigned to the Buyer under this Order, such assumption and assignment will not take effect until the Closing. Furthermore, other than the Assigned Contracts, no other contract shall be deemed assumed by the Debtors and assigned to the Buyer pursuant to section 365 of the Bankruptcy Code. The failure of the Debtors or the Buyer to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions, or of the Debtors' and the Buyer's rights to enforce every term and condition of such Assigned Contract.

(c)     All counterparties to the Assigned Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable request of the Buyer, and shall not charge the Debtors or the Buyer for, any instruments, applications, consents, or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Sale Transaction.

19.     Notwithstanding the foregoing, the Debtors may amend the list of Assigned Contracts to add or remove any Assigned Contract to or from such list in accordance with the terms of this Order, the APA, and the Bidding Procedures Order.

20.     All Cure Costs that have not been waived shall be determined in accordance with the Bidding Procedures Order or this Order and paid by the Seller in accordance with the terms of the APA. Subject to the requirements applicable to any Disputed Contracts, as set forth in paragraphs [23-24] of this Order and Section 1.5(e) of the APA, the assumption and payment of the Cure Costs shall be in full satisfaction and cure of any and all defaults under the Assigned

Contracts and is deemed to fully satisfy the Debtors' obligations under sections 365(b) and 365(f) of the Bankruptcy Code. Upon the assumption by a Debtor and the assignment to the Buyer of any Assigned Contract, and the payment of any applicable Cure Costs, each non-Debtor counterparty to such Assigned Contract is forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors, the Buyer, their affiliates, estates, successors, or assigns, or the property of any of them, any default existing as of the Closing, and (ii) exercising any rights or remedies against any Debtor or the Buyer based on an asserted default that occurred on, prior to, or as a result of, the Closing, including the type of default specified in section 365(b)(1)(A) of the Bankruptcy Code. The Buyer has provided adequate assurance of future performance under the Assigned Contracts within the meaning of sections 365(b)(1)(c) and 365(f)(2)(B) of the Bankruptcy Code. Accordingly, all of the requirements of sections 365(b) and 365(f) of the Bankruptcy Code have been satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Buyer, of each of the Assigned Contracts.

21.     To the extent a non-Debtor counterparty to an Assigned Contract fails to timely object to a Cure Cost, such Cure Cost has been and shall be deemed to be finally determined and any such non-Debtor counterparty shall be prohibited from challenging, objecting to, or denying the validity and finality of the Cure Cost at any time. Consistent with the Bidding Procedures Order, the non-Debtor counterparty to an Assigned Contract is forever bound by the applicable Cure Cost and, upon payment of such Cure Cost as provided herein and in the APA, is hereby enjoined from taking any action against the Buyer or its affiliates with respect to any claim for cure under such Assigned Contract. To the extent no timely Contract Objection has been filed and served on the Objection Notice Parties (as defined in the Motion) with respect to an Assigned

Contract, the non-Debtor counterparty to such Assigned Contract is deemed to have consented to the assumption and assignment of such Assigned Contract to the Buyer.

22.     Without limiting the foregoing, each person or entity who holds a Consent Right will be (i) forever barred from objecting to the transfer, sale, assumption, and assignment of the Debtors' right, title, and interest in, to and under the Purchased Assets to be sold or the Assigned Contracts to be assumed and assigned in connection with the Sale Transaction, free and clear of the Liens, Claims, Encumbrances, and Interests, including any Consent Rights (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA), (ii) deemed to consent to and approve the transfer, sale, and/or assumption and assignment of the Debtors' right, title, and interest in, to and under such Purchased Assets free and clear of the Liens, Claims, Encumbrances, and Interests, including any Consent Rights (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA); and (iii) deemed to waive any termination right arising from the sale, disposition, transfer or closure by the Debtors of the Debtors' property or assets.

23.     **Contract Objections.**  If a non-Debtor counterparty to any Assigned Contract files a Contract Objection to the assumption and assignment of such Assigned Contract to the Buyer, then such contract shall be deemed a "**Disputed Contract**."  The Debtors shall be authorized to resolve or settle any Contract Objection to the assumption and assignment of Disputed Contracts in accordance with the terms of the APA and this Order, including with respect to Cure Costs and/or adequate assurance of future performance under the Assigned Contracts without need for any further order or action from this Court.

24.     **Assignment of Disputed Contracts**.  Any Disputed Contract that is the subject of an unresolved Cure Objection as of the Closing Date may be assumed and assigned prior

to the resolution of such Cure Objection, so long as the Seller (i) pays on or before the Closing Date to such non-Seller counterparty an amount equal to the undisputed portion of Cure Costs payable with respect to such Disputed Contract,  and (ii) appropriately reserves funding for the disputed portion of the Cure Costs pending resolution of the dispute.  Upon either the consensual resolution or final determination by the Bankruptcy Court of such Cure Objection, Seller shall promptly pay to such non-Seller counterparty any remaining Cure Costs owing to such non-Seller counterparty with respect to such Disputed Contract.

25.    **No Successor Liability.**  The Buyer has given substantial consideration under the APA, which consideration shall constitute valid, valuable, and sufficient consideration for the absolution from any potential claims of successor liability of the Buyer to the greatest extent allowed by applicable law and the Buyer nor any of its respective affiliates shall be deemed to: (a) be a legal successor, or otherwise deemed to be a successor, to any of the Debtors under any theory of law or equity; (b) have, de factor or otherwise, merged with or into any or all of the Debtors or their estates; (c) have a common identity or a continuity of enterprise with the Debtors; or (d) be a mere continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtors or any business, enterprise, or operation of the Debtors.  Upon the Closing, to the maximum extent available under applicable law, the Buyer's acquisition of the Purchased Assets shall be free and clear of any "successor liability" claims and other types of transferee liability of any nature whatsoever, whether known or unknown and whether asserted or unasserted at the time of Closing (other than, to the extent applicable, any Assumed Liabilities, Permitted Encumbrances, or as otherwise provided in the APA), and the Purchased Assets shall not be subject to any Liens, Claims, Encumbrances, and Interests arising under or in connection with any Excluded Asset or Excluded Liability.  The operations of the Buyer and its affiliates shall

not be deemed a continuation of the Debtors' business as a result of the acquisition of the Purchased Assets.

26. **Surrender of Possession.**  Any and all Purchased Assets in the possession or control of any person or entity, including any vendor, supplier, or employee of the Debtors shall be transferred to the Buyer free and clear of the Liens, Claims, Encumbrances, and Interests (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA), with such Liens, Claims, Encumbrances, and Interests attaching to the proceeds with the same nature, validity, priority, extent, perfection, and force and effect that such Liens, Claims, Encumbrances, and Interests encumbered the Purchased Assets immediately prior to the entry of this Order, and shall be delivered to the Buyer and deemed delivered at the time of Closing (or such other time as provided in the APA), with such costs of delivery allocated in accordance with the APA.

27. **Retention of Jurisdiction.**  The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order, the APA, the Sale Transactions, and the Bidding Procedures Order; *provided* that all parties reserve their rights with respect to any jurisdiction granted to HHS under Section 405(h) of the Social Security Act (42 U.S.C. § 405(h), as incorporated within Section 1395ii of the Medicare Act (42 U.S.C. § 1395ii) to resolve disputes concerning the Medicare Provider Agreements.

28. **Immediate Effect.**  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Buyer are free to close the Sale Transaction under the APA at any time pursuant to the terms thereof.

29.     **Failure to Specify Provisions.**  The failure to specifically reference any particular provisions of the APA or other related documents in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA and other related documents be authorized and approved in their entirety.

30.     **Release of Liens, Claims, Encumbrances, and Interests.**  Effective upon the Closing Date, this Order (i) is and shall be effective as a determination that all Liens, Claims, Encumbrances, or Interests (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA) of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing Date have been unconditionally released, discharged, and terminated (with such Liens, Claims, Encumbrances, or Interests attaching to the proceeds with the same nature, validity, priority, extent, perfection, force and effect that such claims, encumbrances, liens or liabilities encumbered the Purchased Assets immediately prior to the entry of this Order) and that the conveyances described herein have been effected, (ii) is and shall be binding upon and shall govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Purchased Assets conveyed to the Buyer (all such entities being referred to as "**Recording Officers**"), and all recorded claims, encumbrances, liens or liabilities (other than the Assumed Liabilities and as otherwise provided in the APA) against the Purchased Assets shall be deemed stricken from such entities records, official and otherwise.  All Recording Officers are authorized

and specifically directed to strike recorded encumbrances, claims, liens, pledges, and other interests against the Purchased Assets recorded prior to the date of this Order.  A certified copy of this Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded encumbrances, claims, liens, pledges, and other interests against the Acquired Assets recorded prior to the date of the Closing.  All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary, advisable or appropriate to consummate the transactions contemplated by the APA, subject to the payment of any filing or other fee imposed under non-bankruptcy law.

31.     **Approval to Release Liens, Claims, Encumbrances, or Interests.**  All entities, including without limitation all trustees or collateral agents, are authorized and directed to file and/or execute lien releases, including financing statement terminations, mortgage releases or other documents or agreements evidencing release of Liens, Claims, Encumbrances, and Interest in or against the Purchased Assets (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA).  If any person or entity that has filed financing statements, mortgages, mechanic's liens, or other documents or agreements evidencing Liens, Claims, Encumbrances, and Interest in or against the Purchased Assets (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA) shall not have delivered to the Debtors before the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens, Claims, Encumbrances, and Interests in or against the Purchased Assets (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA) that the person or entity has or may assert with respect to the Purchased Assets, the Debtors and the Buyer are hereby authorized

to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Purchased Assets.  The Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of Liens, Claims, Encumbrances, and Interests in or against the Purchased Assets (other than Assumed Liabilities, Permitted Encumbrances, and as otherwise provided in the APA).  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.

       32.    **No Effect on Governmental Regulatory Authority**.  Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.  Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.  For the avoidance of doubt, the matters preserved by this paragraph are subject to all rights and defenses available under applicable law.

       33.    Notwithstanding any provision to the contrary in this Order, the APA, or any other documents relating to the sale of the Purchased Assets, nothing shall: (1) other than as set forth in paragraph 17 hereof, authorize the assumption, sale, assignment, or other transfer to the Buyer of any federal (i) grants, (ii) grant funds, (iii) contracts, (iv) property, (v) leases, or (vi) agreements, including without limitation any agreements between any Debtor and the United States Department of Veterans Affairs or the United States Department of Labor (collectively, "**Federal Interests**"), without compliance by the Debtors and Buyer with all applicable non-

bankruptcy law; (2) be interpreted to set cure amounts or to require the federal government to novate, approve or otherwise consent to the assumption, sale, assignment or other transfer of any Federal Interests; (3) waive, alter or otherwise limit the United States' property rights, including but not limited to, inventory, patents, intellectual property, licenses, and data; (4) other than as set forth in paragraph 17 hereof, affect the setoff or recoupment rights of the United States of America; (5) subject to paragraph 17 hereof, authorize the transfer or assignment of any federal government unit's (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements, obligations and approvals under non-bankruptcy law; (6) release, nullify, preclude or enjoin the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the owner or operator of property after the date of entry of this Order; (7) expand the scope of 11 U.S.C.§ 525.

34.     Except as provided herein, nothing in this Order or related documents discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("**Governmental Unit**") that is not a Claim; (ii) any Claim of a Governmental Unit arising on or after the Closing Date; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Closing Date; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors (other than, for the avoidance of doubt, as provided for in paragraph 7 hereof).  Further, nothing in this Order shall enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.

35.     Nothing in this Order shall affect the obligations, if any, of the Debtors and their officers and directors under Federal law to (i) preserve any and all records and documents that

are subject to pending investigations, litigation, governmental subpoena, document preservation letter, or other investigative request from a governmental agency relating to any of the Debtors' former or current directors and officers (the "**Investigations**"), or (ii) not destroy, alter, or remove, or permit the destruction, alteration or removal of, such records and documents relating to the Investigations.

36.     Any and all records or documents that are subject to the Investigations which are transferred to the Buyer in any sale shall be maintained by the Buyer as custodian for the Debtors, and the Buyer shall not destroy, alter, or remove, or permit the destruction, alteration or removal of, such records and documents relating to the Investigations, except upon an order entered following a motion filed in the Bankruptcy Court, with notice to the United States. Nothing in this Order shall affect the obligations, if any, of the Debtors, and their officers and directors, not to destroy, alter, or remove, or permit the destruction, alteration or removal of, records and documents relating to the Investigations that the Debtors do not transfer.

37.     The provisions of this Order regarding retention of documents relating to the Investigations shall be binding on the Debtors, as well as the bankruptcy estates, and shall survive dismissal or conversion to another chapter of any or all of the Bankruptcy Cases, appointment of any trustee, liquidating trustee, or other fiduciary with custody over assets of the estate.

38.     **Satisfaction of Conditions Precedent.**  Neither the Buyer nor the Debtors shall have an obligation to close the Sale Transaction until all conditions precedent in the APA to each of their respective obligations to close the Sale Transaction have been satisfied or waived in accordance with the terms of the APA.

39.    **Provisions Non-Severable.**  The provisions of this Order are non-severable and mutually dependent.

40.    **Chubb**.   Notwithstanding anything to the contrary in the Motion, the Bidding Procedures Order, the Global Bidding Procedures, the Assumption and Assignment Procedures, the APA, any Cure Notice(s) and/or Supplemental Cure Notice(s) (or any list of contracts proposed to be assumed and assigned or any list of proposed Cure Costs), this Order, or any documents relating to any of the foregoing, (a) none of the insurance policies that have been issued by ACE American Insurance Company, ACE Property and Casualty Insurance Company, Pacific Employers Insurance Company, Westchester Fire Insurance Company, Insurance Company of North America, Indemnity Insurance Company of North America, Westchester Surplus Lines Insurance Company, Illinois Union Insurance Company, Western Fire Insurance Company, Federal Insurance Company, Executive Risk Indemnity Inc., Pacific Indemnity Company, Chubb National Insurance Company, any of their U.S.-based affiliates, and/or any predecessors of any of the foregoing (collectively, the "**Chubb Companies**") to, or that provide coverage to, any of the Debtors at any time and all agreements, documents or instruments relating thereto (collectively, the "**Chubb Insurance Contracts**"), and/or, except as set forth in this paragraph, none of the rights, proceeds, benefits, claims, rights to payments and/or recoveries under such Chubb Insurance Contracts shall be sold, assigned, or otherwise transferred to the Buyer in connection with the Sale Transaction nor shall be deemed to be either Assigned Contracts nor a portion of any of the Purchased Assets; (b) nothing shall alter, amend or otherwise modify the terms or conditions of the Chubb Insurance Contracts; and (c) for the avoidance of doubt, the Buyer shall not be deemed to be an insured under any of the Chubb Insurance Contracts; provided, however, that, to the extent any claim with respect to the Business or any Purchased Assets arises

that is covered or may be covered by one or more of the Chubb Insurance Contracts, the Debtors may pursue such claim (and shall pursue such claims if requested by Buyer) (each, a "**Proceed Turnover**"); provided, further, however, that the Chubb Companies shall not have any duty to effectuate a Proceed Turnover or liability related to a Proceed Turnover.

41.     **Cigna**.  Notwithstanding anything in this Order or any notice related thereto to the contrary, neither the Cigna Contracts, as identified in the *Objection of Cigna to the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Sale* (Docket No. 904) and the *Objection of Cigna to the Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Sale* (Docket No. 1579) (collectively, the "**Cigna Objections**"), nor the Cigna Listings (as defined in the Cigna Objections) shall be assumed and assigned pursuant to this Order, and the Cigna Objections are hereby adjourned.  If the Debtors and the Buyer seek to have any or all of the of the Cigna Contracts and/or Cigna Listings assumed and assigned as part of the Sale Transaction under this Order, the assumption, assignment and cure issues related to such assumption and assignment shall be resolved by agreement (email shall suffice) between Cigna (as defined in the Cigna Objection), the Debtors and the Buyer without further order of the Court or, if no agreement can be reached, by further order of the Court.

42.     **Werfen**.  Notwithstanding anything herein or in the APA, the sale transaction shall exclude all property owned by Werfen USA LLC or Immucor, Inc. (collectively, "**Werfen**" and such equipment, the "**Werfen Equipment**") under that certain Echo Advantage Plus Agreement No. 9979 dated as of January 2, 2024 (the "**Werfen Equipment Lease**").  Prior to the Closing Date, the Debtors, the Buyer, and Werfen shall use commercially reasonable efforts to reach agreement regarding the removal, disposition, use, or retention of Werfen Equipment

(including any assignment and assumption of the respective Werfen contracts to new operators).  If the Debtors, the Buyer, and Werfen do not reach a consensual agreement with regards to the removal, disposition, use, or retention of Werfen Equipment prior to the Closing Date, (i) the Debtors and the Buyer shall provide notice and a reasonable opportunity for Werfen to reclaim, move, pick-up or sell the Werfen Equipment, (ii) upon the earlier of (A) the date of removal, disposition, use, or retention of Werfen Equipment (including any assignment and assumption of the respective Werfen contracts to new operators) or (B) entry of an order by the Bankruptcy Court authorizing rejection of the Werfen Equipment Lease, the Debtors shall be released from payment and other obligations under the Werfen Equipment Lease, provided, that in the case of clause (ii)(A) hereof, the Debtors shall be released from payment and other obligations under the Werfen Equipment Lease solely with respect to the removed, disposed, used, or retained Werfen Equipment, and (iii) all rights of the Debtors and Werfen under applicable law are preserved in connection with the rejection, assumption and/or assumption and assignment of all contracts governing the Debtors' lease and use of the Werfen Equipment, including but not limited to, the Wefren Equipment Lease.

43.     **CommonSpirit**.  Notwithstanding anything to the contrary in this Order or the agreements for each Sale Transaction approved by this Order, this Order shall not be deemed an assumption and assignment of any contracts that were previously assigned (the "**Assigned CommonSpirit Contracts**") to Catholic Health Initiatives Colorado ("**CHIC**"), CommonSpirit Health ("**CSH**"), and/or Centura Health Corporation ("**Centura**", together with CSH and CHIC, "**CommonSpirit**") in connection with that certain *Asset Purchase Agreement* dated February 15, 2023 by and among Davis Hospital & Medical Center, LP; IASIS Healthcare LLC; Jordan Valley Medical Center, LP; Physician Group of Utah, Inc.; Salt Lake Regional Medical Center, LP; Salt

Lake Regional Physicians, Inc.; Seaboard Development LLC; Southridge Plaza Holdings, Inc.; and Steward Medical Group, Inc. as Sellers, Steward Health Care System LLC as the Seller Representative and the Seller Guarantor, CHIC as Buyer, and CSH as Buyer Guarantor. CommonSpirit reserves all of its rights and remedies with respect to the Assigned CommonSpirit Contracts under the Bankruptcy Code, the Bankruptcy Rules, the Federal Rules, all applicable contracts, and applicable state and Federal laws, including, but not limited to, their rights to file any objections, motions, or adversary proceedings as may be appropriate.

44.     **GHX**.   Nothing in this Order constitutes an assumption, assumption and assignment, or other disposition of any contracts between Global Healthcare Exchange, LLC (together with its successors and assigns, "**GHX**") and the Debtors, including, but not limited to, the United States Purchaser User Agreement, dated September 12, 2005 (as amended October 9, 2023) and the Master Solution Agreement dated October 1, 2021 (collectively, the "**GHX Agreements**").  All rights of the Debtors and GHX pursuant to the GHX Agreements and sections 365 and 503 of the Bankruptcy Code are reserved, including, but not limited to, the treatment of the GHX Agreements in these Bankruptcy Cases and any amounts owing to GHX under the GHX Agreements.

Dated: _____, 2024
        Houston, Texas

        _____
        UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

Asset Purchase Agreement

*Execution Version*

**ASSET PURCHASE AGREEMENT**

BY AND AMONG

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.

AND

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

AS SELLERS

AND

BMC COMMUNITY HOSPITAL CORPORATION,

AS BUYER

**Dated as of August 30, 2024**

## TABLE OF CONTENTS

1.  **SALE OF ASSETS AND CERTAIN RELATED MATTERS.** ........................................... 1
    1.1    Sale of Purchased Assets ................................................................ 1
    1.2    Excluded Assets ........................................................................... 3
    1.3    Assumed Liabilities ...................................................................... 7
    1.4    Excluded Liabilities ...................................................................... 8
    1.5    Designated Contracts; Cure Costs ............................................... 8
    1.6    Purchase Price; Adjustments ...................................................... 9
    1.7    Delivery of Estimated Closing Statement .................................... 9
    1.8    Closing Date Payments .............................................................. 10
    1.9    Post-Closing Adjustment to Purchase Price ................................ 10
    1.10   Withholding Rights ..................................................................... 12
    1.11   Physical Inventory ...................................................................... 12

2.  **CLOSING.** ....................................................................................................... 13
    2.1    Closing ........................................................................................ 13
    2.2    Deliveries of Seller at the Closing .............................................. 13
    2.3    Deliveries of Buyer at the Closing .............................................. 14
    2.4    Additional Acts ........................................................................... 15

3.  **REPRESENTATIONS AND WARRANTIES OF SELLER.** ............................... 15
    3.1    Organization; Capacity ............................................................... 15
    3.2    Authority; Non-contravention; Binding Agreement ..................... 15
    3.3    Title to Assets and Condition of Assets ...................................... 16
    3.4    Joint Venture Interests ............................................................... 16
    3.5    Financial Information .................................................................. 17
    3.6    Permits and Approvals ................................................................ 17
    3.7    Statutory Funds ........................................................................... 18
    3.8    Accreditation ............................................................................... 18
    3.9    Government Program Participation; Private Programs; Reimbursement ......................... 19
    3.10   Third-Party Payor Cost Reports ................................................... 20
    3.11   Compliance with Laws ................................................................ 20
    3.12   HIPAA, Information Privacy and Security Compliance ............... 23
    3.13   Compliance Program ................................................................... 24
    3.14   Medical Staff Matters .................................................................. 24
    3.15   Experimental Procedures ............................................................ 25
    3.16   Intellectual Property .................................................................... 25
    3.17   Contracts ..................................................................................... 26
    3.18   Inventory ..................................................................................... 27
    3.19   Leased Real Property ................................................................... 27
    3.20   Insurance ..................................................................................... 29
    3.21   Employee Benefit Plans ............................................................... 29
    3.22   Employee Matters ........................................................................ 30
    3.23   Litigation ..................................................................................... 32
    3.24   Taxes ........................................................................................... 33
    3.25   Environmental Matters ................................................................ 34
    3.26   Absence of Changes .................................................................... 34
    3.27   Brokers and Finders .................................................................... 35

|   | 3.28 | Affiliate Transactions | 35 |
|   | 3.29 | Representations of Buyer | 35 |

**4.** | | **REPRESENTATIONS AND WARRANTIES OF BUYER.** | **35** |
|   | 4.1 | Organization; Capacity | 35 |
|   | 4.2 | Authority; Non-contravention; Binding Agreement | 36 |
|   | 4.3 | Litigation | 36 |
|   | 4.4 | Brokers and Finders | 36 |
|   | 4.5 | Financing; Solvency | 36 |
|   | 4.6 | Representations of Seller | 37 |

**5.** | | **PRE-CLOSING COVENANTS OF SELLER AND BUYER.** | **37** |
|   | 5.1 | Access to Premises; Information | 37 |
|   | 5.2 | Conduct of Business | 37 |
|   | 5.3 | Consents to Assignment | 40 |
|   | 5.4 | Regulatory Approvals | 42 |
|   | 5.5 | Antitrust Approvals | 43 |
|   | 5.6 | Additional Financial Information | 44 |
|   | 5.7 | Closing Conditions | 44 |
|   | 5.8 | Insurance Ratings | 44 |
|   | 5.9 | Bulk Sales Laws | 44 |
|   | 5.10 | Websites; Social Media Accounts | 45 |
|   | 5.11 | Confidentiality | 45 |
|   | 5.12 | Casualty | 45 |
|   | 5.13 | Credentialing and Medical Staff Transition Activities | 45 |
|   | 5.14 | Transition, Separation, Migration | 46 |

**6.** | | **ADDITIONAL AGREEMENTS.** | **46** |
|   | 6.1 | Seller Employees | 46 |
|   | 6.2 | Post-Closing Access to Information; Communication with Governmental Authorities | 50 |
|   | 6.3 | Confidentiality; Non-Competition; Non-Solicitation | 51 |
|   | 6.4 | Transition Patients | 53 |
|   | 6.5 | Cost Reports; Periodic Interim Payments; Disproportionate Share Hospital Surveys and Information | 54 |
|   | 6.6 | CMS Reporting | 55 |
|   | 6.7 | Waiver Program Payments | 56 |
|   | 6.8 | License to Use Billing Information | 56 |
|   | 6.9 | Medical Staff | 57 |
|   | 6.10 | Cooperation on Compliance Matters | 57 |
|   | 6.11 | Changes to MPT Real Property | 58 |
|   | 6.12 | Post-Closing Receipt of Assets or Excluded Assets | 58 |
|   | 6.13 | Closing Financials | 58 |
|   | 6.14 | USFHP Pharmacy Licensure Process; Interim Master Services Agreement | 59 |
|   | 6.15 | Stewardship Buyer Meeting | 60 |
|   | 6.16 | RCAB Meeting | 60 |
|   | 6.17 | Norwood | 60 |
|   | 6.18 | Financing Cooperation | 60 |
|   | 6.19 | Employee Leasing and Service Agreements | 62 |

**7.** | | **CONDITIONS PRECEDENT TO OBLIGATIONS OF BUYER.** | **62** |

ii

|        | 7.1  | Representations and Warranties | 62 |
|        | 7.2  | Performance | 62 |
|        | 7.3  | Pre-Closing Confirmations | 63 |
|        | 7.4  | No Restraints | 63 |
|        | 7.5  | Closing Documents | 63 |
|        | 7.6  | Sale Order | 63 |
|        | 7.7  | Schedules | 63 |
|        | 7.8  | Funding Support | 63 |
|        | 7.9  | Third Party Financing | 63 |
|        | 7.10 | MPT Real Property | 63 |
|        | 7.11 | Due Diligence | 64 |
|        | 7.12 | Physician Employment Agreements | 64 |
|        | 7.13 | Tail Coverage | 64 |
|        | 7.14 | Transition Services Agreement | 64 |
|        | 7.15 | RCAB | 64 |
|        | 7.16 | Modifications of Assumed CBAs | 64 |
| **8.** |      | **CONDITIONS PRECEDENT TO OBLIGATIONS OF SELLER.** | **64** |
|        | 8.1  | Representations and Warranties | 64 |
|        | 8.2  | Performance | 65 |
|        | 8.3  | No Restraints | 65 |
|        | 8.4  | Pre-Closing Confirmations | 65 |
|        | 8.5  | Closing Documents | 65 |
|        | 8.6  | Adverse Change | 65 |
|        | 8.7  | MPT Real Property | 65 |
|        | 8.8  | Sale Order | 65 |
|        | 8.9  | Sufficiency of Cash Proceeds | 65 |
| **9.** |      | **BANKRUPTCY PROVISIONS.** | **65** |
|        | 9.1  | Competing Transaction | 65 |
|        | 9.2  | Bankruptcy Court Filings | 66 |
|        | 9.3  | Back-up Bidder | 66 |
| **10.** |     | **SPECIFIC PERFORMANCE.** | **66** |
| **11.** |     | **TAX MATTERS.** | **67** |
|        | 11.1 | Allocation of Purchase Price | 67 |
|        | 11.2 | Tax Returns | 67 |
|        | 11.3 | Cooperation | 68 |
|        | 11.4 | Tax Proceedings | 68 |
|        | 11.5 | Transfer Taxes | 68 |
|        | 11.6 | Apportionment of Taxes | 68 |
|        | 11.7 | Post-Closing Actions | 69 |
| **12.** |     | **TERMINATION.** | **69** |
|        | 12.1 | Termination | 69 |
|        | 12.2 | Effect of Termination | 70 |
| **13.** |     | **GENERAL** | **70** |
|        | 13.1 | Notice | 70 |
|        | 13.2 | Choice of Law; Venue | 72 |

iii

| | | |
|---|---|---|
| 13.3 | Benefit; Assignment; Delegation | 72 |
| 13.4 | Waiver of Jury Trial | 73 |
| 13.5 | Legal Advice and Reliance | 73 |
| 13.6 | No Survival | 73 |
| 13.7 | Reproduction of Documents | 73 |
| 13.8 | Cost of Transaction; Legal Fees and Cost of Disputes | 73 |
| 13.9 | Waiver of Breach | 74 |
| 13.10 | Severability | 74 |
| 13.11 | No Inferences; Sophisticated Parties | 74 |
| 13.12 | Divisions and Headings of this Agreement | 74 |
| 13.13 | No Third-Party Beneficiaries | 74 |
| 13.14 | Entire Agreement; Amendment | 74 |
| 13.15 | Multiple Counterparts | 75 |
| 13.16 | Other Owners of Purchased Assets | 75 |
| 13.17 | Schedules | 75 |
| 13.18 | Non-Recourse | 75 |
| 13.19 | Interpretation | 76 |

## LIST OF EXHIBITS

| | |
|---|---|
| Exhibit A | Facilities |
| Exhibit B | MPT Purchase Agreement |
| Exhibit C | Working Capital |
| Exhibit D | Retained Employees |
| Exhibit E | Form of Lease Assignment |
| Exhibit F | Form of Bill of Sale |
| Exhibit G | Form of Assignment and Assumption Agreement |
| Exhibit H | Form of Power of Attorney |
| Exhibit I | Form of Trademark Assignment Agreement |
| Exhibit J | [reserved] |
| Exhibit K | Form of Employee Contract Assignment and Assumption Agreement |
| Exhibit L | [reserved] |
| Exhibit M | Interim MSA Term Sheet |
| Exhibit N | Other Permitted Encumbrances |
| Exhibit O | Form of Sale Order |

DM_US 206621161-22.087956.0295

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "**Agreement**") is made and entered into effective as of August 30, 2024 by and among (i) Steward St. Elizabeth's Medical Center of Boston, Inc., a Delaware corporation and Steward Good Samaritan Medical Center, Inc., a Delaware corporation (collectively, the "**Seller**"), and (ii) BMC Community Hospital Corporation, a Massachusetts non-profit corporation ("**Buyer**" collectively with Seller, the "**Parties**" and each individually a "**Party**").  The capitalized terms used herein shall have the meanings ascribed to them in Annex A unless the context indicates otherwise.

## W I T N E S E T H

**WHEREAS**, Seller and certain Seller Affiliates are debtors-in-possession under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**") and, on May 6, 2024, voluntary petitions for relief under chapter 11 of the Bankruptcy Code were filed in the United States Bankruptcy Court for the Southern District of Texas (such court, the "**Bankruptcy Court**"; and such cases, "**Chapter 11 Case**").

**WHEREAS**, Seller leases certain real property, and operates the Facilities;

**WHEREAS**, in reliance upon the representations, warranties and covenants of Buyer set forth in this Agreement, Seller desires to sell the Purchased Assets to Buyer and assign the Assumed Liabilities to Buyer, in each case subject to the terms and conditions and for the consideration set forth in this Agreement;

**WHEREAS**, in reliance upon the representations, warranties and covenants of Seller set forth in this Agreement, Buyer desires to acquire the Purchased Assets from Seller and assume the Assumed Liabilities from Seller, in each case subject to the terms and conditions and for the consideration set forth in this Agreement;

**WHEREAS**, in connection with such sale and assignment of the Purchased Assets and the Assumed Liabilities, the Buyer or one or more of its Affiliates has entered into the MPT Purchase Agreement, which contemplates the sale of the MPT Real Property by MPT to Buyer (or its designee), the closing of which sale will be effective substantially contemporaneously with the Effective Time; and

**WHEREAS**, the board of directors (or similar governing body) of Seller, or a committee thereof that has been duly and fully authorized by such board or governing body, have determined that it is advisable and in the best interests of such Seller to enter into this Agreement and to consummate the Contemplated Transactions, subject to entry of the Sale Order.

**NOW, THEREFORE**, for and in consideration of the premises, the agreements, covenants, representations and warranties set forth in this Agreement, the receipt and adequacy of which are acknowledged and agreed, the Parties agree as follows:

## 1. SALE OF ASSETS AND CERTAIN RELATED MATTERS.

**1.1** **Sale of Purchased Assets**.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, and on the terms and subject to the conditions set forth in this Agreement, at the Closing and effective as of the Effective Time, Seller shall sell, assign, convey, transfer, and deliver to Buyer, and Buyer shall purchase, acquire, and accept, all of Seller's and, solely to the extent provided in Section 1.1(g), the Seller Parties' right, title and interest in and to the Purchased Assets, free and clear of all Encumbrances (other than Permitted Encumbrances).  "**Purchased Assets**" means all assets, properties, rights, and interests of

every description, wherever situated and of whatever kind and nature, whether real, personal or mixed, tangible or intangible, owned or leased by (x) Seller and, (i) if tangible, located at the Facilities (in each case other than assets, properties, rights, and interests pursuant to an Excluded Contract) and primarily, except as specifically noted below in this Section 1.1, used or held for use in the operation of, or otherwise, except as specifically noted below in this Section 1.1, primarily relating to, the Business, and (ii) if intangible, exclusively, except as specifically noted below in this Section 1.1, used or held for use in the operation of, or otherwise, except as specifically noted below in this Section 1.1, exclusively relating to, the Business, or (y) the Seller Parties (in each case other than the Excluded Assets), including the following items (in each case other than the Excluded Assets):

(a)      subject to Section 1.5, leasehold title to the Leased Real Property, excluding the MPT Real Property, and all other interests of Seller in all Tenant Leases and Third-Party Leases, excluding the Existing MPT Lease;

(b)      all Personal Property;

(c)      all Inventory, including any rights to rebates, refunds or discounts due with respect to the Inventory;

(d)      to the extent assignable or transferable under applicable Law, all Prepaid Expenses, other than any Prepaid Expenses that Buyer designates in writing as Excluded Assets prior to the Designation Deadline;

(e)      originals, or where not available, copies (including in electronic format), of all medical records, patient files, and other written accounts of the medical history of the patients of the Business, including all such items required to be maintained in connection with the Business, to the extent transferable by applicable Law; provided that Seller and the Seller Affiliates may retain copies of any such records that they are required under applicable Law to retain;

(f)      the Books and Records; provided that Seller and the Seller Affiliates may retain copies of any such Books and Records that they are required by applicable Law to retain;

(g)      subject to Section 1.5, (i) all of the interests of Seller in (A) the Transferred Executory Contracts and (B) the Transferred Non-Executory Contracts, including all Contracts listed on Schedule 1.1(g)(i) and (ii) all of Seller Parties' interest in the Contracts listed on Schedule 1.1(g)(ii) (collectively, the "**Assumed Contracts**");

(h)      to the extent assignable, transferrable or capable of being reissued under applicable Law (including Environmental Laws), (i) all Permits and Approvals issued or granted by, or filed with or delivered to, any Governmental Authority, (ii) all accreditations that are used or held for use in, have been obtained by or issued to or on behalf of Seller (including any such Permits, Approvals or accreditations that are pending), and (iii) all of Seller Parties' interest in the Permits listed on Schedule 1.1(h), in each case of (i) and (ii) exclusively used or held for use in, or otherwise exclusively relating to, the Business, the Leased Real Property, the Facilities or the Purchased Assets;

(i)      to the extent assignable or transferable under applicable Law, all Transferred Intellectual Property, including the Trademarks and Domain Names set forth on Schedule 1.1(i);

(j)      all Transferred Information Technology Systems, including all Business information and data contained thereon or processed thereby;

2

(k)      to the extent assignable or transferable under applicable Law, any claims, causes of action or rights against third parties (including those arising under warranties, indemnities, rebates and guarantees), contractual or otherwise, to the extent related to the Purchased Assets, the Business or the Assumed Liabilities and arising before or after the Effective Time, other than any Avoidance Actions (collectively, the "**Assumed Third-Party Claims**");

(l)      to the extent assignable or transferable under applicable Law, Seller's Government Program provider agreements that exclusively relate to the operation of the Business and provider numbers and related national provider identifiers ("**NPIs**");

(m)      all Credentialing and Medical Staff Records;

(n)      Seller's goodwill, to the extent associated with, or relating to, the Business, the Purchased Assets and the Assumed Liabilities;

(o)      any insurance proceeds arising in connection with damage to the Purchased Assets occurring prior to the Effective Time, to the extent not expended on the repair or restoration of the Purchased Assets prior to the Effective Time and that do not exclusively relate to an Excluded Asset or Excluded Liability;

(p)      all telephone numbers and facsimile numbers exclusively used at or in the operation of the Facilities;

(q)      to the extent permitted by applicable Law, all personnel records with respect to the Transferred Employees (the "**Transferred Employee Personnel Records**"); provided that Transferred Employee Personnel Records shall not include any medical records; and

(r)      to the extent not included in any of the foregoing, (i) any assets included in the determination of Purchased Working Capital, (ii) any assets (other than the Excluded Assets) purchased or otherwise acquired by Seller or any Seller Affiliate since the Balance Sheet Date that are not reflected on the Reference Balance Sheet but that are exclusively used or held for use in, or otherwise exclusively relating to, the Business, and (iii) all other assets (other than the Excluded Assets) that are owned, leased or used by Seller or any Seller Affiliate and exclusively used or held for use in, or otherwise relating to the Business, whether or not scheduled or described herein.

**1.2**    **Excluded Assets**.  Notwithstanding anything herein to the contrary, the following assets, properties, rights, and interests of every description, wherever situated and of whatever kind and nature, whether real, personal or mixed, tangible or intangible, of Seller and any Seller Affiliates are not intended by the Parties to be a part of the Contemplated Transactions and are excluded from the Purchased Assets (collectively, the "**Excluded Assets**"):

(a)      any bank account of Seller or any Seller Affiliate, and all cash and cash equivalents (in each case, net of all outstanding checks or ACH, wire or other transfers initiated prior to the Effective Time), securities, investments, endorsements, charitable contributions, deferred gifts, endowment funds and other similar charitable interests, bond funds and other funds created by bond indentures and research rights;

(b)      all accounts receivable (including all patient and non-patient accounts receivable, whether billed or unbilled, recorded or unrecorded from any source), including notes receivable and other rights to receive payment for goods or services provided by Seller or any Seller Affiliate, whether or not in connection with their respective businesses (including the Business prior to the Effective Time), including

3

any accounts receivable that have been charged off as bad debt, any receivables related to recoveries associated with Medicare bad debt with respect to services provided in time periods prior to the Effective Time and any intercompany receivables between Seller on the one hand, and Steward or any Affiliate of Steward on the other hand;

(c)     all Insurance Policies, and all related premiums and refunds relating thereto (other than those described in Section 1.1(o));

(d)     all assets, rights, titles and interest in any Plan;

(e)     all organizational documents, corporate records, stock books, proprietary manuals, other proprietary materials of, or other records relating to the corporate organization of, and any Tax Returns of or with respect to (including any records or working papers), Seller or any Seller Affiliate;

(f)     rights that accrue or will accrue to Seller or any Seller Affiliate under this Agreement or the other Transaction Documents;

(g)     any records that are required by applicable Law or by Order of the Bankruptcy Court that Seller or any Seller Affiliate is required to retain in its possession; provided that, to the extent permitted by applicable Law or such Order, Buyer will be entitled to copies of such records;

(h)     Subject to Section 1.5, the Excluded Contracts, including any Contracts that (i) relate primarily to the Excluded Liabilities or the Excluded Assets, (ii) do not relate exclusively to the operation of the Business, the Purchased Assets or the Facilities, (iii) are multi-hospital Contracts in which one or more of Seller's or any of its Affiliates' other hospitals or health facilities participate that is not a Facility, (iv) are system-wide or regional Contracts of Steward or any of its Affiliates which are accessible to the Business by virtue of the Business being owned by Steward or any of its Affiliates (such Contracts described in the preceding clauses (ii), (iii) and (iv), the "**Shared Contracts**"), or (v) those Contracts set forth on Schedule 1.2(h);

(i)     (A) all claims, rights or interests of Seller or any Seller Affiliate to refunds, rebates, abatements, prepayments, or other recoveries in relation to Taxes (including any provider tax payments in any applicable state and any refundable Tax credits payable regardless of Tax Liability) related to (1) the Business, Facilities or the Purchased Assets for any Pre-Closing Tax Period or (2) any income Tax Return or Group Tax Return and (B) except for Buyer's portion of the Apportioned Taxes, all other Tax assets (including any Tax attributes) of Seller or any Seller Affiliate, in each case together with any interest due thereon or penalty rebate arising therefrom;

(j)     the portions of Inventory, Prepaid Expenses and other Purchased Assets disposed of, or expended, as the case may be, by Seller or any Seller Affiliate after the date of this Agreement and prior to the Effective Time in the ordinary course of business and in accordance with this Agreement;

(k)     all unclaimed property of any third party as of the Effective Time, including property that is subject to applicable escheat Laws;

(l)     the rights of Seller under this Agreement;

(m)     all rights to receipts (i) relating to the Seller Cost Reports with respect to time periods prior to the Effective Time pursuant to the auditing and settlement of the Seller Cost Reports, including settlements and retroactive adjustments (collectively, "**Cost Report Settlements**"), (ii) that result from Seller's or any of its Affiliate's pursuit of one or more appeals and other risk settlements with respect

to time periods prior to the Effective Time, or (iii) relating to amounts earned, accrued or paid by Seller or any Seller Affiliates with respect to meaningful use attestations, or for which the requirements for attestation have been substantially met with respect to time periods prior to the Effective Time;

(n)      Seller's or any of its Affiliate's assets held in connection with any self-funded insurance programs and reserves, if any, and any assets and Liabilities under medical malpractice risk pools and workers' compensation and employee retirement programs;

(o)      any (i) Permits, Approvals, or accreditations not exclusively used or held for use in, or otherwise not exclusively relating to, the Business or the Purchased Assets, and (ii) Permits, Approvals, or accreditations exclusively used or held for use in, or otherwise exclusively relating to, the Business or the Purchased Assets, but that are not assignable to Buyer pursuant to applicable Laws, by Order of the Bankruptcy Court, or the requirements of applicable accreditation organizations;

(p)      any claims or causes of action of Seller or Seller Affiliates against third parties to the extent that such claims or causes of action (i) relate to the Excluded Assets or the Excluded Liabilities or (ii) arise in connection with the Chapter 11 Cases and are not Assumed Third-Party Claims, including all Avoidance Actions;

(q)      any trustee held bond reserve funds;

(r)      assets held exclusively to fund collateral for Excluded Liabilities;

(s)      all Medicare Accelerated and Advance Payments, COVID-19 Funds and any provider relief funds under the CARES Act or similar legislation that are intended to compensate Steward, any Affiliate of Steward or Seller, for costs incurred or lost revenue with respect to time periods prior to the Effective Time;

(t)      all writings and other items that are protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other generally recognized privilege or protection, including peer-review privilege, in each case, where the transfer to Buyer would compromise such privilege or protection;

(u)      all documents, records, correspondence, work papers and other documents to the extent relating to the Seller Cost Reports, Cost Report Settlements or other Excluded Assets; <u>provided</u> that Buyer will be entitled to copies thereof;

(v)      any (i) Trademarks not exclusively used or held for use in, or otherwise exclusively relating to, the Business, (ii) Trademarks or Domain Names that contain the name "Steward Health Care System," "Steward Health," "IASIS," or "Steward" (as well as all abbreviations, variations or derivations thereof, including any world-wide web address containing "iasis" or "steward"), any promotional material, educational material, signage, stationery, supplies or other items of inventory bearing such names or Trademark, or any marks, trade dress, logos, or symbols or abbreviations, variations or derivations thereof, and any URLs, sites, blogs or pages hosted on the system websites of Seller or the Seller Affiliates, including all content embodied within the foregoing, (iii) except as expressly set forth therein, any Intellectual Property made available to Buyer or its Affiliates following the Closing pursuant to the Transition Services Agreement, or (iv) any other Intellectual Property not exclusively used or held for use in, or otherwise exclusively related to the Business;

(w)      any (i) Information Technology Systems, Software, hardware or data processing equipment, data processing system manuals and licensed Software materials that are not (A) in the case of

tangible assets, located at a Facility or, in the case of Software, manuals and materials in electronic format, and other intangible assets, residing on hardware located at a Facility or (B) exclusively used or held for use in, or otherwise exclusively relating to, the Business or (C) transferable or (ii) to the extent not exclusively used or held exclusively for use in, or otherwise exclusively related to the Business, proprietary Software, data processing programs or source code of Seller or any Seller Affiliates;

(x)     any proprietary manuals, marketing materials, policy and procedure manuals, standard operating procedures and marketing brochures, data and studies or analyses of Seller or any Seller Affiliates, including those set forth on Schedule 1.2(y);

(y)     any pharmaceuticals that cannot, by applicable Law, be sold by Seller to Buyers;

(z)     any medical staff-related records or information not among the Credentialing and Medical Staff Records or Transferred Employee Personnel Records;

(aa)     any non-assumable and non-transferable Prepaid Expenses;

(bb)     the Existing MPT Lease;

(cc)     any master agreements or similar contracts, including Payor Agreements, that relate, in whole or in part, to the provision of services, or that involve the rights or privileges of Steward or any of its Affiliates, that are not exclusively used or held for use in the Business;

(dd)     Contracts and fee-sharebacks made available through participation in a group purchasing organization;

(ee)     all Medicaid payments for time periods prior to the Effective Time, including any supplemental Medicaid payments that are unrelated to specific patient visits;

(ff)     all rights and interest associated with all indebtedness or debt-like items of Steward, any Affiliate of Steward, including Seller;

(gg)     any assets or operations of (i) Stewardship Health, Inc. and its Subsidiaries, including Stewardship Health Medical Group, Inc. or (ii) except as specifically included as a Purchased Asset, Steward Medical Group, Inc.;

(hh)     all Personal Information that is nontransferable under applicable Law or under the privacy policies or notices of Seller in effect at the time of collection of such Personal Information;

(ii)     all assets and operations pertaining to the Uniformed Services Family Health Plan ("**USFHP**") pharmacy, provided that the DEA registration and controlled substance registration set forth on Schedule 3.6 and the drug inventory associated with such registrations shall be subject to the process described in Section 6.14; and

(jj)     any other assets, properties, rights, or interests of any description, wherever situated and of whatever kind and nature, whether real, personal or mixed, tangible or intangible, that (i) are not exclusively used or held for use in, or otherwise exclusively relating to, the Business or (ii) are specifically identified on Schedule 1.2(jj) or (iii) Seller is required to retain by applicable Law or Order of the Bankruptcy Court.

6

Except as otherwise set forth in this Agreement, at any time at least ten (10) Business Days prior to the Closing, Buyer may, by written notice to Seller, designate any of the Purchased Assets that are tangible in nature as Excluded Assets, which written notice shall set forth in reasonable detail such assets so designated ("**Designated Excluded Assets**"). Seller shall use commercially reasonable efforts to remove such Designated Excluded Asset from the Facility or, in Seller's sole discretion and subject to prior written approval by Seller, reimburse the Buyer for the reasonable and documented third-party expenses for removing such Designated Excluded Assets. Seller and Buyer each acknowledge and agree that there shall be no increase or decrease in the Purchase Price if Buyer elects to designate any Purchased Assets as Excluded Assets pursuant to the operation of this paragraph.

      **1.3**    **Assumed Liabilities**.  On the terms and subject to the conditions set forth in this Agreement, Buyer shall assume at the Closing and effective as of the Effective Time only the following Liabilities of Seller and Seller Affiliates, including Seller Parties, and no other Liabilities, which other Liabilities shall be retained by Seller and the Seller Affiliates, including the Seller Parties, as applicable, without duplication and only to the extent not paid, performed discharged or otherwise satisfied prior to the Closing (collectively, the "**Assumed Liabilities**"):

      (a)    (i) all Liabilities as of immediately prior to the Effective Time in respect of the Assumed Paid Time Off and (ii) the Employee Obligations assumed under <u>Section 6.1</u>;

      (b)    all Liabilities arising under the Assumed Contracts and the Leases, in each case, solely to the extent arising from periods occurring on or after the Closing and relating (and only to the extent so relating) to facts, circumstances or occurrences first arising after the Effective Time and that do not arise from or relate to, and are not in connection with, any event, circumstance or condition occurring or existing at or prior to the Effective Time that, with or without notice or lapse of time, would constitute or result in a breach, violation or default under applicable Law or any such Assumed Contracts by Seller or the Seller Affiliates prior to Closing;

      (c)    all Liabilities arising out of the use, ownership or operation of the Business, the Purchased Assets or the Facilities, in each case, solely to the extent arising from periods occurring on or after the Effective Time and relating (and only to the extent so relating) to facts, circumstances or occurrences first arising after the Effective Time and that do not arise from or relate to, and are not in connection with, any event, circumstance or condition occurring or existing at or prior to the Effective Time that, with or without notice or lapse of time, would constitute or result in a breach, violation or default under any Contract related thereto or applicable Law;

      (d)    all Liabilities for any Taxes specifically allocated to Buyer pursuant to this Agreement, including any Transfer Taxes and any Apportioned Taxes apportioned to Buyer; and

      (e)    all Liabilities arising as the custodian of the medical records, patient files, and other written accounts of the medical history of the patients of the Business under any applicable record retention Laws, in each case, solely to the extent arising from periods occurring on or after the Effective Time and relating (and only to the extent so relating) to facts, circumstances or occurrences first arising after the Effective Time and that do not arise from or relate to, and are not in connection with, any event, circumstance or condition occurring or existing at or prior to the Effective Time that, with or without notice or lapse of time, would constitute or result in a breach, violation or default under applicable Law.

Buyer shall, and shall cause its Affiliates to, pay, perform and discharge all Assumed Liabilities in accordance with their applicable terms (as such terms may be modified by Buyer and the applicable counterparty). Notwithstanding anything to the contrary in this Agreement, the assumption by Buyer of any Assumed Liability shall not, in any way, expand the rights of any third party relating thereto.

**1.4**  **Excluded Liabilities**.  Notwithstanding anything in this Agreement to the contrary, other than the Assumed Liabilities, Buyer shall not be responsible to pay, perform, discharge or assume, and none of the Purchased Assets shall be or become liable for or subject to, any Liabilities of Seller or the Seller Affiliates related to the ownership, occupancy or operation of the Business, Facilities, Leased Properties or the Purchased Assets, any Liabilities of Seller or the Seller Affiliates related to any acts or omissions by Seller or Seller Affiliates, or any other Liabilities of Seller or the Seller Affiliates (all Liabilities other than the Assumed Liabilities, the "**Excluded Liabilities**"). For the avoidance of doubt, Buyer will not assume any Liabilities with respect to any Plan or other benefit or compensation plan, program, policy, agreement, arrangement or commitment of Seller or the ERISA Controlled Group (except for the Assumed Paid Time Off and any Liability expressly set forth in Section 1.3), all of which shall constitute Excluded Liabilities.

**1.5**  **Designated Contracts; Cure Costs**.

(a)  Subject to Section 5.3 and this Section 1.5, at Closing and pursuant to Section 365 of the Bankruptcy Code and the Sale Order, Seller shall assume and assign to Buyer, and Buyer shall assume from Seller the Transferred Executory Contracts and the Leases.  All Cure Costs shall be paid by Seller on or before Closing (or, with respect to any Contract for which a cure objection has not been finally resolved as of the Closing, in accordance with Section 1.5(e)), but subject to Section 1.8.

(b)  Attached hereto as Schedule 1.5(b) is a list of each Executory Contract and Leases and the proposed amount of the Cure Costs associated with such Executory Contract or Lease (such list, the "**Available Contract Schedule**"). Prior to the date hereof, Seller filed with the Bankruptcy Court the information set forth on the Available Contract Schedule and served written notice (each, a "**Cure Notice**") to the non-Seller counterparty to each Executory Contract or Lease, which notice included the Executory Contracts on the Available Contract Schedule.

(c)  If, at any time prior to the Closing Date, Seller becomes aware that it is a party to an Executory Contract that is not listed on the Available Contract Schedule (each, an "**Undisclosed Contract**"), Seller will update the Available Contract Schedule with respect to such Undisclosed Contract and (i) file with the Bankruptcy Court such updated schedule, and (ii) serve a Cure Notice, which notice shall include such updated schedule, to the non-Seller counterparty to such Undisclosed Contract.

(d)  From time to time, on or prior to two (2) Business Days prior to the Closing Date (the "**Designation Deadline**"), Buyer may elect, by written notice to Seller, each Executory Contract it wishes to be assigned to it on the Closing Date (each such Executory Contract, a "**Transferred Executory Contract**"), and each such Transferred Executory Contract shall be deemed an Assumed Contract for purposes hereof and added to Schedule 1.1(g)(i). Any Executory Contract not designated by Buyer in writing as a Transferred Executory Contract on or before the Designation Deadline shall be deemed an Excluded Contract.  From time to time prior to the Designation Deadline, Buyer may elect, by written notice to Seller, to remove any Executory Contract from Schedule 1.1(g)(i) and from and after such date such Executory Contract shall be deemed for all purposes hereunder an Excluded Contract. On or before the Closing Date, Seller will file with the Bankruptcy Court a notice of assumption and shall serve such notice on each applicable non-Seller counterparty, which notice of assumption shall identify all Transferred Executory Contracts. Notwithstanding the foregoing, an Executory Contract shall not be a Transferred Executory Contract hereunder and shall not be assumed by Seller or assigned to Buyer if such Executory Contract is validly terminated by the other party thereto, or terminates or expires in accordance with its own terms on or prior to the Closing.

(e)  If any objections are filed by, or received from, any non-Seller counterparty in response to a Cure Notice, Seller will use commercially reasonable efforts to resolve any such objections with such non-Seller counterparty; provided that Seller shall provide Buyer with reasonable notifications

8

regarding the status of such efforts. If any such cure objection is not consensually resolved or finally determined by the Bankruptcy Court prior to the Closing Date with respect to any Transferred Executory Contract or any Lease, subject to Section 1.8, Seller shall (x) pay on or before the Closing Date to such non-Seller counterparty an amount equal to the undisputed portion of Cure Costs payable with respect to such Transferred Executory Contract and each Lease, (y) appropriately reserve funding for the disputed portion of such Cure Costs pending resolution of such cure objection, subject to entry by the Bankruptcy Court of the Sale Order, and (z) assume and assign such Transferred Executory Contract and each Lease to Buyer at the Closing and upon either the consensual resolution or final determination by the Bankruptcy Court of such cure objection, Seller shall promptly pay to such non-Seller counterparty any remaining Cure Costs owing to such non-Seller counterparty with respect to such Transferred Executory Contract and each Lease.

(f) From time to time, on or prior to the Designation Deadline, Buyer may elect, by written notice to Seller, each Business Contract that is not an Executory Contract it wishes to be assigned to it on the Closing Date, and each such Contract shall be deemed an Assumed Contract for purposes hereof and added to Schedule 1.1(g)(i). Any Business Contract that is not an Executory Contract not so designated by Buyer in writing shall be deemed an Excluded Contract. From time to time prior to the Designation Deadline, Buyer may elect, by written notice to Seller, to remove any Business Contract that is not an Executory Contract from Schedule 1.1(g)(i) and from and after such date such Contract shall be deemed for all purposes hereunder an Excluded Contract.

1.6 **Purchase Price; Adjustments**. Subject to the terms and conditions hereof, the aggregate consideration to be paid at the Closing by Buyer for the Purchased Assets shall be:

(a) an amount equal to (the "**Purchase Price**"):

(i) One Hundred Forty Million ($140,000,000) payable in cash;

(ii) *plus* the amount of Purchased Working Capital (which amount of Purchased Working Capital may not, for the purposes of the Purchase Price calculation, be less than negative $3,520,113.49);

(iii) *plus* the result (which may not be a negative number) of (A) the amount of any Apportioned Taxes apportioned to Buyer but paid by Seller prior to Closing *minus* (B) the amount of any Apportioned Taxes apportioned to Sellers but to be paid by the Buyer post-Closing, in each case to the extent not included in Purchased Working Capital; and

(iv) *minus* any amount payable to MPT in connection with the closing of the transactions contemplated under the MPT Purchase Agreement, which amount shall be equal to One Hundred Thirty Million Five Hundred Eighty-Two Thousand Four Hundred Forty-Six and 44/100 Dollars ($130,582,446.44).

(b) Buyer's assumption of the Assumed Liabilities.

The Purchase Price to be paid by Buyer at Closing shall be based on the Purchased Working Capital (as contemplated by Section 1.7), and such amounts shall be subject to adjustment after the Closing pursuant to Section 1.9 and other provisions of this Agreement.

1.7 **Delivery of Estimated Closing Statement**. Seller shall prepare and deliver to Buyer, not more than seven (7) Business Days (but at least three (3) Business Days) prior to the Closing Date, a statement (the "**Estimated Closing Statement**") setting forth Seller's (a) written estimate of (i) the

Purchased Working Capital (the "**Estimated Working Capital**") (calculated using the same accounting principles, methodologies, policies, and practices used in the example calculation of Net Working Capital as of the Balance Sheet Date set forth on Part 2 of Exhibit C), and (ii) the Apportioned Taxes attributed to Buyer (to the extent not included in the Purchased Working Capital), which may not be a negative number, (iv) the Apportioned Taxes attributed to Seller (to the extent not included in the Purchased Working Capital), which may not be a negative number, and (b) a calculation of the Purchase Price payable at Closing in accordance with Section 1.6 as if such Estimated Working Capital were the actual amount of Purchased Working Capital (the Purchase Price as so estimated, the "**Estimated Purchase Price**").  Seller will consider any potential adjustments to the Estimated Closing Statement or the Estimated Purchase Price raised in good faith by Buyer in writing prior to the Closing, and Seller will make any corresponding changes to the Estimated Closing Statement or the Estimated Purchase Price that Seller, in its sole discretion, deems appropriate based on Buyer's proposed adjustments; provided, however, that in no event shall the Closing be delayed in any manner in connection with Buyer's review of the Estimated Closing Statement or the Estimated Purchase Price or any actual or proposed adjustments or changes or otherwise in connection with this process (including as a result of Seller's modification (if any) of, or refusal to modify, the Estimated Closing Statement or the Estimated Purchase Price, or any disagreement about whether or not Seller should modify the Estimated Closing Statement or the Estimated Purchase Price).

**1.8**     **Closing Date Payments**.  At the Closing, Buyer shall pay, by wire transfer of immediately available funds to the bank account designated by Seller in the Estimated Closing Statement, an amount equal to the Estimated Purchase Price.

**1.9**     **Post-Closing Adjustment to Purchase Price**.

     (a)     Not more than sixty (60) days after the Closing Date, Buyer shall prepare and deliver to Seller a statement (the "**Closing Statement**") setting forth Buyer's calculation of (i) (x) the actual amount of each of the elements of the Purchase Price in accordance with Section 1.6 as of the Effective Time, including the Purchased Working Capital (calculated using the same accounting principles, methodologies, policies, and practices used in the example calculation of Net Working Capital as of the Balance Sheet Date set forth on Part 2 of Exhibit C), (y) the Apportioned Taxes attributed to Buyer (to the extent not included in the Purchased Working Capital), which may not be a negative number, and (z) the Apportioned Taxes attributed to Seller (to the extent not included in the Purchased Working Capital), which may not be a negative number; and (ii) the Purchase Price in accordance with Section 1.6 resulting from such actual amount of Purchased Working Capital.  If Buyer does not deliver the Closing Statement to Seller within sixty (60) days after the Closing Date, then, at the election of Seller (acting in its sole discretion), either (A) Seller may prepare and present the Closing Statement to Buyer within an additional thirty (30) days thereafter or (B) Seller may notify Buyer that the Estimated Closing Statement will be deemed to be the final Closing Statement in accordance with this Section 1.9. If Seller elects to prepare the Closing Statement in accordance with the immediately preceding sentence, then all subsequent references in Section 1.9(a) and (c) to Buyer, on the one hand, and Seller, on the other hand, will be deemed to be references to Seller, on the one hand, and Buyer, on the other hand, respectively.  The Closing Statement shall become Final and Binding on the Final Resolution Date.

     (b)     During the thirty (30) days after delivery of the Closing Statement, Buyer will provide Seller and its accountants reasonable access, during normal business hours and upon reasonable notice, (i) to review the financial books and records of Buyer to the extent related to the Closing Statement, including any of Buyer's accountants' work papers related to the calculation of amounts in the Closing Statement (subject to the execution of any access letters that such accountants may reasonably require in connection with the review of such work papers), and (ii) to the employees and other Representatives of Buyer who were responsible for the preparation of the Closing Statement to respond to questions relating to the preparation of the Closing Statement and the calculation of the items thereon, in each case solely to

10

allow Seller to determine the accuracy of Buyer's calculation of the items set forth on the Closing Statement. Any information shared with Seller or its accountants will be subject to Section 5.11, and Buyer shall not have any obligation to provide information or access to information, materials or Persons if doing so could reasonably be expected to result in the waiver of any attorney-client privilege or the disclosure of any Trade Secrets or violate any Law or the terms of any applicable Contract to which Buyer or any of its Affiliates is a party.  If Seller disagrees with any of Buyer's calculations set forth in the Closing Statement, Seller may, within thirty (30) days after delivery of the Closing Statement, deliver a written notice of its disagreement (a "**Post-Closing Notice of Disagreement**") to Buyer disagreeing with such calculations; provided, however, that such Post-Closing Notice of Disagreement shall include only objections based on whether (A) the amounts set forth on the Closing Statement were prepared in a manner consistent with the provisions of this Agreement or (B) there were mathematical errors in the computation of any amount set forth on the Closing Statement.  Such Post-Closing Notice of Disagreement shall specify those items or amounts with which Seller disagrees, and shall set forth Seller's calculation, based on such objections, of the Purchased Working Capital, and the Purchase Price resulting therefrom.  To the extent not set forth in such Post-Closing Notice of Disagreement, Seller shall be deemed to have agreed with Buyer's calculation of all items and amounts contained in the Closing Statement.  If Buyer does not receive a Post-Closing Notice of Disagreement from Seller within such thirty (30) day period, then the amounts set forth in the Closing Statement shall become Final and Binding.

(c)      If a Post-Closing Notice of Disagreement is received by Buyer on or prior to the thirtieth (30th) day following Buyer's delivery of the Closing Statement, then Buyer and Seller shall, during the fifteen (15) days following Buyer's receipt of such Post-Closing Notice of Disagreement, seek to resolve any differences that they may have with respect to the matters specified in such Post-Closing Notice of Disagreement. Any discussions relating thereto shall be governed by Rule 408 of the Federal Rules of Evidence and any applicable similar state rule(s), and evidence of such discussions shall not be admissible in any future Proceedings between Buyer and Seller.  If Buyer and Seller are not able to resolve their differences during such fifteen (15)-day period, then at the end of such period, Buyer and Seller shall promptly mutually engage and submit for Final and Binding resolution any and all matters related to such Post-Closing Notice of Disagreement that remain in dispute to Grant Thorton, or if Grant Thorton is unable or unwilling to be engaged, then to a mutually agreeable independent accounting firm of recognized national standing (the "**Accounting Firm**").  Each of Buyer and Seller shall make readily available to the Accounting Firm all relevant financial books and records, including any accountants' work papers (subject to the execution of any access letters that such accountants may require in connection with the review of such work papers) relating to the Closing Statement or the Post-Closing Notice of Disagreement.  Buyer and Seller, as promptly as possible, shall enter into a customary engagement letter with the Accounting Firm, which engagement letter shall explicitly provide that, in resolving the amounts in dispute, the Accounting Firm shall (i) consider only those items or amounts disputed by Seller in the Post-Closing Notice of Disagreement that remain in dispute; (ii) not assign a value to any item or amount in dispute greater than the greatest value for such item or amount assigned by Seller in the Post-Closing Notice of Disagreement, on the one hand, or by Buyer in the Closing Statement, on the other hand, or less than the smallest value for such item or amount assigned by Seller in the Post-Closing Notice of Disagreement, on the one hand, or by Buyer in the Closing Statement, on the other hand; and (iii) not be bound by any arbitration rules or procedures in connection with the resolution of the dispute under this Section 1.9.  The Accounting Firm's determination will be based solely upon information presented by Buyer and Seller, and not on the basis of independent review.  Buyer and Seller shall cause the Accounting Firm to deliver to Buyer and Seller as promptly as practicable (but in any event within fifteen (15) days of its retention) a written report setting forth its determination of the amounts in dispute.  Absent manifest error, the written report prepared by the Accounting Firm shall be Final and Binding and judgment upon the determination set forth in such written report may be entered in any court of competent jurisdiction of the United States.

(d)      Buyer and Seller shall each be responsible for the fees and expenses of the Accounting Firm pro rata, as between Buyer, on the one hand, and Seller, on the other hand, in proportion to the relative difference between the positions taken by Buyer and Seller compared to the determination of the Accounting Firm.  All other fees and expenses incurred in connection with the dispute resolution process set forth in this <u>Section 1.9</u>, including fees and expenses of attorneys and accountants, shall be borne and paid by the Party incurring such expense.

(e)      If the Purchase Price as finally determined pursuant to this <u>Section 1.9</u> is less than the Estimated Purchase Price (the absolute value of such difference, the "**Closing Payment Shortfall Amount**"), then within five (5) Business Days after the Final Resolution Date, Seller shall pay or cause to be paid, to Buyer, via wire transfer of immediately available funds to an account designated in writing by Buyer, an amount equal to the Closing Payment Shortfall Amount.

(f)      If the Purchase Price as finally determined pursuant to this <u>Section 1.9</u> is greater than the Estimated Purchase Price, then within five (5) Business Days after the Final Resolution Date, Buyer shall pay, or cause to be paid, to Seller an amount equal to the amount of such excess via wire transfer of immediately available funds to an account designated in writing by Seller.

(g)      If the Purchase Price as finally determined pursuant to this <u>Section 1.9</u> is equal to the Estimated Purchase Price, there will be no adjustment to the Purchase Price pursuant to this <u>Section 1.9</u>.

(h)      Any payments made pursuant to this <u>Section 1.9</u> shall be treated as an adjustment to the Purchase Price by the Parties for Tax purposes unless otherwise required by applicable Law.

**1.10     Withholding Rights**.  Without limiting any other provision of this Agreement, Buyer and any of its Affiliates shall be entitled to deduct and withhold from any consideration otherwise payable to any other Person pursuant to this Agreement or any other Transaction Document such amounts as it is required to deduct and withhold with respect to the making of such payment under the Code or any other provision of applicable Tax Law; <u>provided</u>, <u>however</u>, that if Buyer reasonably determines that an amount is required to be deducted and withheld with respect to any amounts payable by Buyer following the Closing, Buyer shall provide Seller with advance written notice (and in any event no less than five (5) Business Days in advance of deducting or withholding such amounts) of its intent to deduct and withhold and shall cooperate with Seller in good faith to obtain reduction of or relief from such deduction or withholding as permitted under applicable Tax Law. To the extent that such amounts are so withheld and timely remitted to the appropriate Governmental Authority, such withheld amounts shall be treated for all purposes of this Agreement as having been paid to the applicable Person in respect of which such deduction and withholding was made.

**1.11     Physical Inventory**.

(a)      Within the five (5)-day period preceding the Closing Date (or such other time as the Parties may agree), Seller will procure from Z5 Inventory or another third party selected by Buyer and Seller in good faith, the performance and completion of a physical count of Inventory in a manner consistent with its past practice to verify the levels and amounts of the Inventory.  Seller will give Buyer not less than five (5) days' prior written notice of the commencement of such physical count of Inventory. Representatives of Buyer will be permitted to observe such physical count of Inventory and will be permitted to make test counts of Inventory and receive copies of the records related to such physical count of Inventory.  In connection with such physical count of Inventory, Seller and Buyer (each acting reasonably) shall jointly determine if any items of Inventory are unusable or obsolete, which unusable or obsolete items of Inventory shall be excluded from the calculation of the value of the Inventory calculated pursuant to this <u>Section 1.11</u>.  Prior to the Closing Date, Seller shall remove items of Inventory from the

Hospitals and the other Facilities that, based upon such physical count of Inventory, have been determined by the Parties to be unusable or obsolete.  The value of the Inventory shall be determined as set forth in <u>Part 1</u> of <u>Exhibit C</u> and Seller shall prepare the schedule setting forth such Inventory and the corresponding value thereof and deliver to Buyer as soon as practicable.

(b)     The Parties acknowledge that the results of the physical count of Inventory to be taken pursuant to this <u>Section 1.11</u> may not be available until after the Closing Date. Accordingly, the Parties agree that, if the results of such physical count of Inventory are not available as of the Closing Date, then, for purposes of determining the Estimated Working Capital, Inventory shall be <u>calculated</u> as set forth in <u>Part 1</u> of <u>Exhibit C</u>.

(c)     The cost of the third-party physical count of Inventory shall be borne one half by Seller and one half by Buyer.

## 2.     CLOSING.

**2.1**     <u>**Closing**</u>.  Subject to the terms and conditions of this Agreement, the consummation of the Contemplated Transactions (the "**Closing**") shall take place electronically (a) on the second (2nd) Business Day after the conditions set forth in <u>Section 7</u> and <u>Section 8</u> (other than those conditions that by their terms are to be satisfied at the Closing, but subject to the satisfaction or waiver of such conditions) have been satisfied or waived, or (b) on such other date as the Parties may mutually designate in writing (the "**Closing Date**").  Unless otherwise agreed in writing by the Parties, the Closing shall be effective for financial and accounting purposes as of 11:59 p.m. local time on the Closing Date (the "**Effective Time**").   For the avoidance of doubt, all calculations of all components of Purchased Working Capital shall not consider the effects of the consummation of the Contemplated Transactions. All transactions at the Closing will be deemed to take place simultaneously and none shall be deemed to have taken place until all will have taken place.  Notwithstanding any other provision in this Agreement, if all the conditions set forth in <u>Section 7</u> and <u>Section 8</u> are satisfied or waived (other than those conditions that by their terms are to be satisfied at the Closing) other than those conditions set forth in <u>Section 7.10(b)</u>, then the Parties shall agree to consummate the Contemplated Transactions without SEMC as a Seller (and the Hospital, other Facilities, Purchased Assets and Assumed Liabilities associated therewith) for purposes of the Closing and to modify the terms of this Agreement to allow the consummation of the Contemplated Transactions with SEMC as a Seller (and the Hospital, other Facilities, Purchased Assets and Assumed Liabilities associated therewith) pursuant to this Agreement at a later date determined by the Parties.

**2.2**     <u>**Deliveries of Seller at the Closing**</u>.  At the Closing and unless otherwise waived in writing by Buyer, Seller shall deliver to Buyer, or shall cause the appropriate Person to deliver to Buyer, the following:

(a)     with respect to each Lease (other than the Existing MPT Lease), an assignment of such Lease, substantially in the form attached hereto as <u>Exhibit E</u> (each, a "**Lease Assignment**"), duly executed by Seller;

(b)     a bill of sale, substantially in the form attached hereto as <u>Exhibit F</u> (the "**Bill of Sale**"), duly executed by Seller;

(c)     an assignment and assumption agreement, substantially in the form attached hereto as <u>Exhibit G</u> (the "**Assignment and Assumption Agreement**"), duly executed by Sellers and each relevant Seller Party, effecting the assignment to and assumption by Buyer or Buyer's designated Affiliate of the Assumed Contracts, the Assumed Liabilities and any Purchased Assets not conveyed by any other Transaction Document;

13

(d)      one or more power of attorneys, substantially in the form attached hereto as Exhibit H (each a "**Power of Attorney**"), duly executed by Seller, authorizing Buyer to utilize Seller's federal and state controlled substances Permits and pharmacy licenses;

(e)      a confirmatory trademark assignment agreement, substantially in the form attached hereto as Exhibit I (the "**Trademark Assignment Agreement**"), duly executed by Seller;

(f)      a transition services agreement, together with schedules thereto, in each case, in form and substance reasonably acceptable to the Parties (the "**Transition Services Agreement**"), duly executed by Seller or the Seller Affiliates, as applicable;

(g)      an employee contract assignment and assumption agreement, substantially in the form attached hereto as Exhibit K (the "**Employee Contract Assignment and Assumption Agreement**"), duly executed by Seller or each relevant Seller Party, transferring to Seller or the relevant Seller Party the Employment Agreements (as defined therein, if any) set forth on Schedule A-1 thereto;

(h)      a certificate, dated as of the Closing Date, of Seller certifying that the conditions set forth in Section 7.1, and Section 7.2 have been satisfied; and

(i)      a medical records custody agreement, in form and substance reasonably acceptable to the Parties (the "**Medical Records Custody Agreement**"), duly executed by Seller;

(j)      an IRS Form W-9 in the form most recently published by the IRS, executed by each Seller or its regarded owner.

**2.3**   **Deliveries of Buyer at the Closing**.  At the Closing and unless otherwise waived in writing by Seller, Buyer shall deliver to Seller the following:

(a)      evidence of the wire transfers provided for in Section 1.8;

(b)      the Lease Assignments, duly executed by Buyer;

(c)      the Bill of Sale, duly executed by Buyer;

(d)      the Assignment and Assumption Agreement, duly executed by Buyer;

(e)      the Trademark Assignment Agreement, duly executed by Buyer;

(f)      the Transition Services Agreement, duly executed by Buyer;

(g)      the Employee Contract Assignment and Assumption Agreement;

(h)      copies of resolutions duly adopted by the board of directors of Buyer, authorizing and approving Buyer's performance of the Contemplated Transactions and the execution and delivery of this Agreement and the other Transaction Documents, certified as true and in full force and effect as of the Closing Date by an appropriate officer of Buyer;

(i)      a certificate, dated, as of the Closing Date, of Buyer certifying that the conditions set forth in Section 8.1, Section 8.2 and Section 8.6 have been satisfied;

(j)      certificates of incumbency for the respective officers of Buyer executing this Agreement and the other Transaction Documents, dated as of the Closing Date;

14

(k)     a certificate of existence or good standing of Buyer from its jurisdiction of formation or organization dated within ten (10) days prior to the Closing; and

(l)     the Medical Records Custody Agreement, duly executed by Buyer.

**2.4     Additional Acts**.  From time to time after the Effective Time, Seller and Buyer shall execute, acknowledge and deliver all such further reasonable documents, conveyances, notices, assumptions, releases and acquittances and such other reasonable instruments, and shall take such further reasonable actions, as may be reasonably necessary or appropriate to effectuate this Agreement and consummate the Contemplated Transactions in accordance with the terms of this Agreement, including to assure fully to Buyer all of the properties, rights, titles, interests, estates, remedies, powers and privileges relating to the Purchased Assets to be conveyed to Buyer under this Agreement and the other Transaction Documents and to assure fully to Seller the assumption of the Assumed Liabilities to be assumed by Buyer under this Agreement and the other Transaction Documents, and to consummate or otherwise make effective the Contemplated Transactions in accordance with the terms of this Agreement.

**3.     REPRESENTATIONS AND WARRANTIES OF SELLER.**

Seller hereby, jointly and severally, represents and warrants to Buyer that the statements contained in this Section 3 are true and correct as of the date of this Agreement and as of the Closing Date (except in the case of representations and warranties that are made as of a specified date, in which case such representations and warranties will be true and correct as of such specified date); provided, however, that notwithstanding anything to the contrary in this Agreement, the statements contained in this Section 3 are only made with respect to the Business, the Facilities, the Purchased Assets and the Assumed Liabilities, as applicable, and nothing in this Section 3 shall be construed to pertain to any assets, liabilities, entities or businesses (including of Steward and its Affiliates) other than the Business, the Facilities, the Purchased Assets or the Assumed Liabilities, as applicable.

**3.1     Organization; Capacity**.  Each Seller is a corporation, limited liability company or other entity, duly organized, validly existing and in good standing under the Laws of its jurisdiction of formation or organization, which entity type and jurisdiction for each Seller is as set forth on Schedule 3.1.  Seller is duly authorized, qualified to do business and in good standing under all applicable Laws of any jurisdictions (domestic and foreign) in which the character or the location of the assets owned or leased by it or the nature of the business conducted by it requires such authorization, except as would not reasonably be expected to have a Material Adverse Effect. Except for such authorizations as may be required by the Bankruptcy Court, the execution and delivery by Seller of this Agreement and the other Transaction Documents to which it is or will become a party, as applicable, the performance by each of Seller of its obligations under this Agreement and the other Transaction Documents to which it is or will become a party and the consummation by Seller of the Contemplated Transactions to which it is a party have been authorized and approved by all necessary corporate, limited liability company or other similar actions, as applicable, on the part of Seller, none of which actions has been modified or rescinded and all of which actions remain in full force and effect.

**3.2     Authority; Non-contravention; Binding Agreement**.

(a)     Except as set forth on Schedule 3.2(a) and for such authorizations required by the Bankruptcy Court, the execution, delivery and performance by Seller of this Agreement and the other Transaction Documents to which it is a party or will become a party, and the consummation by Seller of the Contemplated Transactions, as applicable:

(i)         are within Seller's corporate, limited liability company or other similar powers and are not and will not be in contravention or violation of the terms of the organizational or governing documents of Seller;

(ii)        do not and will not require any Approval of, filing or registration with, the issuance of any Permit by, or any other action to be taken by, any Governmental Authority to be made or sought by Seller excluding any filings required by the HPC or under the HSR Act or other Antitrust Law;

(iii)       do not and will not require any Approval or other action under, conflict with, or result in violation of or default under (with or without notice or lapse of time or both), or give rise to a right of termination, cancellation, acceleration or augmentation of any obligation, or loss of a material benefit under, or result in the creation of any Encumbrance (other than Permitted Encumbrances) upon, any of the Purchased Assets under (1) any Material Contract, or Permit or Approval applicable to any of the Purchased Assets, (2) any Order or Law applicable to any of the Purchased Assets or to which Seller may be subject, or (3) Seller organizational documents, except in each case of clauses (ii) and (iii)(1) above, as would not reasonably be expected to be material to the Purchased Assets, the Assumed Liabilities or the Business; and

(b)        This Agreement and the other Transaction Documents to which Seller is or will become a party are and will constitute the valid and legally binding obligations of Seller and, assuming the due authorization and execution thereof by Buyer, are and will be enforceable against them in accordance with the respective terms hereof and thereof, except as enforceability may be restricted, limited or delayed by applicable Laws or an Order of the Bankruptcy Court affecting creditors' rights generally and except as enforceability may be subject to general principles of equity.

**3.3        Title to Assets and Condition of Assets**.

(a)        At the Closing, subject to Section 5.3 and Seller's payment of the Cure Costs in accordance with Section 1.5 and Section 1.8, Seller will transfer, convey, assign and deliver to Buyer, and Buyer will acquire, good and marketable title to, or valid and subsisting leasehold interests in or rights to use, all of the Purchased Assets (tangible or intangible), free and clear of all Encumbrances, other than Permitted Encumbrances.

(b)        There are no outstanding rights (including any right of first refusal or right of first offer), options, or Contracts giving any Person any current or future right to require Seller to sell or transfer to such Person or to any third party any interest in any of the Purchased Assets.  To the Knowledge of Seller, there are no facts or conditions affecting the Purchased Assets that could, individually or in the aggregate, interfere in any material respect with the use, occupancy or operation of the Purchased Assets as currently used, occupied or operated as of the date of this Agreement or as of the date immediately prior to Closing, as the case may be.

(c)        Except as set forth on Schedule 3.3(c), the Purchased Assets and as provided under the Transition Services Agreement constitute all of the material assets, properties and rights held for use or necessary to operate and conduct the Business as of the date of this Agreement or the Closing Date, as the case may be.

**3.4        Joint Venture Interests**.  The Purchased Assets do not include any ownership interests, partnership interests, membership interests or capital stock held by Seller in any Person.

**3.5**     **Financial Information**.

(a)     Schedule 3.5(a) contains the following financial statements and financial information of the Business (collectively, the "**Historical Financial Information**"):

(i)     unaudited consolidated balance sheets and income statements of the Business (including the accompanying consolidating schedules of balance sheet information and income statement information) as of, and for the twelve (12) month period ended December 31, 2022 and December 31, 2023;

(ii)     an unaudited consolidated balance sheet of the Business (including the accompanying consolidating schedules of balance sheet information) as of the Balance Sheet Date (the "**Reference Balance Sheet**"); and

(iii)     an unaudited consolidated income statement of the Business (including the accompanying consolidating schedules of income statement information) for the five (5)-month period ended on the Balance Sheet Date.

(b)     The Historical Financial Information is true, correct and complete in all material respects and fairly presents in all material respects the consolidated financial position of the Business as of the respective dates thereof and the consolidated results of the operations of the Business and changes in financial position for the respective periods covered thereby.   The consolidated financial statements included in the Historical Financial Information have been prepared in all material respects accordance with GAAP, applied on a consistent basis throughout the periods indicated (subject, in the case of the unaudited Historical Financial Information, to the absence of notes and normal year-end audit adjustments, the effect of which is not material, individually or in the aggregate), and are based in all material respects on the Books and Records of Seller.   Except as set forth on Schedule 3.5(b), Seller has not changed in any material respect any accounting policy or methodology during the periods presented in the Historical Financial Information (including the accounting policies and methodologies for determining the obsolescence of Inventory or in calculating reserves).

**3.6**     **Permits and Approvals**.

(a)     Each Facility is duly licensed in accordance with applicable Law by the appropriate Governmental Authority as set forth on Schedule 3.6, which sets forth the type of licensed facility, the license number, and, for each Hospital, the number of licensed beds at such Hospital.   The pharmacies, laboratories, and all other ancillary departments or services located at any Facility or owned or operated by Seller for the benefit of any Facility that are required to be separately licensed are duly licensed by the appropriate Governmental Authority.   The Seller holds, and for the last two (2) years has held in an uninterrupted manner, all Permits that are necessary for the Seller to operate as currently conducted in accordance with all applicable Laws and Healthcare Laws.   Schedule 3.6 sets forth an accurate and complete list of all material Permits and Approvals issued by any Governmental Authority owned or held by Seller with respect to the Facilities, including the dates of issuance and expiration dates for each such Permit or Approval.   The Permits and Approvals set forth on Schedule 3.6 constitute all material Permits and Approvals necessary for Seller to own and operate the Facilities and the Purchased Assets and to carry on the Business as currently.   Seller has provided accurate and complete copies to Buyer of each Permit and Approval set forth on Schedule 3.6.   To the Knowledge of Seller, each of the Physicians and other licensed professional providers who provide services to the Business (each, a "**Practitioner**", and collectively, the "**Practitioners**") is in possession of all Permits and Governmental Authority Approvals necessary for his or her performance of such services.   Seller, the Facilities, and to the Knowledge of Seller, the Practitioners, as applicable, are, and at all times in the past two (2) years, in compliance in respects with the terms of such

Permits and Governmental Authority Approvals, except where such non-compliance would not reasonably be expected to be material to the Purchased Assets, the Assumed Liabilities or the Business. There are no provisions in, or agreements relating to, any such Permits or Approvals that preclude or materially limit Seller from operating the Facilities and the Purchased Assets and carrying on the Business as currently conducted in all material respects.  There is no pending or, to the Knowledge of Seller, threatened, Proceeding by or before any Governmental Authority to revoke, cancel, rescind, suspend, restrict, modify, or refuse to renew any material Permit or Approval held by any Facility, or to the Knowledge of Seller, any Practitioner, and all such Permits and Governmental Authority Approvals are as of the date hereof, and as of the Closing Date shall be, unrestricted, in good standing, in full force and effect and not subject to meritorious challenge, except where the failure to have or obtain such Permit or Approval would not reasonably be expected, either individually or in the aggregate, to be material to the Purchased Assets, the Assumed Liabilities or the Business.  To the Knowledge of Seller, no event has occurred and no facts exist with respect to any such Permits or Approvals that allow, or after notice or the lapse of time or both, would allow the suspension, revocation, or termination of any such Permits or Approvals, or would result in any other impairment in the rights of any holder thereof, except where the failure to have or obtain such Permit or Approval set forth in Schedule 3.6 would not reasonably be expected, either individually or in the aggregate, to be material to the Purchased Assets, the Assumed Liabilities or the Business.  Seller or Facility has not received in the past two (2) years any notice or communication from any Governmental Authority regarding any violation of any Permits or Approvals (other than any surveys or deficiency reports for which Seller has submitted a plan of correction that has been accepted or approved by the applicable Governmental Authority).  Seller has delivered to Buyer accurate and complete copies of all survey reports, deficiency notices, plans of correction, and related correspondence received by Seller or any Facility in the past two (2) years in connection with the Permits and Governmental Authority Approvals relating to the Business or Practitioners.  The representations and warranties in this Section 3.6 shall not include Environmental Permits, which are exclusively addressed in Section 3.25.

(b)     To the Knowledge of the Seller, each Practitioner employed by, contracted with, or otherwise retained by the Seller is, and for the last two (2) years has been providing services to or on behalf of the Seller in accordance in all material respects with the scope of professional practice and supervision requirements set forth in applicable Healthcare Laws.  To the Knowledge of the Seller, no Practitioner employed or retained by the Seller to provide professional services is or has been during the last two (2) years subject to a disciplinary proceeding, corrective action plan, or monitoring involving any professional board, agency, society, association, or Governmental Authority charged with regulating the professional activities of such Person or any other applicable Law, including all Healthcare Laws, except as would not be material to the Business.

**3.7     Statutory Funds**.  Neither Seller nor any of its predecessors has received any loans, grants, loan guarantees, donations, monies, or other financial assistance pursuant to the Hill-Burton Act program, the Health Professions Educational Assistance Act, the Nurse Training Act, the National Health Planning and Resources Development Act, or the Community Mental Health Centers Act, as amended, or similar Laws relating to healthcare facilities, which remain unpaid or which impose any restrictions on the Facilities or the Purchased Assets.

**3.8     Accreditation**.  Schedule 3.8 sets forth an accurate and complete list of all material accreditations and certifications held by Seller and the Facilities.  All such accreditations and certifications are effective, unrestricted and in good standing.  To the Knowledge of Seller, no event has occurred or other fact exists with respect to such accreditations and certifications that allows, or after notice or the lapse of time or both, would reasonably be expected to result in, revocation or termination of any such accreditations or certifications, or would result in any other material impairment in the rights of any holder thereof, except where such revocation or termination would not be expected, either individually or in the aggregate, to be material to the Purchased Assets, the Assumed Liabilities or the Business.  There is no pending or, to the

18

Knowledge of Seller, threatened, Proceeding by any accrediting body to revoke, cancel, rescind, suspend, restrict, modify, or not renew any such accreditation or certifications, and no such Proceedings, surveys or actions are pending, or to the Knowledge of Seller, threatened or imminent, in each case, that would reasonably be expected to be material to the Purchased Assets, the Assumed Liabilities or the Business. Each Hospital is duly accredited, without any material conditions or non-conformities, by The Joint Commission ("**Joint Commission**") through the periods set forth on Schedule 3.8.  Since the date of the most recent Joint Commission survey for each Hospital, neither Seller nor the applicable Hospital has made any changes in policy or operations that would cause such Hospital to lose such accreditations.  Seller has delivered to Buyer a copy of each Hospital's most recent Joint Commission accreditation report and any reports, documents, or material correspondence relating thereto.

**3.9**     **Government Program Participation; Private Programs; Reimbursement**.

(a)     The Facilities are certified for participation in the Government Programs identified on Schedule 3.9(a)(i) and have current and valid Payor Agreements with such Government Programs from which Seller presently receives payments on account of services provided by the Facilities or the Practitioners who have reassigned their right to bill to Seller, and Seller is party to, or is otherwise entitled to bill under, current Payor Agreements with certain private non-governmental payors or programs, including any private insurance payor or program, self-insured employer, or other third-party payor (each, a "**Private Program**"), under which Seller directly or indirectly receives payments, each as set forth on Schedule 3.9(a)(ii).  Pursuant to the terms of the Clean Room Black Box Agreement, Seller has made available accurate and complete copies of all Payor Agreements to Buyer involving aggregate annual consideration in excess of $1,000,000 (collectively, the "**Material Payor Agreements**").  The Facilities are in compliance in all material respects with the conditions of participation or conditions of coverage, as applicable, in such Government Programs and Private Programs and with the terms, conditions, and provisions of the Material Payor Agreements.  The Material Payor Agreements are each in full force and effect, and no events or facts exist that would cause any Material Payor Agreement to be suspended, terminated, restricted or withdrawn.  Seller has not in the last two (2) years received written notice from any Government Program or Private Program to the effect that it intends to cease or materially alter its business relationship with Seller (whether as a result of the Contemplated Transactions or otherwise).  In the past two (2) years, no Government Program or Private Program with respect to a Material Payor Agreement (i) has indicated in writing its intent to cancel or otherwise substantially modify its relationship with Seller, or (ii) has advised Seller in writing of any material problem or dispute.  Seller has received all Permits and Approvals necessary for reimbursement of the Facilities by the Government Programs and Private Programs, except where the failure to obtain a Permit or Approval would not reasonably be expected, either individually or in the aggregate, to have a material effect on the Purchased Assets, the Assumed Liabilities or the Business.  All billing practices of Seller with respect to all Government Programs and Private Programs have been, in the past two (2) years, conducted in compliance with all applicable Laws and the policies and billing guidelines of such Government Programs or Private Programs with which Seller has a Material Payor Agreement, except as would not be expected, either individually or in the aggregate, to have a material effect on the Purchased Assets, the Assumed Liabilities or the Business.  Neither Seller nor the Facilities have, in the past two (2) years, billed or received any payment or reimbursement in excess of amounts allowed by applicable Law or the billing guidelines of any Private Programs with which Seller has a Material Payor Agreement or Government Programs, except for overpayments received in the ordinary course of business which overpayments once identified are refunded in the ordinary course or routine audit adjustments.  There is no Proceeding, survey, or other action pending, or, to the Knowledge of Seller, threatened against Seller or Facility, involving any Government Program or Private Program with which Seller has a Material Payor Agreement, including the Facilities' participation in and the reimbursement received by Seller and the Facilities from the Government Programs or any such Private Program, and no event has occurred that would reasonably be expected to result, directly or indirectly, in any such Proceedings, surveys or actions.  Neither Seller nor, to the Knowledge of Seller, any

19

of the Seller Employees or Practitioners, nor to the Knowledge of Seller, any former employee or current or former officer or director of Seller, has in the past two (2) years, committed a material violation of any Law relating to payments and reimbursements under any Government Program or any Private Program. Schedule 3.9(a)(iii) contains a list of all NPIs and all provider numbers under the Government Programs issued to and held by Seller and the Facilities, all of which are in full force and effect.  The Seller (i) has timely and accurately filed all material reports, returns, data, and other information with respect to agreements with any Government Program or Private Program, (ii) has repaid all known and undisputed refunds, overpayments and adjustments required under Healthcare Laws and Private Program requirements (except for routine audit adjustments that occur in the ordinary course), (iii) has no material liabilities under any Private Program for any refund, overpayments, discount, or adjustment, and (iv) is not currently conducting any internal investigation or audit that is reasonably expected to result in any material self-disclosure and, to the Seller's Knowledge, the Seller has no obligation to make any such self-disclosure nor any repayment outside the ordinary course of business.

(b)     Except as set forth on Schedule 3.9(b), for the two (2) fiscal years or calendar years, as applicable, immediately preceding the date hereof, with respect to applicable reporting periods, Seller has implemented and used a certified health information technology as required for CMS Reporting, and, except where such exception would not reasonably be expected, either individually or in the aggregate, to have a material effect on the Purchased Assets, the Assumed Liabilities or the Business, has timely filed all reports, data, and other information including quality, performance and use of certified health information technology, required to be filed with CMS (or public or private data registry) as required by CMS Reporting or Government Programs, or has filed and received from CMS a hardship exception or other special exception from CMS Reporting.  All reports, data and other information submitted by Seller in support of its attestations and reporting under CMS Reporting or Government Programs are accurate and correct, in all material respects.  Seller, and to the Knowledge of Seller, any managing Seller Employee, or any other managing employee or officer or director of Seller has not, in the past two (2) years, knowingly and willfully made or knowingly and willfully caused to be made a false statement or representation of a material fact in any report, data, and other information supporting Seller's attestations and reporting under Seller's CMS Reporting or other filings for CMS Program Payments or Government Programs.

**3.10**     **Third-Party Payor Cost Reports**.  Seller has timely filed all required Cost Reports relating to the Business for the past two (2) fiscal years from the date hereof, and copies of all such Cost Reports have been provided to Buyer.  All Cost Reports relating to the Business filed by or on behalf of Seller accurately reflect, in all material respects, the information required to be included therein, and such Cost Reports do not claim, and neither Seller nor the Facilities have received, reimbursement in any amount in excess of the amounts allowed by applicable Law or any applicable agreement, except for overpayments received in the ordinary course of business which overpayments once identified are refunded in the ordinary course.  Schedule 3.10 indicates which of such Cost Reports have not been audited and finally settled and includes a brief description of any and all notices of program reimbursement, proposed or pending audit adjustments, disallowances, appeals of disallowances, and any and all other unresolved claims or disputes in respect of such Cost Reports. Except as set forth in Schedule 3.10, Seller has established adequate reserves to cover any potential reimbursement obligations that Seller may have in respect of such Cost Reports, and such reserves are accurately set forth in Schedule 3.10.

**3.11**     **Compliance with Laws**.  Except for Environmental Laws (which are addressed in Section 3.25) and with respect to Healthcare Laws, as specified below:

(a)     (i) Except as set forth in Schedule 3.11(a), Seller has operated in the past two (2) years, and is operating, the Business, the Facilities, and its properties in compliance in all material respects with all applicable Laws, and (ii) Seller has not, in the past two (2) years, (A) received notice, correspondence or other written communication of any actual or alleged material violation of, or material

Liability under, any such Laws, or to the effect that Seller or the Seller Affiliates or any Representative of, or any Person acting on behalf of, Seller or Seller Affiliates, is or could potentially be under investigation or inquiry with respect to any such actual or alleged material violation of any such Law, applicable to Seller in connection with the Business, or (B) incurred any actual obligation to undertake, or to bear all or any portion of the cost of, any material remedial action with respect to a violation of such Laws, in each case, where such violation of applicable Law would not, either individually or in the aggregate, reasonably be expected to be material to the Purchased Assets, the Assumed Liabilities or the Business.

(b)     Except as set forth in <u>Schedule 3.11(b)</u> or a writing that specifically makes reference to this <u>Section 3.11(b)</u> delivered prior to the date of this Agreement by Seller to Buyer, no event has occurred in the past two (2) years, and no condition exists, that would reasonably be expected to (with or without notice or lapse of time) constitute or result directly or indirectly in (i) a material violation by Seller of, or a failure on the part of Seller to comply with, in any material respects, any applicable Law relating to the operation and conduct of the Business or any of Seller's properties or Facilities or (ii) any obligation on the part of Seller to undertake, or to bear all or any portion of the cost of, any material remedial action with respect to a violation of such Laws, in each case, where such violation of applicable Law would not, either individually or in the aggregate, reasonably be expected to be material to the Purchased Assets, the Assumed Liabilities or the Business.

(c)     Neither Seller, the Facilities, nor to the Knowledge of Seller, any Practitioner, Seller Employee or any other officer, director, employee or independent contractor of Seller or the Facilities, has been convicted of, charged with or, to the Knowledge of Seller, investigated for, or has engaged in conduct in the past two (2) years that would constitute, a material offense related to Medicare or any other Government Program, or convicted of, charged with or, to the Knowledge of Seller, investigated for, or engaged in conduct that would constitute a material violation of any Law related to Fraud, theft, embezzlement, breach of fiduciary duty, kickbacks, bribes, obstruction of an investigation or controlled substances.  Neither Seller, the Facilities, nor to the Knowledge of Seller, any Practitioner, Seller Employee or any other officer, director or independent contractor of Seller or the Facilities (whether an individual or entity), has been excluded from participating in any Government Program, subject to sanction pursuant to 42 U.S.C. § 1320a-7a or § 1320a-8, or been convicted of a crime described at 42 U.S.C. § 1320a-7b, nor are any such exclusions, sanctions or charges pending or, to the Knowledge of Seller, threatened.

(d)     Except as set forth in <u>Schedule 3.11(d)</u> or a writing that specifically makes reference to this <u>Section 3.11(d)</u> delivered prior to the date of this Agreement by Seller to Buyer, Seller, the Facilities, and the Business have been in the past two (2) years, and are presently, in compliance in all material respects with all applicable Healthcare Laws. No written notices or claims have been received by, and to the Seller's Knowledge no claims have been filed or threatened against, the Seller alleging a material violation of Healthcare Laws including, without limitation, any whistleblower or qui tam lawsuit. There are no actions, or Governmental Authority investigations pending or, to the Seller's Knowledge threatened, against the Seller that allege a violation of Healthcare Laws.

(e)     Except as set forth in a writing that specifically makes reference to this <u>Section 3.11(d)</u> delivered prior to the date of this Agreement by Seller to Buyer, Seller is not a party to any Contract (including any joint venture or consulting agreement) with any Referral Source to provide services, lease space, lease equipment or engage in any other venture or activity related to Seller, the Facilities, the Business, or the Purchased Assets that is not in compliance in all material respects with applicable Healthcare Law. Neither the Seller, nor to the Knowledge of Seller any Practioner employed or contracted by Seller, has during the past two (2) years, knowingly and willfully, offered, paid, solicited or received anything of value, directly or indirectly, overtly or covertly, in cash or in kind, in violation of any Law, to or from (i) any physician, family member of a physician, or an entity in which a physician or physician

21

family member has an ownership or investment interest, (ii) any healthcare provider, pharmacy, drug or equipment supplier, distributor, manufacturer, Government Programs or Private Program or other third-party provider (in each case, including any of their respective officers, directors, or employees), or (iii) any Person (including any patient, supplier, medical staff member, Practitioner, contractor or Government Program or Private Program) in order to induce business or otherwise illegally obtain business or payments. Neither the Seller, nor to the Knowledge of Seller any Practitioner employed or contracted by Seller, has during the past two (2) years, made a payment, directly or indirectly, to any Practitioner or Person as an inducement to reduce or limit medically necessary services to individuals who are under the direct care of such Practitioner and who are entitled to benefits under any Government Programs or Private Program.

(f)       Seller has not received, in the past two (2) years, any notification, correspondence, or any other written communication, including notification of any pending or threatened Proceeding or other action from any Governmental Authority, Private Program or patient, of any potential or actual material non-compliance by, or material Liability of, Seller, the Facilities or the Purchased Assets under any Healthcare Law.

(g)       Seller has, in the past two (2) years, accurately in all material respects and timely filed all material reports, data, and other information required to be filed with such Governmental Authorities regarding the Facilities and the Purchased Assets.

(h)       Seller and its Representatives have complied during the past two (2) years from the date hereof in all material respects with the U.S. Foreign Corrupt Practices Act of 1977, as amended, the Corruption of Foreign Public Officials Act, the OECD Anti-Bribery Convention and other applicable Laws regarding the use of funds for political activity or commercial bribery.  Seller has not, and no Representative thereof has, for or on behalf of Seller, at any time during the past two (2) years from the date hereof, (i) made or caused to be made or provided, directly or indirectly, any unlawful payment to any foreign government official, political party, or candidate for political office for the purpose of influencing a decision, inducing such official, party or candidate to use his, her or its influence to affect any act or decision of a foreign Governmental Authority in order to assist Seller or any Seller Affiliate to obtain or retain business for, or direct business to Seller or any Seller Affiliate, as applicable, subject to applicable exceptions and affirmative defenses, (ii) accepted or received any unlawful payments, or (iii) violated any export restrictions, anti-boycott regulations, embargo regulations or other similar applicable U.S. or foreign Laws.  None of Seller's Representatives is a "specially designated national" or blocked Person under U.S. sanctions administered by OFAC.  Seller has not during the past two (2) years from the date hereof engaged in any business with any Person or in any country that it is prohibited for a U.S. Person to engage in any business with or under applicable Law or under applicable U.S. sanctions administered by U.S. Department of the Treasury.  Seller is not a Person with whom U.S. Persons are restricted from doing business under regulations of OFAC (including those named on OFAC's Specially Designated and Blocked Persons list) or under any statute, executive Order (including Executive Order Number 13224 on Terrorism Financing, effective September 24, 2001), or the United and Strengthening America by Providing Tools Required to Intercept and Obstruct Terrorism Act of 2001, H.R. 3162, Public Law 107-56, or any other governmental action.

(i)       All billing and collection practices of, and claims submitted by Seller in the past two (2) years with respect to all Government Programs and Private Programs have been in compliance, in all material respects, with all applicable Laws with respect to such Government Programs, and with the applicable, published billing policies of such Private Programs, except for overpayments received in the ordinary course of business which overpayments once identified are refunded promptly, or in any case, in accordance with the required time frame under the applicable Government Program or Private Program. Seller has not submitted in the past two (2) years any claims that are cause for civil penalties under, or mandatory or permissive exclusion from, any Government Program or Private Program.  Seller has

22

maintained in the past two (2) years its billing records in compliance, in all material respects, with applicable Laws or published third party payor policy supporting the provision of services billed under such Government Programs and Private Programs.

(j)     Seller is in compliance, in all material respects, with all applicable Laws regarding the selection, deselection, and credentialing and supervision of its Physicians and other Practitioners, including verification of licensing status and eligibility for reimbursement under Government Programs.

(k)     To the Knowledge of Seller, each Seller Employee, and each Practitioner, is duly licensed to provide such services, is in compliance, in all material respects, with all Laws relating to such professional licensure and meets, in all material respects, the qualifications to provide such professional services under applicable Laws.

(l)     None of the Seller or any owner, director, officer, manager, managing employee (as such term is defined in 42 U.S.C. § 1320a-5(b)), or other Practitioner or employee of the Seller is currently or has been, or to the Seller's Knowledge, is threatened to be: (i) debarred, excluded or suspended from participating in any Government Program; (ii) subject to a civil monetary penalty assessed under Section 1128A of the Social Security Act, sanctioned, indicted or convicted of a crime, or pled nolo contendere or to sufficient facts, in connection with any allegation of violation of any Government Program requirement or Healthcare Law; (iii) listed on the general services administration published list of parties excluded from federal procurement programs and non-procurement programs; (iv) designated a Specially Designated National or Blocked Person by the Office of Foreign Asset Control of the U.S. Department of Treasury; (v) subjected to any other debarment, exclusion, or sanction list or database.

(m)     Seller has maintained in compliance in all material respects with applicable Law all records it is required by Law to maintain, including Books and Records (including patient records), Credentialing and Medical Staff Records and Transferred Employee Personnel Records.

**3.12    HIPAA, Information Privacy and Security Compliance**.

(a)     During the two (2)-year period prior to the date of this Agreement, with respect to the Purchased Assets, Seller and the Facilities (i) have been in material compliance with HIPAA and (ii) have been in material compliance with all other applicable Privacy Requirements and Information Privacy or Security Laws.   To the extent required by HIPAA, Seller's and the Facilities' respective workforces (as such term is defined in 45 C.F.R. § 160.103) have received training provided to Seller Employees in the ordinary course of business with respect to compliance with HIPAA.

(b)     During the two (2)-year period prior to the date of this Agreement, with respect to the Purchased Assets and to the extent required by HIPAA, Seller has entered into business associate agreements with third parties acting as a business associate (as defined in 45 C.F.R. § 160.103) of Seller. With respect to the Purchased Assets, for the last two (2) years, Seller (i) has not received a written notice of investigation from any Governmental Authority for a violation of applicable Information Privacy or Security Law; or (ii) except as set forth on Schedule 3.12(b), there has not been any material Security Incident that required notice to any Person or Governmental Authority under applicable Information Privacy or Security Law.  During the two (2)-year period prior to the date of this Agreement, no material breach has occurred with respect to any Unsecured Protected Health Information (as such terms are defined in 45 C.F.R. § 164.402) maintained by or for Seller or the Facilities.

(c)     During the two (2)-year period prior to the date of this Agreement, with respect to the Purchased Assets, Seller has completed a periodic security "risk analysis" as described and to the extent required by 45 C.F.R. § 164.308(a)(1)(ii)(A). During the two (2)-year period prior to the date of this

23

Agreement, with respect to the Purchased Assets, Seller or Seller's third-party service provider(s) has (i) tested its information security program (collectively, "**Information Security Reviews**"), (ii) remediated any high or critical exceptions and vulnerabilities identified in such Information Security Reviews, and (iii) where, individually or in the aggregate, would be material, have used commercially reasonable efforts to install Software security patches to identified technical information security vulnerabilities.

(d)      During the two (2)-year period prior to the date of this Agreement, Seller has maintained an information security program that includes safeguards designed to protect the security, confidentiality, and integrity of the Seller Information Technology Systems (including Personal Information in Seller's possession and control) and all information stored therein or transmitted thereby from any unauthorized access or use by, or disclosure to, any Person. The Seller Information Technology Systems, to the Knowledge of Seller, do not contain any Malicious Code. Except with respect to services provided pursuant to the Transition Services Agreement, the Transferred Information Technology Systems include all Information Technology Systems exclusively used or held for use in all material respects in connection with, and are sufficient in all material respects for, the operation of the Business as of the date of this Agreement. Except as would not have, either individually or in the aggregate, a material adverse effect on the Business, the Purchased Assets or the Assumed Liabilities, taken as a whole, Seller has and maintains in respect of the Business commercially reasonable data back-up systems and disaster recovery and business continuity plans, consistent with applicable Information Privacy and Security Laws.

**3.13**      **Compliance Program**. Seller has provided to Buyer an accurate and complete copy of each Facility's current compliance program materials, including all program descriptions, compliance officer and committee descriptions, ethics and risk area policy materials, training and education materials, auditing and monitoring protocols, reporting mechanisms and disciplinary policies. Seller and the Facilities have conducted their operations in the past three (3) years in accordance with their respective compliance programs. Except as set forth on Schedule 3.13, Seller (a) is not a party to a Corporate Integrity Agreement with the OIG; (b) has no self-disclosures pending before CMS, the OIG, the Justice Department or any other Governmental Authority; (c) has no reporting obligations pursuant to any settlement agreement entered into with any Governmental Authority; (d) to the Knowledge of Seller, has not been the subject of any Government Program investigation conducted by any federal or state enforcement agency in the past three (3) years; (e) has not, to the Knowledge of Seller, been a defendant in any qui tam/False Claims Act litigation in the past three (3) years; (f) has not been served with or received any search warrant, subpoena, civil investigation demand, contact letter from any federal or state enforcement agency in the past three (3) years (except in connection with medical services provided to third-parties who may be defendants or the subject of investigation into conduct unrelated to the Business); or (g) has not received any complaints through Seller's compliance "hotline" in the past three (3) years from Seller Employees, independent contractors, vendors, Physicians, patients, or any other Persons that could reasonably be considered to indicate that Seller has materially violated, or is currently in material violation of, any applicable Law. For purposes of this Agreement, the term "compliance program" refers to the applicable compliance programs that are, in all material respects, of the type described in guidance published by the OIG in 63 Fed. Reg. 8987 (February 23, 1998) and 70 Fed. Reg. 4858 (January 31, 2005). Any and all material issues regarding Seller's compliance with Healthcare Laws that have been brought to the attention of the Seller's compliance officer have been investigated and, as necessary and appropriate, corrective actions have been taken in material compliance with applicable Healthcare Laws. There are no outstanding compliance complaints, reports, or corrective actions, or ongoing internal compliance investigations, except where such matter would not reasonably be expected, either individually or in the aggregate, to be material to the Purchased Assets, the Assumed Liabilities or the Business.

**3.14**      **Medical Staff Matters**. Seller has made available to Buyer (or will make available to Buyer prior to Closing) true, correct and complete copies of the by-laws and rules and regulations of the medical staffs of the Facilities, as well as a list of all current members of each Facility's medical staff.

Except as has been otherwise disclosed to Buyer in writing, there are no (a) pending, or to the Knowledge of Seller, threatened material adverse actions with respect to any medical staff member of any of the Facilities or any applicant thereto, including any material adverse actions for which a medical staff member or applicant has requested a judicial review hearing that has not been scheduled or that has been scheduled but has not been completed, or (b) pending, or to the Knowledge of Seller, threatened material disputes with applicants, medical staff members or health professional affiliates, and all appeal periods in respect of any medical staff member or applicant against whom a material adverse action has been taken have expired. No medical staff members of the Facilities have resigned or had their privileges revoked or suspended since the Balance Sheet Date.

**3.15**    **Experimental Procedures**.  During the past two (2) years from the date hereof, Seller and the Facilities have not performed or permitted the performance of any experimental or research procedure or study involving patients in the Facilities that were not authorized or conducted in all material respects in accordance with the policies and procedures of the Facilities that comply, in all material respects, with applicable Laws, including applicable U.S. Food and Drug Administration regulations.

**3.16**    **Intellectual Property**.

(a)    Schedule 3.16(a) sets forth an accurate and complete list of the following Owned Intellectual Property as of the date of this Agreement: (i) issued Patents and applications therefor; (ii) registered Trademarks and applications thereof, and unregistered Trademarks that are material to the operation of the Business; (iii) registered Copyrights and applications therefor; (iv) Domain Names (including social media accounts exclusively used or held for use in the Business), (v) the business names exclusively related to the Business, and (vi) material proprietary Software, including for each item listed, as applicable, the owner, the jurisdiction, the application/serial number, the registration number, the filing date, and the issuance/registration date.  All of the foregoing registered Owned Intellectual Property is subsisting, and to the Knowledge of Seller, valid and enforceable. None of the registered Owned Intellectual Property has been canceled, expired or abandoned, nor is any registered Owned Intellectual Property involved in any interference, reexamination, cancellation, or opposition Proceeding.

(b)    Except as set forth on Schedule 3.16(b), Seller or a Seller Affiliate, as applicable, solely and exclusively owns all right, title and interest, free and clear of all Encumbrances, other than Permitted Encumbrances, in all Owned Intellectual Property.

(c)    Neither Seller nor any of its Affiliates in connection with the Business, nor the operation of the Business, as applicable, is or has in the past two (2) years from the date hereof infringed upon, misappropriated or otherwise violated any Intellectual Property of any other Person.  Except as set forth on Schedule 3.16(c), in the past two (2) years from the date hereof, neither Seller nor any Seller Affiliate has received any written claim (or notice of any related action) in connection with the Business, or any Transferred Intellectual Property infringes, misappropriates, or otherwise violates any Intellectual Property rights of any Person.

(d)    Except as set forth on Schedule 3.16(d), (i) to the Knowledge of Seller, no Person is infringing, misappropriating, diluting or otherwise violating any Owned Intellectual Property, and (ii) Seller has not in the past two (2) years from the date hereof made any claims with respect to infringement or misappropriation of any Owned Intellectual Property against any Person.

(e)    Seller has taken reasonable steps in accordance with procedures customarily used in Seller's industry to protect and maintain material Owned Intellectual Property, including the confidentiality of all material Trade Secrets included in the Owned Intellectual Property.  During the past two (2) years from the date hereof, no Person has asserted, and no such Person has, any right, title, interest

25

or other claim in, or the right to receive any royalties or other consideration with respect to, any material Owned Intellectual Property.

3.17    **Contracts**.

(a)    Schedule 3.17(a) sets forth an accurate and complete list (including a description of any oral Contract) of each of the following Contracts to which Seller is a party or is bound and that exclusively relates to the Business or the Purchased Assets (collectively, the "**Material Contracts**"):

(i)    all Material Payor Agreements;

(ii)    all employment, independent contractor, or consulting agreements with any director, officer, Seller Employee, Physician, Practitioner or independent contractor involving annual aggregate consideration in excess of $150,000, excluding any offer letter in the ordinary course of business or any agreement that can be terminated for convenience;

(iii)    all Collective Bargaining Agreements applicable to any Seller Employees;

(iv)    all Contracts that are settlement, conciliation or similar agreements pursuant to which the Business will have any outstanding obligation after the date of this Agreement, including any such Contracts with Governmental Authorities;

(v)    all Contracts with any Referral Source;

(vi)    all Intellectual Property Contracts involving aggregate annual consideration in excess of $150,000 (other than Standard Software related Contracts and nonexclusive licenses that are merely incidental to the transaction contemplated in such Contract);

(vii)    all Third-Party Leases;

(viii)    all Tenant Leases; and

(ix)    except as otherwise disclosed on Schedule 3.17(a), all Contracts involving aggregate annual consideration in excess of $500,000.

(b)    Each Material Contract is valid and binding on Seller in accordance with its terms and is in full force and effect in all material respects.  Seller has properly paid all amounts owed by Seller that are due, as applicable, and otherwise performed all material obligations required to be performed by Seller under each Material Contract, and Seller has not received or given any written notice of termination, cancellation, material breach or material default under any Material Contract.  No event has occurred that, with the passage of time or the giving of notice or both, would result in a material default, breach or event of non-compliance by Seller under any Material Contract, or result in the termination thereof, or would cause or permit the acceleration or other changes of any right or obligation or the loss of any benefit thereunder, except as set forth on Schedule 3.17(b).  To the Knowledge of Seller, no other party to any Material Contract is in material breach thereof or material default thereunder. Seller has not received any written notice from any Person that such Person intends to terminate, or not renew, any Material Contract. A true, correct and complete copy of each written Material Contract and an accurate written description setting forth the terms and conditions of each oral Material Contract has been delivered to Buyer.

(c)        Schedule 3.17(c) sets forth an accurate and complete list (including a description of any oral Contract) of each of the material Shared Contracts that are used in or necessary for the operation of the Business as presently conducted.

**3.18**    **Inventory**.  All of the Inventory existing on the date hereof will exist on the Closing Date, except for Inventory exhausted or added in the ordinary course of business between the date hereof and the Closing Date.  Except to the extent of reserves reflected in the Reference Balance Sheet, all of the Inventory on hand consists of items of a quality usable or saleable in the ordinary course of business, except as would not, either individually or in the aggregate, reasonably be expected to be material to the Purchased Assets, the Assumed Liabilities or the Business.

**3.19**    **Leased Real Property**.

(a)        Schedule 3.19(a) sets forth an accurate and complete list of each Facility, including the name, physical address and brief description of each Facility, and the correct legal name of the lessor of such Facility.

(b)        Schedule 3.19(b) sets forth an accurate and complete list of the physical addresses of all of the material Leased Real Property and identifies each Tenant Lease under which such Leased Real Property is occupied or used by Seller, including the date of and legal name of each of the parties to such Tenant Lease, any security deposit of Seller held under such Tenant Lease and any Approval required to assign such Tenant Lease to Buyer.  Except as set forth on Schedule 3.19(b), with respect to such Leased Real Property: (i) the applicable Tenant Lease is legal, valid, binding and in full force and effect; assuming the due execution of such Tenant Lease by the counterparty; (ii) the assignment of such Tenant Lease will not require the consent of any other party to such Tenant Lease, will not result in a breach or default under such Tenant Lease, and will not otherwise cause such Tenant Lease to cease to be legal, valid, binding, enforceable and in full force and effect on identical terms following the Effective Time; (iii) there are no ongoing disputes with respect to such Tenant Lease; (iv) none of Seller, any Seller Affiliate or to the Knowledge of Seller, any other party to such Tenant Lease is in breach or default under such Tenant Lease, and no event has occurred or circumstance exists that, with the delivery of notice, the passage of time or both, would constitute such a breach or default, or permit the termination, modification or acceleration of rent under such Tenant Lease; (v) no security deposit or portion thereof deposited with respect to such Tenant Lease has been applied in respect of a breach or default under such Tenant Lease that has not been re-deposited in full; and (vi) there are no Encumbrances on the estate or interest created by such Tenant Lease other than Permitted Encumbrances, except under subclauses (iii), (iv) and (v), as would not reasonably be expected to be material to the Purchased Assets, the Assumed Liabilities or the Business.  Seller holds, and at the Closing Seller will assign to Buyer, valid leasehold title to all of the Leased Real Property listed on Schedule 3.19(b) (other than the MPT Real Property, which will be subject to the MPT Purchase Agreement), free and clear of all Encumbrances other than Permitted Encumbrances.

(c)        Schedule 3.19(c) sets forth an accurate and complete list and rent roll of all existing Third-Party Leases, including the following information with respect to each: (i) the physical address and premises covered; (ii) the effective date and any amendments thereto; (iii) the legal name of the tenant, licensee or occupant; (iv) its term; (v) the rents and other charges payable thereunder; (vi) the rents or other charges in arrears or prepaid thereunder, if any, and the period for which any such rents and other charges are in arrears or have been prepaid; and (vii) the nature and amount of the security deposits thereunder, if any.

(d)        Except as set forth on Schedule 3.19(d), with respect to each Third-Party Lease: (i) such Third-Party Lease is legal, valid, binding and in full force and effect; assuming the due execution of such lease by the counterparty; (ii) the execution, delivery and performance by Seller of this Agreement,

27

and the consummation of the Contemplated Transactions, do not or shall not (as the case may be) require the consent of any other party to such Third-Party Lease, will not result in a breach of or default under such Third-Party Lease, and will not otherwise cause such Third-Party Lease to cease to be legal, valid, binding, enforceable and in full force and effect on identical terms following the Closing; (iii) there are no material ongoing disputes with respect to such Third-Party Lease; (iv) neither Seller nor, to the Knowledge of Seller, any other party to such Third-Party Lease is in breach or default under such Third-Party Lease, and no event has occurred or circumstance exists which, with the delivery of notice, the passage of time or both, would constitute such a breach or default, or permit the termination, modification or acceleration of rent under such Third-Party Lease; (v) no security deposit or portion thereof deposited with respect to such Third-Party Lease has been applied in respect of a breach or default under such Third-Party Lease that has not been re-deposited in full; and (vi) as of Closing, there will be no Encumbrances on the estate or interest created by such Tenant Lease other than Permitted Encumbrances except under subclauses (iii), (iv) and (v), as would not reasonably be expected to be material to the Purchased Assets, the Assumed Liabilities or the Business.

(e)     Seller has made available to Buyer accurate and complete copies of the Tenant Leases and the Third-Party Leases (except for the Existing MPT Lease), in each case, as amended or otherwise modified and in effect, together with all extension notices related thereto.

(f)     Except as set forth on Schedule 3.19(f), Seller has not received written notice from any Governmental Authority of, and there is not: (i) any pending or, to the Knowledge of Seller, threatened, condemnation Proceedings affecting the Leased Real Property or any part thereof; (ii) to the Knowledge of Seller, any violation of any Laws (including zoning and land use ordinances, building codes and similar requirements) with respect to the Leased Real Property or any part thereof, which have not heretofore been cured; or (iii) any pending or, to the Knowledge of Seller, threatened, injunction, decree, Order, writ or judgment outstanding, nor any claims, litigation, administrative actions or similar Proceedings against Seller, any of its Affiliates, or any Leased Real Property relating to the ownership, lease, use or occupancy of such Leased Real Property or any portion thereof which is reasonably likely to result in a material change in the condition of any Leased Real Property or any part thereof or in any material respect prevent or limit the present operation of the improvements on the Leased Real Property or any part thereof.

(g)     Except as set forth on Schedule 3.19(g), as of the Closing Date, there will be no incomplete construction projects affecting the Leased Real Property and all completed construction projects will be fully paid for.

(h)     To the Knowledge of Seller, there is no pending or contemplated special assessment or reassessment of any parcel included in the Leased Real Property that would result in a material increase in the real property Taxes or in the rent, additional rent or other sums and charges payable by Seller or any Seller Affiliate under the Tenant Leases.

(i)     No brokerage or leasing commissions or other compensation are due or payable by Seller or any Seller Affiliate to any Person, firm, corporation or other entity with respect to, or on account of, any Tenant Lease, any Third-Party Lease or any extensions or renewals thereof.

(j)     Except as set forth on Schedule 3.19(j), Seller has not received any written notice that the improvements which are a part of the Leased Real Property, as designed and constructed, do not comply with all Laws applicable thereto, including the Americans with Disabilities Act, as amended, and Section 504 of the Rehabilitation Act of 1973.

(k)      The existing water, sewer, gas and electricity lines, storm sewer and other utility systems on the Leased Real Property are adequate to serve the utility needs of the Leased Real Property and the Business as currently operated.

(l)      The Leased Real Property comprises all of the real property utilized by Seller in connection with the Business.

**3.20      Insurance**.  Schedule 3.20 sets forth an accurate and complete list of all insurance policies or self-insurance funds maintained by Seller as of the date of this Agreement covering the Business or the Purchased Assets (collectively, the "**Insurance Policies**"), indicating with respect to each such policy or fund, the type of insurance, policy number, remaining term, identity of the insurer and whether such policies are on an occurrence or claims made basis.  All premiums due on the Insurance Policies have either been paid or, if due and payable on or prior to the Closing Date, will be paid prior to the Closing Date in accordance with the payment terms of each Insurance Policy.  The Insurance Policies do not provide for any retrospective premium adjustment or other experience-based Liability on the part of Seller (except with respect to workers' compensation policies).  All of the Insurance Policies are in full force and effect and have not been subject to any lapse in coverage.  There are no claims pending under any of the Insurance Policies as to which coverage has been questioned, denied or disputed or in respect of which there is an outstanding reservation of rights.  Seller has not (i) received any written notice from any insurer canceling or materially amending any of the Insurance Policies, and, to the Knowledge of Seller, no such cancellation or amendment is threatened, (ii) received any written notice from any insurer alleging Seller's material breach of any of the Insurance Policies, or (iii) failed to present any material claim which is still outstanding to the carrier of any of the Insurance Policies.

**3.21      Employee Benefit Plans**.

(a)      Schedule 3.21(a) contains a true and complete list of each material Plan. The term "**Plan**" means any (i) employee benefit plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), whether or not subject to ERISA, and (ii) employment, severance, termination or similar Contract and any other benefit or compensation plan, program, policy, or arrangement providing for compensation, bonuses, commission, profit-sharing, stock option or other stock- or equity-linked benefits or rights, incentive, deferred compensation plans, vacation or paid-time-off benefits, insurance (including any self-insured arrangements), death, life, dental, vision, health or medical benefits, employee assistance, disability or sick leave benefits, workers' compensation, supplemental unemployment benefits, retention, transaction, change of control payments, savings, pension, retirement, post-employment or retirement benefits or any other benefit or compensation plan, program, policy, agreement, program, arrangement or commitment, in each case, whether written or unwritten, formal or informal, which Seller sponsors, maintains, contributes to or to which Seller is required to contribute to, or with respect to which Seller has any Liability, including on account of the ERISA Controlled Group, whether voluntary, contingent or otherwise.

(b)      With respect to each material Plan that is a Business Contract, Seller has provided an accurate and complete copy of the following documents to Buyer: (i) the current plan document or a summary of the material terms thereof; (ii) the most recent Form 5500 annual report with accompanying schedules and attachments filed with the IRS, and (iii) the most recently received determination or opinion letter, if any, issued by the IRS for each Plan that is intended to be Tax-qualified under Section 401(a) of the Code. With respect to any material Plan that is not a Business Contract, Seller has provided to Buyer a written summary of the material terms thereof.

(c)      Except as set forth on Schedule 3.21(c), no Plan is, and neither Seller nor any Person that at any relevant time, would be aggregated with Seller under Section 414 of the Code (such

aggregated entities referred to as the "**ERISA Controlled Group**") has any Liability with respect to: (i) a "multiemployer plan" (as defined in Sections 4001(a)(3) or 3(37)(A) of ERISA) ("**Multiemployer Plan**"), (ii) a pension plan that is or was subject to Title IV of ERISA, Section 302 of ERISA or Section 412 of the Code ("**Retirement Plan**"); and (iii) a "multiple employer plan" (as defined in Section 413(c) of the Code) or a multiple employer welfare plan (as defined in Section 3(40) of ERISA). Except as set forth on <u>Schedule 3.21(c)</u>, Seller does not have any obligation to provide and no Plan provides for post-employment health benefits to any Seller Employee or former employee or individual service provider of the Business, except as required by COBRA or similar state Law.

(d)     Neither Seller nor the ERISA Controlled Group has terminated any Retirement Plan within the last six (6) years or incurred any outstanding Liability under Section 4062 of ERISA to the Pension Benefit Guaranty Corporation (referred to and defined in ERISA) or to a trustee appointed under Section 4042 of ERISA.

(e)     Neither Seller nor the ERISA Controlled Group has, within the past six (6) years, withdrawn from a Multiemployer Plan in a "complete withdrawal" or a "partial withdrawal" as defined in Sections 4203 and 4205 of ERISA, respectively, so as to result in an unsatisfied Liability, contingent or otherwise (including the obligations pursuant to an agreement entered into in accordance with Section 4204 of ERISA), of such Seller or the ERISA Controlled Group.

(f)     Neither Seller nor any organization to which Seller is a successor or parent corporation, within the meaning of Section 4069(b) of ERISA, has engaged in any transaction described in Sections 4069 or 4212(c) of ERISA.

(g)     Except as set forth on <u>Schedule 3.21(g)</u>, there are no material Proceedings pending or, to the Knowledge of Seller, threatened, against Seller with respect to any material Plan that is a Business Contract that would reasonably be expected to result in Liability to the Business. Each material Plan has been operated and administered in compliance in all material respects with its terms and all applicable Laws, including ERISA and the Code. Except as set forth on <u>Schedule 3.21(g)</u>, neither the execution and delivery of this Agreement, nor the consummation of the Contemplated Transactions, either alone or in combination with another reasonably plausible event (whether contingent or otherwise) will (i) entitle any Seller Employee or any other current or former service provider of the Business, to any material payment or benefit; (ii) materially increase the amount or value of any payment, compensation or benefits due to any Seller Employee or any other current or former service provider of the Business; or (iii) accelerate the vesting, funding or time of payment or delivery of any material compensation, equity award or other material payment or benefit to any Seller Employee or any other current or former service provider of the Business; or (iv) result in any "parachute payment" within the meaning of Section 280G of the Code or any similar foreign, state or local Laws to any Seller Employee or any other current or former service provider of the Business. No Seller Employee or other current or former service provider of the Business is entitled to receive any additional payment (including any Tax gross-up or other payment) from the Facilities as a result of the imposition of the excise taxes required by section 4999 of the Code or any Taxes required by section 409A of the Code.

**3.22** **Employee Matters**.

(a)     <u>Schedule 3.22(a)</u> sets forth an accurate and complete list of all Seller Employees as of the date hereof, their salary or wage rates, accrued and unused Paid Time Off, recognized date of hire, job title, status as part-time or full-time, name of employer, whether such Seller Employees are active or on a leave of absence (and, if so, the type of leave and expected return date), overtime exempt classification, union status (including applicable Collective Bargaining Agreement), visa status, and work location (the "**Seller Employee List**"); <u>provided</u>, <u>however</u>, such Seller Employee List shall not initially include any

names, but Seller shall update such list as soon as reasonably practicable following the date hereof to include names.  Between the date hereof and the Closing, Seller shall update the Seller Employee List upon request by Buyer (underline: provided that Seller shall not be required to provide an updated Seller Employee List more than once per week in any calendar month) and, to the extent not already updated, upon the Closing Date, in each case to reflect changes to the Seller Employee List in accordance with this Agreement.  Since January 1, 2022, and in each case except as would not reasonably be expected to be material to the Business, the Purchased Assets, and the Assumed Liabilities, taken as a whole, Seller and the Seller Affiliates have properly classified and treated individuals providing services to Seller or the Seller Affiliates at the Facilities or with respect to the Business, as independent contractors, leased employees, exempt or non-exempt employees, and other non-employee service providers under applicable Laws for all purposes in all material respects, as the case may be, and have properly reported and withheld and remitted Taxes with respect to all compensation payable to such service providers for all purposes in all material respects and no Proceeding has been initiated or threatened against Seller or any Seller Affiliate with respect to any of the foregoing.  Except as set forth on Schedule 3.17 and excluding offer letters in the ordinary course of business and consulting or independent contractor agreements, in each case, that can be terminated for convenience with no Liability, with respect to the Business, neither Seller nor any Seller Affiliate is a party to or bound by any oral or written employment or engagement agreement (including severance or change of control agreements), consulting agreement, or independent contractor agreement with any Person, in each case that provides for annual compensation that is expected to exceed $150,000.  No Seller Employee or other service provider of Seller or any Seller Affiliate who is of the director level or above has informed Seller or any Seller Affiliate in writing of any plan to terminate employment with or services for Seller or any Seller Affiliate, and to the Knowledge of Seller, no such Person has any plans to terminate employment with or services for Seller or any Seller Affiliate or reject Buyer's Employer's offer of employment pursuant to Section 6.1. Except as set forth on Schedule 3.22(a), (i) there are a sufficient number of Seller Employees to operate the Business in all material respects in the manner in which it is currently conducted, and (ii) neither Seller nor any Seller Affiliate employs any individual who works exclusively at the Facilities or otherwise provides services to the Business during the majority of their business time, but who is not considered a Seller Employee.

(b)      Except as would not reasonably be expected to be material to the Business, the Purchased Assets, and the Assumed Liabilities, taken as a whole, since January 1, 2022, Seller and the Seller Affiliates, as applicable, are and have not been delinquent in payments to any of the Seller Employees for any wages, salaries, commissions, bonuses or other direct compensation for any services performed for any of them or any other amounts required to be reimbursed to such Seller Employees (including Paid Time Off and other benefits) or in the payment to the appropriate Governmental Authority of all required Taxes, insurance, Social Security and withholding thereon.  As of the Effective Time, neither Seller nor any Seller Affiliate, as applicable, will have any Liability to any of the Seller Employees or to any Governmental Authority for any such matters that are not properly reflected on the Reference Balance Sheet, except as would not reasonably be expected to be material to the Business, the Purchased Assets, and the Assumed Liabilities, taken as a whole.

(c)      Except as set forth on Schedule 3.22(c): (i) there is no pending or, to the Knowledge of Seller, threatened, employee strike or work stoppage or other similar material labor dispute at any of the Facilities or with respect to the Business, and none has occurred since January 1, 2022; (ii) (A) no union representation question exists respecting the Seller Employees, (B) no demand has been made for recognition by a labor union or organization by or with respect to any Seller Employees, (C) to the Knowledge of Seller, no union organizing activities by or with respect to any Seller Employees are taking place; and (D) none of the Seller Employees is represented by any labor union or organization; (iii) no Collective Bargaining Agreement exists, has existed or is currently being negotiated by Seller with respect to the Seller Employees; (v) there is no unfair labor practice charge against Seller or any Seller Affiliate currently pending before the National Labor Relations Board or any other labor relations authority or, to

31

the Knowledge of Seller, threatened, against or involving the Business or the Facilities, except as would not reasonably be expected to be material to the Business, the Purchased Assets, and the Assumed Liabilities, taken as a whole; (iv) Seller and any Seller Affiliate is in material compliance with all Laws and Contracts to which Seller or any such Seller Affiliate is a party or otherwise bound respecting labor, employment and employment practices, including all Laws respecting labor relations, terms and conditions of employment, and wages and hours with respect to the Business and the Facilities (including current and former Seller Employees since January 1, 2022), except as would not reasonably be expected to be material to the Business, the Purchased Assets, and the Assumed Liabilities, taken as a whole; and (v) there are no material pending or, to the Knowledge of Seller, threatened, Proceedings related to the Business or any of the Facilities (including Seller Employees) before any Governmental Authority regarding labor or employment, including discrimination, safety or other employment-related charges or complaints, wage and hour claims, unemployment compensation claims or workers' compensation claims, except as would not reasonably be expected to be material to the Business, the Purchased Assets, and the Assumed Liabilities, taken as a whole.

(d)     With respect to the Seller Employees, Seller and each Seller Affiliate is in material compliance with the terms and provisions of the Immigration Act.  Except as would not reasonably be expected to be material to the Business, the Purchased Assets, and the Assumed Liabilities, taken as a whole, for such Seller Employees for whom material compliance with the Immigration Act is required, Seller has obtained and retained a complete and accurate copy of each such Seller Employee's Form I-9 (Employment Eligibility Verification Form) and all other records or documents required to be prepared, procured or retained pursuant to the Immigration Act.  Seller has not been cited, fined, served with a Notice of Intent to Fine or with a Cease and Desist Order (as such terms are defined in the Immigration Act) at any of the Facilities or with respect to the Business, nor has any Proceeding been initiated or threatened against Seller or any Seller Affiliate at any of the Facilities or in connection with the Business, by reason of any actual or alleged failure to comply with the Immigration Act.

(e)     Since January 1, 2022, the Seller and each Seller Affiliate has been in material compliance with all applicable Laws relating to plant closings and mass layoffs (including the WARN Act). At the Closing Date, Seller will provide to Buyer a list setting forth the job title, work location, and employment loss date of any employee of Seller or the Seller Affiliates at any worksite where a Seller Employee is located who suffered an "employment loss" under the WARN Act within the ninety (90) days immediately preceding the Closing Date.

(f)     With respect to the Business and the Facilities, Seller and the Seller Affiliates have reasonably investigated all sexual harassment, or other material harassment, discrimination or retaliation allegations made by a current or former Seller Employee against an executive, officer, director employee, or other senior supervisory personnel of Seller or the Seller Affiliates of which the Seller has Knowledge. With respect to each such allegation (except those Seller and the Seller Affiliates reasonably deemed to not have merit), Seller and the Seller Affiliates do not anticipate any material Liability and have taken corrective action reasonably calculated to prevent further improper action.

**3.23**     **Litigation.**  Except for the Chapter 11 Cases and as set forth on <u>Schedule 3.23</u>, there is, and for the past two (2) years there have been, no Proceeding or Order pending or, to the Knowledge of Seller, threatened by or against Seller, any Seller Affiliate, any current or former Seller Employee, or any Practitioner with respect to the Business or the Purchased Assets, in which an adverse determination would reasonably be expected to be, either individually or in the aggregate, material to the Purchased Assets, the Assumed Liabilities or the Business.

**3.24**     **Taxes**.  Except as set forth on Schedule 3.24:

(a)     Seller has timely filed all material Tax Returns with respect to the Purchased Assets or the Business (all of which are true, complete and correct in all material respects and were prepared in substantial compliance with all applicable Laws and regulations).  All material Taxes due and owing by Seller (whether or not shown on any Tax Return) with respect to the Purchased Assets or the Business have been timely paid, other than with respect to any Taxes the payment of which was precluded by reason of the Chapter 11 Cases.  Seller has not waived any statute of limitations in respect of Taxes relating to the Purchased Assets or the Business or agreed to any extension of time with respect to a Tax assessment or deficiency relating to the Purchased Assets or the Business.  Seller is not currently the beneficiary of any extension of time within which to file any Tax Return relating to the Purchased Assets.

(b)     Seller has withheld and timely paid all material amounts of Taxes relating to the Purchased Assets or the Business required to have been withheld and paid in connection with amounts paid or owing to any Seller Employee, independent contractor, creditor, or other third party.

(c)     There are no Tax Encumbrances (other than Permitted Encumbrances) on any of the Purchased Assets or other assets used in the Business.

(d)     No deficiencies for Taxes relating to the Purchased Assets or the Business have been claimed, proposed or assessed by any Governmental Authority.  There are no pending or threatened Proceedings for or relating to any Liability in respect of Taxes relating to the Purchased Assets or the Business.

(e)     Seller is not a party to any Tax allocation or sharing agreement relating to the Purchased Assets or the Business, and has no Liability with respect to any such agreement, in each case except for (i) any such agreements that will not be binding on Buyer after the Closing or (ii) any such agreement the primary purpose of which is not related to Taxes.

(f)     There is no Contract relating to the Purchased Assets or the Business to which Seller is a party that requires Seller to pay a Tax gross-up or reimbursement payment to any Person, except for (i) any such Contracts that will not be binding on Buyer after the Closing or (ii) any such Contract the primary purpose of which is not related to Taxes.

(g)     None of the Purchased Assets is an interest in a joint venture, partnership or other arrangement that is treated as a partnership for income Tax purposes.

(h)     Seller has not entered into any "listed transaction" as defined in Treasury Regulation Section 1.6011-4(b)(2).

(i)     Seller has (i) timely paid all material amounts of sales and use Taxes relating to the Purchased Assets or the Business required to be paid under all applicable Laws, (ii) properly collected and remitted all material amounts of sales Taxes relating to the Purchased Assets or the Business required under all applicable Laws, and (iii) for all sales relating to the Purchased Assets or the Business that are exempt from sales Taxes and that were made without charging or remitting sales or similar Taxes, received and retained any appropriate Tax exemption certificates and other documentation qualifying such sale as exempt.

(j)     Seller is not subject to any material Tax exemption, Tax holiday or other Tax reduction agreement or order of a tax authority applicable to the Purchased Assets and has not agreed to pay fees (or other amounts) to any taxing authority in lieu of paying Taxes.

3.25    **Environmental Matters**.  Except as set forth on <u>Schedule 3.25</u>:

(a)    Seller, with respect to the Purchased Assets and the Business, is in compliance in all material respects with, and the Leased Real Property and all improvements on the Leased Real Property (including the Facilities) are in compliance in all material respects with, all applicable Environmental Laws.

(b)    Seller has not received written notice of any material violation of or material Liability under any applicable Environmental Law with respect to any of the Purchased Assets, the Business or the Leased Real Property.  There are no pending or, to the Knowledge of Seller, threatened, Proceedings or Orders relating to any material violation of or material Liability under any Environmental Law with respect to any of the Purchased Assets, the Business or the Leased Real Property.

(c)    There has been no Release, disposal, arrangement for disposal or transport of, or exposure of any Person to, any Hazardous Materials by Seller or, to the Knowledge of Seller, any other Person on or at the Facilities or Leased Real Property or, to the extent relating to the operation of the Business,  any other location, in each case in a manner that would reasonably be expected to result in any material Liability to Seller or any material investigative, remedial or corrective action obligation on the part of Seller under Environmental Law, except as would not reasonably be expected to be material to the Business, the Purchased Assets, and the Assumed Liabilities, taken as a whole.

(d)    Seller holds all Environmental Permits required under any applicable Environmental Law with respect to the Leased Real Property, the Facilities, the Purchased Assets and the Business.  There are no Proceedings pending or, to the Knowledge of Seller, threatened, that seek the revocation, cancellation, suspension or adverse modification of any such Environmental Permit.  Seller, with respect to the Leased Real Property, the Facilities, the Purchased Assets and the Business, is in compliance in all material respects with such Environmental Permits.

(e)    To the Knowledge of Seller, the Leased Real Property contains no underground storage tanks and no Person has used any portion of the Leased Real Property as a dump or landfill.

(f)    Seller has made available to Buyer all material environmental audits, reports and assessments concerning the Facilities, the Leased Real Property, the Purchased Assets or the Business that are in the possession or under the reasonable control of Seller.

(g)    No toxic mold, legionella bacteria, PCBs, lead-based paint, or asbestos-containing materials are present on or in the Leased Real Property or the improvements thereto (including the Facilities), except in compliance in all material respects with, or as would not give rise to material Liability under, applicable Environmental Laws.

The representations and warranties in this <u>Section 3.25</u> are the sole and exclusive representations and warranties in this Agreement with respect to environmental matters (including Environmental Laws, Environmental Permits and Hazardous Materials).

3.26    **Absence of Changes**.  Other than as a result of the Chapter 11 Cases, since the Balance Sheet Date, Seller has conducted the Business in the ordinary course of business and there has not occurred any change in the operation of the Business or any event or development that, individually or in the aggregate, has had or could reasonably be expected to have a Material Adverse Effect.  Since the Balance Sheet Date, Seller has not taken any action that, if taken after the date of this Agreement, would constitute a breach of any of the covenants set forth in <u>Section 5.2</u>.

3.27    **Brokers and Finders**.  Except as set forth on <u>Schedule 3.27</u>, there are no claims for brokerage commissions, finders' fees, financial advisors' fees or similar compensation in connection with the Contemplated Transactions based on any Contract to which Seller or Steward is a party or that is otherwise binding upon Seller or Steward, and no Person is entitled to any fee or commission or like payment in respect thereof.

3.28    **Affiliate Transactions**. Except as set forth in <u>Schedule 3.28</u>, no Affiliate of Seller is a party to any Contract or arrangement with Seller or has any interest in any property, asset or right used by Seller or necessary for the Business.

3.29    **Representations of Buyer.**  Seller hereby acknowledges and agrees (a) the only representations and warranties made by Buyer are the representations and warranties expressly set forth in <u>Section 4</u> (as modified by the Schedules) and Seller has not relied upon, and will not rely upon, any other express or implied representations, warranties or other projections, forecasts, estimates, appraisals, statements, promises, advice, data or information made, communicated or furnished by or on behalf of Buyer, or any of Buyer's Affiliates, any Representatives of Buyer or any of Buyer's Affiliates or any other Person, including any projections, forecasts, estimates, appraisals, statements, promises, advice, data or information made, communicated or furnished by or through Buyer's bankers or advisors, or management presentations, data rooms (electronic or otherwise) or other due diligence information, and that Seller will not have any right or remedy arising out of any such representation, warranty or other projections, forecasts, estimates, appraisals, statements, promises, advice, data or information and (b) any claims Seller may have for breach of any representation or warranty shall be based solely on the representations and warranties of Buyer expressly set forth in <u>Section 4</u> (as modified by the Schedules), subject to the exclusive remedies set forth herein. Except as expressly set forth in <u>Section 3</u> (as modified by the Schedules), the Purchased Assets transferred to Buyer will be sold by Seller and purchased by Buyer in their physical condition at the Effective Time, "AS IS, WHERE IS AND WITH ALL FAULTS AND NON-COMPLIANCE WITH LAWS" WITH NO WARRANTY OF HABITABILITY OR FITNESS FOR HABITATION, with respect to the Leased Real Property, and WITH NO WARRANTIES, INCLUDING THE WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, with respect to the physical condition of the Personal Property and Inventory, any and all of which warranties (both express and implied) Seller hereby disclaims.

## 4.    REPRESENTATIONS AND WARRANTIES OF BUYER.

Buyer hereby represents and warrants to Seller that the statements contained in this <u>Section 4</u> are true and correct as of the date of this Agreement and will be true and correct as of the Closing Date (except in the case of representations and warranties that are made as of a specified date, in which case such representations and warranties will be true and correct as of such specified date).

4.1    **Organization; Capacity**.  Buyer is a non-profit corporation duly organized, validly existing and in good standing under the Laws of the Commonwealth of Massachusetts.  Buyer is duly authorized, qualified and in good standing under all applicable Laws of any jurisdictions (foreign and domestic) in which the character or location of the assets owned or leased by it or the nature of the business conducted by it requires such authorization or qualification.  Buyer has the requisite power and authority to enter into the Transaction Documents to which it is or will become a party, as applicable, and to perform its obligations hereunder and thereunder.  The execution and delivery by Buyer of this Agreement and the other Transaction Documents to which it is a party or will become a party, as applicable, the performance by Buyer of its obligations under this Agreement and the other Transaction Documents to which it is a party or will become a party and the consummation by Buyer of the Contemplated Transactions and the Transaction Documents to which it is a party or will become a party, as applicable, have been, or will be,

duly and validly authorized and approved by all necessary action, as applicable, on the part of Buyer, none of which actions has been modified or rescinded and all of which remain in full force and effect.

**4.2** **Authority; Non-contravention; Binding Agreement**.

(a)     Except as set forth on <u>Schedule 4.2(a)</u>, the execution, delivery and performance by Buyer of this Agreement and the other Transaction Documents to which it is a party or will become a party, and the consummation by Buyer of the Contemplated Transactions and its obligations under the Transaction Documents, as applicable:

(i)     are within Buyer's powers and are not, and will not be, in contravention or violation of the terms of Buyer's organizational or governing documents;

(ii)     do not and will not require any Approval of, filing or registration with, the issuance of any Permit by, or any other action to be taken by, any Governmental Authority to be made or sought by Buyer, excluding filings required under the HSR Act or other Antitrust Law; and

(iii)     do not and will not require any Approval or other action under, conflict with, or result in any violation of or default under (with or without notice or lapse of time or both) or give rise to a right of termination, cancellation, acceleration or augmentation of any obligation, or loss of a material benefit under, or result in the creation of any Encumbrance (other than Permitted Encumbrances) upon, any of the Purchased Assets under any Contract, Permit, Order or Law to which Buyer may be subject.

(b)     This Agreement and the other Transaction Documents to which Buyer is or will become a party are and will constitute the valid and legally binding obligations of Buyer and, assuming the due authorization and execution thereof by Seller, are and will be enforceable against them in accordance with the respective terms hereof and thereof, except as enforceability may be restricted, limited or delayed by applicable Laws affecting creditors' rights generally and except as enforceability may be subject to general principles of equity.

**4.3** **Litigation**.     There is no Proceeding or Order pending or, to the Knowledge of Buyer, threatened against or affecting Buyer or any of its Affiliates or any of their respective properties or rights in which an adverse determination would reasonably be expected to have the effect of preventing, rendering illegal or otherwise delaying the Contemplated Transactions.

**4.4** **Brokers and Finders**.     There are no claims for brokerage commissions, finders' fees, financial advisors' fees or similar compensation in connection with the Contemplated Transactions based on any Contract to which Buyer is a party or that is otherwise binding upon Buyer, and no Person is entitled to any fee or commission or like payment in respect thereof.

**4.5** **Financing; Solvency**.

(a)     Buyer at the Closing will have sufficient funds available to pay the Estimated Purchase Price and any other amounts to be paid by Buyer hereunder, including any expenses incurred by Buyer in connection with the Contemplated Transactions, and to perform its obligations under this Agreement and the other Transaction Documents.

(b)     Assuming the accuracy of Seller's representations and warranties and Seller's compliance with its obligations in this Agreement, Buyer is not insolvent and will not be rendered insolvent

as a result of any of the Contemplated Transactions.  For purposes hereof, the term "solvent" means that: (i) the fair salable value of Buyer's tangible assets is in excess of the total amount of its Liabilities (including for purposes of this definition all Liabilities, whether or not reflected on a balance sheet prepared in accordance with GAAP, and whether direct or indirect, fixed or contingent, secured or unsecured, and disputed or undisputed); (ii) Buyer is able to pay its debts or obligations in the ordinary course as they mature; and (iii) Buyer has capital sufficient to carry on its businesses and all businesses in which it is about to engage.

4.6     **Representations of Seller**.  Buyer hereby acknowledges and agrees (a) the only representations and warranties made by Seller are the representations and warranties expressly set forth in Section 3 (as modified by the Schedules) and Buyer has not relied upon, and will not rely upon, any other express or implied representations, warranties or other projections, forecasts, estimates, appraisals, statements, promises, advice, data or information made, communicated or furnished by or on behalf of Seller, or any Seller Affiliates, any Representatives of Seller or any Seller Affiliate or any other Person, including any projections, forecasts, estimates, appraisals, statements, promises, advice, data or information made, communicated or furnished by or through Seller's bankers, or management presentations, data rooms (electronic or otherwise) or other due diligence information, and that Buyer will not have any right or remedy arising out of any such representation, warranty or other projections, forecasts, estimates, appraisals, statements, promises, advice, data or information and (b) any claims Buyer may have for breach of any representation or warranty shall be based solely on the representations and warranties of Seller expressly set forth in Section 3 (as modified by the Schedules), subject to the exclusive remedies set forth herein. Except as otherwise expressly set forth in this Agreement, Buyer understands and agrees that the Business, the Purchased Assets and the Assumed Liabilities are being transferred on a "where-is" and, as to condition, "as-is" basis subject to the representations and warranties contained in Section 3 (as modified by the Schedules) without any other representations or warranties of any nature whatsoever.

5.      **PRE-CLOSING COVENANTS OF SELLER AND BUYER.**

5.1     **Access to Premises; Information**.  From the date of this Agreement until the Effective Time, to the extent permitted by applicable Law, upon reasonable request, Seller shall, and shall cause its Affiliates to, allow Buyer, its Affiliates and its and their respective authorized Representatives reasonable access to, and the right to reasonably access and inspect, the Facilities and the Purchased Assets, and will furnish Buyer with such reasonable, additional financial and operating data and other information relating to the Business or the Purchased Assets as Buyer may from time to time reasonably request and that Seller or any Seller Affiliate has in its possession or control.  Seller will provide Buyer's and its Affiliates' Representatives reasonable access, upon reasonable prior notice and during normal business hours, to the Seller Employees, and the officers and agents of Seller who have significant responsibility for the operation of the Business and the Facilities.  Buyer's and its Affiliates' right of access and inspection shall be made in such a manner as not to unreasonably interfere with the normal operation of the Business.  In no event shall Buyer, its Affiliates or any of its or their respective Representatives conduct any Phase II environmental investigation at any Leased Real Property or Facility (including any sampling, testing or other intrusive or invasive indoor or outdoor investigation of soil, subsurface strata, surface water, groundwater, sediments or ambient air or anything else at or in connection with any such Leased Real Property or Facility) without the prior written consent of Seller and MPT, with respect to any MPT Real Property. Notwithstanding anything in this Agreement to the contrary, in no event shall Seller or the Seller Affiliates be obligated to provide any access or information in violation of any applicable Law or an Order of the Bankruptcy Court.

5.2     **Conduct of Business**.  Buyer acknowledges that the Seller and Seller Affiliates are operating the Business in the context of the Chapter 11 Cases. From the date of this Agreement until the Effective Time, except as required by applicable Law or by Order of the Bankruptcy Court, Seller will use

commercially reasonable efforts to: (a) conduct the Business in the ordinary course of business; (b) preserve intact its legal existence and business organization; and (c) preserve the goodwill and present business relationships (contractual or otherwise) with all customers, suppliers, resellers, the Seller Employees, licensors, distributors and others having material business relationships with it, in each case with respect to the Business, subject to ordinary course terminations.  Without limiting the foregoing, and as an extension thereof, except as set forth on <u>Schedule 5.2</u> or as expressly required by any other provision of this Agreement or as required by applicable Law or by Order of the Bankruptcy Court, Seller will not, with respect to any right, title, interest, or any asset or any Liabilities, in each case, to the extent relating to the Business, or relating to the Purchased Assets or the Assumed Liabilities, from the date of this Agreement until the Effective Time, directly or indirectly, do, agree or commit to do, or take any action, or fail or omit to take any action that would result in, any of the following without the prior written consent of Buyer (not to be unreasonably withheld, conditioned or delayed):

(i)        sell, lease, license, assign, convey, distribute or otherwise transfer or dispose of any of the Purchased Assets, except (A) dispositions of Inventory in the ordinary course of business and (B) with respect to Transferred Intellectual Property, granting licenses solely on a non-exclusive basis;

(ii)        mortgage, pledge or subject to any Encumbrance any portion of the Purchased Assets, other than (A) Permitted Encumbrances, or (B) Encumbrances to be terminated at or prior to the Closing;

(iii)        issue, incur, assume or otherwise become liable for (A) any letters of credit, security or performance bonds or similar credit support instruments or overdraft facilities or cash management programs of any Person, (B) any amounts owing as deferred purchase price for property or services, including any capital leases, seller notes and "earn out" payments, or other contingent payment obligations or (C) any guaranty of any of the foregoing obligations of another Person, or any "keep well" or other agreement to maintain any financial statement condition of another Person;

(iv)        make any acquisition of, or investment in, or otherwise acquire, any properties, assets, securities, or business (including by merger, asset acquisition, equity purchase, or other transaction), except for any acquisition of Inventory in the ordinary course of business;

(v)        enter into, amend, modify, accelerate, waive or terminate, as applicable, any material Business Contract (including any Material Contract), Approval or Permit issued by a Governmental Authority or enter into any Contract that would be a Material contract if entered into prior to the date of this Agreement, except in the ordinary course of business;

(vi)        (A) abandon, cancel, fail to renew or permit to lapse (1) any Owned Intellectual Property that is (a) used in the conduct of the Business or (b) is otherwise material and is included in the Transferred Intellectual Property, or (2) any other Intellectual Property (i) used in the Business or (ii) is included in the Transferred Intellectual Property or (iii) provided pursuant to the Transition Services Agreement, to the extent that Seller or any of its Subsidiaries has the right to take or cause to be taken such action pursuant to the terms of the applicable Contract under which such Intellectual Property is licensed to Seller or its applicable Affiliate, (B) sell, transfer, license, lease, sublease, pledge or otherwise encumber any (1) Owned Intellectual Property that is included in the Transferred Intellectual Property or (2) Intellectual Property provided to Buyer or the Business pursuant to the Transition Services Agreement to the extent such sale, transfer, license lease, sublease, pledge, or encumbrance would adversely affect Buyer's or the Business' ability to receive the services contemplated under the Transition Services Agreement, or (C) disclose any

38

trade secrets or confidential information other than pursuant to a written non-disclosure agreement in the ordinary course of business;

(vii)     amend in any material respect, cancel or permit to terminate any material Insurance Policy without first obtaining comparable substitute insurance coverage with no lapse in coverage;

(viii)     hire, engage, terminate (without cause), furlough, or temporarily layoff any Seller Employee or independent contractor of the Business with annual compensation in excess of $90,000, except for persons hired to fill open positions that were posted as of August 1, 2024; provided, however, that Seller shall be deemed to have obtained Buyer's prior written consent to undertake the actions otherwise prohibited by this Section 5.2(viii) if Seller gives Buyer written notice of a proposed action and Seller does not receive from Buyer a written notice of objection to such action within five (5) Business Days after Buyer receives Seller's written notice;

(ix)     (A) implement or announce any employee layoffs, reductions in force, or other such actions that could trigger the WARN Act provided, however, for the avoidance of doubt, that it shall not be a violation of this section for any Seller or Seller Affiliate to close a facility or engage in layoffs at other Steward hospitals or facilities, other than the Facilities contemplated as Purchased Assets under this Agreement; (B) negotiate, modify, extend, or enter into any Collective Bargaining Agreement or recognize or certify any labor union, labor organization, or group of employees as the bargaining representative for any Seller Employees, or (C) modify the job duties of any employee of Seller or the Seller Affiliates such that he or she would or would not be considered a Seller Employee, as applicable; provided, however, that it shall not be a violation of this Clause (C) for any Seller or Seller Affiliate to reassign or modify the job duties of another employee of Sellers or their Affiliates who was previously employed at a Steward hospital or facility that has been closed or is contemplated for closure within the four-month period prior to the date hereof to satisfy staffing needs in the ordinary course of business, provided further that Seller shall: (1) consult with Buyer before effectuating any such reassignments or modifications of duties of any employees, other than union employees with a unilateral right to transfer under a Collective Bargaining Agreement, and (2) notify Buyer before effectuating any such reassignments or modifications of duties of union employees with a unilateral right to transfer under a Collective Bargaining Agreement;

(x)     waive, release, assign, settle or compromise any material rights or claims (including any noncompetition, nonsolicitation or other restrictive covenant obligations of any current or former Seller Employee), or any pending or threatened material litigation or arbitration to the extent related to the Business, the Purchased Assets or the Assumed Liabilities, except (A) the Chapter 11 Cases, or (B) in cases involving solely monetary damages not in excess of $75,000 individually, or $150,000 in the aggregate (which damages, for the avoidance of doubt, whether below or exceeding such thresholds, will constitute Excluded Liabilities; other than liability claims covered entirely by insurance policies);

(xi)     except as required by any Contract existing as of the date of this Agreement, (A) increase the compensation or benefits payable or to become payable to any Physician or other Referral Source of Seller, any Seller Employee, or any other service provider of the Business; (B) grant or increase any rights to change in control, severance or termination payments or benefits to, or enter into any change in control, employment, consulting or severance agreement with, any Seller Employee or any other service provider of the Business; (C) grant any equity based or long-term incentive award; or (D) establish, adopt, enter into, amend, modify or

terminate any Plan, except to the extent required by applicable Laws or such action would not result in material Liability to the Business after the Closing;

(xii)    make any changes in the financial accounting policies, practices, principles, methods or procedures of the Business, other than as required by GAAP or by applicable Laws;

(xiii)    make or enter into any commitment to make any capital expenditure solely related to the Business or the Purchased Assets in excess of $100,000, except to the extent required by applicable Laws or to avoid imminent risk to patient safety;

(xiv)    (A) make, revoke or change, in any material respect, any election concerning Taxes relating to the Purchased Assets or the Business; (B) enter into any closing agreement or settle any material Tax claim or assessment relating solely to the Purchased Assets or the Business; (C) consent to any extension or waiver of the limitation period applicable to any material Tax Proceeding or assessment relating to the Purchased Assets or the Business; or (D) omit to take any action relating to the filing of any material Tax Return or the payment of any material Tax in each case, relating to the Purchased Assets or the Business, except (x) in each case of clauses (A) through (D), to the extent any such action or omission would not reasonably be expected to result in additional Taxes payable by Buyer after the Closing Date or (y) in the case of clauses (B) and (C), any such matter involving solely monetary damages not in excess of $100,000;

(xv)    move or relocate any of the Purchased Assets from the Facilities to any other location;

(xvi)    directly or indirectly, in any capacity, encourage, induce, solicit or attempt to encourage, induce or solicit, or employ, hire or contract with any Practitioner to practice or provide services at another Seller owned facility except to the extent such Practitioner already practices or provides services at another Seller owned facility as of the date of this Agreement; provided that Seller shall obtain Buyer's written consent if any such shared Practitioner will be permanently assigned to another Seller owned facility; or

(xvii)    Authorize any of, or commit, agree or promise, in writing or otherwise, to take any of the foregoing actions.

Notwithstanding any provision to the contrary contained in this Agreement, neither Section 5.1 nor this Section 5.2 shall be construed to prohibit Seller or any Seller Affiliate from engaging in any act which Seller or any Seller Affiliate reasonably believes is necessary to preserve and protect  patient safety; provided that nothing contained in this Agreement shall give Buyer, directly or indirectly, the right to control or direct the operations of Seller prior to the Closing Date. Subject to applicable Law, Seller shall give Buyer prompt written notice subsequent to taking any act described in the immediately preceding sentence. Prior to the Closing Date, Seller shall exercise complete control and supervision over its business, assets and operations (including the Business, Purchased Assets and the Facilities).

**5.3    Consents to Assignment**.

(a)    Each Party agrees to cooperate and use commercially reasonable efforts to obtain or deliver, as applicable, prior to the Closing, any and all consents or notices necessary, subject to applicable federal bankruptcy Law or any other similar Law, to assign the Assumed Contracts set forth on Schedule 3.2(a)(iii).  Buyer shall cooperate with Seller as reasonably requested to obtain any such consents or deliver any such notices.  Notwithstanding anything in this Agreement to the contrary, none of Seller (except with

40

respect to Cure Costs), any Seller Affiliates, or Buyer, shall be required to compensate any third party, commence or participate in any Proceeding or offer or grant any accommodation (financial or otherwise, including any accommodation or arrangement to remain primarily, secondarily or contingently liable for any Assumed Liability) to any third party to obtain any third party consent.  For the avoidance of doubt, no representation, warranty or covenant of Seller or any Seller Affiliate contained in any Transaction Document shall be breached or deemed breached, and no condition shall be deemed not satisfied, based on (a) the failure to obtain any third party consents or (b) any Proceeding commenced or threatened by or on behalf of any Person arising solely out of, or relating solely to, the failure to obtain any such third party consents set forth on <u>Schedule 3.2(a)(iii)</u>.

(b)     Anything contained herein to the contrary notwithstanding, this Agreement shall not constitute an agreement to assign any Assumed Contract if an attempted assignment thereof without the consent of another party thereto would constitute a breach thereof or in any material way adversely affect the rights of Seller thereunder (or the rights of Buyer thereunder following the Effective Time), unless such consent is obtained.  If such consent is not obtained, or if an attempted assignment would be ineffective or would materially and adversely affect the rights of Seller thereunder (or the rights of Buyer thereunder following the Effective Time), then Seller shall, upon the request of Buyer, cooperate in any reasonable arrangement (including a sublease) designed to provide for Buyer the benefits under any such Assumed Contract; <u>provided</u> that Seller will not be required to participate in any litigation that is not at Buyer's sole cost and expense.  For each Tenant Lease with respect to which the landlord does not consent to either an assignment or sublease on or prior to the Closing Date but such consent is required, Seller shall continue to use commercially reasonable efforts (and Buyer shall continue to cooperate with Seller) to obtain the applicable landlord consent to an assignment.  Seller agrees to keep Buyer reasonably informed about the process of obtaining such consents upon Buyer's reasonable request.  At Buyer's written request, any Assumed Contract will be assigned to Buyer notwithstanding the failure to obtain any consent thereto.  To the extent Buyer cannot receive the benefit of an Assumed Contract due to the failure or inability to obtain the necessary consent from the counterparty to such Assumed Contract, then, at Buyer's option, such Contract shall be deemed an Excluded Contract, and all Liabilities with respect to such Contract shall be Excluded Liabilities.  In addition to the foregoing, for each Tenant Lease with respect to which the landlord does not consent to the release on or prior to the Closing Date of any guaranties or letters of credits provided by Seller or any Seller Affiliate to such landlord, Buyer and Seller shall continue to cooperate to obtain the release of same.

(c)     At or before the Closing, Buyer shall (a) arrange for substitute letters of credit, Buyer guarantees and other obligations to replace the Seller Guarantees set forth on <u>Schedule 5.3(c)</u> (such Seller Guarantees, the "**Substituted Seller Guarantees**"), or (b) assume all obligations under such Substituted Seller Guarantees (other than Excluded Liabilities), obtaining from the creditor, beneficiary or other counterparty a full release (in a form satisfactory to Seller) of all parties liable, directly or indirectly, for reimbursement to the creditor or fulfillment of other obligations to a beneficiary or counterparty in connection with amounts drawn under the Substituted Seller Guarantees.  To the extent the beneficiary or counterparty under any Substituted Seller Guarantee does not accept as of the Closing any such substitute letter of credit, Buyer guarantee or other obligation proffered by Buyer, effective from and after the Effective Time, Buyer shall, and shall cause each of its Affiliates to, (x) indemnify, defend and hold harmless Seller and Seller Affiliates against, and reimburse Seller and Seller Affiliates for, all amounts paid in connection with Seller's and Seller Affiliates' maintaining such Substituted Seller Guarantees, whether or not any such Substituted Seller Guarantee is drawn upon or required to be performed or to the extent a Substituted Seller Guarantee is called upon and Seller or Seller Affiliates make any payment or are obligated to reimburse any party pursuant to the Substituted Seller Guarantee, in each case, to the extent resulting from Buyer's operation of the Business or the Purchased Assets after the Closing and not from any actions, facts or circumstances related to Seller or any Seller Affiliate (including prior to the Effective Time or any claim existing as of the Effective Time) and (y) not, without Seller's prior written consent, amend in any

41

manner adverse to Seller or any Seller Affiliates, or extend (or permit the extension of), any Substituted Seller Guarantee or any obligation support by any Substituted Seller Guarantee. Notwithstanding anything to the contrary in this Agreement, nothing in this Section 5.3(c) shall require Seller or any Seller Affiliate to maintain, renew, issue anew, amend or modify any such Substituted Seller Guarantee in any respect from and after the Closing Date.

  **5.4**   **Regulatory Approvals**.

    (a)   As promptly as practicable after execution and delivery of this Agreement and no later than seven (7) Business Days after the date of this Agreement and subject to the terms of Section 5.5, (i) Buyer, at its sole cost and expense, shall (and shall cause its Affiliates to) make all required filings and promptly pursue all material Approvals, Permits and Orders with respect to the Contemplated Transactions, excluding those filings and Approvals, Permits and Orders with respect to the Contemplated Transactions arising from Antitrust Laws with respect to the Contemplated Transactions (the "**Regulatory Approvals**"), necessary for Buyer's operation of the Business following the Effective Time, and (ii) Seller, at its sole cost and expense, shall (and shall cause its Affiliates to) make all required filings and promptly pursue all Regulatory Approvals necessary for Seller to transfer the Purchased Assets to Buyer (for the foregoing (i) and (ii), other than any required Approvals of the Bankruptcy Court, which are governed exclusively by Section 9). Notwithstanding the foregoing, Buyer and Seller agree to use commercially reasonable efforts to cooperate with each other and to provide such information and communications to each other or to any Governmental Authority as may be reasonably requested in order to obtain the material Regulatory Approvals contemplated above or otherwise necessary to consummate the Contemplated Transactions. Between the date of this Agreement and the Closing Date and subject to the terms of Section 5.5, (i) Buyer, at its sole cost and expense, shall (and shall cause its Affiliates to) promptly obtain all material Regulatory Approvals necessary for Buyer's operation of the Business following the Effective Time and (ii) Seller, at its sole cost and expense, shall (and shall cause its Affiliates to) promptly obtain all Regulatory Approvals necessary for Seller to transfer the Purchased Assets to Buyer (for the foregoing clauses (i) and (ii), other than any required Approvals of the Bankruptcy Court, which are governed exclusively by Section 9). Unless prohibited by applicable Law, between the date hereof and the Closing Date, (A) to the extent reasonably practicable, no Party shall participate in or attend any material meeting (whether in person or via telephone) with any Governmental Authority with respect to the Regulatory Approvals, without providing reasonable advance notice of such material meeting to the other Parties and providing such other Parties an opportunity to attend or participate, (B) Seller and Buyer will, and will cause their respective counsel to, supply to each other copies of all material correspondence, filings or written communications by such Party or its Affiliates with any Governmental Authority or staff members thereof, with respect to the Regulatory Approvals, (C) Seller and Buyer will respond as promptly as practicable to any inquiries or requests received from any Governmental Authority in connection with obtaining the Regulatory Approvals, including the HPC, in connection with the Notice of Material Change, and supply any additional information or documentation that may be requested by any Governmental Authority, including the HPC, in connection therewith, and (D) Buyer and Seller each shall have the right to review and approve (not to be unreasonably withheld, conditioned or delayed) all material filings submitted to any Governmental Authority by the other in connection with the Regulatory Approvals; provided that, materials proposed to be submitted in relation to such Governmental Authority communication may be redacted (1) to remove references concerning the valuation of the Business; (2) as necessary to comply with contractual arrangements, applicable Law or by Order of the Bankruptcy Court; and (3) as necessary to address reasonable attorney-client or other privilege or confidentiality concerns.

    (b)   Buyer shall not, and shall not permit any of its Affiliates to, take any action (including acquiring or agreeing to acquire by merging or consolidating with, or by purchasing the assets of or equity in, or by any other manner, any Person or portion thereof, or otherwise acquiring or agreeing to acquire any assets) with regard to the Regulatory Approvals that would reasonably be expected to have

the effect of (i) delaying, impairing or impeding the receipt of, or increasing the risk of not receiving, any required Regulatory Approvals, (ii) delaying, impairing or impeding the expiration or termination of any applicable waiting period with respect to any Regulatory Approvals (and shall not, without the consent of Seller and Seller Affiliates, withdraw or refile any filing or restart the waiting period on any Governmental Authority's review, or enter into a timing agreement with a Governmental Authority), (iii) increasing the risk of any Governmental Authority entering an Order prohibiting the consummation of the Contemplated Transactions, or (iv) otherwise delaying the consummation of the Contemplated Transactions beyond the Outside Date.

(c)     Actions or agreements required of Buyer pursuant to this <u>Section 5.4</u> shall under no circumstances be considered a Material Adverse Effect.

**5.5     <u>Antitrust Approvals</u>**.

(a)     As promptly as practicable after execution and delivery of this Agreement (and, for any required filings under the HSR Act, no later than ten (10) Business Days after the date of this Agreement), each of Buyer and Seller shall use reasonable best efforts, and shall cooperate with each other, (i) to make an appropriate filing of the Notification and Report Forms relating to the Contemplated Transactions as required by the HSR Act, and (ii) to file the other required filings or notices under other Antitrust Law as set forth on <u>Schedule 5.5(a)</u> the ("**<u>Antitrust Approvals</u>**"). Each of Buyer and Seller shall (A) respond promptly to any inquiries or requests received from any Governmental Authority pursuant to the HSR Act or other Antitrust Laws, and (B) use its reasonable best efforts to obtain all approvals, consents, clearances, or the expiration or termination of all Antitrust Approvals at the earliest possible date.

(b)     Further, and without limiting the generality of the rest of this <u>Section 5.5(b),</u> each of the Parties shall cooperate in all respects with each other to prepare any filing or submission made with any Governmental Authority regarding any Antitrust Approval in connection with the Contemplated Transactions and regarding any investigation or other inquiry by any Governmental Authority in connection with Antitrust Laws and the Contemplated Transactions, which shall include (i) furnishing to the other such necessary information and reasonable assistance as the other Parties may reasonably request in connection with the foregoing, (ii) informing the other Parties of any substantive communication with any Governmental Authority regarding the Contemplated Transactions, and, if in writing, furnish them with copies of such communications, and (iii) providing counsel for the other Parties with copies of all filings made by such Party, all substantive correspondence between such Party (and its Affiliates or advisors) with any Governmental Authority and other information supplied by such Party and such Party's Affiliates or advisors to a Governmental Authority or received from such a Governmental Authority in connection with Antitrust Laws and the Contemplated Transactions; <u>provided</u>, <u>however</u>, that materials related to the Antitrust Approvals may be restricted to outside counsel and redacted as necessary to (i) comply with contractual arrangements, (ii) remove references concerning the valuation of the Purchased Assets or other bidders for the Purchased Assets, and (iii) preserve legal privilege.  Each Party hereto shall, subject to applicable Law, permit counsel for the other Parties to review in advance, and consider in good faith the views of the other Parties in connection with, any proposed communication to any Governmental Authority regarding an Antitrust Approval in connection with the Contemplated Transactions.  The Parties agree not to participate, or to permit their Affiliates or advisors to participate, in any substantive meeting or discussion, either in person or by telephone or video conference, with any Governmental Authority regarding an Antitrust Approval in connection with the Contemplated Transactions unless it consults with the other Parties in advance and, to the extent not prohibited by such Governmental Authority, gives the other Parties the opportunity to attend and participate.  If an appropriate filing of the Notification and Report Forms relating to the Contemplated Transactions is required by the HSR Act, and if reasonably requested by at least two (2) Business Days prior to the scheduled end of any waiting period under the HSR Act, Buyer will withdraw and refile under the HSR Act pursuant to HSR rules 803.12(a) and <u>(c)</u>. None of the

43

Parties, without the other Party's prior written consent, shall enter into any timing, settlement or similar agreement, or otherwise agree or commit to any arrangement, that would have the effect of extending, suspending, lengthening or otherwise tolling the expiration or termination of the waiting period applicable to the Contemplated Transactions under the HSR Act or any Antitrust Laws, or (iii) otherwise agree or commit to any arrangement, that would bind or commit the Parties not to consummate the Contemplated Transactions (or that would otherwise prevent or prohibit the Parties from consummating the Contemplated Transactions).

(c)     Further, and without limiting the generality of the rest of this <u>Section 5.5</u>, Buyer shall, and shall cause its Affiliates to, take any and all steps necessary to avoid or eliminate each and every impediment under any Antitrust Law or other Law that may be asserted by any Governmental Authority pursuant to any Antitrust Law or private party with respect to this Agreement so as to make effective as promptly as practicable the Contemplated Transactions. Buyer shall not, and shall cause each of its Affiliates not to, take any action that is intended to or which would reasonably be expected to adversely affect the ability of any of the Parties hereto from obtaining (or cause delay in obtaining) any necessary Antitrust Approvals of any Governmental Authority required for the Contemplated Transactions, from performing its covenants and agreements under this Agreement, or from consummating the Contemplated Transactions. Notwithstanding the foregoing, Buyer shall, and Buyer shall cause its Affiliates with respect to Antitrust Approvals to, (i) propose, negotiate, offer to commit to and effect (and if such offer is accepted, committing to and effecting), by order, consent decree, hold separate orders or otherwise, the sale, divestiture, license, hold and separate, causes a third party to acquire or otherwise dispose of any assets, properties, products, product lines, services, businesses or rights of Buyer or its Affiliates or, effective as of the Closing, Seller or any interest or interests therein, (ii) create, terminate, amend or modify any Contract or other business relationship of Buyer or its Affiliates or, effective as of the Closing, Seller and (iii) otherwise take or commit to take any operational restriction or action that limits its freedom of action with respect to, or its ability to retain, any of the assets, properties, licenses, products, product lines, services or businesses of Buyer or its Affiliates, or effective as of the Closing, Seller or any interest or interests therein.

5.6     <u>**Additional Financial Information**</u>.  Within thirty-five (35) days following the end of each calendar month between the date of this Agreement and the Closing Date, Seller will deliver to Buyer copies of the unaudited balance sheets and the related unaudited statements of operations relating to the Business for each month then ended.  Such financial statements shall be prepared from and in accordance with the Books and Records of Seller, shall fairly present in all material respects the financial position and results of operations of the Business as of the date and for the period indicated, and shall be prepared in accordance with GAAP, consistently applied, except that such financial statements need not include required footnote disclosures, nor reflect normal year-end adjustments or adjustments that may be required as a result of the Contemplated Transactions.

5.7     <u>**Closing Conditions**</u>.  Between the date of this Agreement and the Closing Date, Seller and Buyer will use their commercially reasonable efforts to cause the conditions specified in <u>Section 7</u> and <u>Section 8</u> over which Seller or any of its Affiliates, or Buyer or any of its Affiliates, as applicable, have control to be satisfied as soon as reasonably practicable.

5.8     <u>**Insurance Ratings**</u>.  Seller will take all action reasonably requested by Buyer to enable Buyer to succeed to the Workmen's Compensation and Unemployment Insurance ratings of the Facilities and other ratings for insurance or other purposes established by Seller for the Facilities.  Buyer shall not be obligated to succeed to any such rating, except as it may elect to do so.

5.9     <u>**Bulk Sales Laws**</u>.  Buyer and Seller hereby waive compliance with the provisions of any bulk sales, bulk transfer or similar Laws of any jurisdiction that may otherwise be applicable with respect to the sale of any or all of the Purchased Assets to Buyer.

**5.10**     **Websites; Social Media Accounts**.  At Closing, Seller shall grant Buyer exclusive access rights and permissions to the domains, websites and social media accounts included in the Transferred Intellectual Property, which are set forth on Schedule 3.16(a).

**5.11**     **Confidentiality**.

(a)     It is understood by the Parties that the Confidentiality Agreement will survive the execution and delivery of this Agreement and will terminate pursuant to the terms of the Confidentiality Agreement.

(b)     Unless the prior written consent of the other Parties is obtained, except as otherwise required by applicable Laws, or in connection with the seeking of any Approval or Permit contemplated by this Agreement or any consent to the assignment of, or notice under, any of the Assumed Contracts or as reasonably necessary to satisfy any of the Parties' conditions or pre-Closing covenants, each of the Parties shall keep confidential and not disclose, and cause its Affiliates, its Representatives and its Affiliates' Representatives to keep confidential and not disclose the terms of the other Transaction Documents.  Notwithstanding the foregoing, each of the Parties shall have the right to communicate and discuss with, and provide to, its respective Representatives, any information regarding the terms and status of this Agreement and the other Transaction Documents and the Contemplated Transactions.

(c)     Prior to the Closing, unless otherwise required by applicable Laws (in which case the disclosing Party will use its commercially reasonable efforts to notify the non-disclosing Party of such disclosure), no Party shall make any public announcements in respect of this Agreement or the Contemplated Transactions or otherwise communicate with any news media in connection therewith without the prior written consent of the other Party.  To the extent that any press releases or public announcements are to be issued or made following the Closing relating to the Contemplated Transactions, the timing and content of such press releases and public announcements shall be mutually agreed between each Party hereto.

(d)     Any Party may disclose Confidential Information received from any other Party in an action or Proceeding brought by a Party in pursuit of its rights or in exercise of its remedies hereunder.

**5.12**     **Casualty**.  If any part of the Purchased Assets is damaged, lost or destroyed (whether by fire, theft, vandalism or other cause or casualty), in whole or in part, prior to the Effective Time (such damaged, lost or destroyed assets, the "**Damaged Assets**"), Buyer may, at its option, (a) reduce the Purchase Price by the greater of (i) the fair market value of the Damaged Assets (such value to be determined as of the date immediately prior to such damage, loss or destruction) or (ii) the estimated cost to replace or restore the Damaged Assets, or (b) require Seller to transfer the proceeds (or the right to the proceeds) of the applicable Insurance Policies covering the Damaged Assets (including the business interruption Insurance Policy covering the Business) to Buyer at the Closing, plus an amount equal to any deductibles paid or incurred by Seller.  Any reduction in the Purchase Price pursuant to this Section 5.12 shall be determined by the Accounting Firm.  Until the Effective Time, Seller will bear all risk of loss with respect to the Damaged Assets.

**5.13**     **Credentialing and Medical Staff Transition Activities**.  Prior to the Closing, to the extent required by the Health Care Quality Improvement Act, 42 U.S.C. §11101, *et. seq*, Seller shall report to the applicable licensing board any final, non-appealable "professional review action" (as defined in the Healthcare Quality Improvement Act) that occurs prior to the Closing.  Prior to the Closing, Seller shall use commercially reasonable efforts to cooperate with Buyer in appropriately transitioning any pending professional review Proceeding.  Prior to the Closing, to the extent permitted under applicable Laws, and without any requirement that Seller act in a manner that voids or violates any applicable Facility medical

45

staff by-laws, policies and procedures, Seller shall also use commercially reasonable efforts to cooperate with Buyer and with any member of the medical staff of any Facility regarding any reasonably needed access or transfer of information or copies of documents comprising Credentialing and Medical Staff Records as may be reasonably requested in connection with new or adopted credentialing transition activities.

      **5.14**    **Transition, Separation, Migration**. The Parties shall work promptly and in good faith to prepare and agree upon, as soon as reasonably practicable following the date of this Agreement (a) the definitive schedules and annexes to the Transition Services Agreement, including with respect to scope of services, pricing, and duration, and (b) a knowledge transfer and migration plan to be effectuated in the period following the Closing, which shall take into account the goal of minimizing both the cost of the migration and knowledge transfer and the disruption to the ongoing business activities of the Parties and their respective Affiliates.

## 6.    ADDITIONAL AGREEMENTS.

      **6.1**    **Seller Employees**.

      (a)    As of the Effective Time and, with respect to any Employee on Leave (as defined below), upon the date such Employee on Leave becomes a Transferred Employee (such time, the "**Employee Effective Time**"), Seller shall terminate or direct the Seller Parties to terminate all Seller Employees, and Buyer or one of its Affiliates ("**Buyer Employer**"), subject to Buyer Employer's standard hiring practices and policies (including background checks, drug screens and a general prohibition against hiring employees who were previously released for cause from employment with Buyer, Buyer Employer or their Affiliates) (except that Buyer Employer's standard hiring practices and policies shall not apply to any Union Represented Employees to the extent inconsistent with the applicable Collective Bargaining Agreement, including Union Represented Employees on leave) (collectively, the "**Buyer Eligibility Requirements**"), shall, no later than ten (10) Business Days prior to the Closing Date (i) make offers of employment to all of the persons who are (A) Seller Employees eligible for rehire by Buyer Employer (subject to Section 6.1(c) with respect to Union Represented Employees) and (B) as of the date that the person reports back to work at the Business on an active basis within one hundred eighty (180) days after the Effective Time (or such longer time as is required by applicable Law), to all of the persons who are Seller Employees with respect to the operation of the Business and are on short-term or long-term disability or on leave of absence pursuant to Seller's or a Seller Party's policies, the Family and Medical Leave Act of 1993 or other similar Law as of the Effective Time (each, an "**Employee on Leave**"), which Seller Employees and Employees on Leave are set forth on the Seller Employee List, and (ii) subject to Sections 1.3 and 1.4, assume all Employee Obligations (as defined below) of the foregoing. Seller and each relevant Seller Party shall retain all Liabilities for any severance or separation benefits owed to any Seller Employee who does not become a Transferred Employee (other than as a result of a breach of this Section 6.1 by any Buyer Employer); provided that such offer of employment made by Buyer or one of its controlled Affiliates complies with Section 6.1. The term "**Transferred Employee**" as used in this Agreement means a Seller Employee who accepts and commences employment with Buyer Employer in accordance with the foregoing.

      (b)    As of the Employee Effective Time, subject to the requirements of any applicable Collective Bargaining Agreement, for a period of at least twelve (12) months following the Closing Date (or such longer period as may be required by applicable Collective Bargaining Agreement or Law or until employment terminates, if sooner), Buyer Employer shall provide each Transferred Employee that is not party to an Employee Obligation, (i) salary, wages, and annual cash incentive opportunities benefits as were provided to such employee as of the date of this Agreement by Seller or a Seller Party, and (ii) employee benefits (excluding defined benefit plans, retiree or post-termination health or welfare benefits, severance,

nonqualified deferred compensation or equity compensation) (x) substantially comparable in the aggregate to the employee benefits provided to similarly-situated employees of Buyer Employer (excluding defined benefit plans, retiree or post-termination, health or welfare benefits, severance, nonqualified deferred compensation or equity compensation), (y) substantially comparable in the aggregate to those provided to Transferred Employees as of the date of this Agreement, or (z) a combination of (x) and (y), and (iii) responsibilities substantially consistent with their then-current job title and reporting structure immediately prior to the Closing.  For each Transferred Employee subject to an employment, severance or similar contract set forth on Schedule 6.1(b) (each, an "**Employee Obligation**"), Buyer Employer shall honor the terms of employment, severance, or other contracts for those Transferred Employees who have such agreements.

(c)       Subject to Section 7.16, effective upon the Effective Time, (1) Buyer Employer shall offer to assume each Collective Bargaining Agreement governing the terms and conditions of employment of the Seller Employees represented by a labor union ("**Union Represented Employees**") set forth on Schedule 6.1(c), hereinafter referred to as the "**Assumed CBAs**"; provided, that, Seller shall prior to Closing, and in consultation with Buyer, (i) at Buyer's election, facilitate introductions and meetings with the labor unions and permit Buyer to communicate and conduct negotiations with the labor unions, in each case, with or without the presence of Seller, (ii) use its reasonable best efforts to ensure that the labor unions will enter into negotiations with Buyer to modify provisions of the Assumed CBAs, including relating to health insurance/medical plans to ensure alignment with Buyer's existing benefit plans,  policies and procedures related to overtime, extended sick leave and staffing ratios ("**Alignment**").  For the avoidance of doubt, Seller's reasonable best efforts will include, at the request of Buyer, if negotiations between Buyer and the labor unions have proven unsuccessful in obtaining Alignment to the reasonable satisfaction of Buyer, making a proposal, filing a motion, and reasonably litigating such motion under section 1113 of the Bankruptcy Code. Buyer shall deliver offers of employment to Union Represented Employees in accordance with Section 6.1(a) and Section 6.1(b), or alternatively endeavor to negotiate in good faith with the applicable labor union to deem such offers of employment to have been made to the Union Represented Employees; provided that no such union's agreement or consent any of the foregoing shall be a condition to the Closing other than as may be set forth in Section 7.16, which Buyer may waive in writing as set forth therein.  For the avoidance of doubt, Buyer and its Affiliates shall have no obligation to assume any Liabilities relating to or arising out of the period on or prior to the Closing relating to any labor unions or Collective Bargaining Agreements (including the Assumed CBAs). Any such offer of employment to a Union Represented Employee shall accord with the terms and conditions of employment required pursuant to the Assumed CBAs, as modified if applicable.  The parties specifically agree that the fifteen (15) day timeline for offers provided for in Section 6.1(a) shall be subject to this Section 6.1(c), and that Buyer Employer shall not be subject to such timeline for offers during the pendency of negotiations or motions contemplated by this Section 6.1(c). Notwithstanding anything in this Agreement to the contrary, the terms and conditions of employment for any Transferred Employees covered by an Assumed CBA shall be governed by the applicable Assumed CBA until the expiration, modification or termination of such Assumed CBA in accordance with its terms or applicable Law.

(d)       Seller shall, and shall cause its respective Affiliates to, undertake all reasonably necessary or legally required pre-signing or pre-Closing provision of information to, or consultations, discussions, or negotiations with, labor unions and employee representative bodies that represent any Union Represented Employees or Transferred Employees and, to the extent reasonably required, Buyer and its applicable Affiliates shall mutually cooperate in such process.

(e)       Buyer Employer agrees to recognize each Transferred Employee's date of hire by Seller or a Seller Party, as applicable, as the anniversary date of record with Buyer Employer and to honor that service for purposes of eligibility to participate and vesting (and with respect to paid time off or severance only, benefit accrual) on or after the Closing Date under Buyer Employer employee benefit plans

47

and policies that such Transferred Employee may be eligible to participate in, but excluding any defined benefit pension plan) to the same extent and for the same purpose as such service was honored under the comparable Plan immediately prior to the Closing Date.  Buyer Employer will use commercially reasonable efforts to waive the customary waiting periods under its welfare and 403(b) plans for the Transferred Employees and their eligible spouses and dependents under any employee benefit plan, program or arrangement of Buyer Employer, and, subject to each Transferred Employee's election of coverage, participation in Buyer Employer's benefit plans shall begin as of the Employee Effective Time for each Transferred Employee who is in an eligible class as defined under the respective Buyer Employer benefit plans to the extent such Transferred Employee participated in a comparable Plan immediately prior to the Closing Date.  To the extent lawful and subject to the approval of any applicable insurer, Buyer Employer shall with respect to the applicable calendar year in which the Closing occurs, recognize any out-of-pocket expenses (including deductibles, co-pays, and out of pocket maximums) incurred by each of the Transferred Employees and their eligible dependents under any Plans that are group health benefit plans prior to the Closing Date and credited to such person for purposes of determining deductibles, co-pays and out-of-pocket maximums under Buyer Employer's comparable group health benefit plans on and after the Closing Date.  For purposes of eligibility to participate in Buyer Employer's defined contribution retirement plans, Buyer Employer shall honor prior length of service for each Transferred Employee that meets the eligibility requirements under Buyer Employer's retirement plans, but Buyer Employer will not make any contributions to Buyer Employer's retirement plans for the Transferred Employees with respect to prior service.

(f)     Subject to the terms and conditions of Buyer Employer's applicable benefit plans, for each Seller Employee who becomes a Transferred Employee, Buyer Employer shall carry over, and give credit for, the unused Paid Time Off of such Transferred Employee as of immediately prior to the Employee Effective Time (the aggregate number of hours of Paid Time Off assumed by Buyer Employer for all Transferred Employees pursuant to this Section 6.1(f), the "**Assumed Paid Time Off**").

(g)     Seller shall be solely responsible for complying with the WARN Act (and for any failures to so comply), in any case, applicable (i) with respect to the Seller Employees and other employees of Seller or the Seller Affiliates prior to the Effective Time, and (ii) on or following the Effective Time with respect to (A) any Seller Employee who does not become a Transferred Employee for any reason other than Buyer's failure to comply with this Section 6.1 and (B) for any other employees of Seller or the Seller Affiliates.  Following the Effective Time, Buyer Employer shall be solely responsible for complying with the WARN Act (and for any failures to so comply), in any case, applicable with respect to Transferred Employees following the Effective Time.

(h)     From and after the Closing Date, with respect to any Seller Employee (other than the Transferred Employees) who declines Buyer's offer of employment that complies with this Section 6.1 or former employee of Seller or the Seller Parties and any eligible spouse or dependent thereof, Seller shall retain the obligation for providing notices and continuation coverage under COBRA.  Seller shall offer continuation coverage to any Seller Employee that is not a Transferred Employee under the applicable Plan of Seller to the fullest extent required by COBRA. For so long as Seller or the Seller Parties maintain a group health plan, Seller shall be solely responsible for any and all Liabilities arising under Section 4980B of the Code with respect to all "M&A qualified beneficiaries" as defined in Treasury Regulation Section 54.4980B-9. Nothing in this Agreement shall be construed as a determination by any Party that any particular individual is an M&A qualified beneficiary or that the Buyer is a successor for any purpose.

(i)     As of the Employee Effective Time, Seller shall pay, or have taken all necessary action to cause to be paid in accordance with applicable Law, to the Transferred Employees all wages, bonuses, benefits and other compensation (other than Assumed Paid Time Off) payable to or earned by the Transferred Employees as of the Closing Date on account of such Transferred Employee's employment or

48

termination of employment with Seller or a Seller Party.  As of the Employee Effective Time, Seller shall (i) discontinue active participation of the Transferred Employees in all applicable Plans, (ii) waive any allocation conditions on employer contributions with respect to the Transferred Employees under the Section 401(k) plan of Seller or any Seller Party for the plan year in which the Closing Date occurs, (iii) cause the Transferred Employees to be fully vested under any Plan intended to be qualified under Section 401(a) of the Code, (iv) with respect to cash-based incentive and bonus plans, provide that Transferred Employees will be entitled to prorated incentives and bonuses, based on target levels of performance for the plan year (or other applicable period upon which incentives and bonuses are determined) that includes the Closing Date, (v) make, pay, grant or credit all contributions, incentives, bonuses, accruals or other benefits required (or otherwise committed) under the Plans on behalf of eligible Transferred Employees for periods on or prior to the Closing Date, (vi) take such actions as are necessary to make, or cause such Plans to make distributions available under the Plans to such Transferred Employees to the extent required or permitted by, and in accordance with, such Plans and applicable Laws, as determined by Seller, and (vii) take all steps reasonably necessary to effectuate the preceding, including ensuring that any necessary amendments to the Plans are timely adopted.

(j)        The Parties agree that Buyer's determination of any Seller Employee satisfaction of Buyer Eligibility Requirements will take place (i) at the same time and pursuant to the same procedures, whether such Seller Employee is a full time employee, part-time employee or employee on approved leave of absence pursuant to Seller's or Seller Parties' policies, on leave pursuant to the Family and Medical Leave Act of 1993 or other similar local Law, temporary leave of absence, military leave, or paid time off and (ii) without a review by Buyer of any Seller Employee's personnel records or other employment or health records maintained by Seller or any Seller Party.

(k)        Seller agrees, on behalf of itself and all Seller Parties and their Affiliates, that, notwithstanding the terms of any non-competition, non-solicit, non-disclosure, or similar restrictive covenant between Seller or any of the Seller Affiliates and a Transferred Employee (the "**RCAs**"), such Transferred Employee shall be permitted to provide services to Buyer and its Affiliates following the Closing, and Seller shall not, and shall cause its Affiliates to not, seek to enforce the terms of any such RCA following the Closing.

(l)        During the period prior to the Closing Date, Seller shall use commercially reasonable efforts to make individual natural person independent contractors related to the Business or the Facilities and directly engaged by Seller or its Affiliates available to Buyer for the purpose of allowing Buyer to interview each such contractor and determine the nature and extent of each such person's continuation with Buyer and its applicable Affiliates, if any. Seller shall provide to Buyer contact information for third-party service providers providing contingent personnel to the Business or the Facilities and reasonably cooperate in identifying and transferring such contingent workforce to the extent requested by Buyer.

(m)        Seller shall, or shall cause its applicable Affiliates to, cooperate with Buyer to ensure that any foreign national who requires a visa in order to work for Seller or the Seller Affiliates in his or her current position may continue to work in such position as a Transferred Employee on the Employee Effective Time.

(n)        The Parties intend that upon the Closing, Buyer shall not be deemed to: (a) be the successor of or successor employer to Seller with respect any Plans (including with respect to any withdrawal Liability or missed contributions or obligations to any plan subject to Title IV of ERISA) and any common law successor Liability (but excluding in relation to successor Liability relating to any Collective Bargaining Agreements ); (b) have, de facto, or otherwise, merged with or into Seller; (c) be a mere continuation or substantial continuation of Seller or the enterprise(s) of Seller; or (d) be liable for any

49

acts or omissions of Seller in the conduct of the Business or arising under or related to the Purchased Assets other than as set forth in this Agreement. Without limiting the generality of the foregoing, and except as otherwise provided in this Agreement, the parties intend that Buyer shall not be liable for any Encumbrances against Seller or any of its predecessors or Affiliates, and that Buyer have no successor or vicarious Liability of any kind or character whether known or unknown as of the Closing Date or whether fixed or contingent, existing or hereafter arising, with respect to the Business, the Purchased Assets or any Liabilities of any Seller arising prior to the Closing Date.

(o)     Notwithstanding any provision herein to the contrary, no term of this Agreement shall be deemed to (i) create any Contract with any Transferred Employee; (ii) give any Transferred Employee the right to be retained in the employment of Buyer Employer or any of its Affiliates; (iii) interfere with Buyer Employer's right to terminate or modify the employment of any Transferred Employee at any time; or (iv) obligate Buyer Employer or any of its Affiliates to terminate, adopt, enter into or modify any benefit plan or other compensatory plan, program or arrangement at any time. Nothing in this Agreement shall diminish Buyer Employer's right to terminate, adopt, enter into or modify any benefit plan or other compensatory plan, program or arrangement. The representations, warranties, covenants and agreements contained herein are for the sole benefit of the Parties, and neither the Transferred Employees nor any other Person is not intended to be and shall not be construed as beneficiaries hereof or to have any rights or remedies hereunder.

**6.2     Post-Closing Access to Information; Communication with Governmental Authorities**.

(a)     Buyer and Seller acknowledge that prior to the end of the Post-Closing Period, Buyer and Seller may need access to information, documents or computer data in the control or possession of the other, including for the purpose of satisfying their obligations in connection with the Chapter 11 Cases, and Seller may need access to records that are a part of the Purchased Assets for purposes of concluding the Contemplated Transactions and for audits, investigations, compliance with applicable Law or an Order of the Bankruptcy Court and requests from Governmental Authorities, and the prosecution or defense of claims made by third parties. Accordingly, Buyer agrees that, except to the extent prohibited by any applicable Law or an Order of the Bankruptcy Court, it will make available to Seller and its respective Representatives the Books and Records and such information, documents and computer data as may be available relating to the Purchased Assets and the Business in respect of periods prior to the Effective Time and will permit Seller (or its Representatives) to make copies of such Books and Records, information, documents and computer data to the extent reasonably necessary for such purposes. Seller agrees that Seller will make available to Buyer and its Representatives such information, documents and computer data relating to the Purchased Assets and the Business in respect of periods prior to the Effective Time as may be in the possession of Seller or any Seller Affiliate and will permit Buyer (or its Representatives) to make copies of such documents and information. Notwithstanding the foregoing, all disclosures of information shall be consistent with the Clean Room Black Box Agreement, all common interest agreements, joint defense agreements, and any other confidentiality or nondisclosure agreements entered into among the Parties, in each case, to the extent applicable considering the relevant circumstances (including that the Closing will have occurred and the extent and nature of such information). The Parties agree that the cost of compliance with this provision shall be governed by the Transition Services Agreement.

(b)     Following the Effective Time, Buyer shall assume all legal responsibility arising out of, and shall preserve, the Books and Records (including patient records), for the greater of: (i) seven (7) years from the date of such record; (ii) as may be required by applicable Law, including the statute of limitations governing the time period afforded to bring professional liability claims in Massachusetts or as is necessary to administer the Chapter 11 Cases; or (iii) such longer period as may be required in connection with any known or threatened investigation or Proceeding, including any professional liability claims. Thereafter, Buyer may dispose of such Books and Records only after Buyer has given Seller ninety (90)

days' prior written notice of such impending disposition and the opportunity of Seller to remove and retain such Books and Records as permitted by applicable Law. For the avoidance of doubt, Buyer's legal responsibility related to the Books and Records set forth in this Section 6.2(b) shall be solely to the extent arising from periods occurring on or after the Effective Time that relate (and only to the extent so relating) to facts, circumstances or occurrences first arising after the Effective Time and that do not arise from or relate to, and are not in connection with any event, circumstance or condition occurring or existing at or prior to the Effective Time that, with or without notice or lapse of time, would constitute or result in a breach or violation of applicable Law, all of which shall constitute Excluded Liabilities.

(c)     Buyer shall cooperate with Seller, on a timely basis and as reasonably requested by Seller, in connection with the provision of all data of the Business and other information required by Seller for reporting to the Joint Commission for the remainder of the quarterly period in which the Closing has occurred.

(d)     To the maximum extent permitted by applicable Law, if any Person requests or demands, by subpoena or otherwise, any documents relating to the Excluded Liabilities, including documents relating to the operations of the Business or ownership of any of the Purchased Assets prior to the Effective Time, then to the extent allowable by applicable Law, prior to any disclosure of such documents, Buyer shall notify Seller and provide Seller with the opportunity to object to, such request or demand.

(e)     After the Effective Time, neither Seller nor Buyer will agree to participate in any substantive call, meeting or conference with any Governmental Authority, or any member of the staff of any Governmental Authority, in respect of any filing, Proceeding, investigation (including any settlement of the investigation), litigation, or other inquiry related to the Contemplated Transactions, unless either Seller or Buyer, as applicable, (i) provides reasonable advance notice of such meeting to the non-responding Party, and (ii) provides the non-responding Party an opportunity to attend or participate and, unless prohibited by applicable Law, allow the non-responding Party to participate.

(f)     After the Effective Time, as reasonably requested by Seller, Buyer will cooperate with Seller, at Seller's sole cost and expense, in connection with Seller's collection of the accounts receivable that are among the Excluded Assets.

**6.3     Confidentiality; Non-Competition; Non-Solicitation**. In further consideration for the payment of the Purchase Price and to protect the value of the Purchased Assets purchased by Buyer (including the goodwill inherent in the Business as of the Effective Time), and as a material inducement to Buyer and Seller to enter into and perform their respective obligations under this Agreement, effective as of the Effective Time, Seller and Buyer agree as follows:

(a)     Seller shall not use for itself or any other Person, or disclose to any other Person, any Confidential Information included in the Purchased Assets, except to the extent such use or disclosure is (i) approved in writing in advance by Buyer, (ii) expressly permitted or required pursuant to the terms of this Agreement, or (iii) required by applicable Law or any Order, including as required under the Chapter 11 Cases (in which event, to the extent legally permissible, Seller shall inform Buyer in advance of any such required disclosure, shall cooperate with Buyer in all reasonable respects in obtaining a protective Order or other protection in respect of such required disclosure (at the sole cost and expense of Buyer) and shall limit such disclosure to the extent reasonably possible while still complying with such requirements). Seller shall use commercially reasonable efforts to safeguard Confidential Information included in the Purchased Assets and to protect it against disclosure, misuse, espionage, loss and theft.

(b)     Buyer shall not use for itself or any other Person, or disclose to any other Person, any Confidential Information  included in the Excluded Assets, except to the extent such use or disclosure is (i) approved in writing in advance by Seller, (ii)  expressly permitted or required pursuant to the terms of this Agreement, or (iii) required by applicable Law or any Order (in which event, to the extent legally permissible, Buyer shall inform Seller in advance of any such required disclosure, shall cooperate with Seller in all reasonable respects in obtaining a protective Order or other protection in respect of such required disclosure (at the sole cost and expense of Seller) and shall limit such disclosure to the extent reasonably possible while still complying with such requirements).   Buyer shall use commercially reasonable efforts to safeguard Confidential Information  is included in the Excluded Assets and to protect it against disclosure, misuse, espionage, loss and theft.

(c)     Seller acknowledges that Seller has become, and following the date of this Agreement shall continue to be, familiar with Confidential Information included in the Purchased Assets. Therefore, during the Restricted Period, Seller shall not (and shall not take any steps to, or prepare to), and shall cause the Seller Affiliates not to, directly or indirectly, in any capacity, engage in a Restricted Business within the Restricted Area.   Notwithstanding the forgoing, this clause <u>(c)</u> shall not apply to (i) any acquisition or other corporate transaction by Seller or any Seller Affiliate during the Restricted Period in which Seller or any Seller Affiliate, in any manner, directly or indirectly, acquires any business that is engaged in the Restricted Business within the Restricted Area, so long as the net revenues allocable to such portion of the acquired business that engages in the Restricted Business within the Restricted Area is less than ten percent (10%) of the aggregate net revenues for the acquisition in question, (ii) the continued operation of any existing operations of Seller or the Seller Affiliates that are not included in the Contemplated Transactions, (iii) any Person resulting from a change in control of Seller or any Seller Affiliate and such Person's Affiliates as well as any Person (and such Person's Affiliates) that purchases securities or assets of Steward or any of its Affiliates; <u>provided</u> that Steward and any direct or indirect Subsidiary Affiliate thereof shall nevertheless remain bound by the restrictions of this <u>Section 6.3(c)</u>, or (iv) any item set forth on <u>Schedule 6.3(c)</u>.

(d)     During the Restricted Period, Seller shall not, and shall cause the Seller Affiliates not to, directly or indirectly, in any capacity, encourage, induce, solicit or attempt to encourage, induce or solicit or hire (i) any officer, director, manager, employee or independent contractor of Buyer Employer who primarily provides services to the Business and works and resides in the Restricted Area or who has been introduced to Seller and Seller Affiliates through the negotiation of this Agreement and the Contemplated Transactions or (ii) any Transferred Employee to leave the employ of Buyer Employer or any of Buyer Employer's Affiliates or terminate or diminish any relationship with Buyer Employer or any of Buyer Employer's Affiliates; <u>provided</u> that the foregoing shall not apply to (A) any direct or indirect general solicitation by Seller or any Seller Affiliate that is not directed specifically to any such Person or (B) any such Person whose employment has been terminated by such Person or by any Buyer Employer or any of Buyer Employer's Affiliates for a period of three (3) months.

(e)     Seller and Buyer recognize that the covenants in this <u>Section 6.3</u>, and the territorial, time and other limitations with respect thereto, are reasonable and properly required for the adequate protection of Seller and Buyer and the acquisition of the Purchased Assets by Buyer, including the Confidential Information (whether included in the Purchased Assets or Excluded Assets), and agree and acknowledge that such limitations are reasonable with respect to Buyer's and Seller's activities, business and public purpose.   Seller and Buyer acknowledge and represent that: (i) sufficient consideration has been given by each Party to the other as it relates to the covenants set forth in this <u>Section 6.3</u>; (ii) the restrictions and agreements in this <u>Section 6.3</u> are reasonable in all respects and necessary for the protection of either (A) Buyer and its Affiliates, the Confidential Information included in the Purchased Assets and the goodwill primarily associated with the Business or (B) Seller or the Seller Affiliates and the Confidential Information included in the Excluded Assets, as the case may be, and that in each case, without such protection, Buyer's

52

or Seller's (as the case may be) competitive advantage would be materially adversely affected; and (iii) the agreements in this <u>Section 6.3</u> are an essential inducement to Buyer and Seller to enter into this Agreement and they are in addition to, rather than in lieu of, any similar or related covenants to which Buyer or Seller is party or by which it is bound.  Seller and Buyer agree and acknowledge that the violation of the covenants or agreements in this <u>Section 6.3</u> would cause irreparable injury to Buyer and its Affiliates or Seller or Seller Affiliates, as the case may be, and that monetary damages and any other remedies at law for any violation or threatened violation thereof would be inadequate, and that, in addition to whatever other remedies may be available at law or in equity, Buyer and its Affiliates or Seller and its Affiliates, as the case may be, shall be entitled to temporary and permanent injunctive or other equitable relief without the necessity of proving actual damages or posting a bond or other security.

(f)     It is the intention of each Party that the provisions of this <u>Section 6.3</u> shall be enforced to the fullest extent permissible under the Law and the public policies of the State of Delaware and of any other jurisdiction in which enforcement may be sought, but that the unenforceability (or the modification to conform with such Laws or public policies) of any provisions hereof shall not render unenforceable or impair the remainder of this Agreement.  Accordingly, if any term or provision of this <u>Section 6.3</u> shall be determined to be illegal, invalid or unenforceable, either in whole or in part, this Agreement shall be deemed amended to delete or modify, as necessary, the offending provisions and to alter the balance of this Agreement in order to render the same valid and enforceable to the fullest extent permissible as aforesaid, with the maximum period, scope or geographical area permitted under applicable Law being substituted for the period, scope or geographical area hereunder.

**6.4**     **Transition Patients**.  To compensate Seller for services rendered and medicine, drugs and supplies provided by the Hospitals up to the Effective Time with respect to patients who are admitted to the Hospitals prior to the Effective Time and whose care is reimbursed by any Government Program or Private Program but who are not discharged until after the Effective Time (such patients being referred to herein as the "**Transition Patients**" and services rendered to them being referred to herein as the "**Transition Patient Services**"), the Parties shall take the following actions:

(a)     To the extent required by applicable Law, or to the extent the applicable Government Program or Private Program will accept a cut-off billing, Seller shall prepare the cut-off billings for the period prior to the Effective Time ("<u>Interim Billing</u>") for each Transition Patient for which Interim Billing is required or permitted, and shall send such Interim Billing to the applicable Transition Patient, Government Program or Private Program.  Seller shall be entitled to all amounts received by Seller pursuant to any such Interim Billings. Seller shall maintain records of such Interim Billing and provide to Buyer copies of such records promptly following the Closing Date.

(b)     For Transition Patients for whom Interim Billing is not accepted by the applicable Government Program or Private Program (the "**Non-Interim Billing Transition Patients**"), as soon as practicable after the Closing Date, Seller shall deliver to Buyer a statement specifying the Non-Interim Billing Transition Patients and the expected reimbursement for each such Non-Interim Billing Transition Patient.  Such statement shall also identify which Non-Interim Billing Transition Patients (i) are receiving medical care that is paid for, in whole or in part, by a Government Program or Private Program that pays on a diagnostic related group ("**DRG**"), case rate, or other similar basis and for whom the applicable Facility is paid on a per-capita basis (the "**DRG Transition Patients**") or (ii) are receiving medical care that is paid for on a non-DRG basis ("**Non-DRG Transition Patients**").  Buyer shall be responsible for submitting such billings to the applicable Government Program or Private Program for the entire portion of each of the Non-Interim Billing Transition Patients' respective stays.

(c)     For Transition Patient Services provided to a DRG Transition Patient, upon receipt of payment, Seller shall be entitled to an amount equal to (i) the total DRG payment received by Buyer and

53

Seller (including disproportionate share, uncompensated care, low volume adjustment, indirect medical education, outlier, and capital payments and any deposits, deductibles, copayments paid, whether received by Buyer or Seller), multiplied by a fraction, the numerator of which shall be the number of days prior to the Effective Time that the DRG Transition Patient was an inpatient at the applicable Hospital and the denominator of which shall be the total number of days that such DRG Transition Patient was an inpatient at such Hospital minus (ii) any deposits, deductibles or co-payments paid by or on behalf of the applicable DRG Transition Patient to Seller or any of Seller's Affiliates prior to the Effective Time.  Buyer will make such payments to Seller within ten (10) Business Days after receipt of such payment.

(d)    For Transition Patient Services provided to a Non-DRG Transition Patient, Seller shall be entitled to an amount equal to (i) the total payments received by Buyer and Seller for such Non-DRG Transition Patient (including any deposits, deductibles, or copayments, whether received by Buyer or Seller), multiplied by a fraction, the numerator of which shall be the total number of days prior to the Effective Time on which the applicable Hospital provided Transition Patient Services to such Non-DRG Transition Patient and the denominator of which shall be the total number of days with respect to such Non-DRG Transition Patient's stay at the applicable Hospital minus (ii) any deposits, deductibles or co-payments, or other amounts paid to Seller in connection with the services rendered, including per diem fees, paid by or on behalf of the applicable Non-DRG Transition Patient to Seller or any of Seller's Affiliates prior to the Effective Time. Buyer will make such payments to Seller within ten (10) Business Days after receipt of such payment.

(e)    In addition to the other payments contemplated by this Section 6.4 (or elsewhere in this Agreement), (i) if Seller or the Seller Affiliates receives any amount from patients, Government Programs or Private Programs that relates to services rendered by the Facilities after the Effective Time, Seller or Seller Affiliate will remit such amount to Buyer within ten (10) Business Days after receiving such amount; and (ii) if Buyer receives any amount from patients, Government Programs or Private Programs that relates to services rendered by the Facilities prior to the Effective Time, Buyer will remit such amount to Seller within ten (10) Business Days of receiving such amount.

(f)    Notwithstanding anything to the contrary in this Agreement, neither Buyer nor Seller shall be entitled to withhold any of the respective payments due and owing under this Section 6.4 by means of setoff against any amount owed by any other Party.

**6.5    Cost Reports; Periodic Interim Payments; Disproportionate Share Hospital Surveys and Information**.

(a)    Seller, at its own cost and expense, will timely prepare and file all Cost Reports relating to the Facilities and the Business for periods ending prior to the Effective Time or required as a result of the consummation of the Contemplated Transactions (collectively, the "**Seller Cost Reports**"). Buyer shall make available, in a timely and reasonable manner, to Seller any information and records that are in Buyer's possession and that are reasonably necessary, as determined by Seller in its reasonable discretion, for Seller to prepare the Seller Cost Reports.  Buyer shall forward to Seller any and all correspondence relating to the Seller Cost Reports within ten (10) Business Days after receipt by Buyer. Buyer shall remit to Seller any Cost Report Settlements promptly (but no later than ten (10) Business Days) after receipt by Buyer, and shall forward to Seller any demand for payments relating to the Seller Cost Reports within ten (10) Business Days after receipt by Buyer.  Seller shall retain all Liabilities and obligations associated with the Seller Cost Reports and all rights related to the Cost Report Settlements. Such rights shall include the right to appeal any Medicare determinations relating to Cost Report Settlements. To the extent that Seller requires the assistance of Buyer to effectuate its rights hereunder, including with respect to any ongoing appeals or litigation in connection with any Excluded Assets involving Government Programs (including those described in Section 1.2(m)) that require involvement of

Buyer, Buyer will cooperate therewith as reasonably requested by Seller and at Seller's sole cost and expense. Seller shall retain the originals of the Seller Cost Reports, correspondence, work papers, and other documents relating to the Seller Cost Reports and the Cost Report Settlements. Seller shall use commercially reasonable efforts to timely and accurately respond to all audit and other supplemental information requests related to the Seller Cost Reports.

(b)     Upon Buyer's written request, Seller shall terminate the Hospitals' participation in any periodic interim payment program with Medicare effective as of the Closing Date. If Buyer receives any Medicare Interim Payments from the Medicare program associated with the operations of the Hospitals relating solely to periods prior to the Effective Time, Buyer shall pay Seller an amount equal to such Medicare Interim Payment(s) received by Buyer within ten (10) days after receipt. If Buyer receives any Medicare Interim Payments from the Medicare program associated with the operations of the Hospitals relating to the period commencing prior to and ending after the Effective Time, Buyer shall pay Seller within ten (10) days after receipt an amount equal to the Medicare Interim Payment(s) actually received by Buyer for such period multiplied by a fraction, the numerator of which shall be the total number of days prior to the Effective Time and the denominator of which shall be the total number of days attributable to such Medicare Interim Payment(s). If Seller receives any Medicare Interim Payments from the Medicare program associated with the operations of the Hospitals relating solely to periods on or after the Effective Time, Seller shall pay Buyer within ten (10) days after receipt an amount equal to such Medicare Interim Payment(s) received by Seller. If Seller receives any Medicare Interim Payments from the Medicare program associated with the operations of the Hospitals relating to the periods commencing prior to and ending after the Effective Time, Seller shall pay Buyer within ten (10) days after receipt an amount equal to the Medicare Interim Payment(s) actually received by Seller for such period multiplied by a fraction, the numerator of which shall be the total number of days after the Effective Time and the denominator of which shall be the total number of days attributable to such Medicare Interim Payment(s). It is the intent of the Parties that Buyer and Seller shall receive all third-party payments applicable to the period of time that the Hospitals are owned by the respective Parties.

(c)     If Seller receives any amount from patients, third-party payors, group purchasing organizations or suppliers which, under the terms of this Agreement, belongs to Buyer, Seller shall remit within ten (10) Business Days the full amount so received to Buyer. If Buyer receives any amount from patients, third-party payors, group purchasing organizations or suppliers which, under the terms of this Agreement, belongs to Seller, Buyer shall remit within ten (10) Business Days the full amount so received to Seller.

(d)     Subject to applicable Laws, Seller will reasonably cooperate with Buyer in providing pre-Closing patient data and any documents Buyer reasonably believes are necessary or appropriate for Buyer to file with respect to Medicaid disproportionate share hospital surveys, to the extent applicable in the jurisdiction of the Business for the fiscal periods prior to and after the Effective Time.

(e)     Notwithstanding anything to the contrary in this Agreement, neither Buyer nor Seller shall be entitled to recover any of the respective payments due and owing under this <u>Section 6.5</u> by means of setoff against any amount owed by any other Party.

**6.6     <u>CMS Reporting</u>.**

(a)     Following the Effective Time, Buyer will cooperate with Seller in all reasonable respects in providing, in a timely and reasonable manner, documents or data that Seller reasonably believes are necessary or appropriate for a Seller to file with respect to CMS Reporting for all CMS Program Performance Periods ending prior to the Effective Time. Buyer shall forward to Seller any and all

correspondence from CMS relating to applicable CMS Reporting for such CMS Program Performance Periods within ten (10) Business Days after receipt by Buyer.

(b)     Following the Effective Time but prior to the end of the Post-Closing Period, Seller shall (i) cooperate with Buyer in all reasonable respects in providing, in a timely and reasonable manner, pre-Closing documents or data that Buyer reasonably believes are necessary or appropriate for Buyer to file with respect to CMS Reporting for CMS Program Performance Periods in which the Effective Time occurs, and (ii) Seller shall forward to Buyer any and all correspondence from CMS relating to CMS Reporting for such CMS Program Performance Periods within ten (10) Business Days after receipt by Seller.

(c)     With respect to non-claims-based payments arising under CMS Program Payments for the CMS Program Performance Period in which the Effective Time occurs, the Parties shall share any CMS Program Payments for such CMS Program Performance Period on a pro rata basis (based upon, with respect to Buyer, the number of days during such CMS Program Performance Period that immediately follow the Effective Time divided by the total number of days in such CMS Program Performance Period, and with respect to Seller, the number of days during such CMS Program Performance Period that immediately precede the Effective Time divided by the total number of days in such CMS Program Performance Period). If Buyer receives any such CMS Program Payments, Buyer shall remit Seller's pro rata share of such CMS Program Payments to Seller within ten (10) Business Days after receipt by Buyer. If Seller receives any such CMS Program Payments, Seller shall remit Buyer's pro rata share of such CMS Program Payments to Buyer within ten (10) Business Days after receipt by Seller. To the extent Buyer or one of its Affiliates is required to refund or repay any portion of any CMS Program Payments, Seller will pay to Buyer an amount equal to Seller's pro rata portion of the required refund or repayment within ten (10) Business Days after notice to Seller of such amount due.

(d)     Notwithstanding anything to the contrary in this Agreement neither Buyer nor Seller shall be entitled to recover any of the respective payments due and owing under this <u>Section 6.6</u> by means of setoff against any amount owed by any other Party.

**6.7**     <u>**Waiver Program Payments**</u>. Buyer and Seller shall prorate any payments received by the Facilities after the Effective Time under Medicaid waiver or Medicaid supplemental payment programs as follows:

(a)     Any such amounts that correspond to Federal Fiscal Years or state fiscal years, as applicable, ending prior to the Effective Time will be paid to Seller;

(b)     Any such amounts that correspond to Federal Fiscal Years or state fiscal years, as applicable, beginning on or after the Effective Time will be paid to Buyer; and

(c)     Any such amounts that correspond to the Federal Fiscal Year or state fiscal year, as applicable, during which the Effective Time occurs will be allocated between Buyer and Seller on a pro rata basis (based upon the number of days during such year that Seller operates the Facilities and the number of days during such year that Buyer operates the Facilities).

**6.8**     <u>**License to Use Billing Information**</u>. Following the Effective Time but, with respect to Seller, only until the end of the Post-Closing Period and, to the extent allowed by applicable Law, Seller grants Buyer and its Affiliates a license to use Seller billing identification information (which information shall include Seller's name, Medicare and related Medicaid and TRICARE provider numbers, federal employer identification number, and such other information as may be reasonably necessary) ("**Seller's Billing Information**") for purposes of submitting claims to Medicare, Medicaid and TRICARE for services provided at the Facilities by Buyer or any of its Affiliates after the Effective Time. To the extent allowed

56

by applicable Law, each such license shall be effective (a) for purposes of Medicare, until CMS and the applicable CMS Medicare administrative contractor approve Buyer's or its Affiliate's Medicare change of ownership application and issue a tie-in notice and approval letter acknowledging that Buyer (or its Affiliate) may be reimbursed for claims submitted using Buyer's (or such Affiliate's) billing identification information; and (b) for purposes of Medicaid and any other Government Programs, until the applicable Medicaid program(s) or program agent(s) approves Buyer's (or its Affiliate's) provider enrollment application or approves assignment of the applicable provider Contract and issues the appropriate notice acknowledging that Buyer (or its Affiliate) may be reimbursed by the applicable Medicaid or other Government Program for claims submitted using Buyer's (or its Affiliate's) identification information. So long as such license remains in effect, Seller (or its Affiliates) shall not act to: (i) terminate any of their billing identification information except as required by applicable Law; (ii) close any accounts used by Seller prior to the Effective Time for purposes of receiving reimbursement; or (iii) cancel any electronic funds transfer agreements with respect to Medicare, Medicaid, TRICARE or any other Government Program. All accounts receivable and monies collected in the name of Buyer or its Affiliates or the Facilities for services provided by Buyer (or its Affiliates) after the Effective Time shall belong to Buyer (or its Affiliates). Buyer shall, and shall cause each of its Affiliates to, indemnify, defend and hold harmless Seller and Seller Affiliates against, and reimburse Seller and Seller Affiliates for, all Liabilities incurred by Seller and any Seller Affiliate in connection with Seller's obligations under this <u>Section 6.8</u>.

      **6.9**    **Medical Staff**. To ensure continuity of care in the community, Buyer agrees that the operations of each Hospital's medical staff will be substantially unchanged as a result of the consummation of the Contemplated Transactions, including each Hospital's medical staff members in good standing as of the Effective Time will maintain, to the extent consistent with criteria adopted at other Buyer or Buyer Affiliate facilities, medical staff privileges without change in medical staff status (e.g., active, courtesy) at each respective Hospital as of the Effective Time and each Hospital's medical staff officers in place immediately prior to the Effective Time will remain, to the extent consistent with criteria adopted at other Buyer or Buyer Affiliate facilities, in their same positions as of the Effective Time, <u>provided</u> that Buyer shall not be obligated to continue to maintain any Physicians and other Practitioners whose medical staff membership or clinical privileges have been terminated or not renewed by a Buyer or Buyer Affiliate facility. As of and after the Effective Time, each Hospital's medical staff will be subject to each Hospital's medical staff by-laws then in effect to the extent consistent with applicable Law.

      **6.10**    **Cooperation on Compliance Matters**. Following the Effective Time but, with respect to Seller, only until the end of the Post-Closing Period, if any compliance matter is identified by a Party, whether through internal audit or otherwise, for which another Party hereto may bear responsibility or exposure (a "**Compliance Matter**"), then such Party shall provide prompt written notice to such other Party. Because any such Compliance Matter may impact Buyer and Seller, the Parties acknowledge that both Buyer and Seller shall have a common interest in fully resolving all such Compliance Matters and cooperating in good faith to do so; <u>provided</u> that such efforts to cooperate is not against the advice of such Party's counsel. To the extent necessary to preserve attorney client privilege and work product doctrine relating to the investigation or resolution of any Compliance Matter, the Parties agree that a common interest privilege shall exist with respect to any communications relating to the investigation and resolution of the Compliance Matter and, to the extent necessary and requested by any Party or its counsel, the Parties and their respective counsel shall enter into a written agreement to memorialize this common interest privilege existing among them relating to the Compliance Matter; <u>provided</u> that such common interest privilege and agreement are consistent with the advice of each Party's respective counsel. If applicable, the Parties will thereafter cooperate reasonably with each other in any internal investigations or audits and shall make available to the other, as reasonably requested, any and all relevant information and, further, shall provide personnel as may be reasonably necessary and appropriate for purposes of analyzing and resolving such Compliance Matter. In order to ensure the accuracy of any report of any Compliance Matter to a third party, the Parties agree that neither shall make any such report or disclosure to, or in respect of,

any federally-funded or state-funded health care program, including Medicare, Medicaid, and TRICARE, or private third party payor or any other Governmental Authority with regulatory oversight with respect to any Compliance Matter which might give rise to Liability of the other Party without at least thirty (30) days' prior written notice to, and participation and approval of the report by, such other Party.  All Parties agree to cooperate fully and in good faith as necessary in the resolution of all Compliance Matters, and, subject to Section 9, Buyer and Seller shall each bear its own expenses in connection therewith.

**6.11**    **Changes to MPT Real Property**.  In connection with the MPT Real Property, Seller shall not consent to or approve (to the extent it has the right to consent or approve) and shall use commercially reasonable efforts to cause MPT not to make any alteration or Encumbrance to the title of the MPT Real Property between the date of this Agreement and the Closing Date, except for the sale of such MPT Real Property as contemplated by the MPT Purchase Agreement.

**6.12**    **Post-Closing Receipt of Assets or Excluded Assets**.

(a)    In addition to any misdirected payments referenced in Section 6.6 to which Seller is entitled, any asset or any Liability, all other remittances and all mail and other communications that is an Excluded Asset or an Excluded Liability and comes into the possession, custody or control of Buyer (or its respective successors-in-interest, assigns or Affiliates) shall within ten (10) Business Days following receipt be transferred, assigned or conveyed by Buyer (and its respective successors-in-interest, assigns and Affiliates) to Seller at Seller's cost.  Until such transfer, assignment and conveyance, Buyer and its respective successors-in-interest, assigns and Affiliates, shall not have any right, title or interest in or obligation or responsibility with respect to such asset or Liability except that Buyer shall hold such asset in trust for the benefit of Seller.  Buyer and its respective successors-in-interest, assigns and Affiliates, shall have neither the right to offset amounts payable to Seller under this Section 6.12(a) against, nor the right to contest its obligation to transfer, assign and convey to Seller because of, outstanding claims, Liabilities or obligations asserted by Buyer against Seller including pursuant to the Purchase Price adjustment of Section 1.9.

(b)    In addition to any misdirected payments referenced in Section 6.7 to which Buyer is entitled, any asset or any Liability, all other remittances and all mail and other communications that is an Purchased Asset or an Assumed Liability and comes into the possession, custody or control of Seller (or its successors-in-interest, assigns or Affiliates) shall within ten (10) Business Days following receipt be transferred, assigned or conveyed by Seller (and its successors-in-interest, assigns and Affiliates) to Buyer at Buyer's cost.  Until such transfer, assignment and conveyance, Seller and its successors-in-interest, assigns and Affiliates shall not have any right, title or interest in or obligation or responsibility with respect to such asset or Liability except that Seller shall hold such asset in trust for the benefit of Buyer.  Seller or any Seller Affiliates and their respective successors-in-interest and assigns shall have neither the right to offset amounts payable to Buyer under this Section 6.12(b) against, nor the right to contest its obligation to transfer, assign and convey to Buyer because of, outstanding claims, Liabilities or obligations asserted by Seller against Buyer including pursuant to the Purchase Price adjustment of Section 1.9.

**6.13**    **Closing Financials**.  Buyer shall cause the chief financial officer(s) of the Facilities to complete the standardized closing of Seller's financial records for the Business through the Closing Date including the closing of general ledger account reconciliations in form and substance consistent with past practice (collectively, the "**Closing Financials**").  Buyer shall cause the chief financial officer(s) of the Facilities to use his or her good faith efforts to complete the Closing Financials by no later than the date which is thirty five (35) days after the Closing Date.  Seller shall reimburse Buyer for all reasonable, out-of-pocket and documented expenses of Buyer associated with the preparation of the Closing Financials.  Such reimbursement shall occur no later than the date which is thirty (30) days after Buyer provides a written statement to Seller which details such charges and expenses.

**6.14**    **USFHP Pharmacy Licensure Process; Interim Master Services Agreement**.

(a)    Buyer acknowledges that SEMC has applied for a retail pharmacy license from the Massachusetts Board of Pharmacy ("**USFHP Pharmacy License**") in connection with the operations of the USFHP pharmacy and that timing of the receipt of that USFHP Pharmacy License will depend on actions taken by applicable Governmental Authorities, in particular the Massachusetts Board of Pharmacy. Buyer will, between the date hereof and the Closing Date, provide commercially reasonable and good faith cooperation with Seller in connection with any actions necessary and convenient to complete the application for the USFHP Pharmacy License, transfer such USFHP Pharmacy License to Seller or Stewardship Buyer (as defined below), and to obtain or transfer other licenses or registrations in preparation for the Closing (the "**USFHP Pharmacy License Process**").

(b)    From the date of this Agreement until (i) the termination of this Agreement in accordance with Section 11.6 or (ii) the Closing Date, the Buyer shall use commercially reasonable efforts to, and act in good faith to negotiate and enter into a master services agreement (the "**Interim MSA**") between Buyer (or its designated Affiliates), Steward, SEMC, and Stewardship Buyer (if applicable),  on terms to be mutually agreed among SEMC, Steward, Stewardship Buyer (if applicable) and Buyer, pursuant to which: (i) the Buyer (or its designated Affiliates) will perform any and all obligations of SEMC under the BMI MSA for the benefit of BMI and Steward (including, without limitation, providing any licenses that are Purchased Assets hereunder and are required for Steward to continue operating the pharmacy services pursuant to the BMI MSA without interruption from and after the Closing) pursuant to the terms listed on Exhibit M (ii) the Interim MSA shall automatically terminate in accordance with its terms if the purchaser (the "**Stewardship Buyer**") of the Stewardship Business does not assume the BMI MSA and related assets; and (iii) the Interim MSA shall be freely assignable (at election of Steward and without consent from Buyer or its affiliates) from Steward to the Stewardship Buyer. Notwithstanding the foregoing, nothing in this Section 6.14(b) shall require or be interpreted to require Buyer to accept any terms of or enter into and execute any form off the Interim MSA.

(c)    "**Stewardship Business**" means the business of Stewardship Health Medical Group, Inc., a Massachusetts Chapter 180 corporation, Steward Health Care Network, Inc., a Delaware corporation, Stewardship Services, Inc., a Delaware corporation, Steward Medicaid Care Network, Inc., a Delaware corporation, and certain of their Affiliates relating to (i) the fee for service and value-based healthcare platform of consisting of and including an employed primary care and specialist physician and provider network operating across nine (9) states and (ii) their participation in a Uniformed Services Family Health Plan through a Contract with BMI.

(d)    Buyer acknowledges and agrees that (i) in the event of a breach of this Section 6.14 by Buyer, Seller's remedies at law for such breach would be inadequate and the damages that the Seller would sustain as a result of such breach would be difficult to ascertain with precision and (ii) without Section 6.14, the Seller would not enter into this Agreement.

(e)    For the purposes of this Section 6.14, the following terms have the following meaning:

(i)    "**BMI MSA**" means that certain Amended and Restated Management Services Agreement, by and among BMI, Caritas Christi, and Caritas St. Elizabeth's Medical Center of Boston, Inc., dated as of September 30, 2010, as amended by that certain Extended Agreement, by and among SHCS, SEMC, and BMI, dated as of October 1, 2013, as extended by that certain Second Extended Agreement, by and among SHCS, SEMC and BMI, dated as of July 1, 2016, as may be further amended, restated or otherwise modified from time to time.

(ii)      "**BMI**" means Brighton Marine Health Center, Inc.

(iii)     "**SEMC**" means Steward St. Elizabeth's Medical Center of Boston, Inc.

**6.15**      **Stewardship Buyer Meeting**. Seller shall arrange one or more meetings, which may be attended by Seller or Seller's designee, between Stewardship Buyer and Buyer, in order for Buyer and Stewardship Buyer to discuss potential go-forward commercial arrangements, including the BMI MSA and Seller shall reasonably cooperate with Buyer and Stewardship Buyer in connection with and participating in such meetings, provide prompt responses to reasonable information requests of Buyer and Stewardship Buyer, and not take any action or omission that would reasonably be expected to material impede Buyer's efforts; provided that the foregoing shall not unreasonably interfere with the Business, the Stewardship Business, the sale of the Stewardship Business or delay the Contemplated Transaction in any respect.

**6.16**      **RCAB Meeting**. Promptly following the date hereof, as Seller shall (a) facilitate an introduction to the RCAB and cooperate in good faith with Buyer in Buyer's efforts to reach a commercial arrangement with Buyer post-Closing and (b) be invited to attend any calls or meetings between RCAB and Buyer.

**6.17**      **Norwood**. To the extent such information is made available to the Sellers or Buyer, the Parties will coordinate and communicate with the Commonwealth of Massachusetts regarding any plans to reopen the Norwood Hospital. None of the Contemplated Transactions or Closing shall be conditioned upon any outcome of such discussions.

**6.18**      **Financing Cooperation**.

(a)      At Buyer's request, Seller shall, prior to the Closing, use commercially reasonable efforts to cooperate, and cause the Affiliates of Seller to use commercially reasonable efforts to cooperate, with Buyer in connection with any debt financing in connection with the Contemplated Transactions and the transactions contemplated by the MPT Purchase Agreement (the "**Debt Financing**"), as may be reasonably requested by Buyer, at Buyer's sole cost and expense (provided that such requested cooperation does not (i) unreasonably interfere with the ongoing operations of the Business, the sale transactions contemplated under the Bidding Procedures Order and/or the businesses of the Seller or any of its Affiliates, (ii) cause any covenant, representation or warranty in this Agreement to be breached or (iii) cause any condition in this Agreement to fail to be satisfied), including using commercially reasonable efforts to:

(i)      cause senior management (and any other pertinent employees reasonably requested by Buyer) of the Seller and/or the Business to participate at reasonable times in a reasonable number of meetings, drafting sessions, presentations, calls, road shows, and rating agency and due diligence sessions with the Buyer's prospective lenders, in each case, upon reasonable advance notice;

(ii)      as promptly as reasonably practicable, furnish Buyer and its Debt Financing Sources with financial and other pertinent information regarding the Business, the Purchased Assets and the Assumed Liabilities that are readily available in the ordinary course of business and consistent with past practice at the time and are reasonably requested by Buyer or the Debt Financing Sources for use in connection with the Debt Financing (including, for the avoidance of doubt, in connection with the due diligence investigation of the Debt Financing Sources) for use in connection with the Debt Financing; provided that, for the avoidance of doubt, neither Seller nor any of its Affiliates shall be required to provide, and Buyer shall be solely responsible for, (A) the preparation of pro forma financial information, including pro forma cost savings, synergies, capitalization or other pro forma adjustments desired to be incorporated into any pro forma financial information and (B) projections, risk factors or other forward-looking statements relating to all or any component of the Debt Financing;

(iii)     assist Buyer and its Debt Financing Sources in the preparation of documentation materials, including providing reasonable information and materials with respect to the Business, the Purchased Assets and the Assumed Liabilities that are readily available in the ordinary course of business and consistent with past practice at the time and are reasonably requested by the Buyer to be used in, appropriate and customary materials for a rating agency presentation, a bank information memorandum, and any lender presentation reasonably required in connection with the Debt Financing;

(iv)     (A) assist Buyer in the preparation of definitive financing documentation and the schedules and exhibits thereto (including collateral agreements or joinders thereto) with respect to the Business, the Purchased Assets and Assumed Liabilities and as otherwise may reasonably be requested by the Buyer or the Debt Financing Sources in connection with the Debt Financing, (B) facilitate the pledging and perfection of collateral with respect to the Purchased Assets, it being understood that such documents will not take effect until the Closing and no such pledge or grant of security interest with respect to the Purchased Assets shall be effective before the Closing, (C) obtain customary insurance certificates and endorsements and other customary documentation and items contemplated by the Debt Financing as reasonably requested by Buyer or any of its Debt Financing Sources, and (D) take customary corporate, limited liability company and other equivalent actions reasonably requested by Buyer, subject to the occurrence of the Closing, to permit the consummation of the Debt Financing; and

(v)     no later than four (4) Business Days prior to the Closing Date, deliver all documentation and other information required by regulatory authorities under applicable "know your customer" and anti-money laundering rules and regulations, including, without limitation, the PATRIOT Act, that, in each case, has been reasonably requested by Buyer in writing, at least nine (9) Business Days in advance of the Closing Date;

provided, in each case, that neither the Seller nor any of its Affiliates (other than, if applicable, Affiliates comprising the Business acquired by the Buyer at Closing, on or after Closing) shall be required to (A) incur or satisfy any Liability or obligation (including the payment of any fees) in connection with the Debt Financing, including under any agreement or document related to the Debt Financing (other than such incurrence by the Business on or after Closing), (B) execute or deliver any definitive financing documents, including any credit or other agreements, pledge or security documents, or other certificates, legal opinions or documents in connection with the Debt Financing or otherwise to commit to taking any action (including entering into such agreements and documents), (C) except as expressly provided herein, take any corporate or similar actions prior to Closing to permit the consummation of the Debt Financing, (D) take any action that could conflict with, violate or result in a breach of or termination right or default under any organizational documents of the Seller or any of its Affiliates, any Contract, any Transaction Documents or any Law, (E) take any action that could be reasonably likely to subject any director, manager, officer or employee of the Seller or any of its Affiliates to any actual or potential personal liability that is not indemnified hereunder, (F) cause any director, manager or similar authority of the Seller or any of its Affiliates to pass resolutions or consents to approve or authorize the execution of the Debt Financing that is not contingent upon the Closing, (G) reimburse any expenses or provide any indemnities to the Debt Financing Sources under the definitive documentation for the Debt Financing (other than such reimbursement or indemnification by the Business on or after Closing), (H) make any representation, warranty or certification that, in the good faith determination of the Seller, is not true at the time, (I) provide access to or disclose information that the Seller determine in good faith could jeopardize any attorney-client privilege of, or conflict with any confidentiality requirements applicable to, the Seller and any of its Affiliates, (J) provide any cooperation or information that does not pertain to the Seller, its Affiliates, the Business, the Purchased Assets or the Assumed Liabilities, (K) deliver any financial or other information that is not currently prepared or readily available in the ordinary course of business at the time requested, and (L) have any obligations under this Section following the consummation of the Contemplated Transaction.  Seller hereby consents to the use of the Business' logos in connection with the Debt Financing;

61

provided, that such logos are used solely in a manner that is not intended to, or reasonably likely to, harm or disparage the Seller or any of its Affiliates or the reputation or goodwill of the Seller, any of its Affiliates, the Business and their respective marks.

(b)     Buyer shall indemnify and hold harmless the Seller, its Affiliates and their respective Representatives from and against any and all liabilities, losses, damages, claims, costs, expenses, interest, awards, judgments and penalties suffered or incurred by them in connection with the performance of their respective obligations under Section 6.21(a) and any information utilized in connection therewith, except to the extent such losses or damages arise out of or result from, in connection with the arrangement of Debt Financing, (x) willful misconduct or gross negligence or (y) Fraud, by the Seller or any of its Affiliates, or any of their respective Representatives, in each case of (x) and (y), as determined in a final, non-appealable judgment of a court of competent jurisdiction. Buyer shall, promptly upon written request by the Seller or its Affiliates, reimburse the Seller for all reasonable and documented out-of-pocket costs and expenses incurred by the Seller or any of its Affiliates or their respective Representatives in connection with the cooperation required by Section 6.21(a); provided, that the Buyer shall not be responsible for any ordinary course amounts (including, without limitation, amounts payable to existing Representatives of or accountants, consultants, legal counsel or other agents with respect to services provided to the Seller or its Affiliates or their respective Representatives, as applicable, prior to the Closing Date) that would have been incurred regardless of any cooperation under Section 6.21(a).

**6.19**     **Employee Leasing and Service Agreements**. Upon the request of Buyer, the Parties will work in good faith to negotiate a form of one or more employee leaseback agreements and professional services agreements with respect to the Facilities, certain Transferred Employee, certain Physicians and/or certain other employees of the Seller Parties (*e.g.*, NPs, PAs, CNRAs).

**7.     CONDITIONS PRECEDENT TO OBLIGATIONS OF BUYER**

The obligations of Buyer to consummate the Contemplated Transactions and to perform its obligations in connection with the Closing are subject to the satisfaction, at or prior to the Closing, of each of the following conditions unless waived in writing by Buyer:

**7.1**     **Representations and Warranties**.

(a)     Each of the representations and warranties of Seller contained in this Agreement (other than the Seller Fundamental Representations) shall be true and correct in all respects (without giving duplicative effect to any limitation or qualification as to Material Adverse Effect, materiality or similar phrases set forth therein) on and as of the date of this Agreement and on and as of the Closing Date (except to the extent that such representations and warranties address matters as of particular dates, in which case, such representations and warranties shall be true and correct in all material respects on and as of such dates), except (for all purposes of this Section 7.1) where the failure of such representations and warranties to be true and correct would not, individually or in the aggregate, have a Material Adverse Effect.

(b)     The Seller Fundamental Representations shall be true and correct in all respects (other than *de minimis* inaccuracies therein) as of the date of this Agreement and as of the Closing Date (except to the extent that such representations and warranties address matters as of particular dates, in which case, such representations and warranties shall be true and correct (other than *de minimis* inaccuracies therein) on and as of such dates).

**7.2**     **Performance**.  Seller shall have performed and complied with, in each case in all material respects, all covenants contained in this Agreement that are required to be performed or complied with by Seller at or prior to the Closing.

62

**7.3** **Pre-Closing Confirmations.** (a) The Parties shall have obtained from the applicable Governmental Authorities, the Approvals set forth on Schedule 7.3(a) effective as of the Effective Time, (b) if an appropriate filing of the Notification and Report Forms relating to the Contemplated Transactions is required by the HSR Act, any applicable waiting period (and any extension thereof) under the HSR Act applicable to the Contemplated Transactions shall have expired or been terminated, and (c) the HPC shall have completed its review of the Contemplated Transactions.

**7.4** **No Restraints.** No Governmental Authority shall have issued an Order that is then in effect restraining or prohibiting the consummation of the Contemplated Transactions.

**7.5** **Closing Documents.** Seller shall have executed and delivered to Buyer all of the items required to be delivered by Seller as contemplated by Section 2.2.

**7.6** **Sale Order.** The Bankruptcy Court shall have entered the Sale Order, substantially in the form attached hereto as Exhibit O or otherwise in form and substance reasonably acceptable to Buyer and Seller, and such Sale Order shall not be subject to any stay and shall not have been amended (without Buyer's consent) or vacated after entry of such Sale Order.

**7.7** **Schedules.** The provisions of the Schedules, and any writing provided to Buyer pursuant to Section 3.11(a), Section 3.11(b), Section 3.11(d) or Section 3.14, that are updated by Seller after the date of this Agreement pursuant to Section 13.17, the substance of which update would reasonably be expected to have a Material Adverse Effect, shall be acceptable to Buyer as determined in Buyer's reasonable discretion. Notwithstanding the foregoing or anything to the contrary contained in this Agreement, no such update pursuant to Section 13.17 shall be effective or taken into consideration with respect to the conditions to Closing set forth in Section 7.1(b).

**7.8** **Funding Support.** Buyer will have received satisfactory funding support from the Commonwealth of Massachusetts to ensure sustained community access and relevant healthcare services at the Facilities.

**7.9** **Third Party Financing.** To the extent necessary, Buyer will have received satisfactory third party financing.

**7.10** **MPT Real Property.** (a) The MPT Purchase Agreement shall be in full force and effect, all closing conditions thereunder shall have been satisfied or waived, and the transactions contemplated under such agreement shall be consummated concurrently with the Closing and (b) solely with respect to the St. Elizabeth's Medical Center Facility, MPT (or its applicable creditors), the Commonwealth of Massachusetts, and Buyer shall have reached satisfactory arrangements (which may include consensual agreement to taking by eminent domain) pursuant to which Buyer shall receive at Closing either (1) good and marketable title subject to only such Encumbrances as are reasonably acceptable to Buyer to the properties relating to St. Elizabeth's Medical Center or (2) such other arrangements the Commonwealth and Buyer, in form and manner reasonably satisfactory to Buyer, relating to St. Elizabeth's Medical Center and allowing Buyer to legally operate the Facilities located on such properties; provided that:

(i)     such arrangements shall include that neither MPT nor its creditors/designee shall challenge the ability of the Commonwealth of Massachusetts to seize St. Elizabeth's Medical Center by eminent domain;

(ii)    such arrangements shall not preclude the Commonwealth of Massachusetts, MPT, and/or its designee from challenging the appropriate level of compensation

for the properties relating to St. Elizabeth's Medical Center, as to which MPT (or its applicable creditors) and the Commonwealth of Massachusetts may reserve all rights;

(iii)     such arrangements shall permit the Commonwealth of Massachusetts to convey the properties relating to St Elizabeth's Medical Center to Buyer or its Affiliate;

(iv)     such arrangements shall be documented in the Sale Order; and

(v)     other than such purchase price, if any, that Buyer or its Affiliate may agree to pay the Commonwealth of Massachusetts to acquire the properties relating to St Elizabeth's Medical Center, Buyer shall not be responsible for any payment to any Person for such properties, either at the Closing or upon any resolution of any dispute as to potential compensation for properties relating to St. Elizabeth's Medical Center.

**7.11     Due Diligence.** Buyer shall have completed to its satisfaction (including with respect to the results thereof), as determined in its reasonable discretion, its due diligence investigation of those certain items with respect to the Facilities as specifically set forth on <u>Schedule 7.11</u>. If Buyer is not so satisfied and elects not to proceed with the Closing as a result thereof, Buyer shall have the right, exercisable in its reasonable discretion, to terminate this Agreement and elect not to proceed with the Contemplated Transactions by providing written notice to Seller.

**7.12**



**7.13     Tail Coverage.** The Tail Insurance Coverage shall be in effect prior to or as of the Closing.

**7.14     Transition Services Agreement.** Buyer and Seller shall have entered into the Transition Services Agreement.

**7.15     RCAB.** Buyer shall have reached reasonably satisfactory agreements with RCAB with respect to the matters set forth on <u>Schedule 7.15</u>.

**7.16     Modifications of Assumed CBAs.** The Assumed CBAs shall have been amended to eliminate inapplicable references to "Steward Health", provisions that apply to Seller's facilities, operations, and businesses other than the Purchased Assets, and other inapplicable terms.

**7.17     Dismissal of DOJ Action.** The DOJ Action shall have been dismissed with prejudice.

**8.     CONDITIONS PRECEDENT TO OBLIGATIONS OF SELLER.**

The obligation of Seller to consummate the Contemplated Transactions and to perform its obligations in connection with the Closing are subject to the satisfaction, at or prior to the Closing, of each of the following conditions unless waived in writing by Seller:

**8.1     Representations and Warranties.** Each of the representations and warranties of Buyer contained in this Agreement shall be true and correct in all respects (without giving duplicative effect to

any limitation or qualification as to Buyer Material Adverse Effect, materiality or similar phrases set forth therein) on and as of the date of this Agreement and on and as of the Closing Date (except to the extent that such representations and warranties address matters as of particular dates, in which case, such representations and warranties shall be true and correct in all material respects on and as of such dates), except (for all purposes of this Section 8.1) where the failure of such representations and warranties to be true and correct would not, individually or in the aggregate, have a Buyer Material Adverse Effect.

**8.2**    **Performance**.  Buyer shall have performed and complied with, in each case in all material respects, all covenants contained in this Agreement that are required to be performed or complied with by Buyer at or prior to the Closing.

**8.3**    **No Restraints**.  No Governmental Authority shall have issued an Order that is then in effect restraining or prohibiting the consummation of the Contemplated Transactions.

**8.4**    **Pre-Closing Confirmations**.  (a) The Parties shall have obtained from the applicable Governmental Authorities, the Approvals set forth on Schedule 7.3(a) effective as of the Effective Time and (b) if an appropriate filing of the Notification and Report Forms relating to the Contemplated Transactions is required by the HSR Act, any applicable waiting period (and any extension thereof) under the HSR Act applicable to the Contemplated Transactions shall have expired or been terminated.

**8.5**    **Closing Documents**.  Buyer shall have executed and delivered to Seller all of the items required to be delivered by Buyer as contemplated by Section 2.3.

**8.6**    **Adverse Change**.  Buyer shall not (a) be in receivership or dissolution, (b) have made any assignment for the benefit of creditors, (c) have admitted in writing its inability to pay its debts as they mature, (d) have been adjudicated bankrupt or (e) have filed a petition in voluntary bankruptcy, a petition or answer seeking reorganization, or an arrangement with creditors under the federal bankruptcy Law or any other similar Law.

**8.7**    **MPT Real Property**. The MPT Purchase Agreement shall be in full force and effect, all closing conditions thereunder shall have been satisfied or waived, and the transactions contemplated under such agreement shall be consummated concurrently with the Closing.

**8.8**    **Sale Order**.  The Bankruptcy Court shall have entered the Sale Order and such Sale Order shall not be subject to any stay.

**8.9**    **Sufficiency of Cash Proceeds**.  The Estimated Purchase Price to be paid to, or on behalf of, Sellers on the Closing Date, shall be either (a) equal to or greater than the Seller Transaction Expenses or (b) if the Seller Transaction Expenses are greater than the Estimated Purchase Price paid to Sellers at Closing, Sellers have received sufficient funds from Sellers' lenders or other third-party(ies) at Closing to pay the remainder of such Seller Transaction Expenses.

**9.**    **BANKRUPTCY PROVISIONS.**

**9.1**    **Competing Transaction**. This Agreement is subject to approval by the Bankruptcy Court and the consideration by Seller of higher or better competing bids in respect of all or any part of the Purchased Assets (each, a "**Competing Bid**"), as determined in Seller's sole and exclusive discretion. From the date hereof and until the Auction is closed, Seller and the Seller Affiliates are permitted to and to cause its Representatives and Affiliates to, initiate contact with, solicit or encourage submission of any inquiries, proposals or offers by, any Person (in addition to Buyer and its Affiliates and Representatives) in connection with a Competing Bid.  In addition, Seller and the Seller Affiliates shall have the responsibility and

65

obligation to respond to any inquiries or offers for a Competing Bid and perform any and all other acts related thereto which are required under the Bankruptcy Code, the Bidding Procedures Order or other applicable Law, including supplying information relating to the Business, the Purchased Assets to prospective purchasers.

**9.2     Bankruptcy Court Filings**.

(a)     Buyer agrees that it will promptly take such actions as are reasonably requested by Seller to assist in obtaining entry of the Sale Order, and a finding of adequate assurance of future performance by Buyer in accordance with the Bidding Procedures Order, including furnishing affidavits or other documents or information for filing with the Bankruptcy Court for the purposes, among others, of providing necessary assurances of performance by Buyer under this Agreement and demonstrating that Buyer is a "good faith" purchaser under Section 363(m) of the Bankruptcy Code.  Buyer shall not, without the prior written consent of Seller, file, join in, or otherwise support in any manner whatsoever any motion or other pleading relating to the sale of the Purchased Assets.  In the event the entry of the Sale Order or the Bidding Procedures Order shall be appealed, Seller and Buyer shall use their respective commercially reasonable efforts to defend such appeal.

(b)     At Seller's election and with prior written consent of Buyer, which shall not be unreasonably withheld, notwithstanding anything to the contrary set forth in the form of Sale Order attached as Exhibit O hereto, the Sale Order shall provide either (i) that the Government Program provider agreements are statutory entitlement assets that are sold free and clear of all claims and Encumbrances, and Buyer will not be subject to successor liability or similar liability for any claims, defenses, rights of recoupment, or causes of action of any kind or character against Sellers, Sellers' estate, or otherwise, whether known or unknown, including without limitation any successor liability or similar liability with respect to NPIs and provider numbers under the Government Programs (i.e., Medicare, Medicaid) issued to and held by any Seller and the Facilities, unless expressly assumed as an Assumed Liability pursuant to this Agreement or (ii) if agreed to by the applicable Governmental Authority, that the Government Program provider agreements can be transferred to the Buyer, subject to a payment to the applicable Governmental Authority, in an amount agreed to among the Seller, Buyer, and applicable Governmental Authority, and the payment of which shall be in exchange for the full satisfaction, discharge, and release of Buyer of all claims and liabilities, whether known or unknown, that the applicable Governmental Authority has or may have against Buyer (including against Buyer as a successor to Sellers or otherwise against Buyer on Sellers' behalf) relating to the Government Program provider agreements arising on or before the Closing Date.

**9.3     Back-up Bidder**.  Seller and Buyer agree that, in the event that Buyer is not the winning bidder at the auction for the Purchased Assets undertaken pursuant to the Bidding Procedures Order (the "**Auction**"), if and only if (a) Buyer submits the second highest or second best bid at the Auction and is named the "Back-Up Bidder" at the Auction, in each case, as determined by Seller, and (b) Seller gives notice to Buyer on or before the Back-up Termination Date, stating that Seller and Seller Affiliates (i) failed to consummate the sale with the winning bidder, and (ii) has terminated the definitive agreement with the winning bidder, Buyer shall promptly consummate the Contemplated Transaction upon the terms and conditions as set forth herein, including the Purchase Price, as the same may be increased by Buyer at the Auction.

# 10.     SPECIFIC PERFORMANCE.

(a)     The Parties agree that irreparable damage would occur in the event that any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached.  Accordingly, each Party agrees that, in the event of any breach or threatened breach by any other Party of any covenant or obligation contained in this Agreement, the non-breaching Party shall be entitled

DM_US 206621161-22.087956.0295

(in addition to any other equitable remedy that may be available to it) to obtain, without proof of actual damages, (i) a decree or other Order of specific performance to enforce the observance and performance of such covenant or obligation, and (ii) an injunction restraining such breach or threatened breach.

(b)    Each Party acknowledges and agrees that (i) it will not oppose any equitable relief or equitable remedy referred to in this <u>Section 10</u> on the grounds that any other remedy is available at law or in equity, and (ii) no Party will be required to obtain, furnish or post any bond or similar instrument in connection with or as a condition to obtaining any equitable relief or equitable remedy referred to in this <u>Section 10</u> (and it hereby irrevocably waives any right it may have to require the obtaining, furnishing or posting of any such bond or similar instrument).

## 11.    TAX MATTERS.

**11.1    <u>Allocation of Purchase Price</u>**.  The Parties agree that Seller and Buyer shall negotiate in good faith to agree upon an allocation ("**Allocation**") of an amount totaling the sum of the (a) Purchase Price, (b) Assumed Liabilities and (c) all other capitalized costs under this Agreement, among the Purchased Assets, in accordance with Section 1060 of the Code and the Treasury Regulations thereunder (and any other relevant provisions of the Code or any similar provisions of state or local Law, as appropriate).  If Buyer and Seller cannot agree, then they shall each be entitled to adopt their own positions.  If Buyer and Seller agree on a final Allocation, Buyer and Seller shall report and file all Tax Returns (including IRS Form 8594) in all respects and for all purposes consistent with such Allocation; <u>provided</u>, <u>however</u>, that neither Party shall be unreasonably impeded in its ability and discretion to negotiate, compromise or settle any Tax audit, claim or similar Proceedings in connection with such Allocation.

**11.2    <u>Tax Returns</u>**.

(a)    Seller shall prepare and file or cause to be prepared and filed on a timely basis all Tax Returns required to be filed with respect to the Purchased Assets and the Business, for all taxable periods ending on or prior to the Closing Date.  Seller shall deliver or cause to be delivered a copy of such Tax Returns prepared by Seller that are filed after the Effective Time to Buyer prior to the due date for filing of any such Tax Return for Buyer's review and comment.  For the avoidance of doubt, Seller or any Seller Affiliate (i) shall have sole control over the preparation and filing of, and Buyer shall not be entitled to review and comment on, any income Tax Returns of Seller or any Seller Affiliate and any Group Tax Returns, in each case for any taxable period (or portion thereof), and (ii) shall be entitled to all refunds, rebates or other recoveries with respect to Taxes in relation to any Group Tax Return.

(b)    Buyer shall prepare and file or cause to be prepared and filed on a timely basis all non-income Tax Returns required to be filed with respect to the Purchased Assets and the Business, for all taxable periods beginning prior to the Closing Date and ending after the Closing Date (a "**Straddle Period**").  Buyer shall prepare all such non-income Tax Returns in a manner consistent with Seller's past practices, including reporting positions, elections, and accounting methods, except as otherwise required by a change in applicable Law after the date of this Agreement. Buyer shall deliver or cause to be delivered a copy of such non-income Tax Returns prepared by Buyer at least thirty (30) days prior to the due date of any such non-income Tax Return for Seller's review and shall not file such non-income Tax Returns without Seller's written approval.  Buyer shall be responsible for and shall pay any Taxes arising or resulting from or in connection with the ownership of the Purchased Assets and operation of the Business for all taxable periods (or portions thereof) commencing as of or after the Effective Time.  Neither Seller nor Buyer shall consent, without the prior written consent of the other Party, to any change in the treatment of any item with respect to the Purchased Assets or the Business that would affect any Tax Liability for which the other Party is responsible. The Parties shall cooperate to apportion any Taxes with respect to the Purchased Assets or the Business for any Straddle Periods (including by providing reasonable supporting documentation with

respect to such amounts). Any disputes between the Parties under this <u>Section 11.2</u> will be resolved by the Accounting Firm in accordance with procedures similar to those set forth in <u>Section 1.9(c)</u> and <u>(d)</u>.

(c)    In order to apportion appropriately any Taxes relating to a Straddle Period, the Parties shall, to the extent required or permitted under applicable Laws, treat the day in which the Effective Time occurs as the last day of the taxable year or period for all Tax purposes.  With respect to Taxes for a Straddle Period, the portion of any Taxes that are allocable to the portion of the Straddle Period ending on the day in which the Effective Time occurs shall be: (i) in the case of Taxes that are imposed on a periodic basis, deemed to be the amount of such Taxes for the entire period, <u>multiplied by</u> a fraction the numerator of which is the number of days in the Straddle Period ending on (and including) the day in which the Effective Time occurs and the denominator of which is the number of days in the entire relevant Straddle Period; and (ii) in the case of Taxes not described in (i) (such as (A) Taxes that are based upon or measured by income or receipts or imposed in connection with any sale or other transfer or assignment of property (real or personal, tangible or intangible) and (B) payroll and similar Taxes), deemed equal to the amount that would be payable if the taxable year or period ended on the day in which the Effective Time occurs.

(d)    To the maximum extent permitted by applicable Law, all deductions relating to, arising as a result of, or in connection with the Contemplated Transactions shall be claimed as deductions in Pre-Closing Tax Periods on the U.S. federal (and applicable state and local) income Tax Returns of Seller (or Seller Affiliate), as applicable.

**11.3**    <u>Cooperation</u>.  Following the Closing, each Party shall cooperate with the other Party in connection with the preparation of any Tax Returns, the defense of any Proceeding related to Taxes, or any other matters with respect to Taxes, and shall make available to the other Party, as reasonably requested, all information, records or documents relating to Taxes with respect to the Purchased Assets or the Business for all periods, and shall preserve or cause to be preserved all such information, records and documents at least until the expiration of any applicable statute of limitations or extensions thereof.

**11.4**    <u>Tax Proceedings</u>.  After the Effective Time, with respect to any Proceeding relating to Taxes for any taxable period (or portion thereof) with respect to the Purchased Assets or the Business, for which Seller or any Seller Affiliate could be liable under applicable Law or under this Agreement (collectively, a "**Tax Proceeding**"), Buyer shall promptly inform Seller of such Tax Proceeding and such Tax Proceeding shall be controlled by Seller at Seller's expense. To the extent that such Tax Proceeding could adversely affect Buyer, Seller (a) shall keep Buyer reasonably informed regarding any material developments in such Tax Proceeding and (b) shall not consent to the entry of any judgment or enter into any settlement of such Tax Proceeding without the prior written consent of Buyer, which shall not be unreasonably withheld, conditioned or delayed. If Seller assumes such defense, Buyer will have the right (but not the duty) to participate in the defense thereof and to employ counsel, at its own expense, separate from the counsel employed by Seller.  Seller will be liable for the fees and expenses of counsel employed by Buyer for any period during which Seller has not assumed the defense thereof.  Whether or not Seller chooses to defend or prosecute any claim, all of the Parties shall cooperate in the defense or prosecution thereof.

**11.5**    <u>Transfer Taxes</u>.  All Transfer Taxes incurred in connection with the Contemplated Transactions shall be paid by Seller and Buyer in accordance with <u>Section 13.8</u> when due, and all necessary Tax Returns and other documentation with respect to such Transfer Taxes shall be prepared and filed by the Party required under applicable Law to file such Tax Returns, at its own expense, after providing the other Party with reasonable opportunity to review and comment on such Tax Returns or other filings.

**11.6**    <u>Apportionment of Taxes</u>.  All real property Taxes, personal property Taxes, and any other similar Taxes or obligations (but excluding, for the avoidance of doubt, any Transfer Taxes) levied with

respect to the Purchased Assets for a taxable period that includes (but does not end on) the Closing Date (collectively, the "**Apportioned Taxes**") will be apportioned between Seller, on the one hand, and Buyer, on the other hand, based on: (a) in the case of Seller, the number of days in the taxable period on and prior to the Closing Date and (b) in the case of Buyer, the number of days in the taxable period after the Closing Date.  The amount of all Apportioned Taxes and the costs related to the filing of all applicable filings, reports and returns with respect to the Apportioned Taxes shall be estimated and prorated at the Closing, and Seller shall timely pay (or cause to be timely paid) all Apportioned Taxes and related costs that are due and payable prior to Closing and timely file (or cause to be timely filed) all applicable filings, reports and returns with respect to such Apportioned Taxes as provided by applicable Law that are due prior to Closing. Buyer shall timely pay (or cause to be timely paid) all Apportioned Taxes and related costs that are not paid prior to Closing and timely file (or cause to be timely filed) all applicable filings, reports and returns with respect to such Apportioned Taxes as provided by applicable Law that have not been filed prior to Closing.

    11.7    **Post-Closing Actions**. Except with the prior written consent of Seller, not to be unreasonably withheld, conditioned or delayed, Buyer will not, and will cause Buyer's Affiliates not to, file any Tax Return or make any election with respect to Taxes that would affect a Pre-Closing Tax Period.

12.    **TERMINATION.**

    12.1    **Termination**.    Notwithstanding anything to the contrary in this Agreement, this Agreement may be terminated and the Contemplated Transactions may be abandoned at any time prior to the Closing as follows:

        (a)    by mutual written consent of Buyer and Seller;

        (b)    by either Buyer or Seller upon delivery of written notice to the other if the Closing has not occurred on or before 5:00 p.m., Central Time, on September 30, 2024 (the "**End Date**");

        (c)    by Buyer upon delivery of written notice to Seller, if there has been a breach of any representation, warranty, covenant or agreement made by Seller in this Agreement or in any other Transaction Document, which breach (i) would give rise to the failure of a condition set forth in Section 7 to be satisfied and (ii) either (A) cannot be cured by the End Date, or (B) if capable of being cured, shall not have been cured by the earlier of (1) thirty (30) days following receipt of written notice from Buyer of such breach or (2) the date that is three (3) days prior to the End Date;

        (d)    by Seller upon delivery of written notice to Buyer, if there has been a breach of any representation, warranty, covenant or agreement made by Buyer in this Agreement or in any other Transaction Document, which breach (i) would give rise to the failure of a condition set forth in Section 8 to be satisfied and (ii) either (A) cannot be cured prior to the End Date, or (B) if capable of being cured, shall not have been cured by the earlier of (1) thirty (30) days following receipt of written notice from Seller of such breach or (2) the date that is three (3) days prior to the End Date;

        (e)    by Seller or Buyer, if Buyer is not named either the "winning bidder" or the "Back-Up Bidder" at the Auction;

        (f)    by Seller or Buyer, in each case, upon the following occurring: (i) Seller enters into a definitive agreement with respect to a Competing Bid or (ii) the Bankruptcy Court enters an Order approving a Competing Bid, in either case of (i) or (ii), other than with the "winning bidder" or "Back-Up Bidder" at the Auction;

69

(g)      by Seller if the board of directors (or other equivalent governing body) of Seller determines in good faith after consultation with outside counsel that its continued performance under this Agreement or any other Transaction Document would be inconsistent with its fiduciary duties under applicable Law;

(h)      by either Buyer or Seller upon delivery of written notice to the other if any Governmental Authority shall have issued or entered any Order or enacted any Law that, in any such case, permanently restrains, enjoins or otherwise prohibits the consummation of all or any of the Contemplated Transactions;

(i)      by Seller or Buyer upon the termination of any of the MPT Purchase Agreement;

(j)      by Seller upon delivery of written notice to Buyer, if (i) the conditions set forth in Section 7 have been satisfied (other than those conditions that by their terms are to be satisfied at Closing, provided that each of which is capable of being satisfied if the Closing were to occur at such time), (ii) Seller is willing and prepared to complete the Closing, (iii) Seller provides notice to Buyer confirming each of (i) and (ii) and confirming that Seller will consummate the Closing and will terminate this Agreement if Buyer fails to do so, and (iv) Buyer does not complete the Closing within three (3) Business Days following such notice; or

(k)      by Seller upon delivery of written notice to Buyer from and after 5:00 p.m. Central Time on August 31, 2024 or any such later date, if Seller does not have, and has not obtained, sufficient funding from a third party to continue operating the Business.

**12.2      Effect of Termination.**

(a)      In the event of any termination of this Agreement by either Buyer or Seller as provided in Section 12.1, this Agreement shall forthwith become void, and there shall be no Liability on the part of any Party or any of its Affiliates to any other Person resulting from, arising out of, relating to, or in connection with this Agreement or any other Transaction Document, except that (i) nothing in this Agreement or any other Transaction Document will relieve any Party from any willful and intentional breach of this Agreement prior to such termination or for Fraud, and (ii)  Section 5.11 (*Confidentiality*), this Section 12.2 (*Effect of Termination*), and Section 13 (*General*) shall survive any termination of this Agreement and each Party shall be entitled to all remedies available at law or in equity (including specific performance) in connection with any past or future breach of any such provision.

(b)      In the event of a termination of this Agreement pursuant to this Section 11.6, notwithstanding anything in this Agreement or in any other Transaction Document to the contrary, (i) except in the event of Fraud, the maximum aggregate Liability of Seller under this Agreement shall not exceed an aggregate amount equal to One Dollar ($1.00); and (ii) in no event shall any Party have any Liability under this Agreement (including under this Section 11.6) for any consequential, special, incidental, indirect, multiplied, exemplary or punitive damages, lost profits or similar items (including loss of revenue, income or profits, diminution of value or loss of business reputation or opportunity relating to a breach or alleged breach of this Agreement); provided that such limitation set forth in subsection (ii) of this Section 12.2(b) shall not limit any Party's right to recover contract damages in connection with or resulting from such Party's failure to close the Contemplated Transactions in breach or violation of this Agreement.

**13.      GENERAL.**

**13.1      Notice.**  Any notice, demand or other communication required, permitted or desired to be given hereunder must be in writing and shall be deemed effectively given (a) when personally delivered,

(b) one (1) Business Day after being sent by the addressee if sent by a nationally recognized overnight courier, (c) on the date transmitted via electronic mail with a delivery receipt requested, if sent on a Business Day between 9:00 AM and 9:00 PM in the time zone of the recipient, or if sent outside of such hours, on the next Business Day at 9:00 AM in the time zone of the recipient, or (d) on the fifth (5th) day after being deposited in the United States mail, with postage prepaid thereon, certified or registered mail, return receipt requested, in each case, addressed to the intended recipient as follows:

If to Seller:

c/o Steward Health Care System LLC
1900 N Pearl St #2400
Dallas, Texas 75201
Attention:  Jeffrey Morales
Email: Jeffrey.Morales@steward.org;

With simultaneous copy (which shall not constitute notice) to:

McDermott Will & Emery LLP
200 Clarendon Street, Floor 58
Boston, MA 02116
Attention: Charles Buck
Email: cbuck@mwe.com

and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attention: Ray C. Schrock,
Candace M. Arthur,
David J. Cohen, Mariel E. Cruz
Email: ray.schrock@weil.com;
candace.arthur@weil.com;
davidj.cohen@weil.com;
mariel.cruz@weil.com

If to Buyer:

BMC Community Hospital Corporation
One Boston Medical Center Pl
Boston, MA 02118
Attention:      Jesse Souweine
Email:          jesse.souweine@bmc.org

With simultaneous copy (which shall not constitute notice to Buyer) to:

BMC Community Hospital Corporation
One Boston Medical Center Place
Boston, MA 02118
Attention:      David Beck
Email:          david.beck@bmc.org

Kirkland & Ellis LLP
333 W Wolf Point Plaza
Chicago, IL 60654

71

<div align="right">

Attention: Ross M. Kwasteniet, P.C.
Dan Latona
Steve Toth
Spencer Topham

Email:  rkwasteniet@kirkland.com;
dan.latona@kirkland.com
steve.toth@kirkland.com
spencer.topham@kirkland.com

</div>

or to such other address, and to the attention of such other Person or officer as any Party may designate.

**13.2**     **Choice of Law; Venue**.

(a)     The Parties agree that all disagreements, disputes or claims arising out of or relating to this Agreement or the Contemplated Transactions, including matters of validity, construction, effect, enforceability, performance and remedies, and with respect to the statute of limitations or any other applicable limitations period, shall be governed by and construed in accordance with the applicable Laws of the State of Delaware without giving effect to any choice or conflicts of law provision or rule thereof that would result in the application of the applicable Laws of any other jurisdiction other than the applicable Laws of the United States of America, where applicable, except to the extent that the Laws of the State of Delaware are superseded by the Bankruptcy Code.

(b)     Without limiting any Party's right to appeal any Order of the Bankruptcy Court, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any Claim (as defined below) which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the Contemplated Transactions, and (ii) any and all Proceedings related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the Parties hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court and shall receive notices at such locations as indicated in Section 13.1; provided, however, upon the closing of the Chapter 11 Cases or if the Bankruptcy Court decides it does not have jurisdiction, the Parties agree to unconditionally and hereby irrevocably submit to the exclusive jurisdiction of the Court of Chancery of the State of Delaware sitting in Wilmington, Delaware (or if such court declines to exercise such jurisdiction in any appropriate state or federal court in the State of Delaware sitting in Wilmington, Delaware) over any Proceeding of any kind whatsoever, including a counterclaim, cross-claim, or defense, regardless of the legal theory under which any Liability or obligation may be sought to be imposed, whether sounding in contract or in tort or under statute, or whether at law or in equity, or otherwise under any legal or equitable theory, that may be based upon, arising out of, or related to this Agreement or the negotiation, execution, or performance of this Agreement or the Contemplated Transactions and any questions concerning the construction, interpretation, validity and enforceability of this Agreement (a "**Claim**"), and the Parties hereto hereby irrevocably agree that all Claims shall be heard and determined in such court. The Parties hereby irrevocably waive, to the fullest extent permitted by applicable Law, any objection that they may now or hereafter have to the laying of venue of any such dispute brought in such court or any defense of inconvenient forum for the maintenance of such dispute. The Parties hereto agree that a final judgment with respect to any such Claim shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by applicable Law.

**13.3**     **Benefit; Assignment; Delegation**.

(a)     Subject to provisions herein to the contrary, this Agreement shall inure to the benefit of and be binding upon the Parties and their respective legal representatives, successors and permitted assigns and delegates. No Party may assign any of its rights hereunder or delegate any of its

<div align="center">72</div>

duties hereunder without the prior written consent of the other Parties; provided, however, that Buyer and Seller, without the prior consent of the other Parties, may assign any of their respective rights hereunder or delegate any of its duties hereunder to such Party's Affiliates (as applicable), or, for collateral security purposes, to Persons providing financing to such Party or its Affiliates, but in such event, each such Party shall be required to remain obligated hereunder in the same manner as if such assignment or delegation had not been effected.

(b) At any time prior to the Closing, notwithstanding Section 13.3(a), Buyer will be entitled to designate, by written notice to Seller, one or more Affiliates to (i) purchase all or any portion of the Purchased Assets (including specified Assumed Contracts) and pay the corresponding Purchase Price amount, as applicable, or (ii) assume all or any portion of the Assumed Liabilities (any such Person, a "**Designated Buyer**"); provided that the Buyer will remain obligated for the obligations set forth in the preceding clauses (i) and (ii) until satisfied by the Designated Buyer. In addition, and for the avoidance of doubt, a Designated Buyer shall be entitled to employ any of the Transferred Employees on and after the Closing Date and to perform any other covenants or agreements of Buyer under this Agreement.

**13.4**   **Waiver of Jury Trial**.  EACH OF THE PARTIES HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE CONTEMPLATED TRANSACTIONS.

**13.5**   **Legal Advice and Reliance**.  Except as expressly provided in this Agreement, none of the Parties (nor any of the Parties' respective Representatives) has made or is making any representations to any other Party (or to any other Party's Representatives) concerning the consequences of the Contemplated Transactions under applicable Laws, including Tax-related Laws or under the Laws governing the Government Programs.  Except for the representations and warranties made in this Agreement, each Party has relied solely upon the Tax, Government Program and other advice of its own Representatives engaged by such Party and not on any such advice provided by any other Party.

**13.6**   **No Survival**.  Except (i) as set forth in Section 11.1 and Section 12.2 and (ii) for any covenant or agreement that by its terms is to be performed (in whole or in part) by any Party following the Closing (which covenants and agreements shall survive the Effective Time in accordance with their terms), none of the representations, warranties, covenants or agreements of any Party set forth in this Agreement or in any certificate delivered pursuant to Section 2.2(h) or Section 2.3(i) shall survive the Closing, and each of the same shall terminate and be of no further force or effect as of, the Effective Time. Nothing in this Section 13.6 will be deemed to limit any rights or remedies available to any Party for breach of any such surviving covenant or agreement.

**13.7**   **Reproduction of Documents**.  This Agreement and the other Transaction Documents, including (a) consents, waivers and modifications which may hereafter be executed, (b) the documents delivered at the Closing, and (c) financial statements, certificates and other information previously or hereafter furnished to Seller or to Buyer, may, subject to the provisions of Section 5.11 and Section 6.3(a), be reproduced by Seller and by Buyer by any photographic, photostatic, microfilm, micro-card, miniature photographic or other similar process, and Seller and Buyer may destroy any original documents so reproduced.  Seller and Buyer agree and stipulate that any such reproduction shall be admissible in evidence as the original itself in any judicial, arbitral or administrative Proceeding (whether or not the original is in existence and whether or not such reproduction was made by Seller or Buyer in the regular course of business) and that any enlargement, facsimile or further reproduction of such reproduction shall likewise be admissible in evidence.

**13.8**   **Cost of Transaction; Legal Fees and Cost of Disputes**. Except as otherwise provided herein, including Section 8.9, the Parties agree that, whether or not the Contemplated Transactions shall be

consummated: (a) Seller will pay the Cure Costs, the fees, expenses and disbursements of Seller and its respective Representatives incurred in connection with the subject matter hereof and any amendments hereto, and 50% of any Transfer Taxes, and (b) Buyer will pay (i) the fees, expenses and disbursements of Buyer and its Representatives incurred in connection with the subject matter hereof and any amendments hereto; (ii) the fees, expenses and disbursements in connection with any title policy, surveys and any environmental investigations conducted by Buyer in respect of the Leased Real Property (including the MPT Real Property); (iii) the filing fees incurred in connection with the HSR filing contemplated by Section 5.5; and (iv) 50% of any Transfer Taxes.

**13.9** **Waiver of Breach**.  The waiver by any Party of a breach or violation of any covenant, agreement, condition or undertaking contained in this Agreement shall be made only be a written waiver in each case. No waiver of any breach of any covenant, agreement, condition or undertaking contained in this Agreement shall operate as a waiver of any prior or subsequent breach of the same covenant, agreement, condition or undertaking or as a waiver of any breach of any other covenant, agreement, condition or undertaking.

**13.10** **Severability**.  If any provision of this Agreement is held to be illegal, invalid or unenforceable under any present or future Law, and if the rights or obligations of Buyer or Seller under this Agreement will not be materially and adversely affected thereby, (a) such provision will be fully severable, (b) this Agreement will be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part hereof, (c) the remaining provisions of this Agreement will remain in full force and effect and will not be affected by the illegal, invalid or unenforceable provision or by its severance herefrom, and (d) in lieu of such illegal, invalid or unenforceable provision, there will be added automatically as a part of this Agreement a legal, valid and enforceable provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible.

**13.11** **No Inferences; Sophisticated Parties**.  Each Party acknowledges and agrees to the following: (a) all of the Parties are sophisticated and represented by experienced healthcare and transactional counsel in the negotiation and preparation of this Agreement; (b) this Agreement is the result of lengthy and extensive negotiations between the Parties and an equal amount of drafting by all Parties; (c) this Agreement embodies the justifiable expectations of sophisticated parties derived from arm's-length negotiations; and (d) no inference in favor of, or against, any Party shall be drawn from the fact that any portion of this Agreement has been drafted by or on behalf of such Party.

**13.12** **Divisions and Headings of this Agreement**.  The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

**13.13** **No Third-Party Beneficiaries**.  The terms and provisions of this Agreement are intended solely for the benefit of Buyer, Seller and the Seller Parties, and such parties' respective permitted successors, assigns, or delegates, and it is not the intention of the Parties to confer, and, this Agreement shall not confer, third-party beneficiary rights upon any other Person, including any employee or member of the medical staff of any Hospital, other than the Nonparty Affiliates pursuant to Section 13.18.

**13.14** **Entire Agreement; Amendment**.  This Agreement (inclusive of Exhibits and Schedules), together with the other Transaction Documents and the Confidentiality Agreement and any other agreement which specifically references this Section 13.14, represent the entire agreement between the Parties with respect to the subject matter of this Agreement and supersede all prior or contemporaneous oral or written understandings, negotiations, letters of intent or agreements between the Parties.  This Section 13.14 shall be deemed a "merger" clause under Delaware Law, and this Agreement (together with the other Transaction Documents and the Confidentiality Agreement) is intended as a complete integration of the agreement of

the Parties. No modifications of, amendments to, or waivers of any rights or duties under this Agreement shall be valid or enforceable unless and until made in writing and signed by all Parties.

13.15   **Multiple Counterparts**. This Agreement may be executed in any number of counterparts, each and all of which shall be deemed an original and all of which together shall constitute but one and the same instrument. The facsimile signature of any Party or other Person to this Agreement or any other Transaction Document or a PDF copy of the signature of any Party or other Person to this Agreement or any other Transaction Document delivered by electronic mail for purposes of execution or otherwise, is to be considered to have the same binding effect as the delivery of an original signature on an original contract.

13.16   **Other Owners of Purchased Assets**. The Parties acknowledge that certain Purchased Assets may be owned by one or more Seller Affiliates rather than Seller. Notwithstanding the foregoing, and for purposes of all representations, warranties, covenants and agreements contained herein, Seller agrees that it has the legal capacity to cause, and it shall cause, any Seller Affiliate that owns any Purchased Assets to meet all of Seller's obligations under this Agreement with respect to such Purchased Assets. Seller hereby waives any defense to a claim made by Buyer under this Agreement based on the failure of any Person who owns the Purchased Assets to be a Party.

13.17   **Schedules**. From the date of this Agreement until the date that is five (5) Business Days prior to the Closing Date, the Parties agree that Seller has the right, subject only to the terms of Section 7.7, to update any information in the Schedules to the extent necessary to describe facts, circumstances, or conditions that did not exist on or have changed since the date of this Agreement; provided that no such update shall be effective or taken into consideration with respect to the conditions to Closing set forth in Section 7.1(b). Any matter disclosed in this Agreement or in the Schedules with reference to any Section of this Agreement shall be deemed a disclosure in respect of all sections to which such disclosure may apply, so long as application to such Section is reasonably discernible from a plain reading of such disclosure. Subject only to the terms of Section 7.7, Seller may also update any writing provided to Buyer pursuant to Section 3.11(a), Section 3.11(b), Section 3.11(d) and Section 3.14, in accordance with the mechanism set forth above in this Section 13.17 with respect to the updating of the Schedules.

13.18   **Non-Recourse**. All claims, obligations, Liabilities, actions or causes of action (whether in Contract or in tort, in law or in equity, or granted by statute) that may be based upon, in respect of, arise under, out or by reason of, be connected with, or relate in any manner to this Agreement, or the negotiation, execution, or performance of this Agreement (including any representation or warranty made in, in connection with, or as an inducement to, this Agreement), may be made only against (and are expressly limited to) the entities that are expressly identified as parties hereto in the preamble to this Agreement or, if applicable, their successors and assigns ("Contracting Parties"). No Person who is not a Contracting Party, including any past, present or future director, officer, employee, incorporator, member, partner, manager, stockholder, Affiliate, agent, consultant, attorney, accountants, financial advisor or other representative of, and any lender to, any Contracting Party, or any director, officer, employee, incorporator, member, partner, manager, stockholder, Affiliate, agent, consultant, attorney, accountants, financial advisor or other representative of, and any lender to, any of the foregoing ("Nonparty Affiliates"), shall have any Liability (whether in Contract or in tort, in law or in equity, or granted by statute) for any claims, causes of action, obligations, or other Liabilities arising under, out of, in connection with, or related in any manner to this Agreement or based on, in respect of, or by reason of this Agreement or their negotiation, execution, performance, or breach; and, to the maximum extent permitted by Law, each Contracting Party hereby waives and releases all such claims, causes of action, obligations and other Liabilities against any such Nonparty Affiliates. It is expressly agreed that the Nonparty Affiliates to whom this Section 13.18 applies shall be third-party beneficiaries of this Section 13.18.

**13.19**   **Interpretation**.

In this Agreement, unless the context otherwise requires:

(a)     references to this Agreement are references to this Agreement and to the Exhibits and Schedules attached or delivered with respect hereto or expressly incorporated herein by reference; each Schedule is hereby incorporated by reference into this Agreement and will be considered a part hereof as if set forth herein in full;

(b)     references to "Sections" are references to sections of this Agreement;

(c)     references to any Party shall include references to its respective successors and permitted assigns and delegates;

(d)     the terms "hereof," "herein," "hereby," and derivative or similar words refer to this entire Agreement;

(e)     references to any agreement (including this Agreement) are references to that agreement as amended, consolidated, supplemented, novated or replaced in accordance with the terms and conditions therein from time to time;

(f)     unless the context requires otherwise, references to any Law are references to that Law as of the date of this Agreement, and shall also refer to all rules and regulations promulgated thereunder;

(g)     the word "including" (and all derivations thereof) means "including, without limitation," and any lists or examples following the word "including" or the phrase "including, without limitation," are intended to be nonexclusive examples solely for the purpose of illustration and without the intention of limiting the text preceding such lists or examples;

(h)     references to time are references to Central Standard Time or Central Daylight Time (as in effect on the applicable day) unless otherwise specified herein;

(i)     the gender of all words herein include the masculine, feminine and neuter, and the number of all words herein include the singular and plural;

(j)     the provisions of this Agreement shall be interpreted in such a manner so as not to inequitably benefit or burden any Party through "double counting" of assets or Liabilities;

(k)     the terms "date hereof," "date of this Agreement," and similar terms shall mean the date set forth in the preamble to this Agreement;

(l)     the phrases "Seller has delivered," "Seller has provided," "Seller has made available" and phrases of similar import shall mean that, Seller or its Representatives have made the document or information in question available to Buyer and its employees and Representatives at least one (1) Business Day prior to and through the date hereof by posting a copy thereof to the virtual data rooms titled "Golden Sun – MA South" and "Golden Sun – MA North" hosted by DFin by Donnelley Financial Solutions;

(m)     references to the "ordinary course of business" shall mean the ordinary course of business of the Business consistent with past practice;

(n)     references to "day" shall mean calendar day, unless otherwise specified herein;

(o)     the use of the words "or," "either" and "any" shall not be exclusive;

(p)     if any provision of this Agreement requires a Party to obtain the consent of another Party, such consent may be withheld or conditioned in the requested Party's sole and absolute discretion unless otherwise expressly provided herein;

(q)     the words "to the extent" shall mean "the degree by which" and not simply "if";

(r)     the word "will" will be construed to have the same meaning and effect as the word "shall". The words "shall," "will," or "agree(s)" are mandatory, and "may" is permissive;

(s)     Any reference to any particular Bankruptcy Code or Code section or any Law will be interpreted to include any amendment to, revision of or successor to that section or Law regardless of how it is numbered or classified; provided that, for the purposes of the representations and warranties set forth herein, with respect to any violation of or non-compliance with, or alleged violation of or non-compliance, with any Bankruptcy Code or Code section or Law, the reference to such Bankruptcy Code or Code section or Law means such Bankruptcy Code or Code section or Law as in effect at the time of such violation or noncompliance or alleged violation or noncompliance;

(t)     A reference to a Person in a particular capacity excludes such Person in any other capacity or individually; and

(u)     When calculating the period of time before which, within which or following which any act is to be done or step taken pursuant to this Agreement, the date that is the reference date in calculating such period will be excluded. If the last day of such period is a day other than a Business Day, the period in question will end on the next succeeding Business Day.

**[SIGNATURE PAGES FOLLOW]**

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date first above written.

SELLER:

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.

By: _____
Name: John Castellano
Title: Authorized Representative

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

By: _____
Name: John Castellano
Title: Authorized Representative

BUYER:

BMC COMMUNITY HOSPITAL CORPORATION

By: _____
Name: _____
Title: _____

[Signature Page to Asset Purchase Agreement]

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date first above written.

**SELLER:**

STEWARD ST. ELIZABETH'S MEDICAL
CENTER OF BOSTON, INC.

By: _____
Name: _____
Title: _____


STEWARD GOOD SAMARITAN MEDICAL
CENTER, INC.

By: _____
Name: _____
Title: _____


**BUYER:**

BMC COMMUNITY HOSPITAL CORPORATION

By: _____
Name: __Alastair Bell_____
Title: __President_____

## ANNEX A – DEFINITIONS

"**Accounting Firm**" is defined in Section 1.9(c).

"**Affiliate**" means, as to the Person in question, any Person that directly or indirectly controls, is controlled by, or is under common control with, the Person in question and any successors or assigns of such Person, *provided*, that, with respect to any Seller or Seller Party, for all purposes herein, "Affiliate" shall mean Steward Health Care System LLC and each of its direct and indirect Subsidiaries. For purposes of this definition, "control" means possession, directly or indirectly, of the power to direct, or cause the direction of, the management and policies of a Person whether through ownership of voting securities, by Contract or otherwise.

"**Agreement**" is defined in the preamble to this Agreement.

"**Allocation**" is defined in Section 11.1.

"**ALTA**" means the American Land Title Association.

"**Ancillary Agreements**" means, collectively, the Bill of Sale, the Assignment and Assumption Agreement, the Lease Assignments, the Power of Attorney, the Trademark Assignment Agreement, and the Transition Services Agreement.

"**Antitrust Laws**" means any Laws that are designed or intended to preserve and protect competition, prohibit, restrict or regulate actions having the purpose or effect of monopolization, attempted monopolization, or restraint of trade, including the HSR Act, the Sherman Antitrust Act of 1890, the Clayton Antitrust Act of 1914, and the Federal Trade Commission Act of 1914, in each case, as amended.

"**Apportioned Taxes**" is defined in Section 11.6.

"**Approval**" means any approval, action, authorization, consent, notice, qualification or registration, or any extension, modification, amendment or waiver of any of the foregoing, of or from, or any notice, statement, filing or other communication to be filed with or delivered to, any Governmental Authority, Private Program or other Person, in each case, in connection with the operation of the Business or the consummation of the Contemplated Transactions, as applicable.

"**Assignment and Assumption Agreement**" is defined in Section 2.2(c).

"**Assumed Contract**" is defined in Section 1.1(g).

"**Assumed Liabilities**" is defined in Section 1.3.

"**Assumed Paid Time Off**" is defined in Section 6.1(f).

"**Auction**" is defined in Section 9.3.

"**Available Contract Schedule**" is defined in Section 1.5(b).

"**Avoidance Action**" means any claim, right or cause of action of any Seller for avoidance, recovery, subordination or other relief arising under Chapter 5 of the Bankruptcy Code or applicable state fraudulent conveyance, fraudulent transfer or similar Laws.

"**Back-up Termination Date**" means the first to occur of (a) consummation of the transaction with the winning bidder at the Auction, (b) Buyer's receipt of notice from Seller of the release by Seller of Buyer's obligations under 9.2(b), and (c) the End Date.

"**Balance Sheet Date**" means May 31, 2024.

"**Bankruptcy Code**" is defined in the Recitals.

"**Bankruptcy Court**" is defined in the Recitals.

"**Bidding Procedures Order**" means the Order (a) approving (i) the Global Bidding Procedures for Sales of the Debtors' Assets, (ii) the Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (iii) the Assumption and Assignment of Procedures and Form and Manner of Notice of Assumption and Assignment; (b) authorizing the Designation of Stalking Horse Bidders; (c) scheduling the Auctions and Sale Hearings; and (d) granting the Related Relief, (Docket No. 626), dated June 3, 2024, entered by the Bankruptcy Court.

"**Bill of Sale**" is defined in Section 2.2(b).

"**BMI MSA**" is defined in Section 6.14(e).

"**BMI**" is defined in Section 6.14(e).

"**Books and Records**" means originals, or where not available, copies (including in electronic format), of books and records maintained in connection with the Business or the Purchased Assets, including books and records relating to books of account, ledgers and general financial accounting records, personnel records, machinery and equipment maintenance files, patient and customer lists, price lists, distribution lists, supplier lists, quality control records and procedures, customer and patient complaints and inquiry files, research and development files, records and data (including all correspondence with any Governmental Authority), sales material and records, strategic plans, marketing plans, internal financial statements and marketing and promotional surveys, pricing and cost information, material and research, in each case, only to the extent such books and records (i) are located at the Facilities, or (ii) are primarily used or held for use in, or otherwise primarily relate to, the Business.

"**Business**" means the operation of the Facilities by Seller and all services provided by, or pursuant to Contracts with, Seller at the Facilities, in each case as currently conducted by Seller.

"**Business Contracts**" means (i) the Payor Agreements and (ii) all other Contracts (excluding the Leases) of Seller that exclusively relate to the operation of the Business or the Facilities, including all Employee Obligations and Physician employment agreements.

"**Business Day**" means any day except Saturday, Sunday and any day which is a legal holiday in New York, New York.

"**Buyer**" is defined in the preamble to this Agreement.

"**Buyer Eligibility Requirements**" is defined in Section 6.1(a).

"**Buyer Employer**" is defined in Section 6.1(a).

3

"**Buyer Material Adverse Effect**" means any change, fact, circumstance, occurrence, event, effect or condition that, individually or in the aggregate with all other changes, facts, circumstances, occurrences, events, effects or conditions, directly or indirectly, results in, or would reasonably be expected to result in, a material adverse effect on the ability of Buyer to consummate the Contemplated Transactions.

"**CARES Act**" means the Coronavirus Aid, Relief, and Economic Security Act, P.L. 116–136, and the rules and regulations promulgated thereunder.

"**Chapter 11 Cases**" is defined in the Recitals.

"**Claim**" is defined in Section 13.2(b).

"**Clean Room Black Box Agreement**" means that certain Clean Room Black Box Agreement dated April 17, 2024, by and between Steward Health Care Holdings, LLC, BMC Health System, Inc. and Boston Medical Center Corporation.

"**Closing**" is defined in Section 2.1.

"**Closing Date**" is defined in Section 2.1.

"**Closing Financials**" is defined in Section 6.13.

"**Closing Payment Shortfall Amount**" is defined in Section 1.9(e).

"**Closing Statement**" is defined in Section 1.9(a).

"**CMS**" means the Centers for Medicare & Medicaid Services.

"**CMS Program Payments**" means payments or discounts that are not based directly on the submission of claims for services delivered and are received through participation in a Government Program implemented by CMS through a Contract with CMS or as a participant through a Contract with a CMS contractor, including Medicare accountable care organizations, episode-based payment initiatives and other Medicare innovation models as implemented by CMS as authorized pursuant to Laws identified in CMS Reporting.

"**CMS Program Performance Period**" means the period of time applicable to a CMS Program Payment or CMS Reporting requirement.

"**CMS Reporting**" means any quality, performance reporting through use of certified electronic health record technology and other electronic reporting requirements, applicable to the Business and in all cases implemented by CMS pursuant, but not limited, to the Social Security Act, the Patient Protection and Affordable Care Act of 2010 (or any replacement or successor Law), the Health Care and Education Reconciliation Act of 2010, the Pathway for Sustainable Growth Reform (SGR) Act of 2013, the Protecting Access to Medicare Act of 2014, the Improving Medicare Post-Acute Care Transformation Act of 2014 (IMPACT), American Taxpayer Relief Act of 2012 (ATRA), Balanced Budget Act of 1997 (BBA), the Medicare, Medicaid and SCHIP (State Children's Health Insurance Program) Balanced Budget Refinement Act of 1999 (BBRA), the Medicare, Medicaid, and SCHIP Benefits Improvement and Protection Act of 2000 (BIPA), the 21st Century Cures Act, HIPAA, the Medicare Access & CHIP Reauthorization Act of 2015 (MACRA) (Pub L. 114-10, enacted April 16, 2015), amending Title XVIII of the Social Security Act or the Bipartisan Balanced Budget Act of 2018, each of which may be amended from time to time by a

Balanced Budget Act of the United States Congress, and each as applicable at such time as healthcare services are rendered.

"**COBRA**" means the Consolidated Omnibus Budget Reconciliation Act of 1985, the Public Health Service Act, codified as 42 USC §§ 300bb-1 through 300bb-8, and any similar state or federal continuation of coverage Laws.

"**Code**" means the Internal Revenue Code of 1986, as amended, and the rules and regulations promulgated thereunder.

"**Collective Bargaining Agreement**" means any collective bargaining agreement or other Contract with any labor union or labor organization.

"**Company Data**" means all confidential data, information, and data compilations contained in the Information Technology Systems or any databases of Seller or any Seller Affiliate, that are exclusively used by, or are necessary to or required by Law for, the Business.

"**Competing Bid**" is defined in <u>Section 9.1</u>.

"**Compliance Matter**" is defined in <u>Section 6.10</u>.

"**Confidential Information**" means all information (whether or not specifically identified as confidential), in any form or medium that relates to Seller or any Seller Affiliates and their respective businesses (including the Business), including: (a) internal business information related to the business of Seller or the Seller Affiliates (including the Business) (including, information relating to strategic plans and practices, business, accounting, financial or marketing plans, practices or programs, training practices and programs, salaries, bonuses, incentive plans and other compensation and benefits information and accounting and business methods); (b) identities of, individual requirements of, specific contractual arrangements with, and information about, Seller, its Affiliates, and its respective businesses (including the Business); (c) any confidential or proprietary information of any third party that Seller or the Seller Affiliates has a duty to maintain confidentiality of, or use only for certain limited purposes; (d) industry research compiled by, or on behalf of Seller, any Seller Affiliate, or any of its respective businesses (including the Business), including, identities of potential target companies, management teams, and transaction sources identified by, or on behalf of, Seller or any Seller Affiliate; (e) compilations of data and analyses, processes, methods, track and performance records, data and data bases relating thereto; and (f) information related to the Transferred Intellectual Property and updates of any of the foregoing; <u>provided</u> that Confidential Information shall not include any information that has become generally known to and widely available for use within the industry other than as a result of the acts or omissions of Seller or a Person that Seller has any direct control over to the extent such acts or omissions are not authorized by a Seller in the performance of such Person's assigned duties for Seller.

"**Confidentiality Agreement**" means that certain Confidentiality Agreement by and between Steward Health Care System, LLC and BMC Health System, Inc. dated as of January 22, 2024.

"**Contemplated Transactions**" means, collectively, the transactions contemplated by, or related to, this Agreement, including (a) the sale and purchase of the Purchased Assets and (b) the execution, delivery and performance of this Agreement and the other Transaction Documents; <u>provided</u> that Contemplated Transactions does not include the closing under the MPT Purchase Agreement.

5

"**Contract**" means any legally binding oral or written commitment, contract, lease, sublease, license, sublicense, guaranty, indenture, occupancy or other agreement or arrangement of any kind (and all amendments, side letters, modifications and supplements thereto).

"**Copyrights**" means all copyrights and rights in any other original works of authorship fixed in any tangible medium of expression, whether published or unpublished; rights to compilations, collective works and derivative works of any of the foregoing; and registrations and applications for registration for any of the foregoing and any renewals or extensions thereof.

"**Cost Report**" means any cost report (including all forms, worksheets, schedules and other attachments related thereto) required to be filed in respect of the Business or the Facilities pursuant to a Government Program or any Private Cost-Based Programs.

"**Cost Report Settlements**" is defined in Section 1.2(n).

"**COVID-19**" means the novel coronavirus disease, COVID-19 virus (SARS-COV-2 and all related strains and sequences) or mutations (or antigenic shifts or drifts) thereof or a disease or public health emergency resulting therefrom.

"**COVID-19 Funds**" means all grants, payments, distributions, loans, funds or other relief applied for or provided prior to the Effective Time under the CARES Act, the Paycheck Protection Program Act, or any other program authorized by any Governmental Authority or Government Program in response to COVID-19, including the Paycheck Protection Program, Main Street Loan Program, Provider Relief Fund, Small Rural Hospital Improvement Program, Assistant Secretary for Preparedness and Response or Hospital Preparedness Program Grants, or any other Law or program enacted, adopted or authorized in response to COVID-19; provided, that COVID-19 Funds does not include any Medicare Accelerated and Advance Payments.

"**Credentialing and Medical Staff Records**" means, to the extent Seller lawfully owns or has control of such records and information and such records and information are disclosable by applicable Law, all credentialing records with respect to any Practitioner, all minutes of the meetings of the medical staffs of each Facility and any committees thereof, and all other records directly related to the administrative operations of each Facility's medical staff for the period prior to the Effective Time.

"**Cure Costs**" means any and all amounts, costs or expenses, if any, required by the Bankruptcy Court so that Transferred Executory Contracts or Leases to which the Seller is a party may be assumed by Seller and assigned to Buyer pursuant to the Bankruptcy Code.

"**Cure Notice**" is defined in Section 1.5(b).

"**Damaged Assets**" is defined in Section 5.12.

"**Debt Financing**" is defined in Section 6.18(a).

"**Debt Financing Sources**" means the entities that have committed to provide or arrange or otherwise entered into agreements in connection with all or any part of the Debt Financing in connection with the Contemplated Transactions, including the parties to any joinder agreement, credit agreement or note purchase agreement entered into pursuant thereto or relating thereto, together with their respective Affiliates, and their and their respective Affiliates' Representatives, and their respective successors and assigns.

"**Designated Buyer**" has the meaning set forth in Section 13.3(b).

"**Designation Deadline**" is defined in Section 1.5(d).

"**DIP Financing**" means (i) debtor-in-possession facility under that certain Debtor-in-Possession Credit Agreement, dated May 28, 2024 (as amended, restated, amended and restated, supplemented, refinanced or otherwise modified from time to time), by and among Steward, the other Loan Parties (as defined therein) party thereto and MPT; and (ii) debtor-in-possession facility under that certain Debtor-in-Possession Credit Agreement, dated July 10, 2024 (as amended, restated, amended and restated, supplemented, refinanced or otherwise modified from time to time), by and among Steward, the other Loan Parties (as defined therein) party thereto, the Lenders (as defined therein) party thereto and Brigade Agency Services LLC, as administrative agent and collateral agent.

"**DOJ Action**" means United States *ex rel.* Nocie v. Steward Health Care System, LLC, No. 18-cv-11160-WGY (D. Mass. filed Dec. 16, 2023) and any underlying complaint filed by a relator on behalf of the United States.

"**Domain Names**" means Internet electronic addresses and uniform resource locators registered with or assigned by any domain name registrar, domain name registry or other domain name registration authority as part of an electronic address on the internet, rights in social media accounts and social media pages, and all applications for any of the foregoing.

"**DRG**" is defined in Section 6.4(b).

"**DRG Transition Patients**" is defined in Section 6.4(b).

"**Effective Time**" is defined in Section 2.1.

"**Encumbrance**" means any easement, servitude, assessment, encumbrance, encroachment, defect in title, security interest, bailment (in the nature of a pledge or for purposes of security), mortgage, deed of trust, the grant of a power to confess judgment, conditional sales and title retention, lease, sublease, option, right of first refusal or first offer, lien, hypothecation, pledge, restriction, license, or other similar arrangement or interest in real or personal property, whether imposed by Contract, Law, equity or otherwise.

"**End Date**" is defined in Section 12.1(b).

"**Environmental Laws**" means all Laws relating to pollution, protection of the environment or public or worker health and safety (in respect of exposure to Hazardous Materials), including the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601 *et seq.*, the Clean Air Act, 42 U.S.C. § 7401; and all other Laws relating to the use, treatment, storage, transportation, handling, disposal or Release, or exposure to, Hazardous Materials.

"**Environmental Permits**" means any Permit, Approval or other authorization required under or issued pursuant to any Environmental Law.

"**ERISA**" is defined in Section 3.21(a).

"**ERISA Controlled Group**" is defined in Section 3.21(c).

"**Estimated Closing Statement**" is defined in Section 1.7.

"**Estimated Purchase Price**" is defined in Section 1.7.

"**Estimated Working Capital**" is defined in Section 1.7.

"**Excluded Assets**" is defined in Section 1.2.

"**Excluded Contracts**" means all Contracts other than the Assumed Contracts.

"**Excluded Liabilities**" is defined in Section 1.4.

"**Executory Contract**" means any executory Business Contract to which Seller is a party or a beneficiary that exclusively relates to the operation of the Business or the Facilities.

"**Exhibits**" means the exhibits to this Agreement.

"**Existing MPT Lease**" means that certain Second Amended and Restated Master Lease Agreement, dated as of March 14, 2022 (as modified, amended, or restated from time to time).

"**Facility**" or collectively, "**Facilities**" means the Hospitals and Seller's other healthcare facilities, operations, and businesses associated with or used in the operation of the Hospitals, as set forth on Exhibit A.

"**False Claims Act**" means the False Claims Act, 31 U.S.C. §§ 3729-3733, as amended.

"**Federal Fiscal Year**" means the fiscal year of the federal government of the United States.

"**Final and Binding**" means, with respect to any calculation or determination, that such calculation or determination shall have the same preclusive effect on the Parties and all other applicable parties for all purposes as if such calculation or determination had been embodied in a final judgment, no longer subject to appeal, entered by a court of competent jurisdiction.

"**Final Resolution Date**" means the earliest to occur of (a) if a Post-Closing Notice of Disagreement is not received by Buyer or Seller (as the case may be) in accordance with the time period specified in Section 1.9(a), one (1) Business Day after the required date for Seller or Buyer (as the case may be) to deliver such Post-Closing Notice of Disagreement, or (b) if a Post-Closing Notice of Disagreement is received by Buyer or Seller (as the case may be) in accordance with the time period specified in Section 1.9(a), then (i) the date Buyer and Seller resolve in writing all differences they have with respect to the matters specified in such Post-Closing Notice of Disagreement or (ii) the date all disputed matters set forth in such Post-Closing Notice of Disagreement, are finally resolved in writing by the Accounting Firm in accordance with Section 1.9.

"**Fraud**" means, with respect to any Person, actual and intentional common law fraud against another Person as interpreted by Delaware courts applying Delaware common law and as determined by the Bankruptcy Court.

"**FTC**" means the Federal Trade Commission.

"**GAAP**" means United States generally accepted accounting principles and practices as in effect (a) with respect to financial information for periods on or after the Closing Date, as of the date of this Agreement, and (b) with respect to financial information for periods prior to the Closing Date, as of such applicable time.

8

"**Government Programs**" means the Medicare (including Medicare Part D and Medicare Advantage), Medicaid, Medicaid-waiver and CHAMPUS/TRICARE programs, any other similar or successor federal health care program (as defined in 42 U.S.C. §1320a-7b(f)) and any similar state or local health care programs, in each case in which any Facility participates as of the date of this Agreement.

"**Governmental Authority**" means any government or any agency, bureau, board, directorate, commission, court, department, official, political subdivision, tribunal, special district or other instrumentality of any government, whether federal, state or local, domestic or foreign, and any healthcare self-regulatory organization.

"**Group Tax Return**" means any consolidated, combined, unitary, or similar Tax Returns for any affiliated or other Tax group of which Seller is or has been a member or of which any direct or indirect owner of Seller is the common parent.

"**Hazardous Materials**" means any substances, materials, chemicals or wastes which are defined as or included in the definition of "hazardous substances", "hazardous wastes", "hazardous materials", "toxic substances", "pollutants", "contaminants" or words of similar meaning or effect, or for which liability or standards of conduct may be imposed, under any Environmental Law, including any petroleum or petroleum products, byproducts or derivatives, radiation and radioactive materials, medical and biohazardous waste, per – or polyfluoroalkyl substances, asbestos and asbestos-containing materials, toxic mold, or polychlorinated biphenyls.

"**Healthcare Laws**" means all healthcare Laws, including: any Law pertaining to or regulating the provision or administration of or payment for, healthcare products and services; any Law or precedent relating to the corporate practice of medicine, nursing, or any other learned or licensed healthcare professions; any Law concerning the splitting of healthcare professional fees, kickbacks, patient or healthcare program charges, recordkeeping, claims process, documentation requirements, medical necessity, referrals, the hiring of employees or acquisition of services or supplies from those who have been excluded from Government Programs; any Law concerning healthcare professional self-referrals; any Laws relating to healthcare Permits quality, safety, security, licensure, accreditation; qualifications or requirements for the practice of medicine, nursing, or other learned healthcare profession; any state requirements for business corporations, professional corporations, limited liability companies or associations that provide healthcare services or practice medicine or related learned healthcare professions; any Law relating to patient brokering; any Law relating to advertising or marketing of healthcare items or services; all Laws relating to and all terms and conditions of participating with any Payor Agreements (i.e., conditions of participation); any Law concerning credentialing, quality, safety, medical necessity, patient confidentiality and privacy, informed consent, standards of care, quality assurance, risk management, utilization review, peer review, and mandated reporting of incidents, occurrences, diseases and events; all state and federal controlled substance and drug diversion Laws, including the Federal Controlled Substances Act (21 U.S.C. §§ 801 et seq.); the Medicare statute, including all Laws relating to Medicare Advantage and Health Maintenance Organizations (42 U.S.C. §§ 1395-1395lll); the Medicaid statute (42 U.S.C. §§ 1396-1396w-5); the Civil Monetary Penalties Law (42 U.S.C. § 1320a-7a ); criminal false claims statutes (e.g. 18 U.S.C. §§ 287 and 1001); the Program Fraud Civil Remedies Act of 1986 (31 U.S.C. §§ 3801-3812); the federal Anti-Kickback Statute (42 U.S.C. § 1320a-7b); TRICARE (10 U.S.C. §§1071 et seq.); the federal Stark Law (42 U.S.C. § 1395nn); the federal False Claims Act (31 U.S.C. §§ 3729-3733, 42 U.S.C. §§ 1320a-7, 1320a-7a, and 1396b); the Anti-Inducement law, 42 U.S.C. § 1320a-7a(a)(5); the Deficit Reduction Act of 2005; the Patient Protection and Affordable Care Act of 2010 and all amendments thereto; HIPAA; 42 C.F.R. Part 2; the Eliminating Kickbacks in Recovery Act of 2018 (18 U.S.C. § 220); the Food, Drug, and Cosmetic Act (21 C.F.R. §§ 301 et seq.); all similar state Law counterparts to the foregoing; and all rules and regulations promulgated thereunder, including any applicable amendments or

9

implementing regulation, or other issuance that imposes requirements related to the foregoing that have the force of law.

"**HIPAA**" means collectively: (a) the Health Insurance Portability and Accountability Act of 1996 (Pub. L. No. 104-191), including its implementing rules and regulations with respect to privacy, security of health information, and transactions and code sets; (b) the HITECH Act (Title XIII of the American Recovery and Reinvestment Act of 2009); (c) the Omnibus Rule effective March 26, 2013 (78 Fed. Reg. 5566), and other implementing rules regulations at 45 CFR Parts 160 and 164 and related binding guidance from the United States Department of Health and Human Services and (d) any federal, state and local laws governing the privacy or security of individually identifiable information, in each case, as the same may be amended, modified or supplemented from time to time.

"**Historical Financial Information**" is defined in Section 3.5(a).

"**HITECH Act**" means the Health Information Technology for Economic and Clinical Health Act, Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. Law No. 111-5 and its implementing regulations, including 42 C.F.R. §§ 412, 413, 422 and 495, as amended by the HIPAA Omnibus Rule, issued on January 25, 2013, effective as of March 26, 2013.

"**Hospitals**" means the hospitals set forth on Exhibit A hereto.

"**HPC**" means the Massachusetts Health Policy Commission.

"**HSR Act**" means the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, and the related rules and regulations.

"**Immigration Act**" means the Immigration Reform and Control Act of 1986.

"**Information Privacy or Security Laws**" means all applicable foreign or domestic (federal, state or domestic) Laws applicable to the Purchased Assets concerning privacy, security, integrity, accuracy, transmission, storage, processing, of Personal Information (including Protected Health Information), including to the extent applicable to the Purchased Assets, HIPAA, the HITECH Act, the CAN-SPAM Act, the Telephone Consumer Protection Act, the Telemarketing and Consumer Fraud and Abuse Prevention Act, state data breach notification Laws, and state health privacy and information security Laws, the FTC Act 15 U.S.C. §§ 41-58, as amended.

"**Information Security Reviews**" is defined in Section 3.12(c).

"**Information Technology Systems**" means all information technology systems and services related thereto, Software, computers, workstations, databases, routers, hubs, switches, networks and other information technology equipment used or held for use in or relating to the Business.

"**Insurance Policies**" is defined in Section 3.19.

"**Intellectual Property**" means any and all intellectual property or proprietary rights in any jurisdiction throughout the world, including rights in: Copyrights, Domain Names, Patents, Trademarks, Software, and Trade Secrets and any other related proprietary rights now known or hereafter recognized in any jurisdiction worldwide, and the right to sue and recover damages or other remedies for past, present and future infringement, misappropriation, dilution, or other violation thereof.

10

"**Intellectual Property Contracts**" means all Business Contracts that exclusively relate to the operation of the Business or the Facilities: (a) under which Seller has granted or agreed to grant to any other Person any license, covenant, release, immunity or other right that applies to any Owned Intellectual Property; (b) under which any other Person has granted or agreed to grant to Seller any license, covenant, release, immunity or other right with respect to Intellectual Property rights or technology; (c) relating to the development of any material Transferred Intellectual Property excluding, in each case, licenses for (1) computer Software that is generally commercially available, or (2) licenses granted in the ordinary course of business, including in connection with the sale or licensing of any products or services.

"**Interim Billing**" is defined in Section 6.4(a).

"**Interim MSA**" is defined in Section 6.14(b).

"**Inventory**" means all usable inventory and supplies exclusively used or held for use in the Business or located at the Facilities.

"**IRS**" means the Internal Revenue Service.

"**Joint Commission**" is defined in Section 3.8.

"**Justice Department**" means the United States Department of Justice.

"**Knowledge of Buyer**" means the actual knowledge of Jesse Souweine and Robert Koenig.

"**Knowledge of Seller**" means the actual knowledge of Matt Hesketh, Paul Smith, Mike Callum, and Dr. Octavio Diaz.

"**Law**" means any constitutional provision, statute, law, rule, regulation, code, ordinance, accreditation standard, resolution, Order, ruling, promulgation, policy, treaty directive, interpretation, or guideline adopted or issued by any Governmental Authority (and for the avoidance of doubt, includes the Bankruptcy Code), including Healthcare Laws.

"**Lease Assignment**" is defined in Section 2.2(a).

"**Leased Real Property**" means the MPT Real Property subject to the Existing MPT Lease, and all other real property leased, subleased or licensed to, or for which a right to use, possess or occupy has been granted to, Seller or any Seller Affiliate and exclusively relating to a Facility or exclusively used or held for use in, or otherwise exclusively relating to, the Business, together with all rights, easements and privileges appertaining or relating to such interest in real property, and all improvements located on such real property.

"**Leases**" means each of the Third-Party Leases and the Tenant Leases.

"**Liability**" means any liability, obligation, deficiency, interest, penalty, fine, claim, demand, judgment, cause of action or other losses (including loss of benefit or relief), cost or expense of any kind or nature whatsoever, whether known or unknown, asserted or unasserted, absolute, fixed, or contingent, accrued or unaccrued, liquidated or unliquidated, recorded or unrecorded, due or to become due or otherwise, and regardless of when asserted.

"**Lien Expenses**" means all amounts necessary to discharge any Monetary Lien.

"**Malicious Code**" means any virus, trojan horse, worm, ransomware, back door, time bomb, drop dead device or other Software routines designed to permit unauthorized access to, to disable, erase, interfere with the operation of, install itself within or otherwise harm a computer system or network on which such code is stored or installed or damaging or destroying any data or file without the user's consent.

"**Material Adverse Effect**" means any change, fact, circumstance, occurrence, event, effect or condition that, individually or in the aggregate with all other changes, facts, circumstances, occurrences, events, effects or conditions, directly or indirectly, results in, or would reasonably be expected to result in, a material adverse effect on (a) the ability of Seller to consummate the Contemplated Transactions or (b) the business, condition (financial or otherwise), results of operations, assets or Liabilities of the Business, taken as a whole, except this clause (b) shall exclude any change, fact, circumstance, occurrence, event, effect or condition resulting from (i) changes in general local, domestic, foreign, or international economic, financial, business or political conditions, (ii) changes generally affecting the healthcare industry or markets in which Seller operates, (iii) losses from operations of the Business that are materially consistent with the historical and projected run rate of the Business, or seasonal fluctuations in the Business consistent with prior fiscal years, (iv) any national or international political event or occurrence, including acts of war, sabotage or terrorism, military actions or the escalation thereof, (v) any changes in applicable Laws or accounting rules or principles, including changes in GAAP, or the interpretation or implementation of any of the foregoing after the date of this Agreement, (vi) any action required by this Agreement, (vii) changes or proposed changes to any reimbursement rates or policies of Governmental Authorities that are generally applicable to hospitals or healthcare facilities, (viii) any natural disaster, calamity, pandemic or epidemic (including the COVID-19 pandemic); (ix) any failure, in and of itself, by the Business to meet any internal projections or forecasts (as distinguished from any change, development, or occurrence giving rise or contributing to such failure); (x) any breach of Buyer's obligations under this Agreement; (xi) the availability or cost of equity, debt or other financing to Buyer, (xii) the entry into this Agreement or the announcement, pendency or consummation of the Contemplated Transactions or (xiii) the filing or pendency of the Chapter 11 Cases; provided that in each case of clauses (i), (ii), (iii), (iv), (v), (vii) or (viii), such change, fact, circumstance, occurrence, event, effect or condition does not affect the Business, in a substantially disproportionate manner relative to other Persons operating in the industry in which the Business participates.

"**Material Contracts**" is defined in Section 3.17(a).

"**Medical Records Custody Agreement**" is defined in Section 2.2(i).

"**Medicare Accelerated and Advance Payments**" means the accelerated and advance payments received by Seller or any of its Affiliates, in each case to the extent relating to the Business, in each case prior to the Effective Time pursuant to the Accelerated Payment Program or the Advance Payment Program implemented by CMS to increase cash flow to healthcare providers as a result of COVID-19.

"**Medicare Interim Payments**" means payments made to the Hospitals on an interim basis under the Medicare program on a bi-weekly pass-thru or interim payment basis.

"**Monetary Lien**" means any mortgages, security interests, liens, Tax or assessment liens affecting any of the Leased Real Property or the MPT Real Property.

"**MPT**" means MPT Operating Partnership, L.P. or one of its Affiliates (or its or their successor-in-interest with respect to any MPT Real Property).

"**MPT Purchase Agreement**" means the Purchase and Sale Agreement between MPT and Buyer, attached hereto as Exhibit B, which contemplates the sale of the MPT Real Property by MPT to Buyer (or

its designee), the closing of which sale will be effective substantially contemporaneously with the Effective Time.

"**MPT Real Property**" means those properties exclusively relating to the Facilities that are currently the subject of the Existing MPT Lease and will be the subject of the MPT Purchase Agreement as at the Effective Time; provided "MPT Real Property" shall not include those properties relating to St. Elizabeth's Medical Center that were seized via an eminent domain proceeding by the Commonwealth of Massachusetts.

"**Net Working Capital**" has the meaning set forth on Part 1 of Exhibit C. An example calculation of Net Working Capital as of the Balance Sheet Date, which shall be used as a template for the calculation of Net Working Capital, is attached hereto as Part 2 of Exhibit C.

"**Non-DRG Transition Patients**" is defined in Section 6.4(b).

"**Non-Interim Billing Transition Patients**" is defined in Section 6.4(b).

"**NPIs**" is defined in Section 1.1(l).

"**OFAC**" means the Office of Foreign Asset Contract of the Department of Treasury.

"**OIG**" means the Office of the Inspector General of the U.S. Department of Health and Human Services.

"**Order**" means any order, injunction, judgment, decree, ruling, writ, assessment or arbitration award of a Governmental Authority of competent jurisdiction, including any order entered by the Bankruptcy Court in the Chapter 11 Cases (including the Sale Order).

"**Owned Intellectual Property**" means any and all Intellectual Property, to the extent exclusively used or held for use in, or otherwise exclusively relating to, the Business, that is owned or purported to be owned by Seller or any Seller Affiliate and that is included in the Transferred Intellectual Property (excluding any Intellectual Property that constitute Excluded Assets).

"**Paid Time Off**" means Seller Employees' accrued, unused vacation, sick leave, holiday pay or other paid time off (excluding any related Taxes or other payroll obligations).

"**Parties**" is defined in the preamble to this Agreement.

"**Patents**" means, with respect to the Business, all patents and patent applications, including all provisional applications, priority and other applications, divisionals, continuations (in whole or in part), extensions, reissues, reexaminations or equivalents or counterparts of any of the foregoing.

"**Paycheck Protection Program Act**" means the Paycheck Protection Program and Health Care Enhancement Act, P.L. 116-139, and the rules and regulations promulgated thereunder.

"**Payor Agreement**" means any Contract between Seller and a Government Program or a Private Program under which the Business or Seller directly or indirectly receives payments for medical services or products provided to such program's beneficiaries at the Facilities.

"**Permit**" means any consent, ratification, registration, waiver, authorization, license, permit, registration, certifications, qualifications, agreements, authorizations, easements, Orders, qualifications,

rulings, waivers, variances, approvals, permissions, authorizations, consents, grant, franchise, concession, exemption, notice, certificate or clearance issued, granted, given, or otherwise made available or required by or under the authority of any Governmental Authority or pursuant to any Law, in each case, in connection with the operation of the Business or the consummation of the Contemplated Transactions, as applicable.

"**Permitted Encumbrances**" means any Encumbrances relating to (a) applicable zoning and building laws, ordinances, regulations, resolutions, land use restrictions and other similar restrictions imposed by Law that are not violated by the current use or occupancy of the Leased Real Property; (b) Taxes, assessments and governmental charges or levies not due and payable on or before the Effective Time; (c) non-exclusive licenses to Intellectual Property granted in the ordinary course of business; (d) with respect to the acquired Leased Real Property, the Leases; (e) mechanic's, material man's and similar Encumbrances imposed or permitted by Law and incurred in the ordinary course for sums not yet due and payable on or before the Effective Time; (f) Encumbrances incurred or deposits made in the ordinary course of business in connection with workers' compensation, unemployment insurance or other types of social security; (g) defects or imperfections of title, exceptions, easements, covenants, rights-of-way, restrictions and other similar charges, defects or non-monetary encumbrances which do not, individually or in the aggregate, (i) materially adversely affect the operation of the Purchased Assets as currently used or operated, (ii) materially interfere with the ordinary conduct of the Business as currently conducted, or (iii) in the case of the Leased Real Property, materially adversely affect the use or occupancy of such Leased Real Property as currently used; (h) Encumbrances not created by Seller that affect the underlying fee, lessor, licensor or sublessor interest of any Leased Real Property or real property over which Seller (with respect to the Business) has easement or other property rights; (i) Encumbrances incurred in the ordinary course of business securing Liabilities that are not material to the Purchased Assets taken as whole; (j) Encumbrances arising out of, under or in connection with this Agreement or the other Transaction Documents; (k) any title matters shown in any title policy or report made available to Buyer; (l) rights, terms or conditions of any leases, subleases, licenses, sublicenses or occupancy agreements made available to Buyer; (m) any item listed on Exhibit N; (n) Encumbrances related to Specified Debt, which Encumbrances will be removed as of Closing; (o) solely prior to the Closing, any other Encumbrance that will be cleared or discharged by the Bankruptcy Court or at Closing; and (p) any Encumbrance arising out of, under or in connection with the Securities Act or any other applicable securities Laws. No Monetary Lien will be deemed a Permitted Encumbrance except as expressly set forth in this Agreement.

"**Person**" means an individual, association, hospital authority, corporation, limited liability company, partnership, limited liability partnership, trust, Governmental Authority or any other entity or organization.

"**Personal Information**" means any information relating to or reasonably capable of being associated with an identified or identifiable individual (including Protected Health Information), including any personally identifiable data (*e.g.*, name, address, phone number, email address, financial account number, payment card data, government issued identifier, and health or medical information) or which is otherwise is defined as "personal data," "personally identifiable information," "individually identifiable health information," "protected health information" or "personal information" under any applicable Information Privacy or Security Laws.

"**Personal Property**" means all of Seller's right, title and interest in tangible personal property exclusively used or held for use in, or otherwise exclusively relating to, the Business or located at or in transit to the Facilities, including all equipment, medical devices, medical and office supplies, diagnostic equipment, computer hardware and data processing equipment, furniture, fixtures, machinery, vehicles, office furnishings, instruments, leasehold improvements, telephones, telephone numbers, keys, security access cards and other tangible personal property exclusively used or held for use in, or otherwise exclusively relating to, the Business or located at or in transit to the Facilities and, to the extent assignable

14

or transferable by Seller, all rights in all warranties of any manufacturer, vendor, or other Person with respect thereto.

"**Physician**" means a doctor of medicine or osteopathy, a doctor of dental surgery or dental medicine, a doctor of podiatric medicine, a doctor of optometry, or a chiropractor, as defined in section 1861(r) of the Social Security Act.

"**Plan**" is defined in Section 3.21(a).

"**Post-Closing Notice of Disagreement**" is defined in Section 1.9(a).

"**Post-Closing Period**" means the period beginning immediately after Closing and ending on the date that is six (6) months following the Closing Date.

"**Power of Attorney**" is defined in Section 2.2(d).

"**Practitioner**" or "**Practitioners**" is defined in Section 3.6.

"**Pre-Closing Tax Period**" means a taxable period (or a portion thereof) ending on or before the Closing Date and any portion through the end of the day immediately on the Closing Date for any Straddle Period.

"**Prepaid Expenses**" means all prepaid expenses and deposits of Seller made with respect to the Business.

"**Privacy Requirements**" means, with respect to the Business, any and all applicable Laws, industry requirements, and Contracts (including HIPAA "business associate" agreements) relating to the Processing of Personal Data, including: (i) each Law relating to the protection or Processing of Personal Data that is applicable to Seller or any Seller Affiliates, including as applicable, HIPAA; HITECH; the Federal Trade Commission Act, 15 U.S.C. §§ 45 *et seq.*; the CAN-SPAM Act of 2003, 15 U.S.C. §§ 7701 *et seq.*; the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*; the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. §§ 1232g *et seq.*; the Children's Online Privacy Protection Act (COPPA) §§ 6501 *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.; the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-22 *et seq.*; the Stored Communications Act, 18 U.S.C. §§ 2701-12 *et seq.*; the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.*; the California Customer Records Act, Cal. Civ. Code §§ 1798.80 to 84; California Online Privacy Protection Act, Cal. Bus. & Prof. Code § 22575, et seq.; and the South Carolina Privacy of Consumer Financial and Health Information Regulation, South Carolina Code § 69-58 *et seq.*; Massachusetts Gen. Law Ch. 93H, 201 C.M.R. 17.00 *et seq.*; Nev. Rev. Stat. 603A *et seq.*; Cal. Civ. Code §§ 1798.82 *et seq.*; N.Y. Gen. Bus. Law §§ 899-aa *et seq.*; N.Y. Gen. Bus. Law §§ 899-bb *et seq.*; 11 NYCRR 420 *et seq.*; the Illinois Biometric Information Privacy Act, 740 ILCS 14 *et seq.*; the European Union's Directive on Privacy and Electronic Communications (2002/58/EC); the General Data Protection Regulation (2016/679); Laws requiring notification to any Person or Governmental Authority in the event of a Security Incident; and all implementing regulations and requirements, and other similar Laws; (ii) each Contract relating to the Processing of Personal Data applicable to Seller or any Seller Affiliates; and (iii) each applicable rule, code of conduct, or other requirement of self-regulatory bodies and applicable industry standards, including, to the extent applicable, the Payment Card Industry Data Security Standard ("**PCI-DSS**").

"**Private Cost-Based Programs**" means a Private Program that settles on a Cost Report basis.

"**Private Program**" is defined in Section 3.9(a).

"**Proceeding**" means any action, arbitration, charge, claim, complaint, demand, dispute, audit, litigation, proceeding, search warrant, civil investigative demand, subpoena, qui tam action, suit (whether civil, criminal, administrative, judicial, or investigative) commenced, brought, conducted, or heard by or before any (a) Governmental Authority, (b) Medicare fiscal intermediary or administrative contractor, recovery audit contractor, zone program integrity contractor, unified program integrity contractor or similar Government Program contractor or (c) arbitrator, whether at law or in equity, other than routine billing claims and disputes, routine audits, routine post-payment reviews and scheduled surveys.

"**Processing**" "**Process**" or "**Processed**" means, with respect to Company Data or Information Technology Systems, any collection, access, acquisition, storage, protection, use, recording, maintenance, operation, dissemination, re-use, disposal, disclosure, re-disclosure, destruction, transfer, modification, or any other processing (as defined by Privacy Requirements) of such Company Data or Information Technology Systems.

"**Protected Health Information**" has the meaning given to it under HIPAA (45 C.F.R. § 160.103) and includes electronic protected health information.

"**Provider Relief Fund**" means the Public Health and Social Services Emergency Fund for provider relief under the CARES Act and Paycheck Protection Program Act.

"**Purchase Price**" is defined in Section 1.6(a).

"**Purchased Assets**" is defined in Section 1.1.

"**Purchased Working Capital**" has the meaning set forth on Part 1 of Exhibit C.

"**RCAB**" means Roman Catholic Archbishop of Boston, a Corporation Sole.

"**RCAB Agreement**" means that certain Stewardship Agreement by and among Steward Health Care System LLC, Steward Hospital Holdings LLC, and RCAB dated April 30, 2010.

"**RCAs**" is defined in Section 6.1(k).

"**Reference Balance Sheet**" is defined in Section 3.5(a)(ii).

"**Referral Source**" means any Physician or other Person who is in a position to refer, recommend, arrange for the referral of patients or other health care business to any health care provider or health care facility.

"**Release**" means any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, migrating, leaching, dumping, or disposing into or through the environment of any Hazardous Materials.

"**Representatives**" means, with respect to any Person, the officers, directors, managers, employees, agents, attorneys, accountants, advisors, bankers, financing sources, and other authorized representatives of such Person.

"**Restricted Area**" means the City of Boston and the City of Brockton.

16

"**Restricted Business**" means operating any business similar to the Business (but excluding tele-medicine or other remote platforms to the extent serving individuals whose primary residence is outside of the Restricted Area).

"**Restricted Period**" means the period beginning as of the Effective Time and ending on the third (3rd) anniversary of the Effective Time.

"**Retained Employees**" means those employees of Seller and Seller Affiliates listed on Exhibit D.

"**Retirement Plan**" is defined in Section 3.21(c).

"**Sale Order**" shall be an Order or Orders of the Bankruptcy Court substantially in the form attached hereto as Exhibit O, approving this Agreement and the terms and conditions hereof, and approving and authorizing Seller and the Seller Parties to consummate the Contemplated Transactions, and subject to Section 9.2(b).

"**Schedules**" means the disclosure schedules and any other schedule to this Agreement.

"**Security Incident**" means, with respect to the Business, any unauthorized Processing of Company Data, any unauthorized access to the Information Technology Systems, or any incident that may require notification to any Person, Governmental Authority, or any other entity under Privacy Requirements.

"**Seller**" is defined in the preamble to this Agreement.

"**Seller Affiliate**" means any Affiliate of Seller.

"**Seller's Billing Information**" is defined in Section 6.8.

"**Seller Cost Reports**" is defined in Section 6.5(a).

"**Seller Employee List**" is defined in Section 3.22(a).

"**Seller Employees**" means, except for the Retained Employees, each person who is (a) an employee of Seller or any Seller Affiliate whether active or on leave of absence (i) as of the date hereof who (a) works exclusively at the Facilities, or (b) otherwise primarily provides services to the Business during the majority of their working time, (ii) is hired or transferred after the date hereof in accordance with this Agreement to (a) work exclusively at the Facilities, or (b) otherwise primarily provide services to the Business during the majority of their working time, or (iii) who is otherwise set forth on Schedule A-2, in each case of (i) and (ii), as set forth on the Seller Employee List as the same may be updated from time to time in accordance with this Agreement, and (b) solely for purposes of Section 5.1, Section 6.1, and the definition of "Paid Time Off", an employee of Steward GSROC whether active or on leave of absence. References to "former Seller Employee" herein shall be deemed to refer to any former employee of Seller or any Seller Affiliates who would have been considered a Seller Employee had they remained so employed as of the date hereof.

"**Seller Fundamental Representations**" means the representations and warranties set forth for Seller in Section 3.1 (*Organization; Capacity*), Section 3.2(b) (*Authority; Non-contravention; Binding Agreement*), Section 3.3(a) (*Title to Assets*) and Section 3.27 (*Brokers and Finders*).

"**Seller Guarantees**" means, collectively, all letters of credit, guarantees, surety bonds, performance bonds and other financial assurance obligations issued or entered into by or on behalf of (or

for the account of) Seller or any Seller Affiliate in connection with the Business, the Facilities or the Purchased Assets.

"**Seller Party**" or "**Seller Parties**" means those Seller Affiliates agreed to by the Parties prior to Closing to be "Seller Parties" hereunder, Steward GSROC, and for the limited purposes set forth in this Agreement, Steward Medical Group, Inc.

"**Seller Transaction Expenses**" means the fees and expenses incurred or payable by the Sellers in connection with this Agreement and the Contemplated Transactions, including the fees and expenses of any investment bankers, financial advisors, attorneys, accountants, consultants, experts, or other professionals engaged by any Seller in connection with the preparation, negotiation, execution and delivery of this Agreement and the Contemplated Transactions, and also includes the items, but shall be limited to the amount, set forth on Schedule 8.9.

"**SEMC**" has the meaning set forth in Section 6.14(e).

"**Shared Contracts**" has the meaning set forth in Section 1.2(h).

"**Social Security Act**" means the Social Security Act of 1935 and all regulations promulgated thereunder.

"**Software**" means, with respect to the Business, any and all computer programs and other software, including databases, software interfaces, implementations of algorithms, models, and methodologies, whether in source code, object code or other form, including libraries, subroutines and other components thereof.

"**Specified Debt**" means, collectively, indebtedness under (i) that certain Credit Agreement, dated as of February 21, 2024, by and among Steward Health Care Network, Inc., Steward Emergency Physicians, Inc., Steward Physician Contracting, Inc., Steward Medicaid Care Network, Inc., Stewardship Health, Inc., Stewardship Health Medical Group, Inc. and Stewardship Services Inc., as the borrowers, certain other Affiliates of Steward Health Care System LLC party thereto, as guarantors, the lenders party thereto and Brigade Agency Services LLC, as administrative agent and as collateral agent, (ii) that certain Credit Agreement, dated as of August 4, 2023, by and among Steward Health Care System LLC, certain Affiliates of Steward Health Care System LLC party thereto, as guarantors, the lenders party thereto, Sound Point Agency LLC, as administrative agent, Chamberlain Commercial Funding (Cayman) L.P., as collateral agent, and Brigade Agency Services LLC, as the FILO Agent, (iii) that certain Third Amended and Restated Promissory Note, dated as of January 22, 2024, by Steward Health Care System LLC in favor of MPT TRS Lender-Steward LLC, (iv) the DIP Financing and (v) the Existing MPT Lease.

"**Standard Software**" means, with respect to the Business, any commercially available, "off the shelf" or "shrink wrapped" Software that is generally, commercially available to the public and is licensed to Seller or any Seller Affiliate.

"**Steward**" means Steward Health Care System LLC, a Delaware limited liability company.

"**Steward GSROC**" means Steward Good Samaritan Radiation Oncology Center, Inc., a Delaware corporation.

"**Stewardship Business**" is defined in Section 6.14(c).

"**Stewardship Buyer**" is defined in Section 6.14(b).

"**Straddle Period**" is defined in <u>Section 11.2(b)</u>.

"**Subsidiary**" or "**Subsidiaries**" means, with respect to any Person, any corporation, limited liability company, partnership, association, or other business entity of which (i) if a corporation, a majority of the total voting power of shares of stock entitled (without regard to the occurrence of any contingency) to vote in the election of directors, managers, or trustees thereof is at the time owned or controlled, directly or indirectly, by that Person or one or more of the other subsidiaries of that Person or a combination thereof or (ii) if a limited liability company, partnership, association, or other business entity (other than a corporation), a majority of the partnership or other similar ownership interests thereof is at the time owned or controlled, directly or indirectly, by that Person or one or more subsidiaries of that Person or a combination thereof and for this purpose, a Person or Persons own a majority ownership interest in such a business entity (other than a corporation) if such Person or Persons shall be allocated a majority of such business entity's gains or losses or shall be or control any managing director or general partner of such business entity (other than a corporation).

"**Tail Insurance Coverage**" means tail coverage for its current insurance policies with TRACO International Group in connection with the Business relating to the period prior to the Effective Time to be effective for claims made after the Effective Time.

"**Tax**" or "**Taxes**" means any and all federal, state, local, non-U.S. and other taxes, including net income, gross income, gross receipts, sales, use, ad valorem, hospital, provider, transfer, franchise, profits, license, lease, rent, service, service use, withholding, payroll, employment, excise, severance, privilege, stamp, occupation, premium, property, windfall profits, alternative minimum, estimated, customs, duties or other taxes together with any interest and any penalties, additions to tax or additional amounts with respect thereto.

"**Tax Proceeding**" is defined in <u>Section 11.4</u>.

"**Tax Returns**" means any return, election, declaration, report, claim for refund, or information return or statement relating to Taxes, including any schedule or attachment thereto, and including any amendment thereof.

"**Tenant Lease**" means each lease, sublease, license, occupancy agreement or other contractual obligation as set forth on <u>Schedule B,</u> together with any amendments, supplements, exhibits, addenda and modification thereto.

"**Third-Party Lease**" means each lease, sublease, license, occupancy agreement or other contractual obligation as set forth on <u>Schedule B</u>, together with any amendments, supplements, exhibits, addenda and modification thereto.

"**Trade Secrets**" means, with respect to the Business, trade secrets and confidential and proprietary information, including ideas, research and development information, know-how, formulas, compositions, technical data, designs, drawings, specifications, research records, records of inventions, test information, financial, marketing and business data, customer and supplier lists and information, pricing and cost information, business and marketing plans and proposals that, in each case, derive independent economic value, actual or potential, from not being generally known or readily ascertainable by others.

"**Trademark Assignment Agreement**" is defined in <u>Section 2.2(e)</u>.

19

"**Trademarks**" means, with respect to the Business, trademarks, service marks, trade names (including fictitious, assumed and d/b/a names), slogans, or logos; registrations, renewals, applications for registration of the foregoing; and the goodwill of the business associated with each of the foregoing.

"**Transaction Documents**" means this Agreement and the Ancillary Agreements.

"**Transfer Taxes**" means any real or personal property transfer, sales, use, documentary, transfer, value added, stock transfer, stamp or similar Taxes, and any transfer, recording, registration, and other fees or similar amounts, in each case imposed or payable in connection with the Contemplated Transactions (but excluding any transfer taxes payable in connection with the transaction pursuant to the MPT Purchase Agreement.

"**Transferred Employee**" is defined in Section 6.1(a).

"**Transferred Employee Personnel Records**" is defined in Section 1.1(p).

"**Transferred Executory Contract**" is defined in Section 1.5(d).

"**Transferred Information Technology Systems**" means any and all Information Technology Systems that are exclusively used or held for use in, or otherwise exclusively relating to, the Business and that are owned or leased by or licensed to Seller or any Seller Affiliate, in each case, other than any Information Technology Systems included in the definition of Excluded Assets.

"**Transferred Intellectual Property**" means any and all Owned Intellectual Property, or Intellectual Property licensed to Seller or any Seller Affiliate (i) under a Business Contract, (ii) used exclusively in the operation of the Business or the Facilities, and (iii) excluding any Intellectual Property included in the definition of Excluded Assets.

"**Transferred Non-Executory Contract**" means each Business Contract that is not an Executory Contract.

"**Transition Patient Services**" is defined in Section 6.4.

"**Transition Patients**" is defined in Section 6.4.

"**Transition Services Agreement**" is defined in Section 2.2(f).

"**Undisclosed Contract**" is defined in Section 1.5(c).

"**USFHP**" is defined in Section 1.2(jj).

"**USFHP Pharmacy License**" is defined in Section 6.14(a).

"**USFHP Pharmacy License Process**" is defined in Section 6.14(a).

"**WARN Act**" means the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*, and other applicable Laws requiring notice of plant closings, relocations, mass layoffs, reductions in force or similar actions.

EXHIBITS

to

ASSET PURCHASE AGREEMENT

BY AND AMONG

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.

AND

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

AS SELLERS

AND

BMC COMMUNITY HOSPITAL CORPORATION,

AS BUYER

Dated as of August 30, 2024

## <u>LIST OF EXHIBITS</u>

| Exhibit | Header |
|---|---|
| Exhibit A | Facilities |
| Exhibit B | MPT Purchase Agreement |
| Exhibit C | Working Capital |
| Exhibit D | Retained Employees |
| Exhibit E-1 | Form of Assignment and Assumption of Leases (Assignor as Lessor) |
| Exhibit E-2 | Form of Assignment and Assumption of Leases (Assignor as Tenant) |
| Exhibit F | Form of Bill of Sale |
| Exhibit G | Form of Assignment and Assumption Agreement |
| Exhibit H | Form of Power of Attorney |
| Exhibit I | Form of Trademark Assignment Agreement |
| Exhibit J | [reserved] |
| Exhibit K | Form of Employee Contract Assignment and Assumption Agreement |
| Exhibit L | [reserved] |
| Exhibit M | Interim MSA Term Sheet |
| Exhibit N | Other Permitted Encumbrances |
| Exhibit O | Form of Sale Order |

**EXHIBIT A**

**FACILITIES**

1. <u>Steward Good Samaritan Medical Center, Inc:</u>

    a. <u>Main Hospital Campus</u>: 235 North Pearl Street, Brockton, MA 02301

    b. <u>Other Facilities</u>:

        i. The Diagnostic Facility at Pearl Medical Center – 1 Pearl Street, Suites #0100 #0200, Brockton, MA 02301

        ii. Wound Care Center at Good Samaritan Medical Center – 909 Summer Street, 1st Floor, Stoughton, MA 02072

        iii. Good Samaritan Medical Center at Brockton Neighborhood Health Center, 63 Main Street, Brockton, MA 02301

        iv. Good Samaritan Medical Center Cardiac Testing at 830 Oak Street Suite #205, Brockton, MA 02301

        v. Good Samaritan North Easton Surgery Center at 15 Roche Brothers Way 1st Floor Suite #120 and 2nd Floor Suite #210, North Easton, MA 02356

        vi. Norwood Performance Therapy, 1343 Providence Highway, Ground Floor, Norwood, MA 02062

2. <u>Steward St. Elizabeth's Medical Center of Boston, Inc.</u>

    a. <u>Main Hospital Campus</u>: 736 Cambridge Street, Boston, MA 02135

    b. <u>Other Facilities</u>:

        i. Center for Advanced Cardiac Surgery – 11 Nevins Street, Brighton, MA 02135

        ii. Cardiac Rehabilitation and Prevention - 280 Washington Street, Brighton, MA 02135

        iii. Brighton Marine Public Health Center – 77 Warren Street, Boston MA 02135 [Partial space which excludes USFHP Pharmacy; other operations are subject to discussion between the parties]

**EXHIBIT B**

**NEW MPT PURCHASE AGREEMENT**

[*Attached.*]

**AGREEMENT FOR PURCHASE AND SALE OF REAL ESTATE**

**BY**

**BMC COMMUNITY HOSPITAL CORPORATION,**
a Massachusetts not for profit corporation,

**as Purchaser**

**AND**

**ACREFI CS U, LLC,**
a Delaware limited liability company,

**as Seller**

**DATED AS OF August 30, 2024**

## AGREEMENT FOR PURCHASE AND SALE OF REAL ESTATE

This Agreement for Purchase and Sale of Real Estate (as the same may be amended from time to time, this "***Agreement***") is made as of this 30th day of August, 2024 (the "***Effective Date***"), by and between **BMC COMMUNITY HOSPITAL CORPORATION**, a Massachusetts not for profit corporation ("***Purchaser***"), and **ACREFI CS U, LLC**, a Delaware limited liability company ("***Seller***"), as acknowledged and consented to by **ATHENE ANNUITY AND LIFE COMPANY**, an Iowa corporation ("***Athene Annuity***"), **ASPEN AMERICAN INSURANCE COMPANY**, a Texas corporation ("***Aspen American***"), and **ASPEN SPECIALTY INSURANCE COMPANY**, a North Dakota corporation ("***Aspen Specialty***"; together with Seller, Athene Annuity and Aspen American, the "***Lenders***").

### R E C I T A L S :

WHEREAS, the Lenders made a loan (the "***Loan***") to each of the entities listed on **Schedule I** (the "***Borrowers***" and individually, a "***Borrower***") evidenced by certain loan documents including, without limitation, that certain Loan Agreement, dated March 14, 2022, by and among Borrowers, ACREFI CS U, LLC, a Delaware limited liability company (the "***Directing Lender***") and Lenders (the "***Original Loan Agreement***"), as amended by that certain First Amendment to Loan Agreement and Omnibus Amendment to Loan Documents, dated February 21, 2024, by and among Borrowers, Lenders, MPT Operating Partnership, L.P., a Delaware limited partnership, and Directing Lender (the "***First Amendment***"; together with the Original Loan Agreement, collectively, as the same may be amended from time to time, the "***Loan Agreement***") secured by certain collateral, including the Properties (as defined below);

WHEREAS, each Borrower listed on **Schedule II** (the "***Owners***" and individually, an "***Owner***"); is currently the fee title owner of certain real property generally described by its street addresses on **Schedule II** attached hereto and more particularly described in **Exhibit A** attached to said **Schedule II** (collectively, the "***Land***"), and the buildings, fixtures (other than trade fixtures) and other improvements located thereon (said buildings, fixtures and other improvements hereinafter collectively referred to as the "***Improvements***"). Each such parcel of Land, together with the Improvements thereon, is hereinafter referred to as a "***Property***," and collectively as the "***Properties***";

WHEREAS, Purchaser and its affiliates and Steward Good Samaritan Medical Center, Inc., a Delaware corporation ("***Steward Seller***"), and their affiliates are parties to that certain Asset Purchase Agreement (the "***Steward APA***"), dated as of the date hereof, pursuant to which Steward Seller and their affiliates, as seller, have agreed to sell to Purchaser and its affiliates, as purchaser, certain assets located on, or used in connection with, the Properties;

WHEREAS, in connection with Seller's potential to obtain the right to acquire and/or to direct and/or approve the sale of the Properties (as applicable, the "***Acquisition Rights***"), Seller desires to sell, or cause to be sold, to Purchaser, and Purchaser desires to purchase the Properties, together with certain other assets, rights and interests hereinafter more specifically described, all upon and subject to the terms and conditions hereinafter set forth.

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements, representations and warranties herein contained, the parties hereto do hereby covenant and agree as follows:

1.   **_PURCHASE AND SALE_**.

1.1   Seller agrees to sell, or cause to be sold, to Purchaser, and Purchaser agrees to purchase from Seller or on Seller's behalf, upon the terms and conditions hereinafter set forth, the Properties, including the following assets, rights and other interests related thereto (the Properties, together with such assets, rights and other interests being collectively referred to herein as the "**_Assets_**"):

  A.   The Properties and Owners' right, title and interest in all easements, licenses, rights of way, permits and warranties (specifically including, to the extent assignable, any roof warranties) (except as set forth in **Section 1.2(B)**) and other tenements, hereditaments, mineral, water and irrigation rights, and appurtenances thereto, if any, and all renewal options, purchase options, rights of first refusal and expansion rights relating thereto, if any (including Owners' rights in and to public streets, whether or not vacated, if any and to the extent assignable).

  B.   All assignable reciprocal easement agreements and operating agreements affecting the Properties and running to or in favor of Owners or the Properties, if any.

1.2   Notwithstanding anything contained in this Agreement to the contrary, the following are expressly excluded from the transactions contemplated by this Agreement (collectively, the "**_Transaction_**") and are not part of the Assets being transferred hereunder as Purchaser understands and agrees that Owners do not have any right, title or interest therein:

  A.   All furniture, trade fixtures, branded items and equipment located on the Properties.

  B.   All operating permits and licenses related to the Properties or the operation of the Properties.

  C.   All trade names, trademarks, trade dress, copyrights, patents, trade secrets, brands and other intellectual property owned by or associated with Owners.

1.3   Each party will take such company, partnership, corporate and other actions as are necessary and appropriate to cause the Transaction to be duly consummated on the Closing Date (as defined below).  Each party also shall cause its partners, members, shareholders, officers, directors, and/or agents and consultants and counsel to cooperate reasonably with the other party in connection with the Transaction.

1.4   Notwithstanding anything to the contrary contained in this Agreement, Seller may terminate this Agreement if Seller has determined, in its reasonable discretion, that Seller will not be permitted by applicable law or regulation to acquire the necessary Acquisition Rights to consummate the Transaction.  If Seller terminates this Agreement pursuant to this **Section 1.4**,

neither party hereto shall have any further rights or obligations owing to the other party except with respect to any provisions expressly stated to survive the termination of this Agreement.

**2.** **_PURCHASE PRICE_**.  The purchase price (as the same may be adjusted pursuant to this Agreement, the "**_Purchase Price_**") for the Assets shall be $130,582,446.44.

**3.** **_TITLE_.**

3.1     Fee simple title to the Properties shall be conveyed to Purchaser *As Is, Where Is,* by delivery of an executed Massachusetts release deed as to each Property in the form of **Exhibit "C"** attached hereto (each, a "**_Deed_**," and collectively, the "**_Deeds_**"); provided, however, that Seller will be obligated to release or cause to be released any mortgages or similar monetary liens securing the Loan at Closing.

3.2     For avoidance of doubt, in addition to the matters of record shown in the proforma title policies (or marked title commitments) for the Property approved by Purchaser prior to the Effective Date which are attached as **Schedule III** hereto (such matters of record, the "**_Permitted Encumbrances_**"), the Properties shall be sold subject to:  (1) the prorated amount pursuant to **Section 4** of any liens or other encumbrances arising under or with respect to taxes, water frontage and meter charges, sewer rents, vault taxes, other assessments or other charges by governmental entities; (2) [Intentionally omitted]; (3) all applicable zoning, building, environmental and other laws, restrictions, regulations and ordinances; (4) those matters reflected on that certain ALTA/NSPS Land Title Survey prepared by Landco, L.P. of the property commonly known as Good Samaritan Medical Center, dated March 2, 2022 and known as Job No. 21-8905; (5) the state of facts that would be shown on an accurate survey or from a personal inspection of the Properties to the extent arising after March 2, 2022; (6) liens, claims, encumbrances, security interests, title exceptions or imperfections of title caused by or resulting from the acts of Purchaser or any of its affiliates, employees, officers, directors, agents, contractors, invitees or licensees; (7) [Intentionally omitted]; (8) [Intentionally omitted]; (9) any leases or subleases then in effect at the Properties that are being assumed and acquired by Purchaser under the Steward APA, any leases between Steward Seller and third party subtenants whether or not assumed so long as neither Seller nor Owners is a party thereto and that certain lease between Caritas Good Samaritan Medical Center, Inc., Lessor and Nextel Communications of the Mid-Atlantic, Inc., Lessee, notice of which is dated September 12, 2000, recorded February 21, 2001 at Book 19395, Page 1; as affected by an Assignment and Assumption of Lease between Caritas Good Samaritan Medical Center, Inc. and Steward Good Samaritan Medical Center, Inc., dated November 5, 2010 and recorded on November 9, 2010 at Book 39243, Page 207 (affects parcels 1 and 3 on the plan in Plan Book 32, Page 207), and (10) all notes and/or notices of violations of law or municipal ordinances, orders or requirements noted in or issued by any state or municipal department having jurisdiction, against or affecting the Properties.  Seller will be obligated to release or cause to be released any mortgages or similar monetary liens securing the Loan or any other similar indebtedness for borrowed money or mechanics' liens encumbering the Property at Closing.

**4.** **_ASSUMPTION OF LIABILITIES_**.  Effective as of the Closing, Purchaser shall assume, pay and discharge all claims, liabilities or obligations of any kind, fixed or contingent, known or unknown, relating to or arising in connection with the ownership of the Properties, to the extent such claims, liabilities and obligations first accruing on, or are attributable to, the period

from and after 12:01 a.m. (New York City time) on the Closing Date.  Purchaser will fully and promptly perform all of the obligations of Seller expressly assumed by Purchaser pursuant to this Agreement accruing and attributable to the period from and after 12:01 a.m. (New York City time) on the Closing Date.  All items which are customarily prorated in transactions similar to the transaction contemplated hereby will be prorated as of the Closing Date  (i.e., Purchaser is entitled to the income and responsible for the expenses of the day of Closing), including, without limitation, real estate taxes and assessments, utility charges, rental and other income due under any lease and any other operating expenses or other items pertaining to the Property.  For the avoidance of doubt, any unpaid and delinquent rent payable under the Master Lease Agreement (Master Lease II) dated March 14, 2022, among the Borrowers, as landlord, and certain affiliates of Steward Health Care System LLC, a Delaware limited liability company, as tenants (the "**Master Lease Tenants**") (as may have been amended, the "***Master Lease II***") with respect to the period prior to the Closing, whether collected by Seller or Purchaser after the date of Closing shall belong to Seller, and if Purchaser collects any such unpaid or delinquent rent under the Master Lease II from the Property, Purchaser shall, within two (2) Business Days after the receipt thereof, deliver to Seller any such rent relating to the period prior to the date of Closing.

## 5. ***DEFAULT***.

5.1     If, at or any time prior to Closing, Seller fails to perform its covenants or obligations under this Agreement in any material respect, which breach or default is not caused by a Purchaser Default (as hereinafter defined) and such failure remains uncured for ten (10) days after written notice from Purchaser to Seller (a "***Seller Default***"), then Purchaser, as its sole and exclusive remedies for such Seller Default, may elect to (a) terminate this Agreement, in which case the parties shall have no further rights or obligations under this Agreement, except those which expressly survive such termination, (b) proceed to Closing without any reduction on or set off against the Purchase Price, in which case Purchaser shall be deemed to have waived such Seller Default, or (c) in the case of a Seller Default which is intentional with the purpose of not consummating the transaction described in this Agreement, obtain a court order for specific performance.  For avoidance of doubt, Seller failing to obtain Acquisition Rights or a failure of the condition in Section 6.3 below shall not be a Seller Default.

5.2     If at any time prior to Closing, Purchaser fails to perform any of its covenants or obligations under this Agreement in any material respect, which breach or default is not caused by a Seller Default and such failure remains uncured for ten (10) days after written notice from Seller to Purchaser (a "***Purchaser Default***"), then Seller, as its sole and exclusive remedies for such Purchaser Default, may elect to (i) terminate this Agreement by providing written notice to Purchaser, in which case the parties shall have no further rights or obligations under this Agreement, except those which expressly survive such termination or (ii) proceed to Closing pursuant to this Agreement, in which case Seller shall be deemed to have waived such Purchaser Default or (iii) in the case of a Purchaser Default which is intentional with the purpose of not consummating the transaction described in this Agreement, obtain a court order for specific performance.  For avoidance of doubt, a failure of the condition in Section 6.3 below shall not be a Purchaser Default.

## 6.      ***CONDITIONS PRECEDENT TO CLOSING.***

6.1      Purchaser's obligation to close hereunder is subject to the following conditions precedent being satisfied or waived by Purchaser:

6.1.1      Seller shall have performed and complied in all material respects with all obligations of this Agreement which are to be performed or complied with by Seller prior to Closing.

6.1.2      Seller shall have deposited with First American Title Insurance Company, as Escrowee (in such capacity, "***Escrowee***") (provided, that, Seller documents delivered to the Atlanta office of First American Title Insurance Company shall be deemed delivered to Escrowee):

A.      One (1) original of the Deeds duly executed and acknowledged by or on behalf of the applicable Owner;

B.      One (1) original of the Bill of Sale and General Assignment (the ***"Bill of Sale"***) executed by and on behalf of the applicable Owner in the form attached hereto as **Exhibit "D"**;

C.      One (1) copy of the closing statement duly executed by Seller;

D.      A W-9, duly executed by Seller (or its direct or indirect parent entity that is the regarded owner for U.S. federal income tax purposes, as applicable);

E.      Evidence in recordable form to release any mortgages or similar monetary liens securing the Loan from the Properties; and

F.      Any documents customarily and reasonably required by the Title Company (as defined below) to issue the Title Policy (as defined below) as marked with standard coverage (but not extended coverage or endorsements requiring more than a customary owner's affidavit and for avoidance of doubt, no new surveys) and required by the applicable registry of deeds or registry district of the Massachusetts Land Court to record the deeds and other instruments to be recorded hereunder in order to consummate the transaction contemplated by this Agreement (including a customary owner's affidavit in form reasonably acceptable to Seller and the Title Company including a so-called "gap indemnity").

6.1.3      Purchaser shall have received reasonable evidence that Seller has obtained Acquisition Rights.

6.1.4      Subject to reasonable restrictions to avoid interruption of operations at the Property, Purchaser shall have received access to the Properties to prepare or cause to be prepared a Phase I environmental site assessment report in accordance with ASTM E1527-21 for each of the Properties, and if any environmental site assessment report reasonably recommends additional subsurface investigation of any Property to evaluate the presence or extent of a matter reasonably identified as a recognized environmental condition

("**_REC_**"), Seller shall have permitted Purchaser to perform or cause to be performed such additional subsurface investigation that is reasonably necessary to evaluate such REC.

6.1.5    First American Title Insurance Company (in such capacity, the "**_Title Company_**") shall be irrevocably committed to issue to Purchaser an ALTA owner's policy of title insurance for each Property substantially in the form of **Schedule III** attached hereto (the "**_Title Policy_**"), subject to no encumbrances other than the Permitted Encumbrances; provided, that for the avoidance of doubt, in connection with the issuance of the Title Policy, Seller shall only be obligated to deliver the documents set forth in Section 6.1.2(F) and Purchaser's failure to pay the premium for such Title Policies or the Title Company's unwillingness to issue any endorsements or extended coverage shall not be a requirement for satisfaction of this condition so long as Seller has delivered the documents set forth in Section 6.1.2(F).

6.2    Seller's obligation to close hereunder is subject to the following conditions precedent being satisfied or waived by Seller:

6.2.1    Purchaser shall have performed and complied in all material respects with all obligations of this Agreement which are to be performed or complied with by Purchaser prior to Closing; and

6.2.2    Purchaser shall have deposited with Escrowee:

A.    The Closing Payment;

B.    One (1) copy of the executed closing statement duly executed by Purchaser;

C.    One (1) original of the Bill of Sale; and

D.    All applicable state, county and municipal transfer declarations and any other required governmental certificates in connection therewith in each case, required to be executed by Purchaser or Owner.

6.2.3    Seller shall have obtained Acquisition Rights.

6.3    At the Closing (i) there shall not be in effect any applicable law or governmental order issued by a governmental authority of competent jurisdiction (including any eminent domain order) or any bankruptcy order by any bankruptcy court (that has not been vacated, withdrawn or overturned) restraining, enjoining or otherwise prohibiting or rendering illegal the consummation of the Closing or the right of Seller to obtain the Acquisition Rights.

6.4    Either: (i) the Master Lease II shall have been terminated by the Owners and the tenants thereunder with respect to the Properties; or (ii) the bankruptcy court having jurisdiction over the Master Lease Tenants' bankruptcy cases shall have entered an order approving the rejection of the Master Lease II by the Master Lease Tenants with respect to the Properties in accordance with section 365 of title 11 of the United States Code, and such order shall be in full force and effect.

6.5    The parties shall have received Antitrust Approvals (as defined below) pursuant to **Section 7** herein.

If the conditions set forth in **Section 6.1, Section 6.3** and **Section 6.4** are not satisfied by the Outside Closing Date for any reason other than a default of Purchaser under this Agreement, then Purchaser may terminate this Agreement and promptly receive a refund of any monies that it placed in escrow hereunder.  If the conditions set forth in **Section 6.2, Section 6.3** and **Section 6.4** are not satisfied by the Outside Closing Date for any reason other than a default of Seller under this Agreement, then Seller may terminate this Agreement and upon such termination, Purchaser shall promptly receive a refund of any monies that it placed in escrow hereunder.  The termination of the Agreement pursuant to this paragraph does not prejudice any party's rights and remedies in respect of any breach of this Agreement, except as otherwise set forth in the immediately preceding sentence.

## 7.    *ANTITRUST APPROVAL.*

7.1    As promptly as practicable after execution and delivery of this Agreement (and, for any required filings under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, and the related rules and regulations (the "***HSR Act***"), no later than ten (10) Business Days after the Effective Date), each of Purchaser and Seller shall (or shall cause Owner to) use reasonable best efforts, and shall cooperate with each other, (i) to make an appropriate filing of the Notification and Report Forms relating to the Transaction as required by the HSR Act, and (ii) to file the other required filings or notices under other Antitrust Laws (as defined below) (collectively, the "***Antitrust Approvals***").  Each of Purchaser and Seller shall (or shall cause Owner to) (A) respond as promptly as practicable to any inquiries or requests received from any governmental authority pursuant to the HSR Act or other Antitrust Laws, and (B) use its reasonable best efforts to effectuate the Antitrust Approvals at the earliest possible date.  For purposes of this Agreement, "***Antitrust Laws***" means any Laws that are designed or intended to preserve and protect competition, prohibit, restrict or regulate actions having the purpose or effect of monopolization, attempted monopolization, or restraint of trade, including the HSR Act, the Sherman Antitrust Act of 1890, the Clayton Antitrust Act of 1914, and the Federal Trade Commission Act of 1914, and the Massachusetts Regulatory Laws,  in each case, as amended.  "Massachusetts Regulatory Laws" means, collectively, the requirements set forth in Mass. Gen. Law. C. 6D § 13; 958 CMR 7.00 (Notice of Material Change) and Mass. Gen. Laws Ann. ch. 111, § 25C (Determination of Need).

7.2    Further, and without limiting the generality of the rest of this **Section 7.2**, each of the parties shall (or shall cause Owner to) cooperate in all respects with each other to prepare any filing or submission made with any governmental authority regarding any Antitrust Approval in connection with this Agreement and regarding any investigation or other inquiry by any governmental authority in connection with Antitrust Laws and this Agreement which shall include (i) furnishing to the other such necessary information and reasonable assistance as the other parties may reasonably request in connection with the foregoing, (ii) informing the other parties of any substantive communication with any governmental authority regarding the Transaction, and, if in writing, furnish them with copies of such communications, and (iii) providing counsel for the other parties with copies of all filings made by such party, all substantive correspondence between such party (and its affiliates or advisors) with any governmental authority and other information supplied by such party and such party's affiliates or advisors to a governmental authority or

received from such a governmental authority in connection with Antitrust Laws and the Transaction; provided, however, that materials related to the Antitrust Approvals may be restricted to outside counsel and redacted as necessary to (i) comply with contractual arrangements, (ii) remove references concerning the valuation of the Properties (if allowed), and (iii) preserve legal privilege.  Each party hereto shall (or shall cause Owner to), subject to applicable law, permit counsel for the other parties to review in advance, and consider in good faith the views of the other parties in connection with, any proposed communication to any governmental authority regarding an Antitrust Approval in connection with the Transaction.  The parties agree not to participate, or to permit their affiliates or advisors to participate, in any substantive meeting or discussion, either in person or by telephone or video conference, with any governmental authority regarding an Antitrust Approval in connection with the Transaction unless it consults with the other parties in advance and, to the extent not prohibited by such governmental authority, gives the other parties the opportunity to attend and participate.  If an appropriate filing of the Notification and Report Forms relating to the Transaction is required by the HSR Act and such filing has been made, and if reasonably requested by any governmental authority at least two (2) Business Days prior to the scheduled end of the waiting period under the HSR Act, Purchaser and/or Owners will withdraw and refile under the HSR Act pursuant to HSR rule 803.12(a) and (c).  None of the parties, without the other party's prior written consent (such consent not to be unreasonably withheld, conditioned or delayed), shall (i) enter into any timing, settlement or similar agreement, or otherwise agree or commit to any arrangement, that would have the effect of extending, suspending, lengthening or otherwise tolling the expiration or termination of the waiting period applicable to the Transaction under the HSR Act or any Antitrust Laws, or (ii) otherwise agree or commit to any arrangement, that would bind or commit the parties not to consummate the Transaction (or that would otherwise prevent or prohibit the parties from consummating the Transaction).

7.3     No party shall, and shall cause each of its affiliates not to, take any action which is intended to adversely affect the ability of any of the parties hereto to obtain (or cause delay in obtaining) any necessary Antitrust Approvals of any governmental authority required for the Transaction, from performing its covenants and agreements under this Agreement, or from consummating the Transaction.

## 8.     *CLOSING; CLOSING DOCUMENTS*.

8.1     The consummation of the Transaction ("**_Closing_**") shall be a "New York-style" closing, in which Purchaser shall arrange for the Title Policies to be delivered to Purchaser at Closing even though the Deeds have not yet been recorded, and take place by means of a tri-party escrow (the "**_Closing Escrow_**"), in accordance with this **Article 8**.  The Closing Escrow shall be established with Escrowee, pursuant to an escrow agreement, the terms of which shall be mutually satisfactory to the parties thereto and consistent with the applicable provisions hereof.  The Closing shall take place within three Business Days after Seller acquires the Acquisition Rights, but in no event later than the Outside Closing Date.  The "**_Outside Closing Date_**" shall mean October 29, 2024, provided that, if Seller is then still diligently pursuing to obtain the Acquisition Rights, Seller shall have the right to extend such date by up to an additional thirty (30) days upon delivery of a written extension notice to Purchaser at least one day prior to the initial Outside Closing Date. As used herein, the term "**_Closing Date_**" shall mean the day of the Closing, as determined in accordance with the immediately preceding sentence.  Seller shall give Purchaser not less than three (3) Business Days' prior notice of the Closing Date.

8.2     At or prior to Closing, Seller shall deposit into the Closing Escrow the items set forth in **Section 6.1.2**, and Purchaser shall deposit into the Closing Escrow the items set forth in **Section 6.2**.**2.**  The Closing Escrow shall be held by Escrowee.

8.3     On the Closing Date, subject to the provisions of **Section 6** but automatically and irrevocably upon compliance with or waiver of the provisions of **Section 6**, (A) Escrowee shall wire transfer the Closing Payment (subject to adjustment in accordance with the closing statement executed and delivered by each of the parties in accordance with **Section 6**) in immediately available federal funds to Seller or at Seller's direction, and (B) the Deeds shall be dated the Closing Date and delivered to Purchaser and sent to the applicable recording offices for recordation.

**9.      SELLER'S AND PURCHASER'S REPRESENTATIONS AND WARRANTIES**.

9.1     Seller represents and warrants as follows:

9.1.1   Seller is a limited liability company, validly existing and in good standing under the laws of the State of Delaware.  At Closing Seller will have all power and authority to sell or cause the sale of the Properties in accordance with the terms of this Agreement.

9.1.2   Subject to obtaining the Acquisition Rights, Seller now has, and at Closing Seller will have, the requisite power and authority to enter into and perform the terms of this Agreement.  The execution and delivery of this Agreement and the consummation of the Transaction have been duly authorized by all necessary parties and no other proceedings on the part of Seller, subject to obtaining the Acquisition Rights, are or at Closing will be necessary in order to permit it to consummate the Transaction.  This Agreement has been duly executed and delivered by Seller and (assuming valid execution and delivery by Purchaser) is a legal, valid and binding obligation of Seller enforceable against it in accordance with its terms.

9.1.3   To Seller's knowledge, (i) Seller's use and ownership of the Properties, and the condition thereof, comply in all material respects with all applicable Environmental Laws, and (ii) the Properties are not in material violation of any Environmental Laws.

9.1.4   Seller has not received any written notice or other communication from any person (including any governmental authority) related to any material liability of any person with respect to the Properties under Environmental Laws.

9.1.5   To Seller's knowledge, (i) there has been no treatment, storage, Release, or exposure of any person to Hazardous Materials at any Property and (ii) no Property is contaminated by Hazardous Materials, in each case so as to give rise to any material liability pursuant to Environmental Laws.

9.2     All of Seller's representations and warranties made in **Section 9.1** (collectively, "***Seller's Warranties***") shall be deemed remade in all material respects on and as of Closing. Seller's Warranties set forth in **Sections 9.1** shall be merged with the Closing, and, if the Closing occurs, Purchaser hereby expressly waives, relinquishes and releases any right or remedy available to it at law, in equity, under this Agreement or otherwise to make a claim against Seller for damages

that Purchaser may incur, or to rescind this Agreement and the Transaction, as a result of any of Seller's Warranties set forth in **Section 9.1** being untrue, inaccurate, or incorrect.  To the extent that Purchaser is deemed to know before the Closing Date that Seller's Warranties are inaccurate, untrue, or incorrect in any way, and the Closing occurs, such Seller's Warranties shall be deemed modified to reflect the extent of Purchaser's deemed knowledge thereof.  Purchaser shall be "deemed to know" any fact, circumstance, or information or shall have "deemed knowledge" of the same to the extent (a) Purchaser has actual knowledge of a particular fact or circumstance or information that is inconsistent with any Seller's Warranty, or (b) this Agreement, the documents executed by Seller in connection with the Closing and any updates thereto delivered by Seller to Purchaser, or Purchaser's due diligence with respect to Seller discloses or reveals a particular fact or circumstance or contains information that is inconsistent with any Seller's Warranty.

3.3    Purchaser represents and warrants as follows:

9.3.1    Purchaser is duly formed or organized, validly existing and in good standing under the laws of the Commonwealth of Massachusetts.  At Closing, Purchaser will have all power and authority to own and operate the Properties.

9.3.2    Purchaser now has, and at Closing Purchaser will have, the requisite power and authority to enter into and perform the terms of this Agreement.  The execution and delivery of this Agreement and the consummation of the Transaction have been duly authorized by all necessary parties and no other proceedings on the part of Purchaser are or at Closing will be necessary in order to permit it to consummate the Transaction.  This Agreement has been duly executed and delivered by Purchaser and (assuming valid execution and delivery by Seller) is a legal, valid and binding obligation of Purchaser enforceable against it in accordance with its terms.

9.3.3    There is no litigation, proceeding or investigation pending or, to Purchaser's actual knowledge, threatened against Purchaser which could reasonably be expected to prevent, enjoin, alter or delay the consummation of the Transaction.

9.3.4    Purchaser has currently available to it, and will have at and after the Closing, funds available to it sufficient to consummate its purchase of the Property and the Transaction.

9.4    All of the representations and warranties of Purchaser contained in this Agreement (collectively, "***Purchaser's Warranties***") shall be deemed remade in all material respects on and as of Closing, underlined provided, however, that to the extent that any changed circumstance or condition not within the control of Purchaser has led to Purchaser's Warranties set forth in **Section 9.3.3** to be no longer factually correct and such changed circumstance or condition is not the result of a breach by Purchaser under this Agreement beyond the expiration of any applicable notice or cure period, in lieu of reaffirming such representation, Purchaser may remake such representation in a manner reflecting such changed circumstance or condition.  Purchaser's Warranties set forth in **Section 9.3** shall be merged with the Closing, and, if the Closing occurs, Seller hereby expressly waives, relinquishes and releases any right or remedy available to it at law, in equity, under this Agreement or otherwise to make a claim against Purchaser for damages that Seller may incur, or to rescind this Agreement and the Transaction, as a result of any of Purchaser's Warranties set forth

in **Section 9.3** being untrue, inaccurate, or incorrect.  To the extent that Seller is deemed to know before the Closing Date that Purchaser's Warranties are inaccurate, untrue, or incorrect in any way, and the Closing occurs, such Purchaser's Warranties shall be deemed modified to reflect the extent of Seller's deemed knowledge thereof.  Seller shall be "deemed to know" any fact, circumstance, or information or shall have "deemed knowledge" of the same to the extent (a) Seller has actual knowledge of a particular fact or circumstance or information that is inconsistent with any Purchaser's Warranty, or (b) this Agreement or the documents executed by Purchaser in connection with the Closing or Seller's due diligence with respect to Purchaser discloses or reveals a particular fact or circumstance or contains information that is inconsistent with any Purchaser's Warranty.

AS A MATERIAL PART OF THE CONSIDERATION FOR THIS AGREEMENT, PURCHASER AGREES TO ACCEPT THE ASSETS ON AN "AS IS" AND "WHERE IS" BASIS, WITH ALL FAULTS, WHETHER KNOWN OR UNKNOWN, AS OF THE CLOSING DATE.   EXCEPT FOR THOSE WARRANTIES AND REPRESENTATIONS, IF ANY, SPECIFICALLY MADE BY SELLER IN THIS AGREEMENT, NO WARRANTY OR REPRESENTATION OF ANY TYPE IS MADE BY SELLER WITH RESPECT TO THE ASSETS INCLUDING, WITHOUT LIMITATION, AS TO ANY OF THE FOLLOWING: (I) FITNESS FOR ANY PARTICULAR PURPOSE; (II) MERCHANTABILITY; (III) CONDITION; (IV) ABSENCE OF DEFECTS OR FAULTS; (V) ABSENCE OF HAZARDOUS OR TOXIC SUBSTANCES; (VI) FLOODING; OR (VII) COMPLIANCE WITH LAWS AND REGULATIONS, INCLUDING, WITHOUT LIMITATION, THOSE RELATING TO HEALTH, SAFETY, AND THE ENVIRONMENT, AS THEY MAY APPLY TO THE CURRENT CONDITION OF THE ASSETS OR PURCHASER'S INTENDED DEVELOPMENT, CONSTRUCTION OR USE, OR FOR ANY OTHER PURPOSE. PURCHASER ACKNOWLEDGES THAT PURCHASER HAS ENTERED INTO THIS AGREEMENT WITH THE INTENTION OF MAKING AND RELYING UPON ITS OWN INVESTIGATION OF THE PHYSICAL, ENVIRONMENTAL, ECONOMIC USE, COMPLIANCE, AND LEGAL CONDITION OF THE ASSETS AND THAT, EXCEPT AS SET FORTH IN THIS AGREEMENT BUT SUBJECT TO SECTION 9.2, PURCHASER IS NOT NOW RELYING, AND WILL NOT LATER RELY, UPON ANY REPRESENTATIONS AND WARRANTIES MADE BY SELLER OR ANYONE ACTING, OR CLAIMING TO ACT, BY, THROUGH OR UNDER SELLER OR ON SELLER'S BEHALF CONCERNING THE ASSETS. THE PROVISIONS OF THIS PARAGRAPH SHALL SURVIVE INDEFINITELY ANY CLOSING OR TERMINATION OF THIS AGREEMENT AND SHALL NOT BE MERGED INTO ANY DOCUMENTS, EXECUTED OR DELIVERED AT CLOSING.   AS USED HEREIN, THE TERM "*HAZARDOUS MATERIALS*" MEANS ANY MATERIAL, SUBSTANCE OR WASTE IN WHATEVER FORM FOR WHICH STANDARDS OF LIABILITY OR CONDUCT MAY BE IMPOSED, OR WHICH, BECAUSE OF ITS QUANTITY, CONCENTRATION, CHEMICAL, CORROSIVE, FLAMMABLE, REACTIVE, TOXIC, INFECTIOUS OR RADIOACTIVE CHARACTERISTICS, EITHER SEPARATELY OR IN COMBINATION WITH ANY SUBSTANCE OR SUBSTANCES, IS REGULATED, PURSUANT TO ENVIRONMENTAL LAWS.   THE TERM SHALL ALSO INCLUDE PETROLEUM (INCLUDING CRUDE OIL OR ANY FRACTION THEREOF) OR PETROLEUM BY-PRODUCTS, POLYCHLORINATED BIPHENYLS, PER- AND POLYFLUOROALKYL SUBSTANCES, ASBESTOS, TOXIC MOLD, RADIATION, AND ALL SUBSTANCES WHICH ARE DEFINED AS A "HAZARDOUS SUBSTANCE" PURSUANT TO 42 USC §9601 (14), AND THOSE SUBSTANCES THAT ARE REGULATED

UNDER THE ENVIRONMENTAL LAWS.   AS USED HEREIN, THE TERM "***ENVIRONMENTAL LAWS***" MEANS ALL FEDERAL, STATE OR LOCAL LAWS (INCLUDING COMMON LAWS), RULES OR REGULATIONS NOW OR HEREAFTER ENACTED CONCERNING POLLUTION, PUBLIC OR WORKER HEALTH OR SAFETY, PROTECTION OF THE ENVIRONMENT, OR THE HANDLING, TREATMENT, STORAGE, TRANSPORTATION, OR RELEASE OF, OR EXPOSURE TO, HAZARDOUS MATERIALS, INCLUDING, WITHOUT LIMITATION, THE FEDERAL COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION AND LIABILITY ACT (CERCLA) 42 USC §9601 ET SEQ., THE RESOURCE CONSERVATION AND RECOVERY ACT OF 1976, 42 USC §6901 ET SEQ., THE FEDERAL TOXIC SUBSTANCES CONTROL ACT, 15 USC §2601 ET SEQ., THE FEDERAL HAZARDOUS MATERIAL TRANSPORTATION LAW, 49 USC §5101 ET SEQ., THE FEDERAL CLEAN AIR ACT, 42 USC §7401 ET SEQ., THE FEDERAL WATER POLLUTION CONTROL ACT, 33 USC §1251 ET SEQ., THE ENVIRONMENTAL LAWS OF THE STATE IN WHICH THE PROPERTIES ARE LOCATED INCLUDING WITHOUT LIMITATION CHAPTER 21E OF MASSACHUSETTS GENERAL LAWS AND/OR THE MASSACHUSETTS CONTINGENCY PLAN, 310 CMR 40.0000 ET SEQ.  AS USED HEREIN, THE TERM "***RELEASE***" MEANS ANY LEAKING, SPILLING, POURING, PUMPING, EMITTING, MIGRATING, INJECTING, ESCAPING, LEACHING, DUMPING, DISCHARGING, DEPOSITING OR DISPOSING OF ANY MATERIAL, SUBSTANCE OR HAZARDOUS MATERIALS INTO OR THROUGH THE ENVIRONMENT (INCLUDING THE AIR, SOIL, GROUNDWATER OR SURFACE WATER) IN SUFFICIENT QUANTITY OR CONCENTRATION SUCH THAT NOTIFICATION TO A GOVERNMENTAL AUTHORITY OR AGENCY IS REQUIRED, OR THAT WOULD GIVE RISE TO LIABILITY OR OBLIGATIONS, UNDER THE ENVIRONMENTAL LAWS.

Seller's Initials: _____       Purchaser's Initials: _____

### 10.   *CLOSING COSTS.*

10.1     Except as set forth in Section 10.2, Purchaser will pay all Escrowee's fees and costs, if any; recording fees for the Deeds or other documents delivered at Closing; the premium for any title policies and any endorsements or the cost of any extended coverage to such title policies that Purchaser elects to obtain; one-half (1/2) of any and all Transfer Taxes (as defined below); the cost of any diligence reports that Purchaser obtains; any costs, expenses or charges in connection with any loan or financing obtained by Purchaser, including, without limitation, the cost of any lender's policy or policies of title insurance issued to any lender to Purchaser; and any other expenses incurred by Purchaser in connection with, or as a result of Purchaser's requirements to complete, the Transaction.  Purchaser shall also pay the fees and expenses of its legal counsel.

10.2     Seller shall pay for the release of any mortgages or similar monetary liens securing the Loan and one-half (1/2) of any and all Transfer Taxes.  Seller shall also pay the fees and expenses of its legal counsel.

10.3     As used herein, the term "***Transfer Taxes***" means all transfer, documentary, sales, use, stamp, registration and other such federal, state and local taxes and fees (including any penalties, interest, additions to tax and costs and expenses relating to such taxes), whether for real or personal property, incurred in connection with the consummation and performance of the

Transaction.  Seller shall timely prepare and file all transfer tax returns and other filings with respect thereto, unless otherwise required by law or agreed to by the parties.  Purchaser and Seller will cooperate with each other in the preparation of any such tax returns or other filings.  The provisions of this **Article 10** shall survive the Closing.

## 11.   *CASUALTY; CONDEMNATION*.

11.1    If, before the Closing, (a) all or any material portion of a Property is destroyed or damaged by fire, other casualty, or any act or occurrence (a "***Casualty***"), Seller shall notify Purchaser thereof promptly after Seller becomes aware thereof, or (b) any condemnation proceedings are commenced or threatened in writing against all or any portion of a Property (a "***Condemnation***"), Seller shall notify Purchaser thereof promptly after Seller becomes aware thereof.

11.2    In any case of a Casualty or Condemnation that occurs with respect to a Property on or before the Closing Date, Purchaser may not remove any such Property that is the subject of the Casualty or Condemnation from the Transaction unless with respect to a Casualty only, the value of such Property's Improvements is reduced by more than twenty percent (20%) (a "***Material Casualty Event***") in which Purchaser shall have the option to terminate the Agreement.  If Purchaser does not opt to terminate the Agreement within five (5) Business Days of notice of a Material Casualty Event, then such Property shall continue to comprise a portion of the Transaction, without any reduction in Purchase Price but there shall be a credit against the Purchase Price due hereunder equal to the amount of any insurance proceeds actually collected by Seller as a result of any such Material Casualty Event less any reasonable, out-of-pocket sums expended by Seller toward the collection of such proceeds or to restoration or repair of the Property.  If the proceeds have not actually been collected as of the Closing, then such proceeds shall be assigned to Purchaser, except to the extent needed to reimburse Seller for sums expended to collect such proceeds or to repair or restore the Property, and Seller shall retain the rights to such proceeds to such extent.

## 12.   *BROKER*.  Seller and Purchaser each represents and warrants to the other, that no brokers or other persons or entities have been instrumental in submitting or showing the Properties to, or procuring Purchaser (herein referred to as "***Broker***").  If any claim for a broker's commission, finder's fee or other like payment in connection with the submission of the Properties or the negotiation, execution or consummation of the Transaction (a "***Broker's Claim***") is asserted against Seller or its affiliates, members, officers, directors, shareholders, partners, agents, employees or advisors, Purchaser shall indemnify, defend and hold harmless Seller and its affiliates, members, officers, directors, shareholders, partners, agents, employees and advisors from and against any and all loss, damage, liability or expense, including costs and reasonable attorneys' fees, which Seller or its affiliates, members, officers, directors, shareholders, partners, agents, employees or advisors may incur or sustain by reason of such Broker's Claim if the Broker's Claim is based upon any statement, representation or agreement shown to have been made or entered into by Purchaser or its agents or representatives.  If any such Broker's Claim is asserted against Purchaser or Purchaser's affiliates, members, officers, directors, shareholders, partners, agents, employees or advisors, Seller shall indemnify, defend and hold harmless Purchaser and Purchaser's affiliates, members, officers, directors, shareholders, partners, agents, employees and advisors from and against any and all loss, damage, liability or expense, including

costs and reasonable attorneys' fees, which Purchaser or Purchaser's affiliates, members, officers, directors, shareholders, partners, agents, employees or advisors may incur or sustain by reason of such Broker's Claim if the Broker's Claim is based upon any statement, representation or agreement shown to have been made or entered into by Seller or its agents or representatives.  The terms of this **Section 12** shall survive the termination of this Agreement and shall also survive Closing and shall not be deemed to merge into any Deed.

13.     ***NOTICE***.  All notices and other communications to be given hereunder shall be in writing and shall be hand delivered or sent by a PDF or similar attachment to electronic mail (provided that notice is also simultaneously sent by one (1) of the other means provided for herein), or sent by registered or certified mail, return receipt requested, with postage prepaid, or sent by Federal Express or other comparable nationwide overnight air courier service to the parties at the following addresses or facsimile numbers (or to such other or further addresses or facsimile numbers as the parties may hereafter designate by like notice similarly sent):

> A.     If intended for Seller, to:
>
>> c/o Apollo Commercial Real Estate Finance, Inc.
>> 9 West 57th Street, Floor 15
>> New York, New York 10019
>> Attention: Scott M. Weiner
>> Email: sweiner@apollo.com
>> Loan Name: Steward Healthcare Portfolio
>>
>> And
>>
>> c/o Apollo Commercial Real Estate Finance, Inc.
>> 9 West 57th Street
>> New York, NY 10036
>> Attention: Anastasia Mironova
>> Email: amironova@apollo.com
>> Loan Name: Steward Healthcare Portfolio
>>
>> And
>>
>> Apollo CRE Asset Management
>> 9 West 57th Street
>> New York, New York 10019
>> Attention: CREAM@apollo.com
>> Loan Name: Steward Healthcare Portfolio
>>
>> And

Latham & Watkins LLP
1271 Avenue of Americas
New York, NY 10020
Attn:  Michelle Kelban
Telephone Number:  (212) 906-1607
Email:  michelle.kelban@lw.com

B.    If intended for Purchaser, to:

BMC Community Hospital Corporation
One Boston Medical Center Place
Boston, MA 02118
Attn:  Jesse Souweine, Chief Transformation Officer
Email:  jesse.souweine@bmc.org

with a copy to:

BMC Community Hospital Corporation
One Boston Medical Center Place
Boston, MA 02118
Attn:  David Beck, Chief Legal Counsel
Email:  david.beck@bmc.org

and

Kirkland & Ellis
333 West Wolf Point Plaza
Chicago, IL 60654
Attn:  Ross Kwasteniet, PC
Email:  Ross.Kwasteniet@kirkland.com

C.    If intended for Escrowee, to:

First American Title Insurance Company
National Commercial Services
200 West Madison Street, Suite 800
Chicago, IL 60606
Telephone Number: 312-917-7220
Email:  jmcintosh@firstam.com

Any notice given hereunder shall be deemed given on the date and at the time of delivery (or the first Business Day thereafter if delivered on Saturday, Sunday or legal holiday) to any of said addresses.  The inability to deliver notice because of changed address or electronic mail address of which no notice was given hereunder, rejection or any refusal to accept any notice shall be deemed to be the receipt of the notice as of the date of such inability to deliver, rejection or refusal

to accept.  Any party's above-named attorney may give an effective and binding notice in accordance with this **Section 13** on behalf of such party.  Further, each notice shall be effective and binding even though the above-described copy of such notice is not received by the above-described parties to whom only a copy of such notice is to be transmitted.

14.     ***POSSESSION***.    On the Closing Date, Seller shall cause possession of the Properties to be delivered to Purchaser subject to the terms of this Agreement.  All risk of loss or damage with respect to the Properties shall pass from Seller to Purchaser at the Closing.

15.     ***TIME OF THE ESSENCE***.  **TIME, WHEREVER SPECIFIED HEREIN FOR THE PERFORMANCE BY SELLER OR PURCHASER OF ANY OF THEIR RESPECTIVE OBLIGATIONS HEREUNDER, IS HEREBY DECLARED TO BE OF THE ESSENCE OF THIS AGREEMENT**.

16.     ***CAPTIONS OR HEADINGS***.  The captions or headings of the Paragraphs of this Agreement are for convenience only, and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement.

17.     ***CONFIDENTIALITY;  PUBLICITY***.    Purchaser shall make no public announcement or other disclosure of this Agreement or any information related to this Agreement to outside brokers or third parties before or after the Closing without the prior written consent of Seller, such consent not to be unreasonably withheld, conditioned or delayed; provided, however, that Purchaser may make disclosure of this Agreement to its lenders, creditors, officers, trustees, employees, accountants, financial advisors, consultants, and agents as necessary to perform its obligations hereunder and to others to the extent necessary in connection with governance or compliance, or as required by law, regulation or to enforce the terms of this Agreement.  The provisions of this **Section 17** shall survive the termination of this Agreement and shall survive Closing.

18.     ***MISCELLANEOUS***.

18.1     This Agreement, and the Exhibits and Schedules attached hereto embody the entire agreement between the parties in connection with this Transaction and there are no oral or parol agreements, representations or inducements existing between the parties relating to this Transaction which are not expressly set forth herein and covered hereby; this Agreement may not be modified except by a written agreement signed by the party to be charged.  Notwithstanding anything to the contrary contained herein or otherwise, the submission by the parties of any drafts of this Agreement or any correspondence with respect thereto is solely for each party's consideration and not for acceptance and execution, has no binding force or effect, does not constitute any option, and does not confer upon Purchaser or Seller or any other party related to either party any title or estate in the Properties.  The terms and conditions of this Agreement shall not be binding upon either party hereto in any way unless and until this Agreement is unconditionally executed and delivered by both parties in their respective sole and absolute discretion.  If this Agreement is not so executed and delivered for any or no reason (including, without limitation, either party's willful or other refusal to do so or bad faith), neither party shall be liable to the other with respect to the Transaction on account of any written or parol

representations, negotiations, any legal or equitable theory (including, without limitation, part performance, promissory estoppel, or undue enrichment) or otherwise.

18.2    This Agreement shall be binding upon and inure to the benefit of the parties hereto, their respective successors and permitted assigns.  Purchaser shall not assign or transfer all or any part of its interest hereunder without the express written consent of Seller (which consent may be withheld in Seller's sole and absolute discretion).

18.3    No written waiver by any party at any time of any breach of any provision of this Agreement shall be deemed a waiver of any breach of any other provision herein or a consent to any subsequent breach of the same or any other provision.  If any action by any party shall require the consent or approval of another party, such consent or approval of such action on any occasion shall not be deemed a consent to or approval of such action on any subsequent occasion or a consent to or approval of any other action on the same or any subsequent occasion.

18.4    *Governing Law; Venue; Service of Process; Waiver of Jury Trial*

18.4.1 THIS AGREEMENT AND ANY DISPUTES, CLAIMS OR CONTROVERSY ARISING OUT OF OR RELATING TO THIS AGREEMENT (WHETHER SOUNDING IN CONTRACT OR TORT LAW) SHALL BE GOVERNED BY THE LAW OF THE COMMONWEALTH OF MASSACHUSETTS WITHOUT REGARD TO CONFLICT OF LAW PRINCIPLES.

18.4.2 EACH OF PURCHASER AND SELLER IRREVOCABLY AND UNCONDITIONALLY SUBMITS, FOR ITSELF AND ITS PROPERTY, TO THE EXCLUSIVE JURISDICTION OF ANY MASSACHUSETTS STATE COURT OR FEDERAL COURT OF THE UNITED STATES OF AMERICA IN SUFFOLK COUNTY, MASSACHUSETTS, AND ANY APPELLATE COURT FROM ANY THEREOF, IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT (WHETHER SOUNDING IN CONTRACT OR TORT LAW), OR FOR RECOGNITION OR ENFORCEMENT OF ANY JUDGMENT, AND EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY AND UNCONDITIONALLY AGREES THAT ALL CLAIMS IN RESPECT OF ANY SUCH ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN SUCH MASSACHUSETTS STATE OR, TO THE EXTENT PERMITTED BY LAW, IN SUCH FEDERAL COURT.  EACH OF THE PARTIES HERETO AGREES THAT A FINAL JUDGMENT IN ANY SUCH ACTION OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW.

18.4.3 EACH OF PURCHASER AND SELLER HEREBY IRREVOCABLY CONSENTS TO SERVICE OF PROCESS BY MAIL, PERSONAL SERVICE OR IN ANY OTHER MANNER PERMITTED BY APPLICABLE LAW, AT THE ADDRESS SPECIFIED IN SECTION 13 HEREOF.

18.4.4 EACH OF PURCHASER AND SELLER HEREBY AGREES TO WAIVE ITS RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF

ACTION BASED UPON OR ARISING HEREUNDER OR ANY DEALINGS BETWEEN THEM RELATING TO THE SUBJECT MATTER OF THIS AGREEMENT, INCLUDING CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS.  EACH PARTY HERETO (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER, AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS **SECTION 18.4.4**.  EACH PARTY HERETO FURTHER WARRANTS AND REPRESENTS THAT IT HAS REVIEWED THIS WAIVER WITH ITS LEGAL COUNSEL AND THAT IT KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL.

18.5     This Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties, it being recognized that both Purchaser and Seller have contributed substantially and materially to the preparation of this Agreement.

18.6     This Agreement may be executed in any number of counterparts which together shall constitute the Agreement.  Executed signature pages of this Agreement transmitted via facsimile or electronic mail or DocuSign shall be valid and binding as original signatures and shall be considered an agreement of the respective parties to fully execute and deliver originally signed copies of this Agreement.

18.7     Should the date provided for under this Agreement for the giving of any notice or the performance of any obligation be a Saturday, Sunday or legal holiday for national banks in the State of Massachusetts, then the giving of such notice or the performance of such obligation, as applicable, shall be excused until the next day which is neither a Saturday, Sunday, or legal holiday.

18.8     In the event of any dispute or litigation arising out of this Agreement (including any post-judgment collection proceedings), the prevailing party (as determined by the court having jurisdiction) shall be entitled to recover its fees and costs (including reasonable attorneys' fees and costs) from the non-prevailing party.

18.9     This Agreement many not be recorded by any party hereto without the prior written consent of the other party hereto.  The provisions of this Section shall survive the Closing or any termination of this Agreement.

18.10     Each of Seller and Purchaser agrees to execute and deliver, at the reasonable request of any other party, such further agreements, instruments, and other documents of transfer and assignment, and to take such other actions, in each case, as the other party may reasonably request, at no out-of-pocket cost or expense to the non-requesting party (other than any de minimis out-of-pocket cost or expense), in order to consummate the Transaction provided the same does not expand the obligations or limit the rights of either party under this Agreement.  Furthermore, after the Closing, the Seller and Purchaser, upon the reasonable request of the other, and at no out-of-

pocket cost or expense (other than any de minimis out-of-pocket cost or expense) to the non-requesting party, shall reasonably promptly execute and deliver such further agreements, instruments, and other documents, and take such other actions, in each case, as the other party may reasonably request, to further the purposes of the Transaction, provided the same does not expand the obligations or limit the rights of either party under this Agreement.

18.11   As used in this Agreement:  (a) the word "or" is not exclusive and the word "including" is not limiting, (b) references to a law include any rule or regulation issued under the law and any amendment to the law, rule or regulation, (c) whenever the words "include," "includes," or "including" appear, they shall be deemed to be followed by the words "without limitation," (d) personal pronouns shall be deemed to include the other genders and the singular to include the plural, and (e) the words "herein," "hereof" and "hereunder" and other words of similar import refer to this Agreement as a whole and not to any particular Article, Section or other subdivision.  Wherever a period of time is stated in this Agreement as commencing or ending on specified dates, such period of time shall be deemed (i) inclusive of such stated commencement and ending dates, and (ii) to commence at 12:00 a.m. (New York City time) on such stated commencement date and to end at 11:59 p.m. (New York City time) on such stated ending date. This Agreement shall be interpreted and enforced without the aid of any canon, custom or rule of law requiring or suggesting construction against the party drafting or causing the drafting of the provision in question.  As used in this Agreement, the term "***Business Day***" means any day of the year, other than Sunday, Saturday or any other day that the Federal Reserve Bank of New York recognizes as a federal holiday.

*[The remainder of this page is intentionally left blank; signature page(s) follows.]*

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year first above set forth.

**PURCHASER:**

**BMC COMMUNITY HOSPITAL CORPORATION**,
a Massachusetts not for profit corporation

By: _____
Name:
Title:

**SELLER:**

**ACREFI CS U, LLC**,
a Delaware limited liability company

By: ACREFI CS U Member, LLC, its Managing Member

　　By: ACREFI Operating, LLC, its Sole Member

　　　　By: Apollo Commercial Real Estate Finance, Inc., its Sole and Managing Member

　　　　　By: ACREFI Management, LLC, its manager

By:_____
Name: _____
Title: _____

<u>Acknowledged and agreed to by the following
in their capacity as Lenders:</u>

**ATHENE ANNUITY AND LIFE COMPANY**,

By: Apollo Insurance Solutions Group LP,
     its investment adviser

    By:  Apollo Global Real Estate Management, L.P.,
        its sub-adviser

        By: Apollo Global Real Estate Management GP, LLC,
        its General Partner


By: _____
Name: _____
Title: _____


**ASPEN AMERICAN INSURANCE COMPANY**,
a Texas corporation,

By: Apollo Asset Management Europe PC LLP,
    its Investment Manager


By: _____
Name: _____
Title: _____


**ASPEN SPECIALTY INSURANCE COMPANY**,
a North Dakota corporation,

By: Apollo Asset Management Europe PC LLP,
    its Investment Manager


By: _____
Name: _____
Title: _____

## AGREEMENT OF ESCROWEE

The undersigned has executed this Agreement solely to confirm its agreement to hold the Purchase Price and any other items, if received, in escrow in accordance with the provisions and otherwise comply with the provisions of Section 2.1, Articles 5, 6, and 8, Article 10, Article 13, and **Exhibit "B"** to this Agreement.

In witness whereof, the undersigned has executed this Agreement as of _____ ___, 2024.

**FIRST AMERICAN TITLE INSURANCE COMPANY**

By: _____
Name:
Title:

**SCHEDULE I**

**BORROWERS[1]**

1. MPT of Brighton-Steward, LLC

2. MPT of Dorchester-Steward, LLC

3. MPT of Methuen-Steward, LLC

4. MPT of Brockton-Steward, LLC

5. MPT of Fall River-Steward, LLC

6. MPT of Haverhill-Steward, LLC

7. MPT of Taunton-Steward, LLC

8. MPT of Ayer-Steward, LLC

---

[1] Each a Delaware limited liability company

**SCHEDULE II**

**OWNERS AND PROPERTIES**

| OWNER | PROPERTY |
|---|---|
| MPT of Brockton-Steward, LLC | Good Samaritan Medical Center: 824 Oak Street (Parcel ID 013-010) N Pearl Street (Parcel ID 013-112R) 235 North Pearl Street (Parcel ID 013-037) Brockton, MA 02301<br><br>See Exhibit A for Legal Description |

**SCHEDULE III**

**PROFORMA TITLE POLICY**

**[To be attached]**

## EXHIBIT "A"

## LEGAL DESCRIPTION OF PROPERTIES

## GOOD SAMARITAN MEDICAL CENTER

Real property in the City of Brockton, County of Plymouth, Commonwealth of Massachusetts described as follows:

Lot A shown on a Plan entitled "Plan of Land in Brockton, MA (Plymouth County) dated August 28, 2012 by Precision Land Surveyors, Inc. as recorded with Plymouth County Registry of Deeds in Plan Book 57, Page 616.

Contained within said Lot A are three parcels of registered land shown as Lot 121, 122 and 123 on Land Court Plan 19967-3 filed with Certificate of Title 11382.

Together with the benefit of a Grant of Drainage Easement from the Trustees of the Kechejian Family Limited Partnership Management Trust, dated June 24, 2008, filed as Document No. 640340 and recorded in Book 36290, Page 293, in common with other entitled thereto.

Assessor's Parcel ID: 013-112R
Assessor's Parcel ID: 013-010
Assessor's Parcel ID: 013-037

## EXHIBIT "B"

### ESCROW PROVISIONS

The Purchase Price and any other sums (including, without limitation, any interest earned thereon), including, without limitation, the Closing Payment, that the parties agree shall be held in escrow (herein collectively called the "***Escrow Deposits***"), shall be held by Escrowee, in trust, and disposed of only in accordance with the following provisions:

To the extent funded in advance of the Closing Date, Escrowee shall invest the Escrow Deposit in a federally insured segregated interest bearing money market accout reasonably satisfactory to both Purchaser and Seller upon the parties supplying the necessary documents to open an interest bearing account, and shall promptly provide Purchaser and Seller with confirmation of the investments made. Escrowee shall not commingle the Escrow Deposits with any funds of Escrowee or others. Escrowee is not responsible for levies by taxing authorities based upon the taxpayer identification number used to establish this interest-bearing account. Escrowee has no liability in the event of failure, insolvency, or inability of the depositary to pay said funds, or accrued interest upon demand for withdrawal. Escrowee is not to be held responsible for the loss of principal or interest on any investment made pursuant to the aforesaid instruction or in the redemption thereof.

If for any reason the Closing does not occur and either party makes a written demand upon Escrowee for payment of the Escrow Deposits, Escrowee shall give written notice to the other party of such demand. If Escrowee does not receive a written objection from the other party to the proposed payment within ten (10) days after the giving of such notice, Escrowee is hereby authorized to make such payment. If Escrowee does receive such written objection within such period, Escrowee shall continue to hold such amount until otherwise directed by written instructions signed by Seller and Purchaser or a final judgment of a court. In the event of a dispute between the Purchaser and Seller, Escrowee may continue to hold the Escrow Deposits pursuant to the terms hereof, or may, at the joint and several cost of the Purchaser and Seller, deposit the same in a court of competent jurisdiction. Escrowee may dispose of the Escrow Deposits in accordance with a court order, and shall be fully protected if it acts in accordance with any such court order.

If the Closing occurs, Escrowee shall deliver the Escrow Deposits to Seller on the Closing Date.

The parties acknowledge that Escrowee is acting solely as a stakeholder at their request and for their convenience, that Escrowee shall not be deemed to be the agent of either of the parties, and that Escrowee shall not be liable to either of the parties for any action or omission on its part taken or made in good faith, but shall be liable for any Liabilities (including actual attorneys' fees, expenses and disbursements) incurred by Seller or Purchaser resulting from actions or omissions taken or made by Escrowee involving gross negligence or willful misconduct on the part of Escrowee. Seller and Purchaser shall jointly and severally indemnify and hold Escrowee harmless from and against all Liabilities (including actual attorneys' fees, expenses and disbursements) incurred in connection with the performance of Escrowee's duties hereunder, except with respect to actions or omissions taken or made by Escrowee involving gross negligence or willful misconduct on the part of Escrowee. The term "***Liabilities***" means, collectively, any and all

conditions (whether latent or patent), losses, costs, damages, claims, liabilities, expenses, demands or obligations of any kind or nature whatsoever, whether fixed or contingent, and whether matured or unmatured.

Purchaser shall pay any income taxes on any interest earned on the Escrow Deposits.  Purchaser represents and warrants to Escrowee that its taxpayer identification number is [to be provided prior to Closing].

Escrowee has executed this Agreement in the place indicated on the signature page hereof in order to confirm that Escrowee shall disburse the Escrow Deposits pursuant to the provisions of this **Exhibit "B"**.

Section 6045(e) of the United States Internal Revenue Code and the regulations promulgated thereunder (herein collectively called the "***Reporting Requirements***") may require an information return to be made to the United States Internal Revenue Service, and a statement to be furnished to Seller, in connection with the Transaction.  If so required, Escrowee is either (x) the person responsible for closing the Transaction (as described in the Reporting Requirements) or (y) the disbursing title or escrow company that is most significant in terms of gross proceeds disbursed in connection with the Transaction (as described in the Reporting Requirements).  Accordingly:

*Escrowee is hereby designated as the "Reporting Person" (as defined in the Reporting Requirements) for the Transaction only for the purposes of filing a 1099-S under the Reporting Requirements.*

*Seller and Purchaser shall furnish to Escrowee, in a timely manner, any information requested by Escrowee and necessary for Escrowee to perform its duties as Reporting Person for the Transaction.*

*Escrowee hereby requests Seller to furnish to Escrowee Seller's correct taxpayer identification number.  Seller acknowledges that any failure by Seller to provide Escrowee with Seller's correct taxpayer identification number may subject Seller to civil or criminal penalties imposed by Law. Accordingly, Seller hereby certifies to Escrowee, under penalties of perjury, that Seller's correct taxpayer identification number is [to be provided prior to Closing].*

The provisions of this **Exhibit "B"** shall survive the Closing or earlier termination of this Agreement.

*[remainder of page intentionally blank]*

**EXHIBIT "C"**

**<u>FORM OF DEED</u>**

When recorded mail to:

_____

_____

_____

_____

**DEED**

     MPT OF BROCKTON-STEWARD, LLC, a Delaware limited liability company (the "Grantor"), for consideration paid of _____ AND 00/100 DOLLARS ($_____.00), grants to BMC COMMUNITY HOSPITAL CORPORATION, a Massachusetts not for profit corporation with an address of c/o One Boston Medical Center Place Boston, MA 02118 (the "Grantee"), with QUITCLAIM COVENANTS, those certain properties located in the City of Brockton, Plymouth County, Massachusetts, more particularly described on <u>Exhibit A</u> attached hereto and incorporated herein (the "Parcel").

     The Parcel is conveyed together with the benefit of, and subject to, all matters of record insofar as applicable and in force.

     The Grantor has not elected to be treated for the current taxable year as a corporation for federal income tax purposes.

     For Grantor's title, see Deed dated October 3, 2016, recorded with the Plymouth Registry District of the Land Court in Book 47563, Page 160.

     *[**The remainder of this page is intentionally left blank**.]*[2]

---

[2] NTD: "Property Address: _____" [filling in the address] is to be typed up the left hand margin of the first page of the deed.

**IN WITNESS WHEREOF**, Grantor has caused this Deed to be signed and delivered as an instrument under seal as of the _____ day of _____, 2024.

**GRANTOR**:

**MPT OF BROCKTON-STEWARD, LLC**, a Delaware limited liability company

By: _____

Name: _____

Title:  _____

STATE/COMMONWEALTH OF [_____]

County of [_____], ss.

On this _____ day of _____, 2024, before me, the undersigned notary public, [name of document signer] personally appeared, proved to me through satisfactory evidence of identification, which was [photo identification], to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose in my presence as _____ of MPT OF BROCKTON-STEWARD, LLC, a Delaware limited liability company, as the voluntary act of [entity].

_____

Notary Public

Print                                              Name:

_____

My              commission              expires:

_____

[affix notarial seal]

**EXHIBIT A TO DEED**

**(LEGAL DESCRIPTION)**

**[TO BE INSERTED]**

**EXHIBIT "D"**

**FORM OF BILL OF SALE AND GENERAL ASSIGNMENT**

**BILL OF SALE AND GENERAL ASSIGNMENT AND ASSUMPTION AGREEMENT**

This BILL OF SALE AND GENERAL ASSIGNMENT AND ASSUMPTION AGREEMENT is made as of the [_____] day of [_____], 2024, between [_____], a [_____] with an address of _____ ("Assignor"), and BMC COMMUNITY HOSPITAL CORPORATION, a Massachusetts not for profit corporation with an address of One Boston Medical Center Place Boston, MA 02118 ("Assignee").

For Ten Dollars and 00/100 Cents ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Assignor, Assignor and Assignee do hereby agree as follows:

1.      <u>Sale and Assignment of Personal Property</u>.

(a)      Assignor hereby sells, transfers, assigns, delivers, sets over and conveys to Assignee all of Assignor's right, title and interest in and to all furniture, fixtures, equipment and other personal property owned by Assignor now existing or at any time hereafter placed in or attached to the properties having addresses of [ ● ] in [ ● ], Massachusetts, as more particularly described on <u>Exhibit A</u> attached hereto (the "Property").

(b)      The personal property hereby sold, transferred, assigned, delivered, set over and conveyed is being sold on an "as is, where is" basis.

2.      <u>General Assignment and Assumption</u>.

(a)      Assignor hereby sells, transfers, assigns, delivers, sets over and conveys to Assignee all right, title and interest of Assignor in and to the following:

(i)      to the extent they may be transferred under applicable law, all licenses, permits and authorizations presently issued in connection with the operation of all or any part of the Property as the same is presently being operated to the extent held by Assignor;

(ii)      to the extent assignable, all warranties and guaranties (if any) issued to or held by Assignor by any manufacturer, supplier, contractor, subcontractor or materialman in connection with the construction or installation of equipment or fixtures included as part of the Property or the maintenance of the Property; and

(iii)      to the extent assignable, all general intangibles relating to each

Property.

(i) through (iii) collectively referred to as the "<u>Property Interests</u>".

(b)     Assignee hereby assumes all obligations of Assignor in connection with or arising out of the Property Interests and accruing from and after the date hereof.

3.     <u>Representations and Warranties</u>.  This Bill of Sale and General Assignment and Assumption Agreement is made without recourse and without representation or warranty of any kind whatsoever, express or implied or by operation of law.

4.     <u>Successors and Assigns</u>.  This Bill of Sale and General Assignment and Assumption Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

5.     <u>Governing Law</u>.  This Bill of Sale and General Assignment and Assumption Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

[Balance of page intentionally left blank; signature pages follow]

IN WITNESS THE EXECUTION HEREOF, under seal, in any number of counterpart copies, each of which shall be deemed to be an original for all purposes, as of the date set forth above.

**ASSIGNOR:**

[_____],      a

_____

By:_____

  Name: _____

  Title:  _____

**ASSIGNEE:**

**BMC COMMUNITY HOSPITAL CORPORATION**, a Massachusetts not for profit corporation

  By: _____

  Name:

  Title:

**EXHIBIT "A"**
**to**
**BILL OF SALE AND GENERAL ASSIGNMENT**


**LEGAL DESCRIPTION**

[attached behind]

**EXHIBIT C**

**WORKING CAPITAL**

**Part 1**
**Defined Terms**

"**Agreed Principles**" means GAAP and the accounting methodologies, principles and procedures used in, and on a basis consistent with, those applied in preparing the 2023 unaudited consolidated financial statements of the Business, which shall be applied in a manner consistent with the ordinary course of business since the Balance Sheet Date and GAAP, *provided* that if such ordinary course of business is determined to not be in accordance with GAAP, then GAAP shall prevail.

"**Purchased Working Capital**" means Net Working Capital as of immediately prior to the Effective Time.

"**Net Working Capital**" means, as of the applicable measurement date,

(a) solely the book value of Inventory included in the line items set forth on Part 2 of this Exhibit C below as of such time, minus

(b) the Liability as of immediately prior to the Effective Time for the Assumed Paid Time Off included in the line items set forth on Part 2 of this Exhibit C, as of such time, in each case, calculated in accordance with the Agreed Principles using the same methodologies used by Seller in preparing the Reference Balance Sheet, as applied to calculate the example set forth on Part 2 of this Exhibit C;

provided that Net Working Capital shall not include any Excluded Assets or Excluded Liabilities.  An example calculation of Net Working Capital as of the Balance Sheet Date, which shall be used as a template for the calculation of Net Working Capital, is attached hereto as Part 2 of this Exhibit C.

**Part 2**
**Sample Calculation**

| | |
|---|---|
| **Inventory** | $13,092,029.22 |
| **Assumed Paid Time Off** | ($22,111,019.88) |
| **Purchased Working Capital** | ($9,018,990.66) |

**EXHIBIT D**

**RETAINED EMPLOYEES**

None.

**EXHIBIT E**

**EXHIBIT E-1**

**FORM OF ASSIGNMENT AND ASSUMPTION OF LEASES
(ASSIGNOR AS LESSOR)**

*[Attached]*

## ASSIGNMENT AND ASSUMPTION OF LEASES
### (Assignor as Lessor)

**THIS ASSIGNMENT AND ASSUMPTION OF LEASES** (this "<u>Agreement</u>") is dated as of [●], 2024 and effective as of the Effective Time by and among (i) St. Elizabeth's Medical Center of Boston, Inc., a Delaware corporation and Steward Good Samaritan Medical Center, Inc., a Delaware corporation (collectively, the "<u>Assignor</u>"), and (ii) BMC Community Hospital Corporation, a Massachusetts non-profit corporation ("<u>Assignee</u>"). Assignor and Assignee may be referred to in this Agreement individually as a "<u>Party</u>" and, collectively, as the "<u>Parties</u>".

### RECITALS:

**A.**     Assignor is the landlord, lessor, sublessor, licensor or other grantor under the leases, subleases, licenses, or other occupancy agreements described on the attached <u>Schedule A</u> (collectively, the "<u>Lessor Leases</u>").

**B.**     As of the Effective Time, Assignor is conveying to Assignee certain assets and interests owned or held by Assignor, as more particularly described in and as contemplated by that certain Asset Purchase Agreement, dated as of August 30, 2024, by and among Assignor, Assignee [and certain of their Affiliates] (as amended, modified or supplemented from time to time, the "<u>Purchase Agreement</u>").

**C.**     Capitalized terms used but not otherwise defined in this Agreement shall have the same meanings ascribed to such terms in the Purchase Agreement.

**D.**     Pursuant to the Purchase Agreement, Assignor has agreed to assign to Assignee all of Assignor's rights under the Lessor Leases.

**E.**     Pursuant to the Purchase Agreement, Assignee has agreed to assume and perform all obligations of Assignor arising under the Lessor Leases.

**F.**     Pursuant to Section 365 of the Bankruptcy Code, Assignor is authorized to assign to Assignee, and Assignee wishes to assume from Assignor, the Lessor Leases.

### AGREEMENT:

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto hereby agree as follows:

**1.**     **ASSIGNMENT**.   Assignor hereby irrevocably grants, sells, assigns, transfers, conveys and delivers over unto Assignee, its successors and assigns, all of Assignor's estate, right, title and interest under, in and to the Lessor Leases, together with all rights, privileges, claims and tenant security deposits relating to the Lessor Leases.

**2.**     **ASSUMPTION**.   Assignee hereby acquires, assumes, receives and accepts, as of the Effective Time, the foregoing assignment and expressly assumes and agrees to pay, perform and/or discharge all obligations of Assignor which arise under the Lessor Leases.

**3.**     **EXCLUDED LIABILITIES**.   The Excluded Liabilities are expressly excluded from the obligations being assumed by Assignee under this Agreement.

**4.   THIRD PARTY RIGHTS**.   Assignee's assumption of the Lessor Leases from Assignor, to the extent provided herein, shall not enlarge the rights of any third party under the Lessor Leases; nor shall it prevent Assignee, with respect to any party other than Assignor, from contesting or disputing any liability, or the terms and provisions of the Lessor Leases.

**5.   BINDING EFFECT**.   This Agreement and the covenants and agreements herein contained shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

**6.   NO MODIFICATION OF PURCHASE AGREEMENT**.   This Agreement is delivered pursuant to the Purchase Agreement (including, without limitation, any surviving representations, warranties, covenants, and agreements contained therein) and is subject in all respects to the provisions thereof and is not meant to alter, enlarge or otherwise modify the provisions of the Purchase Agreement. In the event of a conflict between the terms and conditions of this Agreement and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.

**7.   SOLE REMEDY**.   The sole and exclusive remedy of Assignee and Assignor with respect to any breach of this Agreement shall be as set forth in the Purchase Agreement.

**8.   GOVERNING LAW.**   The provisions of Sections 10 (Specific Performance), 13.1 (Notice), 13.2 (Choice of Law; Venue), and 13.4 (Waiver of Jury Trial) of the Purchase Agreement, are hereby incorporated herein by reference and shall apply *mutatis mutandis*, to this Agreement.

**9.   SEVERABILITY.**   If any term or provision of this Agreement is held invalid, illegal or unenforceable in any respect under any applicable Law, as a matter of public policy or on any other grounds, the validity, legality and enforceability of all other terms and provisions of this Agreement will not in any way be affected or impaired.   If the final judgment of a court of competent jurisdiction or other Governmental Authority declares that any term or provision hereof is invalid, illegal or unenforceable, the Parties agree that the court making such determination will have the power to reduce the scope, duration, area or applicability of the term or provision, to delete specific words or phrases, or to replace any invalid, illegal or unenforceable term or provision with a term or provision that is valid, legal and enforceable and that comes closest to expressing the intention of the invalid, illegal or unenforceable term or provision.

**10.   MODIFICATION**.   This Agreement may be modified or supplemented only by written agreement of the Parties hereto.

**11.   COUNTERPARTS**.   This Agreement may be executed in any number of counterparts, each and all of which shall be deemed an original and all of which together shall constitute but one and the same instrument. The facsimile signature of any Party to this Agreement or a PDF copy of the signature of any Party to this Agreement delivered by electronic mail for purposes of execution or otherwise, is to be considered to have the same binding effect as the delivery of an original signature on an original contract.

[SIGNATURE PAGES FOLLOW]

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement effective as of the Effective Time.

**ASSIGNOR:**

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.

By: _____

Name: _____

Title: _____

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

By: _____

Name: _____

Title: _____

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement effective as of the Effective Time.

<div style="margin-left: 40%;">

**ASSIGNEE:**

BMC COMMUNITY HOSPITAL
CORPORATION

By:_____
Printed Name: _____
Its: _____

</div>

**SCHEDULE A**

**Lessor Leases**

1.  [TBD

**EXHIBIT E-2**

**FORM OF ASSIGNMENT AND ASSUMPTION OF LEASES**
(Assignor as Tenant)

***[Attached]***

**ASSIGNMENT AND ASSUMPTION OF LEASES**
(Assignor as Tenant)

This **ASSIGNMENT AND ASSUMPTION OF LEASES** (this "Agreement") is dated as of [●], 2024 and effective as of the Effective Time by and among (i) St. Elizabeth's Medical Center of Boston, Inc., a Delaware corporation and Steward Good Samaritan Medical Center, Inc., a Delaware corporation (collectively, the "Assignor"), and (ii) BMC Community Hospital Corporation, a Massachusetts non-profit corporation ("Assignee"). Assignor and Assignee may be referred to in this Agreement individually as a "Party" and, collectively, as the "Parties".

**RECITALS:**

**A.** Assignor is the tenant, lessee, sublessee, licensee or grantee under the leases, subleases, licenses or other occupancy agreements described on the attached Schedule A (collectively, the "Tenant Leases").

**B.** As of the Effective Time, Assignor is conveying to Assignee certain assets and interests owned or held by Assignor, as more particularly described in and as contemplated by that certain Asset Purchase Agreement, dated as of [●], 2024, by and among Assignor, Assignee [and certain of their Affiliates] (as amended, modified or supplemented from time to time, the "Purchase Agreement").

**C.** Capitalized terms used but not otherwise defined in this Agreement shall have the same meanings ascribed to such terms in the Purchase Agreement.

**D.** Pursuant to the Purchase Agreement, Assignor has agreed to assign to Assignee all of Assignor's rights under the Tenant Leases.

**E.** Pursuant to the Purchase Agreement, Assignee has agreed to assume and perform all obligations of Assignor arising under the Tenant Leases.

**F.** Pursuant to Section 365 of the Bankruptcy Code, Assignor is authorized to assign to Assignee, and Assignee wishes to assume from Assignor, the Tenant Leases.

**AGREEMENT:**

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto hereby agree as follows:

**1.** **ASSIGNMENT**.  Assignor hereby irrevocably grants, sells, assigns, transfers, conveys and delivers over unto Assignee, its successors and assigns, all of Assignor's estate, right, title and interest under, in and to the Tenant Leases, together with all rights, privileges, claims and tenant security deposits relating to the Tenant Leases.

**2.** **ASSUMPTION**.  Assignee hereby acquires, assumes, receives and accepts, as of the Effective Time, the forgoing assignment and expressly assumes and agrees to pay, perform and/or discharge all obligations of Assignor which arise under the Tenant Leases.

3. **EXCLUDED LIABILITIES**. The Excluded Liabilities are expressly excluded from the obligations being assumed by Assignee under this Agreement.

4. **THIRD PARTY RIGHTS**. Assignee's assumption of the Tenant Leases from Assignor, to the extent provided herein, shall not enlarge the rights of any third party under the Tenant Leases; nor shall it prevent Assignee, with respect to any party other than Assignor, from contesting or disputing any liability, or the terms and provisions of the Tenant Leases.

5. **BINDING EFFECT**. This Agreement and the covenants and agreements herein contained shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

6. **NO MODIFICATION OF PURCHASE AGREEMENT**. This Agreement is delivered pursuant to the Purchase Agreement (including, without limitation, any surviving representations, warranties, covenants, and agreements contained therein) and is subject in all respects to the provisions thereof and is not meant to alter, enlarge or otherwise modify the provisions of the Purchase Agreement. In the event of a conflict between the terms and conditions of this Agreement and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.

7. **SOLE REMEDY**. The sole and exclusive remedy of Assignee and Assignor with respect to any breach of this Agreement shall be as set forth in the Purchase Agreement.

8. **GOVERNING LAW.** The provisions of Sections 10 (Specific Performance), 13.1 (Notice), 13.2 (Choice of Law; Venue), and 13.4 (Waiver of Jury Trial) of the Purchase Agreement, are hereby incorporated herein by reference and shall apply *mutatis mutandis*, to this Agreement.

9. **MODIFICATION**. This Agreement may be modified or supplemented only by written agreement of the Parties hereto.

10. **SEVERABILITY.** If any term or provision of this Agreement is held invalid, illegal or unenforceable in any respect under any applicable Law, as a matter of public policy or on any other grounds, the validity, legality and enforceability of all other terms and provisions of this Agreement will not in any way be affected or impaired. If the final judgment of a court of competent jurisdiction or other Governmental Authority declares that any term or provision hereof is invalid, illegal or unenforceable, the Parties agree that the court making such determination will have the power to reduce the scope, duration, area or applicability of the term or provision, to delete specific words or phrases, or to replace any invalid, illegal or unenforceable term or provision with a term or provision that is valid, legal and enforceable and that comes closest to expressing the intention of the invalid, illegal or unenforceable term or provision.

11. **COUNTERPARTS**. This Agreement may be executed in any number of counterparts, each and all of which shall be deemed an original and all of which together shall constitute but one and the same instrument. The facsimile signature of any Party to this Agreement or a PDF copy of the signature of any Party to this Agreement delivered by electronic

mail for purposes of execution or otherwise, is to be considered to have the same binding effect as the delivery of an original signature on an original contract.

[SIGNATURE PAGES FOLLOW]

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement effective as of the Effective Time.

**ASSIGNOR:**

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.

By: _____
Name: _____
Title: _____

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

By: _____
Name: _____
Title: _____

[Signature Page to Assignment and Assumption of Lease (Assignor as Tenant)]

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement effective as of the Effective Time.

**ASSIGNEE:**

BMC COMMUNITY HOSPITAL CORPORATION

By:_____

Printed Name: _____

Its: _____

[Signature Page to Assignment and Assumption of Lease (Assignor as Tenant)]

**SCHEDULE A**

**Tenant Leases**

1. [TBD]

[Schedule A to Assignment and Assumption of Lease (Assignor as Tenant)]

**EXHIBIT F**

**FORM OF BILL OF SALE**

*[Attached.]*

# BILL OF SALE

THIS BILL OF SALE (this "Bill of Sale") is made and entered into as of [●], 2024, effective as of the Effective Time, by and among (i) St. Elizabeth's Medical Center of Boston, Inc., a Delaware corporation and Steward Good Samaritan Medical Center, Inc., a Delaware corporation (collectively, the "Grantor"), and (ii) BMC Community Hospital Corporation, a Massachusetts non-profit corporation ("Grantee"). Grantor and Grantee may be referred to in this Bill of Sale individually as a "Party" and, collectively, as the "Parties".

## RECITALS

WHEREAS, Grantor and Grantee are parties to that certain Asset Purchase Agreement dated as of August 30, 2024 (as may be amended, supplemented or modified from time to time, the "Purchase Agreement");

WHEREAS, pursuant to the Purchase Agreement, Grantor has agreed to convey to Grantee, and Grantee has agreed to acquire from Grantor, good and marketable title to the Personal Property held by Grantor, upon the terms and conditions in the Purchase Agreement; and

WHEREAS, capitalized terms used but not otherwise defined in this Bill of Sale shall have the same meanings ascribed to such terms in the Purchase Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby agree as follows:

## AGREEMENT

1.      Transfer of Personal Property.  Effective as of the Effective Time, Grantor hereby sells, assigns, transfers, conveys and delivers to Grantee good and marketable title to all of Grantor's Personal Property, free and clear of all Encumbrances other than Permitted Encumbrances, and Grantee hereby acquires, assumes, receives and accepts such Personal Property in accordance with the terms and conditions in the Purchase Agreement. Notwithstanding anything to the contrary in this Bill of Sale, Grantor expressly does not sell, assign, transfer, convey or deliver, and shall retain, the Excluded Assets and Excluded Liabilities.

2.      Conflict with the Purchase Agreement.  This Bill of Sale is subject to and controlled by the terms of the Purchase Agreement, including all of the representations, warranties, covenants and agreements set forth in the Purchase Agreement.  In the event of a conflict between the terms and conditions of this Bill of Sale and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.  Notwithstanding anything to the contrary in this Bill of Sale, nothing herein is intended to, nor shall it, extend, amplify, or otherwise alter the representations, warranties, covenants and obligations of the Parties contained in the Purchase Agreement or the

survival thereof.  Except as expressly set forth in this Bill of Sale or in the Purchase Agreement, Grantor and Grantee do not make any other covenant, representation or warranty regarding the Personal Property.

**3.**     <u>Sole Remedy</u>.  The sole and exclusive remedy of Grantee and Grantor with respect to any breach of this Bill of Sale shall be as set forth in the Purchase Agreement.

**4.**     <u>Miscellaneous</u>.  The terms and provisions of Sections 13.1 (Notice), 13.2 (Choice of Law; Venue), 13.3 (Benefit; Assignment; Delegation), 13.4 (Waiver of Jury Trial), 13.9 (Waiver of Breach), 13.10 (Severability), 13.11 (No Inferences; Sophisticated Parties), 13.12 (Divisions and Headings of this Agreement), 13.13 (No Third-Party Beneficiaries), 13.14 (Entire Agreement; Amendment), 13.15 (Multiple Counterparts) and 13.19 (Interpretation) of the Purchase Agreement are hereby incorporated herein by reference and apply, *mutatis mutandis*, to this Bill of Sale.

[Remainder of Page Intentionally Left Blank; Signature Pages Follow]

IN WITNESS WHEREOF, each of the undersigned has caused this Bill of Sale to be duly executed as of the day and year first above written and effective as of the Effective Time.

**GRANTOR:**

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.

By: _____

Name: _____

Title: _____

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

By: _____

Name: _____

Title: _____

[Signature Page to Bill of Sale]

IN WITNESS WHEREOF, each of the undersigned has caused this Bill of Sale to be duly executed as of the day and year first above written and effective as of the Effective Time.

**GRANTEE:**

BMC COMMUNITY HOSPITAL CORPORATION

By: _____

Name: _____

Title: _____

[Signature Page to Bill of Sale]

**EXHIBIT G**

**FORM OF ASSIGNMENT AND ASSUMPTION AGREEMENT**

*[Attached.]*

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "<u>Assignment</u>") is made and entered into as of [●], 2024, effective as of the Effective Time, by and among (i) St. Elizabeth's Medical Center of Boston, Inc., a Delaware corporation and Steward Good Samaritan Medical Center, Inc., a Delaware corporation (collectively, the "<u>Assignor</u>"), and (ii) BMC Community Hospital Corporation, a Massachusetts non-profit corporation ("<u>Assignee</u>"). Assignor and Assignee may be referred to in this Assignment individually as a "<u>Party</u>" and, collectively, as the "<u>Parties</u>".

## RECITALS

WHEREAS, Assignor and Assignee are parties to that certain Asset Purchase Agreement, dated as of August 30, 2024 (as may be amended, supplemented or modified from time to time, the "<u>Purchase Agreement</u>");

WHEREAS, pursuant to the Purchase Agreement, Assignor has agreed to assign to Assignee all of Assignor's right, title and interest under, in and to (a) the Assumed Contracts to which Assignor is a party, (b) the Assumed Liabilities and (c) any Purchased Assets not conveyed by any other Transaction Document, upon the terms and conditions in the Purchase Agreement;

WHEREAS, pursuant to the Purchase Agreement, Assignee has agreed to accept and assume the Assumed Liabilities, including without limitation, all Liabilities arising under the Assumed Contracts; and

WHEREAS, capitalized terms used but not otherwise defined in this Assignment shall have the same meanings ascribed to such terms in the Purchase Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee hereby agree as follows:

## AGREEMENT

1.      <u>Assignment</u>.  Effective as of the Effective Time and on the terms and conditions of the Purchase Agreement, Assignor hereby sells, assigns, transfers, conveys and delivers to Assignee all of Assignor's right, title and interest, free and clear of all Encumbrances (other than Permitted Encumbrances) under, in and to (a) the Assumed Contracts (other than the Tenant Leases and Third-Party Leases, which are being conveyed to Assignee pursuant to separate instruments), (b) the Assumed Liabilities, and (c) any Purchased Assets not conveyed by any other Transaction Document.

2.      <u>Assumption</u>.  Assignee hereby acquires, assumes, receives and accepts, as of the Effective Time and on the terms and conditions of the Purchase Agreement, (a) the Assumed Contracts (other than the Tenant Leases and Third-Party Leases, which are being conveyed to Assignee pursuant to separate instruments), (b) the Assumed Liabilities, and (c) any Purchased Assets not conveyed by any other Transaction Document. Notwithstanding anything to the

contrary in this Assignment, Excluded Liabilities are expressly excluded from the obligations being assumed by Assignee under this Assignment and Assignor shall retain such Excluded Liabilities.

3.     <u>Conflict with the Purchase Agreement</u>.   This Assignment is subject to and controlled by the terms of the Purchase Agreement, including all of the representations, warranties, covenants and agreements set forth in the Purchase Agreement.  In the event of a conflict between the terms and conditions of this Assignment and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.  Notwithstanding anything to the contrary in this Assignment, nothing herein is intended to, nor shall it, extend, amplify, or otherwise alter the representations, warranties, covenants and obligations of the parties contained in the Purchase Agreement or the survival thereof.  Except as expressly set forth in this Assignment or in the Purchase Agreement, Assignor and Assignee do not make any other covenant, representation or warranty regarding the Assumed Contracts, other Purchased Assets not conveyed by any other Transaction Document or the Assumed Liabilities.

4.     <u>Sole Remedy</u>.  The sole and exclusive remedy of the Assignee and Assignor with respect to any breach of this Assignment shall be as set forth in the Purchase Agreement.

5.     <u>Miscellaneous</u>.  The terms and provisions of Sections 13.1 (Notice), 13.2 (Choice of Law; Venue), 13.3 (Benefit; Assignment; Delegation), 13.4 (Waiver of Jury Trial), 13.9 (Waiver of Breach), 13.10 (Severability), 13.11 (No Inferences; Sophisticated Parties), 13.12 (Divisions and Headings of this Agreement), 13.13 (No Third-Party Beneficiaries), 13.14 (Entire Agreement; Amendment), 13.15 (Multiple Counterparts) and 13.19 (Interpretation) of the Purchase Agreement are hereby incorporated herein by reference and apply, *mutatis mutandis*, to this Assignment.

[Remainder of Page Intentionally Left Blank; Signature Pages Follow]

IN WITNESS WHEREOF, each of the undersigned has caused this Assignment to be duly executed as of the day and year first above written and effective as of the Effective Time.

**ASSIGNOR:**

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.

By: _____

Name: _____

Title: _____

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

By: _____

Name: _____

Title: _____

[Signature Page to Assignment and Assumption Agreement]

IN WITNESS WHEREOF, each of the undersigned has caused this Assignment to be duly executed as of the day and year first above written and effective as of the Effective Time.

**ASSIGNEE:**

BMC COMMUNITY HOSPITAL CORPORATION

By: _____

Name: _____

Title: _____

[Signature Page to Assignment and Assumption Agreement]

**EXHIBIT H**

**FORM OF POWER OF ATTORNEY**

*[Attached.]*

**AUTHORIZATION AND LIMITED POWER OF ATTORNEY FOR USE OF
DEA REGISTRATION/PHARMACY LICENSE**

THIS AUTHORIZATION AND LIMITED POWER OF ATTORNEY FOR USE OF DEA REGISTRATION/ PHARMACY LICENSE (this "Limited Power of Attorney") is made and entered into as of [●], 2024, effective as of the Effective Time, by and among BMC Community Hospital Corporation, a Massachusetts non-profit corporation ("Buyer"), and St. Elizabeth's Medical Center of Boston, Inc., a Delaware corporation and Steward Good Samaritan Medical Center, Inc., a Delaware corporation (collectively, the "Seller"),.  Through this Limited Power of Attorney, Seller authorizes Buyer to use Seller's Federal Drug Enforcement Administration ("DEA") registration numbers, pharmacy licenses and any other registrations required under the laws of the United States or the Commonwealth of Massachusetts (collectively, the "Registrations and Licenses") so that Buyer may utilize the privileges and benefits of said Registrations and Licenses for the limited purposes of ordering, storing, distributing, dispensing, prescribing and handling controlled substances, and otherwise continuing pharmacy operations (collectively, "Controlled Substance and Pharmacy Activities") at the pharmacies and locations set forth on Schedule A (collectively, the "Locations"), the assets of which Buyer is acquiring from Seller pursuant to that certain Asset Purchase Agreement, dated as of August 30, 2024, by and among Buyer, Seller and other parties thereto (the "Purchase Agreement").  Capitalized terms used but not defined in this Limited Power of Attorney have the respective meanings for such terms that are set forth in the Purchase Agreement.

Seller hereby makes, constitutes and appoints Buyer, and its designated pharmacist-in-charge, as its true and lawful attorney-in-fact in Seller's name, place and stead to carry out and perform the purposes and terms of this Limited Power of Attorney, based upon the following terms and covenants:

1.    Buyer is hereby allowed to engage in and carry out the Controlled Substance and Pharmacy Activities at the Locations under and utilizing Seller's Registrations and Licenses as an agent of Seller, beginning as of the Effective Time and ending at the earlier date of Buyer's obtaining its own Registrations and Licenses for the Locations (collectively, the "Buyer's Registrations and Licenses") or forty-five (45) days after the Effective Time (the "Outside Date"), unless despite Buyer's good faith efforts and as a result of delays by an applicable Governmental Authority, Buyer has not obtained Buyer's Registrations and Licenses as of the Outside Date, in which case this Limited Power of Attorney shall automatically extend for additional one (1) month periods (each an "Extension Month") until all of such Buyer's Registrations and Licenses are obtained.  Any such Extension Month shall immediately expire upon Buyer's receipt of all of Buyer's Registrations and Licenses.

2.    Without limitation, the Controlled Substance and Pharmacy Activities shall include, and Seller hereby makes, constitutes and appoints Buyer its true and lawful attorney-in-fact in Seller's name, place and stead to execute applications for books of official order forms and to sign such order forms in requisition for Schedules I, II, III, IV and V controlled substances, in accordance with Section 308 of the Controlled Substances Act (21 U.S.C. Section 828) and part 1305 of

Title 21 of the Code of Federal Regulations, as is necessary for the treatment of patients at the Locations from and after the Effective Time.

3.    Seller recognizes that it remains legally responsible for Seller's Registrations and Licenses, during the period in which this Limited Power of Attorney is in effect. Therefore, Seller grants this Limited Power of Attorney based upon the following covenants and warranties of Buyer: (a) Buyer shall follow and abide by and comply with all federal and state Laws governing the regulation of controlled substances and pharmacy practice at all times while utilizing this Limited Power of Attorney; and (b) Buyer, or its designee, shall make application for and pursue Buyer's Registrations and Licenses, as soon as practicable after the Effective Time.

4.    Subject to, and except as required by, applicable Laws and requests of the relevant Governmental Authorities, during the period from the Effective Time until Buyer obtains Buyer's Registrations and Licenses, Seller shall not take any action (or fail to take any action) that would reasonably be expected to result in the termination of the operation of the existing Controlled Substance and Pharmacy Activities under the existing Registrations and Licenses, nor submit any inventories or return any of the Registrations and Licenses to any Governmental Authority until after Buyer's receipt of all of Buyer's Registrations and Licenses.

5.    Buyer agrees to indemnify, defend and hold harmless Seller, its Affiliates, and its and their respective Representatives, managers, equityholders, members, principals, successors, heirs, and assigns (collectively, "Indemnitees") from and against any Losses, incurred by Indemnitees related to Buyer's use of Seller's Registrations and Licenses.

6.    This Limited Power of Attorney may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement, binding on all of the parties hereto.

7.    This Limited Power of Attorney, and applicable and related provisions of the Purchase Agreement, constitutes the entire agreement of the parties hereto with respect to use of Seller's Registrations and Licenses. Any alteration or modification of the provisions of this Limited Power of Attorney shall not be effective unless reduced to writing or executed by the parties hereto. This Limited Power of Attorney is governed by and shall be construed under the laws of the State of Delaware. The terms and provisions of this Limited Power of Attorney are severable, and should any clause or provision hereof be unenforceable or be declared invalid for any reason whatsoever, this Limited Power of Attorney shall be construed and read as if such invalid or unenforceable clause or provision were omitted.

[Remainder of Page Intentionally Left Blank; Signature Pages Follow]

This Limited Power of Attorney is made effective as of the Effective Time.

**BUYER:**

BMC COMMUNITY HOSPITAL CORPORATION

By: _____

Name: _____

Title:_____

**SELLER:**

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF
BOSTON, INC.

By: _____
Name: _____
Title: _____


STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

By: _____
Name: _____
Title: _____

[Signature Page to Limited Power of Attorney]

**Acknowledged By:**

By: _____

Name: _____

Title: Pharmacist-in-Charge _____

[Signature Page to Limited Power of Attorney]

**WITNESSES:**

1.   _____
    Name:_____

2.   _____
    Name:_____

[Signature Page to Limited Power of Attorney]

**SCHEDULE A**
**Registrations and Licenses**

| Registration/License Type | Entity Name/Address | Registration/License Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

[Schedule A to Limited Power of Attorney]

**EXHIBIT I**

**FORM OF TRADEMARK ASSIGNMENT AGREEMENT**

*[Attached.]*

## INTELLECTUAL PROPERTY ASSIGNMENT AGREEMENT

THIS INTELLECTUAL PROPERTY ASSIGNMENT AGREEMENT (this "Assignment") is made and entered into as of [●], 2024, effective as of the Effective Time, by and among (i) St. Elizabeth's Medical Center of Boston, Inc., a Delaware corporation and Steward Good Samaritan Medical Center, Inc., a Delaware corporation (collectively, the "Assignor"), in favor of (ii) BMC Community Hospital Corporation, a Massachusetts non-profit corporation ("Assignee") (each of Assignor and Assignee, a "Party" and, together, the "Parties").

## RECITALS

WHEREAS, Assignor owns certain intellectual property as set forth on the attached Schedules A and B (collectively, the "Assigned IP");

WHEREAS, pursuant to that certain Asset Purchase Agreement (as may be amended, supplemented or modified from time to time, the "Purchase Agreement") dated as of August 30, 2024, by and among Assignor, Assignee [and certain of their Affiliates], Assignor has agreed to sell, convey, transfer and assign all right, title and interest to the Assigned IP to Assignee, and has agreed to execute and deliver this Assignment, for recording with the United States Patent and Trademark Office, the United States Copyright Office and corresponding entities or agencies in any applicable jurisdictions;

WHEREAS, Assignee desires to purchase, acquire and accept delivery of the Assigned IP from Assignor; and

WHEREAS, capitalized terms used but not otherwise defined in this Assignment shall have the same meanings ascribed to such terms in the Purchase Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignors and Assignee hereby agree as follows:

## AGREEMENT

1. <u>Assignment of Trademarks</u>.  Effective as of the Effective Time, and pursuant to the Purchase Agreement, Assignor hereby sells, transfers, conveys, assigns and delivers to Assignee, and Assignee hereby acquires, assumes, receives and accepts all right, title and interest, free and clear of all Encumbrances (other than Permitted Encumbrances) of Assignor in and to (a) the trademarks and trademark applications set forth in Schedule A hereto, together with the goodwill of the business associated therewith and symbolized thereby; (b) all renewals and extensions of any such application, registration and filing; (c) all income, royalties, damages, claims, and payments now or hereafter due or payable under and with respect thereto, including, without limitation, damages, claims, and payments for past and future infringements thereof; (d) all rights to sue for past, present, and future infringements of the foregoing, including the right to settle suits involving claims and demands for royalties owing; (e) all rights corresponding to any of the foregoing throughout the world; and (f) the right to assign the rights conveyed herein, the

same to be held and enjoyed by Assignee for its own use and benefit, and for the benefit of its successors, assigns, and legal representatives (collectively, the "Assigned Trademarks").

2.       Assignment of Copyrights.  Effective as of the Effective Time, and pursuant to the Purchase Agreement, Assignor sells, transfers, conveys, assigns and delivers to Assignee, and Assignee acquires, assumes, receives and accepts all right, title and interest, free and clear of all Encumbrances (other than Permitted Encumbrances) of Assignor in and to (a) the copyrights and copyright registrations set forth in Schedule B hereto; (b) including all copies, versions, derivative works, extensions or renewals thereof, in whatever medium of expression; (c) all income, royalties, damages, claims, and payments now or hereafter due or payable under and with respect thereto, including, without limitation, damages, claims, and payments for past and future infringements thereof; (d) all rights to sue for past, present, and future infringements of the foregoing, including the right to settle suits involving claims and demands for royalties owing; (e) all rights corresponding to any of the foregoing throughout the world; and (f) the right to assign the rights conveyed herein, the same to be held and enjoyed by Assignee for its own use and benefit, and for the benefit of its successors, assigns, and legal representatives (collectively, the "Assigned Copyrights").

3.       Conflict with the Purchase Agreement.  This Assignment is subject to and controlled by the terms of the Purchase Agreement, including all of the representations, warranties, covenants and agreements set forth in the Purchase Agreement.  In the event of a conflict between the terms and conditions of this Assignment and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.  Notwithstanding anything to the contrary in this Assignment, nothing herein is intended to, nor shall it, extend, amplify, or otherwise alter the representations, warranties, covenants and obligations of the parties contained in the Purchase Agreement or the survival thereof.  Except as expressly set forth in this Assignment or in the Purchase Agreement, Assignor and Assignee do not make any other covenant, representation or warranty regarding the Assigned IP.  The Parties intend that this Assignment is for recordation purposes only and its terms shall not modify the applicable terms and conditions of the Purchase Agreement.

4.       Miscellaneous.  The terms and provisions of Sections 13.1 (Notice), 13.2 (Choice of Law; Venue), 13.3 (Benefit; Assignment; Delegation), 13.4 (Waiver of Jury Trial), 13.9 (Waiver of Breach), 13.10 (Severability), 13.11 (No Inferences; Sophisticated Parties), 13.12 (Divisions and Headings of this Agreement), 13.13 (No Third-Party Beneficiaries), 13.14 (Entire Agreement; Amendment), 13.15 (Multiple Counterparts) and 13.19 (Interpretation) of the Purchase Agreement are hereby incorporated herein by reference and apply, *mutatis mutandis*, to this Assignment.

[Remainder of Page Intentionally Left Blank; Signature Pages Follow]

**<u>ASSIGNOR</u>:**

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF
BOSTON, INC.

By: _____
Name: _____
Title: _____


STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

By: _____
Name: _____
Title: _____

[Signature Page to Intellectual Property Assignment Agreement]

**ASSIGNEE:**

BMC COMMUNITY HOSPITAL CORPORATION

By: _____
Name: _____
Title: _____

[Signature Page to Intellectual Property Assignment Agreement]

**SCHEDULE A**
<u>**Trademarks**</u>

| Mark | Jurisdiction | App. No. / App. Date | Reg. No. / Reg. Date | Owner | Status |
|------|-------------|---------------------|---------------------|-------|--------|
|      |             |                     |                     |       |        |

[Schedule A to Intellectual Property Assignment Agreement]

**SCHEDULE B**

<u>**Copyrights**</u>

| Title of Work | Registration No. | Owner |
|---|---|---|
|  |  |  |

**EXHIBIT J**

Intentionally Omitted

**EXHIBIT K**

**FORM OF EMPLOYEE CONTRACT ASSIGNMENT AND ASSUMPTION AGREEMENT**

***[Attached.]***

**EMPLOYEE CONTRACT ASSIGNMENT AND ASSUMPTION AGREEMENT**

THIS EMPLOYEE CONTRACT ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Assignment") is made and entered into as of [●], 2024, effective as of the Effective Time, by and among (i) St. Elizabeth's Medical Center of Boston, Inc., a Delaware corporation and Steward Good Samaritan Medical Center, Inc., a Delaware corporation (collectively, the "Assignor"), and (ii) BMC Community Hospital Corporation, a Massachusetts non-profit corporation ("Assignee"). Assignor and Assignee may be referred to in this Assignment individually as a "Party" and, collectively, as the "Parties".

## RECITALS

WHEREAS, Assignor is party to those certain [physician] employment agreements and [advanced practice provider] employment agreements and/or offer letters, as applicable, listed on Schedule A attached hereto (collectively the "Employment Agreements"), which may be updated from time to time;

WHEREAS, [Assignor,] Assignee [and certain of their Affiliates] are parties to that certain Asset Purchase Agreement, dated as of August 30, 2024 (as may be amended, supplemented or modified from time to time, the "Purchase Agreement");

WHEREAS, pursuant to the Purchase Agreement, Assignor will assign to Assignee all of Assignor's right, title and interest under, in and to (a) the Employment Agreements and (b) the Assumed Liabilities arising under the Employment Agreements;

WHEREAS, pursuant to the Purchase Agreement, Assignee has agreed to accept and assume the Employment Agreements, including without limitation, all Assumed Liabilities arising under the Employment Agreements;

WHEREAS, capitalized terms used but not otherwise defined in this Assignment shall have the same meanings ascribed to such terms in the Purchase Agreement; and

WHEREAS, pursuant to that certain[Order (i) Authorizing and Approving (A) the Sale of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (ii) Granting Related Relief] (Docket No. [●]) issued by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), Assignors are authorized to assign to Assignee, and Assignee wishes to assume from Assignors, the Employment Agreements.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee hereby agree as follows:

## AGREEMENT

1.      Assignment.  Effective as of the Effective Time and on the terms and conditions of the Purchase Agreement, Assignor hereby sells, assigns, transfers, conveys and delivers to

Assignee all of Assignor's right, title and interest, free and clear of all Encumbrances (other than Permitted Encumbrances) under, in and to (a) the Employment Agreements and (b) the Assumed Liabilities arising under the Employment Agreements.

2.      <u>Assumption</u>.  Assignee hereby acquires, assumes, receives and accepts, as of the Effective Time and on the terms and conditions of the Purchase Agreement, (a) the Employment Agreements and (b) the Assumed Liabilities arising under the Employment Agreements. Notwithstanding anything to the contrary in this Assignment, Excluded Liabilities are expressly excluded from the obligations being assumed by Assignee under this Assignment and Assignor shall retain such Excluded Liabilities.

3.      <u>Conflict with the Purchase Agreement</u>.  This Assignment is subject to and controlled by the terms of the Purchase Agreement, including all of the representations, warranties, covenants and agreements set forth in the Purchase Agreement.  In the event of a conflict between the terms and conditions of this Assignment and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.  Notwithstanding anything to the contrary in this Assignment, nothing herein is intended to, nor shall it, extend, amplify, or otherwise alter the representations, warranties, covenants and obligations of the parties contained in the Purchase Agreement or the survival thereof.  Except as expressly set forth in this Assignment or in the Purchase Agreement, Assignor and Assignee do not make any other covenant, representation or warranty regarding the Employment Agreements or the Assumed Liabilities.

4.      <u>Sole Remedy</u>.  The sole and exclusive remedy of the Assignee and Assignor with respect to any breach of this Assignment shall be as set forth in the Purchase Agreement.

5.      <u>Miscellaneous</u>.  The terms and provisions of Sections 13.1 (Notice), 13.2 (Choice of Law; Venue), 13.3 (Benefit; Assignment; Delegation), 13.4 (Waiver of Jury Trial), 13.9 (Waiver of Breach), 13.10 (Severability), 13.11 (No Inferences; Sophisticated Parties), 13.12 (Divisions and Headings of this Agreement), 13.13 (No Third-Party Beneficiaries), 13.14 (Entire Agreement; Amendment), 13.15 (Multiple Counterparts) and 13.19 (Interpretation) of the Purchase Agreement are hereby incorporated herein by reference and apply, *mutatis mutandis*, to this Assignment.

[Remainder of Page Intentionally Left Blank; Signature Pages Follow]

IN WITNESS WHEREOF, each of the undersigned has caused this Assignment to be duly executed as of the day and year first above written and effective as of the Effective Time.

**ASSIGNOR:**

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.

By: _____
Name: _____
Title: _____

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

By: _____
Name: _____
Title: _____

[Signature Page to Employee Contract Assignment and Assumption Agreement]

**ASSIGNEE:**

BMC COMMUNITY HOSPITAL CORPORATION

By: _____

Name: _____

Title: _____

[Signature Page to Employee Contract Assignment and Assumption Agreement]

## SCHEDULE A

**Employment Agreements**

1.      [TBD]

**EXHIBIT L**

Intentionally Omitted

**EXHIBIT M**

**INTERIM MSA TERM SHEET**

*[Attached.]*

# INTERIM MSA TERM SHEET

The following is a summary of the general terms proposed in connection with the transition of the Uniformed Services Family Health Plan ("USFHP") pharmacy from a satellite location on Steward St. Elizabeth's Medical Center of Boston, Inc.'s ("SEMC") hospital license to new ownership under that certain Asset Purchase Agreement by and between [Buyer] ("Stewardship Buyer") and various Steward entities and affiliates, including Steward Health Care System, LLC ("SHCS") and SEMC (the "Stewardship APA").

In connection with preparations for the Stewardship APA, SEMC has applied for a retail pharmacy license through the Board of Pharmacy (the "USFHP Pharmacy License") and has or will obtain other licenses or registrations connected with the USFHP Pharmacy operations necessary to operate the USFHP Business, which SEMC, or SEMC Buyer (as defined below), will transfer or cooperate in good faith with Stewardship Buyer to make filings with regulatory agencies to transfer or otherwise issue to the Stewardship Buyer (the "USFHP Pharmacy License Process"), in the event of a Transaction other than a Provider Only Transaction. If such USFHP Pharmacy License Process is not complete prior to the closing of the transactions under the Stewardship APA, SHCS, SEMC (or, if applicable, SEMC Buyer, as defined below) and Stewardship Buyer will execute an interim agreement to enable the Stewardship Buyer to access pharmacy services necessary and appropriate for the Stewardship Buyer to fulfill its obligations under the Brighton MSA or a Replacement Brighton MSA relating to the USFHP Business until the USFHP Pharmacy License Process is complete ("USFHP Pharmacy Transition Agreement") and Stewardship Buyer has obtained all necessary licenses, registrations, or other approvals.

Additionally, SEMC is in the process of negotiating that certain Asset Purchase Agreement, by and between [Buyer] ("SEMC Buyer") and various Steward entities and affiliates, including SHCS and SEMC (the "SEMC APA") and depending on the timing of the closing of the SEMC APA, the SEMC Buyer may need to be party to the USFHP Pharmacy Transition Agreement.

Except to the extent provided in Section 6.8 of the Stewardship APA, the following terms are not meant to be a binding expression of the terms of the agreement, but instead is intended to serve as a summary of business terms proposed for discussion by the parties. The definitive agreement will be subject to final approval by the parties and review by legal counsel.

| Non-Binding Provisions | |
|---|---|
| • Parties | • SHCS and SEMC <br><br>      ○ If the SEMC hospital is sold, then the SEMC Buyer will be a party <br><br> • Stewardship Buyer |
| • Transition Agreement | If the USFHP Pharmacy License has not yet been obtained by the time that the closing occurs under the Stewardship APA and the USFHP Pharmacy License and all other required licenses, registrations and approvals have not yet been transferred or obtained by Stewardship Buyer, then SEMC (or SEMC Buyer, if the closing has occurred under the SEMC APA) will execute an interim agreement for the Stewardship Buyer to obtain the services needed to fulfill its obligations under the Brighton MSA or a Replacement Brighton MSA with respect to pharmacy services until Stewardship Buyer has obtained all licenses and other registrations required to operate the USFHP Business in compliance with applicable law and fulfill its obligations under the Brighton |

| Non-Binding Provisions | |
|---|---|
| | MSA or a Replacement Brighton MSA<br><br>• SEMC (or SEMC Buyer, depending on timing noted above) will provide the pharmacy services<br><br>    o As part of the pharmacy services, SHCS will provide any other related services needed, e.g., back-office services, software, etc.<br><br>• Stewardship Buyer will make available the following items, which will be transferred to Stewardship Buyer under the Stewardship APA, as further set forth below:<br><br>    o Real estate<br><br>    o Assets and operations<br><br>    o Personnel who perform activities related to the USFHP pharmacy operations or otherwise necessary to operate the USFHP Business[1]<br><br>Pricing: At cost<br><br>Once the USFHP Pharmacy License is obtained by SEMC, it will need to be transferred to Stewardship Buyer.  Once the USFHP Pharmacy License is transferred to Stewardship Buyer and Stewardship Buyer has obtained all other required licenses and registrations, as well as all real estate, personnel, and other assets and other approvals (including but not limited to those related to drug purchasing under applicable governmental programs) required to operate the USFHP Business and fulfill its obligations under the Brighton MSA or a Replacement Brighton MSA, the USFHP Transition Agreement can be terminated, and the drug inventory can be transferred to Stewardship Buyer. |
| • Assets and Operations of USFHP Pharmacy | • Furniture, fixtures and equipment used by the USFHP Pharmacy – these assets can be transferred from SEMC to the Stewardship Buyer whether or not the USFHP Pharmacy License Process is complete at the time of the closing under the Stewardship APA. The drug inventory cannot be transferred to Stewardship Buyer until the USFHP Pharmacy License Process is complete. |
| • Lease | The premises for the USFHP Pharmacy are located at the Brighton Marine campus in SEMC-licensed hospital space.   The Pharmacy is under the Brighton Lease, which will be transferred to Stewardship Buyer in the event that Stewardship Buyer assumes the USFHP Business. |
| • Employee Matters | • Pharmacy technicians employed by SEMC will not be transferred as part of the transaction, but can be leased in the interim.<br><br>• Pharmacists and other employees (e.g., managers) will be transferred to Stewardship Buyer under the Stewardship APA whether or not the |

---

[1] Subject to further confirmation in the event pharmacy laws and regulations may impose certain relevant requirements (e.g., some states may require the PIC be an employee of the licensed pharmacy).

| **Non-Binding Provisions** | |
|---|---|
| | USFHP Pharmacy License Process is complete at the time of the closing under the Stewardship APA.[2] |
| • Licenses | • SEMC has applied for the USFHP Pharmacy License.  Once the USFHP Pharmacy License Process is complete, the USFHP Pharmacy License will be transferred to the Stewardship Buyer post-closing (if the closing has already occurred under the Stewardship APA) or it will be transferred to Stewardship Buyer as of the closing under the Stewardship APA. SEMC shall, or shall ensure that SEMC Buyer shall, keep Stewardship Buyer apprised of the current status of the USFHP Pharmacy License Process.<br><br>• Other licenses and permits, including DEA Registration, Controlled Substance Registrations and out-of-state pharmacy licenses will be transferred to Stewardship Buyer or obtained by Stewardship Buyer (depending on timing). SEMC shall, or shall ensure that SEMC Buyer shall, cooperate in good faith with Stewardship Buyer so that all such required licenses and registrations can be obtained. |

---

[2] Subject to further confirmation in the event pharmacy laws and regulations may impose certain relevant requirements (e.g., some states may require the PIC be an employee of the licensed pharmacy).

## EXHIBIT N

## OTHER PERMITTED ENCUMBRANCES

None.

**EXHIBIT O**

**FORM OF SALE ORDER**

*[Attached]*

---

DISCLOSURE SCHEDULES

to

**ASSET PURCHASE AGREEMENT**

BY AND AMONG

STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.

AND

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

AS SELLERS

AND

BMC COMMUNITY HOSPITAL CORPORATION

AS BUYER

**Dated as of August 30, 2024**

---

The following Disclosure Schedules (the "**Schedules**") have been prepared and delivered in accordance with that certain Asset Purchase Agreement, dated as of August 30, 2024 (the "**Agreement**"), by and among Steward St. Elizabeth's Medical Center of Boston, Inc., a Delaware corporation ("**St. Elizabeth's Medical Center**"), and Steward Good Samaritan Medical Center, Inc., a Delaware corporation ("**Good Samaritan Medical Center**") collectively, the "**Sellers**"), and (ii) BMC Community Hospital Corporation, a Massachusetts non-profit corporation ("**Buyer**"). All capitalized terms used but not otherwise defined herein shall have the respective meanings assigned to them in the Agreement.

These Schedules (including all of the individual sections comprising these Schedules) are intended to qualify, limit and supplement the representations and warranties of Sellers contained in the Agreement. Except as otherwise limited herein, all information and disclosures contained in these Schedules are made as of the date hereof, and their accuracy is confirmed only as of such date and not at any time thereafter, subject to Section 13.17 of the Agreement.

These Schedules are arranged according to the numbered sections contained in Section 3 of the Agreement, and the disclosure in any section of these Schedules shall qualify (a) the corresponding Section of the Agreement and (b) all other Sections of the Agreement to which such disclosure may apply, so long as application to such section is reasonably discernable from such disclosure.

No disclosure in these Schedules relating to any possible breach or violation of any Contract or any Law shall be deemed or construed to constitute an admission by any Party to any third party, or to otherwise imply, that any such breach or violation exists, is reasonably likely to occur or has actually occurred. In no event shall the disclosure of any matter in these Schedules be deemed or construed to expand the scope of Sellers' representations in Section 3 of the Agreement or any Party's obligations, covenants, conditions or agreements contained in the Agreement. Matters reflected in these Schedules may not necessarily be limited to matters required by the Agreement to be reflected in these Schedules. To the extent that any such additional matters are included, they are included for information purposes only.

Any information, matter or document disclosed, incorporated or referenced in, or attached to these Schedules shall not (a) be used as (i) a basis for interpreting the terms "material", "Material Adverse Effect" or other similar terms in the Agreement or to establish a standard of materiality for purposes of the Agreement or otherwise, (ii) an acknowledgement or agreement that any such item or information is "material", (b) represent a determination that such item or matter did not arise in the ordinary course of business, or (c) represent a determination that the consummation of the transactions contemplated by the Agreement requires the consent of any third party.

Headings have been inserted on the sections of these Schedules for convenience of reference only, shall not to any extent have the effect of amending or changing the express description of the sections as set forth in the Agreement, and are not intended to limit the effect, or to expand the scope, of any information or disclosure contained in these Schedules. In addition, all information and disclosures contained in these Schedules shall include all schedules, exhibits, appendices and annexes thereto.

The specification of any dollar amount in the representations or warranties contained in any Schedule is not intended to imply that such amounts, or higher or lower amounts or other items, are or are not material, and no Party shall use the fact of the setting of such amounts in any dispute or controversy as to whether any obligation, item or matter not described herein or included in these Schedules is or is not material for purposes of the Agreement.

The information in these Schedules is being provided solely for the purpose of making disclosures to Buyer under the Agreement. In disclosing this information, Sellers do not waive any attorney-client privilege associated with such information or any protection afforded by the work-product doctrine with respect to any of the matters disclosed or discussed herein.

<div align="center">2</div>

**List of Disclosure Schedules Sections**

| Schedule | Header |
|---|---|
| Schedule 1.1(g) | Assumed Contracts |
| Schedule 1.1(i) | Transferred Intellectual Property |
| Schedule 1.2(h) | Excluded Contracts |
| Schedule 1.2(y) | Excluded Proprietary Materials |
| Schedule 1.2(jj) | Other Excluded Assets |
| Schedule 1.3(f) | Other Assumed Liabilities |
| Schedule 3.1 | Organization of Seller |
| Schedule 3.2(a) | Seller Authority; Non-Contravention; Binding Agreement |
| Schedule 3.5(a) | Historical Financial Information |
| Schedule 3.5(b) | Changes in Accounting Policies |
| Schedule 3.6 | Permits and Approvals |
| Schedule 3.8 | Accreditation |
| Schedule 3.9 | Government Program Participation; Private Programs; NPIs and Provider Numbers; Certified Health Information Technology |
| Schedule 3.10 | Third-Party Payor Cost Reports |
| Schedule 3.11 | Compliance with Laws |
| Schedule 3.12(b) | HIPAA, Information Privacy and Security Compliance |
| Schedule 3.13 | Compliance Program |
| Schedule 3.16 | Intellectual Property |
| Schedule 3.17 | Material Contracts |
| Schedule 3.17(c) | Material Shared Contracts |
| Schedule 3.19 | Owned and Leased Real Property |
| Schedule 3.20 | Insurance |
| Schedule 3.21 | Employee Benefit Plans |
| Schedule 3.22 | Employee Matters |
| Schedule 3.23 | Litigation |
| Schedule 3.24 | Taxes |
| Schedule 3.25 | Environmental Matters |
| Schedule 3.27 | Brokers and Finders |
| Schedule 3.28 | Affiliate Transactions |
| Schedule 4.2(a) | Buyer Authority; Non-Contravention; Binding Agreement |
| Schedule 5.2 | Conduct of Business |
| Schedule 5.3(c) | Substitute Seller Guarantees |

3

| | |
|---|---|
| Schedule 5.5(a) | Antitrust Approvals |
| Schedule 6.1 | Seller Employees |
| Schedule 6.3(c) | Confidentiality; Non-Competition; Non-Solicitation |
| Schedule 7.3(a) | Governmental Approvals |
| Schedule 7.11 | Due Diligence |
| Schedule 7.15 | RCAB |
| Schedule 8.9 | Seller Transaction Expenses |
| Schedule A-2 | Employment Agreements |
| Schedule B | Tenant Lease; Third-Party Leases |

DM_US 206709381-11.087956.0295

Schedule 1.1(g)

Assumed Contracts

(i)

(A) **Transferred Executory Contracts**

[Buyer to Populate]

To be populated in accordance with Section 1.5 of the Agreement, and this Schedule 1.1(g)(i) shall be updated accordingly.

(B) **Transferred Non-Executory Contracts**

[Buyer to Populate, provided all Non-Executory Contracts will transfer]

(ii)

1. Sublease, commencing December 1, 2018, by and between Steward Good Samaritan Medical Center, Inc. and Steward Good Samaritan Radiation Oncology Center, Inc.

2. Medical Group Participation Agreement, dated December 1, 2013, by and between UnitedHealthcare of New England, Inc. and Steward Good Samaritan Radiation Oncology Center, Inc., as amended by that Amendment to Medical Group Participation Agreement, dated October 1, 2018.

3. Medical Group Participation Agreement for Veterans Affairs Community Care Program, dated December 1, 2013, as amended by that Amendment to Medical Group Participation Agreement for Veterans Affairs Community Care Program, dated August 26, 2019.

4. [Buyer to Populate]

5

Schedule 1.1(h)

Assumed Licenses and Permits

MA DPH Clinic License issued to Good Samaritan Radiation Oncology Center (No. 4ZJN, Eff. 11/06/2022, Exp. 11/05/2024).

6

Schedule 1.1(i)

Transferred Intellectual Property

Schedule 3.16(a) is herein incorporated by reference.

Schedule 1.2(h)

Excluded Contracts

1. Agreement of Lease, dated August 20, 2013, by and between Steward Carney Hospital, Inc. and Steward St. Elizabeth's Medical Center of Boston, Inc., as amended by that certain Amended and Restated Sublease, dated August 16, 2022, by and between Steward Carney Hospital, Inc. and Steward St. Elizabeth's Medical Center of Boston, Inc.

2. Medical Services Agreement, by and between Harvard Pilgrim Health Care, Inc. ("Harvard") and SHCN, dated as of January 1, 2018, as amended by that certain Amendment # 1 To Agreement Among Harvard and SHCN, by and between Harvard and SHCN, dated as of January 1, 2020, as amended by that certain Amendment # 2 To Agreement among Harvard Pilgrim Health Care, Inc. and SHCN, by and between Harvard and SHCN, dated as of January 1, 2021, as amended by that certain Amendment #3 To Agreement Between Harvard and SHCN, by and between Harvard and SHCN, dated as of January 1, 2022.

3. Letter of Agreement 2023-2024 Term Renewal of HPHC and TUFTS HP Agreements, by and among Harvard, Tufts and Total Health Plan, and SHCN, dated as of October 6, 2023, not countersigned by Harvard or Tufts.

4. Tufts Health Plan Provider Organization Hospital Health Services Agreement, by and among SHCS, SHCN, and Tufts Health Plan, dated as of January 1, 2009, as amended.

5. Health Services Agreement, by and between Tufts Health Public Plans, Inc. ("Tufts") and SHCN, dated as of July 1, 2015, as amended by that certain Second Amendment to Tufts Health Public Plan - SHCN, Health Services Agreement, by and between Tufts and SHCN, dated as of July 1, 2015, as amended by that certain Third Amendment To The Tufts Health Public Plan - SHCN Health Services Agreement, by and between Tufts and SHCN, dated as of November 1, 2015, as amended by that certain Fifth Amendment To The Tufts Health Public Plans - SHCN Health Services Agreement, by and between Tufts and SHCN, dated as of October 1, 2016, as amended by that certain Sixth Amendment To The Tufts Health Public Plan - SHCN, Health Services Agreement, by and between Tufts and SHCN, dated as of January 1, 2017, as amended by that certain Seventh Amendment To The Tufts Health Public Plans - SHCN Health Services Agreement, by and between Tufts and SHCN, dated as of February 1, 2018, as amended by that certain Eighth Amendment To The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of January 1, 2018, as amended by that certain Ninth Amendment to The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of March 1, 2018, as amended by that certain Tenth Amendment to The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of January 1, 2019, as amended by that certain Eleventh Amendment to The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of December 19, 2019, as amended by that certain Twelfth Amendment to The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of April 1, 2020, as amended by that certain Thirteenth Amendment to The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of January 1, 2020, as amended by that certain Fourteenth Amendment to The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of January 1, 2020, as amended by that certain Fifteenth Amendment to The Health Services Agreement Between Tufts

8

Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of January 1, 2021, as amended by that certain Sixteenth Amendment to The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of January 1, 2022, as amended by that certain Seventeenth Amendment to The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of January 1, 2023, as amended by that certain Eighteenth Amendment to The Health Services Agreement Between Tufts Health Public Plans, Inc. And SHCN, by and between Tufts and SHCN, dated as of January 1, 2024.

6. Health Care Network Agreement, by and between Neighborhood Health Plan, Incorporated ("Neighborhood") and SHCN, dated as of August 14, 2015, as amended by that certain First Amendment to the Health Care Network Agreement, by and between SHCN and Neighborhood Health Plan, Incorporated, dated as of October 1, 2016, as amended by that certain Second Amendment to the Health Care Network Agreement, by and between Neighborhood and SHCN, dated as of September 1, 2017, as amended by that certain Third Amendment to the Health Care Network Agreement, by and between Neighborhood and SHCN, dated as of October 1, 2017, as amended by that certain Fourth Amendment to the Health Care Network Agreement, by and between SHCN and Neighborhood, dated as of March 1, 2018, as amended by that certain Fifth Amendment to the Health Care Network Agreement, by and between SHCN and Neighborhood, dated as of October 1, 2018, as amended by that certain Sixth Amendment to the Health Care Network Agreement, by and between SHCN, AllWays Health Partners, Inc., and AllWays Health Partners Insurance Company (collectively, "AllWays"), dated as of October 1, 2020, as amended by that certain Seventh Amendment to the Health Care Network Agreement, by and between SHCN and AllWays, dated as of January 1, 2022, as amended by that certain Eighth Amendment to the Health Care Network Agreement, by and between AllWays and SHCN, dated as of June 3, 2022, as amended by that certain Ninth Amendment to the Health Care Network Agreement, by and between SHCN and AllWays, dated as of July 1, 2022, as amended by that certain Tenth Amendment to the Health Care Network Agreement, by and between SHCN and AllWays operating under its new legal name "Mass General Brigham Health Plan Inc.," ("MGB") dated as of January 1, 2023, as amended by that certain Eleventh Amendment to the Health Care Network Agreement, by and between SHCN and MGB, dated as of October 1, 2022, as amended by that Twelfth Amendment to the Health Care Network Agreement, by and between SHCN and MGB, dated as of October 1, 2023, as amended by that certain Thirteenth Amendment to the Health Care Network Agreement, by and between SHCN and MGB, dated as of January 1, 2023.

7. Participating Facility Agreement, by and between Boston Medical Center Health Plan, Inc. d/b/a BMC HealthNet Plan and SHCN on behalf of Carney Hospital, Good Samaritan Hospital, Saint Anne's Hospital, Morton Hospital, Holy Family Hospital, Norwood Hospital, St. Elizabeth's Medical Center, and Nashoba Valley Medical Center, dated as of April 1, 2015.

9

Schedule 1.2(y)

Excluded Proprietary Materials

1.  Steward Health Care System Employee Handbooks and Policies.

    a.  Attendance and Punctuality.

    b.  Equal Employment Opportunity (EEO) Policy.

    c.  Mandatory Education and Discipline for Failure to Complete Education.

    d.  Background Screening.

    e.  Criminal Background Check Policy.

    f.  Qualification Verification Policy.

    g.  Dress Code/Personal Appearance Policy.

    h.  Competency Assessment.

    i.  Temporary Employee Policy.

    j.  Holiday Policy.

    k.  On-Call Pay Policy.

    l.  Staff Orientation.

    m.  Staffing Policy.

    n.  Performance Appraisal Policy.

    o.  Shift Differential Policy.

    p.  Staff Qualifications Policy.

    q.  Standards of Performance Disciplinary Action Policy.

    r.  Social Media Policy.

    s.  Drugs and Alcohol Policy.

    t.  Overtime Policy.

    u.  Meal Break Policy.

    v.  Timekeeping Policy.

    w.  Sexual and Unlawful Harassment Policy.

    x.  Leave of Absence Policy.

    y.  Mandatory Nurse Overtime Policy.

    z.  Employee Assistance Program.

    aa.  Separation/Termination of Employment.

    bb.  Massachusetts Sick Leave.

    cc.  Reasonable Accommodation.

    dd.  Talent Acquisition Process Policy.

10

  ee. Immigration Law Compliance (I-9).

  ff. Employee Referral Program.

  gg. Security Officer Policy and Operation Guidelines.

  hh. Diversity, Equity and Inclusion Policy.

  ii. Severe Weather and Community Emergency Absentee Policy.

2. Steward Health Care System Compliance Policies and Procedures.

  a. Steward Health Care System Code of Conduct.

  b. Compliance Reporting and Investigations Policy.

  c. Conflict of Interest.

  d. Government Eligibility Screening and Exclusion from Participation Policy.

  e. False Claims and Payment Fraud Prevention Policy.

  f. Non-Retaliation Policy.

  g. Gifts, Business Courtesies and Tokens of Appreciation to Physicians from Steward Entities.

  h. Gifts & Business Courtesies to/from Vendors.

  i. Employee Response to Non-Routine Government Investigations.

  j. Complimentary Patient Transportation Services.

  k. Document Retention Policy.

  l. Removal, Storage, Secure Transport and Destruction of Confidential Documents (Paper & Data Stored on Electronic Devices).

  m. Compliance Risk Assessment Policy.

  n. Expectations of Compliance with Mandatory New Hire, Annual Training, and Other Focused Education.

  o. Reporting Overpayments for Federal Health Care Programs.

  p. Monitoring Use and Resources Provided to or Received from Referral Sources.

3. 2023/2024 Paid Media – Saint Anne's, Morton, and Good Samaritan Marketing Strategies Document dated March 29, 2024.

4. 2023/2024 Marketing Practice – Saint Anne's, Morton and Good Samaritan Document dated April 1, 2024.

11

<u>Schedule 1.2(jj)</u>

<u>Other Excluded Assets</u>

None.

Schedule 1.5(b)

Available Contract Schedule

See attached.

13

**Available Contracts Schedule**
**Massachusetts - Good Sam and St. Elizabeth**

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **06 Management, LLC** | | | | | | $    661,729 |
| | Good Samaritan Medical Center | Good Samaritan Medical Center, Inc. | SHC_SCC_000001 | Vendor | Management Agreement | |
| | Good Samaritan Medical Center | Good Samaritan Medical Center, Inc. | SHC_UOI_1 | Vendor | Medical Oversight Services Agreement | |
| | Good Samaritan Medical Center | Good Samaritan Medical Center, Inc. | SHC_UOI_2 | Vendor | Inpatient Orthopedic Medical Oversight Services Agreement | |
| **104 Liberty Holding LLC** | | | | | | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_000622 | Real Property Lease | Assignment and Assumption of Lease | 17,725.28 |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_000623 | Real Property Lease | Lease Agreement | - |
| **3B Company Environmental, Ecological** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_000036 | Service Agreement | Amendment 001 to Master Services Agreement | - |
| **3Wp Mob LLC** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000563 | Real Property Lease | Amendment of Lease | 28,001.73 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000564 | Real Property Lease | Memorandum of Lease Commencement Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000565 | Real Property Lease | Lease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000566 | Real Property Lease | Lease Subordination, Non-Disturbance, and Attornment Agreement | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_000708 | Real Property Lease | First Amendment to Lease | 29,539.71 |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_000709 | Real Property Lease | Second Amendment to Lease | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_000710 | Real Property Lease | Third Amendment to Lease | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_000711 | Real Property Lease | Assignment and Assumption of Lease | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_000712 | Real Property Lease | Landlord's Consent to Assignment and Assumption of Lease | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_000713 | Real Property Lease | Lease Agreement | - |
| **A.R.Cataldo Corporation** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center | SHC_SCC_003613 | Supply Chain Agreement - (FA) Facility Operations | Acceptance of Proposal | |
| **Access Retrievex** | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_000593 | Supply Agreement | Tax Report | |
| **Adult & Pediatric Urology Center, PC** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_000679 | Business Associate Agreement | Business Associate and Administrative Services Agreement | |
| **Advanced Elevator Technologies** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_000692 | Equipment Maintenance Service Agreement | Service Agreement | |
| **Advanced Signal Corp.** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_000707 | Supply Agreement | Advanced Signal - Maintence Agreement CNH 8-31-08 | |
| **Advanced Technology** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc.; Steward Health Care System LLC | SHC_SCC_000726 | Supply Agreement | System Support Agreement | |
| **Aeroscout LLC** | | | | | | 207,691.45 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center. | SHC_SCC_013979 | Supply Agreement | Steward Healthcare - Good Sam - STANLEY Healthcare Asset Management Pilot Project | |
| **Aetna Network Services LLC** | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00094 | Payor Agreement | Amendment to Physician Hospital Organization Agreement | |
| **Allston-Brighton Community Development Corporation** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001205 | Real Property Lease | Sublease Agreement | |
| **Alternative Care Providers** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_001130 | Supply Agreement | License Re: Use of Storage Space | |
| **Americorp** | | | | | | 1,567.80 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCAC_01344 | Supply Chain Agreement - (PH) Pharmacy | Amendment to Extend Aethon TUG Robot Rental Agreement - GSMC | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_001318 | Supply Agreement | SL-PH-09144130 Americorp Aethon TUG MSA and Amendments - GSMC | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_001320 | Supply Agreement | SL-MM-0011 - Americorp - Master Rental Agreement - CGSMC - 9.30.17 | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_001322 | Supply Agreement | Purchase Order | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_001321 | Equipment Lease Agreement | Master Rental Agreement | |
| **AM-PM Cleaning Corporation** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_001143 | Service Agreement | AM PM Cleaning - Addendum and Service Agreement - GSMC - 11.14.12 | |
| **Angelica Corporation** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_001401 | Supply Agreement | Good Samaritan Medical Center Rental AGREEMENT - alEx Floor Machines | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_001402 | Supply Agreement | Angelica Corporation - Rental Agreement - GSMC - NO TERMS | |
| **Aryianna Donuts, Inc.** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001611 | Real Property Lease | First Amendment of Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001612 | Real Property Lease | Second Amendment of Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001613 | Real Property Lease | Sublease Agreement | - |
| **Ateb, Inc.** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_001748 | License Agreement | License and Maintenance Agreement | |
| **Auditrax LLC dba Finix** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_001814 | Business Associate Agreement | Business Associate Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_001815 | Supply Chain Agreement - (PS) Purchased Services | Master Services Agreement | |
| **BACTES Imaging Solutions** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SMG_000017 | Business Associate Agreement | Business Associate Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SMG_000020 | Service Agreement | AGREEMENT FOR SERVICES | |
| **Bartos** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_002039 | Supply Agreement | Consignment Request Form | |
| **Baum Manufacturer** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_002074 | Supply Chain Agreement - (NS) Nursing | Price Quote/Protection/Bids | |
| **Bay State Physical rapy of RandoLPh, P.C.** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001142 | Real Property Lease | Notice of Lease Extension | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001143 | Real Property Lease | Amended and Restated Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001144 | Real Property Lease | Sublease Agreement | - |
| **Baytree Leasing** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_002193 | Equipment Lease Agreement | Baytree Leasing Excell  Sep06-Sep11 | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_002194 | Supply Agreement | Lease Agreement | |
| **Beacon Health Strategies, LLC,** | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00098 | Payor Agreement | Provider Services Agreement | |
| **Beacon Hill Hospitality** | | | | | | 139,714.78 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCAC_01394 | Supply Chain Agreement - (PS) Purchased Services | Valet Parking contract | |
| **Beckman** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_002417 | Equipment Lease Agreement | Beckman Coulter - Lease Agreement - SEMC - 4.8.09 | |
| **Belimed Inc** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_002551 | Service Agreement | Service Agreement | |
| **Better Living Medical** | | | | | | 1,075.28 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_014830 | Supply Chain Agreement - (RS) Respiratory | Purchase Agreement | |
| **Big Blue Bug Solutions** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCAC_01507 | Supply Chain Agreement - (PS) Purchased Services | Pest control services | |
| **Bigelow Electrical Company, Inc.** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_002549 | Supply Agreement | Scheduled Maintenance Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_002550 | Supply Agreement | Scheduled Maintenance Agreement | |
| **Bills Taxi** | | | | | | 115,963.36 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_002552 | Business Associate Agreement | Supply Chain Coversheet | |
| **BioSig Technologies, Inc.** | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_002717 | Supply Agreement - (CA) Cardiovascular | SH-CA-27105359_St Elizabeth's Pure EP System Evaluation Agreement_2021_07_30 | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_002718 | Supply Agreement - (CA) Cardiovascular | SH-CA-27105359_St Elizabeth's Pure EP System Evaluation Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_002719 | Supply Agreement | AMENDMENT TO EVALUATION AGREEMENT FOR PRODUCT/SERVICE | |
| **BL Trading** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_002749 | Service Agreement | Service Agreement | |
| **Boston Food Allergy Center LLC** | | | | | | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001204 | Real Property Lease | Medical Office Timeshare Agreement | |
| **Boston Maternal Fetal Medicine LLC** | | | | | | $ - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SMG_000032 | Group Physician Agreement | On-Call Services Agreement | |
| **Boston Medical Center** | | | | | | $ 135,862 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_024309 | Affiliation Agreement | Program Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_024310 | Affiliation Agreement | Letter Of Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_024311 | Affiliation Agreement | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026321 | Affiliation Agreement | Amendment To The Letter Of Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_ONBS_026598 | Training Agreement | Program Letter Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_ONBS_026609 | Training Agreement | Program Letter Agreement | |
| **Boston Public Health Commission** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_002801 | Supply Agreement | Mutual Assistance Agreement | |
| **Bottomline Technologies** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_003082 | Supply Agreement | Sales Order | |
| **Brighton Family Dental Group** | | | | | | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001187 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001188 | Real Property Lease | First Amendment to Sublease | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001189 | Real Property Lease | Second Amendment to Sublease | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001190 | Real Property Lease | Third Amendment to Sublease | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001191 | Real Property Lease | Fourth Amendment to Sublease | - |
| **Brighton Landing Condominium** | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000807 | Real Property Lease | First Amendment to Parking License Agreement | 45,925.00 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000808 | Real Property Lease | Parking License Agreement | |
| **Brighton Lodge No. 2199** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_003144 | Equipment Lease Agreement | AMENDMENT TO LEASE AGREEMENT | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000805 | Real Property Lease | First Amendment of Lease Agreement | 47,660.01 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000806 | Real Property Lease | Lease Agreement | |
| **Brockton Neighborhood Health Center** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000812 | Real Property Lease | First Amendment of Agreement of Lease | 20,329.20 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000813 | Real Property Lease | Second Amendment of Agreement of Lease | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000814 | Real Property Lease | Lease Extension | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000815 | Real Property Lease | Lease Extension | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000816 | Real Property Lease | Lease Extension | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000817 | Real Property Lease | Agreement of Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000818 | Real Property Lease | Lease Extension | - |
| **Brockton Urology** | | | | | | - |
| | | | | | | $   2,034 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026443 | On-Call Agreement | Amendment To On-Call Services Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group Inc. | SHC_ONBS_44754 | On-Call Agreement | | |
| **Brockton Visiting Nurse Association Inc.** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026146 | Inpatient Care Contract | Hospital Inpatient Care Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027564 | Inpatient Care Contract | First Amendment To Hospital Inpatient Care Services Agreement | |
| **Bucky TH System** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_011835 | Supply Agreement | Service Agreement | |
| **Business Objects** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_003179 | Equipment Maintenance Service Agreement | Business Objects - Maintenance Support Renewal -  EXP 12-31-09 | |
| **Cambridge Medical Supply** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_003203 | Business Associate Agreement | Business Associate Agreement | |
| **Cardiac Dimensions Inc.** | | | | | | 22,500.00 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCAC_00882 | Supply Chain Agreement - (CA) Cardiovascular | Carillon Mitral Contour System Trial Product Agreement - SEMC ONLY | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_003249 | Supply Agreement | Steward St Elizabeth's Medical Center of Boston Inc. CTA 8-19 (3) | |
| **CardiacAssist Inc. dba TandemLife** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_003239 | Supply Chain Agreement - (CA) Cardiovascular | TANDEM LIFE LIFE SUPPORT SIMPLIFIED□ AGREEMENT AMENDMENT 2 | |
| **Carran Good Samaritan** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_015548 | Supply Agreement | Standard Support and Maintenance Agreement | |
| **Cataldo Landscaping and Design** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_003611 | Supply Chain Agreement - (FA) Facility Operations | Acceptance of Proposal | |
| **Chestnut Equity Partners I LLC** | | | | | | 2,899.69 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_LSC_000844 | Real Property Lease | Parking Sub-License Agreement | |
| **Chiller Technology** | | | | | | 631,382.29 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCAC_00947 | Supply Chain Agreement - (FA) Facility Operations | HVAC Equipment maintenance agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_003937 | Supply Agreement | Preventative Maintenance and Inspection Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_003938 | Supply Agreement | Preventative Maintenance and Inspection Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_003939 | Supply Agreement | Full Service Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_003940 | Supply Agreement | Preventative Maintenance & Inspections | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_003941 | Service Agreement | Full Service Agreement Preventative Maintenance & Inspections | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_003942 | Supply Agreement | Full Service Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_003943 | Supply Chain Agreement - (FA) Facility Operations | Purchase Order | |
| **Citicorp Vendor Finance** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_004019 | Equipment Lease Agreement | Letter Re: Copies of Countersigned Documents | |
| **CLAIM DOC, LLC** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | | Steward Health Care Network, Inc. | SHC_PAY-00101 | Payor Agreement | Healthcare Provider Services Agreement | |
| **Click View Corporation** | | | | | | 35,049.30 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SCC_PaulYVendors_00096 | Service Agreement | Updates, Extended Service & Support Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SCC_PaulYVendors_00103 | Business Associate Agreement | Business Associate Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_004056 | Supply Agreement | Letter Re: Service and Support Agreement | |
| **Com Net LLC** | | | | | | 564.30 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_010335 | Supply Agreement | Services Agreement | |
| **Commonwealth Air Conditioning & Heating, Inc.,** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004189 | Supply Agreement | CERTIFIED MAINTENANCE CONTRACT | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004190 | Supply Agreement | Certified Maintenance Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004191 | Supply Agreement | Certified Maintenance Agreement | |
| **Commonwealth Care Alliance, Inc.** | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00102 | Payor Agreement | Health System Participation Agreement | |
| **Commonwealth Health Systems, Inc.** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_004199 | Business Associate Agreement | Business Associate Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_004200 | Service Agreement | Acute Dialysis Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_004203 | Supply Agreement | Commonwealth Health System CGSMC Extension Mar13-Apr13 | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_004205 | Supply Agreement | Commonwealth Health System GSMC Extension Jan13-Mar13 | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_004206 | Supply Agreement | Commonwealth Health Systems - Addendum to Acute Dialysis Agreement - GSMC - 1.1.15 - Ongoing | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_004207 | Supply Agreement | Commonwealth Health System - CGSMC Addendum to Acute Dialysis - 4.1.15 | |
| **Compassionate Care Assisted** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PYR_000141 | Service Agreement | INPATIENT SERVICES AGREEMENT | |
| **Compumedics USA** | | | | | | 12,007.57 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004235 | Business Associate Agreement | Business Associate Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004237 | Supply Chain Agreement - (PS) Purchased Services | Purchase Order | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_004236 | Supply Chain Agreement - (PS) Purchased Services | Service Agreement | |
| **Computers Unlimited** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004240 | Business Associate Agreement | Business Associate Agreement | |
| **Contego Medical, Inc,** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004333 | Supply Chain Agreement - (CA) Cardiovascular | SH-CA-24083345 - Contego Medical INC - Neuroguard IEP Purchase Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004334 | Supply Agreement | 025_Steward St Elizabeths (Garcia) CTA_FE 15Mar2021 | |
| **Corning** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_004453 | Supply Agreement | Letter RE: Service Requirements | |
| **CorrTech** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004454 | Supply Agreement | CorrTech - SEMC   Oct03 | |
| **Critical Concepts Inc** | | | | | | 5,806.33 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_004581 | Supply Chain Agreement - (PD) NICU Nursery Peds | Purchase Supply Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_004582 | Supply Chain Agreement - (PD) NICU Nursery Peds | Purchase Supply Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **Curahealth Stoughton LLC** | | | | | | 7,695.98 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000557 | Real Property Lease | First Amendment to Sublease Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000558 | Real Property Lease | Second Amendment to Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000559 | Real Property Lease | Third Amendment to Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000560 | Real Property Lease | Fourth Amendment to Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000561 | Real Property Lease | Notification of Lessor Ownership Change | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000562 | Real Property Lease | Office Building Sublease | - |
| **Dana-Farber Cancer Institute, Inc.** | | | | | | 9,237.60 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004854 | Services Agreement - Laboratory Services | Referral Services | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004855 | Service Agreement | SERVICE-LEVEL MASTER AGREEMENT | |
| **Dana-Farber Cancer Institute, Inc.,** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001389 | Real Property Lease | First Amendment to Amended and Restated Service-Level Master Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001390 | Real Property Lease | Agreement to Lease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001391 | Real Property Lease | Notice of Lease Extension | - |
| **Datascope** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004872 | Supply Agreement | Purchase Order | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_004871 | Service Agreement | Service Proposal | |
| **Davyn Medical INC** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCAC_01520 | Supply Chain Agreement - (RA) Radiology | Davyn Medical Solaris EP Injector Rental Agreement - SEMC | |
| **Diagnostic Laboratory Medicine, Inc.** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_005027 | Service Agreement | LABORATORY SERVICES AGREEMENT | |
| **Digital Innovations, Inc.** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_005097 | Business Associate Agreement | Business Associate Agreement | |
| **Dima Litvak Corp** | | | | | | 44,200.00 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_005104 | Supply Agreement | GRAND-PM SOFTWARE SERVICE CONTRACT | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_005105 | Supply Agreement | Invoice for Purchase Order | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_005106 | Supply Agreement | Service Contract | |
| **Eastern Michigan University Board of Regents** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_005242 | Supply Agreement | Steward☐ SCHOOL AFFILIATION AGREEMENT | |
| **Edwards Lifesciences LLC, Health** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_005352 | Supply Chain Agreement - (SU) Surgery | Second Amendment to Agreement | |
| **EMCOR Services Norast, Inc. - CommAir/BALCO** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_005523 | Equipment Maintenance Service Agreement | Certified Maintenance Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_005526 | Equipment Maintenance Service Agreement | Services Agreement | |
| **Ent Specialists Inc** | | | | | | $   16,800 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_024685 | On-Call Agreement | On-Call Panel Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027453 | On-Call Agreement | | |
| **Epsilon Associates, Inc.** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_005631 | Supply Agreement | Epsilon - SEMC    Feb06 | |
| **Equity Industrail Southeast LP** | | | | | | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000569 | Real Property Lease | License Agreement | 11,228.43 |
| Esp Medical LLC | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001141 | Real Property Lease | Agreement of Lease | - |
| EternalHealth Health System | | | | | | |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00104 | Payor Agreement | Health System Participation Agreement | - |
| Fallon Community Health Plan | | | | | | |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00113 | Payor Agreement | Letter of Agreement | - |
| Fiagon NA LLC | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_005782 | Supply Chain Agreement - (SU) Surgery | Evaluation Use Agreement | - |
| Filemark | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_005793 | Supply Agreement | Software Support and Maintenance Agreement | - |
| Financial Recovery Strategies | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_005800 | Supply Agreement | Authorization Agreement | - |
| First-Call Medical, Inc. | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_005807 | Business Associate Agreement | Business Associate Agreement | - |
| Fluke Biomed | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_005854 | Supply Agreement | Purchase Order | - |
| Framingham State University, | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_005948 | Supply Agreement | Steward☐ SCHOOL AFFILIATION AGREEMENT | - |
| Gastroenterology Management Services, LLC | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_024687 | Management Agreement | Co-Management Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026030 | Management Agreement | Assignment And Amendment To Co-Managment Agreement | |
| Getinge Sales, LLC | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_006452 | Supply Chain Agreement - (PS) Purchased Services | Quotation | |
| GMAC Electrical Testing and Service | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_006579 | Equipment Maintenance Service Agreement | Service Agreement Quotation | |
| Good Samaritan North Easton Surgery Center | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_012154 | Supply Agreement | Membership Application | - |
| Hager-Richter Geoscience, Inc. | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_006663 | Supply Agreement | Letter RE: Proposal Agreement | |
| Hanjani Pc | | | | | | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_001282 | Real Property Lease | Sublease Agreement | - |
| Harding Botanicals | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_006677 | Supply Agreement | Proposal Agreement | |
| Harvard Pilgrim Health Care, Inc | | | | | | |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00111 | Payor Agreement | Medical Services Agreement | - |
| Healthpoint Ltd., dba Healthpoint Biotherapeutics | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_006746 | Purchase/Pricing and Supply Agreement | HealthPoint Biotherapeutics - Purchase Agreement EXP 6.30.14 | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_006747 | Purchase/Pricing and Supply Agreement | HealthPoint Biotherapeutics - Purchase Agreement GSMC Feb12-Jun14 | |
| Heartlab | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_006853 | Services Agreement - Laboratory Services | Standard Service Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **Hollrom** | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_MAT_00011 | SmartCare Services Agreement | | |
| **Housekeeping Management Specialists of** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007239 | Supply Agreement | Agreement | |
| **Hp Boston Owp LLC** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000540 | Real Property Lease | Memorandum of Lease Amendment Effective Date | **20,200.90** |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000541 | Real Property Lease | Amendment of Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000542 | Real Property Lease | Second Amendment of Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000543 | Real Property Lease | Memorandum of Lease Second Amendment Effective Date | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000544 | Real Property Lease | Third Amendment of Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000545 | Real Property Lease | Fourth Amendment of Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000546 | Real Property Lease | Memorandum of Lease Commencement Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000547 | Real Property Lease | Lease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000548 | Real Property Lease | Notification of New Lessor Ownership | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000549 | Real Property Lease | Subordination, NonDisturbance, and Attornment Agreement | - |
| **HSM Consulting** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007278 | Service Agreement | Statement of Work #13 to Master Service Agreement | |
| **HTA - Good Sam Cancer Center, LLC** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000820 | Real Property Lease | Assignment and Assumption of Lease | **79,352.74** |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000821 | Real Property Lease | Amended and Restated Master Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000822 | Real Property Lease | Omnibus Amendment to Amended and Restated Master Leases | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000823 | Real Property Lease | Agreement of Right of First Refusal | - |
| **HTA - Good Sam MOB, LLC** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000550 | Real Property Lease | Amended and Restated Notice of Lease | **442,314.22** |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000551 | Real Property Lease | Assignment and Assumption of Leases | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000552 | Real Property Lease | Guaranty of Master Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000553 | Real Property Lease | Amended and Restated Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000554 | Real Property Lease | Omnibus Amendment to Amended and Restated Notice of Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000555 | Real Property Lease | Ratification of Guaranty | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000556 | Real Property Lease | Agreement of Right of First Refusal | - |
| **HTA - St. Elizabeth's MOB 1, LLC** | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000796 | Real Property Lease | First Amendment to Amended and Restated Master Lease | **446,783.06** |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000797 | Real Property Lease | Amended and Restated Master Lease | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000798 | Real Property Lease | Amended and Restated Reciprocal Easement Agreement | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000799 | Real Property Lease | Assignment and Assumption of Lease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000800 | Real Property Lease | Omnibus Amendment to Amended and Restated Master Leases | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000801 | Real Property Lease | Agreement of Right of First Refusal | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000802 | Real Property Lease | Amended and Restated Master Lease | **191,151.98** |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000803 | Real Property Lease | Omnibus Amendment to Amended and Restated Master Leases | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_000804 | Real Property Lease | Agreement of Right of First Refusal | - |
| **Hta-Aw North Shore Med Arts LLC** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000535 | Real Property Lease | Amendment to Lease Agreement | **347,977.44** |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000536 | Real Property Lease | Assignment and Assumption of Leases | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000537 | Real Property Lease | Lease Agreement | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000538 | Real Property Lease | Omnibus Lease Amendment, Lease Termination and Lease Extension Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_000539 | Real Property Lease | Omnibus Amendment to Amended and Restated Master Leases | - |
| **Humana Insurance Company** | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00114 | Payor Agreement | Letter of Agreement | |
| **Individual 10065** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001190 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001191 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004841 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004842 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004843 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004919 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16075 | Employed Physician Agreement | Change Notice | |
| **Individual 10072** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23191 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 10325** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002010 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002011 | Employed Physician Agreement | New Hire Memo | |
| **Individual 10368** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16051 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001367 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 10398** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17471 | Employed Physician Agreement | Offer Letter | |
| **Individual 10443** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001168 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001169 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001170 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004776 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004777 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004778 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004779 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004780 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004975 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004976 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004977 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004978 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004979 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16106 | Employed Physician Agreement | Compensation Adjustment Letter | |
| **Individual 1051** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004586 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004587 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004588 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004589 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004590 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004591 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12871 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13245 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15673 | Employed Physician Agreement | Per Diem EA | |
| **Individual 10576** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000668 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Arizona, Inc. | SHC_PHY_004998 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_004999 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005000 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010071 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16133 | Employed Physician Agreement | Compensation Adjustment Letter | |
| **Individual 10604** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000559 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008879 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008880 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012496 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005005 | Employed Physician Agreement | Salary Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005006 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011060 | Employed Physician Agreement | Salary Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16137 | Employed Physician Agreement | Employment Agreement Checklist | |
| **Individual 10682** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001839 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001840 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005017 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008257 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16154 | Employed Physician Agreement | Asset Purchase Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000110 | Network Physician Agreement | Participating Provider Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000676 | Group Physician Agreement | Group Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001214 | Group Physician Agreement | Group Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001601 | Network Physician Agreement | Network Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001777 | Group Physician Agreement | Group Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002333 | Group Physician Agreement | Group Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002854 | Group Physician Agreement | Group Physician Agreement | |
| **Individual 10764** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004533 | Employed Physician Agreement | Per Diem EA | |
| **Individual 10774** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005477 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011066 | Employed Physician Agreement | Employment Agreement | |
| **Individual 10776** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001367 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001368 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16190 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23418 | Employed Physician Agreement | Employee Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000129 | Network Physician Agreement | Employee Agreement | |
| **Individual 10778** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000764 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002485 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002486 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002487 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002488 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011068 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012206 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12894 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16193 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16194 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| **Individual 10793** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002202 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002203 | Employed Physician Agreement | Physician Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010322 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011069 | Employed Physician Agreement | Salary Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16198 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16199 | Employed Physician Agreement | OA Form | |
| **Individual 10797** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003976 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003977 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003999 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004000 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005047 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16203 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16204 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24177 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 1085** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012230 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 10944** | | | | | | - |
| | St. Elizabeth's Medical Center | St. Luke's Medical Center, LP | SHC_ONBS_020997 | Independent Physician Agreement | Physician Services Agreement | |
| | St. Elizabeth's Medical Center | St. Luke's Medical Center, LP | SHC_ONBS_020998 | Independent Physician Agreement | Physician Services Agreement | |
| | St. Elizabeth's Medical Center | Mountain Vista Medical Center, LP | SHC_ONBS_023950 | On-Call Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Mountain Vista Medical Center, LP | SHC_ONBS_023951 | On-Call Agreement | Request For Taxpayer Identification Number And Certification | |
| | St. Elizabeth's Medical Center | Mountain Vista Medical Center, LP | SHC_ONBS_023952 | On-Call Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Mountain Vista Medical Center, LP | SHC_ONBS_024623 | On-Call Agreement | On-Call Panel Services Agreement | |
| | St. Elizabeth's Medical Center | Mountain Vista Medical Center, LP | SHC_ONBS_024988 | On-Call Agreement | Emergency Room On-Call Panel Services Agreement | |
| | St. Elizabeth's Medical Center | St. Luke's Medical Center, LP | SHC_ONBS_025728 | Independent Physician Agreement | Physician Services Agreement | |
| **Individual 11088** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19719 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 11119** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006253 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011719 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 11220** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003800 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011720 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 11274** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17979 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 11317** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004366 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005087 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000210 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 11348** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007150 | Employed Physician Agreement | Per Diem EA | |
| **Individual 11413** | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Basin Clinical Services, Inc. | SHC_ONBS_005141 | On-Call Agreement | Contract Terms Service Allocation For Call | |
| **Individual 11419** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13188 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 11423** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005128 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16316 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006077 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17273 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 11492** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005133 | Employed Physician Agreement | Amendment to APP EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007080 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18672 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 11519** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002271 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005142 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005143 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010687 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010688 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010689 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16335 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16336 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23216 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| **Individual 11638** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000579 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002018 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 11711** | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_000859 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_000860 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_002970 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_012156 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_006863 | Recruitment Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_007445 | Recruitment Agreement | Recruitment Agreement To Existing Medical Practice | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_007446 | Recruitment Agreement | Recruitment Agreement To Existing Medical Practice | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_007965 | Recruitment Agreement | Recruitment Agreement To Existing Medical Practice | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_008022 | Recruitment Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_008888 | Recruitment Agreement | First Amendment To Recruitment Agreement To Existing Medical Practice (One-Time | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_008927 | Recruitment Agreement | First Amendment To Recruitment Agreement To Existing Medical Practice (One-Time Payment) | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24327 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 11719** | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17015 | Employed Physician Agreement | Offer of Employment | - |
| **Individual 11762** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005197 | Employed Physician Agreement | Amended and Restated EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012378 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15709 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15710 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_16432 | Employed Physician Agreement | Renewal | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16433 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16434 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16435 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16436 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16437 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004628 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004629 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004630 | Employed Physician Agreement | Amendment to EA | |
| **Individual 11764** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003137 | Employed Physician Agreement | Per Diem EA | |
| **Individual 11817** | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_005202 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005203 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011089 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16441 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16442 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16443 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16444 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16445 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007482 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007483 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007484 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007485 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007486 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011247 | Employed Physician Agreement | PCP Comp Policy and Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19141 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19142 | Employed Physician Agreement | Employment Agreement | |
| **Individual 11851** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002177 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 11904** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001048 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004094 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14929 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14930 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005233 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005234 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011727 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 11961 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004095 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14931 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14932 | Employed Physician Agreement | ProMutual Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14933 | Employed Physician Agreement | ProMutual Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012380 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_16482 | Employed Physician Agreement | Confidentiality Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16483 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_014598 | Employment Agreement | First Amendment To Physician Employment Agreement | |
| Individual 12083 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001382 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001383 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005920 | Employed Physician Agreement | Amendment to Physician EA | |
| Individual 12111 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011729 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 1212 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001437 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001438 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006121 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006122 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006123 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006124 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_002923 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002924 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002925 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13337 | Employed Physician Agreement | Compensation Adjustment Letter | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13338 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17303 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17304 | Employed Physician Agreement | CMS Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17305 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| Individual 1214 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005738 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 12192 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002279 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010749 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010750 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23282 | Employed Physician Agreement | Employee related Agreement | |
| Individual 12198 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12993 | Employed Physician Agreement | Offer of Employment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12994 | Employed Physician Agreement | Employee related Agreement | |
| Individual 12298 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006273 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006277 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006278 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006279 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006280 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011731 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15372 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15373 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15374 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15375 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_16555 | Employed Physician Agreement | Outside Activity Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16556 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16557 | Employed Physician Agreement | Employment Agreement Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16559 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_16563 | Employed Physician Agreement | Renewal | |
| Individual 12370 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001958 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005345 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008770 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008771 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008773 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008774 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011733 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_16596 | Employed Physician Agreement | Facesheet | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_16597 | Employed Physician Agreement | Outside Activity Form | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16598 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20808 | Employed Physician Agreement | Assignment | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20809 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20810 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20811 | Employed Physician Agreement | Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20812 | Employed Physician Agreement | Change Letter | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_20813 | Employed Physician Agreement | Facesheet | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20814 | Employed Physician Agreement | Change Notice | |
| **Individual 12516** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000009 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002404 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012383 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012384 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16612 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 12517** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002409 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 12523** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003181 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011734 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001535 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 12544** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000884 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000885 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003177 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16614 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 12577** | | | | | | - |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_19232 | Employed Physician Agreement | Employment Agreement | |
| **Individual 12601** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17951 | Employed Physician Agreement | Offer of Employment | |
| **Individual 12644** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001304 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 12645** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005800 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005801 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005802 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005803 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012386 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16627 | Employed Physician Agreement | Amendment Checklist | |
| **Individual 12679** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001442 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006141 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006142 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011735 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16628 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16632 | Employed Physician Agreement | Amendment | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_16633 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17322 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17327 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23415 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000300 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 12761** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009794 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_012072 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 12780** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002816 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002817 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002818 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002819 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002820 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005389 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005390 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005391 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011109 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13218 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13219 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_16658 | Employed Physician Agreement | Outside Activities Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16659 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16660 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23492 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23647 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23648 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 12910** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000876 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 12939** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000601 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23727 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23728 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23729 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 12945** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18336 | Employed Physician Agreement | Offer Letter | |
| **Individual 13030** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000891 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000892 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_005422 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_005423 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011112 | Employed Physician Agreement | Salary Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011113 | Employed Physician Agreement | Salary Employee related Agreement | |
| **Individual 13066** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18729 | Employed Physician Agreement | Offer of Employment | |
| **Individual 13122** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008898 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 13223** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22586 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 13263** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17595 | Employed Physician Agreement | Offer of Employment | |
| **Individual 13267** | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_003893 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005458 | Employed Physician Agreement | Change Notice | |
| **Individual 13349** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_12845 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 1359** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001802 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002982 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008075 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008076 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008077 | Employed Physician Agreement | Amendment to Physician EA | |
| **Individual 1367** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001870 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008361 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011600 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 13714** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17598 | Employed Physician Agreement | Offer of Employment | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17599 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 1378** | | | | | | 58,624.50 |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002201 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000055 | Network Physician Agreement | Participating Provider Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_024678 | Employment Agreement | Physician Part-Time Employment Agreement For | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_024679 | Employment Agreement | Good Samaritan Medical Center | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_027588 | Employment Agreement | Second Amendment To Physician Part-Time Employment Agreement For Trauma Services | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_027782 | Employment Agreement | Employee Agreement | |
| **Individual 13871** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19884 | Employed Physician Agreement | Offer of Employment | |
| **Individual 13921** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001701 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005960 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005961 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007496 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007504 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011124 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011125 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011746 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17172 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17173 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17174 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17178 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_17179 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19140 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19155 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19156 | Employed Physician Agreement | Change Notice | |
| **Individual 14055** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21929 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 14091** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005842 | Employed Physician Agreement | Per Diem EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **Individual 141** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001652 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002341 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002342 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007195 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007196 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007197 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007198 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010811 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12761 | Employed Physician Agreement | Outside Activity Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12762 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12763 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18800 | Employed Physician Agreement | Assignment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18801 | Employed Physician Agreement | CMS Letter | |
| **Individual 14175** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17344 | Employed Physician Agreement | Offer of Employment | |
| **Individual 14177** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000674 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 14224** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000868 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000869 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000870 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003030 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17391 | Employed Physician Agreement | Change Notice | |
| **Individual 14234** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005538 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005539 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006207 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17399 | Employed Physician Agreement | Employment Agreement Checklist | |
| **Individual 14250** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000575 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002008 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009004 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009005 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21038 | Employed Physician Agreement | Salary Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006213 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17404 | Employed Physician Agreement | Hospitalist Incentive Comp Letter | |
| **Individual 14319** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000888 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000889 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003215 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011140 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13754 | Employed Physician Agreement | Change Letter | |
| **Individual 14321** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000173 | Employed Physician Agreement | New Hire Memo | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001112 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004478 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_006258 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006259 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006260 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24309 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 14334 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010245 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17719 | Employed Physician Agreement | Employment Agreement | |
| Individual 14338 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001803 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001804 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006315 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006316 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008080 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011755 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17524 | Employed Physician Agreement | Invoice | |
| Individual 1441 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23516 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 1444 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001871 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001872 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002997 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002998 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002999 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008362 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008363 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008364 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008365 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008366 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008367 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008368 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008369 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008370 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008371 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012664 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20284 | Employed Physician Agreement | CMS Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20285 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20286 | Employed Physician Agreement | Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24505 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000066 | Network Physician Agreement | Participating Provider Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000976 | Network Physician Agreement | Network Physician Agreement | |
| Individual 14501 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16998 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 14559 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005411 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005412 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16681 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006379 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_17648 | Employed Physician Agreement | Renewal | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17649 | Employed Physician Agreement | Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17650 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17651 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17652 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17653 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17654 | Employed Physician Agreement | Employment Agreement | |
| **Individual 14586** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001262 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001263 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005430 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005431 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005432 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006448 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17710 | Employed Physician Agreement | OA Form | |
| **Individual 14589** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006449 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006450 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007661 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007662 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007663 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007664 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007665 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007666 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007667 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011988 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19358 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19359 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19360 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19361 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| **Individual 14593** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006451 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 14610** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002022 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009081 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009082 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009083 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009084 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009085 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009086 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009087 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21156 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21157 | Employed Physician Agreement | Employee related Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21158 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21159 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001292 | Network Physician Agreement | Employee Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006467 | Employed Physician Agreement | Amended and Restated EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006468 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17749 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17750 | Employed Physician Agreement | Amendment Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24104 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 14653 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001395 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 14756 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14306 | Employed Physician Agreement | Employee related Agreement | |
| Individual 14887 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008058 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008059 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17849 | Employed Physician Agreement | Letter of Intent | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21037 | Employed Physician Agreement | Change Letter | |
| Individual 14893 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009914 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011165 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011166 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22127 | Employed Physician Agreement | Salary Change Letter | |
| Individual 1490 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003006 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012283 | Employed Physician Agreement | Salary Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13437 | Employed Physician Agreement | SMG Agreement Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13438 | Employed Physician Agreement | Letter of Understanding | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13439 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13440 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13441 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_13442 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14400 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14401 | Employed Physician Agreement | Per Diem EA | |
| Individual 14943 | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_006555 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_006556 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006557 | Employed Physician Agreement | Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006558 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006559 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17898 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17899 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17900 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23309 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23310 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010763 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010764 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010765 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010766 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010767 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010768 | Employed Physician Agreement | Amendment to Physician EA | |
| **Individual 14950** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002268 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002269 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006562 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006563 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010682 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010683 | Employed Physician Agreement | Amendment to Physician EA | |
| **Individual 14954** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002272 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006570 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006571 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010715 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010716 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010717 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010719 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17921 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17922 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23245 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23246 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23247 | Employed Physician Agreement | COVID Compensation Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23248 | Employed Physician Agreement | Change Letter | |
| **Individual 14978** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002745 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002746 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002747 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002748 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002749 | Employed Physician Agreement | Amendment to EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002750 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13164 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13165 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13166 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13167 | Employed Physician Agreement | COVID Compensation Amendment | |
| | Good Samaritan Medical Center | Heritage Technologies, LLC | SHC_PHY_006574 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006575 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006576 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006577 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006578 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17930 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17931 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17932 | Employed Physician Agreement | Amendment Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17933 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17934 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17935 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23413 | Employed Physician Agreement | Employee Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23959 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23965 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23988 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 14979** | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003383 | Employed Physician Agreement | Amendment | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003385 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003386 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003387 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13989 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13990 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13991 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13992 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_PHY_006579 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_PHY_006580 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006581 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006582 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006583 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17936 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17937 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17938 | Employed Physician Agreement | Amendment Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17939 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17940 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17941 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23960 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23966 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 14982 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006194 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006195 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006196 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006197 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006585 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011172 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17377 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17378 | Employed Physician Agreement | CMS Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17942 | Employed Physician Agreement | Change Letter | |
| Individual 14983 | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_006586 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_006587 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006588 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009185 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009186 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009187 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009188 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009189 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009190 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009191 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009192 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009193 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009194 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009195 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17943 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17944 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17945 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21270 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21271 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21272 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24188 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 15007 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001098 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004413 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004414 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004415 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006625 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006626 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011769 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15469 | Employed Physician Agreement | CMS Letter | |
| **Individual 15012** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000420 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001631 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007151 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007152 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_PHY_006627 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17991 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17992 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17993 | Employed Physician Agreement | Contract Modification | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17994 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18733 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24190 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 15034** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000893 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000894 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011177 | Employed Physician Agreement | Salary Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13760 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13761 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Norwood Hospital, Inc. | SHC_PHY_13762 | Employed Physician Agreement | Facesheet | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13763 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18009 | Employed Physician Agreement | Amendment | |
| | Good Samaritan Medical Center | Steward Norwood Hospital, Inc. | SHC_PHY_18012 | Employed Physician Agreement | Renewal | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24294 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 15051** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000495 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001811 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18016 | Employed Physician Agreement | Letter of Intent | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19869 | Employed Physician Agreement | Change Letter | |
| **Individual 15063** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005317 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16543 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16544 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16545 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16546 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18034 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006647 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006648 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011181 | Employed Physician Agreement | Salary Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011182 | Employed Physician Agreement | Salary Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011183 | Employed Physician Agreement | Salary Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_18031 | Employed Physician Agreement | Outside Activity Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18032 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18033 | Employed Physician Agreement | Salary Increase Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005315 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005316 | Employed Physician Agreement | Change Notice | |
| Individual 15066 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009239 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18043 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21314 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18038 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18040 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18041 | Employed Physician Agreement | Amendment | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18042 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 15088 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006651 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008396 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008401 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008402 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008403 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008404 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008405 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008406 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008407 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008408 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012665 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18047 | Employed Physician Agreement | Outside Activities Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18051 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20294 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23986 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 15186 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18065 | Employed Physician Agreement | Letter of Intent | |
| Individual 15191 | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_006663 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006664 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006665 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006666 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010262 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010263 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010264 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010265 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010266 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010267 | Employed Physician Agreement | Amendment to Physician EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010268 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011186 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18068 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18069 | Employed Physician Agreement | OA Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18070 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18071 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18072 | Employed Physician Agreement | Facesheet | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18073 | Employed Physician Agreement | Facesheet | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22613 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24406 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 15227 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001608 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007089 | Employed Physician Agreement | Change Notice | |
| Individual 15264 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21279 | Employed Physician Agreement | Offer of Employment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21280 | Employed Physician Agreement | Offer Letter | |
| Individual 1528 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003009 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010114 | Employed Physician Agreement | New Hire Memo | |
| Individual 15303 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000101 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000942 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 15328 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002250 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010540 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010541 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010542 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23040 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_PHY_006678 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18090 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23498 | Employed Physician Agreement | Employee Agreement | |
| Individual 15463 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006363 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18176 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18177 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 15468 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009256 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009257 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009258 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18180 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_18178 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18179 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009259 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15406 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15407 | Employed Physician Agreement | Change Notice | |
| Individual 15492 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18326 | Employed Physician Agreement | Employee related Agreement | |
| Individual 15497 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000657 | Network Physician Agreement | Network Physician Agreement | |
| Individual 15579 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002562 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002563 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011772 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012426 | Employed Physician Agreement | Employee related Agreement | |
| Individual 15592 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004105 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004106 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004107 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004108 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14946 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14947 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14948 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_14949 | Employed Physician Agreement | Facesheet | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_18220 | Employed Physician Agreement | Salary Increase Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18221 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18222 | Employed Physician Agreement | Employment Agreement | |
| Individual 15622 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004077 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004109 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14913 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004110 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 15663 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001535 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001536 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006761 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18211 | Employed Physician Agreement | Change Letter | |
| Individual 15737 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008285 | Employed Physician Agreement | Per Diem EA | |
| Individual 15761 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001260 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005413 | Employed Physician Agreement | New Hire Memo | |
| Individual 1577 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009788 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011605 | Employed Physician Agreement | Per Diem Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **Individual 15833** | | | | | | - |
| | Good Samaritan Medical Center | IASIS Healthcare LLC | SHC_ONBS_031491 | Independent Contractor Agreement | Agreement For Independent Contractor | |
| **Individual 15863** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18132 | Employed Physician Agreement | Offer of Employment | |
| **Individual 15872** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010028 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010029 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 15873** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002233 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002234 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010483 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22952 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 15882** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005190 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005191 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006815 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011777 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011778 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 15889** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20549 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 15904** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005978 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005979 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005980 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005993 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006816 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011779 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15416 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15417 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24194 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 15992** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010368 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 16152** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17954 | Employed Physician Agreement | Offer of Employment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23684 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 16189** | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_006889 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_006890 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006891 | Employed Physician Agreement | Change Notice | |
| Individual 1624 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000283 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001354 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012285 | Employed Physician Agreement | Employee related Agreement | |
| Individual 1625 | | | | | | 75.00 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005461 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005462 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16727 | Employed Physician Agreement | Per Diem EA | |
| Individual 16322 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16583 | Employed Physician Agreement | Offer Letter | |
| Individual 16389 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009240 | Employed Physician Agreement | Per Diem EA | |
| Individual 1643 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006376 | Employed Physician Agreement | Employment Agreement | |
| Individual 16511 | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_007224 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006940 | Employed Physician Agreement | Change Notice | |
| Individual 16527 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001357 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005774 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005775 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005776 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006944 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006945 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011785 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012435 | Employed Physician Agreement | BPCIA Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18496 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18497 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18498 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 16567 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008309 | Employed Physician Agreement | Change Notice | |
| Individual 1658 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002707 | Employed Physician Agreement | Per Diem EA | |
| Individual 16587 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23194 | Employed Physician Agreement | Offer of Employment | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23195 | Employed Physician Agreement | Offer of Employment | |
| Individual 16590 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008025 | Employed Physician Agreement | Per Diem EA | |
| Individual 16683 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001254 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005331 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005333 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005334 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005335 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005336 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16570 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16576 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006963 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006964 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011787 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Carney Hospital, Inc. | SHC_PHY_18542 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Carney Hospital, Inc. | SHC_PHY_18543 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18545 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18547 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 16711 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13220 | Employed Physician Agreement | Employee related Agreement | |
| Individual 16796 | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_013205 | Employment Agreement | First Amendment To Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002143 | Employment Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002144 | Employment Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009928 | Employment Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009929 | Employment Agreement | Amendment to Physician EA | |
| Individual 16860 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002798 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Easton Hospital, Inc. | SHC_PHY_012017 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Easton Hospital, Inc. | SHC_PHY_012018 | Employed Physician Agreement | Employment Agreement | |
| Individual 16875 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005097 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005104 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23746 | Employed Physician Agreement | Employee Agreement | |
| Individual 16907 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000811 | Employed Physician Agreement | Physician Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| Individual 16930 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23685 | Employed Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23837 | Employed Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24273 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 16936 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004445 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012255 | Employed Physician Agreement | Start Date Agreement | |
| Individual 17058 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000770 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 1706 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007459 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007508 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007509 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012449 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19102 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19162 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19163 | Employed Physician Agreement | Amendment | |
| Individual 1711 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003045 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010856 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13504 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13505 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010276 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010277 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010278 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010279 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010280 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010281 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010282 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22623 | Employed Physician Agreement | CMS Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22624 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22730 | Employed Physician Agreement | Employee related Agreement | |
| Individual 17176 | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000785 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000786 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000787 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002583 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002585 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002586 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007192 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007193 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18792 | Employed Physician Agreement | Employment Agreement | |
| **Individual 17260** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001654 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010551 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011552 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011974 | Employed Physician Agreement | Amendment | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18802 | Employed Physician Agreement | Assignment | |
| | Good Samaritan Medical Center | Steward Carney Hospital, Inc. | SHC_PHY_18805 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Carney Hospital, Inc. | SHC_PHY_23056 | Employed Physician Agreement | Renewal | |
| | Good Samaritan Medical Center | Steward Carney Hospital, Inc. | SHC_PHY_23057 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23059 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| **Individual 1730** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004495 | Employed Physician Agreement | Per Diem EA | |
| **Individual 17302** | | | | | | - |
| | St. Elizabeth's Medical Center | Southwest General Hospital, LP | SHC_ONBS_015274 | Independent Director Agreement | Advisory And Directorship Services Agreement | |
| | St. Elizabeth's Medical Center | Southwest General Hospital, LP | SHC_ONBS_016777 | On-Call Agreement | On-Call Panel Services Agreement | |
| **Individual 17315** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_ONBS_45345 | On-Call Agreement | Employee Agreement | |
| **Individual 17429** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001198 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002297 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002298 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004950 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004951 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004952 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004953 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004954 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004955 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004956 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007249 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007250 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011227 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16093 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18858 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18859 | Employed Physician Agreement | Hospitalist Incentive Comp Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24198 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 17466** | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_21966 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 17515** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006268 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006269 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006270 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006274 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006275 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007260 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007261 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007262 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15377 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15378 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17484 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17485 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17486 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18868 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18869 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18870 | Employed Physician Agreement | Compensation Adjustment Letter | |
| **Individual 17538** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001902 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001903 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008587 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008588 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008589 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008590 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008591 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007305 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007306 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011232 | Employed Physician Agreement | Compensation Adjustment Letter | |
| **Individual 17555** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000037 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000829 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002789 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002790 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002791 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002792 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13196 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_007327 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007328 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007329 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007330 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007331 | Employed Physician Agreement | Change Notice | |
| **Individual 17607** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001722 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19250 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007344 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007345 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19165 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19166 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011235 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18924 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18925 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18926 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18927 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18928 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18929 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18930 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18931 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18932 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_18933 | Employed Physician Agreement | Renewal | |
| **Individual 1766** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18129 | Employed Physician Agreement | Offer Letter | |
| **Individual 17680** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007352 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15646 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15647 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_18946 | Employed Physician Agreement | Letter of Understanding | |
| | St. Elizabeth's Medical Center | Steward Norwood Hospital, Inc. | SHC_PHY_18950 | Employed Physician Agreement | Letter of Understanding | |
| | St. Elizabeth's Medical Center | Steward Norwood Hospital, Inc. | SHC_PHY_18951 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24202 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 177** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002093 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002356 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002357 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002358 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009628 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009629 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009630 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009634 | Employed Physician Agreement | Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12774 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12775 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21819 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21820 | Employed Physician Agreement | CMS Letter | |
| Individual 1784 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003051 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009890 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13521 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000390 | Network Physician Agreement | Employee Agreement | |
| Individual 1790 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007440 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 17957 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009803 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011798 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 18055 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005900 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002080 | Network Physician Agreement | Employee Agreement | |
| Individual 18088 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23042 | Employed Physician Agreement | Change Letter | |
| Individual 18099 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000629 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002112 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19007 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21958 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| Individual 18113 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001023 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001024 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012446 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19010 | Employed Physician Agreement | OA Form | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19011 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19012 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19013 | Employed Physician Agreement | Agreement | |
| Individual 1819 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005476 | Employed Physician Agreement | Per Diem EA | |
| Individual 18243 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001401 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011801 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 18247 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007090 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007091 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007092 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_007699 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007700 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011256 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18680 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18681 | Employed Physician Agreement | CMS Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19388 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001869 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 18275** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001464 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006326 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006327 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006328 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006329 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006330 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007410 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19036 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002053 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 18675** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000137 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001046 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004078 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14914 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_007607 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007608 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_007609 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14955 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19281 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001905 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 18680** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004870 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004876 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004877 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004878 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16021 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16022 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16023 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_PHY_007610 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_PHY_007611 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007612 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007613 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007614 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_19282 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19283 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19284 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19285 | Employed Physician Agreement | Amendment Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19286 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19287 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19288 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23961 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23967 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 18765** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002755 | Employed Physician Agreement | Per Diem EA | |
| **Individual 1878** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002224 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002225 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002226 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22824 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 18829** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000184 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001148 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004656 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004657 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004658 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004659 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004660 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004661 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004662 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_004663 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004664 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15727 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15739 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15740 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_19321 | Employed Physician Agreement | Outside Activity Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19322 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19323 | Employed Physician Agreement | Employment Agreement Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19324 | Employed Physician Agreement | Letter of Intent | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24207 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24297 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002064 | Group Physician Agreement | Group Physician Agreement | |
| **Individual 18844** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13029 | Employed Physician Agreement | PD Letter | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13030 | Employed Physician Agreement | Offer of Employment | |
| **Individual 18894** | | | | | | - |
| | St. Elizabeth's Medical Center | Heritage Technologies, LLC | SHC_PHY_007644 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007645 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010704 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010705 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010706 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010707 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010708 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010709 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010710 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010711 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010712 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010713 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010714 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011250 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19353 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19354 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23240 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23241 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23808 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 18902** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_ONBS_44242 | Recruitment Agreement | Recruitment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000752 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000753 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002425 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002426 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007669 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007670 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24498 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 191** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001566 | Employed Physician Agreement | Employed Physician Employment Agreement | |
| **Individual 19139** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001296 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001297 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005541 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005542 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005543 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005544 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005545 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005546 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005547 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 19179** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002737 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002738 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002739 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002740 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002741 | Employed Physician Agreement | Amendment to EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002742 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002743 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002756 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002757 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007733 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007734 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007735 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13172 | Employed Physician Agreement | CMS Letter | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_19425 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19426 | Employed Physician Agreement | Amended and Restated EA | |
| **Individual 19184** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005509 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005510 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005511 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16772 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_007738 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007739 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16770 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16771 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19427 | Employed Physician Agreement | Agreement Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19428 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24106 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 19239** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012245 | Employed Physician Agreement | Employment Agreement | |
| **Individual 1937** | | | | | | 3,720.00 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21990 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 19400** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14827 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 19402** | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Arizona, Inc. | SHC_PHY_007745 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007746 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007747 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007748 | Employed Physician Agreement | Business Plan | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009262 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009263 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009264 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009265 | Employed Physician Agreement | Amendment to Physician EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009266 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012455 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19453 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19454 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19455 | Employed Physician Agreement | Compensation Adjustment Letter | |
| **Individual 19475** | | | | | | - |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000320 | Network Physician Agreement | Employee Agreement | |
| **Individual 19497** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17963 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 19538** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001737 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001738 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007760 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007788 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012645 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19501 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19502 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19503 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19504 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 19593** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001119 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 19624** | | | | | | - |
| | Good Samaritan Medical Center | IASIS Healthcare LLC | SHC_ONBS_001095 | Independent Director Agreement | Advisory And Directorship Services Agreement | |
| | Good Samaritan Medical Center | IASIS Healthcare LLC | SHC_ONBS_001319 | Independent Director Agreement | Advisory And Directorship Services Agreement | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_001516 | Employment Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_002051 | Employment Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21137 | Employed Physician Agreement | Offer of Employment | |
| **Individual 19666** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004001 | Employed Physician Agreement | Per Diem EA | |
| **Individual 197** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009729 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21939 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 19709** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15345 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15346 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15347 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24489 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 19799** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002072 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007870 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007871 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007872 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011270 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011271 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011272 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011273 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19596 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19597 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19598 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19599 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19600 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19601 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19605 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21565 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21566 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21567 | Employed Physician Agreement | Change Notice | |
| **Individual 19922** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000025 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000797 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002629 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_007954 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13051 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19669 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19670 | Employed Physician Agreement | Start Date Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19671 | Employed Physician Agreement | Salary Change Letter | |
| **Individual 1994** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002183 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003083 | Employed Physician Agreement | Business Plan | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010135 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010136 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22432 | Employed Physician Agreement | CMS Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24078 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 19983** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21650 | Employed Physician Agreement | Offer of Employment | |
| **Individual 20035** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001885 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001886 | Employed Physician Agreement | New Hire Memo | |
| **Individual 20058** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001209 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001210 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001211 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005021 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005022 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_PHY_007963 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19692 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19693 | Employed Physician Agreement | OA Form | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23428 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23429 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001076 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 20061** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000783 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011818 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 2013** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000607 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002068 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 20194** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13086 | Employed Physician Agreement | Offer of Employment | |
| **Individual 20196** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001332 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001333 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001334 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005717 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005718 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005719 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_008052 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008053 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008054 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008055 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_008056 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008057 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012465 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012654 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15361 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15362 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16917 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16918 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16919 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23656 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 20314** | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_ONBS_007195 | Employment Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007960 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_007962 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_19691 | Employed Physician Agreement | Employment Agreement | |
| **Individual 20421** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_ONBS_43437 | Independent Director Agreement | Employee Agreement | |
| **Individual 20423** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002191 | Network Physician Agreement | Employee Agreement | |
| **Individual 20476** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009269 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19811 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19814 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000650 | Group Physician Agreement | Group Physician Agreement | |
| **Individual 20536** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008087 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002320 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 20555** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000739 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002366 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011823 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012655 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19848 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19849 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19850 | Employed Physician Agreement | Agreement | |
| **Individual 20572** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002171 | Employed Physician Agreement | Physician Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011292 | Employed Physician Agreement | Salary Change Letter | |
| **Individual 20607** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008449 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19870 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19871 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19872 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19873 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_20342 | Employed Physician Agreement | Facesheet | |
| **Individual 20705** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011827 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 20723** | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_008129 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Holy Family Hospital, Inc. | SHC_PHY_19903 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19905 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19906 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19907 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19908 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19909 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19910 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19911 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_19912 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15510 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15511 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15512 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23472 | Employed Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23473 | Employed Physician Agreement | Employee Agreement | |
| **Individual 20750** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001665 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18903 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 20754** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011829 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19916 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19917 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 20793** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001713 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007515 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007537 | Employed Physician Agreement | Amendment to Physician EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007538 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008135 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012639 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19172 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19173 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19174 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_19923 | Employed Physician Agreement | Outside Activities Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19924 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19925 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19926 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19927 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19931 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19932 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_19933 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23610 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23864 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 2087 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006927 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006928 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006929 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006930 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006931 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006932 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13601 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13602 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13603 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13604 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13605 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13607 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18458 | Employed Physician Agreement | CMS Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18459 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18460 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23571 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24135 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 20904 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001247 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001248 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005293 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16522 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_008147 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16523 | Employed Physician Agreement | CMS Letter | |
| Individual 20912 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007659 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19955 | Employed Physician Agreement | Facesheet | |
| Individual 2098 | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_001551 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_006832 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 21094 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001080 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001081 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004290 | Employed Physician Agreement | Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004292 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004293 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008167 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15162 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15163 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19982 | Employed Physician Agreement | Change Letter | |
| Individual 21142 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002293 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_12722 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 21157 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17490 | Employed Physician Agreement | Offer Letter | |
| Individual 21230 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009715 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009716 | Employed Physician Agreement | Employee related Agreement | |
| Individual 21275 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000577 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002009 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 21281 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15286 | Employed Physician Agreement | Offer of Employment | |
| Individual 21307 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000670 | Network Physician Agreement | Network Physician Agreement | |
| Individual 21387 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000544 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001959 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012480 | Employed Physician Agreement | Change Letter | |
| Individual 21427 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006970 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18559 | Employed Physician Agreement | Change Letter | |
| Individual 21505 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007161 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008317 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18740 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18741 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20211 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20212 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_20215 | Employed Physician Agreement | Renewal | |
| Individual 21527 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004394 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007993 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007994 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007995 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007996 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007997 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008323 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010842 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19720 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19721 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19722 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20218 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20219 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20223 | Employed Physician Agreement | Compensation Adjustment Letter | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_20224 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20225 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23861 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 21823 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005601 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005602 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005603 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012392 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012393 | Employed Physician Agreement | Employment Agreement | |
| Individual 21868 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001988 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001989 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008902 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008903 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_20920 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20921 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011318 | Employed Physician Agreement | Letter to Continue Providing Services | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20272 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20273 | Employed Physician Agreement | Agreement | |
| Individual 22205 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21932 | Employed Physician Agreement | Offer Letter | |
| Individual 22353 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000436 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001669 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007415 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007416 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20375 | Employed Physician Agreement | Change Letter | |
| Individual 22372 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001500 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001501 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 22389 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006234 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006235 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006236 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006239 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17439 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17440 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17441 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008478 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008479 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008480 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008481 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20376 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20377 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20378 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20379 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20380 | Employed Physician Agreement | Amendment | |
| **Individual 22420** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001159 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004758 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004759 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004760 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004761 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004762 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004764 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012667 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15870 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15871 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20381 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20382 | Employed Physician Agreement | Incentive Bonus Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20386 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23662 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 22464** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011850 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 22599** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001589 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001590 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007014 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007015 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011338 | Employed Physician Agreement | Salary Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012668 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20419 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20420 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20421 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20422 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24226 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 22610** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008730 | Employed Physician Agreement | Amendment to EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011339 | Employed Physician Agreement | Salary Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012669 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20425 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20426 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20427 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20428 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001942 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008731 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 22628 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007519 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 2266 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006140 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 22722 | | | | | | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008536 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008537 | Employed Physician Agreement | Letter to continue services | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008538 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008539 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008540 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008541 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009337 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009338 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009339 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009340 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009341 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009342 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009354 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011343 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011344 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20454 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20455 | Employed Physician Agreement | Salary Increase Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20456 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20459 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21433 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24233 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 22723 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004201 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15065 | Employed Physician Agreement | Assignment | |
| Individual 22763 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001328 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001329 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005712 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005713 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011346 | Employed Physician Agreement | Salary Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012670 | Employed Physician Agreement | Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20477 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20478 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20479 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20480 | Employed Physician Agreement | Agreement | |
| Individual 22905 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002032 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002033 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009163 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009164 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21240 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011351 | Employed Physician Agreement | Salary Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20561 | Employed Physician Agreement | Agreement | |
| Individual 22940 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000853 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000854 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011357 | Employed Physician Agreement | Salary Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20582 | Employed Physician Agreement | Change Letter | |
| Individual 22942 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000360 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001499 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006486 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006487 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006488 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006489 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011856 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20589 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24109 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 23043 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001729 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001730 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007671 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007686 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19363 | Employed Physician Agreement | Physician Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19370 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | Good Samaritan Medical Center | Steward Carney Hospital, Inc. | SHC_PHY_20616 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Carney Hospital, Inc. | SHC_PHY_20617 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20619 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20620 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20621 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20622 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20623 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24234 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 23133** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005265 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005266 | Employed Physician Agreement | New Hire Memo | |
| **Individual 23324** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008721 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001334 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 23490** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008742 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18884 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20764 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20765 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20766 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_20770 | Employed Physician Agreement | Renewal | |
| **Individual 23505** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14184 | Employed Physician Agreement | Offer Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24533 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 23525** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006191 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006192 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_17366 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17371 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17372 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17373 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17374 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20781 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20782 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20783 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20784 | Employed Physician Agreement | Agreement | |
| **Individual 23614** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007879 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011866 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20833 | Employed Physician Agreement | Employee related Agreement | |
| Individual 23680 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005548 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16789 | Employed Physician Agreement | Offer Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16799 | Employed Physician Agreement | Offer of Employment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16800 | Employed Physician Agreement | Change Letter | |
| Individual 2373 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002243 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002254 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003146 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010520 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010521 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010522 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010523 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011620 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011621 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_13669 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13671 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_23015 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23016 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23017 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23018 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23019 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23045 | Employed Physician Agreement | Employment Agreement | |
| Individual 23988 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006475 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006476 | Employed Physician Agreement | Employment Agreement | |
| Individual 24089 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000161 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001076 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004285 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008954 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011872 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20966 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20967 | Employed Physician Agreement | Employment Agreement | |
| Individual 2415 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001226 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005094 | Employed Physician Agreement | Per Diem EA | |
| Individual 24283 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004018 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011873 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15348 | Employed Physician Agreement | Change Letter | |
| Individual 2432 | | | | | | - |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_003158 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Physician Group of Arizona, Inc. | SHC_PHY_003159 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003160 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003161 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003162 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003783 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003784 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003785 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003786 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003789 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012207 | Employed Physician Agreement | Amendment | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13696 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13697 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13698 | Employed Physician Agreement | Amendment Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13699 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13700 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13701 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13702 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13703 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14527 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14528 | Employed Physician Agreement | CMS Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14529 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14530 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23958 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23964 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 2436** | Good Samaritan Medical Center | SJ Medical Center, LLC | SHC_ONBS_017542 | Consulting Agreement | Consulting Agreement | - |
| **Individual 24368** | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18359 | Employed Physician Agreement | Offer of Employment | - |
| **Individual 24390** | Good Samaritan Medical Center | Steward CGH, Inc. | SHC_ONBS_025744 | Independent Director Agreement | Term Year 2023 - Governing Board Of Steward Cgh, Inc. D/B/A Steward Coral Gables Hospital | 750.00 |
| | Good Samaritan Medical Center | Steward CGH, Inc. | SHC_ONBS_027410 | Independent Director Agreement | Employee Agreement | |
| **Individual 24463** | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007270 | Employed Physician Agreement | Amendment to Physician EA | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007271 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007272 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007273 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007274 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009020 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009021 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009022 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009023 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009024 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009025 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18885 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18886 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18887 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21066 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21067 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21068 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21069 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23666 | Employed Physician Agreement | Employee Agreement | |
| **Individual 24566** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009104 | Employed Physician Agreement | Amendment to APP EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006867 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Heritage Technologies, LLC | SHC_PHY_009037 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18360 | Employed Physician Agreement | Change Letter | |
| **Individual 24572** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18325 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 24744** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010408 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010409 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010410 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22831 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011878 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 24762** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009860 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 24778** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000488 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001781 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007981 | Employed Physician Agreement | Amendment to EA | |
| Individual 24779 | | | | | | 1,427.14 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003214 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13753 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000197 | Group Physician Agreement | Group Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000286 | Group Physician Agreement | Group Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000915 | Network Physician Agreement | Network Physician Agreement | |
| Individual 24834 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000998 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 24841 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001582 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006976 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006977 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006978 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011412 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_21216 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002248 | Network Physician Agreement | Network Physician Agreement | |
| Individual 24902 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006868 | Employed Physician Agreement | Per Diem EA | |
| Individual 24942 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005215 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005216 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005217 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005218 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005219 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009156 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009157 | Employed Physician Agreement | Change Notice | |
| Individual 25011 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006926 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 25034 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006139 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 25038 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001340 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001341 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005730 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005731 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005732 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_009200 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21273 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21274 | Employed Physician Agreement | Amendment | |
| Individual 25194 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002029 | Employed Physician Agreement | Physician Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009132 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009133 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009134 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009250 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011890 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21213 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21316 | Employed Physician Agreement | Hospitalist Incentive Comp Letter | |
| **Individual 25196** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007853 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_009272 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_009273 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009274 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009275 | Employed Physician Agreement | Amendment to APP EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009276 | Employed Physician Agreement | Amendment to APP EA | |
| **Individual 25312** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19027 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 25336** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19181 | Employed Physician Agreement | Offer Letter | |
| **Individual 25364** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001488 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 25367** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001569 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 25390** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001082 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004308 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15183 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15184 | Employed Physician Agreement | Employment Agreement | |
| **Individual 25399** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001361 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 25404** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001129 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001130 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001134 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004562 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004568 | Employed Physician Agreement | Per Diem EA | |
| **Individual 25405** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000235 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001278 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 25407** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007527 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19184 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011895 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21398 | Employed Physician Agreement | Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21399 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21400 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21401 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21402 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_21403 | Employed Physician Agreement | Letter of Understanding | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_21404 | Employed Physician Agreement | Renewal | |
| Individual 25492 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003676 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003681 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_21456 | Employed Physician Agreement | Salary Increase Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21457 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21458 | Employed Physician Agreement | Employment Agreement | |
| Individual 256 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002415 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012257 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12804 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12805 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12806 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13362 | Employed Physician Agreement | CMS Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002946 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002947 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002948 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002949 | Employed Physician Agreement | Amendment to EA | |
| Individual 25632 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000737 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002361 | Employed Physician Agreement | Per Diem EA | |
| Individual 25650 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000222 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 2566 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002081 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002082 | Employed Physician Agreement | Employee related Agreement | |
| Individual 25660 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000784 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002551 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002552 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002553 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009412 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009413 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011898 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012519 | Employed Physician Agreement | Hospitalist Incentive Comp Letter | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12947 | Employed Physician Agreement | Start Date Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12948 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21516 | Employed Physician Agreement | Change Letter | |
| Individual 25677 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005816 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011899 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 2568 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002156 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003195 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003196 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009991 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009992 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009993 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009994 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009995 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009996 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009997 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009998 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009999 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010879 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010880 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_13739 | Employed Physician Agreement | Outside Activity Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13740 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13741 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13742 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13743 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22236 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22237 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22238 | Employed Physician Agreement | Per Diem EA | |
| Individual 25763 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000337 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001463 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012520 | Employed Physician Agreement | Letter of Intent | |
| Individual 25820 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000848 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 25842 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19229 | Employed Physician Agreement | Employee related Agreement | |
| Individual 25883 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000496 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001815 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008113 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008114 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19895 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19896 | Employed Physician Agreement | Per Diem EA | |
| Individual 25896 | | | | | | 8,679.57 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002401 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009552 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011906 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12798 | Employed Physician Agreement | Change Letter | |
| Individual 25897 | | | | | | - |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc.,Steward Medicaid Care Network, Inc. | SHC_PPA_000040 | Network Physician Agreement | Participating Provider Agreement | |
| Individual 25907 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002031 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009151 | Employed Physician Agreement | Amendment to Physician EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009152 | Employed Physician Agreement | Amendment to Physician EA | |
| Individual 25969 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000437 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001670 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 26094 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004152 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004153 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004154 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004155 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004156 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004157 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009589 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21714 | Employed Physician Agreement | Amendment Checklist | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23437 | Employed Physician Agreement | Employee Agreement | |
| Individual 26113 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003193 | Employed Physician Agreement | Per Diem EA | |
| Individual 26166 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000447 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001681 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_PHY_009603 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21746 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001710 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 26191 | | | | | | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006130 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009608 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17309 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17310 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17311 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21749 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21750 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21751 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Norwood Hospital, Inc. | SHC_PHY_21755 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Norwood Hospital, Inc. | SHC_PHY_23869 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 26211 | | | | | | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_009333 | Employment Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_017584 | Employment Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Salt Lake Regional Medical Center, LP | SHC_ONBS_028401 | On-Call Agreement | On-Call Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13140 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13141 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_13142 | Employed Physician Agreement | Change Notice | |
| Individual 26322 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008679 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20676 | Employed Physician Agreement | Change Letter | |
| Individual 26512 | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001196 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004932 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004933 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004934 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004935 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004936 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004937 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16082 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009637 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011916 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21826 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21827 | Employed Physician Agreement | Employment Agreement Checklist | |
| **Individual 26640** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000357 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006418 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006419 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17691 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21454 | Employed Physician Agreement | Bonus Invoice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21455 | Employed Physician Agreement | Agreement | |
| **Individual 26655** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002164 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002165 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22307 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22308 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Norwood Hospital, Inc. | SHC_PHY_22309 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009652 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011454 | Employed Physician Agreement | Salary Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21845 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21846 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21847 | Employed Physician Agreement | Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21848 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21849 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Norwood Hospital, Inc. | SHC_PHY_21850 | Employed Physician Agreement | Renewal | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24303 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 26689** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23831 | Employed Physician Agreement | Employee Agreement | |
| **Individual 26796** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23826 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 268** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003639 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003640 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14353 | Employed Physician Agreement | Change Letter | |
| **Individual 26834** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15349 | Employed Physician Agreement | Change Notice | |
| **Individual 26917** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008914 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008915 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008916 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008917 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008918 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008919 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001694 | Network Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_009784 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_009785 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009786 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011467 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011468 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011469 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011470 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20931 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20932 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21979 | Employed Physician Agreement | Salary Change | |
| **Individual 26919** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009787 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011919 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011920 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21980 | Employed Physician Agreement | Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21981 | Employed Physician Agreement | Change Letter | |
| **Individual 27021** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001445 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001446 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006166 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006167 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006168 | Employed Physician Agreement | Amendment to Physician EA | |
| **Individual 27072** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21933 | Employed Physician Agreement | Offer of Employment | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24124 | Employed Physician Agreement | Employed Physician Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **Individual 27081** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001308 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 27232** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14981 | Employed Physician Agreement | Transfer Letter | |
| **Individual 27244** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000780 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002533 | Employed Physician Agreement | Per Diem EA | |
| **Individual 27346** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004529 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15596 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15598 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15599 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15600 | Employed Physician Agreement | ProMutual Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15601 | Employed Physician Agreement | ProMutual Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15602 | Employed Physician Agreement | ProMutual Agreement | |
| **Individual 27374** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001645 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 27381** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009687 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009688 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009689 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009690 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009691 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_009957 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009958 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009959 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009960 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009961 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22185 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22186 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22187 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22188 | Employed Physician Agreement | Compensation Adjustment Letter | |
| **Individual 27403** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | | Steward Medical Group, Inc. | SHC_PHY_011928 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 27419** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22218 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 27434** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002064 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009396 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009397 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009398 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009399 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009400 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Physician Group of Arizona, Inc. | SHC_PHY_009985 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_009986 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009987 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011991 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21361 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22228 | Employed Physician Agreement | Hospitalist Incentive Comp Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22229 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000253 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 27464** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000716 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002273 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012538 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012539 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 27677** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000877 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003138 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010031 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13661 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000879 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003139 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003140 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13662 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 27702** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007922 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007923 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007924 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011930 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 27792** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001220 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 27810** | | | | | | - |
| | St. Elizabeth's Medical Center | Nashoba Valley Medical Center, A Steward Family Hospital, Inc. | SHC_PHY_22380 | Employed Physician Agreement | Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22381 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22382 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22383 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 27851 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000898 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000899 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 2786 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19103 | Employed Physician Agreement | FTE Change | |
| Individual 27934 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000182 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004604 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004605 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011933 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22413 | Employed Physician Agreement | Employment Agreement | |
| Individual 27965 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12931 | Employed Physician Agreement | Employee related Agreement | |
| Individual 27967 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008920 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008921 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008922 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010148 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011934 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 27969 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002220 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002221 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010371 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010372 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010149 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010150 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 2803 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15562 | Employed Physician Agreement | Employee related Agreement | |
| Individual 28050 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001552 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 28110 | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_024386 | Consulting Agreement | Consulting Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_024463 | Consulting Agreement | Consulting Agreement | |
| Individual 28169 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002148 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22177 | Employed Physician Agreement | Change Letter | |
| Individual 28184 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010188 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011757 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17568 | Employed Physician Agreement | Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17569 | Employed Physician Agreement | Offer Letter | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17570 | Employed Physician Agreement | Offer of Employment | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17571 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17572 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17573 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17574 | Employed Physician Agreement | Start Date Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17575 | Employed Physician Agreement | Start Date Letter | |
| **Individual 28278** | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_000807 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_000808 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_002660 | Employed Physician Agreement | Amendment to EA | |
| **Individual 28462** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002350 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002351 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010254 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011939 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 28586** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19196 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19197 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_22630 | Employed Physician Agreement | Renewal | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22631 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24120 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 28592** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001474 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001475 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006351 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006352 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012547 | Employed Physician Agreement | Letter of Intent | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23821 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23822 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_23921 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 28743** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002573 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010313 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010314 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010315 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22703 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22704 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24266 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 28838** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002196 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010255 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010256 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010257 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010258 | Employed Physician Agreement | Amendment to Physician EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010259 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_010319 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010320 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22709 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22710 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000735 | Network Physician Agreement | Employee Agreement | |
| Individual 28847 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001714 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001715 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007539 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007540 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007541 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007542 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22711 | Employed Physician Agreement | Employment Agreement Checklist | |
| Individual 28851 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001953 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001954 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001955 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008760 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008761 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010321 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22712 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23431 | Employed Physician Agreement | Employee Agreement | |
| Individual 29078 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19712 | Employed Physician Agreement | Offer of Employment | |
| Individual 29103 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13635 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23832 | Employed Physician Agreement | Employee Agreement | |
| Individual 2914 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20334 | Employed Physician Agreement | Offer of Employment | |
| Individual 29323 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007293 | Employed Physician Agreement | Per Diem EA | |
| Individual 29325 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010431 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010666 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011540 | Employed Physician Agreement | Salary Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011541 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 29367 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004143 | Employed Physician Agreement | Physician Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004144 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14985 | Employed Physician Agreement | Employee related Agreement | |
| Individual 29494 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15101 | Employed Physician Agreement | Offer of Employment | |
| Individual 29528 | | | | | | 3,150.00 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001057 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004145 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22933 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22934 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22935 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22937 | Employed Physician Agreement | Medical Records Custody Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_22938 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23599 | Employed Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001808 | Network Physician Agreement | Employee Agreement | |
| Individual 29542 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002337 | Network Physician Agreement | Employee Agreement | |
| Individual 29584 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007297 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007298 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007299 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007300 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007301 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007302 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010496 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010497 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010498 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22961 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22962 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22963 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22964 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 29589 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21356 | Employed Physician Agreement | Employee related Agreement | |
| Individual 29593 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004006 | Employed Physician Agreement | Per Diem EA | |
| Individual 29764 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000725 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010517 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23004 | Employed Physician Agreement | Start Date Letter | |
| Individual 29778 | | | | | | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008969 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008970 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008971 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008972 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008973 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20977 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20978 | Employed Physician Agreement | Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23005 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23009 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23824 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 29856 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14128 | Employed Physician Agreement | Employment Agreement | |
| Individual 30108 | | | | | | - |
| | St. Elizabeth's Medical Center | St. Luke's Medical Center, LP | SHC_ONBS_012610 | Employment Agreement | Physician Employment Agreement | |
| Individual 30124 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003179 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003180 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_13725 | Employed Physician Agreement | Employee related Agreement | |
| Individual 30139 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001996 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001997 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008947 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 30144 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14526 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23108 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23109 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23110 | Employed Physician Agreement | Agreement | |
| Individual 30160 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15574 | Employed Physician Agreement | Employee related Agreement | |
| Individual 30261 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001391 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_010593 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010594 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011557 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011558 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17135 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23137 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23138 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23139 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23140 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002273 | Group Physician Agreement | Group Physician Agreement | |
| Individual 30386 | | | | | | - |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_014479 | Recruitment Agreement | Recruitment Agreement To Existing Medical Practice | |
| Individual 30401 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005820 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005821 | Employed Physician Agreement | New Hire Memo | |
| Individual 30419 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003148 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003149 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003150 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13675 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13676 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13677 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Physician Group of Utah, Inc. | SHC_PHY_010699 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010700 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010701 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010702 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010703 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23233 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23234 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23235 | Employed Physician Agreement | Amendment Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23236 | Employed Physician Agreement | Amendment | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23237 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23238 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23239 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23962 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23968 | Employed Physician Agreement | Employed Physician Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23969 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 30460** | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001783 | Employed Physician Agreement | | - |
| **Individual 30478** | | | | | | - |
| | Good Samaritan Medical Center | Steward Norwood Hospital, Inc. | SHC_ONBS_024457 | Independent Physician Agreeme | Administrative And Professional Services Agreement | |
| | Good Samaritan Medical Center | Steward Norwood Hospital, Inc. | SHC_ONBS_024475 | Independent Physician Agreeme | Administrative And Professional Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_025427 | Independent Director Agreemen | Independent Director Agreement | |
| **Individual 30510** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001070 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001071 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002276 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004268 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004269 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011966 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011967 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23273 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 30513** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001546 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006812 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011968 | Employed Physician Agreement | Per Diem Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **Individual 30515** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002266 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002267 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010681 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 30516** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002277 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002278 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010739 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011969 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23275 | Employed Physician Agreement | Incentive Comp Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23276 | Employed Physician Agreement | Change Letter | |
| **Individual 30527** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012248 | Employed Physician Agreement | Offer of Employment | |
| **Individual 30563** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_MAT_00007 | Chief Medical Resident Employment Agreement | | |
| **Individual 30564** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_MAT_00008 | Physician In-Training Employment Agreement | | |
| **Individual 30565** | | | | | | 77,475.00 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026630 | Professional Services Agreement | Professional Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027590 | Professional Services Agreement | First Amendment To Professional Services Agreement | |
| **Individual 30566** | | | | | | 8,500.00 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_024683 | Service Agreement | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027567 | Service Agreement | First Amendment To Pediatric Ophthalmology Services Agreement | |
| **Individual 30624** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_015701 | Supply Agreement | Rental-Purchase Agreement | |
| **Individual 30625** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_010612 | Purchase/Pricing and Supply Agreement | Equipment and Purchasing Agreement | |
| **Individual 30638** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_013607 | Supply Agreement | Service Agreement | |
| **Individual 30640** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_001420 | Supply Agreement | NannoKnife Equip use Agreemnt - SEM | |
| **Individual 30643** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_014007 | Supply Agreement | General Terms and Conditions of Service Agreement | |
| **Individual 30660** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_015449 | Supply Agreement | Addendum of the Contract | |
| **Individual 30662** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_010652 | Supply Agreement | Old Colony Hospice - Contract for Inpatient Hospice Care - GSMC - 7.15.96 - Ongoing | |
| **Individual 30667** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_001421 | Supply Agreement | CONSENT AGREEMENT | |
| **Individual 30713** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_024386 | Consulting Agreement | Consulting Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_024463 | Consulting Agreement | Consulting Agreement | |
| **Individual 30723** | | | | | | 103,317.50 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_025854 | Third-Party Administrative Agreement | Good Samaritan Medical Center | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026112 | Third-Party Administrative Agreement | ADMINISTRATIVE SERVICES AGREEMENT | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **Individual 30744** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_016017 | Service Agreement | Agreement Regarding Service | |
| **Individual 3075** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000375 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 30761** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000006 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000736 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12769 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 30790** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000324 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001412 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001413 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17262 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 30821** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000757 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000758 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002439 | Employed Physician Agreement | Change Notice | |
| **Individual 30834** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000986 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000987 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003761 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003762 | Employed Physician Agreement | Amendment to Physician EA | |
| **Individual 30840** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001058 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 30847** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001165 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001166 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004769 | Employed Physician Agreement | Amendment to EA | |
| **Individual 30860** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001298 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005552 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 30869** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001537 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001538 | Employed Physician Agreement | Physician Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001539 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006764 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_008349 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008350 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20271 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002261 | Network Physician Agreement | Employee Agreement | |
| Individual 30875 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001685 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001686 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001687 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007477 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007524 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007525 | Employed Physician Agreement | Amendment to Physician EA | |
| Individual 30881 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001789 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 30891 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002040 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002041 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002042 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009214 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21294 | Employed Physician Agreement | Employee related Agreement | |
| Individual 30892 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002053 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002054 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009322 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009323 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009324 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009325 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Physician Group of Louisiana, Inc. | SHC_PHY_009828 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009829 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009830 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009831 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22027 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22028 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23430 | Employed Physician Agreement | Employee Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002672 | Network Physician Agreement | Employee Agreement | |
| Individual 30893 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002056 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 30897 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002106 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009708 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009709 | Employed Physician Agreement | Employment Agreement | |
| Individual 30909 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002385 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002386 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_12787 | Employed Physician Agreement | Change Notice | |
| Individual 30935 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002811 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002812 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002813 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002814 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002815 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13216 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13217 | Employed Physician Agreement | Change Notice | |
| Individual 30939 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13370 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 30963 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003245 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003246 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003334 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003337 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003338 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010887 | Employed Physician Agreement | Salary Employee related Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13804 | Employed Physician Agreement | Outside Activities Form | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13805 | Employed Physician Agreement | Outside Activities Form | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13806 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13921 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13922 | Employed Physician Agreement | Change Notice | |
| **Individual 30982** | | | | | | 17,397.68 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003775 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003776 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003777 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003778 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003779 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003780 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003781 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003827 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012316 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14523 | Employed Physician Agreement | CMS Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14524 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14579 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14580 | Employed Physician Agreement | Compensation Adjustment Letter | |
| **Individual 30985** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003836 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003837 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003838 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14589 | Employed Physician Agreement | Compensation Adjustment Letter | |
| **Individual 31002** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004191 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004192 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004193 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Physician Group of Arizona, Inc. | SHC_PHY_009307 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_009308 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009309 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009310 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15055 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21384 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21385 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 31012 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004489 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 31013 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004508 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004509 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004519 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15565 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15575 | Employed Physician Agreement | CMS Letter | |
| Individual 31014 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004550 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004551 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004552 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15616 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15617 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15618 | Employed Physician Agreement | ProMutual Agreement | |
| Individual 31026 | | | | | | - |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_004728 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15834 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15835 | Employed Physician Agreement | Agreement | |
| Individual 31031 | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_004905 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004906 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004907 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004908 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011054 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 31053 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005407 | Employed Physician Agreement | Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005408 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001550 | Network Physician Agreement | Employee Agreement | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_23458 | Employed Physician Agreement | Employee Agreement | |
| Individual 31055 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005540 | Employed Physician Agreement | Employment Agreement | |
| Individual 31065 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005847 | Employed Physician Agreement | Change Notice | |
| Individual 31067 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005851 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005852 | Employed Physician Agreement | Amendment to Physician EA | |
| Individual 31073 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005911 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005912 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005913 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005918 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005919 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17110 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17111 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17112 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17113 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17114 | Employed Physician Agreement | Change Notice | |
| Individual 31098 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006680 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18091 | Employed Physician Agreement | Amendment | |
| Individual 31103 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006731 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011048 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15981 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15982 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15983 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15984 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15985 | Employed Physician Agreement | Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15986 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15987 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_15988 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18154 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18155 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18156 | Employed Physician Agreement | Change Notice | |
| **Individual 31106** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006763 | Employed Physician Agreement | Amendment to Physician EA | |
| **Individual 31116** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006974 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18560 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18561 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18562 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18563 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18564 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_18565 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19715 | Employed Physician Agreement | Change Notice | |
| **Individual 31148** | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_007638 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007639 | Employed Physician Agreement | Amended and Restated EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007640 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008959 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_008960 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010839 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012219 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19339 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19340 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19341 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19342 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19343 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19344 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19345 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19346 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19347 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19348 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19349 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19350 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_19351 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_19352 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20973 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20974 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23519 | Employed Physician Agreement | Employee Agreement | |
| **Individual 31156** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007885 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007886 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007889 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007890 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007891 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19613 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19614 | Employed Physician Agreement | CMS Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19615 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 31157** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007987 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007988 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007989 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19717 | Employed Physician Agreement | Change Notice | |
| **Individual 31164** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008093 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008094 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008095 | Employed Physician Agreement | Employee related Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19865 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_19866 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19867 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19868 | Employed Physician Agreement | ProMutual Agreement | |
| Individual 31166 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008217 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008218 | Employed Physician Agreement | Letter to continue services | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_20080 | Employed Physician Agreement | Outside Activity Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20082 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20083 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20084 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20085 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20086 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20087 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_20088 | Employed Physician Agreement | Renewal | |
| Individual 31182 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008568 | Employed Physician Agreement | Change Notice | |
| Individual 31189 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008740 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20761 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20762 | Employed Physician Agreement | Employment Agreement | |
| Individual 31200 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009054 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009055 | Employed Physician Agreement | Employee related Agreement | |
| Individual 31206 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009136 | Employed Physician Agreement | Employment Agreement | |
| Individual 31210 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009203 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009204 | Employed Physician Agreement | Amendment to Physician EA | |
| Individual 31213 | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_PHY_009315 | Employed Physician Agreement | Change Notice | |
| Individual 31218 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009510 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16224 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16225 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16226 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16227 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16228 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16229 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21649 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23579 | Employed Physician Agreement | Employee Agreement | |
| **Individual 31232** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009923 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009924 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011485 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22134 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22135 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22136 | Employed Physician Agreement | Salary Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22137 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22138 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22139 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22140 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22141 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22142 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22143 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_22144 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23678 | Employed Physician Agreement | Employee Agreement | |
| **Individual 31236** | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_010032 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010033 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010034 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_22312 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22313 | Employed Physician Agreement | Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22314 | Employed Physician Agreement | Invoice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22315 | Employed Physician Agreement | Draw Reconciliation Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22316 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22317 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23847 | Employed Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23863 | Employed Physician Agreement | Employee Agreement | |
| Individual 31241 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010075 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010076 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010077 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010078 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010079 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010080 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22374 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000615 | Network Physician Agreement | Employee Agreement | |
| Individual 31249 | | | | | | - |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_010284 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010285 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011941 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 31261 | | | | | | - |
| | Good Samaritan Medical Center | Heritage Technologies, LLC | SHC_PHY_010581 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010582 | Employed Physician Agreement | Change Notice | |
| Individual 31262 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010588 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010589 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010590 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010591 | Employed Physician Agreement | Change Notice | |
| Individual 31265 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010663 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010664 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010665 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23193 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **Individual 31287** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17909 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17911 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_17912 | Employed Physician Agreement | Renewal | |
| **Individual 31288** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011176 | Employed Physician Agreement | Salary Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011770 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 31298** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_21040 | Employed Physician Agreement | Face sheet | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21041 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21042 | Employed Physician Agreement | Amendment Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21043 | Employed Physician Agreement | Agreement | |
| **Individual 31300** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011408 | Employed Physician Agreement | Salary Employee related Agreement | |
| **Individual 31310** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011622 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 31313** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011753 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 31315** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011845 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20346 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20347 | Employed Physician Agreement | Agreement | |
| **Individual 31338** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012231 | Employed Physician Agreement | Offer of Employment | |
| **Individual 31343** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012292 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13704 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13706 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13707 | Employed Physician Agreement | Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13708 | Employed Physician Agreement | Agreement | |
| **Individual 31351** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_21267 | Employed Physician Agreement | Change Notice | |
| **Individual 31356** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012692 | Employed Physician Agreement | Employment Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22825 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22826 | Employed Physician Agreement | OA Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22827 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22828 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 31590 | | | | | | - |
| | St. Elizabeth's Medical Center | SJ Medical Center, LLC | SHC_ONBS_016902 | Recruitment Agreement | Physician Recruitment Agreement | |
| Individual 31637 | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Florida, Inc. | SHC_ONBS_018129 | Employment Agreement | Physician Employment Agreement | |
| Individual 31792 | | | | | | - |
| | St. Elizabeth's Medical Center | Mesa General Hospital, LP | SHC_ONBS_033036 | On-Call Agreement | On-Call Panel Services Agreement | |
| Individual 31833 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13344 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15665 | Employed Physician Agreement | Change Notice | |
| Individual 31852 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14364 | Employed Physician Agreement | Employee related Agreement | |
| Individual 31863 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15335 | Employed Physician Agreement | Change Notice | |
| Individual 31864 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15354 | Employed Physician Agreement | Change Notice | |
| Individual 31874 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15660 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15661 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15662 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15663 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15664 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_23912 | Employed Physician Agreement | Employee Agreement | |
| Individual 31875 | | | | | | |
| | Good Samaritan Medical Center | Steward Carney Hospital, Inc. | SHC_PHY_15706 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23189 | Employed Physician Agreement | Employment Agreement | |
| Individual 31876 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15726 | Employed Physician Agreement | Employee related Agreement | |
| Individual 31881 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16117 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 31888 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16270 | Employed Physician Agreement | Employee related Agreement | |
| Individual 31915 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17472 | Employed Physician Agreement | Offer of Employment | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| Individual 31916 | | Steward Medical Group, Inc. | SHC_PHY_17505 | Employed Physician Agreement | Employee related Agreement | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 31923 | | Steward Medical Group, Inc. | SHC_PHY_17955 | Employed Physician Agreement | Employee related Agreement | - |
| | Good Samaritan Medical Center | | | | | |
| Individual 31929 | | Steward Medical Group, Inc. | SHC_PHY_18153 | Employed Physician Agreement | Physician Employment Agreement | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 31950 | | Steward Medical Group, Inc. | SHC_PHY_19111 | Employed Physician Agreement | ProMutual Agreement | - |
| | St. Elizabeth's Medical Center | | | | | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19112 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19113 | Employed Physician Agreement | ProMutual Agreement | |
| Individual 31975 | | Steward Medical Group, Inc. | SHC_PHY_20949 | Employed Physician Agreement | Amended and Restated EA | - |
| | St. Elizabeth's Medical Center | | | | | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20950 | Employed Physician Agreement | Per Diem EA | |
| Individual 31976 | | Steward Medical Group, Inc. | SHC_PHY_21048 | Employed Physician Agreement | COVID Compensation Earn Back Letter | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 31978 | | Steward Medical Group, Inc. | SHC_PHY_21124 | Employed Physician Agreement | Bonus Repayment Invoice | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 31983 | | Steward Medical Group, Inc. | SHC_PHY_21411 | Employed Physician Agreement | Agreement | - |
| | Good Samaritan Medical Center | | | | | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21412 | Employed Physician Agreement | Agreement | |
| Individual 31988 | | Steward Medical Group, Inc. | SHC_PHY_21559 | Employed Physician Agreement | Employee related Agreement | - |
| | Good Samaritan Medical Center | | | | | |
| Individual 31992 | | Steward Medical Group, Inc. | SHC_PHY_22182 | Employed Physician Agreement | Employee related Agreement | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 31993 | | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_22311 | Employed Physician Agreement | Employment Agreement | - |
| | Good Samaritan Medical Center | | | | | |
| Individual 32004 | | Steward Medical Group, Inc. | SHC_PHY_23188 | Employed Physician Agreement | Assignment | - |
| | Good Samaritan Medical Center | | | | | |
| Individual 32009 | | TNC Transition LP | SHC_ONBS_43032 | On-Call Agreement | Employee Agreement | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 32028 | | Steward Health Care Network, Inc. | SHC_PPA_001906 | Network Physician Agreement | Employee Agreement | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 32093 | | Steward Health Care Network, Inc. | SHC_PPA_002814 | Network Physician Agreement | Employee Agreement | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 32115 | | Steward Health Care Network, Inc. | SHC_PPA_002480 | Network Physician Agreement | Employee Agreement | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 32129 | | Steward Health Care Network, Inc. | SHC_PPA_001113 | Network Physician Agreement | Employee Agreement | - |
| | St. Elizabeth's Medical Center | | | | | |
| Individual 32145 | | Steward Health Care Network, Inc. | SHC_PPA_002656 | Network Physician Agreement | Employee Agreement | - |
| | Good Samaritan Medical Center | | | | | |
| Individual 32178 | | Steward Health Care Network, Inc. | SHC_PPA_000627 | Network Physician Agreement | Employee Agreement | - |
| | Good Samaritan Medical Center | | | | | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| **Individual 32195** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002662 | Group Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000509 | Network Physician Agreement | Employee Agreement | |
| **Individual 32215** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001364 | Network Physician Agreement | Employee Agreement | |
| **Individual 32225** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000514 | Network Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000318 | Network Physician Agreement | Employee Agreement | |
| **Individual 32241** | | | | | | - |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001676 | Network Physician Agreement | Employee Agreement | |
| **Individual 32281** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000378 | Network Physician Agreement | Employee Agreement | |
| **Individual 32305** | | | | | | - |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001368 | Network Physician Agreement | Employee Agreement | |
| **Individual 32316** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002566 | Network Physician Agreement | Employee Agreement | |
| **Individual 32320** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002793 | Group Physician Agreement | Employee Agreement | |
| **Individual 32321** | | | | | | - |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001514 | Network Physician Agreement | Employee Agreement | |
| **Individual 32373** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23514 | Employed Physician Agreement | Employee Agreement | |
| **Individual 32377** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23572 | Employed Physician Agreement | Employee Agreement | |
| **Individual 327** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001667 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001668 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011585 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 3279** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003305 | Employed Physician Agreement | Change Notice | |
| **Individual 3313** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21317 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 3352** | | | | | | - |
| | St. Elizabeth's Medical Center | Odessa Regional Hospital, LP | SHC_ONBS_019534 | Recruitment Agreement | Recruitment Agreement | |
| | St. Elizabeth's Medical Center | Odessa Regional Hospital, LP | SHC_ONBS_019804 | Recruitment Agreement | Recruitment Agreement To Existing Medical Practice | |
| | St. Elizabeth's Medical Center | Odessa Regional Hospital, LP | SHC_ONBS_019843 | Recruitment Agreement | Recruitment Agreement To Existing Medical Practice | |
| | St. Elizabeth's Medical Center | Odessa Regional Hospital, LP | SHC_ONBS_019889 | Recruitment Agreement | Recruitment Agreement To Existing Medical Practice | |
| | St. Elizabeth's Medical Center | Odessa Regional Hospital, LP | SHC_ONBS_020094 | Recruitment Agreement | Recruitment Agreement | |
| **Individual 3478** | | | | | | - |
| | St. Elizabeth's Medical Center | Mountain Vista Medical Center, LP | SHC_ONBS_009781 | Affiliation Agreement | Agreement For Residency Training | |
| **Individual 348** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001945 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001946 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002428 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_002429 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002430 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008741 | Employed Physician Agreement | Amendment to Physician EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010817 | Employed Physician Agreement | Salary Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010818 | Employed Physician Agreement | Salary Employee related Agreement | |
| **Individual 3505** | | | | | | - |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_14781 | Employed Physician Agreement | Amendment | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_14782 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Trumbull Memorial Hospital, Inc. | SHC_PHY_14818 | Employed Physician Agreement | Professional Services Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_24014 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 3592** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002175 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002176 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010115 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13977 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13978 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 3773** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002170 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 3782** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12821 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 3799** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001963 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008805 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008806 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008807 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008808 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003416 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011634 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14015 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 3847** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_ONBS_024620 | Employment Agreement | Amendment To Physician Part-Time Employment Agreement For Administrative Services | |
| **Individual 4097** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001049 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_PHY_003448 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003449 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004097 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_14053 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14889 | Employed Physician Agreement | CMS Letter | |
| **Individual 4098** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22517 | Employed Physician Agreement | Offer of Employment | |
| **Individual 4277** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003659 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003660 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003661 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003668 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003669 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003670 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003671 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012200 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14075 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14376 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14377 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14378 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15344 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24510 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001310 | Group Physician Agreement | Group Physician Agreement | |
| **Individual 4440** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010829 | Employed Physician Agreement | Salary Change Letter | |
| **Individual 4473** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23486 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23495 | Employed Physician Agreement | Employed Physician Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23627 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 4555** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15605 | Employed Physician Agreement | Offer of Employment | |
| **Individual 4565** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003514 | Employed Physician Agreement | Amended and Restated EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003515 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010913 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14156 | Employed Physician Agreement | Phys. Comp. and Monthly Earn Back Prog | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14157 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14158 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14159 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14160 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14161 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_14162 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17259 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17260 | Employed Physician Agreement | COVID Shift Comp Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006094 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006095 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006096 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006097 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006098 | Employed Physician Agreement | Amendment to EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006099 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17286 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17261 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 4651** | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_ONBS_000833 | Employment Agreement | Second Amendment To Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_ONBS_001500 | Employment Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_ONBS_004017 | Employment Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_ONBS_004020 | Employment Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | IASIS Glenwood Regional Medical Center, LP | SHC_ONBS_027996 | Independent Director Agreement | Cardiology Medical Director Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_ONBS_034528 | Employment Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_ONBS_034985 | Employment Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_ONBS_036504 | Employment Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_ONBS_036704 | Employment Agreement | First Amendment To Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_ONBS_036978 | Employment Agreement | First Amendment To Physician Employment Agreement | |
| **Individual 4658** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003522 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18134 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 4704** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000233 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000234 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001261 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005426 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14170 | Employed Physician Agreement | Letter of Intent | |
| **Individual 4766** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003527 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012208 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14171 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14173 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14174 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14175 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14176 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_14177 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23496 | Employed Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008378 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008384 | Employed Physician Agreement | Amendment to Physician EA | |
| **Individual 4927** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000952 | Network Physician Agreement | Network Physician Agreement | |
| **Individual 4954** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000798 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000799 | Employed Physician Agreement | New Hire Memo | |
| **Individual 4993** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000959 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003586 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 5083 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23152 | Employed Physician Agreement | Offer of Employment | |
| Individual 516 | | | | | | 1,407.49 |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_000549 | Employment Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_000735 | Employment Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_000883 | Employment Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | IASIS Healthcare LLC | SHC_ONBS_001751 | Independent Director Agreement | Advisory And Directorship Services Agreement | |
| | St. Elizabeth's Medical Center | IASIS Healthcare LLC | SHC_ONBS_001810 | Independent Director Agreement | Advisory And Directorship Services Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_002045 | Employment Agreement | First Amendment To Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_ONBS_002283 | Employment Agreement | First Amendment To Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_008473 | On-Call Agreement | Professional Services Agreement | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_008570 | On-Call Agreement | Professional Services Agreement | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_025011 | On-Call Agreement | First Amendment To Professional Services Agreement | |
| | St. Elizabeth's Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_025028 | On-Call Agreement | Employee Agreement | |
| Individual 518 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000115 | Network Physician Agreement | Participating Provider Agreement | |
| Individual 5191 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010670 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010671 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14368 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14369 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23629 | Employed Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24151 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 5193 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003650 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003972 | Employed Physician Agreement | Per Diem EA | |
| Individual 5198 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12766 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14371 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14372 | Employed Physician Agreement | Salary Increase Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23630 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 5214 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21311 | Employed Physician Agreement | Employee related Agreement | |
| Individual 5229 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003743 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003912 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010938 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14447 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_14451 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14710 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14711 | Employed Physician Agreement | Employment Agreement | |
| Individual 524 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20642 | Employed Physician Agreement | Change Letter | |
| Individual 525 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011809 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 5300 | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Riverwoods ASC Holdco LLC | SHC_ONBS_002002 | Independent Director Agreement | Medical Director Agreement | |
| Individual 540 | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_12983 | Employed Physician Agreement | Employment Agreement | |
| Individual 5425 | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_003790 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005973 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005974 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005975 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005976 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005977 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14538 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17188 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17189 | Employed Physician Agreement | CMS Letter | |
| Individual 5489 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001883 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008442 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14554 | Employed Physician Agreement | Employee related Agreement | |
| Individual 561 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15559 | Employed Physician Agreement | Offer of Employment | |
| Individual 563 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005633 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_005634 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 5637 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12954 | Employed Physician Agreement | Offer of Employment | |
| Individual 5691 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19883 | Employed Physician Agreement | FTE Change | |
| Individual 5702 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011648 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 5711 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17388 | Employed Physician Agreement | Offer of Employment | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23517 | Employed Physician Agreement | Employee Agreement | |
| Individual 5714 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000939 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003494 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003497 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003498 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003499 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_003824 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003825 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003826 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14578 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 5724 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001618 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001619 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007136 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007137 | Employed Physician Agreement | Amendment to EA | |
| Individual 5732 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_008925 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_20938 | Employed Physician Agreement | Per Diem EA | |
| Individual 5778 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001664 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Heritage Technologies, LLC | SHC_PHY_003832 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003833 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007307 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007308 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007309 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007310 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007311 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007312 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011649 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15386 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18897 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18898 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18899 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18900 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18901 | Employed Physician Agreement | Change Notice | |
| Individual 5895 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003480 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14110 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24513 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 5930 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14897 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000930 | Network Physician Agreement | Network Physician Agreement | |
| Individual 5990 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003852 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Physician Group of Arizona, Inc. | SHC_PHY_012142 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Physician Group of Arizona, Inc. | SHC_PHY_17059 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 6396 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005008 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005009 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011657 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 6409 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000967 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000968 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003677 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003678 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003679 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_003907 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011658 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012323 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14704 | Employed Physician Agreement | Change Notice | |
| Individual 6496 | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009952 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_009953 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_22181 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011659 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 6498 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004288 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004289 | Employed Physician Agreement | Amendment to Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012325 | Employed Physician Agreement | Salary Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14738 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15161 | Employed Physician Agreement | Change Letter | |
| Individual 6553 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003367 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003368 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003369 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003370 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003945 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003946 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003947 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003948 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13952 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13953 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13954 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_14758 | Employed Physician Agreement | Outside Activity Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14759 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14760 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14761 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13955 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13956 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13957 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13958 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13959 | Employed Physician Agreement | ProMutual Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13960 | Employed Physician Agreement | Amendment to EA | |
| Individual 6585 | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | | Steward Medical Group, Inc. | SHC_PHY_002548 | Employed Physician Agreement | Per Diem EA | |
| **Individual 6591** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003964 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003965 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007887 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007888 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19616 | Employed Physician Agreement | Invoice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19617 | Employed Physician Agreement | Change Letter | |
| **Individual 6631** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14387 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 6668** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005326 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_14844 | Employed Physician Agreement | Salary Increase Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14845 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14846 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14847 | Employed Physician Agreement | Amendment | |
| **Individual 6670** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001060 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 6752** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004158 | Employed Physician Agreement | Amended and Restated EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12985 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12991 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15008 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15009 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15010 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23795 | Employed Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002621 | Network Physician Agreement | Employee Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004159 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12984 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Salt Lake Regional Medical Center, LP | SHC_ONBS_011789 | Independent Director Agreement | Directorship Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24487 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 6806** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_007474 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19119 | Employed Physician Agreement | Change Notice | |
| **Individual 686** | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_001659 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002614 | Employed Physician Agreement | Change Notice | |
| **Individual 6972** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001136 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001137 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004199 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004575 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004576 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004577 | Employed Physician Agreement | Amendment to Physician EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004578 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15062 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15063 | Employed Physician Agreement | Start Date Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15064 | Employed Physician Agreement | Facesheet | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15639 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15640 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15641 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_23635 | Employed Physician Agreement | Employed Physician Agreement | |
| Individual 6984 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000963 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15071 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15072 | Employed Physician Agreement | Change Letter | |
| Individual 7245 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18291 | Employed Physician Agreement | Offer Letter | |
| Individual 7301 | | | | | | - |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_ONBS_43455 | On-Call Agreement | Employee Agreement | |
| Individual 7349 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004266 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008527 | Employed Physician Agreement | Employment Agreement | |
| Individual 7384 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16816 | Employed Physician Agreement | Employee related Agreement | |
| Individual 7543 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004324 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004325 | Employed Physician Agreement | Salary Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010104 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010105 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010106 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010107 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010108 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_010109 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_012686 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000963 | Network Physician Agreement | Network Physician Agreement | |
| Individual 7570 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15225 | Employed Physician Agreement | Employment Agreement | |
| Individual 7600 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15228 | Employed Physician Agreement | Offer of Employment | |
| Individual 7605 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000027 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13061 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011672 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 7658 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004351 | Employed Physician Agreement | Amendment to APP EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006951 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18504 | Employed Physician Agreement | Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18505 | Employed Physician Agreement | Offer Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_18506 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 7692 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_22742 | Employed Physician Agreement | Employee related Agreement | |
| Individual 7722 | | | | | | - |
| | St. Elizabeth's Medical Center | Salt Lake Regional Medical Center, LP | SHC_ONBS_011052 | Recruitment Agreement | Recruitment Agreement | |
| Individual 7749 | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002037 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002038 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15294 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 7831** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19125 | Employed Physician Agreement | Change Letter | |
| **Individual 7849** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001909 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001910 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001911 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008597 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008598 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20585 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20586 | Employed Physician Agreement | Per Diem Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004375 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15311 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15312 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15313 | Employed Physician Agreement | OA Form | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_23638 | Employed Physician Agreement | Employee Agreement | |
| **Individual 7899** | | | | | | - |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_000850 | Group Physician Agreement | Group Physician Agreement | |
| **Individual 7953** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004401 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15420 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15421 | Employed Physician Agreement | Amendment Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15422 | Employed Physician Agreement | Amendment Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15423 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15424 | Employed Physician Agreement | Medical Records Custody Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_15425 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21421 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_21422 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009330 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009331 | Employed Physician Agreement | Employee related Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009332 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009333 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009334 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009335 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_009336 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Health Care Network, Inc. | SHC_PPA_001695 | Network Physician Agreement | Employee Agreement | |
| **Individual 8007** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001422 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001423 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004408 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006070 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010992 | Employed Physician Agreement | Salary Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15455 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15456 | Employed Physician Agreement | Professional Services Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15457 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PHY_23455 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 8203** | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Louisiana, Inc. | SHC_PHY_004422 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005566 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005567 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15482 | Employed Physician Agreement | OA Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15483 | Employed Physician Agreement | OA Form | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15484 | Employed Physician Agreement | Invoice | |
| **Individual 8213** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_24119 | Employed Physician Agreement | Employed Physician Agreement | |
| **Individual 8298** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001604 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001605 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Utah, Inc. | SHC_PHY_004443 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004444 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007077 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007078 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007079 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010997 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18669 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| **Individual 8364** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000119 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001011 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14722 | Employed Physician Agreement | Change Letter | |
| **Individual 8382** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004472 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004473 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19606 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19607 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 8397** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006435 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006436 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006437 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006438 | Employed Physician Agreement | Amended and Restated EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006439 | Employed Physician Agreement | New Hire Memo | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_17700 | Employed Physician Agreement | Per Diem EA | |
| **Individual 8408** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002364 | Employed Physician Agreement | New Hire Memo | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_002365 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011684 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15531 | Employed Physician Agreement | Employment Agreement Checklist | |
| Individual 8411 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000469 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_19366 | Employed Physician Agreement | Change Letter | |
| Individual 8464 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000995 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003822 | Employed Physician Agreement | Employment Agreement | |
| Individual 8510 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_003856 | Employed Physician Agreement | Per Diem EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14622 | Employed Physician Agreement | Offer of Employment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_14623 | Employed Physician Agreement | Offer of Employment | |
| Individual 8545 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14824 | Employed Physician Agreement | Offer Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_14825 | Employed Physician Agreement | Offer Letter | |
| Individual 8546 | | | | | | 12,715.00 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001079 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Health Care Network, Inc. | SHC_PPA_002537 | Network Physician Agreement | Employee Agreement | |
| Individual 8579 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004559 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011004 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 862 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16869 | Employed Physician Agreement | Offer of Employment | |
| Individual 8663 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001725 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001726 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004593 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004594 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007676 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007677 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007678 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_012220 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15674 | Employed Physician Agreement | Compensation Adjustment Letter | |
| Individual 8699 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000251 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_004595 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_004596 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005561 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005562 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005563 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_005564 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15676 | Employed Physician Agreement | Employment Agreement Checklist | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15677 | Employed Physician Agreement | Start Date Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15678 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16809 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| Individual 880 | | | | | | 375.00 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000026 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000803 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13057 | Employed Physician Agreement | CMS Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_13107 | Employed Physician Agreement | Employment Agreement Checklist | |
| Individual 8836 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004636 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_004860 | Employed Physician Agreement | Amendment to EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011013 | Employed Physician Agreement | Salary Change Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011014 | Employed Physician Agreement | Compensation Adjustment Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16008 | Employed Physician Agreement | Change Notice | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_16009 | Employed Physician Agreement | Change Notice | |
| **Individual 8890** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003444 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003445 | Employed Physician Agreement | Per Diem EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003446 | Employed Physician Agreement | Employment Agreement | |
| **Individual 8891** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15609 | Employed Physician Agreement | Offer of Employment | |
| **Individual 894** | | | | | | - |
| | Good Samaritan Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_025542 | Recruitment Agreement | Recruitment Agreement To Existing Medical Practice | |
| | Good Samaritan Medical Center | Jordan Valley Medical Center, LP | SHC_ONBS_035294 | Recruitment Agreement | Recruitment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001869 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001874 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001875 | Employed Physician Agreement | Physician Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008382 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008383 | Employed Physician Agreement | Amendment to Physician EA | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_002696 | Employed Physician Agreement | Change Notice | |
| | Good Samaritan Medical Center | Steward Health Care System LLC | SHC_PHY_13115 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13116 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13117 | Employed Physician Agreement | OA Form | |
| **Individual 8991** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003656 | Employed Physician Agreement | Per Diem EA | |
| **Individual 9202** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_000264 | Employed Physician Agreement | Physician Employment Agreement | |
| **Individual 9225** | | | | | | - |
| | St. Elizabeth's Medical Center | Permian Premier Health Services, Inc. | SHC_PHY_004709 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006967 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006968 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15803 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_15807 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18555 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18556 | Employed Physician Agreement | Change Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_18557 | Employed Physician Agreement | Employment Agreement | |
| **Individual 9306** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011692 | Employed Physician Agreement | Per Diem Agreement | |
| **Individual 9330** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_12732 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 9365** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004721 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004722 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004723 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004724 | Employed Physician Agreement | New Hire Memo | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006017 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006018 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006019 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006020 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006021 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006022 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006023 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006024 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006025 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006026 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006027 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15814 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15815 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15816 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_15817 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17234 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17235 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_17236 | Employed Physician Agreement | Employment Agreement | |
| **Individual 9381** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_16990 | Employed Physician Agreement | Employee related Agreement | |
| **Individual 9415** | | | | | | - |
| | St. Elizabeth's Medical Center | Physician Group of Arizona, Inc. | SHC_ONBS_028435 | Independent Physician Agreement | Physician Extender Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Arizona, Inc. | SHC_ONBS_037386 | Independent Physician Agreement | Letter Of Extension Of Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Arizona, Inc. | SHC_ONBS_041072 | Independent Physician Agreement | Physician Extender Employment Agreement | |
| | St. Elizabeth's Medical Center | Physician Group of Arizona, Inc. | SHC_ONBS_041153 | Independent Physician Agreement | Physician Extender Employment Agreement | |
| **Individual 955** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13133 | Employed Physician Agreement | Employment Agreement Checklist | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_13134 | Employed Physician Agreement | Facesheet | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20137 | Employed Physician Agreement | COVID Compensation Earn Back Letter | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_20138 | Employed Physician Agreement | CMS Letter | |
| **Individual 9639** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15838 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15839 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15840 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15841 | Employed Physician Agreement | Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15842 | Employed Physician Agreement | Amendment | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_15843 | Employed Physician Agreement | Renewal | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_PHY_23914 | Employed Physician Agreement | Employee Agreement | |
| **Individual 9719** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006705 | Employed Physician Agreement | Per Diem EA | |
| **Individual 9729** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001459 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006232 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_006233 | Employed Physician Agreement | Amendment to Physician EA | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15872 | Employed Physician Agreement | Letter of Intent | |
| Individual 9753 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_006362 | Employed Physician Agreement | Per Diem EA | |
| Individual 9764 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001068 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004247 | Employed Physician Agreement | New Hire Memo | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004248 | Employed Physician Agreement | Amendment to Physician EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004249 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004250 | Employed Physician Agreement | Amendment to EA | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004251 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_004252 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_010827 | Employed Physician Agreement | New Agreement Letter | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_011699 | Employed Physician Agreement | Per Diem Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15107 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15108 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15109 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15879 | Employed Physician Agreement | Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15880 | Employed Physician Agreement | Change Notice | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_15882 | Employed Physician Agreement | Letter of Intent | |
| | St. Elizabeth's Medical Center | Steward Norwood Hospital, Inc. | SHC_PHY_15886 | Employed Physician Agreement | Renewal | |
| Individual 9825 | | | | | | 2,500.00 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_024682 | On-Call Agreement | General Surgery On-Call Panel Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_027568 | On-Call Agreement | Second Amendment To General Surgery On-Call Panel Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ONBS_027785 | On-Call Agreement | Employee Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_001373 | Employed Physician Agreement | Physician Employment Agreement | |
| Individual 986 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_000443 | Employed Physician Agreement | Employee related Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_001680 | Employed Physician Agreement | Physician Employment Agreement | |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_PHY_007457 | Employed Physician Agreement | Amendment to EA | |
| Individual 9935 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_008603 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011702 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 9945 | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_003123 | Employed Physician Agreement | Employment Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_011703 | Employed Physician Agreement | Per Diem Agreement | |
| Individual 9998 | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_PHY_19132 | Employed Physician Agreement | Employee related Agreement | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_PHY_19133 | Employed Physician Agreement | Offer of Employment | |
| Industrial Services and Instilation | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007445 | Service Agreement | Quarterly Preventative Maintenance Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007446 | Service Agreement | Preventive Maintenance Agreement | |
| Integrated Systems Technology | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_007656 | Supply Agreement | Agreement for Alarm System Services | |
| Intelligent Medical Objects, Inc. | | | | | | 973,240.32 |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007669 | License Agreement | License Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007671 | License Agreement | License Agreement | |
| **International Union of Operating Engineers, Local 877** | | | | | | - |
| | St. Elizabeth's Medical Center | SHC_OOC_000016 | Steward St. Elizabeth's Medical Center of Boston Inc. | CBA/Union Agreement | Collective Bargaining Agreement | |
| **Invatec** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007828 | Supply Agreement | Consignment Stocking Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007831 | Supply Agreement | Consignment Stocking Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007832 | Supply Agreement | Consignment Stocking Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007833 | Supply Agreement | Consignment Stocking Agreement | |
| **Invensys ENE, Inc.** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_007834 | Supply Agreement | Systems Support Agreement | |
| **InvoCirc** | | | | | | $  407,665 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCAC_01645 | Supply Chain Agreement - (SU) | Cardiac and non-cardiac perfusion services | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007845 | Supply Chain Agreement - (SU) | BUSINESS ASSOCIATE AGREEMENT | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007846 | Supply Chain Agreement - (SU) | BUSINESS ASSOCIATE AGREEMENT | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007847 | Business Associate Agreement | BUSINESS ASSOCIATE AGREEMENT | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007848 | Supply Chain Agreement - (SU) | THIRD AMENDMENT TO AGREEMENT FOR EXTRACORPOREAL SERVICES | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007849 | Supply Chain Agreement - (SU) | THIRD AMENDMENT TO AGREEMENT FOR EXTRACORPOREAL SERVICES | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007851 | Supply Chain Agreement - (SU) | FIRST AMENDMENT TO AGREEMENT FOR EXTRACORPOREAL SERVICES | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007852 | Supply Chain Agreement - (SU) | SECOND AMENDMENT TO AGREEMENT FOR EXTRACORPOREAL SERVICES | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007853 | Supply Agreement | BUSINESS ASSOCIATE AGREEMENT | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007854 | Supply Agreement | FIRST AMENDMENT TO AGREEMENT FOR EXTRACORPOREAL SERVICES | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007855 | Supply Agreement | BUSINESS ASSOCIATE AGREEMENT | |
| **ISI Interface** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007894 | Supply Agreement | Preventive Maintenance Agreement | |
| **ISIS Medical** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_007895 | Supply Agreement | Rental Medical Equipment Contract | |
| **Itamar Medical** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007916 | Business Associate Agreement | Business Associate Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_007918 | Supply Chain Agreement - (RS) Respiratory | SH-RS-20155401 - Itamar Medical - Equipment Evaluation Agreement for Sleep Test Devices for SEMC - exp 4-30-20 | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007917 | Supply Chain Agreement - (RS) Respiratory | Medical Quotation | |
| ▮▮▮▮▮ | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001156 | Real Property Lease | Sublease Agreement | - |
| **Johnson Compounding and Wellness** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_008112 | Supply Chain Agreement - (PH) Pharmacy | SL-PH-0049 - Johnson Compounding and Wellness - Pharmacy Agreement - SEMC - Ongoing | |
| **Kaiser Contracting** | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_008274 | Supply Agreement | Snow Plowing Contract | - |
| **Kelyniam** | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_008332 | Supply Chain Agreement - (SU) Surgery | Letter RE: Pricing Structure | - |
| **Keyspan** | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_008345 | Service Agreement | Customer Verification Form | - |
| **King Pharmaceuticals** | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_008362 | Services Agreement - Pharmacy | Letter RE: Participation | - |
| **Lexi Comp** | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_008574 | Supply Agreement | Executed License Agreement | - |
| **Life Image Inc.** | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_008604 | Business Associate Agreement | Business Associate Agreement | - |
| **Light Tower Fiber Networks** | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCAC_01947 | Supply Chain Agreement - (IS) Information Services | License Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_008662 | License Agreement | License Agreement | |
| **Line Mechanical** | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_008676 | Supply Agreement | Maintenance Agreement | - |
| **Longevity Health Plan of Massachusetts, Inc.** | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00105 | Payor Agreement | Health System Participation Agreement | - |
| **Loris Gifts** | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001386 | Real Property Lease | Gift Shop Management and Operation Agreement | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001387 | Real Property Lease | Notice of Lease Extension | - |
| **Mahey** | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_001198 | Supply Agreement | TVT REGISTY PARTICIPATION AGREEMENT | - |
| ███████████ | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001382 | Real Property Lease | Second Amendment to Amended and Restated Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001383 | Real Property Lease | Third Amendment to Amended and Restated Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001384 | Real Property Lease | Amended and Restated Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001385 | Real Property Lease | Standard Medical Office Building Lease | - |
| ███████████ | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001392 | Real Property Lease | Assignment of and Third Amendment of Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001393 | Real Property Lease | Second Amendment of Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001394 | Real Property Lease | Amendment of Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001395 | Real Property Lease | Fourth Amendment of Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001396 | Real Property Lease | Agreement of Sublease | - |
| **Marraffa & Associates Inc** | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_008913 | Service Agreement | Billing Services Agreement | 706.83 |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| Mass General Brigham Health Plan Inc. f/k/a AllWays Health Partners, Inc. f/k/a Neighborhood Health Plan, Inc. | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00108 | Payor Agreement | Neighborhood Health Plan Health Care Network Agreement | |
| Mass Health Decisions | | | | | | - |
| | Good Samaritan Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_008942 | Supply Agreement | Licensing Agreement for Paper Reproduction | |
| Mass Retina Eye Specialists, Inc. | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001168 | Real Property Lease | Sublease Agreement | |
| Massachusetts Behavioral Health Partnership | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care System, LLC | SHC_PAY-00107 | Payor Agreement | Participation Agreement | |
| Massachusetts Emergency Management Agency | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_004249 | Supply Agreement | Memorandum of Agreement | |
| Massachusetts Health Decisions (MHD), | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_008939 | Supply Agreement | Lease Agreement | |
| Massachusetts Nurses Association | | | | | | - |
| | Good Samaritan Medical Center | SHC_OOC_000013 | Steward Good Samaritan Medical Center Inc. | CBA/Union Agreement | Collective Bargaining Agreement | |
| | St. Elizabeth's Medical Center | SHC_CBA_000002 | Steward St. Elizabeth's Medical Center of Boston, Inc. | CBA/Union Agreement | Collective Bargaining Agreement | |
| MDxhealth, Inc., | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_009109 | Supply Chain Agreement - (LA) Laboratory | SH-LA-22150937 - MDXHealth - Steward Legal - 3-15-2022 | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_009110 | Supply Chain Agreement - (LA) Laboratory | SH-LA-22150937 - MDXHealth - 3-15-2022 | |
| Medacist Solutions Group LLC | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_009133 | Supply Agreement | Service Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_009134 | Service Agreement | Service Agreement | |
| Med-Ed | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027381 | Individual Site Agreement | Agreement For Host Site Presentation | |
| Medical Center Of Boston Inc□ Ginny | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_010382 | Supply Agreement | NECS CSEMC     Jul06-Jul09 | |
| Medshape Inc | | | | | | 97,092.13 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_009389 | Supply Agreement | Agreement of Terms and Conditions | |
| Medumo, Inc. | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_009802 | Business Associate Agreement | Business Associate Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_009803 | Supply Chain Agreement - (PS) Purchased Services | MASTER SOLUTION AGREEMENT | |
| Metrex Research, LLC | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_009872 | Supply Chain Agreement - (ES) Environmental Services | Purchase Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_009873 | Supply Chain Agreement - (ES) Environmental Services | Purchase Agreement | |
| MIG Sales Contracts | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_009049 | Supply Agreement | Contract Supplement to License Agreement | |
| NeighborCare at Home | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_010286 | Supply Agreement | Agreement for Ancillary Services | |
| Neuwave Medical Inc | | | | | | 2,500.00 |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_010367 | Supply Agreement | NeuWave Medical - Clinical Evaluation Agreement - SEMC - 2.29.15 | |
| Northeast Electrical Testing | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_010460 | Supply Agreement | Letter RE: Electrical Testing Proposal | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_010461 | Supply Agreement | Letter RE: Electrical Testing Proposal | |
| Northeast Hospital, | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_008361 | Service Agreement | INTERPRETER SERVICES AGREEMENT | |
| Northeast, Inc., | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_004795 | Supply Agreement | Planned Maintenance Agreement | |
| Northgate Technologies | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_010477 | Supply Chain Agreement - (PS) Purchased Services | Equipment Rental Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_010478 | Supply Chain Agreement - (PS) Purchased Services | SH-PS-15134804 - Northgate Technologies - Amendment 1 to Equipment rental agreement for GSMC - exp 3-24-2020 | |
| Novadaq Capital Solutions | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_010500 | Supply Chain Agreement - (RA) Radiology | Agreement | |
| Novasure | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_010511 | Supply Agreement | Order Agreement | |
| Nx Stage Medical Inc | | | | | | 49,218.76 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_010611 | Supply Agreement | NxSTAGE May06-May07 | |
| OfficeMax | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_010634 | Service Agreement | Printer Service Contract | |
| Old Colony Hospice | | | | | | 20,000.00 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_010654 | Supply Agreement | Old Colony Hospice - Contract for Inpatient Hospice Care - GSMC - 12.31.06 - Ongoing | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_010653 | Supply Agreement | Inpatient Hospice Care Agreement | |
| Optio Software | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_011268 | Supply Agreement | Service Agreement | |
| Orthopedic Care Specialists Inc | | | | | | 301,767.96 |
| | Good Samaritan Medical Center | Steward Medical Group Inc.; Steward Good Samaritan Medical Center, Inc. | SHC_SCC_011367 | Service Agreement | ADMINISTRATIVE SERVICES AGREEMENT | |
| Orthovita | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_011371 | Supply Agreement | Orthovita Product Consignment Agreement | |
| Osiris Therapeutics I | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_011373 | Supply Chain Agreement - (SU) Surgery | CONSIGNMENT AGREEMENT | |
| Pacemate LLC | | | | | | $    163,608 |
| | Good Samaritan Medical Center and St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_PM_00001 | Services Agreement | Cardiac Implantable Electronic Device Monitoring Services Agreement | |
| PAM Health Specialty Hospital of Stoughton | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026261 | Blood Supply Agreement | | |
| Pasek Corp | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_011569 | Business Associate Agreement | Business Associate Agreement | |
| PBL Associates, LP | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_002748 | Supply Agreement | Purchase Order | |
| Pen Rad Technologies Inc | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_011604 | Business Associate Agreement | HIPAA BUSINESS ASSOCIATE AGREEMENT | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_011605 | Business Associate Agreement | Business Associate Agreement | |
| Pentax | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward Health Care System LLC; Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_011614 | Service Agreement | Service Agreement | |
| **PeopleCube** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_011657 | Supply Agreement | Purchase Order | |
| **Persyst Development Corporation** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_011691 | Business Associate Agreement | Business Associate Agreement | |
| **PharMerica - Massachusetts, Inc. d/b/a PharMerica Drug Systems, Inc.** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_001499 | Equipment Maintenance Service Agreement | Service Agreement | |
| **Physicians' Organization at Children's Hospital, Inc.** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001167 | Real Property Lease | Sublease Agreement | |
| **Physicians Resource Network Inc** | | | | | | 425.00 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_011922 | Service Agreement | Supply Chain Coversheet | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_011923 | Service Agreement | Physicians Resources Limited- Service Agreement entered 1.14.2013 | |
| **Pinestar Technology** | | | | | | 10,526.60 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_011944 | Software Licensing Agreement | Software Support Agreement | |
| **Plymouth Rock** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCAC_01560 | Supply Chain Agreement - (RA) Radiology | Amendment to Extend Lithotripsy Services - GSMC | |
| **Pneumogram Specialists** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_012062 | Business Associate Agreement | Business Associate Agreement | |
| **Power Service Concepts** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_012103 | Supply Agreement | Maintenance Agreement | |
| **Pratt Ophthalmology Associates** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001400 | Real Property Lease | First Amendment to Sublease | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001401 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001402 | Real Property Lease | First Amendment to Sublease | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001403 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001404 | Real Property Lease | Sublease Agreement | - |
| **Precision Diagnostics** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_012115 | Supply Chain Agreement - (LA) Laboratory | SH-LA-30115206 - Precision Diagnostics - 10-31-2021 | |
| **Pro-Tech Information Security LLC,** | | | | | | 524.20 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_012254 | Supply Agreement | PRO-TECH INFORMATION SECURITY SERVICES AGREEMENT | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_012255 | Supply Agreement | PRO-TECH INFORMATION SECURITY SERVICES AGREEMENT | |
| **Pure Flow** | | | | | | 1,757.00 |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC; Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_012281 | Supply Chain Agreement - (PS) Purchased Services | Service Contract | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_012280 | Service Agreement | Service Contract | |
| **Pure Life Renal Of Stoughton LLC** | | | | | | 196,327.30 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_004201 | Supply Chain Agreement - (PS) Purchased Services | SH-PS-20140442 Amendment to GSMC Dialysis Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_012282 | Business Associate Agreement | Business Associate Agreement | |
| **Q Centrix LLC** | | | | | | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_012327 | Supply Agreement | Letter of Agreement | |
| **Quabbin Healthcare Consulting, Inc** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_012333 | Service Agreement | QUABBIN HEALTHCARE Service Agreement EXP 6.30.12 | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_012335 | Supply Agreement | Contract Addendum | |
| **Quest Diagnostics** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001135 | Real Property Lease | Amended and Restatement of Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001155 | Real Property Lease | Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001161 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001192 | Real Property Lease | First Amendment of Sublease Agreement | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001193 | Real Property Lease | Amended and Restatement of Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001378 | Real Property Lease | Amendment and Restatement of Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001379 | Real Property Lease | Standard Medical Office Building Lease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001380 | Real Property Lease | Assignment and Assumption | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001381 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001427 | Real Property Lease | Third Amendment of Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001428 | Real Property Lease | Amendment and Restatement of Sublease | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001429 | Real Property Lease | Notice of Lease Extension | - |
| **Renal Medical Care Pc** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001139 | Real Property Lease | Lease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001140 | Real Property Lease | Notice of Lease Extension | - |
| **Rioux Vision, Inc.,** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_012752 | Purchase/Pricing and Supply Agreement | Master Product Support Agreement | |
| **Robert McNulty Joseph Schmitt** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_ITSharept_00898 | Statement of Work | SPACELABS | |
| **Rogerson Orthopedic** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_012909 | Business Associate Agreement | HIPAA BUSINESS ASSOCIATE AGREEMENT | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_012911 | Business Associate Agreement | Business Associate Agreement | |
| **Roman Catholic Archbishop Of** | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001145 | Real Property Lease | First Amendment of Agreement of Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001146 | Real Property Lease | Second Amendment of Agreement of Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001147 | Real Property Lease | Fprm Confirmation Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001148 | Real Property Lease | Agreement of Lease | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001194 | Real Property Lease | Amended and Restated Sublease | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001195 | Real Property Lease | Amendment of Sublease | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001196 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001197 | Real Property Lease | Sublease Agreement | - |
| **Rzen** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_001999 | Supply Agreement | Consignment Request Form | |
| **Saint Elizabeth Medical Center SHERPA** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_ITSharept_02842 | Statement of Work | Statement of Work | |
| **Scott Horwitz, D.P.M.** | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001398 | Real Property Lease | Notice of Lease Extension | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001399 | Real Property Lease | Sublease Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001751 | Real Property Lease | Sublease Agreement | - |
| Second Q LLC | | | | | | 258.06 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_013074 | Equipment Lease Agreement | Lease Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_013077 | Equipment Lease Agreement | Lease Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001397 | Real Property Lease | Agreement of Lease | |
| Select Sales | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_013093 | Supply Agreement | Services & Purchase Order | |
| Senior Whole Health, LLC | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care System, LLC | SHC_PAY-00112 | Payor Agreement | Agreement | |
| Serenity Care PACE | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_MAT_00009 | Hospital Services Agreement | | |
| siParadigm, LLC, D/B/A siParadigm Diagnostics informatics | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_013471 | Service Agreement | LABORATORY SERVICES AGREEMENT | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_013472 | Service Agreement | siParadigm - Laboratory Services Agreement - GSMC - 9.22.14 | |
| Sir ward | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_000678 | Business Associate Agreement | Business Associate Agreement | |
| South Coast Orthopedic Technology | | | | | | |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_001259 | Real Property Lease | Amended and Restated Sublease and Services Agreement | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_001260 | Real Property Lease | Notice of Lease Extension | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_001261 | Real Property Lease | Sublease and Services Agreement | - |
| Southeastern Massachusetts Emergency Medical Services Council, Inc. | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001151 | Real Property Lease | Amended and Restated Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001152 | Real Property Lease | Sublease Agreement | - |
| Spectralink Corporation | | | | | | 3,602.85 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_013767 | Supply Agreement | Maintenance Contract | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_013768 | Supply Agreement | Maintenance Contract | |
| Spiration, Inc. | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_013835 | Purchase/Pricing and Supply Agreement | IBVÂ® Valve System Purchase Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_013834 | Purchase/Pricing and Supply Agreement | Purchase Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_013836 | Purchase/Pricing and Supply Agreement | Purchase Agreement | |
| ████████ | St. Elizabeth's Medical Center | Steward Health Care System LLC | SHC_LSC_001198 | Real Property Lease | Amended and Restated Sublease | - |
| StereoTaxis | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_014008 | Supply Agreement | Quotation for Products & Services | |
| Steward Good Samaritan Radiation Oncology Center, Inc. | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001154 | Real Property Lease | Sublease Agreement | - |
| Steward Healthcare Network | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001166 | Real Property Lease | Sublease Agreement | - |
| Steward Medical Goup, Inc. | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001136 | Real Property Lease | Amendment of Lease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001137 | Real Property Lease | Amended and Restated Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001138 | Real Property Lease | Notice of Lease Extension | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001157 | Real Property Lease | Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001158 | Real Property Lease | Sublease Agreement | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001159 | Real Property Lease | Notice of Lease Extension | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001160 | Real Property Lease | Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001162 | Real Property Lease | Notice of Lease Extension | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001163 | Real Property Lease | Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001164 | Real Property Lease | Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001165 | Real Property Lease | Notice of Lease Extension | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001169 | Real Property Lease | Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001170 | Real Property Lease | Sublease Agreement | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001171 | Real Property Lease | Amended and Restated Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001172 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001388 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001405 | Real Property Lease | Amended and Restated Sublease | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001406 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001407 | Real Property Lease | Agreement of Sublease | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001408 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001409 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001410 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001411 | Real Property Lease | Agreement of Lease | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001412 | Real Property Lease | Agreement of Sublease | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001413 | Real Property Lease | Amended and Restated Sublease | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001414 | Real Property Lease | Amendment of Equipment and Staffing Lease | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001415 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001416 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001420 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001421 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001422 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001423 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001424 | Real Property Lease | Notice of Lease Extension | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001425 | Real Property Lease | Sublease Agreement | - |
| | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_LSC_001426 | Real Property Lease | Sublease Agreement | - |
| **Summit Healthcare Ser** | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_014564 | Supply Agreement | Purchase Order | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_014565 | Supply Agreement | Purchase Order | |
| **Syneos Health LLC** | St. Elizabeth's Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_ONBS_024951 | Third-Party Administrative Agreement | Trial Start Up Activities Reimbursement Agreement | - |
| **TAS-CGSMC, Inc.** | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_013325 | Supply Agreement | Equipment Sale Agreement | - |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| Teamsters Local Union No. 25 | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_OOC_000015 | CBA/Union Agreement | Collective Bargaining Agreement | |
| Tei Biosciences Inc | | | | | | 841.84 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_014793 | Supply Agreement | SurgiMendÂ® Consignment Agreement (Renewal) | |
| The Wellness Network | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_015032 | Business Associate Agreement | The Wellness Network Revised BAA effective 7.7.2014  dully executed | |
| Thrombolex Inc | | | | | | 17,818.14 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_015046 | Purchase/Pricing and Supply Agreement | INNOVATIVE ENDOVASCULAR CATHETERS | |
| TP Communications Inc. | | | | | | 15,351.90 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_004765 | Service Agreement | Service Agreement | |
| Trinity Family Medicine | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026556 | Recruitment Agreement | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026680 | Recruitment Agreement | Physician Recruitment Arrangement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026900 | Recruitment Agreement | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027021 | Recruitment Agreement | Employment Contract | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027022 | Recruitment Agreement | Physician Recruitment Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001149 | Real Property Lease | Amendment of Sublease | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_LSC_001150 | Real Property Lease | Sublease Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026556 | Recruitment Agreement | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026680 | Recruitment Agreement | Physician Recruitment Arrangement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_026900 | Recruitment Agreement | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027021 | Recruitment Agreement | Employment Contract | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027022 | Recruitment Agreement | Physician Recruitment Agreement | |
| Tripath Care Imaging | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_002519 | Supply Agreement | Rental Option Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_015236 | Equipment Maintenance Service Agreement | Equipment Agreement | |
| TriReme Medical, Inc. | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_015237 | Purchase/Pricing and Supply Agreement | CONSIGNMENT AGREEMENT | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_015238 | Purchase/Pricing and Supply Agreement | CONSIGNMENT AGREEMENT | |
| Tufts Health Plan | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00110 | Payor Agreement | Tufts Health Plan Medicare Preferred Health Services Agreement | |
| Tufts Health Public Plans, Inc. | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00109 | Payor Agreement | Health Services Agreement | |
| UniCare Health Benefit Plans | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00115 | Payor Agreement | Physician Hospital Organization Agreement for UniCare Health Benefit Plans | |
| United Behavioral Health | | | | | | - |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00116 | Payor Agreement | Facility Participation Agreement | |
| United Federation of Special Police and Security Officers | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_OOC_000011 | CBA/Union Agreement | Collective Bargaining Agreement | |
| United HealthCare | | | | | | - |
| | Good Samaritan Radiation Oncology Center | Steward Good Samaritan Radiation Oncology Center | SHC_Hospital_02779 | Participation Agreement | Amendment to the Medical Group Participation Agreement | |
| | Good Samaritan Radiation Oncology Center | Steward Good Samaritan Radiation Oncology Center | SHC_Hospital_02794 | Participation Agreement | Amendment To Medical Group Participation Agreement For Veterans Affairs Community Care Program | |
| | Good Samaritan Radiation Oncology Center | Steward Good Samaritan Radiation Oncology Center | SHC_Hospital_03217 | Participation Agreement | Medical Group Participation Agreement | |
| | Good Samaritan Radiation Oncology Center | Steward Good Samaritan Radiation Oncology Center | SHC_Hospital_00127 | Participation Agreement | Amendment to the Independent Physician Association Participation Agreement | |
| United Sleep Diagnostics d/b/a United Diagnostics | | | | | | 26,700.00 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_015419 | Business Associate Agreement | DOWNSTREAM SUBCONTRACTOR BUSINESS ASSOCIATE AGREEMENT | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_015420 | Supply Chain Agreement - (NS) Nursing | SH-NS-05173627 UnitedDx Information Security Rider - GSMC | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_015421 | Supply Chain Agreement - (NS) Nursing | Equipment Lease and Services Agreement | |
| **University Inn LLC d/b/a Hotel Commonwealth** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_007238 | Supply Agreement | Letter RE: Understanding Guests Arrangements | |
| **University Orthopedics Inc** | | | | | | 62,270.98 |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_025529 | Third-Party Administrative Agreement | ADMINISTRATIVE SERVICES AGREEMENT | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_025530 | Third-Party Administrative Agreement | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_025677 | Third-Party Administrative Agreement | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_025845 | Third-Party Administrative Agreement | ADMINISTRATIVE SERVICES AGREEMENT | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_025846 | Third-Party Administrative Agreement | ADMINISTRATIVE SERVICES AGREEMENT | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_025847 | Third-Party Administrative Agreement | ADMINISTRATIVE SERVICES AGREEMENT | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027164 | Professional Services Agreement | Orthopedic Trauma Services On-Call Panel Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027584 | Professional Services Agreement | First Amendment To Medical Director Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027585 | Third-Party Administrative Agreement | First Amendment to Administrative Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027586 | Third-Party Administrative Agreement | First Amendment to Administrative Services Agreement | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_ONBS_027587 | Third-Party Administrative Agreement | First Amendment to Administrative Services Agreement | |
| **Urethrotech INC** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCAC_01704 | Supply Chain Agreement - (SU) Surgery | Urethral Catheterization Devices | |
| **US Filter** | | | | | | - |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center, Inc. | SHC_SCC_015469 | Supply Agreement | Maintenance Proposal | |
| **VCA Animal Hospitals, Inc.** | | | | | | - |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_001275 | Real Property Lease | Sublease Agreement | |
| **Vka Properties Realty Trust** | | | | | | 2,660.10 |
| | Good Samaritan Medical Center | Steward Medical Group, Inc. | SHC_LSC_000726 | Real Property Lease | Lease Agreement | |
| **Vpne Parking Solutions LLC** | | | | | | 1,320,059.12 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_015711 | Supply Chain Agreement - (PS) Purchased Services | FIRST AMENDMENT TO STEWARD SAINT ELIZABETH'S MEDICAL CENTER PARKING AND OTHER SERVICES AGREEMENT | |
| **Walk Vascular LLC** | | | | | | 8,089.00 |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_015775 | Supply Chain Agreement - (CA) Cardiovascular | SH-CA-17133738 - Walk Vascular LLC - JETi Equipment Evaluation and Disposable Product Agreement | |
| **WALTHAM REALTY TRUST, a voluntary association and trust** | | | | | | 7,699.77 |
| | St. Elizabeth's Medical Center | Steward Medical Group, Inc. | SHC_LSC_000703 | Real Property Lease | Lease Agreement | |
| **Warren Capital** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_015783 | Equipment Lease Agreement | Warren Capital Corp televisions lease SEMC Nov04-Nov09 | |
| **WebMD** | | | | | | - |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_015814 | Supply Agreement | Business Associate Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_015815 | Subscription Agreement | Subscriber Agreement | |

| Name of Counterparty | Market | Debtor(s) | Unique ID | Contract Type | Description | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| Welcome Newborn, Inc. | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_015821 | Business Associate Agreement | Business Associate Agreement | - |
| WellCare Health Plans, Inc. | | | | | | |
| | Good Samaritan Medical Center, Inc. | Steward Health Care System, LLC | SHC_PAY-00118 | Payor Agreement | Participating Provider Agreement | - |
| Wellpath LLC | | | | | | |
| | Good Samaritan Medical Center, Inc. | Steward Health Care Network, Inc. | SHC_PAY-00103 | Payor Agreement | Payor Agreement | - |
| Westminster Dodge Inc. | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_015866 | Equipment Lease Agreement | Motor Vehicle Lease Agreement | - |
| Williams Commercial Painting | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_015880 | Supply Agreement | Williams Communication maintenance GSMC Apr99-Apr00-ongoing | - |
| Witt Biomedical Corporation, | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_015918 | Supply Agreement | BIOMEDICAL□ MAINTENANCE AGREEMENT | - |
| Xience Skypoint RX | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston, Inc. | SHC_SCC_000310 | Supply Chain Agreement - (CA) Cardiovascular | Quotation for Services and Devices | - |
| Yarjan Insurance Agency, Inc. | | | | | | |
| | Good Samaritan Medical Center | Steward Good Samaritan Medical Center Inc. | SHC_SCC_012770 | Supply Agreement | Programs and Services Agreement | - |
| Ziehm-Orthoscan, Inc. dba | | | | | | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_016028 | Business Associate Agreement | Business Associate Agreement | |
| | St. Elizabeth's Medical Center | Steward St. Elizabeth's Medical Center of Boston Inc. | SHC_SCC_016029 | Clinical Trial Agreement | Ziehm Imaging_Trial Agreement_November 2021 | |

Schedule 4.2(a)

Authority; Non-Contravention; Binding Agreement

None.

Schedule 5.2

Conduct of Business

(i)      None.

(ii)     None.

(iii)    None.

(iv)     None.

(v)

With respect to the <u>Satellite Geriatric Psych Unit</u> and the 15 geriatric beds at Carney Hospital on the DMH License, take actions to notify applicable governmental authorities of closure of Carney Hospital and the need to remove those locations from the applicable licenses.

Take actions with respect to the USFHP Pharmacy License Process.

(vi)     None.

(vii)    None.

(viii)   None.

(ix)     None.

(x)      None.

(xi)     None.

(xii)    None.

(xiii)   None.

(xiv)    None.

(xv)     None.

(xvi)    None.

(xvii)   None.

94

Schedule 5.3(c)

Substituted Seller Guarantees

| SURETY BONDS | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Bond Number | Surety | Principal | Beneficiary Name | Type of Bond | Bond Term | Total Amount of Bond | Bond Premium | Start Date | End Date | Type |
| 800033807 | Atlantic Specialty Insurance Company | Steward Health Care System LLC and Its' Subsidiaries | MA Dept of Industrial Accidents | Steward Health Care System: WCSI Go Forward | 1/1/2024 - 1/1/2025 | $21,950,000 | $439,000 | 1/1/2024 | 1/1/2025 | Insurance |
| 800033809 | Atlantic Specialty Insurance Company | Steward Good Samaritan Medical Center and Its' Subsidiaries | MA Dept of Industrial Accidents | Steward Good Samaritan Medical Center: WCSI Tail | 1/1/2024 - 12/31/2024 | $110,000 | $2,200 | 1/1/2024 | 12/31/2024 | Insurance |
| 106857529 | Travelers Casualty & Surety Co of America | Good Samaritan Medical Center | MassDOT Highway Division | 5K Sign Bnd MassDOT_Good Samar | 1/16/2024 - 1/16/2026 | $5,000 | $175 | 1/16/2024 | 1/16/2026 | Permit |

95

Schedule 5.5(a)

Antitrust Approvals

None.

DM_US 206709381-11.087956.0295

Schedule 6.1

Seller Employees

(b)



(c)

Multifacility

1. Collective Bargaining Agreement between Steward Health Care System and 1199SEIU United Healthcare Workers East, effective November 1, 2019 and expiring October 31, 2025, as modified by that certain (undated) Memorandum of Agreement.

2. Memorandum of Agreement Between Steward Health Care and 1199SEIU United Healthcare Workers East related to Norwood Hospital emergency temporary closure, executed July 7, 2020.

3. Supplemental Memorandum of Agreement Between Norwood Hospital, Steward Health Care and 1199SEIU United Healthcare Workers East, executed January 3, 2021 (1199SEIU) and January 5, 2021 (Steward Health Care).

99

Steward Good Samaritan Medical Center, Inc.

1. Collective Bargaining Agreement between Massachusetts Nurses Association and Good Samaritan Medical Center effective January 1, 2023, and expiring December 31, 2025.

2. Collective Bargaining Agreement between Good Samaritan Hospital and United Federation of Special Police and Security Officers effective September 1, 2021, and expiring August 31, 2026.

Steward St. Elizabeth's Medical Center of Boston, Inc.

1. Agreement between Carney Hospital, St. Elizabeth's Medical Center, Norwood Hospital, Holy Family Hospital, Holy Family Hospital at Merrimack Valley, Morton Hospital, Nashoba Valley Medical Center and the AREA Trades Council, effective January 1, 2021 and expiring December 31, 2025.

2. Agreement between Teamsters Local Union No. 25 and St. Elizabeth's Medical Center of Boston, Inc., effective August 1, 2020 and expiring July 31, 2025.

3. Agreement between St. Elizabeth's Medical Center and International Union of Operating Engineers, Local 877, effective February 13, 2022 and expiring February 28, 2027.

4. Collective Bargaining Agreement between Massachusetts Nurses Association and Steward St. Elizabeth's Medical Center, effective January 1, 2023 and expiring December 31, 2025.

DM_US 206709381-11.087956.0295

Schedule 6.3(c)

Confidentiality; Non-Competition; Non-Solicitation

None.

Schedule 7.3(a)

Governmental Approvals

1.  Buyer shall have received a Determination of Need from the MA DPH for the change of ownership of each of the acute care hospitals.

2.  Buyer shall have been found suitable for licensure and the MA DPH has recognized the transfer of ownership of the acute care hospital licenses listed on Schedule 3.6.

99

Schedule 7.11

Due Diligence

1. Steward GSROC.

2. Books and records, credentialing and Medical Staff Records and transfer

3. Brighton Marine and MSA.

4. Schedules.

5. HR.

    a. Employment Agreements and Employe Obligations

    b. Paid Time Off

    c. Physician assignment, transferring, offering, and hiring, and methodology for assignment, transferring, offering, and hiring, via APA / PSA / Leaseback / TSA or otherwise, including:

        i. real estate related to physician practices (which physicians practice in buildings owned by third parties), and the the PSA / leaseback approach—waiting on physician mapping

        ii. Alignment on list of physicians (hospital and non-hospital based) that convey with the transaction; do they reflect current operations

        iii. Buyer needs to understand and be satisfied with which Physicians are intended to be employed by Buyer and which Steward expects not to convey to Buyer

    d. CBAs/MEPP, including:

        i. withdrawal liability estimates from each multiemployer pension plans;

        ii. contribution history (including total dollars contributed and contribution base units (e.g., hours worked)) for the MEPPs over the last eleven years;

        iii. the highest contribution rate (e.g., dollars per hour) that Steward Health has been required to contribute over the last 10 years;

        iv. plan documents, SPDs, trust agreements, rehabilitation plans, funding improvement plans, and/or applications made related to reducing benefits provided under the multiemployer pension plan based on its underfunded state;

100

v.   actuarial valuations over the last 3 years;

vi.   copies of any communication from the multiemployer pension plan to the target company during the past three years (e.g., annual funding notices, notice of critical and/or endangered status, notices of plan rules and/or assumptions, or change of any plan rules and/or assumptions);

vii.   any withdrawal liability demands and/or assessments from any multiemployer pension plan that have not been fully paid, and any documents related thereto, including without limitation:   any requests for review; arbitration demand; lawsuit; discovery; settlement agreement; judgment; and/or any other document related thereto;

viii.   a list of every current employee who is a participant in any plan

6.   <u>Financial diligence</u>.

7.   <u>Clinical engineering / Equipment review</u>.

8.   <u>Prepaids</u>.  To determine which to take and not take under the APA

9.   <u>Contracts</u>. Including shared/assignable contracts and most importantly, understanding material contracts that cannot be assigned.

10.   <u>TSA Services</u>.

11.   <u>Exhibits</u>. Exhibits K, L, and N

Schedule 7.15

RCAB

Satisfactory arrangements with RCAB to allow time for Buyer to remove names and return artifacts as promptly as practicable without being sued by (perhaps a covenant not to sue) or Liability to RCAB for the name or medical practices.

102

Schedule 8.9

Seller Transaction Expenses

"Seller Transaction Expenses" means each of the following:

1. Apportioned Taxes allocated to Sellers in this Agreement including (but not limited to) the following, in each case to the extent not included in Purchased Working Capital:

   a. All amounts necessary to discharge any accrued and unpaid property Taxes with respect to the Leased Real Property;

   b. All amounts necessary to discharge any property Taxes levied on the Leased Real Property for the relevant taxable period that includes (but may not end on) the Closing Date;

2. Cure Costs;

3. Transfer Taxes apportioned to Seller;

4. Any amounts that will become due and payable after the Effective Time and that relate, in whole or in part, to periods prior to the Effective Time (other than any Assumed Liabilities or Cure Costs) with respect to utilities servicing any of the Facilities, including water, sewer, telephone, electricity and gas service to the extent not reflected in the Purchased Working Capital (the "**Prorated Amount**"). Notwithstanding the foregoing, the Prorated Amount shall not include any compensatory amounts subject to payroll reporting and withholding that are payable pursuant to or as contemplated by this Agreement;

5. All amounts necessary to discharge (i) with respect to the Leased Real Property, any Liens or Encumbrances that are not Permitted Encumbrances or (ii) with respect to the MPT Real Property, any mortgages, security interests, encumbrances, liens, Tax or assessment liens affecting such MPT Real Property that are (A) not encumbrances that are permitted to survive the closing of the purchase by Buyer of the MPT Real Property under the MPT Purchase Agreement and (B) not otherwise paid or required to be paid by MPT under the MPT Agreement;

6. Costs and expenses of the third-party Inventory count pursuant to Section 1.11 apportioned to Seller; and

7. Any amounts payable by Sellers in respect of post-closing Net Working Capital adjustments;

8. Any amounts payable in respect of CMS or other government provider settlements;

9. Any accrued payroll or other Seller Employee obligations not otherwise assumed by Buyer for Seller Employees arising with respect to the pre-Closing period; and

10. Any expenses of either Seller and its Affiliates payable prior to, at or after the Closing with respect to legal, accounting and other professional fees and expenses and incurred in connection with the Contemplated Transaction and the Chapter 11 Cases.

103

<u>Schedule A-2</u>

<u>Other Transferred Employees</u>

1. ██████████████████████████████████████

2. [Behavioral Health Navigators as mutually agreed between the parties.]

3. See attached.

104











Schedule B

Tenant Leases; Third-Party Lease

**Tenant Leases**

I. Steward Good Samaritan Medical Center, Inc.

1. Lease Agreement, dated November 29, 2002, by and between HTA-Pearl Street Medical Center, LLC, as successor-in-interest to Atlantic-Philadelphia Realty LLC, as successor-in-interest to One Pearl LLC, and Steward Good Samaritan Medical Center, Inc., as successor-in-interest to Caritas Good Samaritan Medical Center, Inc., as amended by the Amendment to Lease, dated November 15, 2007, the Omnibus Lease Amendment, Lease Termination and Lease Extension Agreement, dated June 27, 2014, and the Omnibus Amendment to Amended and Restated Master Leases, dated May 28, 2020.

2. Lease Agreement, dated April 1, 2011, by and between Brockton Neighborhood Health Center, Inc. and Steward Good Samaritan Medical Center, Inc., as amended by the First Amendment of Agreement of Lease, dated May 7, 2021, and the Second Amendment to Agreement of Lease, dated April 21, 2023.

3. Lease, dated October 29, 2012, by and between HP Boston OWP, LLC, as successor in interest to Wash Mass, LLC, and Steward Good Samaritan Medical Center, Inc., as amended by the Amendment of Lease, dated March 4, 2014, the Second Amendment of Lease, dated March 4, 2014, the Third Amendment of Lease, dated July 1, 2014, and the Fourth Amendment of Lease, dated August 22, 2017.

4. Amended and Restated Master Lease, dated May 15, 2013, by and between HTA-Good Sam MOB, LLC and Steward Good Samaritan Medical Center, Inc., as amended by the Omnibus Amendment to Amended and Restated Master Leases, dated May 28, 2020.

5. Amended and Restated Master Lease, dated May 15, 2013, by and between HTA-Good Sam MOB, LLC and Steward Good Samaritan Medical Center, Inc., as amended by the Omnibus Amendment to Amended and Restated Master Leases, dated May 28, 2020.

6. Lease Agreement, dated December 2, 2014, by and between 3WP MOB, LLC and Steward Good Samaritan Medical Center, Inc., as amended by the Amendment of Lease, dated March 23, 2016.

7. License Agreement, dated October 24, 2023, by and between Equity Industrial Southeast LLC and Steward Good Samaritan Medical Center, Inc.

8. Office Building Sublease, dated December 27, 2007, by and between Curahealth Stoughton, LLC, as successor-in-interest to Kindred Braintree Hospital, LLC, and Steward Good Samaritan Medical Center, Inc. as successor-in-interest to Caritas Good Samaritan Medical Center, Inc., as amended by the First Amendment to Sublease Agreement, dated July 1, 2013, the Second Amendment to Sublease Agreement, dated January 1, 2015, the Third Amendment to Sublease Agreement, dated March 11, 2016, and the Fourth Amendment to Sublease Agreement, dated January 1, 2023.

II. Steward St. Elizabeth's Medical Center of Boston, Inc.

1. Second Amended and Restated Master Lease by and between MPT of Brighton-Steward, LLC, MPT of Brockton-Steward, LLC, MPT of Fall River-Steward, LLC, MPT of Methuen-Steward, LLC, MPT of Taunton-Steward, LLC, MPT of Ayer-Steward LLC, MPT of Haverhill-Steward, LLC and MPT of Dorchester-Steward LLC and Steward St. Elizabeth's Medical Center of

105

Boston, Inc., Steward Good Samaritan Medical Center, Inc., Steward Holy Family Hospital, Inc. Steward St. Anne's Hospital Corporation, Morton Hospital, a Steward Family Hospital Inc., Nashoba Valley Medical Center, a Steward Family Hospital Inc. and Steward Carney Hospital, Inc., Memorandum of which is dated March 14, 2022, recorded in Book 67354, Page 323.

2. Amended and Restated Master Lease, dated May 15, 2013, by and between HTA – St. Elizabeth's MOB 1, LLC and Steward St. Elizabeth's Medical Center of Boston, Inc., as amended by that First Amendment to Amended and Restated Master Lease, dated August 2014, by and between HTA – St. Elizabeth's MOB 1, LLC and Steward St. Elizabeth's Medical Center of Boston, Inc., as further amended by that Omnibus Amendment to Amended and Restated Master Leases, dated May 28, 2020 by and between HTA – St. Elizabeth's MOB 1, LLC and Steward St. Elizabeth's Medical Center of Boston, Inc.

3. Amended and Restated Master Lease, dated May 15, 2013, by and between HTA – St. Elizabeth's MOB 2, LLC and Steward St. Elizabeth's Medical Center of Boston, Inc., as amended by that Omnibus Amendment to Amended and Restated Master Leases, dated May 28, 2020, by and between HTA – St. Elizabeth's MOB 2, LLC and Steward St. Elizabeth's Medical Center of Boston, Inc.

4. Parking License Agreement, dated December 30, 2020, by and between Brighton Landing Condominium Trust and Steward St. Elizabeth's Medical Center of Boston, Inc., as amended by that First Amendment to Parking License Agreement, dated April 12, 2021, by and between Brighton Landing Condominium Trust and Steward St. Elizabeth's Medical Center of Boston, Inc., and by that Second Amendment Parking License Agreement, dated December 22, 2023, by and between Brighton Landing Condominium Trust and Steward St. Elizabeth's Medical Center of Boston, Inc.

5. Lease Agreement, dated November 5, 2016, by and between Brighton Lodge No 2199, BPOE and Steward St. Elizabeth's Medical Center of Boston, Inc., as amended by that certain First Amendment of Lease Agreement, dated May 15, 2023, by and between Brighton Lodge No 2199, BPOE and Steward St. Elizabeth's Medical Center of Boston, Inc.

**Third-Party Leases**

I. Steward Good Samaritan Medical Center, Inc.

1. Amendment and Restatement of Sublease, dated July 15, 2014, by and between Steward Good Samaritan Medical Center, Inc. and Quest Diagnostics Massachusetts, LLC.

2. Agreement of Lease, dated October 28, 2010, by and between Steward Good Samaritan Medical Center, Inc., as successor-in-interest to Caritas Good Samaritan Medical Center, Inc., and Renal Care Medical Center, PC.

3. Agreement of Lease, dated April 27, 2011, by and between Steward Good Samaritan Medical Center, Inc. and ESP Medical, Inc.

4. Amended and Restated Sublease, dated May 1, 2021, by and between Steward Good Samaritan Medical Center, Inc. and Bay State Physical Therapy of Randolph, P.C.

5. Agreement of Lease, dated October 27, 2015, by and between Steward Good Samaritan Medical Center, Inc. and Roman Catholic Archbishop of Boston, as amended by the First Amendment of

106

Agreement of Lease, dated December 23, 2020, and the Second Amendment of Agreement of Lease, dated January 27, 2021.

6. Sublease, dated April 8, 2015, by and between Steward Good Samaritan Medical Center, Inc. and Trinity Family Medicine, LLC.

7. Sublease, dated June 30, 2017, by and between Steward Good Samaritan Medical Center, Inc. and Aryianna Donuts, Inc., as amended by the First Amendment of Sublease, dated December 16, 2020, and the Second Amendment of Sublease, dated August 26, 2022.

8. Amended and Restated Sublease, dated October 15, 2021, by and between Steward Good Samaritan Medical Center, Inc. and Southeastern Massachusetts Emergency Medical Services Council, Inc.

9. Sublease, dated January 9, 2019, by and between Steward Good Samaritan Medical Center, Inc. and Quest Diagnostics Massachusetts, LLC, as amended by that First Amendment to Sublease, dated August 2, 2024.

10. Sublease, dated June 12, 2019, by and between Steward Good Samaritan Medical Center, Inc. and ███████████████.

11. Sublease, dated November 4, 2021, by and between Steward Good Samaritan Medical Center, Inc. and Mass Retina Eye Specialists, Inc.

12. Sublease, dated October 1, 2020, by and between Steward Good Samaritan Medical Center, Inc. and Quest Diagnostics Massachusetts, LLC, as amended by that certain Landlord Consent to Sublease, dated December 23, 2020, by and among HTA – Pearl Street Medical Center, LLC, Steward Good Samaritan Medical Center, Inc., and Quest Diagnostics Massachusetts, LLC.

II.   Steward St. Elizabeth's Medical Center of Boston, Inc.

1. Standard Medical Office Building Lease, dated February 1, 2007, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and ████████████████, as amended by that Amended and Restated Sublease, dated October 10, 2022, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Manish Tandon MD Associates, PC, as amended by that certain First Amendment to Amended and Restated Sublease, dated October 31, 2022, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and ████████████████, as further amended by that certain Second Amendment to Amended and Restated Sublease, dated March 13, 2023, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and ████████████████, as further amended by that certain Third Amendment to Amended and Restated Sublease, dated March 20, 2023, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and ████████████████.

2. Agreement of Sublease, dated June 23, 2015, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and ████████████████, as amended by that Amendment of Sublease, dated January 31, 2017, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and ████████████████ as further amended by that Second Amendment of Sublease, dated September 28, 2017, by and between

Steward St. Elizabeth's Medical Center of Boston, Inc. and ████████████ ████████████ as further amended by that certain Assignment of and Third Amendment of Sublease, dated September 24, 2020, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and ████████████████████ as further amended by that certain Fourth Amendment of Sublease, dated August 1, 2022, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and ████████████

3. Agreement of Lease, dated May __, 2014, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Second Q, LLC, as amended by that (i) Confirmation Agreement, dated February 4, 2025, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Second Q, LLC; (ii) Amendment to Agreement of Lease, dated January 1, 2024, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Second Q, LLC; and (iii) Extension Letter, dated March 20, 2024, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Second Q, LLC.

4. Sublease, dated September 11, 2018, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Pratt Ophthalmology Associates, Inc., as amended by that certain First Amendment to Sublease, dated October 25, 2023, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Pratt Ophthalmology Associates, Inc.

5. Sublease, dated January 14, 2019, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Pratt Ophthalmology Associates, Inc., as amended by that Renewal Letter, dated February 1, 2020, that Renewal Letter, dated March 2, 2021, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Pratt Ophthalmology Associates, Inc., that Renewal Letter, dated January 13, 2023, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Pratt Ophthalmology Associates, Inc., and by that Renewal Letter, dated February 28, 2024, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Pratt Ophthalmology Associates, Inc.

6. Gift Shop Management and Operation Agreement, dated February 11, 2010, by and between Caritas St. Elizabeth's Medical Center of Boston, Inc. and LAMAJAK INC., as modified by that Assignment and Assumption of Leases, dated November 5, 2010, by and between Caritas St. Elizabeth's Medical Center of Boston, Inc., as assignor, and Steward St. Elizabeth's Medical Center of Boston, Inc., as assignee, and as amended by that Renewal Letter, dated March 6, 2015, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and LAMAJAK INC., and by that Renewal Letter, dated February 8, 2020, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and LAMAJAK INC.

7. Agreement of Lease, dated February 12, 2014, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Dana-Farber Cancer Institute, Inc., as amended by that Renewals Letter dated June 18, 2024.

8. Standard Medical Office Building Lease, dated October 7, 2009, by and between St. Elizabeth's Realty Corp. and Quest Diagnostics LLC, as amended by that (i) First Amendment to Lease, dated March 1, 2022, by and between St. Elizabeth's Realty Corp. and Quest Diagnostics LLC; (ii) Amendment and Restatement of Sublease, dated July 15, 2014, by and between Steward St. Elizabeth's Realty Corp., as assignor, Steward St. Elizabeth's Medical Center of Boston, Inc., as assignee, and Quest Diagnostics LLC, as tenant; (iii) Notice Letter re: Tenant Assignment, dated February 13, 2015, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Quest Diagnostics Massachusetts, LLC; (iv) Third Amendment to Sublease, dated January 31,

2017, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Quest Diagnostics Massachusetts, LLC; (v) Extension Letter, dated April 26, 2019, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Quest Diagnostics Massachusetts, LLC; (vi) Extension Letter, dated April 28, 2021, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Quest Diagnostics Massachusetts, LLC; (vii) Extension Letter, dated April 27, 2023, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Quest Diagnostics Massachusetts, LLC; and (viii) Fourth Amendment to Sublease, dated April 30, 2024, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Quest Diagnostics Massachusetts, LLC.

9.   Sublease, dated September 26, 2022, by and between Steward St. Elizabeth's Medical Center of Boston, Inc. and Quest Diagnostics Massachusetts LLC.

**Affiliate Leases**

I.   Steward Good Samaritan Medical Center, Inc.

1.   Amended and Restated Sublease, dated November 4, 2021, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Medical Group, Inc., as Lessee.

2.   Sublease, dated June 27, 2020, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Medical Group, Inc., as Lessee.

3.   Sublease, dated June 26, 2020, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Medical Group, Inc., as Lessee.

4.   Sublease, dated March 31, 2021, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Medical Group, Inc., as Lessee, as amended by that certain Renewal Letter, dated February 16, 2024.

5.   Sublease, dated January 11, 2021, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Medical Group, Inc., as Lessee, as amended by that certain Renewal Letter, dated January 19, 2020, as further amended by that certain Renewal Letter, dated January 13, 2023, as further amended by that certain Renewal Letter, dated February 14, 2024.

6.   Sublease, dated April 26, 2021, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Health Care Network, Inc., as Lessee.

7.   Sublease, dated January 5, 2022, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Medical Group, Inc., as Lessee.

8.   Sublease, dated December 12, 2022, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Medical Group, Inc., as Lessee.

9.   Amended and Restated Sublease, dated August 23, 2022, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Medical Group, Inc., as Lessee.

10.   Sublease, commencing December 1, 2018, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Good Samaritan Radiation Oncology Center, Inc., as Lessee.

11. Sublease, dated August 26, 2016, by and between Steward Good Samaritan Medical Center, Inc., as Lessor, and Steward Medical Group, Inc., as Lessee, as amended by that certain Renewal Letter, dated January 7, 2021, as further amended by that certain Renewal Letter, dated September 22, 2021, as further amended by that certain Renewal Letter, dated November 28, 2022, as further amended by that certain Renewal Letter, dated November 2, 2023.

II.     Steward St. Elizabeth's Medical Center of Boston, Inc.

1. Agreement of Lease, commencing January 1, 2013, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

2. Agreement of Sublease, dated June 1, 2015, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee, as amended by that certain Amended and Restated Sublease, dated June 29, 2021, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

3. Agreement of Sublease, dated July 30, 2014, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

4. Sublease, dated January 14, 2016, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

5. Agreement of Lease, dated September 18, 2013, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

6. Agreement of Sublease, dated July 29, 2015, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee, as amended by that certain Amended and Restated Sublease, dated December 23, 2021, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

7. Sublease, dated January 29, 2016, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

8. Sublease, dated December 19, 2016, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee, as amended by that certain Amended and Restated Sublease, dated December 6, 2021, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

9. Sublease, dated November 15, 2018, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

10. Sublease, dated June 21, 2019, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

11. Sublease, dated November 25, 2020, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

12. Sublease, executed October 1, 2021, by and between Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

DM_US 206709381-11.087956.0295

13. Sublease, commencing August 1, 2019, by and between Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessor, and Steward Medical Group Inc., as Lessee.

14. Agreement of Lease, dated August 20, 2013, by and between Steward Carney Hospital, Inc., as Lessor, and Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessee, as amended by that certain Amended and Restated Sublease, dated August 16, 2022, by and between Steward Carney Hospital, Inc., as Lessor, and Steward St. Elizabeth's Medical Center of Boston, Inc., as Lessee

111