IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTHCARE SYSTEM LLC, *et al.*,[1] | § § § | Case No. 24-90213 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**OBJECTION OF THE TEXAS REGULATORY AGENCIES
TO THE EMERGENCY MOTION OF DEBTORS REQUESTING
ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING (A) GLOBAL
SETTLEMENT WITH MEDICAL PROPERTIES TRUST AND (B) INTERIM
MANAGEMENT PROCEDURES, AND (II) GRANTING RELATED RELIEF**

(Relates to Doc. No. 2418)

COMES NOW, the Texas Health and Human Services Commission ("**HHSC**"), Texas Medical Board ("**TMB**"), and Texas Commission on Environmental Quality ("**TCEQ**;" collectively, the "**Texas Regulatory Agencies**"), by and through the Office of the Texas Attorney General, respectfully files this Objection to the *Emergency Motion of Debtors Requesting Entry of Interim and Final Orders (I) Approving (A) Global Settlement with Medical Properties Trust and (B) Interim Management Procedures, and (II) Granting Related Relief* (the "**Objection**"), and in support thereof, respectfully states as follows:

**I.     JURISDICTION**

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.  The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

## II. BACKGROUND

2. The Texas Regulatory Agencies are administrative agencies that protect the interests of the State of Texas and its citizens.

3. On May 6, 2024, the Debtors filed for protection under Chapter 11 of the Bankruptcy Code.

4. On September 10, 2024, at roughly 2:00 A.M. CST, the Debtors filed the *Emergency Motion of Debtors Requesting Entry of Interim and Final Orders (I) Approving (A) Global Settlement with Medical Properties Trust and (B) Interim Management Procedures, and (II) Granting Related Relief* [Dkt. No. 2418] (the "**Emergency Motion**") and sought a hearing less than twelve (12) hours later, on September 10, 2024, at 1:30 P.M. CST. On request of the Debtors, the court rescheduled the hearing to September 10, 2024, at 3:30 P.M. CST, and again to September 11, 2024, at 8:00 A.M. CST, approximately 30 hours after filing the Emergency Motion.

## III. OBJECTION

5. The Texas Regulatory Agencies file this Objection to reserve their rights to enforce applicable state laws and regulations.

6. Counsel for the Texas Regulatory Agencies have communicated with Debtors' counsel in good faith and continue to do so.

7. In light of the extremely shortened timeframe, the Texas Regulatory Agencies are unable to fully determine whether the potential operators of the Debtor entities in Texas are appropriately authorized prior to the hearing regarding this matter.

8. Based on the foregoing, the Texas Regulatory Agencies reserve any and all rights, remedies, and obligations to, among other things, complement, supplement, augment, alter, or

modify this Objection and reservation of rights, assert any objection, file any appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery. The Texas Regulatory Agencies further reserve their rights to assert any and all objections to the proposed transactions and relief requested both on an interim and final basis as described in the underlying motion, which objections are not otherwise addressed herein. Nothing herein waives the rights of the Texas Regulatory Agencies to enforce applicable state laws and regulations.

9. The Texas Regulatory Agencies would request the following language be added to the interim and final orders entered in this matter:

> *Nothing in this Order discharges, releases, precludes, or enjoins: (i) any liability to or any claim arising on or after the entry of this Order of any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the entry of this Order; or (iii) any liability to a Governmental Unit on the part of any Person other than the Debtors. All rights of each Governmental Unit that are implicated by the terms of this Order are expressly reserved, and all rights and defenses of the Debtors, MPT, and other parties in interest are hereby preserved. Nor shall anything in this Order enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in this paragraph.*

> *Further, nothing in this Order or related documents authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, (e) agreement, or (f) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order shall relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit. Nothing in this Order shall affect any setoff or recoupment rights of any Governmental Unit against any party. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any*

*defense asserted under this Order. For the avoidance of doubt, any Medicare Agreements and Medicaid Contracts shall not be sold pursuant to section 365 of the Bankruptcy Code and all applicable Medicare and Medicaid statutes and regulations, the Anti-Assignment Act, and all applicable non-bankruptcy law, as applicable.*

## IV.   CONCLUSION

WHEREFORE, the Texas Regulatory Agencies respectfully requests the Court enter relief consistent with this Objection and grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**RACHEL R. OBALDO**
Chief for Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
**LAYLA D. MILLIGAN**
Texas State Bar No. 24026015
Southern Dist. Bar No. 38000
**STEPHANIE EBERHARDT**
Texas State Bar No. 24084728
Southern Dist. Bar No. 3872052
**SAHRISH K. SOLEJA**
Texas State Bar No. 24102522
Southern Dist. Bar No. 2996670
**SEAN T. FLYNN**
Texas State Bar No. 24074214
Southern Dist. Bar No. 2078717
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
layla.milligan@oag.texas.gov
stephanie.eberhardt@oag.texas.gov
sahrish.soleja@oag.texas.gov
sean.flynn@oag.texas.gov

ATTORNEYS FOR THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION, TEXAS MEDICAL BOARD, AND TEXAS COMMISSION ON ENVIRONMENTAL QUALITY

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on September 10, 2024.

*/s/ Layla D. Milligan*
**LAYLA D. MILLIGAN**
Assistant Attorney General
