IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § | Case No. 24-90213(CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § | |

**DECLARATION OF JOHN R. CASTELLANO IN SUPPORT
OF THE SALE OF WADLEY REGIONAL MEDICAL CENTER, FREE
AND CLEAR OF LIENS AND LIABILITIES; AND GRANTING RELATED RELIEF**

I, John R. Castellano, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Chief Restructuring Officer of Steward Health Care System LLC and each of its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with the Debtors' direct and indirect non-debtor subsidiaries, the "**Company**" or "**Steward**"). Prior to becoming the Debtors' Chief Restructuring Officer, beginning in October 2023, I advised the Company in my capacity as Managing Director at AlixPartners, LLP, an affiliate of AP Services, LLC (collectively, "**AlixPartners**"). In these capacities, I am familiar with the Debtors' day-to-day operations, books and records, business and financial affairs, and the circumstances leading to the commencement of these chapter 11 cases.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

2. I submit this Declaration (this "**Declaration**") in support of the Debtors' sale of Wadley Regional Medical Center in Hope, Arkansas ("**Wadley Regional Medical Center**").

3. Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision, my opinion based upon experience, knowledge, and information concerning the Company's operations and financial condition, my own reasonable inquiry, and/or my discussions with the Company's other officers, directors, and restructuring advisors, including professionals at Weil, Gotshal & Manges LLP, AlixPartners, Lazard Frères & Co. LLC, Leerink Partners LLC, and Cain Brothers, a division of KeyBanc Capital Markets.  I am over the age of 18 and I am authorized to submit this Declaration on behalf of the Debtors.  If called to testify, I would testify competently to the facts set forth in this Declaration.

## Qualifications and Professional Background

4. I hold a bachelor's degree in Accounting from DePaul University and a master's degree in Management, Finance, and Strategy from the Kellogg School of Management at Northwestern University.  I have over 28 years of financial restructuring and bankruptcy related experience and over 26 years of experience with AlixPartners.  I have served as a Managing Director in AlixPartners' Turnaround & Restructuring Group since 2007.  Prior to joining AlixPartners, I worked at Ernst & Young LLP in its Assurance practice as an auditor, and in its Consulting practice focusing on restructuring advisory services.  I have served as Chief Restructuring Officer (or in an equivalent role) in numerous largescale corporate restructurings, including: *In re Aearo Technologies LLC*, No. 2202890 (JJG) (Bankr. S.D. Ind. 2022); *In re Footprint Power Salem Harbor Development LP*, No. 22-10239 (MFW) (Bankr. D. Del. 2022); *In re Alpha Latam Management, LLC*, No. 21-11109 (JKS) (Bankr. D. Del.

2021); *In re Lonestar Resources US Inc.*, No. 20-34805 (DRJ) (Bankr. S.D. Tex. 2020); *In re McDermott International, Inc.*, No. 20-30336 (DRJ) (Bankr. S.D. Tex. 2020); and *In re Aegerion Pharmaceuticals, Inc.*, No. 19-11632 (MG) (Bankr. S.D.N.Y. 2019).

5. AlixPartners specializes in designing and implementing business turnarounds, assisting companies with the administration of the bankruptcy process, and providing interim crisis management, among other things. AlixPartners provides these services for companies throughout the financial services industries and has an intimate understanding of the economic, regulatory, operational, strategic, and financial factors that drive these businesses. AlixPartners' prior experience includes a range of activities and services targeted at restructuring, stabilizing, and improving a company's financial position. These services have historically included: (i) providing executive leadership to financially distressed companies; (ii) developing or validating forecasts, business plans, and related assessments of a business's strategic position; (iii) monitoring and managing cash, cash flow, and supplier relationships; (iv) assessing and recommending cost reduction strategies; and (v) designing and negotiating financial restructuring packages.

### The Sale of Wadley Regional Medical Center is the Sound Exercise of the Debtors' Business Judgment and is in the Best Interest of the Estate

6. As discussed further in the *Declaration of James Moloney in Support of the Sale of Wadley Regional Medical Center Free and Clear of Liens, Claims, Encumbrances, and Interests and Granting Related Relief*, filed contemporaneously herewith, there was an extensive process to market the Debtors' Wadley Regional Medical Center. The marketing processes resulted in multiple bids for the hospital. This included a bid from the successful bidder for Wadley Regional Medical Center, Pafford Health Systems, Inc. ("**Pafford**").

7. I believe that approval of the Sale Transaction with Pafford is in the best interests of the estates, as they will result in the preservation of more than 130 jobs at the facility. The Sale Transaction with Pafford provides that they will (i) extend employment

3

offers to the majority of the existing employees, (ii) provide those employees with comparable salary and benefits to what they are currently receiving, and (iii) also honor all accrued paid time off for the employees.  Approval of the Sale Transaction will also allow the Debtors to avoid an estimated $4 million in hospital closing costs for the hospital, and curb significant EBITDA losses incurred by the Debtors at this hospital (approximately $2.4 million in the first 7 months of 2024.  Moreover, approval of the Sale Transaction will preserve vital healthcare services for the Hope community in which Wadley Regional Medical Center operates.

8. Following the announcement of the Pafford Bid as the Successful Bid for Wadley Regional Medical Center, counsel to the FILO Secured Parties indicated they intended to object to the allocation of value between MPT and the Debtors with respect to the Sale Transaction, and requested that the Debtors adjourn the hearing on the sale of Wadley Regional Medical Center to a later date to allow time for discovery, and ultimately submitted formal and informal discovery requests relating to MPT's involvement in the sale process.

9. The Debtors, the FILO Secured Parties, MPT, and the Official Committee of Unsecured Creditors (the "**UCC**") subsequently engaged in extensive negotiations on the allocation of value and other issues, including multiple mediation sessions with the Honorable Judge Marvin Isgur.  As described in my declaration filed on September 10, 2024 (Docket No. 2419) in support of the *Emergency Motion of Debtors Requesting Entry of an Order Approving (I) Global Settlement with Medical Properties Trust, (II) Interim Management Agreements, and (III) Granting Related Relief* (Docket No. 2418), the Debtors entered into a global settlement (the "**Global Settlement**") with MPT regarding the treatment of the hospitals subject to Master Lease I.  In connection with the Global Settlement negotiations, the Debtors (as well as MPT) reengaged with Pafford to determine whether the Debtors would benefit from transitioning Wadley Regional Medical Center to Pafford pursuant to an interim management agreement in connection with the Global Settlement prior to the

4

ultimate transfer of the hospital to Pafford. However, following hard fought negotiations with MPT and Pafford, the Debtors agreed that moving forward with the Sale Transaction with Pafford, on existing terms under the existing asset purchase agreement, was in the best interest of the estates.

## Conclusion

10. Based on my experience as the Debtors' Chief Restructuring Officer and participation in the Debtors' day-to-day operations over the last eleven (11) months, I believe the Debtors have sound business justification for entering into the Wadley Regional Medical Center Sale Transaction discussed herein. In my opinion, the Sale Transaction for the Wadley Regional Medical Center constitutes the best transaction available to the Debtors for this asset after the completion of a robust and extensive marketing and sale process and extensive negotiations with the Debtors' stakeholders in these chapter 11 cases. The Sale Transaction was conducted in good faith and is the product of hard-fought, arm's-length negotiations with the applicable buyer among sophisticated professionals and with the oversight of the Debtors' independent Transformation Committee.

11. For the foregoing reasons, I believe the Sale Transaction for Wadley Regional Medical Center is a sound exercise of the Debtors' business judgment and necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these chapter 11 cases, and should therefore be approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 11, 2024  
Dallas, Texas

*/s/ John R. Castellano*  
John R. Castellano  
Chief Restructuring Officer  
Steward Health Care Systems LLC