IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § | Case No. 24-90213(CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DECLARATION OF
JOHN R. CASTELLANO IN SUPPORT OF THE SALE OF
GLENWOOD REGIONAL MEDICAL CENTER, FREE AND CLEAR
OF LIENS AND LIABILITIES; AND GRANTING RELATED RELIEF**

I, John R. Castellano, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Chief Restructuring Officer of Steward Health Care System LLC and each of its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with the Debtors' direct and indirect non-debtor subsidiaries, the "**Company**"). Prior to becoming the Debtors' Chief Restructuring Officer, beginning in October 2023, I advised the Company in my capacity as Managing Director at AlixPartners, LLP, an affiliate of AP Services, LLC (collectively, "**AlixPartners**"). In these capacities, I am familiar with the Debtors' day-to-day operations, books and records, business and financial affairs, and the circumstances leading to the commencement of these chapter 11 cases.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

2. I submit this Declaration (this "**Declaration**") in support of the Debtors' sale of Glenwood Regional Medical Center in West Monroe, Louisiana ("**Glenwood**").

3. Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision, my opinion based upon experience, knowledge, and information concerning the Company's operations and financial condition, my own reasonable inquiry, and/or my discussions with the Company's other officers, directors, and restructuring advisors, including professionals at Weil, Gotshal & Manges LLP, AlixPartners, Lazard Frères & Co. LLC, Leerink Partners LLC, and Cain Brothers, a division of KeyBanc Capital Markets.  I am over the age of 18 and I am authorized to submit this Declaration on behalf of the Debtors.  If called to testify, I would testify competently to the facts set forth in this Declaration.

## Qualifications and Professional Background

4. I hold a bachelor's degree in Accounting from DePaul University and a master's degree in Management, Finance, and Strategy from the Kellogg School of Management at Northwestern University.  I have over 28 years of financial restructuring and bankruptcy related experience and over 26 years of experience with AlixPartners.  I have served as a Managing Director in AlixPartners' Turnaround & Restructuring Group since 2007.  Prior to joining AlixPartners, I worked at Ernst & Young LLP in its Assurance practice as an auditor, and in its Consulting practice focusing on restructuring advisory services.  I have served as Chief Restructuring Officer (or in an equivalent role) in numerous largescale corporate restructurings, including: *In re Aearo Technologies LLC*, No. 22-02890 (JJG) (Bankr. S.D. Ind. 2022); *In re Footprint Power Salem Harbor Development LP*, No. 22-10239 (MFW) (Bankr. D. Del. 2022); *In re Alpha Latam Management, LLC*, No. 21-11109 (JKS) (Bankr. D. Del. 2021); *In re Lonestar*

*Resources US Inc.*, No. 20-34805 (DRJ) (Bankr. S.D. Tex. 2020); *In re McDermott International, Inc.*, No. 20-30336 (DRJ) (Bankr. S.D. Tex. 2020); and *In re Aegerion Pharmaceuticals, Inc.*, No. 19-11632 (MG) (Bankr. S.D.N.Y. 2019).

5. AlixPartners specializes in designing and implementing business turnarounds, assisting companies with the administration of the bankruptcy process, and providing interim crisis management, among other things. AlixPartners provides these services for companies throughout the financial services industries and has an intimate understanding of the economic, regulatory, operational, strategic, and financial factors that drive these businesses. AlixPartners' prior experience includes a range of activities and services targeted at restructuring, stabilizing, and improving a company's financial position. These services have historically included: (i) providing executive leadership to financially distressed companies; (ii) developing or validating forecasts, business plans, and related assessments of a business's strategic position; (iii) monitoring and managing cash, cash flow, and supplier relationships; (iv) assessing and recommending cost reduction strategies; and (v) designing and negotiating financial restructuring packages.

### The Sale of Glenwood Regional Medical Center is a Sound Exercise of the Debtors' Business Judgment and is in the Best Interest of the Estates

6. As discussed further in the *Declaration of James Moloney in Support of (I) the Sale of Glenwood Regional Medical Center Free and Clear of Liens, Claims, Encumbrances, and Interests and (II) Granting Related Relief*, filed contemporaneously herewith, there was an extensive process to market Glenwood. The marketing processes resulted in multiple bids for the hospital, which included a bid from the successful bidder for Glenwood, American Healthcare Systems ("**AHS**").

7. Following the announcement of the AHS Bid as the successful bid for Glenwood, counsel to the FILO Secured Parties indicated they intended to object to the allocation of value between MPT and the Debtors with respect to the transaction, and requested that the Debtors adjourn the hearing on the sale of Glenwood to a later date to allow time for discovery, and ultimately submitted formal and informal discovery requests relating to MPT's involvement in the sale process.

8. The Debtors, the FILO Secured Parties, MPT, and the Official Committee of Unsecured Creditors (the "**UCC**") subsequently engaged in extensive negotiations on the allocation of value and other issues, including multiple mediation sessions with the Honorable Judge Marvin Isgur. As described in my declaration filed on September 10, 2024 (Docket No. 2419) in support of the *Emergency Motion of Debtors Requesting Entry of an Interim and Final Orders (I) Approving (A) Global Settlement with Medical Properties Trust and (B) Interim Management Procedures, and (II) Granting Related Relief* (Docket No. 2418), the Debtors entered into a global settlement (the "**Global Settlement**") with MPT regarding the disposition of the hospitals subject to Master Lease I, which includes Glenwood.[2]

9. Pursuant to the Global Settlement, AHS (i) became the interim manager of Glenwood on September 11, 2024, and (ii) is the "Designated Operator" for Glenwood by MPT. Upon entry into the Global Settlement, the Debtors engaged with MPT and AHS on the documentation necessary to effectuate the conveyance of Glenwood to AHS, and the parties agreed to proceed with the conveyance under the existing asset purchase agreement between the Debtors and AHS, subject to modifications to account for the terms of the Global Settlement.

---

[2] The Court approved the Global Settlement on an interim basis on September 11, 2024 (Docket No. 2483).

10. I believe that approval of the proposed transaction is in the best interests of the estates, as it will result in the preservation of more than 700 jobs at the facility. The transaction is in furtherance of the terms of the Global Settlement, and also provides that AHS will (i) extend employment offers to the majority of the existing employees, (ii) provide those employees with comparable salary and benefits to what they are currently receiving, and (iii) also honor all accrued paid time off for the employees. Approval of the transaction will also allow the Debtors to avoid an estimated $22 million in hospital closing costs for the hospital, and curb significant EBITDA losses incurred by the Debtors at the hospital (approximately $28 million in the first 7 months of 2024). Moreover, approval of the transaction will preserve vital healthcare services for the West Monroe community in which Glenwood operates.

## Conclusion

11. Based on my experience as the Debtors' Chief Restructuring Officer and participation in the Debtors' day-to-day operations over the last eleven (11) months, I believe the Debtors have sound business justification for entering into the transaction for Glenwood discussed herein. In my opinion, the transaction constitutes the best transaction available to the Debtors for this asset after the completion of a robust and extensive marketing and sale process and extensive negotiations with the Debtors' stakeholders in these chapter 11 cases. The sale process was conducted in good faith and is the product of arm's-length negotiations with AHS among sophisticated professionals and with the oversight of the Debtors' independent Transformation Committee.

12. For the foregoing reasons, I believe the proposed transaction to sell Glenwood to AHS is a sound exercise of the Debtors' business judgment and necessary,

appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these chapter 11 cases, and should therefore be approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 15, 2024　　　　　　　　　　*/s/ John R. Castellano*
Chicago, Illinois　　　　　　　　　　　　　　　John R. Castellano
　　　　　　　　　　　　　　　　　　　　　　Chief Restructuring Officer
　　　　　　　　　　　　　　　　　　　　　　Steward Health Care Systems LLC