United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | ) Case No. 24-90213 (CML) |
|  | ) |
| Debtors.[1] | ) (Jointly Administered) |
|  | ) |

**STIPULATION AND AGREED ORDER CLARIFYING THE SALE ORDER FOR ST. ELIZABETH'S MEDICAL CENTER AND GOOD SAMARITAN MEDICAL CENTER**

[Related to Dkt. No. 2523]

This Stipulation and Agreed Order (the "Stipulation and Agreed Order") is entered into by and among Steward Health Care System LLC and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), on the one hand, and BMC Community Hospital Corporation ("BMC" and together with the Debtors, the "Parties"), on the other hand. The Parties hereby stipulate and agree as follows:

**Recitals**

WHEREAS, on May 6, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on May 15, 2024, the Debtors filed the *Emergency Motion of Debtors for Entry of Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment;*

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

*(II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief* [Docket No. 281].

WHEREAS, On June 3, 2024, the Court entered the *Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (II) Scheduling Auctions and Sale Hearing; and (IV) Granting Related Relief* [Docket No. 626] (the "Bidding Procedures Order"). The Bidding Procedures Order, among other things, established procedures for the sale of substantially all of the Debtors' assets, including their hospital operations.

WHEREAS, pursuant to the Bidding Procedures Order, the Debtors commenced a robust sale process for all of their hospitals and designated BMC's bids as the highest or otherwise best bids for St. Elizabeth's Medical Center and Good Samaritan Medical Center in Massachusetts (the "Hospitals").

WHEREAS, the Debtors filed a *Notice of Designation of Successful Bid and Proposed Sale Order for St. Elizabeth's Medical Center and Good Samaritan Medical Center* [Docket No. 2260] designating BMC's bids as the successful bids for the Hospitals.

WHEREAS, on August 13, 2024, the Debtors filed the *Supplement to, and Certification of Counsel Regarding, Final Insurance Order and Final Cash Management Order, and Supplement to Statement Provided Under Federal Rule of Bankruptcy Procedure 2015.3* [Docket No. 1956] (the "Supplemental Statement").

WHEREAS, the Supplemental Statement identifies approximately 517 pending prepetition medical malpractice claims (collectively, and together with any and all medical malpractice claims

arising out of or relating to events or circumstances occurring prior to BMC's (or its affiliates') acquisition of the Hospitals, whether known or unknown, "Pending Medical Malpractice Claims").

WHEREAS, the APA excludes "any assets and Liabilities under medical malpractice risk pools."[2]

WHEREAS, pursuant to the Sale Order (as defined below), the Debtors are authorized to transfer, and upon the Closing shall transfer, to BMC all of the Debtors' right, title, and interest in and to, and possession of, the Purchased Assets free and clear of Liens, Claims, Encumbrances, and Interests, including vicarious, transferee, or successor liability claims and pending litigation claims, among other claims.[3]

WHEREAS, on September 13, 2024, the Court entered the *Order (I) Authorizing and Approving (A) The Sale of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interest and (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) Granting Related Relief* [Docket No. 2523] (the "Sale Order")[4] approving the Sale Transaction and the APA, which, among other things, approved the transfer of employee leaseback agreements and professional services agreements for certain Physicians.[5]

WHEREAS, pursuant to the APA, BMC will employ certain providers that were employed by the Debtors, including certain physicians, certain advanced practice providers, and certain non-clinical employees of the Debtors and licensed personnel, as further specified in the APA.

WHEREAS, to effectively transition the Hospitals' and certain affiliate office-based operations and to ensure no interruption in patient care and billing, the Debtors are agreeing, on a

---

[2] APA §1.2(n).

[3] Sale Order ¶ 6(g).

[4] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms under the Sale Order, APA, or Lease-Back Agreement, as applicable.

[5] APA §§ 6.19; 7.12.

short-term and temporary basis, to continue to provide medical services in the ordinary course of business to patients while payor credentialing and payor contracts are appropriately established at BMC, at which time the lease-back arrangements contemplated by the APA (the "Lease-Back Agreement") will terminate and BMC will commence billing for the services provided by the clinical Employees (as defined in the Lease-Back Agreement).

WHEREAS, to accurately track provider enrollment, claims payments as compared to revenue received, and physician productivity, among other things, the Debtors have agreed to provide weekly reporting (or as soon as reasonably practicable upon request of BMC) regarding all payments from third-party payors to the Debtors as part of the Lease-Back Agreement (collectively, the "Lease-Back Payments"), including, but not limited to, weekly financial reports for Athena data and monthly reporting for data from all other vendors used by the Debtors to provide goods and services under the Lease-Back Agreement, including cash collections, professional revenue data extracts for each system used for billing under the Lease-Back Agreement, and, upon request by BMC, shall provide BMC with cash-level payments within one week of receipt from the applicable vendor (the "Required Reporting").

WHEREAS, the Parties intend to close on the hospital operations for St. Elizabeth's Medical Center and Good Samaritan Medical Center on September 30, 2024.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The operations of BMC and its affiliates shall not be deemed a continuation of the Debtors' business as a result of the acquisition of the Purchased Assets."[6]

---

[6] *See* Sale Order ¶ 27.

2. Notwithstanding any provision to the contrary in the APA or in any assumed or assigned executory contract, BMC shall not be liable for any Pending Medical Malpractice Claims against the Debtors or any of their predecessors or affiliates.

3. All professional collections received by the Debtors for services provided by Leased Employees pursuant to the Lease-Back Agreement (less Seller Expenses, which shall be retained by the Debtors) shall not be characterized as property of the Debtors' estates.

4. The Debtors agree to provide the Required Reporting to BMC.

5. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

6. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

Signed: September 30, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: September 30, 2024

 /s/  Ross M. Kwasteniet, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Ross M. Kwasteniet, P.C. (admitted *pro hac vice* )
Dan Latona (admitted *pro hac vice* )
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:        rkwasteniet@kirkland.com
                  dan.latona@kirkland.com

*Counsel to BMC Community Hospital Corporation*

Dated: September 30, 2024

 /s/ Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:     Gabriel.Morgan@weil.com
              Clifford.Carlson@weil.com
              Stephanie.Morrison@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
             Candace.Arthur@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
David J. Cohen (admitted *pro hac vice*)
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159
Email:     DavidJ.Cohen@weil.com

*Attorneys for Debtors
and Debtors in Possession*