IN THE UNITED STATES BANKRUPTCY COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*[1] | ) ) ) | Case No.: 24-90213 (CML) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
REGIONAL PROFESSIONAL BUILDING, L.P. TO NOTICE OF
DESIGNATION OF HEALTHCARE SYSTEMS OF AMERICA AS
DESIGNATED OPERATOR FOR MEDICAL CENTER OF SOUTHEAST TEXAS**

COMES NOW Regional Professional Building, L.P. ("RPB")[2], and files this Limited Objection and Reservation of Rights ("Objection') with respect to the *Notice of Designation of Healthcare Systems of America as Designated Operator for St. Joseph Medical Center, Medical Center of Southeast Texas, and South Florida Hospitals* (the "Sale Notice") [Docket No. 2786] filed by the above-captioned debtors on October 3, 2024.  In support of the Objection, RPB respectfully states as follows:

**BACKGROUND**

1.  On May 6, 2024 (the "Petition Date"), Steward Health Care System LLC and certain of its affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] RPB's address is 2501 Jimmy Johnson Blvd., Suite 500, Port Arthur, TX 77640, Attn: Dr. Srinivasa Rao.

2.     As of the Petition Date, RPB (as landlord) and Debtor The Medical Center of Southeast Texas, LP ("Southeast Texas") (as tenant) were parties to that certain *Amended and Restated Lease Agreement* dated May 29, 2018, as amended, supplemented and restated, including pursuant to that certain *First Amendment to Amended and Restated Lease Agreement* dated April 23, 2019, that certain *Second Amendment to Amended and Restated Lease Agreement* dated June 2019, that certain *Third Amendment to Amended and Restated Lease Agreement* dated August 21, 2019, and that certain *Fourth Amendment to Amended and Restated Lease Agreement* dated December 9, 2020 (collectively, and as amended, restated and supplemented and including all related agreements, the "RPB Lease Agreement").

3.     Pursuant to the RPB Lease Agreement, Southeast Texas leases from RPB approximately 86,704 square feet of medical office space in the building known as the Regional Professional Building located at 2501 Jimmy Johnson Boulevard, Port Arthur, Texas, which is situated adjacent to The Medical Center at Southeast Texas (the "Port Arthur Hospital").

4.     Pursuant to the RPB Lease Agreement, Southeast Texas is obligated to RPB for Base Rent, Operating Expense Reimbursements and all other tenant obligations pursuant to the RPB Lease Agreement, including without limitation, additional service costs and indemnity obligations, all as provided in the RPB Lease Agreement (collectively, the "RPB Lease Obligations").

5.     As of the Petition Date, Southeast Texas was liable to RPB for Base Rent in the approximate amount of $436,310.88.  In addition, Southeast Texas is liable to RPB pursuant to the RPB Lease Agreement for 2023 and 2024 Operating Expense reimbursements in an undetermined amount and for all other outstanding RPB Lease Obligations.

6.     As of this time, the Debtor Southeast Texas has not paid October 2024 rent under the RPB Lease Agreement and such rent is past-due.

**PRIOR INCORPORATED OBJECTIONS**

7. On July 29, 2024, RPB filed its *Objection and Reservation of Rights of Regional Professional Building, L.P. to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale [ECF 1643]*, objecting to the proposed cure costs, lack of adequate assurance of future performance, and to the assumption and assignment of the RPB Lease Agreement (the "Cure Objection"). The Cure Objection remains pending and unresolved.

8. On September 16, 2024, RPB filed its *Objection and Reservation of Rights of Regional Professional Building, L.P. to Emergency Motion of Debtors Requesting Entry of Interim and Final Orders (I) Approving (A) Global Settlement with Medical Properties Trust and (B) Interim Management Procedures, and (II) Granting Related Relief,* with respect to the proposed global settlement with MPT and proposed procedures relating to the sale of Specified MLI Hospitals (the "MPT Settlement Objection"). The Debtors' obligations under section 365(d)(3) of the Bankruptcy Code with respect to the RPB Lease Agreement were expressly preserved in decretal paragraph 34 of the *Final Order Approving (I) Global Settlement with Medical Properties Trust, Prepetition ABL/FILO Secured Parties, FILO Secured Parties, and Creditors' Committee, (II) Interim Management Procedures, and (III) Granting Related Relief* [Docket No. 2610] (the "MPT Settlement Order").

9. The Cure Objection and MPT Settlement Objection are hereby incorporated herein for all purposes.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

10. RPB objects to the proposed Sale Order attached as Exhibit A to the Sale Notice as it relates to the Medical Center of Southeast Texas (Port Arthur) and to the proposed Port Arthur Bill of Sale attached to the Sale Order as Exhibit 2 (the "BSAA"). RPB additionally objects to the assumption and assignment of the RPB Lease Agreement on the grounds that the

Debtor has failed to cure or adequately provide for the cure of defaults under such lease and on the basis of a current lack of adequate assurance of future performance.

11. The Sale Order and BSAA contemplate that executory contracts and lease agreements, such as the RPB Lease Agreement may be assumed and assigned at some future date, but will be effective as of Closing, which appears to be the date of the BSAA. The Sale Order and BSAA seem to provide that the Debtor will have no obligations under the RPB Lease Agreement pending the actual assumption and assignment, or rejection, of such agreement. This is contrary to section 365(d)(3) of the Bankruptcy Code and the terms of the MPT Settlement Order with respect to the RPB Lease Agreement. The Debtor must perform under the RPB Lease Agreement until such time that the lease is actually cured and assumed or rejected. RPB objects to any provision in the Sale Order or BSAA that limits in any way the Debtor's obligations under section 365 with respect to the RPB Lease Agreement.

12. RPB additionally objects to any provision in the Sale Order or BSAA that seeks to limit the obligations under the RPB Lease Agreement to be assumed by the Buyer. Section 365 of the Bankruptcy Code provides that "defaults" must be cured as a condition to assumption and assignment of executory contracts and unexpired leases. However, certain ongoing obligations under the RPB Lease Agreement may exist without being in default, and thus are not subject to being cured. For instance, the tenant under the RPB Lease Agreement is obligated to pay an allocation of overhead that is billed from time-to-time in arrears. Such amount may not be known and the tenant obligation may not be in default at the time of assumption. However, such an obligation cannot be excluded from Buyer's liability if the RPB Lease Agreement is assumed and assigned to the Buyer. RPB objects to any provision in the Sale Order and BSAA that seeks to limit the obligations to be assumed by the Buyer under the RPB Lease Agreement in any manner inconsistent with the requirements of section 365.

13. RPB reserves the right to raise additional objections to the proposed sale and assumption and assignment of the RPB Lease Agreement, including based on a lack of

adequate assurance of future performance.  As noted, October rent has not yet been paid by either the Debtor or the proposed Buyer.  RPB further reserves the right to amend or supplement this Objection.

WHEREFORE, PREMISES CONSIDERED, RPB respectfully requests relief consistent with this Objection and for such other and further relief as the Court deems just and proper.

Dated: October 8, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Lynda L. Lankford*
　　　　　　　　　　　　　　　　　　　　Jeff P. Prostok
　　　　　　　　　　　　　　　　　　　　State Bar No. 16352500
　　　　　　　　　　　　　　　　　　　　Lynda L. Lankford
　　　　　　　　　　　　　　　　　　　　State Bar No. 11935020
　　　　　　　　　　　　　　　　　　　　FORSHEY & PROSTOK LLP
　　　　　　　　　　　　　　　　　　　　777 Main St., Suite 1550
　　　　　　　　　　　　　　　　　　　　Ft. Worth, TX  76102
　　　　　　　　　　　　　　　　　　　　Telephone: (817) 877-8855
　　　　　　　　　　　　　　　　　　　　Facsimile: (817) 877-4151
　　　　　　　　　　　　　　　　　　　　jprostok@forsheyprostok.com
　　　　　　　　　　　　　　　　　　　　llankford@forsheyprostok.com

　　　　　　　　　　　　　　　　　　　　**Counsel for Regional Professional Building, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties receiving electronic notice via the Court's CM/ECF system on October 8, 2024.

　　　　　　　　　　　　　　　　　　　　*/s/ Lynda L. Lankford*
　　　　　　　　　　　　　　　　　　　　Lynda L. Lankford