IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **STEWARD HEALTH CARE SYSTEM LLC**, *et al.*, | § | Case No. 24-90213 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

### STIPULATION AND ORDER GRANTING
### MOVANT JEFFREY A. MEYER LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation and order (the "**Stipulation**") is entered into by and among Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Jeffrey A. Meyer ("**Movant**"), an individual with pending personal injury litigation against one or more of the Debtors (the "**Movant**" and, together with the Debtors, the "**Parties**" and each, a "**Party**"). The Parties hereby stipulate and agree as follows:

#### RECITALS

A.  WHEREAS, beginning on May 6, 2024 (the "**Petition Date**"), the Debtors commenced the above-captioned voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

B.  WHEREAS, the Parties have agreed, subject to the approval of the Bankruptcy Court, to modify the automatic stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

It is hereby **ORDERED** that the automatic stay pursuant to section 362 of the Bankruptcy Code is modified as follows:

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court.

2. The automatic stay shall be modified, effective as of January 1, 2025, to permit Jeffrey A. Meyer to prosecute the case pending as Jeffrey A. Meyer v. Steward Medical Group, Inc. et al CV2020-017491 in the Superior Court of Arizona, Maricopa County (the "**Lawsuit**") to liquidate alleged claims contained therein against the Debtors; *provided*, that any trial in the Lawsuit against any Debtor shall not commence on or before May 1, 2025.  Nothing in this Order shall prohibit or limit Movant from seeking to exercise Movant's rights, if any, to collect the liquidated claim against any insurer of the covered loss.  All Parties may prosecute and defend any appeal from a final judgment issued in the Lawsuit.

3. Movant shall not take any action to collect, enforce or recover on account of any liquidated claims asserted in the Lawsuit from any of the Debtors or their estates.  For the avoidance of doubt, Movant may file a Proof of Claim in these chapter 11 cases asserting the claims alleged in the Lawsuit; *provided* that Movant shall not seek collection, recovery or enforcement of any judgement on account of such Proof of Claim absent entry of an order by the Bankruptcy Court authorizing such actions.

4. The Debtors and their respective estates shall not be obligated to pay any amounts owed or awarded in connection with the Lawsuit, including, but not limited to, any monetary

damages, insurance deductible or self-insured retention, or attorneys' fees and expenses absent either entry of an order of the Bankruptcy Court requiring such payment or as a result of any amounts due to Movant based on the allowance of any Proof of Claim in favor of Movant filed in the Debtors' cases in the event of a distribution or distributions to unsecured creditors in the case or cases in which the Proof of Claim is filed and allowed.

5. Nothing contained herein shall be construed as a waiver by the Debtors or any party in interest of their right to object to any and all proofs of claim relating to the Lawsuit or any other action to which one or more of the Debtors are a party that may be filed by Movant or any other party in the Debtors' chapter 11 cases.

6. The relief set forth herein shall not be construed as an admission of liability by the Debtors regarding any claim or cause of action arising from or in relation to the Lawsuit or any other matter.

7. Nothing contained herein shall limit (a) the ability of the Movant to participate in any Court approved process, if any, for liquidating Movant's claim outside of the Lawsuit and (b) the Debtors' rights, subject to notice and a hearing, to seek to estimate the Movant's claim, if any, for any purposes approved by the Court.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

11. The Bankruptcy Court shall retain sole and exclusive jurisdiction (i) with respect to the automatic stay and its application to any actions and (ii) to resolve any disputes or controversies arising from this Stipulation.

Dated: _____, 2024

                                        _____
                                        Christopher Lopez
                                        United States Bankruptcy Judge

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  October 24, 2024                                           Dated: October 24, 2024

 **/s/ Clifford W. Carlson**                                           **/s/ John Drazkowski**
WEIL, GOTSHAL & MANGES LLP                              John Drazkowski
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
            Clifford.Carlson@weil.com                              *Attorney for Movant, Jeffrey A. Meyer*
            Stephanie.Morrison@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
David J. Cohen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: Ray.Schrock@weil.com
            Candace.Arthur@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
David J. Cohen (admitted *pro hac vice*)
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159
Email: DavidJ.Cohen@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*