IN THE UNITED STATES BANKRUPTCY COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*[1] | ) ) ) | Case No.: 24-90213 (CML) |
| | ) ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**SUPPLEMENTAL LIMITED OBJECTION AND RESERVATION OF RIGHTS OF REGIONAL PROFESSIONAL BUILDING, L.P. TO NOTICE OF DESIGNATION OF HEALTHCARE SYSTEMS OF AMERICA AS DESIGNATED OPERATOR FOR MEDICAL CENTER OF SOUTHEAST TEXAS**

COMES NOW Regional Professional Building, L.P. ("RPB")[2], and files this Supplemental Limited Objection and Reservation of Rights ("Objection') with respect to the *Notice of Designation of Healthcare Systems of America as Designated Operator for St. Joseph Medical Center, Medical Center of Southeast Texas, and South Florida Hospitals* (the "Sale Notice") [Docket No. 2786] filed by the above-captioned debtors on October 3, 2024. In support of the Objection, RPB respectfully states as follows:

**SUPPLEMENTAL OBJECTION**

1. On October 8, 2024, RPB filed its *Limited Objection and Reservation of Rights of Regional Professional Building, L.P. to Notice of Designation of Healthcare Systems of America as Designated Operator for Medical Center of Southeast Texas* [Docket No. 2815] (the "RPB Objection")[3]. RPB noted in the RPB Objection that October 2024 rent had not yet been paid.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] RPB's address is 2501 Jimmy Johnson Blvd., Suite 500, Port Arthur, TX 77640, Attn: Dr. Srinivasa Rao.

[3] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the RBP Objection.

2. As of this date, neither Debtor Southeast Texas nor the proposed Buyer for the Port Arthur Hospital have paid October rent. Attached hereto as <u>Exhibit A</u> is an invoice dated September 27, 2024, for October 2024 rent (the "<u>October Invoice</u>") which was sent to the Debtors through the usual channels per Debtors' counsels' instructions. As reflected in the October Invoice, Southeast Texas is obligated in the amount of $451,644.46 under the RPB Lease Agreement for the month of October 2024 for base rent, operating expenses and for a property tax adjustment for 2024 property taxes as permitted by the RPB Lease Agreement. November rent is expected to be $238,741 for base rent and operating expenses.

3. The MPT Settlement Order contemplated that Designated Operators would be placed as interim operators in certain hospitals, including the Port Arthur Hospital, but only on the condition that the Designated Operators would pay ongoing operating expenses of the Debtors. The MPT Settlement Order further provided that executory contracts and unexpired leases could be assumed and assigned or rejected as some point in the future after a proposed sale, but again with the agreement that the Designated Operators would continue to pay related expenses pending assumption or rejection. Moreover, the Debtors and RPB agreed to the following language at decretal paragraph 34 of the MPT Settlement Order to resolve RPB's objection:

> For the avoidance of doubt, nothing in this Order shall affect the Debtors' obligations under section 365(d)(3) of the Bankruptcy Code with respect to the Amended and Restated Lease Agreement dated May 29, 2018, as amended, supplemented and restated between Regional Professional Building, L.P. (as landlord) and Debtor The Medical Center of Southeast Texas, LP (as tenant).

4. Section 365(d)(4) requires the Debtors to "timely perform all the obligations of the debtor … arising from and after the order for relief under any unexpired lease of nonresidential real property, *until such lease is assumed or rejected*." 11 U.S. C. 365(d)(4) (emphasis added). Despite such agreement and despite the Debtors' and Port Arthur Buyer's agreement to pay ongoing operating expenses, including ongoing lease obligations, neither

party has paid October rent and neither party has committed to paying November rent which will become due next week.

5. During this period, the Debtor has continued to occupy approximately 86,704 square feet over 5 floors of medical office space in the Regional Professional Building. This space is used by the Port Arthur Hospital's employed physicians and several of the Hospital's medical clinics. The employed physicians conduct their medical practice in the building and see and treat patients in their respective suites in the building. The revenue from these practices as well as from the several operating clinics is being billed and collected by the Port Arthur Buyer, all without paying RBP any rent since taking over operations.

6. The sale to the Port Arthur Buyer, as currently proposed, is unfair to RBP and runs counter to the protections afforded landlords under section 365 of the Bankruptcy Code. First, the Debtors must remain obligated to perform under the RBP Lease until the RPB Lease is actually assumed or rejected.

7. Second, the Debtor and/or the Port Arthur Buyer must actually perform under the RPB Lease and pay obligations under the RPB Lease as they become due, until the RPB Lease is actually assumed or rejected. The Debtor and the Port Arthur Buyer should be directed to immediately pay October rent as reflected in the October Invoice and to timely pay November rent.

8. Third, the effective date of assignment or rejection should not be the closing date of the sale, as proposed in the Sale Order. The proposed sale contemplates that the Port Arthur Buyer may decide as late as December 16, 2024, to determine whether to assume or reject the RPB Lease Agreement. As such, the actual assumption or rejection date likely will be some time after the closing date. Until the RPB Lease Agreement is actually assumed or rejected, the Debtor remains obligated to perform under the Lease. If the Port Arthur Buyer fails to perform, as they have done so far, RBP is entitled to look to the Debtor for unpaid post-

petition rental obligations and to seek to compel performance or for allowance of an administrative claim.

9. <u>Fourth</u>, the proposed Sale Order contemplates that the Port Arther Buyer will not assume any obligations under the RPB Lease Agreement that do not first arise after the assumption and assignment of the RPB Lease Agreement.  Section 365 of the Bankruptcy Code provides that "defaults" must be cured as a condition to assumption and assignment of executory contracts and unexpired leases.  However, certain ongoing obligations under the RPB Lease Agreement may exist without being in default, and thus are not subject to being cured.  For instance, the tenant under the RPB Lease Agreement is obligated to pay an allocation of overhead that is billed from time-to-time in arrears.  Such amount may not be known and the tenant obligation may not be in default at the time of assumption.  However, such an obligation cannot be excluded from Buyer's liability if the RPB Lease Agreement is assumed and assigned to the Buyer.  RPB objects to any provision in the Sale Order and BSAA that seeks to limit the obligations to be assumed by the Buyer under the RPB Lease Agreement in any manner inconsistent with the requirements of section 365.

10. <u>Fifth</u>, several provisions in the proposed Sale Order may potentially affect RPB's rights under the RPB Lease Agreement and section 365 of the Bankruptcy Code.  The Sale Order should be revised to make clear that the provisions of section 365 shall continue to apply with respect to the RPB Lease Agreement.

11. To resolve RPB's Objection, RBP proposes that the following language be added to the Sale Order:

> <u>Regional Professional Building, L.P. ("RPB")</u> – For the avoidance of doubt and notwithstanding anything to the contrary in this Order or the Port Arthur BSAA, the following terms shall apply with respect to RPB and the RPB Lease Agreement (as such term is defined in the *Limited Objection and Reservation of Rights of Regional Professional Building, L.P. to Notice Of Designation of Healthcare Systems of America as Designated Operator for Medical Center of Southeast Texas* [Docket No. 2815] (as amended or supplemented, the "<u>RPB Objection</u>"):

(a) The effective date of the assumption and assignment of the RPB Lease Agreement, if applicable, shall not occur prior to entry of and shall be set by further court order authorizing the assumption and assignment of the RPB Lease Agreement (the "<u>RPB Assumption Date</u>").

(b) The effective date of the rejection of the RPB Lease Agreement, if applicable, shall not occur prior to entry of and shall be set by further court order authorizing the rejection of the RPB Lease Agreement (the "<u>RPB Rejection Date</u>"); provided, however, that if the RPB Lease Agreement is deemed rejected pursuant to section 365(d)(4), the RPB Rejection Date shall be the date the RPB Lease Agreement is deemed rejected.

(c) Prior to the RPB Assumption Date or the RPB Rejection Date, as applicable, The Medical Center of Southeast Texas, LP ("<u>Southeast Texas</u>") and Port Arthur HSA Buyer shall timely perform all of the Debtor's obligations under the RPB Lease Agreement pursuant to section 365(d)(3) of the Bankruptcy Code. Specifically, and without limitation, Southeast Texas and the Port Arthur HSA Buyer are directed to pay to RPB (a) $451,644.46 for October Base Rent and Base Operating Expenses (as such terms are defined in the RPB Lease Agreement) (the "<u>RPB October Rent</u>") and (b) $238,741 for November Base Rent and Base Operating Expenses (the "<u>RPB November Rent</u>"). The Debtors and Port Arthur HSA Buyer acknowledge that RPB asserts that additional amounts are currently due under the RPB Lease Agreement, including for October and November 2024, and all parties reserve their rights with respect to such alleged additional claims.

(d) The provisions of section 365 shall continue to apply with respect to the RPB Lease Agreement, including the requirements for the cure and assumption of the RPB Lease Agreement, and all parties reserve their rights with respect to the assumption or rejection of the RPB Lease Agreement. The *Objection and Reservation of Rights of Regional Professional Building, L.P. to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale [ECF 1643]* remains pending and unresolved and is hereby adjourned. RPB's right to assert administrative and rejection claims or to seek additional relief under sections 362, 365 and 503 of the Bankruptcy Code are specifically preserved.

WHEREFORE, PREMISES CONSIDERED, RPB respectfully requests relief consistent with this Objection and for such other and further relief as the Court deems just and proper.

Dated: October 25, 2024        Respectfully submitted,

*/s/ Lynda L. Lankford*
Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Ft. Worth, TX  76102

>Telephone: (817) 877-8855
>Facsimile: (817) 877-4151
>jprostok@forsheyprostok.com
>llankford@forsheyprostok.com
>
>***Counsel for Regional Professional Building, L.P.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties receiving electronic notice via the Court's CM/ECF system on October 25, 2024.

>*/s/ Lynda L. Lankford*
>Lynda L. Lankford

L:\BFORSHEY\Regional Professional Bldg #6475 (CrR)\Pleadings\RPB Amended Objection and Reservation of Rights to Notice of Sale 10.25.24.docx