**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTH CARE | § | Case No. 24-90213 (CML) |
| SYSTEM, LLC *et al.,* | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| | § | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING
FOURTH NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF
<u>PROPERTY IN CONNECTION THEREWITH [DKT. 2733]</u>**

Comes now Phoenix 555N Holdings, LLC ("Phoenix 555") and files this limited objection and reservation of rights regarding the "Fourth Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith" ("Rejection Notice") [Dkt. 2733].  In support hereof, Phoenix 555 would show the following:

<u>**BACKGROUND**</u>

1.      On May 6, 2024 (the "Petition Date"), Steward Health Care System, LLC and its affiliated debtors, including St. Luke's Medical Center, LP ("St. Luke's") (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

2.      On September 30, 2024, the Debtors filed the Rejection Notice, indicating that St. Luke's intends to reject a nonresidential real property "sublease" with Phoenix 555 as of November 1, 2024.  The Rejection Notice does not specifically identify the "sublease" that St. Luke's is attempting to reject.

3.     Prior to the Petition Date, in 2020, Phoenix 555 purchased and acquired a leasehold interest in the land and a fee interest in a medical building located at 555 North 18th Street, Phoenix, Arizona. As part of this purchase transaction, Phoenix 555 became the Ground Lessee under a Ground Lease dated July 15, 2005, covering the land and building. The Ground Lease runs until December 31, 2114. Phoenix 555, as the Ground Lessee, acquired its leasehold interest in the Ground Lease and received a Special Warranty Deed for the medical building as part of the transaction.

4.     The original Ground Lessor under the Ground Lease was St. Luke's, the predecessor of MPT of Phoenix-Steward, LLC ("MPT").

5.     On October 3, 2016, a Master Lease was executed between MPT and St. Luke's, under which MPT leased the land to St. Luke's.

6.     On October 12, 2017, St. Luke's assigned its rights as Ground Lessor to MPT via an Assignment of Rents and Leases. As a result of the assignment of the Ground Lease, it appears that MPT is the Ground Lessor under the Ground Lease. MPT is <u>not</u> one of the affiliated Debtors.

7.     St. Luke's now seeks to reject its interest in a "sublease" with Phoenix 555 through the Rejection Notice.  The Rejection Notice does not describe or provide any details as to the "sublease." It is not clear if St. Luke's is referring to the Ground Lease as the "sublease."  However, pursuant to the Assignment of Rents and Leases and the associated documents, Phoenix 555 is the Ground Lessee, and MPT is the Ground Lessor under the Ground Lease.

8.     To the extent St. Luke's attempt to reject the "sublease" is an attempt to reject the Ground Lease, Phoenix 555 asserts that St. Luke's is not the Ground Lessor and thus lacks authority to reject the Ground Lease. Under the Assignment of Rents and Leases, MPT became the Ground Lessor. St. Luke's cannot reject the Ground Lease that governs Phoenix 555's rights.

2

9.      Even if St. Luke's may reject its interest, if any, under the Ground Lease by rejecting a "sublease",  Section 16.02 of the Ground Lease provides that in the event of any rejection or disaffirmance of the Ground Lease in a bankruptcy proceeding, Phoenix 555, as Ground Lessee, has the right to remain in possession of the Premises for the balance of the lease term. This contractual right protects Phoenix 555 from the effects of any attempted or successful rejection of the Ground Lease by St. Luke's.

10.      To the extent St. Luke's is rejecting its interest under the Master Lease with MPT, this rejection has no bearing on Phoenix 555's independent rights under the Ground Lease.

11.      Phoenix 555's existing leasehold rights as Ground Lessee includes possession and use of the land as stipulated by the Ground Lease and Bankruptcy Code Section 365(h), and Phoenix 555's possessory and use rights are unaffected by any action St. Luke's may take with respect to the Master Lease or Ground Lease.

## RELIEF REQUESTED

12.      By this Limited Objection, Phoenix 555 is preserving its rights under section 365(h)(1)(A)(ii) of the Bankruptcy Code to remain a tenant under the Ground Lease. Section 365(h) provides, in relevant part, that:

(A)      If the trustee [or debtor] rejects an unexpired lease of real property under which the debtor is the lessor and –

. . .

(ii)      if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.

13.      If St. Luke's (who based on the Assignment of Rents and Leases is not the Ground Lessor) is somehow able to reject the Ground Lease, Phoenix 555, as Ground

3

Lessee, is still entitled to all the benefits of such Ground Lease, pursuant to section 365(h). This means that, notwithstanding any order rejecting, Phoenix 555 is entitled under section 365(h) to all rights under the Ground Lease including the right to occupy the land for the full lease term.

14.     The Rejection Notice (and no party) has argued that Phoenix 555 would not be entitled to the benefits of section 365(h) with respect to any Ground Lease or sublease on the land.   Therefore, this Limited Objection is merely clarifying Phoenix 555's continuing rights to continue to occupy and lease the land under the Ground Lease.

WHEREFORE, for the reasons set forth above, Phoenix 555 respectfully requests that the Court enter an order confirming that St. Luke's rejection of the "sublease" does not affect Phoenix 555's rights under the Ground Lease, including its rights of possession and use of the land located at 555 North 18th Street, Phoenix, Arizona.

Phoenix 555 asks this Court to grant this Limited Objection and preserve Phoenix 555's rights as to land, pursuant to section 365(h) of the Bankruptcy Code. Phoenix 555 also requests such other and further relief to which it may be entitled to under law and equity.

DATED this 29th day of October, 2024.

SACKS TIERNEY P.A.


By: */s/ James S. Samuelson*
    James S. Samuelson
    Philip R. Rudd
    Wesley D. Ray
    4250 N. Drinkwater Blvd.,
    4th Floor
    Scottsdale, AZ  85251
    Email: James.Samuelson@sackstierney.com
           Philip.Rudd@sacsktierney.com
           Welsey.Ray@sackstierney.com

*Attorneys for Phoenix 555N Holdings, LLC*

3973842

## <u>Certificate of Service</u>

     I hereby certify that, on October 29, 2024, a true and correct copy of the foregoing document was served by Electronic Case Filing System in the United States Bankruptcy Court for the Southern District of Texas.

*/s/ James S. Samuelson*

James S. Samuelson

5