IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re STEWARD HEALTHCARE SYSTEM, LLC et al.[1], | ) ) | Chapter 11 |
| Debtors | ) ) ) | Case No. 24-90213 (CML) (Jointly Administered) |

**Hearing Set for December 17, 2024 at 10 a.m.**

**PASCHAL NWAGU, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH NWAGU AND INDIVIDUALLY, AND STELLA NWAGU'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT CONTINUATION OF MEDICAL MALPRACTICE LITIGATION AND TO PURSUE INSURANCE PROCEEDS**

**This is a motion for relief from the automatic stay.  If it is granted, the movant may act outside of the bankruptcy process.  If you do not want the stay lifted, immediately contact the movant to settle.  If you cannot settle, you must file a response and send a copy to the movant at least 7 days before the hearing.  If you cannot settle, you must attend the hearing.  Evidence may be offered at the hearing and the Court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on December 17, 2024 at 10 a.m. in Courtroom 401, 515 Rusk, Houston, TX 77002.  You may participate in the hearing either in person or by an audio or video connection.  Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 832-917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez."  Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case**

---

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these Chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

1

**name, complete the required fields, and click "Submit" to complete your appearance.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

Now come the Movants, Paschal Nwagu, as the Personal Representative of the Estate of Joseph Nwagu and individually, and Stella Nwagu, the Plaintiffs in <u>Nwagu v. Perakslis et al.</u>, C.A. No. 1:20-cv-11415, a medical malpractice action pending in the District of Massachusetts against the Debtors, Steward Good Samaritan Medical Center, Inc. (Good Samaritan) and Steward St. Elizabeth's Medical Center of Boston, Inc. (St. Elizabeth's), (the Medical Malpractice Litigation), and respectfully move this Honorable Court to lift the 11 U.S.C. § 362 automatic stay for cause to allow the Movants to continue the Medical Malpractice Litigation and pursue the proceeds of applicable insurance coverage. In support of this motion, the Movants state as follows:

### JURISDICTION AND VENUE

1. On or about May 6, 2024 (the Petition Date), Steward Health Care System, LLC, et al., and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 cases (the Bankruptcy Debtors) filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the Petition), with the United States Bankruptcy Court for the Southern District of Texas, Houston (the Court). The Debtors, Good Samaritan and St. Elizabeth's, are among the Bankruptcy Debtors in these cases.

2. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G).

3. The statutory basis for the relief sought is 11 U.S.C. § 362.

## BACKGROUND

4. On June 3, 2020, the Movants initiated the Medical Malpractice Litigation in the Suffolk Superior Court in Massachusetts against the Debtors, Good Samaritan and St. Elizabeth's, to recover for the wrongful death of the Movants' newborn son, Joseph Nwagu, caused by the medical malpractice of the Debtors' agents and/or employees on August 15, 2018 for which the Debtors were alleged to be vicariously liable. On July 27, 2020, the Medical Malpractice Litigation was removed to the District of Massachusetts because the government moved to substitute itself for some of the Debtors' co-defendants. The Movants have demanded a trial by jury in the Medical Malpractice Litigation. A true and correct copy of the Movants' Second Amended Complaint, which is the live Petition in the Medical Malpractice Litigation, is attached hereto as Exhibit A.

5. On the Petition Date, the proceedings in the Medical Malpractice Litigation had progressed to the point where the discovery deadline of March 29, 2024 had passed, the Movants had made pretrial expert disclosures, and the Debtors' pretrial expert disclosures were due by June 9, 2024. The jury trial was set for November 4, 2024 in the District of Massachusetts by the District Judge, Leo T. Sorokin.

## RELIEF REQUESTED

6. The Movants seek relief from the automatic stay for cause to continue prosecuting the Medical Malpractice Litigation up to the limits of applicable insurance coverage and to collect against the proceeds of applicable insurance. See In re Edgeworth, 993 F.2d 51, 53–54 (5th Cir. 1993) ("In the liability insurance context, of course, a tort plaintiff must first establish the liability of the debtor before the insurer becomes contractually obligated to make any payment.").

7. The Movants currently do not seek to prosecute the Medical Malpractice Litigation in order to collect on a judgment against the Debtors, the Bankruptcy Debtors, or the bankruptcy estate although, for the avoidance of doubt, the Movants did file Proof of Claim forms in the Chapter 11 cases, asserting the claims alleged in the Medical Malpractice Litigation.  The Movants are aware or advised that there is applicable insurance coverage that would cover their claims.  Upon information and belief, the Debtors have not claimed the insurance proceeds as an asset of the Debtors or their bankruptcy estate.  Accordingly, the Movants seek to continue the Medical Malpractice Litigation against the Debtors as nominal parties for the purpose of establishing liability only, which includes liquidating the amount of the Movants' claims to be allowed in the Debtors' bankruptcy case if applicable insurance proceeds do not completely cover the Movants' claims.

8. Pursuant to 11 U.S.C. § 362(d)(1), the Court may grant relief from the automatic stay "for cause."  "Allowing a matter to proceed in another forum may constitute cause." In re Xenon Anesthesia of Tex., PLLC, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014); In re Patel, No. 10-34767-H3-7, at *4 (Bankr. S.D. Tex. Aug. 16, 2010).

> In determining whether to lift the automatic stay to allow litigation against a debtor to proceed in another forum, bankruptcy courts have considered the following factors: ... *lack of any connection with or interference with the bankruptcy case*; ... whether the action primarily involves third parties; ... whether litigation in the other forum would prejudice the interests of other creditors; ... *interests of judicial economy and the expeditious and economical resolution of litigation*; ... whether the proceedings have progressed to the point that parties are ready for trial; and ... *impact of the stay on the parties and the balance of harm*.

In re Xenon Anesthesia of Tex., PLLC, 510 B.R. at 112 (emphasis added) (citing Sonnax Indus., Inc., 907 F.2d 1280 (2nd Cir. 1990); In re Fowler, 259 B.R. 856 (Bankr. E.D. Tex. 2001); In re United States Brass Corp., 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994); In re

4

Curtis, 40 B.R. 795 (Bankr. D. Utah 1984)); In re Patel, No. 10-34767-H3-7, at *4-*5 (emphasis added) (citing Sonnax Indus., Inc., 907 F.2d 1280; In re Fowler, 259 B.R. 856 In re United States Brass Corp., 176 B.R. at 13; In re Curtis, 40 B.R. 795). All factors need not be considered in each case; "the decision to lift the stay may be upheld on judicial economy grounds alone." In re Xenon Anesthesia of Tex., PLLC, 510 B.R. at 112; In re Patel, No. 10-34767-H3-7, at *5.

9. In the present matter, many of the factors identified above militate in favor of lifting the automatic stay of the Medical Malpractice Litigation. The Movants' medical malpractice claims lack connection to or interference with the Debtors' bankruptcy cases. The Movants have a strong interest in continuing the Medical Malpractice Litigation. Moreover, the Medical Malpractice Litigation involves defendants other than the Debtors and these defendants, like the Movants, have been left in a limbo as a result of the automatic stay. Furthermore, the "interests of judicial economy and the expeditious and economical resolution of litigation" certainly weigh in favor of lifting the automatic stay of the Medical Malpractice Litigation and this factor alone has been found sufficient to support doing so. See In re Xenon Anesthesia of Tex., PLLC, 510 B.R. at 112; In re Patel, No. 10-34767-H3-7, at *5.

10. The interests of other creditors would not be prejudiced by the sought relief because any initial recovery the Movants would obtain would be from applicable insurance coverage only and limited by applicable policy limits. See In re Edgeworth, 993 F.2d at 55–56 ("When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate."). Upon information

and belief, the Debtors' cost of defense in the Medical Malpractice Litigation is also subject to applicable insurance and thus will not decrease the bankruptcy estate.

11. In contrast, the Movants would be unfairly prejudiced by further delay.  The Movants suffered the grievous loss of their newborn son in 2018 and redress for his wrongful death is long overdue.  When the automatic stay was imposed in the Medical Malpractice Litigation, the proceedings had progressed to the point where the parties were entering the trial preparation stage and trial was scheduled for November 4, 2024.  Presently, the Movants are left in a limbo, with no trial scheduled, and their opponents have gained unfair advantage by having been allowed to indefinitely postpone their expert disclosures.

WHEREFORE, Paschal Nwagu, as the Personal Representative of the Estate of Joseph Nwagu and individually, and Stella Nwagu respectfully move this Honorable Court to lift the 11 U.S.C. § 362 automatic stay of the Medical Malpractice Litigation pursuant to 11 U.S.C. § 362(d)(1), waive the fourteen-day stay provided under Fed. R. Bankr. P. 4001(a)(3), and grant the Movants such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
> Paschal Nwagu, as the Personal Representative
> of the Estate of Joseph Nwagu and
> individually, and Stella Nwagu,
> by their Attorney,
>
> */s/ Paul E. Mitchell*
> Paul E. Mitchell, BBO #550491
> pmitchell@mitchelldesimone.com
> Mitchell & DeSimone
> 6 Beacon Street, Suite 900
> Boston, MA 02108
> (617) 737-8391

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on October 18, 2024, counsel for the movants conferred via phone with counsel for the Debtors herein regarding the relief requested in this motion. Although counsel for the Debtors expressed a willingness to file a joint stipulation regarding this relief, he also indicated that he was too busy to work on the stipulation and has not provided any timeline for completing the stipulation.

*/s/ Paul Mitchell*
Paul E. Mitchell

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document is being served upon the above counsel of record via CM/ECF this   13th day of November 2024.

*/s/ Paul Mitchell*
Paul E. Mitchell