IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**OBJECTION BY TRACO INTERNATIONAL GROUP S. DE R.L. IN RESPONSE TO (I) VARIOUS STIPULATIONS FILED BY THE DEBTORS AGREEING TO LIFT THE AUTOMATIC STAY TO LIQUIDATE CLAIMS AGAINST INSURANCE AND (II) CERTAIN MOTIONS SEEKING TO LIFT THE AUTOMATIC STAY TO LIQUIDATE CLAIMS AGAINST INSURANCE**

TRACO International Group S. De R.L. ("TRACO"), counterparty to various insurance policies with Steward Health Care System LLC and its debtor affiliates in these Chapter 11 cases (collectively, the "Debtors") including medical malpractice policies, files this objection to the (i) various stipulations submitted by the Debtors and various litigation claimants (the "Claimants") lifting the automatic stay in the Debtors' cases to permit the Claimants to liquidate their claims against the Debtors and pursue insurance proceeds and (ii) certain motions seeking to lift the automatic stay to liquidate claims against insurance (the "Objection"). Specifically, TRACO objects to Docket Nos. 3075, 3078, 3079, 3080, 3088, 3142, and 3270. TRACO respectfully represents as follows:

**OBJECTION**

As of November 24, 2024, the Debtors have entered into no fewer than thirty-five

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

stipulations agreeing to lift the automatic stay to permit Claimants to liquidate their claims and proceed to collect these claims against insurance. In addition, at least eight motions to lift the automatic stay to liquidate claims and collect against insurance have been filed.[2] As the Debtors' insurer, upon the lifting of the automatic stay, in many of these cases TRACO is responsible for paying defense costs and liquidated claims, as set forth in the Insurance Policies between the Debtors and TRACO (the "Insurance Policies").

At the same time that the Debtors are entering into these stipulations, the Debtors are failing to pay the post-petition premiums due under the 2024 Insurance Policies between the Debtors and TRACO, or to otherwise provide TRACO with funding in order to satisfy its obligations to the Claimants. Notwithstanding the fact that the Debtors received Court approval to pay all amounts due and owing under the 2024 Insurance Policies and the outstanding premiums are, without dispute, an administrative claim of the Debtors' estates, the Debtors have refused repeated requests for payment by TRACO. This leaves TRACO in the untenable position of having to either fund defense costs or to settle and pay claims. Notably, the Debtors have been collecting funds from the individual physicians for the cost of their malpractice insurance, but failing to remit these funds to TRACO. Instead, the Debtors are escrowing $1.25 million per month for the payment of defense costs relating to the individual physicians. The Debtors are not an insurer. That money must be paid directly to TRACO.

This Court previously approved the payment of premiums and other obligations under the

---

[2] A complete list of the stipulations between the Debtors and various Claimants filed to date, as well as the motions to lift the stay filed by various claimants, is attached as Exhibit A. By this objection, TRACO objects to those motions which are currently pending. The complete list set forth on Exhibit A is provided to fully inform the Court and all parties of the scope of the problem highlighted in this Objection.

various insurance policies by the Debtors to TRACO.[3] To date, however, the Debtors have paid none of the post-petition premiums, which currently exceed $24 million. Despite this lack of funding, TRACO has continued to administer claims made under the Debtors' various insurance policies in the ordinary course. But if the Debtors continue their failure to pay the premiums due under the Insurance Policies while simultaneously lifting the automatic stay to allow Claimants to proceed against insurance, TRACO will not have the funds to pay defense costs.

Similarly, TRACO has continued to fulfill all obligations to the individual physicians to date. However, the Debtors' refusal to transmit funds paid by the covered physicians to TRACO puts this coverage at risk.

Although the Debtors and TRACO have ongoing negotiations regarding the payment of the premiums and other obligations under the Insurance Policies, these negotiations are focused on the mechanism for transitioning TRACO from an integrated part of the Debtors' enterprise to an independent entity with sole control of its finances. As stated in prior filings, TRACO fully

---

[3] On May 7, 2024, this Court entered an Order [Docket No. 116] (the "Interim Order") approving the payment of premiums to TRACO and authorized the continuance of the Debtors' "Captive Insurer Program in the ordinary course and to honor any prepetition and postpetition amounts to TRACO to ensure uninterrupted coverage under their Insurance Policies." Interim Order at ¶ 6.

This Court subsequently entered a second interim Order [Docket No. 611] (the "Second Order") with respect to the Insurance Motion, authorizing the Debtors to continue their Captive Insurer Program in the ordinary course and pay all obligations under the Insurance Policies, whether incurred before or after the Petition Date, including making payments on behalf of TRACO, while noting that any non-ordinary course payments to be made on behalf of TRACO shall not be made under the authority solely provided by the Second Interim Order. Second Order at ¶ 7.

Finally, the Court entered a final Order [Docket No. 2166] (the "Final Order") again authorizing the Debtors to continue the Captive Insurer Program "including making payments on behalf of TRACO to honor postpetition obligations under the Captive Insurer Program and any prepetition obligations owed to defense counsel under the Captive Insurer Program up to an aggregate amount of $3.4 million (such amount subject to increase with the consent of the Creditors' Committee or further order of the Court)…" Final Order at ¶ 7.

anticipates that the Debtors will make all required payments under the TRACO insurance policies, consistent with the Court's prior Orders regarding the payment of amounts due under these policies. Given the current circumstances of the Debtors' cases, however, TRACO intends to file a motion with this Court seeking to have the premium payments, as well as other monetary obligations under the insurance policies, paid directly to TRACO. TRACO will also seek to have the Debtors turnover all TRACO assets currently held by the Debtors, which are not property of the estate and which the Debtors have continued to withhold despite repeated requests from TRACO. These steps will ensure that TRACO can meet all obligations to the Debtors and the individual physicians.

Until this issue is resolved, the stay should not be lifted.

Respectfully submitted,

Dated: November 26, 2024     By:   /s/ Timothy Walsh
                                   Timothy Walsh
                                   STEPTOE LLP
                                   1114 Avenue of the Americas
                                   New York, NY  10036
                                   Telephone: (212) 957-3085
                                   Email: twwalsh@steptoe.com

                                   Counsel for TRACO International
                                   Group S. De R.L.

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2024 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Timothy Walsh*
Timothy Walsh