United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 27, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **STEWARD HEALTH CARE SYSTEM LLC**, *et al.*, | § § § | Case No. 24-90213 (CML) |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § § | |

**ORDER (I) AUTHORIZING DEBTORS
TO (A) CLOSE SHARON REGIONAL MEDICAL CENTER, AND
(B) REJECT EXECUTORY CONTRACTS AND ABANDON PROPERTY
IN CONNECTION THEREWITH; AND (II) GRANTING RELATED RELIEF**

Pursuant to and in accordance with the *Order (I) Approving Procedures Related to Facility Closures on a Final Basis; and (II) Granting Related Relief* (Docket No.2146) (the "**Facility Closure Procedures Order**")[2] entered in the above-captioned chapter 11 cases of Steward Health Care System LLC and its debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Notice Parties a notice (the "**Facility Closure Notice**") of their intent to close Sharon Regional Medical Center (740 East State St., Sharon, PA 16146) (the "**Closing Facility**") and abandon any personal property remaining at the Facility as of the proposed closure date for the Closing Facility (the "**Facility Closure Date**"), in accordance with the terms of the Facility Closure Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Facility Closure Notice; and the Court

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Facility Closure Procedures Order.

having found and determined that the relief requested is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to close Sharon Regional Medical Center (the "**Closing Facility**") in accordance with the Closure Plan annexed hereto as **Appendix A** (the "**Facility Closure**"). The Debtors are authorized to make amendments to the plans to close the Closing Facility in consultation with the applicable regulators, the Creditors' Committee, the ABL Lenders, the FILO Lenders, MPT, and Suzanne Koenig, the patient care ombudsman for the Closing Facility, without further order from this Court.

2. Local, state, and federal regulators shall cooperate with the Debtors in good faith to effectuate each Facility Closure, and the Debtors shall have no liability to any governmental entity for effectuating the Facility Closure in accordance with the proposed closure plans approved by this Order.

3. The Debtors reserve the right to reject contracts or leases pursuant to the *Order (I) Approving Procedures for Rejection of Executory Contracts and Unexpired Leases of Nonresidential Real Property; (II) Amendments to Certain Unexpired Leases of Nonresidential Real Property; (III) Abandonment of Property in Connection Therewith; and (IV) Granting Related Relief* (Docket No. 1551) or a separate motion approved by the Court.

4. Subject to the restrictions set forth in Paragraphs 10 and 11 of the Facility Closure Procedures Order, if determined by the Debtors, any and all personal property remaining at the Closing Facility as of the Facility Closure Date shall be deemed abandoned as of the Facility Closure Date without further notice or order of the Court, free and clear of all liens, claims,

interests, or other encumbrances. Upon such abandonment, any landlord or other designee shall be free to dispose of any such items without notice or liability to any party. The Debtors reserve the right to (i) sell any and all personal property at the Closing Facility prior to the Facility Closure Date upon two (2) business days' notice to holders of liens, claims, interests, and/or encumbrances of any personal property proposed to be sold; and (ii) sell or abandon additional assets pursuant to the *Order (I) Establishing Procedures for Sales, Transfers, and Abandonment of De Minimis Assets; and (II) Granting Related Relief* (Docket No. 1665) or a separate motion approved by the Court. The right of any landlord, if any, to file a claim for the costs of disposal of such property is fully reserved, as is the right of all parties in interest to object to such claim.

5. Nothing contained in the Facility Closure Procedures Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vii) an admission as to the validity of any liens satisfied pursuant to the Facility Closure Procedure Order or this Order, (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, (ix) an implication or admission of consent, or modification or waiver of any rights, including consent rights, of any non-debtor party with respect to any sale transaction, (x) a waiver of any of the Creditors' Committee's Challenge rights, as set forth in the Final DIP Orders, (xi) a waiver of any claims of

the Debtors, (xii) a waiver of any WARN Act claim or any obligations, right or claim under any collective bargaining agreement or requirement under section 1113 of the Bankruptcy Code, or (xiii) a waiver of any defenses, rights, claims, or counterclaims of the Debtors (or any other party in interest) with respect to the foregoing.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

6. The Commonwealth reserves its rights, if any, to assert that the Debtors are not in compliance with Pennsylvania Act 13 of 2002 and its implementing regulations, the Pennsylvania Health Care Facilities Act (35 P.S. chapter 1C) and its implementing regulations, and nothing contained in this Order in any way limits, restricts or diminishes those rights.  The Debtors' rights and defenses with respect to the foregoing are reserved.

7. Notwithstanding anything to the contrary herein, to the extent any equipment owned by Becton, Dickinson and Company ("**BD**") and/or its affiliates or subsidiaries (including, but not limited to, CareFusion Solutions, LLC) remains at the Closing Facility on or after the Facility Closure Date, such equipment shall not be deemed abandoned, and the Debtors and BD shall each use commercially reasonable efforts to reach an agreement regarding the preparation, removal or disposition of such equipment on or after the Facility Closure Date.

8. UnitedHealthcare Insurance Company, and other similarly situated payors, given the shortened notice period, shall not be found in violation of statutory membership notification requirements concerning the closure of the Closing Facility, as applicable, in light of the timing of the filing of the Facility Closure Notice and the Facility Closure Date.

9. Notice of the Facility Closure Notice is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

10. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  December 27, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

## **Annex A**

## **Facility Closure Notice**

| **Facility Name** | **Sharon Regional Medical Center** |
|---|---|
| **Facility Address** | 740 East State St., Sharon, PA 16146 |
| **Proposed Closure Date** | January 6, 2025 (the "**Proposed Closure Date**") |
| **Timeline for Closure** | **Contemporaneously with filing of Facility Closure Notice:**<br>• Written notice to PA Department of Health with Closure Plan<br>• Deliver WARN Act notifications to substantially all employees<br>• Notice to Joint Commission, CMS<br><br>**Prior to Proposed Closure Date:**<br>• Notice to Board of Pharmacy, Medicaid, CLIA, DEA and CAP<br>• Notify commercial payers<br>• Cease elective inpatient admissions to Hospital, elective services, ambulatory care services, and EMS services<br>• Discharge or transfer all inpatients<br><br>**Ongoing:**<br>Discharge patients in the ordinary course, identify appropriate alternative locations for any patients who will need ongoing care and arrange for transfer<br><br>**Proposed Closure Date:**<br>• Emergency department closure complete<br>• File Certificate of Disposition of Materials with Bureau of Radiation Protection<br>• Submit 855A Application to MAC to voluntarily terminate Medicare enrollment |
| **Plan for Employees** | The Debtors intend to provide WARN Act notices to all employees 30 days prior to closure, or as soon as practicable. |
| **Plan for Transfer/Discharge of Patients** | The majority of currently-admitted patients will be discharged in the ordinary course and, if necessary, provided with information and assistance to make follow-up appointments with replacement providers. Inpatients will be notified of the anticipated closure and will be transferred, along with their medical record information, to a hospital in the area or a hospital of the patients' choice. Arrangements with an ambulance carrier will be in place to accommodate the orderly transition of all patients. The Debtors expect to complete the transfer and discharge of acute care patients by the Proposed Closure Date. |

| | |
|---|---|
| **Plan for Protection, Transfer and Storage of Medical Records** | The Debtors will identify and contract with a medical records custodian to ensure records are properly stored and patients can access their medical records after the closure. Written notification of how to locate patient records will be sent to all practitioners currently on the active staff of the respective hospitals. Written notification of how to locate patient records will also be sent to all physicians currently on the active staff of Sharon Regional Medical Center. |
| **Plan for the Disposition of Personal Property, Including Pharmaceuticals, Hazardous Materials and Medical Waste** | The Debtors will manage and dispose of pharmaceuticals, hazardous materials, and medical waste in accordance with state and federal guidelines. Medications, radioactive materials, chemicals, medical waste, infectious materials and other hazardous materials will be identified, secured and inventoried, then destroyed, disposed of, returned to vendors, or transferred to other providers as appropriate. Sharon Regional Medical Center has hired vendors to manage the disposal of medical waste and infectious materials. After termination of services, the Debtors will also retain an outside vendor to decontaminate hot rooms. |
| **Communications Plan** | The Debtors have developed a comprehensive approach to keep patients, employees, government agencies, area hospitals and the community at large informed of the Closure. In particular, the Debtors have contacted area hospitals and outpatient practices to inform them of the closure and to discuss procedures for the transfer of patients. In addition, the Debtors have notified the fire department and the appropriate government agencies of the closure. As noted above, the Debtors intend to place public notices in local Philadelphia newspapers regarding the location of patient medical records, and will provide written notice to all active Sharon Regional Medical Center physicians as to how to locate patient records. |