IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
|  | § | (Jointly Administered) |
| Debtors.[1] | § § | |

**STIPULATION REGARDING ADMINISTRATIVE
EXPENSE CLAIMS OF THE COMMONWEALTH OF PENNSYLVANIA**

This stipulation (the "**Stipulation**") is entered into by and among Steward Health Care System LLC ("**SHC**"), Steward Sharon Regional Health System, Inc. ("**Steward Sharon**"), and Steward Pennsylvania Holdings LLC ("**Steward Penn**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively with their debtor affiliates, the "**Debtors**"), and the Commonwealth of Pennsylvania and its instrumentalities, agencies, and departments (excluding the Commonwealth of Pennsylvania Department of Human Services (the "**DOH**")), by and through its Attorney General, Michelle A. Henry, (collectively, the "**Commonwealth**" and, together with the Debtors, the "**Parties**" and each, a "**Party**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On May 6, 2024 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case (collectively, the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

Southern District of Texas (the "**Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

C.    On November 14, 2024, the Court entered the *Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related Relief* (Docket No. 3217) (the "**Administrative Bar Date Order**") establishing, among other things, procedures for the filing of administrative expense claims.

D.    As of the date hereof, the Commonwealth has filed the following proofs of claim (collectively, the "**Proofs of Claim**") asserting the following administrative expense claims (collectively with any other administrative or priority claims that have been asserted or that may be asserted by the Commonwealth against any of the Debtors in the future, the "**Administrative Expense Claims**") against SHC, Steward Sharon, or Steward Penn, as applicable:

    i.    On November 3, 2024, the Commonwealth of Pennsylvania filed proof of claim number 11696 asserting an administrative expense claim against Steward Sharon in the amount of $4,500,000.

    ii.    On November 3, 2024, the Commonwealth of Pennsylvania filed proof of claim number 11703 asserting an administrative expense claim against SHC in the amount of $4,500,000.

    iii.    On November 3, 2024, the Commonwealth of Pennsylvania filed proof of claim number 11817 asserting an administrative expense claim against Steward Penn in the amount of $4,500,000.

    iv.    On December 20, 2024, the Commonwealth of Pennsylvania filed proof of claim number 13534 asserting an administrative expense claim against SHC in the amount of $5,529,980.48.

    v.    On December 20, 2024, the Commonwealth of Pennsylvania filed proof of claim number 13629 asserting an administrative expense claim against Steward Penn in the amount of $5,529,980.48.

    vi.    On December 20, 2024, the Commonwealth of Pennsylvania filed proof of claim number 13685 asserting an administrative expense claim against Steward Sharon in the amount of $5,529,980.48.

E.    As of the date hereof, the DOH has filed the following proofs of claim (collectively, the "**DOH Proofs of Claim**") asserting the following administrative expense and priority claims (collectively with any other administrative or priority claims that have been asserted or that may be asserted by the DOH against any of the Debtors in the future, the "**DOH Administrative Expense and Priority Claims**") against Steward Sharon:

    i.    On December 19, 2024, the DOH filed proof of claim number 12755 asserting an administrative expense claim against Steward Sharon in the amount of $2,900,673.33.

      ii.      On December 20, 2024, the DOH filed proof of claim number 12868 asserting a priority claim against Steward Sharon in the amount of $2,495,529.34.

F.      The Debtors dispute that (i) the Administrative Expense Claims are valid or allowed claims, and (ii) the Debtors have any liability to the Commonwealth.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation, it is **STIPULATED AND AGREED** by the Parties that:

1.      The Administrative Expense Claims are hereby withdrawn with prejudice and the Commonwealth shall not seek payment or allowance of such Administrative Expense Claims.

2.      The Commonwealth shall not object to any chapter 11 plan of the Debtors, including on account of the treatment of its Administrative Expense Claims or any assertion that the Debtors have do not have sufficient funds to pay or reserve for the Administrative Expense Claims.

3.      The Commonwealth will facilitate and support the mediator's presentation to the DOH in favor of subordinating the DOH Administrative Expense and Priority Claims to all other administrative expense claims.

4.      Nothing herein shall be construed as an admission of liability by the Debtors or any of their affiliates regarding any claim or cause of action arising from or in relation to the Proofs of Claim, the Administrative Expense Claims, any Claims (as that term is defined in section 101(5) of the Bankruptcy Code), or any other matter, and all rights and defenses of the Debtors are expressly reserved. Nothing herein shall be construed as an admission by the Commonwealth that its claims are without merit.

5.      Except as specifically provided herein, nothing contained in this Stipulation, and no actions taken pursuant hereto, shall be deemed (i) an agreement or admission by the Debtors as

to the validity, categorization, amount, or priority of any claim (including the Administrative Expenses Claims) against any Debtor entity on any grounds; (ii) a waiver or impairment of any rights, claims, or defenses of the Debtors or any other party in interest to dispute any claim on any grounds; (iii) a promise by the Debtors that any claim (including the Administrative Expenses Claims) is payable pursuant to this Stipulation; (iv) a waiver of the rights of the Debtors or any other party in interest under the Bankruptcy Code or any other law; or (v) a grant of any third-party beneficiary status or bestowal of any additional rights on any third party.  Other than the obligations set forth in paragraph 3, nothing contained in this Stipulation in any way waives, limits or impairs the rights of the Commonwealth with respect to: (a) the allowance of, and the pursuit of payment of, the DOH Administrative Expense and Priority Claims; and (b) the right to assert any and all defenses to any objection to the DOH Administrative Expense Claims asserted by the either Debtors or any other party.  Furthermore, this Stipulation does not in any way waive, impair, limit or reduce any tax obligations owed to the Commonwealth which may be owed to, or claimed by, the Pennsylvania Department of Revenue.

6. The terms and conditions of this Stipulation shall be immediately effective and enforceable.

7. This Stipulation is intended by the Parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

8. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

9. This Stipulation may be executed in counterparts, each of which shall be deemed

an original but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for the purposes of this Stipulation.

10. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and any claimed ambiguity shall be construed neither for nor against any of the Parties.

11. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

12. This Stipulation shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives.

13. The Court shall retain sole and exclusive jurisdiction with respect to any disputes or controversies arising from this Stipulation.

**STIPULATED AND AGREED TO BY:**

 /s/  Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:     Gabriel.Morgan@weil.com
           Clifford.Carlson@weil.com
           Stephanie.Morrison@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
Jeffrey D. Saferstein (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:     Jeffrey.Saferstein@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
David J. Cohen (admitted *pro hac vice*)
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159
Email:     DavidJ.Cohen@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**LATHAM & WATKINS LLP**
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:     Ray.Schrock@lw.com
           Candace.Arthur@lw.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**COMMONWEALTH OF PENNSYLVANIA,**
**OFFICE OF ATTORNEY GENERAL**

Michelle A. Henry
Attorney General

Mark Pacella
Executive Deputy Attorney General
Public Protection Division

Eugene J. Herne
Charitable Trusts and Organizations
Section

BY:  */s/ Raymond J. Urbanik*
      Raymond J. Urbanik
      TX Bar  20414050

**URBANIK, LLC**
13785 Research Blvd
Suite 125
Austin, TX 78750-1826
 214-762-7700
rurbanik@urbanikllc.com