IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 24-90213 |
| STEWARD HEALTH CARE SYSTEM, LLC.,[1] | § § | |
| | § | CHAPTER 11 |
| | § | |
| DEBTORS | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF DECEMBER 2, 2024**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") hereby submits his objection to the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Latham & Watkins LLP as Co-Counsel for the Debtors Effective as of December 2, 2024 (the "Application"). In support of his objection to the Application, the U.S. Trustee states as follows:

## INTRODUCTION

1. The U.S. Trustee opposes the retention of Latham & Watkins LLP ("Latham") as co-counsel because the Debtors cannot afford the fees of another large multinational law firm. The Court previously approved the retention of Weil, Gotshal & Manges LLP ("Weil") to serve as the Debtors' general bankruptcy counsel on June 5, 2024. *See* ECF No. 673. Weil is a full-service international law firm that has represented these debtors from the inception and has billed these estates approximately $69,830.186 for legal services. *See* ECF No. 3276. Weil has shown the Court

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201

1

and parties that it has and continues to adequately represent the Debtors. The retention of another international full-service law firm, Latham, is unnecessary and would unduly burden the estates with more administrative fees. This is especially important here, since many vendors, who provided life-saving services and supplies to many of the Debtors' hospitals, were not paid *post-petition*. Approving the retention would further exacerbate the administrative costs that plague these cases. As such, the best interest of creditors and the general fairness to all interested parties require that the Application be denied.

## OBJECTION

**A.      Relevant Background**

2.       On May 6, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The cases are jointly administered.

3.       The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§1107(a) and 1108.

4.       On June 5, 2024, the Court entered an order approving the retention and employment of Weil as general bankruptcy counsel for the Debtors. ECF No. 673.

5.       On January 3, 2025, the Debtors filed an application seeking to employ Latham as Co-Counsel for the Debtors effective as of December 2, 2024. ECF No. 3617

**B.      Legal Standard for Approval under Section 327**

6.       The Bankruptcy Code provides a uniform scheme for retaining and compensating court-authorized attorneys under 11 U.S.C. §§ 327–31, 503, and 507. Section 327 provides that the debtor-in-possession may employ, with the Court's approval, professionals who are disinterested and who do not hold or represent interest adverse to the estate. 11 U.S.C. §§ 327. In addition, the applicants must also comply with Bankruptcy Rule 2014(a). *See In re Bechuck*, 472 B.R. 371, 375 (Bankr. S.D. Tex. 2012).

7. Section 327(a) of the Bankruptcy Code provides the Court with a wide latitude of discretion when professionals are seeking to work on behalf the bankruptcy estates. The statutory language of section 327(a) shows that Congress intended the bankruptcy court to have broad discretion in making its determination, as it provides that "the trustee [or debtor in possession, under 11 U.S.C. § 1107], with the court's approval *may* employ one or more [professionals]." [emphasis added]. Congress could not have more clearly stated that (i) no professionals, on any terms, can be employed without prior court authorization, and (ii) the court has broad discretion in deciding whether to approve or disapprove an employment application, and is not required to accept the proposed professional's application. The court may – or may not, in its sound discretion – approve a proposed employment application. *Cf. United States v. Rodgers,* 461 U.S. 677, 706 (1983) ("the word 'may,' when used in a statute, usually implies some degree of discretion").

8. Many decisions hold that bankruptcy courts have broad discretion in deciding whether to approve an application to employ an estate professional under section 327(a). *See, e.g.*, *In re Jackson*, 484 B.R. 141, 154 (Bankr. S.D. Tex. 2012) citing *Arnes v. Boughton (In re Prudhomme)*, 43 F.3d 1000, 1003 (5th Cir. 1995); *In re Bigler, LP*, 422 B.R. 638, 643 (Bankr. S.D. Tex. 2010) ("This Court has substantial discretion to grant an application to employ a professional for the estate."); *Miller v. United States Trustee*, 197 F.3d 13, 17 (1st Cir. 1999) ("Bankruptcy courts historically have been accorded wide discretion to oversee the terms and conditions of a debtor's engagement of professionals[.]"); *Interwest Bus. Equip. v. United States Trustee*, 23 F.3d 311, 315 (10th Cir. 1994) ("[W]e will not second guess a decision not to approve professionals under § 327 unless it exhibits a clear abuse of discretion[.]"); *Harold & Williams Dev. Co.*, 977 F.2d 906, 909 (4th Cir. 1992) (the Bankruptcy Code "gives broad discretion to the bankruptcy court over the appointment of professionals to work on behalf of the . . . estate"); *In re*

3

*Martin*, 817 F.2d 175, 182 (1st Cir. 1987) ("Historically, bankruptcy courts have been accorded wide discretion in connection with fact-intensive matters, and in regard to the terms and conditions of the engagement of professionals."); *Elias v. Lisowski Law Firm (In re Elias)*, 215 B.R. 600, 603 (B.A.P. 9th 1997) ("A bankruptcy court's decision regarding an application for the employment of a professional is reviewed for abuse of discretion.").

9. The Court is not required to approve an application that satisfies the requirements of Section 327(a). "Even if the technical requirements of disinterestedness and not holding or representing an interest adverse to the estate are met, the Court has the discretion to deny the application." *In re LTHM Houston-Operations*, LLC, 2014 WL 5449737, at *5 (Bankr. S.D. Tex. 2014). Additionally, "while disinterestedness and the absence of conflicts may be central to the inquiry, they are by no means exclusive. Indeed, section 327(a) vests the authority for 'approval' within the sound discretion of the court. That authority would be eviscerated were the Court required to approve counsel who met the technical test for disinterest but was ill-suited for other reasons…" *In re Kurtzman,* 220 B.R. 538, 542 (S.D.N.Y. 1998).

10. In the exercise of its discretion under Section 327, the Court is instructed "into taking account the facts of a particular bankruptcy case and the overall objectives of the bankruptcy system." *LTHM Houston-Operations, at *5; see also Official Comm. of Unsecured Creditors v. Harris (In re Southwest Food Distribs., LLC*), 561 F.3d 1106, 1112-13 (10th Cir. 2009) (bankruptcy court does not err in considering proposed compensation terms when ruling on employment application); *Harold & Williams Dev. Co.*, 977 F.2d at 910 (bankruptcy court must not "abdicate the equitable discretion granted to it," but must "take into account the facts of a particular case and the overall objectives of the bankruptcy system")*; In re Kurtzman*, 220 B.R. 538, 540 (S.D.N.Y. 1998) (finding that the bankruptcy court did not abuse its discretion when it

4

denied the retention of counsel based on "prior problems involving time records, billing errors, professional conduct, and overall costs of legal services that had led to its conclusion of loss of confidence in the firm").

C.  **The Application Should be Denied**

11. In reviewing the Application, the Court should consider the facts of these cases, including the administrative costs incurred to date, the millions of unpaid post-petition services and supplies, and the effect that adding another layer of professionals will have on the estates.

12. According to the Debtors' demonstrative at the status hearing on December 20, 2024, approximately 619 administrative proofs of claims have been filed, asserting claims in the amount of $217 million. *See* ECF No. 3530, pg. 9. The Debtors further acknowledged that "over $100 million is owing to parties for post-petition services provided between the Petition Date and the sales of the Debtors' hospital operations." *Id.* In several motions to compel the payment of administrative expense claims, many vendors complained that the Debtors have not paid the "freight" of being in Chapter 11 bankruptcy. Namely, to compensate those vendors whose post-petition goods and services that made the sales of two dozen hospitals possible. As several vendors noted and as required by the Bankruptcy Code, all administrative expense must be paid before the Debtors can exit from these chapter 11 cases. For example, vendor Sodexo provided food, facilities management, and other services to many of the Debtors' hospitals, which the Debtors have accumulated $5 million in outstanding payables that have not been paid post-petition. *See* ECF No. 3195. Sodexo is not alone. The Court's docket in these cases is inundated with vendors requesting that their administrative expense claims be paid. *See e.g.*, ECF Nos. 3537, 3154, 3110, 3008, 2984, 2940, 2927, 2854, 2823, and 2706. The mountain of administrative expense claims in these cases may soon prove fatal to the Debtors' ability to propose a confirmable plan. The Debtors

5

should not be allowed to retain an unnecessary professional when they are unable to satisfy outstanding administrative claims.

13. Additionally, as the Court is aware, the Debtors previously opposed the Ad Hoc Committee of Personal Injury Representatives' ("AHC") request for the appointment of a tort claimants committee and to allow them the ability to retain counsel to represent the interest of victims of medical malpractice. *See* ECF No. 3053. The Debtors argued that "appointing a separate official committee for the AHC would only add duplicative, unnecessary administrative expense and reduce creditors' recoveries." ECF No. 3053. The Debtors' arguments with respect to the AHC's request is equally applicable to the retention of Latham, since the cost of retaining Latham would be substantial and simply cannot be justified given Weil's active role in these cases.

14. The U.S. Trustee acknowledges the complexity of these cases, but that complexity does not require the hiring of another law firm, especially a multinational law firm with significantly high rates such as Latham. Notably, the Debtors' current bankruptcy counsel has immense experience representing large corporate debtors. Indeed, Weil has been on the forefront of corporate restructuring, with experience representing companies such as American Airlines, Inc., Lehman Brothers Holdings Inc. and General Motors Corporation. Weil is well qualified and capable of representing the Debtors in these cases. Simply put, there is no justification to employ Latham as co-counsel other than to share the engagement with two former partners that recently departed from Weil for Latham. The Debtors have failed to provide any justification for this additional expense on the estates and therefore, the U.S. Trustee requests that the Court deny the Application.

## CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the Application and grant such other relief as is just and proper.

RESPECTFULLY SUBMITTED:<br>
KEVIN M. EPSTEIN<br>
UNITED STATES TRUSTEE

DATED: 1/23/2025

/s/ Ha M Nguyen
Ha Nguyen, Trial Attorney
CA Bar #305411
Fed. ID No. 3623593
United States Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
E-mail: Ha.Nguyen@usdoj.gov
Cell: 202-590-7962

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases on January 23, 2025.

/s/ Ha M. Nguyen
Ha M. Nguyen