IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTH CARE SYSTEM | § | Case No. 24-90213 (CML) |
| LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING
STREAMLINED PROCEDURES FOR THE PROSECUTION
AND RESOLUTION OF AVOIDANCE CLAIMS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors" and together with its non-Debtor affiliates, the "Company") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), under sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026, 9006 and 9019 of

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is: c/o Steward Health Care System LLC, 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), establishing certain streamlined procedures to govern the prosecution, mediation and resolution of adversary proceedings involving certain avoidance causes of action of the Debtors against non-insider, non-affiliate transferees (collectively, the "Avoidance Actions" and each an "Avoidance Action") that the Debtors anticipate commencing. In further support of the Motion, the Debtors respectfully state:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334 and the Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 7016, 7026, 9006 and 9019.

## BACKGROUND

4. On May 6, 2024 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

2

business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On May 16, 2024, the United States Trustee for Region 7 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in these Chapter 11 cases.

6. The Debtors' Chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1.

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 cases is set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 38] (the "First Day Declaration"),[2] filed on the Petition Date and incorporated herein by reference.

8. On February 3, 2025, the Court entered the *Order Authorizing the Employment and Retention of Togut, Segal & Segal LLP* [Docket No. 3886] approving the retention of Togut, Segal & Segal LLP (the "Togut Firm") as special bankruptcy counsel to the Debtors in these Chapter 11 Cases to investigate, analyze and prosecute avoidance claims under chapter 5 of the Bankruptcy Code in favor of the Debtors' estates (the "Avoidance Claims").

9. The Debtors have been preparing to commence litigation with respect to the Avoidance Claims and anticipate filing hundreds of Avoidance Actions within approximately thirty days.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

## RELIEF REQUESTED

10. In anticipation of the commencement of the Avoidance Actions, the Debtors respectfully request entry of the Proposed Order establishing streamlined procedures to govern the prosecution, mediation and resolution of Avoidance Claims (the "Avoidance Action Procedures") and authorizing Debtors to settle Avoidance Actions in accordance with the settlement procedures proposed herein (the "Settlement Procedures)".

11. The Avoidance Action Procedures are proposed to enable the Debtors[3] to prosecute and resolve the Avoidance Claims in a timely and efficient manner without the Debtors or the potential defendants incurring substantial and unnecessary expense.

## The Proposed Procedures

12. The proposed Avoidance Action Procedures are set forth in Exhibits 1 and 2 annexed to the Proposed Order and summarized below. This summary is intended solely to provide the Court and interested parties with an overview of the proposed Avoidance Action Procedures, but is qualified in its entirety by reference to the provisions of the proposed procedures. To the extent that there are any inconsistencies between the summary contained herein and the terms set forth in the proposed Avoidance Action Procedures, the terms of the proposed Avoidance Action Procedures shall control. The proposed Avoidance Action Procedures also include procedures for settling Avoidance Actions, which are described further in subsection C below.

---

[3] For purposes of the Avoidance Action Procedures, the term "Debtors" shall include all plaintiffs in the Avoidance Actions.

A. **Standard Procedures For Those Defendants Who Do Not Opt Into Voluntary Mediation**

13. Avoidance Actions against Defendants who do not elect to opt into the scheduling order provided for in Exhibit 2 to the Proposed Order within thirty day (30) days of service of the complaint in an Avoidance Action shall proceed pursuant to the scheduling order set forth in Exhibit 1 to the Proposed Order, which provides a schedule for initial disclosures, fact and expert discovery, and subsequent dispositive motions.

14. A dispositive motion deadline follows the close of fact and expert discovery, and any Avoidance Action remaining after the dispositive motion deadline shall be set for a pretrial conference.

B. **Avoidance Action Procedures For Defendants Who Consent To Voluntary Mediation Prior To Written Discovery**

i. Extension of Time to Respond to Complaints

15. The proposed Avoidance Action Procedures extend a Defendant's time to answer or otherwise respond to a complaint by 30 days after each Defendant's initial response time expires. The Debtors believe that this extension will maximize the number of Avoidance Actions that the Debtors are able to settle expeditiously and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

ii. Waiver of Pretrial and Scheduling Conferences; Stay of Discovery

16. Until the conclusion of the Mediation Process, discussed below, the Debtors request that the Court (a) waive the requirement of a meet and confer and/or a subsequent scheduling conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (the "FRCP"), made applicable pursuant to Bankruptcy Rule 7026, except as otherwise provided below, (b) waive the requirement of an initial pretrial conference

otherwise required pursuant to FRCP 16, made applicable by Bankruptcy Rule 7016, and (c) stay formal discovery in all Avoidance Actions until the conclusion of the Mediation Process (as defined below); provided, that the stay of discovery shall in no way preclude, with respect to any Avoidance Action, the Debtors and the applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process. Waiving and/or staying these requirements will facilitate settlement, minimize costs for all parties, and alleviate the Court's administrative burden with respect to the Avoidance Actions.

iii. The Mediation Process

17. The proposed Avoidance Action Procedures provide that any Avoidance Action that has not settled after the extended response deadline will be referred to mediation (the "Mediation Process") unless otherwise agreed by the Debtors and such Defendant. Mediation will be privileged and confidential, and proceedings, discussions, and written materials associated with the Mediation Process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation Process operate as an admission of liability, wrongdoing, or responsibility.

18. Within thirty (30) days after the defendant files its Answer to the Complaint, such defendant shall: (i) choose to mediate its Avoidance Action in either Houston, Texas or New York, New York, or in a manner otherwise agreed to by the parties and the mediator; (ii) choose a mediator from the court-approved list of mediators attached to the Proposed Order as Exhibit 3;[4] and (iii) notify the Debtors of

---

[4] In the first instance, the Debtors propose the following mediators be approved to serve as mediators in these cases (A) New York: Kenneth Silverman, Esq. and Leslie Berkoff, Esq.; and (B) Houston: Sylvia Mayer. The Debtors may consider other proposed mediators who agree to the proposed procedures and fee structure as set forth in this Motion.

defendant's choice of one of the mediators listed in <u>Exhibit 3</u> to the Proposed Order and the location of the mediation either by letter addressed to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Kyle J. Ortiz, Esq. and Brian F. Moore, Esq. or by email to kortiz@teamtogut.com, and bmoore@teamtogut.com, with a copy to acarlin@teamtogut.com; provided, however, with the consent of the parties and the mediator, parties may also agree to utilize a video conferencing service (such as Zoom, Microsoft Teams, or Webex).

19.  If a defendant does not timely choose a location or a mediator and timely notify the Debtor's counsel in accordance with the Avoidance Action Procedures, the Debtors will assign such case to be mediated in either New York or Houston, assign a mediator to the Avoidance Action and notify the defendant.

20.  The Debtors, working in good faith with the mediators and defendants, will schedule the mediations. Each mediator will provide to the Debtors the dates on which the mediator is available for mediation and the Debtors will coordinate with the defendants to schedule the mediations on those dates.

21.  The Debtors will provide at least twenty-one (21) days written notice of the first date, time and place of each mediation, which notice shall be filed on the docket for the relevant Avoidance Action.

22.  At least ten (10) days prior to the scheduled mediation for each Avoidance Action, the parties shall exchange position statements and submit their respective position statements to the Mediator. Unless agreed in writing by both parties and the mediator, the position statements shall not exceed seven (7) pages double-spaced (exclusive of exhibits and schedules). The mediator may also require the parties

to provide to the mediator any relevant papers and exhibits, and a settlement proposal.

23. No mediator shall mediate an Avoidance Action in which he/she or his/her law firm represents a party.

24. The mediator's fees and expenses shall be shared equally by the parties on a per Avoidance Action basis, and payment arrangements satisfactory to the mediator must be completed prior to the commencement of the mediation. The mediator's fees shall be fixed as follows:

- Avoidance Actions with a demand amount (as reflected in the Complaint) of less than $100,000: $2,000 per party, per case;

- Avoidance Actions with a demand amount (as reflected in the Complaint) between $100,000 and $250,000: $3,500 per party, per case;

- Avoidance Actions with a demand amount (as reflected in the Complaint) between $250,000 and $500,00: $5,000 per party, per case;

- Avoidance Actions with a demand amount (as reflected in the Complaint) of over $500,000: $7,500 per party, per case.

25. The mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The mediator may implement additional procedures which are reasonable and practical under the circumstances.

26. The parties will participate in the mediation, as scheduled and presided over by the mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party[5] and a representative of each party having full settlement authority shall attend the mediation in person; provided,

---

[5] Pursuant to the Special Counsel Order, the Togut Firm's attendance at the mediations shall satisfy the requirement that Debtors' counsel be present.

8

however, that a mediator, in his or her discretion, may allow a party representative to appear by video conference.

27. The length of time necessary to complete the mediation will be within the mediator's discretion. The mediator may also adjourn a mediation that has been commenced if the mediator determines that an adjournment is in the best interests of the parties.

28. All proceedings and writings incident to the mediation will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

29. The mediation must be concluded no later than 120 days after the date on which the defendant has filed its Answer to the complaint.

30. If a party (a) fails to submit the required submissions as provided in this Mediation Process or as may be agreed to by the mediator or ordered by the Court, or (b) fails to attend the mediation as required, then the non-defaulting party may file a motion for sanctions, a default judgment or an order to dismiss the Avoidance Action.

31. The full fees and expenses of the mediator shall be paid by any party that cancels or fails to appear at mediation unless the party notifies the mediator of the cancellation by facsimile or email no less than five (5) days prior to the scheduled mediation date (not counting the day scheduled for mediation), subject to further restriction set by any selected mediator.

32. Within ten (10) days after the conclusion of the mediation, the mediator will file a certificate, drafted with the caption of the Avoidance Action, which need only state (a) the date that the mediation took place, (b) the names of the parties

and counsel that appeared (or failed to appear, as applicable) at the mediation, and (c) whether or not the applicable Avoidance Action settled (the "Mediator's Certificate").

33. If an Avoidance Action has not settled, then the Debtors must file with the Court, and serve on the defendant, a notice of Pretrial Scheduling Conference to take place in the Avoidance Action; provided however, that a minimum of twenty-eight (28) days' notice of the Pretrial Scheduling Conference is required

34. Any motions filed by the Debtors that affect all of the Avoidance Actions may and should be filed in the bankruptcy case, and not in each separately docketed Avoidance Action, provided, however, that each defendant shall receive notice of the filing of the same.

35. The Proposed Avoidance Action Procedures contemplate that the Court will set Avoidance Action Omnibus Hearings (as defined in the proposed Avoidance Action Procedures) at its discretion. All motions and other matters concerning any Avoidance Action will only be heard at an Avoidance Action Omnibus Hearing.

36. A copy of the Avoidance Action Procedures will be served on each defendant with the Summons and Complaint in each Avoidance Action.

C. **Procedures For Settlement of Avoidance Actions**

37. Additionally, the Debtors propose to apply the proposed procedures (the "Settlement Procedures") to the settlement, compromise, and abandonment of Avoidance Claims and Avoidance Actions that are pending, or that could be asserted by the Debtors in a judicial, administrative, arbitral, or other type of action or proceeding. The Settlement Procedures, however, would **not** apply to any Avoidance Actions against insiders or affiliates of the Debtors.

38. The Debtors anticipate that the net benefit to their estates will be maximized by having the ability to compromise the vast majority of the Avoidance Actions, rather than incurring the expense and uncertainty of litigating them to judgment. Possible considerations for compromise include, but are not limited to, the following:

    a. new value as made applicable pursuant to 11 U.S.C. § 547(c)(4) documented by defendants;

    b. ordinary course of business defense as made applicable pursuant to 11 U.S.C. § 547(c)(2);

    c. risk of not prevailing in litigation;

    d. cost of litigating claims to judgment; and

    e. the desirability of concluding contested matters by compromise and settlement.

39. Because of the number of potential defendants, the need for procedures to promptly and efficiently resolve the Avoidance Actions, and the various reasons that may support a determination to compromise, the Debtors hereby seek entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(a), 7016 and 9019(b), establishing the following procedures to permit the Debtors to compromise and settle Avoidance Actions on an expedited basis.

40. The Proposed Order provides that the Debtors may settle and compromise the Avoidance Actions in accordance with the following procedures:

- For the settlement of any Avoidance Action where the amount demanded is $5,000,000 or greater (regardless of whether an adversary proceeding has been commenced), the Debtors will move for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019;

- For the settlement of any Avoidance Action where the amount demanded is less than $5,000,000 but greater than $500,000 (a "Proposed Settlement"), the Debtors shall be authorized to (a)

11

> enter into and consummate the Proposed Settlement and (b) provide a release to defendant(s) of an Avoidance Action (or relevant 3rd party where appropriate) without a further Order of the Court and without giving notice to, or receiving consent from any other party, except that written notice of such settlement shall be provided to counsel for the Creditors' Committee and counsel for the FILO Lenders which shall have until ten (10) days after the receipt of written notice of any particular Proposed Settlement to serve upon the counsel to the Debtors a written objection to such settlement (a "<u>Committee or FILO Lenders Objection</u>"). Absent a timely Committee or FILO Lenders Objection, or in the event that a timely Committee or FILO Lenders Objection is resolved or withdrawn, the Debtors shall be authorized to (a) enter into and consummate the Proposed Settlement and (b) provide a release to defendants of the Avoidance Actions (or relevant 3rd party where appropriate) without any further notice or order of the Court. In the event that the Committee or FILO Lenders serves a Committee or FILO Lenders Objection to a Proposed Settlement and such objection cannot be resolved by the Debtors, the Committee or the FILO Lenders within five (5) business days after service of the Committee or FILO Lenders Objection, or such longer period as the Debtors and the Committee or FILO Lenders may agree in writing, then the Debtors will move for Court approval of the Proposed Settlement pursuant to Bankruptcy Rule 9019; and

- For the settlement of any Avoidance Action where the amount demanded is $500,000 or less, the Debtors shall be authorized to (a) enter into and consummate such settlement and (b) provide a release to defendant(s) of an Avoidance Action (or relevant 3rd party where appropriate) without a further order of the Court and without giving notice to, or receiving consent from any other party.

## BASIS FOR RELIEF

41. This Court has broad discretion to adopt and implement guidelines, such as the Avoidance Action Procedures and Settlement Procedures, to aid in the administration of the Avoidance Actions. Specifically, Rule 16 of the Federal Rules of Civil Procedure (the "<u>FRCP</u>"), made applicable by Bankruptcy Rule 7016(a), authorizes this Court to enter orders for the purposes of:

- expediting the disposition of the action;

- establishing early and continuing control so that the case will not be protracted because of lack of management;

- discouraging wasteful pretrial activities;

- improving the quality of the trial through more thorough preparation; and

- facilitating settlements.

Fed. R. Civ. P. 16(a)(1)–(5).

42. Moreover, FRCP 16(b)(4) authorizes this Court to modify the schedule of pretrial matters. Fed. R. Civ. P. 16(b)(4).

43. Given the volume of the Avoidance Actions that may be commenced in the Chapter 11 Cases, the Debtors believe that the Avoidance Action Procedures governing scheduling conferences, pretrial conferences, mediation, initial disclosures, motion practice and settlements are appropriate and in the best interests of these estates. Absent such limitations, the Court's docket will be clogged with those matters and additional time will be consumed with reviewing and signing individual scheduling orders in potentially hundreds of adversary proceedings.

44. Moreover, while Bankruptcy Rule 9019(a) generally requires approval of settlements upon a motion on notice to, among others, all creditors, Bankruptcy Rule 9019(b) makes clear that those requirements are not always necessary: "[a]fter a hearing on such notice as the court may: (1) designate a class or classes of controversies; and (2) authorize the trustee to compromise or settle controversies within the class or classes without further hearing or notice." Thus, Bankruptcy Rule 9019(b) provides a mechanism for streamlined settlement procedures where, as here, there will be hundreds of Avoidance Actions.

45. As set forth in Collier's:

> There are occasions in which a trustee will file a large number of complaints against many individual defendants. For example, actions to recover preferences may involve similar issues and seek recovery of relatively small amounts. In such situations, many settlements are often reached during the course of the litigation. Recognizing that forcing the trustee to file a new motion each time a settlement is reached would be onerous, expensive and burdensome, Rule 9019(b) authorizes the court, after hearing on such notice as the court directs, to fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

*See* 10 Lawrence P. King *et al., Collier on Bankruptcy* ¶ 9019.03 at 9019-5 to 9019-6 (14th ed. Rev. 2024).

46. Further support for the procedures sought herein is found in section 105 of the Bankruptcy Code which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Orders have been entered in this Court and elsewhere granting the relief sought herein with respect to (i) streamlined procedures, *see, e.g.*, *In re Southern Foods Group, LLC,* Case No. 19-36313 (DRJ), Docket No. 3646 (Bankr. S.D. Tex. April 20, 2021) (approving streamlined procedures); *In re Sherwin Alumina Company*, LLC, No. 16-20012, Docket No. 1555 (Bankr. S.D. Tex. June 22, 2018*); In re University Gen. Health Sys., Inc.*, No. 15-31086, Docket No. 1283 (Bankr. S.D. Tex. May 11, 2017); *In re Think Finance*, No. 17-33964, Docket No. 1812 (Bankr. N.D. Tex. October 5, 2020); *ValuePart, Inc.*, No. 16-34169, Docket No. 966 (Bankr. N.D. Tex. Feb. 20, 2019); *Forest Park Medical Center at Fort Worth, LLC*, No. 16-40198, Docket No. 882 (Bankr. N.D. Tex. Feb 16, 2018), and (ii) approving modified settlement procedures on a variety of claims and causes of actions. *See, e.g.*, *In re Southern Foods Group, LLC,* Case No. 19-36313 (DRJ), Docket No. 2905 (Bankr. S.D. Tex. August 31, 2020) (granting debtors in possession authority to settle preference action pursuant to settlement procedures); *In re Vanguard Natural Res., Inc.*, Case No. 19-31786 (DRJ), Docket No. 510 (Bankr. S.D. Tex. June 23,

14

2019) (granting debtors in possession authority to settle preference actions pursuant to settlement procedures); *In re iHeartMedia, Inc.*, No. 18-31274 (MI), Docket No. 1174 (Bankr. S.D. Tex. July 25, 2018) (granting debtors in possession authority to settle de minimis claims and causes of action, including claims and causes of action belonging to the debtors up to $1,000,000); *In re Life Partners Holdings, Inc.*, No. 15-40289 (RFN), Docket No. 2701 (Bankr. N.D. Tex. July 14, 2016) (granting trustee and subsidiary debtors authority to settle adversary proceedings); *In re S&A Rest. Corp.*, No. 08-41898 (BTR), Docket No. 788 (Bankr. E.D. Tex. Dec. 30, 2008) (granting chapter 7 trustee authority to settle preference actions prior to filing adversary proceedings); *Heritage Home Group, LLC*, Case No. 18-11736 (BLS), Docket No. 894 (Bankr. D. Del. August 13, 2020) (granting chapter 7 trustee authority to settle preference actions pursuant to settlement procedures).

47. The proposed Avoidance Action Procedures and Settlement Procedures are intended to supplement the Bankruptcy Rules and the Local Rules and to achieve efficiencies by permitting the parties to the Avoidance Actions to address substantive claims and defenses rather than incurring the time and expense of hearings and motion practice, while preserving their rights to do so, if the need ever arises.

48. The relief requested herein will also aid the Debtors' efforts to reduce expenses and maximize value for the benefit of creditors and other parties in interest by reducing the paperwork requirements and the number of hearings and prompting resolution without the time and expense of litigation. The procedures will also reduce the burden on the Clerk's office and the Court's docket while protecting the interests of all defendants.

49. The Debtors believe that the Avoidance Action Procedures and Settlement Procedures are appropriate and will substantially aid in the efficient

administration of the Avoidance Actions without impairing the rights of any party-in-interest.

50. Additionally, by limiting unbridled motion practice, the Avoidance Action Procedures will result in more orderly and efficient litigation and discourage dilatory tactics on the part of defendants.

51. For the reasons stated above, the Debtors respectfully submit that approval of the proposed Avoidance Action Procedures and Settlement Procedures is in the best interests of the Debtors' estates and all parties in interest in these Chapter 11 cases.

## NOTICE

52. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

*(Concluded on the following page)*

**CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: February 20, 2025
      New York, New York

    Respectfully submitted,

    /s/ *Kyle J. Ortiz*
    TOGUT, SEGAL & SEGAL LLP
    Albert Togut (admitted *pro hac vice*)
    Frank A. Oswald (admitted *pro hac vice*)
    Kyle J. Ortiz (admitted *pro hac vice*)
    One Penn Plaza, Suite 3335
    New York, New York 10119
    Telephone: (212) 594-5000
    Facsimile: (212) 967-4258

*Special Counsel to the Debtors
and Debtors in Possession*

-and-

/s/ *Clifford W. Carlson*
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Gabriel.Morgan@weil.com
       Clifford.Carlson@weil.com
       Stephanie.Morrison@weil.com

*Attorneys for Debtors
and Debtors in Possession*