IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-90213 (CML) |
| **STEWARD HEALTH CARE SYSTEM LLC,** *et al.,* | § § | Chapter 11 |
| | § | |
| **DEBTORS.**[1] | § | (Jointly Administered) |
| | § | |

**MOTION OF SOUND PHYSICIANS ANESTHESIOLOGY OF TEXAS, PLLC FOR ENTRY OF AN ORDER ENFORCING THE HSA SALE ORDER AND COMPELLING THE HSA BUYERS TO COMPLY WITH THEIR OBLIGATIONS THEREUNDER**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Sound Physicians Anesthesiology of Texas, PLLC ("**Sound**"), by and through its undersigned counsel, and hereby files this *Motion for Entry of an Order Enforcing the HSA Sale Order and Compelling the HSA Buyers to Comply with their Obligations Thereunder* (the "**Motion**") for entry of an order, substantially in the form attached hereto (the "**Proposed**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

1

**Order**"), enforcing the HSA Sale Order (as defined herein), and compelling HSA Port Arthur (the "**HSA Byer**") to comply with their obligation under the HSA Sale Order to immediately pay all amounts due and owing to Sound for services rendered since the transition time and, in support thereof, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the HSA Sale Order (as defined below). Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court may enter a final order on the Motion consistent with Article III of the United States Constitution.[2]

## PROCEDURAL HISTORY AND RELEVANT FACTUAL BACKGROUND

2. On May 6, 2024 ("**Petition Date**"), Steward Health Care System, LLC and its debtor affiliates (together, the "**Debtors**") each filed voluntary petitions for relief under Chapter 11 of the Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**").

3. On May 6, 2024, Debtors filed *Emergency Motion of Debtors for an Order Directing Joint Administration of Chapter 11 Cases*, seeking joint administration of the Debtors' individual Chapter 11 cases under Case No. 24-90213, which the Court granted the same day.

**I.    The HSA Sale Order**

4. On September 18, 2024, this Court entered the *Order (I) Authorizing and Approving (A) the Sale of St. Joseph Medical Center, Medical Center of Southeast Texas, and South Florida Hospitals Free and Clear of Liens, Claims, Encumbrances, and Interests, and (B)*

---

[2] Sound hereby confirms its consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2

*the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) Granting Related Relief* [Doc. No. 3046] (the "**HSA Sale Order**").

5. Pursuant to the HSA Sale Order, the Court approved Debtors' sale of The Medical Center of Southeast Texas in Port Arthur, Texas (the "**Port Arthur Facility**") to HSA Port Arthur LLC (the "**Port Arthur HSA Buyer**"), pursuant to a global settlement and that certain *Bill of Sale, Assumption and Assignment Agreement* (the "**Port Arthur BSAA**") by and among The Medical Center of Southeast Texas, LP (the "**Seller**") and Port Arthur HSA Buyer. The form of the Port Arthur BSAA was approved by the HSA Sale Order and is attached thereto as Exhibit 2.

6. Upon information and belief, the sale of the Port Arthur Facility to the Port Arthur HSA Buyers closed effective October 30, 2024, at 11:59 p.m. (applicable local time).

## II. HSA'S Assumption of Liabilities

7. Pursuant to section 1.3(a) of the Port Arthur BSAA, HSA Port Arthur assumed, and agreed to pay, perform and discharge, when they become due and payable, certain liabilities of the Seller, including "all Liabilities arising out of the use, ownership or operation of the Business, the Purchased Assets or the Facilities first arising after" September 11, 2024 at 12:01 a.m. local time (the "**Transition Time**"). *See* Port Arthur BSAA § 1.3(a) [ECF No. 3046, page 94].

8. From and after the Transition Time and continuing after the closing of the sale of the Port Authority Facility to the Port Arthur HSA Buyer, Sound provided the services of physicians ("**Physicians**") and certified registered nurse anesthetists ("**CRNAs**") (together, the "**Providers**") to provide all anesthesia services at the Port Arthur Facility (collectively, the "**Services**") for which it has not been compensated in the total amount of **$1,515,520.10**.[3] The amounts due for these services constitute "Assumed Liabilities" (as defined in the Port Arthur

---

[3] The April 8, 2025 (Inv #131950), April 22, 2025 (Inv #132234) and May 21, 2025 (Inv #133411) invoices are owed, but will not become due until June 7, 2025, June 21, 2025 and July 20, 2025, respectively.

3

BSAA) that were expressly assumed by the Port Arthur HSA Buyer under the Port Arthur BSAA and the HSA Sale Order or post-closing obligations for which the Port Arthur HSA Buyer is liable. The unpaid invoices for Sound's services that the Port Arthur HSA Buyer must pay are attached hereto as **Exhibit A**.[4]

9. Sound is no longer providing any services to the Port Arthur HSA Buyer.

10. Sound has repeatedly requested that the Port Arthur HSA Buyer comply with their obligation to pay Sound for their services since the Transition Time. To date, the Port Arthur HSA Buyer has failed to do so.

### RELIEF REQUESTED

11. By this Motion, Sound respectfully requests entry of a Proposed Order, substantially in the form attached hereto, enforcing the HSA Sale Order and compelling the Port Arthur HSA Buyer to comply with their obligations thereunder and under the Port Arthur BSAA to pay all amounts due and owing to Sound for services rendered at the Port Arthur Facility since the Transition Time.

### ARGUMENT

12. "It is axiomatic that a court possesses the inherent authority to enforce its own orders." *In re Continental Airlines, Inc.*, 236 B.R. 318, 325-26 (Bankr. D. Del. 1999), *aff'd*, 279 F.3d 226 (3d Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379-80 (1994)). Moreover, section 105(a) of the Bankruptcy Code grants a bankruptcy court broad equitable power, allowing it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

---

[4] Nothing herein is intended, nor shall anything herein be construed, as a waiver of any administrative expense claim, or otherwise, that Sound holds against the Debtors.

13. The United States Supreme Court has recognized that a bankruptcy court "plainly [has] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Tribune Co.*, 464 B.R. 126, 179 n.63 (Bankr. D. Del. 2011) (same). Further, paragraph 32 of the HSA Sale Order provides in, relevant part, as follows: "The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order, the BSAAs, the Sale Transactions, the Bidding Procedures Order, and the Settlement Order." *See* HSA Sale Order ¶ 32.

14. Sound respectfully requests that the Court exercise its inherent authority to enforce the terms of the HSA Sale Order and the Port Arthur BSAA and compel the Port Arthur HSA Buyer to immediately pay Sound for all services provided by Sound at the Port Arthur Facility since the Transition Time as detailed herein.

## RESERVATION OF RIGHTS

15. Sound reserves the right to amend or supplement this Motion prior to or at any hearing on the Motion, including, without limitation, to add any additional amounts for which the Port Arthur HSA Buyer is liable. Sound further reserves all their rights and remedies against the HSA Parties under applicable law.

## NOTICE

16. Notice of this Motion will be served on (i) Port Arthur HSA, (ii) counsel for Debtors, (iii) counsel for the Committee, (iv) the Office of the United States Trustee for the Southern District of Texas, and (v) any party entitled to notice pursuant to Bankruptcy Rule 2002.

**CONCLUSION**

**WHEREFORE,** Sound respectfully requests that this Court enter an Order granting this Motion and granting Sound such other and further relief as the Court deems just and proper.

Dated: May 22, 2025	Respectfully submitted,

AKERMAN LLP

*/s/ Laura Taveras*
Laura Taveras
Texas Bar No. 241272243
R. Adam Swick, Esq.
Texas Bar No.
500 W. Fifth Street, Ste. 210
Austin, Texas 78701
Tel. No.: (737) 999-7103
Email: adam.swick@akerman.com

*Counsel for Sound Physicians Anesthesiology of Texas, PLLC*