**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-90213 (CML) |
| STEWARD HEALTH CARE SYSTEM, LLC, ) | |
| *et al.*, ) | Chapter 11 |
| ) | |
| Debtors. ) | Re: Docket No. 4743, 4744, 4746 |

**BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.'S**
**PRELIMINARY LIMITED OBJECTION AND RESERVATION OF**
**RIGHTS TO DISCLOSURE STATEMENT, PLAN, AND MOTION**

Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. (collectively "BCBSMA"), by and through their attorneys, hereby submit their preliminary limited objection and reservation of rights (the "Limited Objection") to the proposed: (a) Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and its Affiliated Debtors (the "Plan") [Dkt. No. 4743]; (b) a Disclosure Statement for Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors (the "Disclosure Statement") [Dkt. No. 4744]; and (c) the Motion of Debtors for Entry of an Order Approving Settlement with FILO Secured Parties; (II) Authorizing and Directing Transfers of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief (the "Motion") [Dkt. No. 4746] and respectfully states as follows in support thereof.

**OVERVIEW OF LIMITED OBJECTION**

1.      BCBSMA objects to provisions of the proposed Plan, Disclosure Statement, and Motion that seek to improperly: (i) transfer certain Claims and Causes of Action against BCBSMA

to the Litigation Trust free of BCBSMA's defenses, including setoff and recoupment rights and other legal, equitable, and contractual rights; (ii) assign all of the Debtors' rights under the BCBSMA Agreements (as defined below) to the Litigation Trust without first assuming those agreements as required under Bankruptcy Code section 365(f)(2); and (iii) prevent BCBSMA and other creditors and parties in interest from objecting to any provisions of the Plan and Disclosure Statement at confirmation.

## FACTUAL BACKGROUND

2. On May 6, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing these bankruptcy case.

3. As of the Petition Date, BCBSMA and Debtors were parties to, certain agreements including, Administrative Services Account Agreements, Master Services Agreements, Hospital Services Agreements, and Medical Services Agreements (each, as amended from time to time, and along with all of its ancillary and attendant documents and any other agreements, the "Agreements"). [*See* Proof of Claim Nos. 7420, 7759, 7783, 7907, 8176, 8209, 8299, 9251, 9697, 10512, 10534, 12488]. Pursuant to the terms of the Agreements, BCBSMA provided, and continues to provide, among other things, various health insurance related services and solutions to the Debtors.

4. The Plan, Disclosure Statement, and Motion proposed to create a Litigation Trust that would transfer the specified Litigation Trust Assets to the Litigation Trust. The Litigation Trust Assets include certain alleged Claims and Causes of Action against BCBSMA. [Dkt. No. 4746-1, page 67 of 131]. The proposed order attached to the Motion contains the following provisions, among others, relevant to this Limited Objection:

a.  Paragraph K provides, in pertinent part, as follows: "neither the Litigation Trust nor any of its affiliates shall . . . (b) be subject to successor liability or similar liability . . . , and neither the Litigation Trust nor any of its affiliates shall have any successor or vicarious liabilities of any kind or character, including, without limitation . . . **defenses (including rights of recoupment) that may be asserted against the Debtors, the Debtors' estates or otherwise**." (Emphasis added.)

b.  Paragraph 6 provides, in pertinent part, as follows: "[t]he Litigation Trust shall have and take title to and possession of the Litigation Trust Assets **free and clear of all** liens, claims, charges, encumbrances, **contractually imposed restrictions**, interests, and constructive trusts ('Claims'), and, to the fullest extent of the law, **shall have no obligation with respect to Claims**, of any kind or nature whatsoever, **including, without limitation, rights or claims based on** any successor, transferee, derivative, or vicarious liabilities, de facto merger, continuation or continuity, **setoff or recoupment rights, or any similar theories under applicable state or federal law or otherwise**." (Emphasis added.).

c.  Paragraph 35 provides, in part, as follows: "Pursuant to section 363(b) of the Bankruptcy Code, the **Debtors' rights under any provider, payor, or similar agreement** . . . (collectively, the 'Provider Agreements'), including, but not limited to, (i) the right to payments of accounts receivable, and (ii) the rights retained by the Debtors with respect to any Provider Agreement that was transferred to any purchaser of the Debtors' assets (each, a 'Purchaser'), in each case, **are hereby assigned to the Litigation Trust and shall constitute Litigation Trust Assets upon the Litigation Trust Establishment Date** . . . ." (Emphasis added.).

5. Similarly, Section 12.5 of the Plan, Plan Injunction, proposes to enjoin entities including BCBSMA from asserting any right of setoff or recoupment. [Dkt. Nos. 4743, Page 81; 4744, Page 199, Section 12.5].

6. Finally, Section 19 of the proposed order for the Motion purports to bind all creditors and parties in interest with respect to any matter contemplated by the settlement notwithstanding the fact that the Court has not yet set a confirmation hearing. [Dkt. No. 4746-1, page 18 of 131].

## OBJECTION

7. BCBSMA objects to the Plan, Disclosure Statement, Motion, and proposed orders to the extent the Debtors are attempting to waive or bar any defenses that BCBSMA could assert in any pending or future litigation brought by the Litigation Trust, Debtors or an affiliated entity, including, without limitation, any claims arising under or related to the Agreements, law, or equity.

8. The Plan, Disclosure Statement, and Motion seek to preemptively cut off BCBSMA's defenses in future litigation in violation of the Bankruptcy Code. *See In re United States Abatement Corp.*, 79 F.3d 393, 398 (5th Cir. 1996) (holding the trustee of a bankruptcy estate "takes the property subject to the rights of recoupment"); *ABCO Inds., Inc. v. ESI, Inc. (In re ABCO Indus., Inc.)*, 270 B.R. 58, 61-62 (Bankr. N.D. Tex. 2001) (holding setoff is only barred as set forth in Bankruptcy Code section 533 and the equitable right of recoupment is not addressed in the Bankruptcy Code); *Aetna Life Ins. Co. v. Bram (In re Bram)*, 179 B.R. 824, 827 (Bankr. E.D. Tex. 1995) ("[T]he right to recoupment does not constitute a debt which is dischargeable" and acknowledging the case law in the bankruptcy concerning health-care providers where courts have allowed insurers to recoup overpayments from amounts owed to the debt post-petition under recoupment); *Northstar Offshore Grp., LLC v. Peregrine Oil & Gas LP (In re Northstar Offshore Grp., LLC)*, No. 17-03448, 2018 Bankr. LEXIS 2817, 2018 WL 4445082, at *3 (Bankr. S.D. Tex.

Sept. 14, 2018) ("courts have viewed recoupment as an equitable remedy that is unbound by the restrictions on setoff that arise from the claims allowance process").

9. While Bankruptcy Code section 363(f) allows for the sale of Debtors' assets free and clear of interests in the property being sold (assuming the requirements of section 363(f) are met), it does not allow for the release of "non-interests." *See* 11 U.S.C. § 363(f); *In re Ditech Holding Corp.*, 606 B.R. 544 (Bankr. S.D.N.Y. 2019) (holding that "free and clear" relief available to debtor under 11 U.S.C. § 363(f) is limited to "interests" in property"). Defenses, such as recoupment, are non-interests; they cannot be extinguished in bankruptcy–either through a sale or a discharge under a plan. *See In re Bram*, 179 B.R. 824, 827 (Bankr. E.D. Tex. 1995) ("Since the right to recoupment gives no right to actual payment, it is not a claim. . . it is also not dischargeable under the Code"); *Ditech Holding Corp.*, 606 B.R. at 596 (*citing Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 261 (3d Cir. 2000)); *see also Hispanic Indep. Television Sales, LLC v. Kaza Azteca Am. Inc.*, No. 10 Civ. 932, 2012 WL 1079959, at *5 (S.D.N.Y. Mar. 30, 2012) (holding that a sale pursuant to 11 U.S.C. § 363(f) does not extinguish recoupment because it is an affirmative defense and not an interest).

10. In addition to rights of recoupment, BCBSMA has other defenses and legal, equitable, and contractual rights under the Agreements with respect to any claim or cause of action brought against it. None of these defenses can be stripped away under Bankruptcy Code section 363(f). *See Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 261 (3d Cir. 2000) ("Neither the parties nor the District Court has cited a single decision which has held that a defense may be extinguished as a result of a 'free and clear' sale. Likewise, we have not found any such authority to exist"); *cf. Ditech Holding Corp.*, 606 B.R. at 600–01 (rejecting debtor's contention

5

that Bankruptcy Code could strip creditors' defenses or rights of recoupment under applicable non-bankruptcy law).

11. BCBSMA also objects to the Plan, Disclosure Statement, and Motion to the extent the Debtors seek to violate Bankruptcy Code section 365(f)(2) by trying to obtain the benefits of the Debtors' rights under the Agreements without assuming the Agreements as required under Bankruptcy Code section 365(f)(2). This runs afoul of the provisions of Bankruptcy Code section 365(f)(2) and controlling Fifth Circuit case law - a debtor cannot assign its interest in an executory contract without assuming all of the obligations under the contract. *See Matter of ThornhillBros. Fitness, L.L.C.*, 85 F.4th 321, 325 (5th Cir. 2023). The Fifth Circuit Court of appeals has been clear that "[w]hen it comes to assuming an executory contract, . . . it's all or nothing: 'An executory contract must be assumed or rejected in its entirety.'" *Id*. (emphasis in original).

12. As such, BCBSMA hereby objects to any and all provisions in the Plan, Disclosure Statement, Motion, proposed orders regarding same, and affiliated filing by the Debtors that include any provisions seeking to waive or bar BCBSMA from asserting any potential defenses in any pending or future litigation. BCBSMA further objects to any provisions of the Motion, proposed order, and settlement that would purport to bind all creditors and parties in interest at the confirmation hearing in violation of the provisions of Bankruptcy Code section 1129, such as paragraph 19 of the proposed order for the Motion.

13. BCBSMA reserves all rights to amend or supplement this Limited Objection and to make such other and further objections as it may deem necessary and appropriate.

WHEREFORE, BCBSMA respectfully requests that: (i) its Limited Objection be sustained; (ii) its rights be reserved in a matter consistent with the Bankruptcy Code; and (ii) the Court grant such other and further relief as it deems just and appropriate.

Dated:  May 22, 2025

Respectfully submitted,

Blue Cross and Blue Shield of Massachusetts, Inc.

By: /s/ James B. Sowka
James B. Sowka
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606
Telephone:  312.504.5000
jsowka@seyfarth.com

*Attorneys for Blue Cross and Blue Shield of Massachusetts, Inc.*

**CERTIFICATE OF SERVICE**

      I, James B. Sowka, an attorney, hereby certify that on May 22, 2025, a true and correct copy of the foregoing document was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in these cases pursuant to the Electronic Filing Procedures in this District.

                                                     */s/  James B. Sowka*