IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------x
:
**In re:** : **Chapter 11**
:
**STEWARD HEALTHCARE SYSTEM LLC,** *et al.,* : **Case No. 24-90213 (CML)**
:
: **Jointly Administered**
**Debtors.**[1] : **Re: Docket Nos. 5021 & 5023**
---------------------------------------------------------------x :

### LIMITED OBJECTION OF DJO ENTITIES TO APPROVAL OF DEBTORS' DISCLOSURE STATEMENT AND PLAN

The DJO Entities,[2] by and through their undersigned co-counsel, hereby file this limited objection (the "Limited Objection") to approval of the *Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and its Affiliated Debtors* [Docket No. 5021] (the "Plan") and *Disclosure Statement for Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* [Docket No. 5023] (the "Disclosure Statement"). In support of this Limited Objection, the DJO Entities respectfully state as follows:

### BACKGROUND

1. On May 6, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

[2] "DJO Entities" mean Medshape, Inc., DJO, LLC, Trilliant Surgical, LLC, Novastep, Inc.*,* Encore Medical, L.P. (d/b/a DJO Surgical) and SURGI-CARE, Inc.

2. On May 16, 2024, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

3. The DJO Entities are part of a medical technology company that makes groundbreaking orthopedic products, software, and solutions that enable healthcare providers to help their patients achieve extraordinary results.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

4. The DJO Entities object to approval of the Plan and Disclosure Statement to the extent the Debtors seek to enjoin, bar or waive any or all of the defenses of the DJO's Entities (including, but not limited to, rights of setoff or recoupment) in connection with any litigation commenced against the DJO Entities by either the Litigation Trust, the Debtors' estates or any other party authorized to prosecute Causes of Action under the Plan. .

5. The Bankruptcy Code does not authorize a debtor to use its bankruptcy plan to foreclose the defenses of third parties in future litigation. *See e.g., In re United States Abatement Corp.,* 79 F.3d 393, 398 (5th Cir. 1996) (holding the trustee of a bankruptcy estate "takes the property subject to the rights of recoupment"); *ABCO Inds., Inc. v. ESI, Inc. (In re ABCO Indus., Inc.),* 270 B.R. 58, 61-62 (Bankr. N.D. Tex. 2001) (holding setoff is only barred as set forth in Section 533 of the Bankruptcy Code and the equitable right of recoupment is not addressed in the Bankruptcy Code); *Aetna Life Ins. Co. v. Bram (In re Bram),* 179 B.R. 824, 827 (Bankr. E.D. Tex. 1995) (noting "the right to recoupment does not constitute a debt which is dischargeable"); *Northstar Offshore Grp., LLC v. Peregrine Oil & Gas LP (In re Northstar Offshore Grp., LLC),* No. 17-03448, 2018 WL 4445082, at *3 (Bankr. S.D. Tex. Sept. 14, 2018)

2

("[C]ourts have viewed recoupment as an equitable remedy that is unbound by the restrictions on setoff that arise from the claims allowance process."); *Gilmour v. Aetna Health, Inc.,* No. 17-cv-00510, 2018 WL 4937072, at *5 (W.D. Tex. Oct. 11, 2018), report and recommendation adopted, 2018 WL 10374126 (W.D. Tex. Dec. 11, 2018) (finding the creditor could assert its setoff counterclaims against the debtor, "regardless of any discharge of any [] Debtor in bankruptcy").

6. Here, Section 8.15 of the Plan provides that the Debtor or the Plan Trustee may exercise setoff or recoupment against any Allowed Claim:

> Except as otherwise provided in this Plan, including in all respects Sections 12.6(a), 12.6(b), 12.7, and 12.8, each Debtor or the Plan Trustee on behalf such Debtor, may, pursuant to applicable non-bankruptcy law, set off or recoup against any Allowed Claim and the Plan Distributions to be made pursuant to this Plan on account of such Allowed Claim, any and all claims, rights, and Causes of Action of any nature whatsoever that such Debtor or its successors may hold against the holder of such Allowed Claim after the Plan Trust Establishment Date.

Plan, § 8.15.

7. Conversely, under section 12.5 of the Plan, the Debtors propose to enjoin third-parties from asserting any rights of setoff or recoupment:

> Except as otherwise expressly provided in this Plan, or for distributions required to be paid or delivered pursuant to this Plan or the Confirmation Order, all Entities that have held, hold, or may hold Claims, Interests, or Causes of Action that are (i) released or discharged pursuant to the Plan, including under Section 12.6(a) or Section 12.6(b) of this Plan, or (ii) subject to exculpation pursuant to Section 12.7 of this Plan, and all other parties in interest, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, an Estate, the Plan Trust, the Plan Trustee, the Litigation Trust, the Plan Trustee, the Released Parties, and/or the Exculpated Parties (to the extent of the exculpation provided pursuant to Section 12.7 of this Plan with respect to the Exculpated Parties), as applicable, with respect to such Claims, Interests, and Causes of Action: . . . . (D) **asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on**

3

> **account of or in connection with or with respect to any such Claims, Interests, or Causes of Action unless (x) such Entity has timely asserted such setoff right either in a filed proof of Claim, or in another document filed with the Bankruptcy Court explicitly preserving such setoff or that otherwise indicates that such entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise or (y) such right to setoff arises under a postpetition agreement with the Debtors or (i) an executory contract or (ii) an unexpired lease, in the case of (i) and (ii), that has been assumed by the Debtors as of the Effective Date** . . .

Plan, § 12.5 (emphasis added)

8. In each proof of claim and administrative claim filed by the DJO Entities in these chapter 11 cases, the following language was included: "The filing of this proof of claim is not and shall not be deemed or construed as: . . . (k) a waiver of any rights, claim, actions or defenses, setoffs, recoupments or other matters to which the Creditor is entitled under any agreements, at law, in equity or under the United States Constitution." **For the avoidance of doubt, the DJO Entities hereby expressly preserve their rights of setoff and recoupment pursuant to applicable law.**

9. It would be inequitable and contrary to prevailing case law to strip the DJO Entities of their defenses in future litigation, while at the same time preserving the Debtors' right of setoff and recoupment. The DJO Entities requests the Court not confirm the Plan and Disclosure Statement unless the defenses of the DJO Entities are preserved as well.

10. The DJO Entities hereby reserve all rights regarding any additional arguments related to the Plan and Disclosure Statement, and maintain the right to amend, supplement, or modify this Limited Objection to assert any rights, objections, and remedies under applicable law. All other rights of the DJO Entities in relation to the Debtors, and previously filed proofs of claim and administrative claims are expressly reserved.

## **CONCLUSION**

WHEREFORE, the DJO Entities respectfully request that this Court enter an order granting such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: July 1, 2025 | **DYKEMA GOSSETT, PLLC** |// 

By: /s/ *Nicholas Zugaro*_____
**Nicholas Zugaro**
Texas Bar No. 24070905
nzugaro@dykema.com
5 Houston Center
1401 McKinney Street, Suite 1625
Houston, Texas 77010
Tel: (713) 904-6900
Fax: (214) 462-6401

-and-

**NIXON PEABODY LLP**
Christopher J. Fong
55 West 46th Street
New York, NY 10036
Telephone: (212) 940-3000
Facsimile: (212) 940-3111
cfong@nixonpeabody.com

*Co-Counsel to the DJO Entities*