**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTH CARE SYSTEM, LLC, *et al.*, | § § § | Case No. 24-90213 (CML) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § | |

### OBJECTION OF DR. EKKEHARD M. KASPER TO CONFIRMATION OF JOINT CHAPTER 11 PLAN

Dr. Ekkehard Kasper ("Dr. Kasper"), by and through his attorneys, Hodgson Russ LLP, as and for his objection to the above-captioned Debtors and Debtors-in-Possession, Steward Health Care System, LLC, *et al.*, (the "Debtors") proposed Joint Chapter 11 Plan of Liquidation dated May 30, 2025 [Dkt. No. 5021] (as may be amended, supplemented, or otherwise modified, the "Plan"), respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter and the parties thereto pursuant to 28 U.S.C. §§ 157(b) and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL BACKGROUND**

4. On May 6, 2024, the Debtors filed voluntary petitions (the "Chapter 11 Cases") for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl, Suite 2400, Dallas, Texas 75201.

24812126v3

5. Prior to the filing of the Chapter 11 Cases, one of the Debtors, Steward Health Care System, LLC ("SHCS"), and Dr. Kasper entered into a Physician Employment Agreement on October 25, 2021.

6. On April 26, 2022, one of the Debtors, Steward Medical Group, Inc. ("SMGI"), and Dr, Kasper entered into a First Amendment to Physician Employment Agreement (the "First Amendment to Employment Agreement").

7. On January 1, 2024, SMGI and Dr. Kasper entered into a Second Amendment to Physician Employment Agreement ("Second Amendment to Employment Agreement").

8. On July 18, 2024, SHCS, SMGI, and Dr. Kasper entered into an Employment Agreement (the "Agreement," and collectively with the Physician Employment Agreement entered into on October 25, 2021, First Amendment to Employment Agreement, and Second Amendment to Employment Agreement, the "Employment Agreement").

9. As of the Petition Date, Dr. Kasper was employed as a physician specializing in neurological surgery assigned to Steward St. Elizabeth's Medical Center of Boston, Inc. in the ordinary course of Debtors' business operations pursuant to the terms and conditions of the Employment Agreement. Dr. Kasper also acted as Regional Chief of Neurosurgery, Chair of Neurosurgery, Director of the Brain Tumor Program, and a staff surgeon.

10. On May 30, 2025, Debtors filed a Joint Plan of Liquidation (the "Plan") [Dkt. No. 5021].

11. On June 1, 2025, Debtors filed a Disclosure Statement to Joint Plan of Liquidation (the "Disclosure Statement") [Dkt. No. 5028].

24812126v3

**Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts**:

12. On May 15, 2024, the Debtors filed an Emergency Motion for Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; (IV) Granting Related Relief; (V) Approving Cure Notice Procedures for Executory Contracts and Unexpired Leases; and (VI) Granting Other Relief [Dkt. No. 281] (the "Bid Procedures Motion").

13. On June 3, 2024, the Court entered an Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; (IV) Granting Related Relief; (V) Approving Cure Notice Procedures for Executory Contracts and Unexpired Leases; and (VI) Granting Other Relief [Dkt. No. 626] (the "Bid Procedures Order").

14. Pursuant to the Bid Procedures Order, entered on July 17, 2024, the Debtors filed the Cure Notice, which identified certain employment contracts that may potentially be assumed and assigned in connection with a sale transaction with a successful bidder and included a cure schedule for the employment contracts (the "Contracts Schedule") which lists the following contracts:

- New Hire Memo – Steward St. Elizabeth's Medical Center of Boston, Inc.;

24812126v3

- Physician Employment Agreement; – Steward St. Elizabeth's Medical Center of Boston, Inc.; and

- Amendment to Physician Employment Agreement – Steward St. Elizabeth's Medical Center of Boston, Inc.

15. The Contracts Schedule provides a proposed cure amount of $0.00 for each of the contracts listed (the "Proposed Cure Amounts"), to which Dr. Kasper disputes (the "Disputed Cure Claim").

**Dr. Kasper's Objection to Proposed Cure Amounts**:

16. On July 31, 2024, Dr. Kasper timely filed a Limited Objection and Reservation of Rights to the Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale (the "Cure Objection") [Dkt. No. 1776]. A copy of the Cure Objection and supporting documents is annexed hereto as **Exhibit 1**.

17. Pursuant to the Employment Agreement, in addition to a base salary, Dr. Kasper was entitled to Quality Incentive Bonuses, as well as on-call compensation. Below is a chart outlining the amounts owed to Dr. Kasper (the "Claim Amount"):

| Calendar Year | Description | Amount |
|---|---|---|
| 2021/2022 | Salary Shortfall | $189,727.61 |
| 2021 | Quality Incentive Bonus (4 months) | $50,000.00 |
| 2022 | On-Call Compensation | $56,000.00 |
| 2022 | Quality Incentive Bonus Shortfall | $37,500.00 |
| 2023 | On-Call Compensation | $47,000.00 |
| | **TOTAL** | **$380,227.61** |

24812126v3

The Cure Objection provided support for each component of the claim.

18. Following Dr. Kasper's filing of the Cure Objection, the Debtors repeatedly declined to discuss a resolution of the cure claim with Dr. Kasper until on the eve a closing on the St. Elizabeth's Hospital to BMC Community Hospital Corporation ("BMC"), counsel to the Debtors emailed the undersigned on September 27, 2024, to indicate that the Debtors consider the Cure Objection resolved, however, no resolution or agreement was reached regarding the Cure Objection.

19. On behalf of Dr. Kasper, counsel responded by email on September 27, 2024, and indicated that the Cure Objection was not resolved, and the Debtor does not have the authority to unilaterally deem the Cure Objection resolved. A copy of the above-referenced email exchanged is annexed hereto as **Exhibit 2**.

20. On September 13, 2024, the Court entered the order approving the sale of St. Elizabeth's Medical Center of Boston to BMC Community Hospital Corporation ("BMC") (the "Sale Order") [Dkt. No. 2523]. The Sale Order required the applicable Debtor to pay the undisputed portion of the Cure Costs and "appropriately" reserve funding for the disputed portion of the Cure Costs pending resolution of the dispute.

21. On October 8, 2024, Dr. Kasper filed a Supplement to the Cure Objection to further reserve his rights as to the assumption and assignment of the Employment Agreement and Cure Amounts as proposed by the Debtors following discussions Dr. Kasper had with Kim Bassett (COO SMG and COO Steward North Region), Dr. Michael Callum (Executive VP Physician Services Steward Health Care) and Kelly DeDonato (VP Finance Steward) (the "Cure Objection Supplement") [Dkt. No. 2813]. A copy of the Supplement to Cure Objection is annexed hereto as **Exhibit 3**.

22. On October 26, 2024, the Debtors filed a Notice of Designation of Executory Contracts and Unexpired Leases for Assumption and Assignment in Connection with the Sale of St. Elizabeth's Medical Center and Good Samaritan Medical Center (the "Notice of Assumption and Assignment") [Dkt. No. 3040].

23. Dr. Kasper's Employment Agreement was assumed and assigned to BMC pursuant to the Notice of Assumption and Assignment.  Pursuant to the Sale Order the Debtor should have appropriately reserved for the Cure Amounts asserted by Dr. Kasper and this Court retains the jurisdiction to determine Dr. Kasper's objection to the proposed Cure Amounts.

**Proofs of Claim Filed by Dr. Kasper**:

24. On August 20, 2024, Dr. Kasper timely filed Proofs of Claim against SHCS and SMGI in the unsecured amount of $580,227.61, with a priority amount of $6,000.00 pursuant to 11 U.S.C. § 507(a)(4), for unpaid salary and compensation.  The claim number for the Proof of Claim filed against SHCS is 5654 (the "SHCS Claim") and the claim number for the Proof of Claim filed against SMGI is 5864 (the "SMGI Claim").

25. On December 18, 2024, Dr. Kasper timely filed Administrative Proofs of Claim against SHCS and SMGI in the amount of $175,000.00 pursuant to 11 U.S.C. § 503, for post-petition compensation.  The claim number for the Administrative Proof of Claim filed against SHCS is 13180 (the "Administrative SHCS Claim") and the claim number for the Administrative Proof of Claim filed against SMGI is 13187 (the "Administrative SMGI Claim").

## OBJECTION

*Failure to Properly Adjudicate Cure Claims:*

26. Dr. Kasper objects to the Plan and Disclosure Statement based on the *Determination of Cure Disputes and Deemed Consent* as outlined in Section 10.3 of the Plan,

24812126v3

wherein, the Debtors seeks to disallow the Disputed Cure Claim based on the assumption and assignment of the Employment Agreement by BMC.

27. Pursuant to Section 10.3 of the Plan:

> "Assumption or assumption and assignment of any executory contract or unexpired lease pursuant to the Plan *or otherwise* shall result in the full release and satisfaction of any Claims against any Debtor or defaults by any Debtor, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease. Any Proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed or assumed and assigned shall be deemed disallowed and expunged, with further notice to or action, order, or approval of the Bankruptcy Code or any other Entity, upon the assumption of such executory contract or unexpired leases."

*See* Plan, Section 10.3, p. 70 (emphasis added).

28. This circumvents the requirement of the debtor to cure pre and post-petition defaults in connection with the assumption and assignment of an executory contract such as Dr. Kasper's Employment Agreement. Section 365(b)(1)(A) requires the Debtors to cure or provide adequate assurance that the debtor will promptly cure, such default in order to assume an executory contract.

29. Dr. Kasper has filed timely objections to the proposed Cure Amounts with respect to his Employment Agreement which have not been adjudicated by this Court. The Debtor's unilateral determination that a cure amount is resolved (in their favor) without any due process is highly inappropriate and procedurally defective.

30. The proposed Plan takes this one step further by seeking to "disallow and expunge" any Proofs of Claim filed with respect to any assumed contract, such as the Employment Agreement.

31. The Debtor has not attempted to resolve Dr. Kasper's Cure Objection and

24812126v3

this Court has not adjudicated his asserted Cure Amount. The Plan confirmation process cannot be used to circumvent Dr. Kasper's rights to have his claims adjudicated.

33. The Plan cannot meet the requirements of Section 1129(a)(1) as it has proposed to circumvent the requirement to cure defaults on executory contracts that have been assumed and assigned during the case as required by Section 365(b)(1)(A).

*Failure to Properly Address Payment of Administrative Claims:*

33. The Plan fails to meet the requirements of 11 U.S.C. §1129(a)(9) due to its failure to provide for payment in full of all administrative expense claims. Rather, the Plan concocts an "Administrative Expense Claims Consent Program" that will bind administrative expense claimants unless they opt-out. Claimants holding a statutorily based administrative claim, who already complied with the requirements of an Administrative Claims Bar Date order need to take a further affirmative step to preserve their rights. Dr. Kasper objects to this additional violation of due process. His administrative claims are entitled to be adjudicated by this Court. Counsel for Dr. Kasper requested the Opt-Out form on June 25th after it was not provided with the ballots. Debtor's counsel provided the form late in the evening on June 30th. Dr. Kasper objects to the Debtor's proposed "out-out" procedures which is an impermissible attempt to automatically reduce his administrative claims.

*Preservation of Defenses, Recoupment and Setoff:*

34. The definition of "Cause of Action" in the Plan and Disclosure Statement includes the right of recoupment, any defenses, remedy or setoff, whether known or unknown. [Dkt. No. 5021, p. 11; Doc. 5028, p.141]. The Plan provides "[f]or the avoidance of doubt, "Cause of Action" includes (1) any right of setoff, counterclaim or recoupment of any claim for breach of contract or for breach of duties imposed by law or in equity, (ii) the right to object to

Claims or Interest, (iii) any claim pursuant to section 362 of the Bankruptcy Code, (iv) any claim or defense, including fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code, and (v) an Avoidance Action." [Id.]  The definition of Cause of Action should not include defenses held by a holder of a Claim, including but not limited to, recoupment or set off.  Section 12.5 of the Plan proposes to enjoin claimants from asserting any right of setoff or recoupment. [Dkt. No. 5021, p. 82].  This is not permitted by the Bankruptcy Code.  If Dr. Kasper has failed to identify all provisions in the Plan or Disclosure Statement or affiliated filing by the Debtors that include a provision that seeks to waive or bar him from asserting certain defenses in response to future demands or litigation, claimant asserts the same objections as asserted herein.

35. Dr. Kasper requests that he be provided the same rights as the Debtors with regard to affirmative defenses against claims the Estate may assert, including but not limited to offset, recoupment and/or waiver, that the Debtors may assert in future litigation with the Litigation Trust, Debtors, Estate and/or their applicable counterparties.

**WHEREFORE**, Dr. Kasper respectfully requests that this Court deny confirmation of the Debtors' proposed Plan as set forth herein and grant such other and further relief as it deems just and proper.

Dated:  July 1, 2025            Respectfully submitted,

**HODGSON RUSS LLP**

By:   /s/ James C. Thoman
        James C. Thoman, Esq. (Admitted *pro hac vice*)
    Hodgson Russ LLP
    140 Pearl Street, Suite 100
    Buffalo, NY  14202
    Telephone: (716) 856-4000

*Counsel for Dr. Ekkehard Kasper*

24812126v3