**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **STEWARD HEALTH CARE SYSTEM LLC,** *et al.,* | **Case No. 24-90213 (CML)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**LIMITED OBJECTION OF SOUTHWEST ARKANSAS REGIONAL MEDICAL
CENTER ("SWARMC") TO CONFIRMATION OF PROPOSED JOINT
CHAPTER 11 PLAN OF LIQUIDATION**

Southwest Arkansas Regional Medical Center LLC ("**SWARMC**") for its limited

objection (the "Objection") to confirmation of the Joint Chapter 11 Plan of Liquidation

of Steward Health Care System LLC and its Affiliated Debtors as the Plan may be

amended or supplemented, (the "Plan") filed on behalf of the Debtors states:

JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

1334(b) and 157.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

2.     Venue is proper before this Court pursuant to 28 U.S. C. § 1408 and

1409.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

3406451-v1

3.     This Court also has broad authority to exercise jurisdiction and control over the administration of this case under 11 U.S.C. § 105 to act as appropriate or necessary in the aid of the exercise of its jurisdiction.

## BACKGROUND

4.     On August 9, 2024, Pafford Health Systems, Inc. ("**Pafford Health**") and Brim Holding Company, Inc. ("**Brim Holding**" or "**Seller**") entered into an Asset Purchase Agreement (the "Hope APA") which provided for the purchase and sale of the assets of the Wadley Regional Medical Center at Hope, located in Hope, Arkansas (the "**Hope Hospital**") to SWARMC as the successor to Pafford Health. The Hope Hospital is a small rural hospital which serves Hempstead County, Arkansas, as well as Lafayette, Nevada, and the southern portion of Pike County which do not have a hospital.

5.     Because of the Debtors' financial condition at the time of the sale of the Hospital, the Debtors indicated they would shut down the Hospital in Hope if Pafford did not enter into a management agreement and agree to fund the entirety of the operations beginning September 11, 2024, which would have led to a significant health care crisis in the city of Hope and Hempstead County, Arkansas. To avoid this catastrophic outcome, and in light of the expedited timeline required by the Debtors and their lenders, the Debtors agreed to proceed with the purchase of the Hope Hospital on an expedited basis with SWARMC as the buyer to ensure the careful transition of the Hospital to a new owner and operator.

6.     The Bankruptcy Court, approved the Hope APA and authorized the sale, as set forth in the Hope Sale Order entered of record on September 12, 2024. (the "**Hope**

**Sale Order**") (Docket No. 2494).  Effective as of 11:59 p.m. CDT on September 19, 2024,

the Debtors closed on the sale of the assets of the Hope Hospital to SWARMC.

7.      Section 1.1 of the Hope APA, required the Seller to **transfer and deliver** the

"Purchased Assets" at Closing to Southwest Regional Medical Center, LLC, as the

"Buyer", *free and clear of all Encumbrances* (other than Permitted Encumbrances)

(*emphasis added*).  Purchased Assets include "originals, or where not available, copies

(including electronic format) of all medical records, patient files, and other written

account of the medical history of the patients" of the hospital facility ("**Hope Medical

Records**").

8.      Paragraph 6 of the Hope Sale Order provides that "the Debtors are

authorized to transfer, and upon the Closing *shall transfer to the Buyer all of the

Debtors' right, title, and interest in and to, and possession* of, the Purchased Assets …".

(*emphasis added)*. Among other things, the Debtors have failed and refused to deliver

possession of the Hope Medical Records to SWARMC as required by the Hope Sale Order.

9.      On March 26, 2025, the Debtors filed its Motion (Docket No. 4343) for

entry of an Order enforcing the Court's Hope Sale Order, the Hope APA, and

Transition Services Agreement dated September 19, 2024 ("**Hope TSA**"),

10.     On April 16, 2025, SWARMC filed its Response and Objection (Docket

No. 4687) To Debtors' Motion (Docket No. 4343)  For Entry Of An Order (I) To Enforce

Sale Order, Asset Purchase Agreement, And Transition Services Agreement; And (II)

Granting Related Relief and SWARMC filed a **Counter Motion** (A) To Compel

Debtors To Comply With The Sale Order And Purchase Agreement, (B) For an Accounting, and (C) Granting Related Relief. (Docket No. 4687)

11.     As evidenced by the filing of the Debtors' Motion (Docket No. 4343), SWARMC's response to the Debtor's Motion and SWARMC's Counter-Motion (Docket No. 4687) disputed issues remain regarding the obligations, claims for relief and defenses of the Debtors and SWARMC arising under the Hope Sale Order and related Asset Purchase Agreement.

12.     On May 30, 2025, the Debtors filed their Plan of Liquidation and on June 1, 2025, the Debtors filed their solicitation version of the Disclosure Statement for Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and its Affiliated Debtors (Docket No. 5028) The Bankruptcy Court approved the Disclosure Statement on June 2, 2025 and scheduled a hearing on confirmation of the Plan for July 14, 2025.

<u>**LIMITED OBJECTION**</u>

13.     Article XII of the Debtors' Plan provides that confirmation of the Plan will have the effect of imposing a "Plan Injunction" of broad scope that according to its terms will act to permanently enjoin "all Entities that have held, hold, or may hold Claims, Interest, or Causes of Action that are (i) released or discharged pursuant to the Plan" and "all other parties in interest" from taking any of the following actions against, the Debtor, an Estate, the Plan Trust, the Plan Trustee, the Litigation Trust, the Plan Trustee, the Released Parties, and/or the Exculpated Parties…, as applicable, with response to such Claims, Interests, and Causes of Action".

> "(D) *asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on*

*account of or in connection with or with respect to any such claims, Interests, or Causes of Action* unless (x) such Entity has timely asserted such setoff right either in a filed proof of Claim, or in another document filed with the Bankruptcy Court explicitly preserving such setoff or that otherwise indicates that such entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise or (y) such right to setoff arises under a post-petition agreement with the Debtors or (i) an executory contract or (ii) an unexpired lease, in the case of (i) and (ii), that has been assumed by the Debtors as of the Effective Date; (E) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan and Confirmation Order, to the full extent permitted by applicable law;…"

*See* Plan Art. 122.5, ECF No. 5021, pp. 76-77 (emphasis added).

14.     SWARMC objects to the Plan to the extent it is an attempt to or would have the effect of determining any of the issues raised in the pending contested matters between the Debtors and SWARMC.  SWARMC reserves all claims, rights, remedies and defenses related to the issues and claims related to the Debtors' Motion to Enforce (Docket No. 4343) and in the Response and Counter Motion of SWARMC (Docket No. 4687) and objects to the Debtors' plan to the extent is seeks to determine, limit waive, or release the rights, remedies, defenses or claims of the parties in the pending Motion and Counter-Motion.

WHEREFORE,   Southwest Arkansas Regional Medical Center LLC objects to the Debtors' Plan of Liquidation to the extent that it seeks to or would have the effect of determining, waiving, releasing or otherwise affecting the rights, remedies, defenses or claims of the Debtors and/or SWARMC in the pending Motion (Docket No. 4343) and Counter-Motion (Docket No. 4687).

3406451-v1

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: ssmith@wlj.com
        ccoleman@wlj.com


By    */s/ Charles T. Coleman*
    Stan D. Smith (admitted *pro hac vice*)
    Charles T. Coleman (admitted *pro hac vice*)
    Attorneys for Southwest Arkansas Regional
    Medical Center, LLC


## CERTIFICATE OF SERVICE

We hereby certify that on July 1, 2025, a true and correct copy of the above foregoing document was served via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic service through same.


    */s/ Charles T. Coleman*
    Charles T. Coleman


    */s/ Stan D. Smith*
    Stan D. Smith

3406451-v1