IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § | Case No. 24-90213 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | Re: Docket No. 5203 |
| | § | |

**DEBTORS' PRELIMINARY OBJECTION TO
TRACO INTERNATIONAL GROUP S. DE R.L.'S MOTION
FOR ALLOWANCE OF THE PROOF OF CLAIM FOR VOTING PURPOSES
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3018**

Steward Health Care System LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby submit this preliminary objection to TRACO International Group S. De R.L.'s ("**TRACO**") *Motion for Allowance of the Proof of Claim for Voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018* (Docket No. 5203) (the "**Motion**"), and respectfully represent as follows:

**Preliminary Statement**

1. By its Motion, TRACO (a wholly owned subsidiary of the Debtors directed by Steward's former executives) seeks, on an expedited basis, to have the Court temporarily allow, for voting purposes, thirty-nine (39) identical proofs of claim that it just filed against the Debtors on June 25, 2025 (more than a month after the May 21, 2025 Voting Record Date and ten months after the General Bar Date) totaling not less than $12 billion ($310 million at each Debtor). The Court should deny this relief because (i) emergency consideration of the Motion is not warranted

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

and (ii) under the court-approved Voting Procedures, which is now a final order, TRACO is not entitled to vote these proofs of claim. As further discussed below, however, although the claim is disputed, the Debtors have agreed to allow TRACO to vote a $60,225,269.59 claim that was previously scheduled in error at Debtor Steward Medical Group, Inc. ("**SMG**")[2] and the Debtors have provided TRACO with a Class 4 Ballot. TRACO is not entitled to vote any other claims against the Debtors.

2. First, emergency relief should be denied because TRACO has failed to comply with the requirements for obtaining emergency relief, as the Motion contains no explanation as to why emergency relief is needed, as required by the Bankruptcy Local Rules and this Court's procedures. Even if TRACO had complied with such requirements, no emergency exists, considering the relief TRACO seeks may be mooted by the voting results on the Plan. To the extent TRACO's motion does not become moot based on voting results, the Court should hear the Motion in the context of the Debtors' upcoming confirmation hearing.

3. Second, there is no basis to permit TRACO to vote $310,000,000 of claims against thirty-nine (39) Debtors. Under the Voting Procedures, a creditor is not entitled to vote on the Plan if, as of the Voting Record Date, (i) it did not timely file a proof of claim and (ii) the Debtors did not schedule a claim for the creditor, scheduled the creditor's claim as undetermined, or scheduled the creditor's claim as contingent, unliquidated, or disputed. TRACO did not file a proof of claim by the Voting Record Date, and with the exception of SMG, the Debtors either did not schedule a claim for TRACO or scheduled a claim in an undetermined amount. Accordingly,

---

[2] The original SMG schedule filed on July 10, 2024 inadvertently listed a non-contingent, liquidated and undisputed $60,225,269.59 claim held by TRACO against SMG. To correct this, the Debtors recently filed an amended SMG schedule to reflect that SMG does not hold any claims against any of the Debtors (Docket No. 5247). However, without waiving any of the Debtors' rights, claims and defenses, the Debtors have provided TRACO with a Class 4 ballot to vote $60,225,269.59 at SMG for voting purposes only. For the avoidance of doubt, the Debtors dispute any and all claims asserted by TRACO against any Debtor and the Debtors reserve all rights, claims, and causes of actions and waive none.

2

TRACO is not eligible to vote any of its recently filed proofs of claim, and cannot now seek to revise the Voting Procedures to change who is eligible to vote.

4. For the foregoing reasons, and the reasons set forth below, the Motion should be denied.

## Background

### A. GENERAL BACKGROUND

5. On May 6, 2024, (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On May 16, 2024, the U.S. Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

7. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

### B. DEBTORS' SCHEDULES

8. On July 10, 2024, certain of the Debtors, including Steward Health Care System LLC ("**SHCS**"),[3] filed their Schedules of Assets and Liabilities (the "**Schedules**"), each

---

[3] These Debtors include Brim Healthcare of Texas, LLC (Docket No. 1468); Brim Holding Company, Inc. (Docket No. 1367); Heritage Technologies, LLC (Docket No. 1489); IASIS Glenwood Regional Medical Center, LP (Docket No. 1375); Morton Hospital, A Steward Family Hospital, Inc. (Docket No. 1431); Mountain Vista Medical Center, LP (Docket No. 1498); Nashoba Valley Medical Center, A Steward Family Hospital, Inc.

3

of which listed TRACO as holding an unsecured claim in an undetermined amount.[4] With respect to the undetermined amount, the Debtors disclosed in a footnote in each Schedule that they "are working to determine the amounts of such intercompany payables and intend to update the applicable Schedules to reflect such amounts at a later date."

9. On July 10, 2024, the Debtors' filed the Schedules for SMG, which listed TRACO as holding an unsecured claim of $60,225,269.59 in Schedule E/F.[5] However, consistent with the footnote included in the Debtors' other Schedules, this amount was intended to be subject to further reconciliation. Upon further review, the Debtors have determined that listing an intercompany payable in the Schedules for SMG was an error because all intercompany balances are maintained through SHC System. The Debtors have since filed amended schedules to reflect a $0 intercompany balance between SMG and TRACO.[6]

C. **DEBTORS' PLAN AND VOTING AND VOTING PROCEDURES**

10. On April 28, 2025, the Debtors filed a chapter 11 plan (Docket No. 4743) (the "**Plan**"), disclosure statement (Docket No. 4744) (the "**Disclosure Statement**"), and a motion

---

(Docket No. 1435); New England Sinai Hospital, A Steward Family Hospital, Inc. (Docket No. 1444); Odessa Regional Hospital, LP (Docket No. 1485); OnSite Care, Inc. (Docket No. 1503); Permian Premier Health Services, Inc. (Docket No. 1512); Physician Group of Arizona, Inc. (Docket No. 1509); Physician Group of Arkansas, Inc. (Docket No. 1521); Physician Group of Louisiana, Inc. (Docket No. 1525); Physician Group of Utah, Inc. (Docket No. 1491); SJ Medical Center, LLC (Docket No. 1474); St. Luke's Behavioral Hospital, LP (Docket No. 1483); St. Luke's Medical Center, LP (Docket No. 1493); Steward Carney Hospital, Inc. (Docket No. 1455); Steward CGH, Inc. (Docket No. 1470); Steward Good Samaritan Medical Center, Inc. (Docket No. 1403); Steward Health Care Network, Inc. (Docket No. 1421); Steward Health Care System LLC (Docket No. 1399); Steward HH, Inc. (Docket No. 1508); Steward Hillside Rehabilitation Hospital, Inc. (Docket No. 1369); Steward Holy Family Hospital, Inc. (Docket No. 1425); Steward Melbourne Hospital, Inc. (Docket No. 1496); Steward Norwood Hospital, Inc. (Docket No. 1464); Steward NSMC, Inc. (Docket No. 1507); Steward PGH, Inc. (Docket No. 1501); Steward Rockledge Hospital, Inc. (Docket No. 1500); Steward Sebastian River Medical Center, Inc. (Docket No. 1467); Steward Sharon Regional Health System, Inc. (Docket No. 1441); Steward St. Anne's Hospital Corporation (Docket No. 1459); Steward St. Elizabeth's Medical Center of Boston, Inc. (Docket No. 1413); Steward Texas Hospital Holdings LLC (Docket No. 1374); Steward Trumbull Memorial Hospital, Inc. (Docket No. 1357) and; The Medical Center of Southeast Texas, LP (Docket No. 1522).

4   *See, e.g.*, Docket No. 1399 (Schedules of SHCS).
5   *See* Docket No. 1334.
6   *See* Docket No. 5247.

4

seeking conditional approval of the Disclosure Statement and voting and solicitation procedures for the Plan (Docket No. 4745) (the "**Solicitation Procedures Motion**").

11. On June 2, 2025, the Court entered an order approving the Solicitation Procedures Motion (Docket No. 5036) (the "**Solicitation Procedures Order**"), which approved, among other things, the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan and (ii) voting to accept or reject the Plan (the "**Voting Procedures**").

12. The Solicitation Procedures Order, among other things, established May 21, 2025 as the record date for the purpose of determining which holders of Claims are entitled to vote on the Plan and receive the applicable notice(s) relating to solicitation and confirmation (the "**Voting Record Date**"). The Solicitation Procedures Order also established that holders of Claims in Class 3 (FILO Bridge Claims), Class 4 (General Unsecured Claims), and Class 5 (PBGC Claims) are entitled to vote to accept or reject the Plan. However, under the Voting Procedures, a holder of a Claim in a voting class is nonetheless <u>not</u> entitled to vote to the extent that:

(a) as of the Voting Record Date (as defined below), the outstanding amount of such creditor's Claim is zero ($0.00);

(b) as of the Voting Record Date, such holders' Claim has been disallowed, expunged, disqualified or suspended;

(c) such creditor has not timely filed a Proof of Claim in accordance with the [Bar Date Order] as of the General Bar Date or the Government Bar Date, as applicable, and the Debtors have not scheduled such creditor's Claim or have scheduled such creditor's Claim in an undetermined amount or as contingent, unliquidated, or disputed or such creditor is not required to file a Proof of Claim pursuant to the Bar Date Order . . . ; or

(d) such creditor's Claim is subject to an objection, a request for estimation, or an adversary proceeding as of June 18, 2025 at 5:00 p.m. (Central Time). . . .

*See* Disclosure Statement Order, Voting Procedures § A.

**Preliminary Objection**

I.   **TRACO'S REQUEST FOR TEMPORARY ALLOWANCE OF ITS PROOFS OF CLAIM SHOULD BE DENIED**

13. TRACO's motion fails because TRACO is not entitled to vote its recently filed claims pursuant to the Bankruptcy Code, Solicitation Procedures Order, and court-approved Voting Procedures.

14. A party's eligibility to vote on the Plan is determined as of the Voting Record Date. The Soliciation Procedures Order only requires the Debtors to mail solicitation packages "to holders of Claims in the Voting Classes entitled to vote on the Plan *as of the Voting Record Date*." Soliciation Procedures Order ¶ 8 (emphasis added). The Court established "May 21, 2025 as the record date for purposes of determining (i) *which holders of Claims in the Voting Classes are entitled to vote on the Plan*, and (ii) which holders of Claims and Interests are entitled to receive a Notice of Non-Voting Status." Voting Procedures § C (emphasis added). The Voting Procedures further provide that a holder of a Claim in a Voting Class is <u>not</u> entitled to vote on the Plan if:

> such creditor has not timely filed a Proof of Claim in accordance with the [Bar Date Order] as of the General Bar Date . . . and the Debtors have not scheduled such creditor's Claim or have scheduled such creditor's Claim in an undetermined amount or as contingent, unliquidated, or disputed or such creditor is not required to file a Proof of Claim pursuant to the Bar Date Order.

*See* Disclosure Statement Order; Voting Procedures § A(c).

15. These Voting Procedures align with the requirements of section 1126(a) of the Bankruptcy Code which provides that "[t]he holder of a claim or interest *allowed* under section 502 of [the Bankruptcy Code] may accept or reject a plan." 11 U.S.C. § 1126(a) (emphasis added). A claim is deemed allowed if proof of such claim is filed under section 501 of the Bankruptcy Code. *See* 11 U.S.C. § 502(a).

6

16. As of the Voting Record Date, TRACO had not filed any proofs of claim and, with the exception of SMG, no Debtor scheduled a claim of TRACO in an amount other than undetermined. While SMG's Schedule did list a claim of TRACO, this was an inadvertent error as all intercompany payables are recorded at SHCS, and not SMG, and the Debtors have now amended SMG's Schedules to correct this error. Nonetheless, the Debtors have provided TRACO with a ballot to vote the amount of the previously scheduled claim at SMG.

17. TRACO is not entitled to vote any additional claims under the Voting Procedures, and its attempt to vote $310 million of claims at each Debtor is also contrary to the Solicitation Procedures Order.[7] The Solicitation Procedures Order was entered on June 2, 2025 and TRACO did not appeal the order. TRACO had until June 25, 2025 to file a motion under Bankruptcy Rule 3018(a) "challeng[ing] the Allowed amount of its claim for voting purposes."[8] Under Bankruptcy Rule 3018(a), if an objection is filed to a proof of claim, a creditor may request that the court temporary allow the claim for voting purposes. *See* Fed. R. Bankr. P. 3018(a); *see also In re Pulp Finish 1 Co.*, 2014 Bankr. LEXIS 189, at *7 (Bankr. S.D.N.Y. Jan. 16, 2014) ("Bankruptcy Rule 3018(a) deals . . . with the situation where a party in interest has objected to a claim but the objection has not been decided. . . . Bankruptcy Rule 3018(a) authorizes the Court to estimate and allow the claim that is the subject of the *unresolved* objection for voting purposes.") (emphasis in original). But TRACO, in the Motion, is not challenging the Allowed amount of its claim for voting purposes in response to an objection, as TRACO did not file proofs of claim in advance of the Voting Record Date and no party has objected to TRACO's proofs of claim. Instead, TRACO seeks to change the court-approved Voting Procedures as to which parties are

---

[7] For the avoidance of doubt, the Debtors dispute any and all claims asserted by TRACO against any Debtor, including the claims asserted in TRACO's recently filed Proofs of Claim.
[8] *See* Voting Procedures, at 5.

eligible to vote on the Plan. This is improper and the time to oppose the Voting Procedures has passed. *See Weiner v. United States*, 255 F. Supp. 2d 624, 640 (S.D. Tex. 2002) (explaining that collateral estoppel bars relitigation of issues decided by a final judgment where the party had a full and fair opportunity to litigate).

18. Nothing in the Bar Date Order prevented TRACO from filing proofs of claim as a means to seek eligibility to vote on the Plan in accordance with the Voting Procedures Order. Indeed, the Bar Date Order expressly provided that non-Debtor affiliates "**may**" file proofs of claim, although they were exempt from the requirement to file such proofs of claim by the General Bar Date.[9] TRACO retained Winston & Strawn LLP as its separate counsel on or around August 13, 2024, which was 10 days *before* the General Bar Date, more than *eight months before* the Debtors' filed the Solicitation Procedures Motion, and more than *nine months before* the Voting Record Date. TRACO subsequently retained Steptoe LLP in September 2024[10] and, through such counsel, has been extremely active throughout the Debtors' chapter 11 cases by filing a proof of administrative claim, a motion to compel payment of that administrative claim, an adversary proceeding seeking a constructive trust of over $170 million, a chapter 7 conversion motion, objections to professional fee applications (including those of the healthcare ombudsmen), an objection to the FILO Settlement, and a motion for the Bankruptcy Court to reconsider approval of such settlement. TRACO had ample time, resources, and ability to file a proof of claim to protect its potential ability to vote on the Plan, but instead, TRACO sat on its hands for months.[11]

---

[9] *See* Bar Date Order ¶ 10(k) (emphasis added).
[10] *See* Motion and Order for Admission Pro Hac Vice, ECF No. 2567.
[11] TRACO makes allegations in the Motion that, among other things, TRACO's request for independent counsel was "denied," and that Debtors' counsel did not instruct TRACO to file a proof of claim. *See* Motion ¶ 3 n.3. The Debtors' counsel vehemently deny the allegations made in Dr. Callum's declaration relating to alleged discussions with the Debtors' counsel, none of which are even relevant to the issues here and appear designed to excuse TRACO's failures. As noted, TRACO retained independent counsel in advance of the General Bar Date, the filing of the Soliciation Procedures Motion, and the Voting Record Date.

19. TRACO's belated attempt to vote an inflated $12 billion claim is another not-so-subtle attempt by TRACO's directors (Dr. Ralph de la Torre, Dr. Callum, and Mr. Ruben King-Shaw) to thwart the Debtors' efforts to maximize value for creditors. These individuals, who previously sat on the Debtors' board, are currently in control of TRACO. Each of these individuals is an Identified Non-Released Party under the Plan, and the Debtors hold valuable claims and causes of action against them as described in detail in the *Declaration of Alan J. Carr in Support of Confirmation of Chapter 11 Plan* (Docket No. 5220). These individuals have every incentive to oppose the FILO Settlement and Plan, which will provide the necessary funding and time to prosecute claims against them.

20. Additionally, TRACO asserts in its Motion that the Debtors acknowledged "that TRACO holds a claim of no less than $259 million,"[12] based on a document produced by the Debtors to TRACO in discovery that referenced a $259 million payable based on what was recorded on the Debtors' historical prepetition books and records and intercompany activities that were overseen and directed by Dr. Ralph de la Torre and Dr. Callum. Although irrelevant to the merits of the relief requested in the Motion (because TRACO is regardless not entitled to vote, with the exception of SMG), for the avoidance of doubt, the $259 million figure does not account for the significant payables owed or would be owed to the Debtors pursuant to the captive insurance program. The Debtors continue to dispute any and all claims asserted by TRACO and assert that the Debtors hold substantial claims against TRACO and its directors and officers.

21. "[T]he policy behind temporarily allowing claims is to prevent possible abuse by plan proponents who might ensure acceptance of a plan by filing last minute objections

---

[12] *See* Motion ¶ 2.

9

to the claims of dissenting creditors." *In re Mangia Pizza Invs.*, LP, 480 B.R. 669, 679 (Bankr. W.D. Tex. 2012) (internal quotations omitted) (quoting *In re Armstrong*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003), *aff'd*, 97 F. App'x. 285 (10th Cir. 2004)). By its Motion, TRACO seeks to turn this policy on its head by swamping voting classes with billions of dollars' worth of meritless claims filed just weeks before a confirmation hearing. The Voting Record Date is necessary to avoid just this kind of last minute abuse, and this Court should not entertain TRACO's request for an exception.

22. Accordingly, the Motion should be denied.

## II. TRACO'S REQUEST FOR EMERGENCY RELIEF SHOULD BE DENIED

23. Moreover, the Motion does not comply with the requirements of the Bankruptcy Local Rules, the Complex Case Procedures, or this Court's procedures for obtaining emergency relief, and therefore, the request for expedited relief should be denied.

24. The Motion fails to comply with any of the requirements for seeking emergency relief, as it (i) is not titled an emergency motion,[13] (ii) does not include the required language below the case caption,[14] and (iii) does not contain any explanation as to why emergency relief is needed.

25. Even if TRACO had complied with the requirements of the Bankruptcy Local Rules, Complex Case Procedures, and the Court Procedures for seeking emergency relief, there is no valid basis for granting such relief under the current circumstances.

---

[13] *See* Bankr. S.D. Tex. R. 9013-1(i); Bankr. S.D. Tex. Complex Case Procedures § G; Court Procedures § 5 (https://www.txs.uscourts.gov/sites/txs/files/Lopez%20Court%20Procedures.pdf).

[14] TRACO appears to include language prescribed by Local Rule 9013-1; however, the Complex Case Procedures make clear that language is inapplicable. The language TRACO does include confusingly notices an objection deadline of 21-days but also states in the Motion that relief is requested by July 1, 2025.

26. Here, TRACO seeks temporary allowance of its claims for voting purposes and has requested such relief by July 1, 2025. These matters do not need to be addressed in advance of the upcoming confirmation hearing scheduled for July 14, 2025. TRACO's request for relief may be mooted by the voting results on the Debtors' Plan and may be taken up at the July 14 confirmation hearing to the extent it is not mooted. There is no emergency justifying the Motion be heard by July 1, 2025, in advance of the Voting Deadline and the scheduled confirmation hearing for the Debtors' Plan.

27. Moreover, any purported need for emergency relief is of TRACO's own making. TRACO failed to file a proof of claim in advance of the Voting Record Date, a fact it was clearly aware of, and as a result is not entitled to vote under the court-approved Voting Procedures and the Bankruptcy Code. It now seeks to correct that error by collaterally, and belatedly, attacking this Court's Solicitation Procedures Order.

28. Accordingly, TRACO's request for emergency relief should be denied.

## RESERVATION OF RIGHTS

29. The Debtors reserve all rights, defenses, and remedies in contract and under applicable law, including but not limited to (i) supplement or add to the legal and factual arguments raised in this Preliminary Objection, on any basis whatsoever, at a future date, and to present evidence in support thereof, (ii) to seek to designate any votes submitted by TRACO, and (iii) to seek to recharacterize and/or subordinate TRACO's claims. Nothing herein (i) is intended to, or does, in any manner waive, limit, impair, or restrict the Debtors' ability to protect and preserve 0their rights, remedies, and interests, including without limitation any claims against TRACO and its directors and officers; (ii) shall be deemed (a) an agreement or admission by the Debtors as to the validity, categorization, amount, or priority of any claim against any Debtor entity on any

grounds, (b) a waiver or impairment of any rights, claims, or defenses of the Debtors or any other party-in-interest to dispute any claim on any grounds; (c) a promise by the Debtors that any claim is payable; or (d) a waiver of the rights or defenses of the Debtors under the Bankruptcy Code or any other law.

## **CONCLUSION**

30. For these reasons, the Court should deny TRACO's requests for (i) emergency relief and (ii) temporary allowance of its proofs of claim for voting purposes.

Dated:  July 1, 2025
Houston, Texas

<u>  /s/  Clifford W. Carlson                         </u>
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
             Clifford.Carlson@weil.com
             Stephanie.Morrison@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Jeffrey D. Saferstein (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Jeffrey.Saferstein@weil.com
             Jason.George@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
David J. Cohen (admitted *pro hac vice*)
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159
Email:   DavidJ.Cohen@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

    I hereby certify that on July, 1 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                       */s/ Clifford W. Carlson*
                                                       Clifford W. Carlson