UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Steward Health Care System LLC, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90213 (CML)<br><br>(Jointly Administered)<br>**Re: Docket No. 5021** |

**LIMITED OBJECTION OF VARIAN MEDICAL SYSTEMS, INC. TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF STEWARD HEALTH CARE SYSTEM LLC AND ITS AFFILIATED DEBTORS AND PRESERVATION OF THE RIGHT OF SETOFF AND RECOUPMENT**

Varian Medical Systems, Inc. ("Varian"), by and through its undersigned counsel, files this limited objection to confirmation of the *Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and its Affiliated Debtors* filed at docket number 5021 ("Plan") and preservation of the right of setoff and recoupment. In support of this limited objection, Varian respectfully states as follows:

1. Varian objects to the confirmation of the Plan to the extent that the Debtors seek to enjoin, bar or waive any or all of the defenses of Varian (including, but not limited to, rights of setoff or recoupment) in connection with any litigation commenced against Varian by either the Litigation Trust, the Plan Trust, the Plan Trustee, the Debtors' estates or any other party authorized to prosecute Causes of Action under the Plan.

2. The Bankruptcy Code does not authorize a debtor to use its bankruptcy plan to foreclose the defenses of third parties in future litigation. *See e.g., In re United States Abatement Corp.,* 79 F.3d 393, 398 (5th Cir. 1996) (holding the trustee of a bankruptcy estate "takes the property subject to the rights of recoupment"); *ABCO Inds., Inc. v. ESI, Inc. (In re ABCO Indus., Inc.),* 270 B.R. 58, 61-62 (Bankr. N.D. Tex. 2001) (holding setoff is only barred as set forth in Section 553 of the Bankruptcy Code and the equitable right of recoupment is not addressed in the

44110719.2/154695.00006

Bankruptcy Code); *Aetna Life Ins. Co. v. Bram (In re Bram),* 179 B.R. 824, 827 (Bankr. E.D. Tex. 1995) (noting "the right to recoupment does not constitute a debt which is dischargeable"); *Northstar Offshore Grp., LLC v. Peregrine Oil & Gas LP (In re Northstar Offshore Grp., LLC),* No. 17-03448, 2018 WL 4445082, at *3 (Bankr. S.D. Tex. Sept. 14, 2018) ("[C]ourts have viewed recoupment as an equitable remedy that is unbound by the restrictions on setoff that arise from the claims allowance process."); *Gilmour v. Aetna Health, Inc.,* No. 17-cv-00510, 2018 WL 4937072, at *5 (W.D. Tex. Oct. 11, 2018), report and recommendation adopted, 2018 WL 10374126 (W.D. Tex. Dec. 11, 2018) (finding the creditor could assert its setoff counterclaims against the debtor, "regardless of any discharge of any [] Debtor in bankruptcy").

3. Under section 12.5 of the Plan, the Debtors propose to enjoin third parties from asserting any rights of setoff or recoupment:

> Except as otherwise expressly provided in this Plan, or for distributions required to be paid or delivered pursuant to this Plan or the Confirmation Order, all Entities that have held, hold, or may hold Claims, Interests, or Causes of Action that are (i) released or discharged pursuant to the Plan, including under Section 12.6(a) or Section 12.6(b) of this Plan, or (ii) subject to exculpation pursuant to Section 12.7 of this Plan, and all other parties in interest, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, an Estate, the Plan Trust, the Plan Trustee, the Litigation Trust, the Plan Trustee, the Released Parties, and/or the Exculpated Parties (to the extent of the exculpation provided pursuant to Section 12.7 of this Plan with respect to the Exculpated Parties), as applicable, with respect to such Claims, Interests, and Causes of Action: (A) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative, or other forum) on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action; (B) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly, or indirectly, any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action; (C) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action**; (D) asserting any**

**right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action unless (x) such Entity has timely asserted such setoff right either in a filed proof of Claim, or in another document filed with the Bankruptcy Court explicitly preserving such setoff or that otherwise indicates that such entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise or (y) such right to setoff arises under a postpetition agreement with the Debtors or (i) an executory contract or (ii) an unexpired lease, in the case of (i) and (ii), that has been assumed by the Debtors as of the Effective Date**; . . . .

Plan, § 12.5 (emphasis added).

4. Varian filed several proofs of claim asserting both unsecured and administrative claims (collectively, the "Claims") against several of the Debtors. A chart identifying the Claims, as maintained by the Debtors' claim agent, is attached as Exhibit A. Varian has additional administrative claims that it intends to file in accordance with the Plan (to the extent that it is confirmed) or other applicable law. Further, Varian has elected to Opt Out of the Administrative Claims Consent Program through the filing of the Consent Program Opt Out Form.[1] Varian provides additional notice, through this objection, that it intends to Opt Out of the Administrative Claims Consent Program for all of its administrative claims (both those asserted in the Claims and those which have not yet been filed).

5. In each of its filed Claims, Varian stated that the filing of the Claim was not a "limitation, waiver, or release of Varian's…defenses against any person, entity, or property." One of Varian's defenses is the right of setoff and/or recoupment.

6. **To be clear, Varian explicitly preserves all setoff and recoupment rights. Further, Varian has or intends to preserve any right of setoff and recoupment pursuant to**

---

[1] The Consent Program Opt-Out Program contained a dollar figure of $496,348.84 for the "Reconciled Amount." On June 27, 2025, Varian requested that the Debtors provide Varian with the details behind the Debtors' calculation of the Reconciled Amount. As of the date of this limited objection, Varian had not received the calculation.

**applicable law.** This statement is filed as the "document filed with the Bankruptcy Court explicitly preserving such setoff or that otherwise indicates that such entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise…" Plan, § 12.5.

7. It would be inequitable and contrary to prevailing case law to strip Varian of its defenses in future litigation, while at the same time preserving the Debtors' right to setoff and recoupment. *Compare* Plan § 8.15 and Plan § 12.15.

8. Varian respectfully requests that the Court not confirm the Plan unless all defenses of Varian are explicitly preserved.

9. Varian hereby reserves all rights regarding additional arguments related to the Plan and maintains the right to amended, supplement or modify this Limited Objection at any time. All other rights of Varian in relation to the Debtors, and previously filed proofs of claim and administrative claims are expressly preserved.

> Respectfully submitted,
>
> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>
> By: /s/ Marc N. Swanson
> Marc N. Swanson (Michigan P71149) (*admitted pro hac vice*)
> 150 West Jefferson, Suite 2500
> Detroit, MI  48226
> Phone:  (313) 496-7591
> Fax:  (313) 496-8452
> swansonm@millercanfield.com
>
> *Counsel to Varian Medical Systems, Inc.*

Dated:  July 2, 2025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 2, 2025, a true and correct copy of the foregoing was served by electronic means as listed on the court's ECF's noticing system.

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

        By: /s/ Marc N. Swanson
        Marc N. Swanson (Michigan P71149) (*admitted pro hac vice*)
        150 West Jefferson, Suite 2500
        Detroit, MI 48226
        Phone: (313) 496-7591
        Fax: (313) 496-8452
        swansonm@millercanfield.com

        *Counsel to Varian Medical Systems, Inc.*

Dated: July 2, 2025

44110719.2/154695.00006

EXHIBIT A

| | | | | |
|---|---|---|---|---|
| 6735 | 08/22/2024 | Varian Medical Systems, Inc. | SJ Medical Center, LLC | $476,048.40 |
| 6740 | 08/22/2024 | Varian Medical Systems, Inc. | Steward Holy Family Hospital, Inc. | $476,048.40 |
| 7917 | 08/23/2024 | Varian Medical Systems, Inc. | Steward Health Care System LLC | $489,609.45 |
| 8224 | 08/22/2024 | Varian Medical Systems, Inc. | Steward Norwood Hospital, Inc. | $476,048.40 |
| 8390 | 08/23/2024 | Varian Medical Systems, Inc. | Steward NSMC, Inc. | $489,609.45 |
| 8410 | 08/23/2024 | Varian Medical Systems, Inc. | Steward Norwood Hospital, Inc. | $489,609.45 |
| 8464 | 08/23/2024 | Varian Medical Systems, Inc. | SJ Medical Center, LLC | $489,609.45 |
| 8574 | 08/23/2024 | Varian Medical Systems, Inc. | Steward St. Elizabeth's Medical Center of Boston, Inc. | $489,609.45 |
| 9175 | 08/22/2024 | Varian Medical Systems, Inc. | Steward St. Elizabeth's Medical Center of Boston, Inc. | $476,048.40 |
| 9229 | 08/22/2024 | Varian Medical Systems, Inc. | Steward Health Care System LLC | $476,048.40 |
| 9241 | 08/22/2024 | Varian Medical Systems, Inc. | Steward St. Anne's Hospital Corporation | $476,048.40 |
| 9250 | 08/22/2024 | Varian Medical Systems, Inc. | Steward PGH, Inc. | $476,048.40 |
| 9254 | 08/22/2024 | Varian Medical Systems, Inc. | Steward Trumbull Memorial Hospital, Inc. | $476,048.40 |
| 9257 | 08/22/2024 | Varian Medical Systems, Inc. | Steward NSMC, Inc. | $476,048.40 |
| 9631 | 08/23/2024 | Varian Medical Systems, Inc. | Steward Health Care System LLC | $489,609.45 |
| 9638 | 08/23/2024 | Varian Medical Systems, Inc. | Steward Holy Family Hospital, Inc. | $489,609.45 |
| 9784 | 08/23/2024 | Varian Medical Systems, Inc. | Steward St. Anne's Hospital Corporation | $489,609.45 |
| 9814 | 08/23/2024 | Varian Medical Systems, Inc. | Steward St. Elizabeth's Medical Center of Boston, Inc. | $489,609.45 |
| 9918 | 08/23/2024 | Varian Medical Systems, Inc. | Steward Trumbull Memorial Hospital, Inc. | $489,609.45 |
| 10419 | 08/23/2024 | Varian Medical Systems, Inc. | Steward PGH, Inc. | $489,609.45 |
| 13438 | 12/20/2024 | Varian Medical Systems, Inc. | Steward Holy Family Hospital, Inc. | $344,366.97 |
| 13445 | 12/20/2024 | Varian Medical Systems, Inc. | Steward NSMC, Inc. | $1,395.00 |
| 13504 | 12/20/2024 | Varian Medical Systems, Inc. | Steward St. Elizabeth's Medical Center of Boston, Inc. | $0.00 |
| 13528 | 12/20/2024 | Varian Medical Systems, Inc. | Steward St. Anne's Hospital Corporation | $6,187.50 |
| 13532 | 12/20/2024 | Varian Medical Systems, Inc. | Steward Health Care System LLC | $348,755.92 |
| 13609 | 12/20/2024 | Varian Medical Systems, Inc. | Steward Trumbull Memorial Hospital, Inc. | $7,907.55 |
| 13783 | 12/20/2024 | Varian Medical Systems, Inc. | Steward St. Elizabeth's Medical Center of Boston, Inc. | $85,297.28 |