# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **STEWARD HEALTH CARE SYSTEM LLC, et al.,** | Case No. 24-90213 (CML) |
| Debtors. | (Jointly Administered) |

## OBJECTION TO DISCLOSURE STATEMENT AND PLAN

Creditors Humana Insurance Company, Humana Health Plan, Inc., Humana Government Business, Inc., CarePlus Health Plans of Florida, Inc., CarePlus Health Plans, Inc., and their related entities and their affiliates that underwrite or administer health plans (collectively, the "Humana Entities"), by counsel, hereby object to the Plan [Doc. 5021] and Disclosure Statement [Doc. 5028], and any supplements thereto, of Steward Health Care System LLC and its affiliated debtors.  In support of its Objection, the Humana Entities state as follows:

### Jurisdiction and Venue

1) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

2) Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3) This Court also has broad authority to exercise power over the administration of this case under 11 U.S.C. § 105 to act as appropriate or necessary in the aid of the exercise of its jurisdiction.

### Background

4) Debtors filed a Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and its Affiliated Debtors, as amended or supplemented (the "Plan") [Doc. 5021].

5) Debtors filed a Disclosure Statement for Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors, as amended or supplemented (the "Disclosure Statement") [Doc. 5053].

6) Debtors filed a Notice of Plan Supplement In Connection with Joint Chapter 11 Plan of Steward Health Care System LLC and Its Affiliated Debtors ("Supplement") [Doc. 5207].

## Objection

7) The Humana Entities object to the Disclosure Statement and Plan on the following grounds.

**I.     Objection To Any Attempt to Waive the Humana Entities' Defenses.**

8) The Humana Entities are identified as a healthcare payor the Litigation Trust will likely pursue. [Doc. 5021, Page 141]. Nevertheless, at numerous junctures in the Disclosure Statement and Plan, the Debtors seek to preemptively cut off or bar the Humana Entities' defenses in future litigation, including, but not limited to, the litigation brought by the Debtors, Liquidation Trusts, or assignees under assumed contracts. The Bankruptcy Code does not authorize the Debtors to use the Disclosure Statement and Plan to cut off the Humana Entities' defenses in future litigation. *See In re United States Abatement Corp.,* 79 F.3d 393, 398 (5th Cir. 1996) (holding the trustee of a bankruptcy estate "takes the property subject to the rights of recoupment"); *ABCO Inds., Inc. v. ESI, Inc. (In re ABCO Indus., Inc.)*, 270 B.R. 58, 61-62 (Bankr. N.D. Tex. 2001) (holding setoff is only barred as set forth in Section 533 of the Bankruptcy Code and the equitable right of recoupment is not addressed in the Bankruptcy Code); *Aetna Life Ins. Co. v. Bram (In re Bram)*, 179 B.R. 824, 827 (Bankr. E.D. Tex. 1995) ("[T]he right to recoupment does not constitute a debt which is dischargeable" and acknowledging the case law in the bankruptcy concerning health-care providers where courts have allowed insurers to recoup overpayments from amounts

owed to the debt post-petition under recoupment); *Northstar Offshore Grp., LLC v. Peregrine Oil & Gas LP (In re Northstar Offshore Grp., LLC)*, No. 17-03448, 2018 Bankr. LEXIS 2817, 2018 WL 4445082, at *3 (Bankr. S.D. Tex. Sept. 14, 2018) ("courts have viewed recoupment as an equitable remedy that is unbound by the restrictions on setoff that arise from the claims allowance process"); *Gilmour v. Aetna Health, Inc.*, No. 17-cv-00510, 2018 U.S. Dist. LEXIS 175027, 2018 WL 4937072, at *4 (W.D. Tex. Oct. 11, 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 233796, 2018 WL 10374126 (W.D. Tex. Dec. 11, 2018) (finding the creditor could assert its setoff counterclaims against the debtor, even though the debtor was a liquidating corporate debtor and not discharged in the bankruptcy).

9) Examples of provisions that seek to inappropriately cut off the Humana Entities' potential defenses in future litigation, include, but are not limited to the following:

    a) The definition of "Cause of Action" in the Plan includes the right of recoupment, any defense, remedy, or setoff, whether known or unknown. [Doc. 5021, Page 11]. It further provides "[f]or the avoidance of doubt, "Cause of Action" includes (i) any right of setoff, counterclaim or recoupment and any claim for breach of contract or for breach of duties imposed by law or in equity, (ii) the right to object to Claims or Interest, (iii) any claim pursuant to section 362 of the Bankruptcy Code, (iv) any claim or defense, including fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code, and (v) any Avoidance Action." [*Id.*]. The definition of Cause of Action should not include defenses or counterclaims that can be used for setoff purposes, including, but not limited to, recoupment or setoff.

    b) Section 7.2 of the Plan provides: "Upon the Litigation Trust Establishment

Date, the Debtors shall transfer the Litigation Trust Assets to the Litigation Trust, and all such assets shall vest in the Litigation Trust (free and clear of all Liens, Claims, encumbrances and Interests (legal, beneficial or otherwise) to the fullest extent permitted by law) on such date, to be administered by the Litigation Trust, in accordance with the Litigation Trust Agreement." [Doc. 5021, page 56]. A similar provision can be found on page 81 of the Plan. [Doc. 5021, page 81 ("the Assets of the Estates, including all claims, rights and Causes of Action and any property acquired by the Debtors under or in connection with this Plan or the Plan Supplement, shall vest in the Litigation Trust and the Plan Trust (as applicable) free and clear of all Claims, Liens, encumbrances, charges, constructive trusts, and other interest to the extent permitted under applicable law."].

c) The Plan Injunction in Section 12.5 provides that "all entities that have held, hold, or may hold Claims, Interests, or Causes of Action … are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, an Estate, the Plan Trust, the Plan Trustee, the Litigation Trust, the Plan Trustee, the Released Parties, and/or the Exculpated Parties … commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative, of other forum) on account of or in connect with or with respect to any such Claims, Interests, or Causes of Action" and any setoff or recoupment rights. [Doc. 5021, page 82].

10) To the extent the Humana Entities have failed to identify any and all additional provisions in the Plan or Disclosure Statement or affiliated filings by the Debtors that include a provision that seeks to waive or bar the Humana Entities from asserting certain defenses or counterclaim in response to future demands or litigation, the Humana Entities object to same. The Bankruptcy Code does not permit such a prospective bar. *Supra* Paragraph 9. Thus, this Court amend the confirmation order accordingly.

11) The Humana Entities' request is not unreasonable as the Plan preserves setoff and recoupment rights for Debtors. The Humana Entities merely request the same treatment, reservation of any affirmative defenses, recoupment or setoff rights, they may have or could assert in future litigation with the Litigation Trust, Debtors, Estate or their applicable counterparties. In fact, the Plan contains a provision preserving the Debtors' causes of action. [Doc. 5021, page 42, Section 5.14].

12) With respect to setoff, the Humana Entities asserted this right in their proof of claims and should be able to assert same in future litigation. *See* Humana Entities' POCs. The Humana Entities previously reached an agreement with Debtors regarding language that was included in the Order *(I) Approving Settlement With FILO Secured Parties; (II) Authorizing and Directing Transfer of Assets In Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* [Doc. 5035, Paragraph 48]. The Humana Entities request the same or similar language in the Plan preserving their defenses.

**II.    The Release and Injunction are Overly Broad.**

13) The Disclosure Statement and Plan include an overly broad Release and Injunction

that could potential impact the Humana Entities' rights against third-parties (examples include the Liquidation Trust and entities that assumed executory contracts in the Bankruptcy) even though it opted-out of the Third-Party Releases. *See* Plan, Section 12.5 and Section 12.6(a).

14) Based on the language, the Release and Injunction are no different and seek to achieve the same result not permitted by the Bankruptcy Code – to wipe out all of the Humana Entities' defenses to future claims brough by the Debtors or the Liquidation Trust and to wipe out all claims or defenses the Humana Entities may have against any third-parties (assignees under the executory contracts), which remain unidentified in the Plan and could potentially encompass the Humana Entities' rights under the contracts that were assumed and assigned in the Bankruptcy.

15) The Disclosure Statement and Plan include an overly broad definition of "Released Parties", which encompasses the Plan Trust, the Plan Trustee, the Liquidation Trust, the Liquidation Trustee and Entities' Related Parties. [Doc. 5021, page 23].

16) "Entities Related Parties" is not a defined term in the Plan. [Doc. 5021].

17) To the extent "Entities Related Parties" is meant to refer to the definition of "Entity" in 11 U.S.C. § 101(15) and "Related Parties", as defined in the Plan, the scope exceeds what is permitted under the Bankruptcy Code. The Debtors' proposed "Entities Related Parties" can be read to include any individual, partnership and corporation that: (i) acquired an asset from the Debtors; (ii) any affiliates of any of the above "regardless of whether such interest are held directly or indirectly"; (iii) management companies, managed accounts or funds; (iv) Representatives; and (v) "with respect to each of the foregoing, their respective predecessors, successor, and assigns, in each case, solely in their capacity as such." [Doc. 5021, page 23]. Based on this definition the question really is, who is not covered by the proposed Release and Injunction.

18) Why are the breath of the defined terms of the Injunction and Release so important

to the Humana Entities? With respect to the Humana Entities, the Debtors' proposed broad release is particularly problematic. As this Court knows, Debtors' Bankruptcy resulted in Debtors' assumption and assignment to the various interim operators and then purchasers, executory contracts with the Humana Entities. Debtors' proposed release is so broad it could be read to release any claims the Humana Entities have against the interim operators or purchasers after consummation of those transactions or unrelated to the Bankruptcy generally. There is simply no basis in the Bankruptcy Code for that kind of release after *Purdue Pharm*. The "bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a nondebtor without the consent of affected claimants" and the Humana Entities have opted-out of the third-party releases. *In re Parlement Techs., Inc.*, 661 B.R. 722, 728 (Bankr. D. Del. 2024) (*citing Harrington v. Purdue Pharm L.P.*, 144 S. Ct. 2071, 219 L. Ed. 2d 721 (2024)).

19)    Further, Section 365 of the Bankruptcy Code requires assumed contracts to be assumed with all benefits and liabilities. *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.),* 208 F.3d 498, 505 (5th Cir. 2000) (the debtor must ensure that any other party in an unexpired lease "is made whole at the time of the debtor's assumption of said contract"); see also *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir. 1985) ("section 365 is intended to provide a means whereby a debtor can force another party to an executory contract to continue to perform under the contract if (1) the debtor can provide adequate assurances that it, too, will continue to perform, and if (2) the debtor can cure any defaults in its part performance").

20)    Thus, as it relates to the Humana Entities, the release is improper as it goes well beyond this Bankruptcy and could impact the Humana Entities' rights against other parties,

7

defenses to causes of action brought by the Liquidation Trust and could even be read to abrogate Section 365 of the Bankruptcy Code.

### III. The Plan Impermissible allows for assumption of executory contracts beyond the confirmation order.

21) The Plan and Supplement discuss the assumption or rejection of executory contracts. [Doc. 5021; Doc. 5207, Page 17 ("For the avoidance of doubt, the Estate Representative may seek to assume, assume and assign, or reject an executory contract or unexpired lease at any time prior to the Effective Date, whether or not such executory contract or unexpired lease is listed on the Schedule of Assumed Contracts")].

22) The provisions therein provide that Debtors have until the Effective Date of the Plan, not entry of the confirmation order, to determine what executory contracts will be assumed, assumed, and assigned or rejected. *[Id.]*.

23) These provisions run afoul with Section 365 of the Bankruptcy Code. The Bankruptcy Code provides that assumption or rejection may happen at any time before confirmation of the plan or "under a plan confirmed under chapter 8, 11, 12, or 13." 11 U.S.C. §§ 365(d)(2) and 365(g)(1). Section 365 of the Bankruptcy Code, however, does not provide that Debtors can wait until the Effective Date of the plan (currently proposed to be 2027) to make a decision about whether to assume or reject certain executory contracts. *Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 45-46, 128 S. Ct. 2326, 2335-2336, 171 L. Ed. 2d 203, 215-216, 2008 U.S. LEXIS 5025, *22-24, 76 U.S.L.W. 4471, 59 Collier Bankr. Cas. 2d (MB) 1316, 50 Bankr. Ct. Dec. 34, 21 Fla. L. Weekly Fed. S 374 ("We agree with *Bildisco*'s commonsense observation that the *decision* whether to reject a contract or lease must be made before confirmation.").

### IV. Humana Entities' Administrative Claims.

24) Despite having filed administrative claims in the Bankruptcy (the "Administrative Claims"), the Humana Entities did not receive the paper needed to Opt Out of the Administrative Claims Consent Program. This objection provides notice that the Human Entities intend to Opt Out of the Administrative Claims Consent Program and require the additional paperwork necessary to ensure their selection is processed.

25) The Humana Entities further reserve the right to file additional administrative claims or amend their existing claims as appropriate.

### V. Debtors' Ninth Inning Attempt to Recase the Humana Entities' Claims.

26) The Humana Entities object to Debtors' attempt ninth inning attempt (2 days before the objection deadline) to recharacterize their claims as contingent and unliquidated in order to exclude the Humana Entities' votes against the Plan. [Docs. 5226-5264; Doc. 5036, Page 36(D).]

### Reservation of Rights

27) The Humana Entities reserve all their rights and waive none.

28) The Humana Entities reserve all rights regarding any additional arguments regarding the Disclosure Statement and Plan.

29) By filing this Objection, the Humana Entities do not waive (i) the Humana Entities' right to have final orders in non-core matters entered only after *de novo* review by a District Judge; (ii) the Humana Entities' right to trial by jury in any proceeding so triable in this case or any case, controversy or proceeding related to this case; (iii) the Humana Entities' right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (iv) any other rights, claims, actions, defenses, setoff or recoupments to which Humana Entities may be entitled.

WHEREFORE, the Humana Entities respectfully request that: (a) the Humana Entities' objection be sustained; (b) their rights be reserved in a manner consistent with reservations asserted herein; and (c) the Court grant such other and further relief as it may deem just and appropriate under the circumstances.

Respectfully submitted,

/s/ Sarah S. Mattingly
Sarah S. Mattingly, Esq. (KBA #94257)
Dinsmore & Shohl LLP
101 S. 5th St., Ste. 2500
Louisville, KY 40202
Tel: (859) 425-1096
Fax: (859) 425-1099
E-mail: sarah.mattingly@dinsmore.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served this the electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

*/s/ Sarah S. Mattingly, Esq.*
***ATTORNEY FOR CREDITOR,***
***THE HUMANA ENTITIES***