IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Steward Health Care System LLC, *et al.*, | Case No. 24-90213 (CML) |
| Debtors.[1] | (Jointly Administered) |

### RESPONSE TO FIFTEENTH OMNIBUS CLAIM OBJECTION

Johnson & Johnson Health Care Systems Inc. ("Claimant") responds to the *Debtors' Fifteenth Omnibus Objection to Certain Proofs of Claim (Reclassified and Reduced Claims)*, ECF No. 5179 (the "Objection"),[2] filed by Steward Health Care System LLC and its debtor affiliates ("Debtors") as follows:

### RESPONSE

1. Claimant is a supplier of various goods to the Debtors.

2. On August 15, 2024, Claimant filed a timely proof of claim against Steward Health Care System LLC. The total claim was $2,741,574.00 consisting of (i) an unsecured claim for $2,558,701 and (ii) an administrative claim for $182,873.00. Claimant's administrative claim is based on goods sold and delivered within the 20 days prior to May 6, 2024 (the "Petition Date").

3. The Debtors seek to reduce the administrative claim based on an alleged postpetition payment of $9,463. The Debtors have not provided any proof of payment or further information regarding this payment such as payment date, form of payment, check details, or wire

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Complaint.

information.  As a result, Claimant is unable to confirm its receipt of such payment or further reply to the Objection.

4. In addition, the Debtors seek to reclassify $15,356.61 of the administrative claim into an unsecured claim.  The Debtors assert that reclassification is proper because certain goods were not received in the 20-day window prior to the Petition Date.  According to Claimant's records, dozens of invoices were fulfilled during the 20-day window.  Debtors have failed to specify which of those deliveries were not actually received during the 20-day period, making it difficult for Claimant to investigate this argument further.  Debtors have similarly failed to provide any evidence that any deliveries fell outside of that window or otherwise support their arguments regarding reclassification.

5. This Court should overrule the Debtors' objections unless the Debtors are able to further substantiate their arguments with proof of payment and proof of delivery (as applicable).

**WHEREFORE**, Claimant respectfully requests that this Court overrule the Debtors' objection to Claimant's proof of claim and grant such other additional relief as the Court may deem just or proper.

Dated: Houston, Texas
       July 16, 2025

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Sharon M. Beausoleil*
Sharon M. Beausoleil
Texas State Bar No.  24025245
sbeausoleil@foley.com
1000 Louisiana Street, Suite 2000
Houston, TX  77002
Telephone: 713-276-5500
Facsimile: 713-275-5555

-3-

    Robert F. Johnson III
SBOT# 10786400
600 Congress Ave., Suite 3000
Austin, TX 78701
Telephone: 512.542.7127
Email: rjohnson@foley.com

*-and-*

David W. Dykhouse *(not admitted pro hac vice)*
Kimberly A. Black *(not admitted pro hac vice)*
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Email: dwdykhouse@pbwt.com
Email: kblack@pbwt.com

*Attorneys for Johnson & Johnson Health Care Systems Inc.*

## CERTIFICATE OF SERVICE

    I certify that on July 16, 2025, a copy of the foregoing pleading was served electronically on all parties receiving electronic notices pursuant to the Court's CM/ECF system.

                                              */s/ Sharon M. Beausoleil*
                                              Sharon M. Beausoleil