United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 29, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| | § | Case No. 24-90213 (CML) |
| **STEWARD HEALTH CARE SYSTEM** | § | |
| **LLC,** *et al.,* | § § | **(Jointly Administered)** |
| Debtors.[1] | § § | Re: Docket Nos. 4014, 4269, |
| | § | 5485, 6011 |

## SECOND AMENDED ORDER ESTABLISHING STREAMLINED PROCEDURES FOR THE PROSECUTION AND RESOLUTION OF AVOIDANCE CLAIMS

Upon consideration of the *Notice of Filing of Proposed Second Amended Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* [Docket No. 6011] filed on behalf of the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") and the SHC Creditor Litigation Trust (the "Litigation Trust"), as the assignee and transferee of certain of the Debtors' causes of action under the *Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* [Docket No. 5492] (the "Plan") and the *Order Approving Settlement with FILO Secured Parties; (I) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* [Docket No. 5035], proposing a second amended order ("Proposed Order") establishing certain streamlined procedures to

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases c/o Steward Health Care System LLC, 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

govern the prosecution, mediation and resolution of certain avoidance causes of action of the Debtors against non-insider, non-affiliate transferees (collectively, the "Avoidance Actions" and each, an "Avoidance Action"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026, 9006 and 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), all as more fully set forth in the *Motion of Debtors for Entry of an Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* [Docket No. 4014] (the "Motion"); and the Court having jurisdiction to enter the Proposed Order and provide the relief therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and consideration of the Proposed Order and the relief provided therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due, proper, and adequate notice of the Motion and Proposed Order under Bankruptcy Rule 6004(a) and opportunity for objection to and a hearing on the Motion and Proposed Order having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and Proposed Order; and the Court having the opportunity to hold a hearing on the Motion and Proposed Order; and the Court having determined that the legal and factual bases set forth in the Motion and Proposed Order establish just cause for the relief granted herein; and the Court having found that the relief provided in the Proposed Order is in the best interests of the Debtors, their creditors, their estates, the Plan Trust Beneficiaries (as defined in the Plan), the Litigation Trust Beneficiaries (as defined in the Plan), and all other parties in interest;

and upon all of the proceedings had before the Court; and all objections to the Motion

and Proposed Order, if any, having been withdrawn, resolved, or overruled; and after

due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.      The Motion is granted as set forth herein.

2.      The settlement procedures set forth in the Proposed Order (the

"Settlement Procedures") are approved.  Notwithstanding anything to the contrary, the

Litigation Trust and Mark Kronfeld, not individually but solely in his capacity as

trustee for the Litigation Trust (the "Litigation Trustee" or "Plaintiff"), are authorized,

but not directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and

Bankruptcy Rules 7016 and 9019, to settle Avoidance Actions pursuant to the following

Settlement Procedures:

- For the settlement of any Avoidance Action where the amount demanded is $5,000,000 or greater (regardless of whether an adversary proceeding has been commenced), the Litigation Trust or Plaintiff will move for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019; and

- For the settlement of any Avoidance Action where the amount demanded is less than $5,000,000 but greater than $375,000 (a "Proposed Settlement"), the Litigation Trust or Plaintiff shall be authorized to (a) enter into and consummate the Proposed Settlement and (b) provide a release to defendant(s) of an Avoidance Action (or relevant 3rd party where appropriate) without a further Order of the Court and without giving notice to, or receiving consent from any other party, except that written notice of such settlement shall be provided to counsel for the Creditors' Committee and counsel for the FILO Lenders which shall have until ten (10) days after the receipt of written notice of any particular Proposed Settlement to serve upon the counsel to the Litigation Trust or Plaintiff a written objection to such settlement (a "Committee or FILO Lenders Objection") . In the event that the Committee or FILO Lenders serve a Committee or FILO Lenders Objection to a Proposed Settlement and such objection cannot be resolved by the Litigation Trust or Plaintiff, the Committee or the FILO Lenders within five (5) business days after service of the Committee or FILO Lenders Objection, or such longer period as the Litigation Trust or Plaintiff and the Committee or FILO Lenders may agree in writing, then the Litigation Trust or Plaintiff will file the

Proposed Settlement seeking Court approval on five (5) business days' notice.  If a party fails to timely file a written objection that is actually received by the clerk, the Court may treat the Proposed Settlement as unopposed and approve the Proposed Settlement without need for a hearing.  In the event a written objection is received, the Litigation Trust and Plaintiff will have an opportunity to file a reply and will coordinate with the Court to schedule a hearing;  and

- For the settlement of any Avoidance Action where the amount demanded is $375,000 or less, the Litigation Trust and Plaintiff shall be authorized to (a) enter into and consummate such settlement and (b) provide a release to defendants of the Avoidance Actions (or relevant 3rd party where appropriate) without a further order of the Court and without giving notice to, or receiving consent from, any other party.

3.     Notwithstanding anything to the contrary herein, to the extent the settlement of any Avoidance Action requires the Plan Trust (as defined in the Plan) to provide a release to defendants or third parties on behalf of the Debtors or their estates (whether in connection with the Avoidance Actions or otherwise), the Litigation Trust, or Plaintiff, as applicable, must first receive written approval from the Plan Trust's counsel in connection with execution of such settlement, which approval shall not be unreasonably withheld.  The rights of the Plan Trust to object to any claim, including without limitation any Administrative Expense Claim reduced or otherwise modified in connection with any settlement of any Avoidance Action, shall not be impaired, prejudiced or waived by any settlement of the Litigation Trust without the Plan Trust's express written approval.

4.     Cause exists to limit applicable notice pursuant to Bankruptcy Rule 2002(a) as provided in the Motion, and no other or further notice of a settlement shall be required other than as explicitly provided herein.

5.     For the avoidance of doubt, the Settlement Procedures shall not apply to (a) any claim held by the Litigation Trust against any insider or affiliate or (b) any claim held by an insider or affiliate against any Debtor.

6.     The Avoidance Action Procedures (as defined below) are approved. Pursuant to Bankruptcy Rules 7016, 7026 and 9006 and section 105(a) of the Bankruptcy Code, the procedures attached to the *Notice of Filing of Proposed Second Amended Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* at Docket No. ___ (the "Notice") as Second Amended Exhibit 1 and Second Amended Exhibit 2 (the "Avoidance Action Procedures") are incorporated herein by reference and are hereby approved in their entirety.  Avoidance Actions and all parties to the Avoidance Actions shall be governed by the Avoidance Action Procedures effective as of the date of this order.

7.     A copy of the Avoidance Action Procedures will be served on each defendant with the summons and complaint in each Avoidance Action.

8.     Defendants to Avoidance Actions shall have thirty (30) days following service of the respective complaint to affirmatively opt into the Avoidance Action Procedures with voluntary mediation provided for in Second Amended Exhibit 2, or the default deadlines provided for in Second Amended Exhibit 1 shall apply.  Thereafter, a Defendant may seek to proceed pursuant to the voluntary mediation provided for in Second Amended Exhibit 2 with consent of the applicable Plaintiff, without further need of any order or action of the Court.

9.     Each of those persons referenced on the proposed mediators list filed in connection with the Motion and listed on Exhibit 3 attached to the Notice is hereby approved as an authorized Mediator.

10.     The time periods set forth in this order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     This order shall be binding on the Debtors and any successors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the

Debtors.

12.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this order is hereby waived, and the terms and conditions of this order shall be effective and enforceable immediately upon its entry.

13.     The Litigation Trust is authorized to take all actions necessary and/or appropriate to effectuate the relief granted in this order.

14.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this order.


Signed:  October 29, 2025

Christopher Lopez
United States Bankruptcy Judge

**SECOND AMENDED EXHIBIT 1**

**SECOND AMENDED EXHIBIT 1**

**<u>Default Scheduling Order for Defendants</u>**
**<u>NOT Opting into Voluntary Mediation Program</u>**

Any Defendant that wishes to opt into the Mediation Process described in the *Second Amended Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* (the "<u>Amended Order</u>") provided in **Second Amended Exhibit 2** must do so by notifying the Plaintiff **no later than 30 days after service of the Complaint** in writing, either via email at bmoore@teamtogut.com and mnester@teamtogut.com with a copy to arivera@teamtogut.com or via letter correspondence addressed to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Brian F. Moore and Minta J. Nester. After the 30-day period expires, the default deadlines of this **Second Amended Exhibit 1**, attached to the *Notice of Filing of Proposed Second Amended Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* at Docket No. ___ (the "<u>Notice</u>"), shall apply, unless the Plaintiff has granted any Defendant an extension of time to opt into the voluntary mediation scheduled provided for in **Second Amended Exhibit 2** to the Notice. The Avoidance Action Procedures governing the Avoidance Actions[1] (and all parties thereto) in which Defendants do NOT affirmatively opt-in to the voluntary mediation schedule (provided in **Second Amended Exhibit 2**) are as follows:

1.   Each Defendant's time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended such that an answer or other responsive pleading shall be due within a total of thirty (30) days after being served the respective complaint and summons of the Avoidance Action.

2.   To the extent not previously served, the parties' initial disclosures required under Bankruptcy Rule 7026 ("<u>Initial Disclosures</u>") shall be made by December 1, 2025.

3.   All non-expert fact discovery shall be completed by April 30, 2026.

     A.   All written interrogatories, document requests, and requests for admission, if any, may be served upon the opposing party any time after the service of Initial Disclosures through January 15, 2026.

     B.   Written response and objections to interrogatories, document requests, and requests for admission, if any, shall be served by February 12, 2026.

     C.   Document production shall be substantially complete no later than March 19, 2026.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Second Amended Order, as applicable.

D.  All depositions of fact witnesses must be completed by April 30, 2026.

4.  All expert discovery shall be completed by July 24, 2026.

A.  No later than May 7, 2026, the parties shall meet and confer concerning expert disclosures, including reports, stipulations, production of underlying documents, rebuttal reports, if any, and depositions.

B.  Pursuant to FRCP 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, the parties shall complete and exchange expert disclosures and reports on each issue where they have the affirmative burden of proof not including any report by the Plaintiff on insolvency) by no later than May 22, 2026.  In addition, if Defendant intends to provide expert testimony regarding insolvency of the Debtors, disclosures and reports from such experts shall be given on or before May 22, 2026.

C.  Disclosures and reports of the parties' rebuttal experts, including the Plaintiff's rebuttal insolvency report (if any), required under FRCP 26(a)(2) and made applicable herein pursuant to Bankruptcy Rule 7026, shall be made to the adverse party on or before June 16, 2026.

D.  All depositions of expert witnesses must be completed by July 24, 2026.

5.  Should a discovery dispute arise, the parties shall meet and confer to resolve the dispute.  If no resolution can be reached following a meet and confer, the complainant shall file with the Court a notice of discovery dispute outlining the issues, with a copy sent to the other party to the Remaining Avoidance Action. The respondent must reply to the notice of discovery dispute within three business days.  Neither the notice of discovery dispute nor the response thereto, excluding exhibits, may be longer than five pages double-spaced.  The Court will inform the parties if it will address the dispute raised in the notice informally via a status conference or require the parties to proceed through formal motion practice pursuant to Bankruptcy Rule 7037.

6.  Any motions for summary judgment shall be filed after the close of discovery and prior to August 27, 2026 at 4:00 P.M. (prevailing Central Time).

A.  Oppositions to any motion for summary judgment must be filed by September 24, 2026 at 4:00 P.M. (prevailing Central Time).

B.  Any reply to such oppositions must be filed by October 1, 2026 at 4:00 P.M. (prevailing Central Time).

7.  The parties shall file a Joint Pretrial Statement by October 1, 2026.  All counsel and unrepresented parties shall be responsible for the filing of the jointly prepared document.

8.      A Pretrial Conference shall be held in Courtroom 401, 4th Floor, 515 Rusk Street, Houston, Texas on _____ _____, 2026 at __:00 _.M. (prevailing Central Time). All counsel and unrepresented parties must attend the Pretrial Conference and be prepared to argue any pending motions for summary judgment.  A trial date will be assigned at the Pretrial Conference.

9.      Any changes in this schedule will only be made by further order of the Court, either orally at a hearing or in writing.  Motions to extend these deadlines will be granted only for good cause beyond the control of the lawyers or parties in very limited circumstances.

## SECOND AMENDED EXHIBIT 2

\

## SECOND AMENDED EXHIBIT 2

## **Scheduling Order for Defendants Opting into Voluntary Mediation Program**

Any Defendant that wishes to opt into the Mediation Process described herein must do so by notifying the Plaintiff **no later than 30 days after service of the Complaint** in writing, either via email at and bmoore@teamtogut.com and mnester@teamtogut.com with a copy to arivera@teamtogut.com or via letter correspondence addressed to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Brian F. Moore, Esq. and Minta J. Nester, Esq. After the 30-day period expires, the default deadlines of the Amended Order set forth in **Second Amended Exhibit 1**, attached to the *Notice of Filing of Proposed Second Amended Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* at Docket No. __ (the "Notice"), shall apply, unless the Plaintiff has granted any Defendant an extension of time to opt into the voluntary mediation scheduled provided for below.  The Avoidance Action Procedures governing the Avoidance Actions[1] (and all parties thereto) in which Defendants affirmatively opt-in to the voluntary mediation schedule provided below are as follows:

    A.    **Application of the Avoidance Action Procedures**. The Avoidance Actions Procedures shall apply to all parties in the Avoidance Actions. The Avoidance Action Procedures will not alter, affect, or modify the rights (if any) of any Defendant to seek a jury trial, withdraw reference to the Court, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157. All such rights of each Defendant (if any) shall be preserved unless otherwise agreed to in a responsive pleading.

    B.    **Extensions To Answer or File Other Responsive Pleading to the Complaint**. Each Defendant's time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended such that an answer or other responsive pleading shall be due within a total of sixty (60) days after being served the respective complaint and summons of the Avoidance Action.

    C.    **Waiver of Requirement To Conduct Scheduling Conference**. FRCP 26(f) (regarding conference of the parties and planning for discovery), made applicable pursuant to Bankruptcy Rule 7026, is hereby waived and not applicable with respect to the Avoidance Actions. Accordingly, no party to an Avoidance Action shall be required to submit a written report under FRCP 26(f).

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Amended Order, as applicable.

\

D. **Waiver of Requirement To Conduct Pretrial Conference**. FRCP 16 (regarding pretrial conferences), made applicable pursuant to Bankruptcy Rule 7016, is hereby waived and not applicable with respect to the Avoidance Actions. Accordingly, no party to an Avoidance Action shall be required to appear at an initial pretrial conference in connection with an Avoidance Action.

E. **Stay of Discovery**. The parties' obligations to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the Mediation Process (as defined herein) is concluded; provided, that the stay of discovery shall in no way preclude, with respect to any Avoidance Action, the Plaintiff and the applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process.

F. **Mediation**. Any Avoidance Action subject to this scheduling order that has not been settled or otherwise resolved by December 31, 2025 (the "Remaining Avoidance Actions") shall be referred to mediation and subject to the following procedures (the "Mediation Process"):

   1. Within thirty (30) days after the defendant files its Answer to the Complaint, such defendant shall:  (i) choose to mediate its Avoidance Action in either Houston, Texas or New York, New York; or in a manner otherwise agreed to by the parties and the mediator;  (ii) choose a mediator from the court-approved list of mediators attached to the Notice as Exhibit 3;  and (iii) notify the Litigation Trust of defendant's choice of one of the mediators listed in Exhibit 3 to the Order and the location of the mediation either by letter addressed to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn:  Brian F. Moore, Esq. and Minta J. Nester, Esq., or by email to bmoore @teamtogut.com and mnester@teamtogut.com, with a copy to and arivera@teamtogut.com; provided, however, with the consent of the parties and the mediator, parties may also agree to utilize a video conferencing service (such as Zoom, Microsoft Teams, or Webex).

   2. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to determine whether the Mediator has any conflicts with the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation. If the selected Mediator abstains, the Defendant(s) will be given another 15 days to select an alternate Mediator as described in Paragraph F.1 above.

   3. No mediator shall mediate an Avoidance Action in which he/she or his/her law firm represents a party.

\

4.  If a defendant does not timely choose a location or a mediator and timely notify Debtor's counsel in the manner described herein, the Litigation Trust will assign such case to be mediated in either New York or Houston, assign a mediator to the Avoidance Action and notify the defendant of same.

5.  The Litigation Trust, working in good faith with the mediators and defendants, will schedule the mediations. Each mediator will provide to the Litigation Trust the dates on which the mediator is available for mediation and the Litigation Trust will coordinate with the defendants to schedule the mediations on those dates.

6.  The Litigation Trust will provide at least twenty-one (21) days' written notice of the first date, time and place of each mediation, which notice shall be filed on the docket for the relevant Avoidance Action.

7.  At least ten (10) days prior to the scheduled mediation for each Avoidance Action, the parties shall exchange position statements and submit their respective position statements to the Mediator. Unless agreed in writing by both parties and the mediator, the position statements shall not exceed seven (7) pages double-spaced (exclusive of exhibits and schedules). The mediator may also require the parties to provide to the mediator any relevant papers and exhibits, and a settlement proposal.

8.  The mediator's fees and expenses shall be shared equally by the parties on a per Avoidance Action basis, and payment arrangements satisfactory to the mediator must be completed prior to the commencement of the mediation. The mediator's fees shall be fixed as follows:

    i.   Avoidance Actions with a demand amount (as reflected in the Complaint) of less than $100,000: $2,000 per party, per case;

    ii.  Avoidance Actions with a demand amount (as reflected in the Complaint) between $100,000 and $250,000: $3,500 per party, per case;

    iii. Avoidance Actions with a demand amount (as reflected in the Complaint) between $250,000 and $500,000: $5,000 per party, per case;

    iv.  Avoidance Actions with a demand amount (as reflected in the Complaint) of over $500,000: $7,500 per party, per case.

\

9.      The mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The mediator may implement additional procedures which are reasonable and practical under the circumstances.

10.     The parties will participate in the mediation, as scheduled and presided over by the mediator, in good faith and with a view toward reaching a consensual resolution.  At least one counsel for each party[2] and a representative of each party having full settlement authority shall attend the mediation in person; provided, however, that a mediator, in his or her discretion, may allow a party representative to appear telephonically.

11.     The length of time necessary to complete the mediation will be within the mediator's discretion.  The mediator may also adjourn a mediation that has been commenced if the mediator determines that an adjournment is in the best interests of the parties.

12.     All proceedings and writings incident to the mediation will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever.  Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

13.     The mediation must be concluded no later than 120 days after the date on which the defendant has filed its Answer to the complaint.

14.     If a party (a) fails to submit the required submissions as provided in this Mediation Process or as may be agreed to by the mediator or ordered by the Court, or (b) fails to attend the mediation as required, then the non-defaulting party may file a motion for sanctions, a default judgment or an order to dismiss the Avoidance Action.

15.     The full fees and expenses of the mediator shall be paid by any party that cancels or fails to appear at mediation unless the party notifies the mediator of the cancellation by facsimile or email no less than five (5) days prior to the scheduled mediation date (not counting the day scheduled for mediation), subject to further restriction set by any selected mediator.

16.     Within ten (10) days after the conclusion of the mediation, the mediator will file a certificate, drafted with the caption of the

---

[2]     Pursuant to the Special Counsel Order, the Togut Firm's attendance at the mediations shall satisfy the requirement that Debtors' counsel be present.

\

Avoidance Action, which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared (or failed to appear, as applicable) at the mediation, and (c) whether or not the applicable Avoidance Action settled (the "Mediator's Certificate").

17. If an Avoidance Action has not settled, then the Litigation Trust must file with the Court, and serve on the defendant, a notice of Pretrial Scheduling Conference to take place in the Avoidance Action; provided however, that a minimum of twenty-eight (28) days' notice of the Pretrial Scheduling Conference is required.

18. The Court will schedule regular Omnibus Hearing dates in this bankruptcy case, on which dates any post-mediation pretrial scheduling conferences in the Avoidance Actions will take place. Any pretrial motions filed by the parties in the Avoidance Actions must be set for hearing on one of the Omnibus Hearing dates after the filing of the Mediator's Certificate or unless otherwise ordered by the Court.

19. Any motions filed by the Litigation Trust that affect all of the Avoidance Actions may and should be filed in the bankruptcy case, and not in each separately docketed Avoidance Action, provided, however, that each defendant shall receive notice of the filing of the same.

20. The Proposed Avoidance Action Procedures contemplate that the Court will set Avoidance Action Omnibus Hearings (as defined further herein) at its discretion. All motions and other matters concerning any Avoidance Action will only be heard at an Avoidance Action Omnibus Hearing.

21. A copy of the Avoidance Action Procedures will be served on each defendant with the Summons and Complaint in each Avoidance Action.

22. The Mediator shall not be called as a witness by any party except as set forth in this Paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediator nor its agents, partners, law firm, or employees in connection with the Mediator's role in the Remaining Avoidance Action. Neither the Mediator nor its agents, partners, law firm, or employees (a) are necessary parties in any proceeding related to the mediation or the subject matter of the mediation nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted pursuant to the Order. Any documents provided to the Mediator by the parties shall be destroyed within 30 days after the filing of the Mediator's

\

Certificate, unless otherwise ordered by the Court. Notwithstanding the foregoing, a Mediator may be called as a witness by any party, and may be compelled to testify and/or answer discovery on a limited basis, in proceedings where it is alleged that a party failed to comply with mediation as required in the Order.

G.   **Discovery Schedule**. All mediations of Remaining Avoidance Actions must be concluded prior to February 2, 2026 (the "Mediation Deadline"). The following provisions and deadlines shall apply to any Remaining Avoidance Action not concluded prior to the Mediation Deadline:

1.   The parties to Avoidance Actions shall provide the disclosures required under Bankruptcy Rule 7026 ("Initial Disclosures") on or prior to February 4, 2026.

2.   All written interrogatories, document requests, and requests for admission, if any, may be served upon the opposing party any time after the deadline for providing Initial Disclosures through March 5, 2026.

3.   Written responses and objections to written interrogatories, document requests, and requests for admission, if any, shall be served by April 9, 2026.

4.   Document production shall be substantially complete no later than May 14, 2026.

5.   The parties to the Remaining Avoidance Actions shall have through and including June 30, 2026 to complete non-expert fact discovery, including depositions of fact witnesses.

6.   Unless the parties to a Remaining Avoidance Action agree to a broader scope of discovery, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to non-privileged matters that (a) are properly discoverable under the Federal Rules of Civil Procedure ("FRCP") and related Bankruptcy Rules and (b) relate solely to the Remaining Avoidance Actions.

7.   The standard provisions of FRCP 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Remaining Avoidance Actions.

8.   The standard provisions of FRCP 34 (including FRCP 34(b)(2)(E) regarding the production of electronically stored information), made applicable herein pursuant to Bankruptcy Rule 7034, shall apply to the Remaining Avoidance Actions.

9.   The standard provisions of FRCP 36, made applicable herein

\

pursuant to Bankruptcy Rule 7036, shall apply to the Remaining Avoidance Actions.

10. No later than July 17, 2026, the parties shall meet and confer concerning expert disclosures, including reports, stipulations, production of underlying documents, rebuttal reports, if any, and depositions.

11. Should a discovery dispute arise, the parties shall meet and confer to resolve the dispute.  If no resolution can be reached following a meet and confer, the complainant shall file with the Court a notice of discovery dispute outlining the issues, with a copy sent to the other party to the Remaining Avoidance Action. The respondent must reply to the notice of discovery dispute within three business days. Neither the notice of discovery dispute nor the response thereto, excluding exhibits, may be longer than five pages double-spaced. The Court will inform the parties if it will address the dispute raised in the notice informally via a status conference or require the parties to proceed through formal motion practice pursuant to Bankruptcy Rule 7037.

12. Pursuant to FRCP 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports concerning any issue on which a party bears the burden of proof (not including any report by the Plaintiff on insolvency) shall be delivered to the Plaintiff on or before July 30, 2026 and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, reports from such experts shall be given on or before July 30, 2026.

13. Disclosures and reports of the parties' rebuttal experts, including the Plaintiff's rebuttal insolvency report (if any), required under FRCP 26(a)(2) and made applicable herein pursuant to Bankruptcy Rule 7026, shall be made to the adverse party on or before September 3, 2026.

14. All expert discovery, including expert witness depositions, shall be concluded on or before October 29, 2026.

15. The standard provisions of FRCP 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Remaining Avoidance Actions with respect to supplementation of discovery responses.

16. Any motions for summary judgment shall be filed and served after the close of discovery and prior to November 12, 2026 at 4:00 P.M. (prevailing Central Time).  The Local Rules governing dispositive motions in adversary proceedings, including Local Rule 9013-1, shall apply.

\

17.     Oppositions to any motion for summary judgment must be filed by December 3, 2026 at 4:00 P.M. (prevailing Central Time). Any reply to such oppositions must be filed by December 10, 2026 at 4:00 P.M. (prevailing Central Time).

H.     **Avoidance Action Omnibus Hearings**.

1.     Except as otherwise ordered by the Court, all motions and other matters concerning any Avoidance Action shall only be heard at an omnibus hearing before the Court (such hearing, an "Avoidance Action Omnibus Hearing"), the agenda for which may include status conferences, final pre-trial conferences, and hearings on motions, if any.  All motions, pleadings, requests for relief, or other materials that purport to set a hearing on a date or time other than an Avoidance Action Omnibus Hearing date shall automatically be scheduled to be heard at an Avoidance Action Omnibus Hearing that is at least 30 days after such motion, pleading, request for relief, or other material is filed and served.  The Court may, however, set such a matter for hearing at another date and time should the movant request, and should the Court grant, expedited consideration of the movant's submission. Further, the Court shall set Avoidance Action Omnibus Hearings at its discretion.

2.     No Defendant is required to appear at any Avoidance Action Omnibus Hearing unless (a) a matter pertaining to such Defendant's Avoidance Action is calendared to be considered at the Avoidance Action Omnibus Hearing, or (b) the Court has directed such Defendant to appear. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Action Omnibus Hearing, and has not otherwise notified the Plaintiff of a pending motion or issue by placing the same on the agenda, the motion or issue may be rescheduled to be heard at the next Avoidance Action Omnibus Hearing.

3.     If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Action Omnibus Hearing. At such time, the Court may address additional issues arising subsequent to the Order, set additional deadlines as necessary, establish a due date by which the parties must file a joint pretrial order, schedule a trial on the Avoidance Action that is convenient to the Court's calendar, and otherwise address any matter appropriate under FRCP 16 or 26.

\

I.   **<u>Miscellaneous.</u>**

    1.    The Local Rules shall apply to all Avoidance Actions, except that this Order shall control with respect to the Avoidance Actions to the extent of any conflict with the Local Rules or any other applicable rules and orders of the Court.

    2.    The deadlines contained in this Order and these Avoidance Action Procedures may be extended and/or modified by the Court upon written motion and good cause shown or by written consent of the parties, which written consent need not be filed with the Court.

**<u>Exhibit  B</u>**

**Proposed Order (Redline)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | **Chapter 11** |
| **In re:** | § | |
| | § | **Case No. 24-90213 (CML)** |
| **STEWARD HEALTH CARE SYSTEM** | § | |
| **LLC,** *et al.,* | § | **(Jointly Administered)** |
| | § | |
| **Debtors.**[1] | § | **Re:  Docket** ~~No~~**Nos. 4014**~~, 4269,~~ |
| | § | **5485, 6011** |

### SECOND AMENDED ORDER ESTABLISHING STREAMLINED PROCEDURES FOR THE PROSECUTION AND RESOLUTION OF AVOIDANCE CLAIMS

Upon consideration of the ~~motion~~ (*Notice of Filing of Proposed Second Amended Order Establishing Streamlined Procedures for* the ~~"~~"Motion"~~")~~[2] ~~of Steward Health Care System LLC~~*Prosecution* and ~~its debtor affiliates~~*Resolution of Avoidance Claims* [Docket No. 6011] filed on behalf of the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") and the SHC Creditor Litigation Trust~~,~~ (the "Litigation Trust"), as the assignee and transferee of certain of the ~~Debtors'~~Debtors' causes of action under the *Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* [Docket No. 5492] (the "Plan") and the *Order Approving Settlement with FILO Secured Parties; (I) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* [Docket No. 5035]~~, pursuant to sections~~

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases c/o Steward Health Care System LLC, 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

~~[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.~~

105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026, 9006 and 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for an order5035], proposing a second amended order ("Proposed Order") establishing certain streamlined procedures to govern the prosecution, mediation and resolution of certain avoidance causes of action of the Debtors against non-insider, non-affiliate transferees (collectively, the "Avoidance Actions" and each, an "Avoidance Action")"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026, 9006 and 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), all as more fully set forth in the *Motion*; *of Debtors for Entry of an Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* [Docket No. 4014] (the "Motion"); and the Court having jurisdiction to decideenter the MotionProposed Order and provide the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and consideration of the MotionProposed Order and the requested relief provided therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due, proper, and adequate notice of the Motion and Proposed Order under Bankruptcy Rule 6004(a) and opportunity for objection to and a hearing on the Motion and Proposed Order having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and Proposed Order; and the Court having the opportunity to hold a hearing on the Motion and Proposed Order; and the Court having determined that the legal and factual bases set forth in the Motion and at

the hearingProposed Order establish just cause for the relief granted herein; and the Court having found that the relief requestedprovided in the MotionProposed Order is in the best interests of the Debtors, their creditors, their estates, the Plan Trust Beneficiaries (as defined in the Plan), the Litigation Trust Beneficiaries (as defined in the Plan), and all other parties in interest; and upon all of the proceedings had before the Court; and all objections to the Motion and Proposed Order, if any, having been withdrawn, resolved, or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.    The Motion is granted as set forth herein.

2.    The settlement procedures set forth in the Proposed Order (the "Settlement Procedures") are approved.  Notwithstanding anything to the contrary, the DebtorsLitigation Trust and Mark Kronfeld, not individually but solely in his capacity as trustee for the Litigation Trust (the "Litigation Trustee" or "Plaintiff"), are authorized, but not directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 7016 and 9019, to settle Avoidance Actions pursuant to the following Settlement Procedures:

- For the settlement of any Avoidance Action where the amount demanded is $5,000,000 or greater (regardless of whether an adversary proceeding has been commenced), the DebtorsLitigation Trust or Plaintiff will move for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019; and

- For the settlement of any Avoidance Action where the amount demanded is less than $5,000,000 but greater than $375,000 (a "Proposed Settlement"), the DebtorsLitigation Trust or Plaintiff shall be authorized to (a) enter into and consummate the Proposed Settlement and (b) provide a release to defendant(s) of an Avoidance Action (or relevant 3rd party where appropriate) without a further Order of the Court and without giving notice to, or receiving consent from any other party, except that written notice of such settlement shall be provided to counsel for the Creditors'

Committee and counsel for the FILO Lenders which shall have until ten (10) days after the receipt of written notice of any particular Proposed Settlement to serve upon the counsel to the ~~Debtors~~Litigation Trust or Plaintiff a written objection to such settlement (a "Committee or FILO Lenders Objection"). ~~Absent a timely Committee or FILO Lenders Objection, or in the event that a timely Committee or FILO Lenders Objection is resolved or withdrawn, the Debtors shall be authorized to (a) enter into and consummate the Proposed Settlement and (b) provide a release to defendants of the Avoidance Actions (or relevant 3rd party where appropriate) without any further notice or order of the Court.")~~ . In the event that the Committee or FILO Lenders ~~serves~~serve a Committee or FILO Lenders Objection to a Proposed Settlement and such objection cannot be resolved by the ~~Debtors~~Litigation Trust or Plaintiff, the Committee or the FILO Lenders within five (5) business days after service of the Committee or FILO Lenders Objection, or such longer period as the ~~Debtors~~Litigation Trust or Plaintiff and the Committee or FILO Lenders may agree in writing, then the ~~Debtors~~Litigation Trust or Plaintiff will file the Proposed Settlement seeking Court approval on five (5) business days' notice.  If a party fails to timely file a written objection that is actually received by the clerk, the Court may treat the Proposed Settlement as unopposed and approve the Proposed Settlement without need for a hearing.  In the event a written objection is received, the ~~Debtors~~Litigation Trust and Plaintiff will have an opportunity to file a reply and will coordinate with the Court to schedule a hearing;  and

- For the settlement of any Avoidance Action where the amount demanded is $375,000 or less, the ~~Debtors~~Litigation Trust and Plaintiff shall be authorized to (a) enter into and consummate such settlement and (b) provide a release to defendants of the Avoidance Actions (or relevant 3rd party where appropriate) without a further order of the Court and without giving notice to, or receiving consent from, any other party.

3.      Notwithstanding anything to the contrary herein, to the extent the settlement of any Avoidance Action requires the Plan Trust (as defined in the Plan) to provide a release to defendants or third parties on behalf of the Debtors or their estates (whether in connection with the Avoidance Actions or otherwise), the Litigation Trust, or Plaintiff, as applicable, must first receive written approval from the Plan Trust's counsel in connection with execution of such settlement, which approval shall not be unreasonably withheld.  The rights of the Plan Trust to object to any claim, including without limitation any Administrative Expense Claim reduced or otherwise modified in connection with any settlement of any Avoidance Action, shall not be impaired,

prejudiced or waived by any settlement of the Litigation Trust without the Plan Trust's express written approval.

3.4.    Cause exists to limit applicable notice pursuant to Bankruptcy Rule 2002(a) as provided in the Motion, and no other or further notice of a settlement shall be required other than as explicitly provided herein.

4.5.    For the avoidance of doubt, the Settlement Procedures shall not apply to (a) any claim held by a Debtor the Litigation Trust against any insider or affiliate or (b) any claim held by an insider or affiliate against any Debtor.

5.6.    The Avoidance Action Procedures (as defined below) are approved. Pursuant to Bankruptcy Rules 7016, 7026 and 9006 and section 105(a) of the Bankruptcy Code, the procedures attached to the *Notice of Filing of Proposed Second Amended Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* at Docket No. ___ (the "Notice") as Second Amended Exhibit 1 and Second Amended Exhibit 2 (the "Avoidance Action Procedures") are incorporated herein by reference and are hereby approved in their entirety.  Avoidance Actions and all parties to the Avoidance Actions shall be governed by the Avoidance Action Procedures effective as of the date of this order.

6.7.    A copy of the Avoidance Action Procedures will be served on each defendant with the summons and complaint in each Avoidance Action.

7.8.    Defendants to Avoidance Actions shall have thirty (30) days following service of the respective complaint to affirmatively opt into the Avoidance Action Procedures with voluntary mediation provided for in Second Amended Exhibit 2, or the default deadlines provided for in Second Amended Exhibit 1 shall apply.  Thereafter, a Defendant may seek to proceed pursuant to the voluntary mediation provided for in Second Amended Exhibit 2 with consent of the applicable Plaintiff, without further

need of any order or action of the Court.

8.9.     Each of those persons referenced on the proposed mediators list filed in connection with the Motion and listed on Exhibit 3 attached to the Notice is hereby approved as an authorized Mediator.

9.10.    The time periods set forth in this order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.11.   This order shall be binding on the Debtors and any successors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

11.12.   Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this order is hereby waived, and the terms and conditions of this order shall be effective and enforceable immediately upon its entry.

12.13.   The Debtors areLitigation Trust is authorized to take all actions necessary and/or appropriate to effectuate the relief granted in this order.

13.14.   The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this order.

Dated:          _____, 2025
                    Houston, Texas

                              _____
                              CHRISTOPER M. LOPEZ
                              UNITED STATES BANKRUPTCY JUDGE

## SECOND AMENDED EXHIBIT 1
### (REDLINE)

**SECOND AMENDED EXHIBIT 1**

**<u>Default Scheduling Order for Defendants</u>**
**<u>NOT Opting into Voluntary Mediation Program</u>**

Any Defendant that wishes to opt into the Mediation Process described in the *Second Amended Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* (the "<u>Amended Order</u>") provided in **Second Amended Exhibit 2** must do so by notifying the Plaintiff **no later than 30 days after service of the Complaint** in writing, either via email at bmoore@teamtogut.com and mnester@teamtogut.com with a copy to arivera@teamtogut.com or via letter correspondence addressed to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Brian F. Moore and Minta J. Nester. After the 30-day period expires, the default deadlines of this **Second Amended Exhibit 1**, attached to the *Notice of Filing of Proposed Second Amended Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* at Docket No. __ (the "<u>Notice</u>"), shall apply, unless the Plaintiff has granted any Defendant an extension of time to opt into the voluntary mediation scheduled provided for in **Second Amended Exhibit 2** to the Notice.  The Avoidance Action Procedures governing the Avoidance Actions[1] (and all parties thereto) in which Defendants do NOT affirmatively opt-in to the voluntary mediation schedule (provided in **Second Amended Exhibit 2**) are as follows:

1.  Each Defendant's time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended such that an answer or other responsive pleading shall be due within a total of thirty (30) days after being served the respective complaint and summons of the Avoidance Action.

2.  To the extent not previously served, the parties' initial disclosures required under Bankruptcy Rule 7026 ("<u>Initial Disclosures</u>") shall be made by ~~November 19~~<u>December 1</u>, 2025.

3.  All non-expert fact discovery shall be completed by April 30, 2026.

    A.  All written interrogatories, document requests, and requests for admission, if any, may be served upon the opposing party any time after the service of Initial Disclosures through January 15, 2026.

    B.  Written response and objections to interrogatories, document requests, and requests for admission, if any, shall be served by February 12, 2026.

    C.  Document production shall be substantially complete no later than March 19, 2026.

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Second Amended Order, as applicable.

D.      All depositions of fact witnesses must be completed by April 30, 2026.

4.      All expert discovery shall be completed by July 24, 2026.

A.      No later than May 7, 2026, the parties shall meet and confer concerning expert disclosures, including reports, stipulations, production of underlying documents, rebuttal reports, if any, and depositions.

B.      Pursuant to FRCP 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, the parties shall complete and exchange expert disclosures and reports on each issue where they have the affirmative burden of proof not including any report by the Plaintiff on insolvency) by no later than May 22, 2026.  In addition, if Defendant intends to provide expert testimony regarding insolvency of the Debtors, disclosures and reports from such experts shall be given on or before May 22, 2026.

C.      Disclosures and reports of the parties' rebuttal experts, including the Plaintiff's rebuttal insolvency report (if any), required under FRCP 26(a)(2) and made applicable herein pursuant to Bankruptcy Rule 7026, shall be made to the adverse party on or before June 16, 2026.

D.      All depositions of expert witnesses must be completed by July 24, 2026.

5.      Should a discovery dispute arise, the parties shall meet and confer to resolve the dispute.  If no resolution can be reached following a meet and confer, the complainant shall file with the Court a notice of discovery dispute outlining the issues, with a copy sent to the other party to the Remaining Avoidance Action. The respondent must reply to the notice of discovery dispute within three business days.  Neither the notice of discovery dispute nor the response thereto, excluding exhibits, may be longer than five pages double-spaced.  The Court will inform the parties if it will address the dispute raised in the notice informally via a status conference or require the parties to proceed through formal motion practice pursuant to Bankruptcy Rule 7037.

6.      Any motions for summary judgment shall be filed after the close of discovery and prior to August 27, 2026 at 4:00 P.M. (prevailing Central Time).

A.      Oppositions to any motion for summary judgment must be filed by September 24, 2026 at 4:00 P.M. (prevailing Central Time).

B.      Any reply to such oppositions must be filed by October 1, 2026 at 4:00 P.M. (prevailing Central Time).

7.      The parties shall file a Joint Pretrial Statement by October 1, 2026.  All counsel and unrepresented parties shall be responsible for the filing of the jointly prepared document.

8.    A Pretrial Conference shall be held in Courtroom 401, 4th Floor, 515 Rusk Street, Houston, Texas on _____ ____, 2026 at __:00 _.M. (prevailing Central Time). All counsel and unrepresented parties must attend the Pretrial Conference and be prepared to argue any pending motions for summary judgment.  A trial date will be assigned at the Pretrial Conference.

9.    Any changes in this schedule will only be made by further order of the Court, either orally at a hearing or in writing.  Motions to extend these deadlines will be granted only for good cause beyond the control of the lawyers or parties in very limited circumstances.

**SECOND AMENDED EXHIBIT 2**
**(REDLINE)**

\

**SECOND AMENDED EXHIBIT 2**

**Scheduling Order for Defendants Opting into Voluntary Mediation Program**

Any Defendant that wishes to opt into the Mediation Process described herein must do so by notifying the Plaintiff **no later than 30 days after service of the Complaint** in writing, either via email at and bmoore@teamtogut.com and mnester@teamtogut.com with a copy to arivera@teamtogut.com or via letter correspondence addressed to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Brian F. Moore, Esq. and Minta J. Nester, Esq. After the 30-day period expires, the default deadlines of the Amended Order set forth in **Second Amended Exhibit 1**, attached to the *Notice of Filing of Proposed Second Amended Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* at Docket No. __ (the "Notice"), shall apply, unless the Plaintiff has granted any Defendant an extension of time to opt into the voluntary mediation scheduled provided for below.  The Avoidance Action Procedures governing the Avoidance Actions[1] (and all parties thereto) in which Defendants affirmatively opt-in to the voluntary mediation schedule provided below are as follows:

    A.    **Application of the Avoidance Action Procedures**. The Avoidance Actions Procedures shall apply to all parties in the Avoidance Actions. The Avoidance Action Procedures will not alter, affect, or modify the rights (if any) of any Defendant to seek a jury trial, withdraw reference to the Court, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157. All such rights of each Defendant (if any) shall be preserved unless otherwise agreed to in a responsive pleading.

    B.    **Extensions To Answer or File Other Responsive Pleading to the Complaint**. Each Defendant's time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended such that an answer or other responsive pleading shall be due within a total of sixty (60) days after being served the respective complaint and summons of the Avoidance Action.

    C.    **Waiver of Requirement To Conduct Scheduling Conference**. FRCP 26(f) (regarding conference of the parties and planning for discovery), made applicable pursuant to Bankruptcy Rule 7026, is hereby waived and not applicable with respect to the Avoidance Actions. Accordingly, no party to an Avoidance Action shall be required to submit a written report under FRCP 26(f).

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the in the Amended Order, as applicable.

\

    D.      **Waiver of Requirement To Conduct Pretrial Conference**. FRCP 16 (regarding pretrial conferences), made applicable pursuant to Bankruptcy Rule 7016, is hereby waived and not applicable with respect to the Avoidance Actions. Accordingly, no party to an Avoidance Action shall be required to appear at an initial pretrial conference in connection with an Avoidance Action.

    E.      **Stay of Discovery**. The parties' obligations to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the Mediation Process (as defined herein) is concluded; provided, that the stay of discovery shall in no way preclude, with respect to any Avoidance Action, the Plaintiff and the applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process.

    F.      **Mediation**. Any Avoidance Action subject to this scheduling order that has not been settled or otherwise resolved by ~~October~~December 31, 2025 (the "Remaining Avoidance Actions") shall be referred to mediation and subject to the following procedures (the "Mediation Process"):

        1.      Within thirty (30) days after the defendant files its Answer to the Complaint, such defendant shall:  (i) choose to mediate its Avoidance Action in either Houston, Texas or New York, New York; or in a manner otherwise agreed to by the parties and the mediator;  (ii) choose a mediator from the court-approved list of mediators attached to the Notice as Exhibit 3;  and (iii) notify the ~~Debtors~~Litigation Trust of defendant's choice of one of the mediators listed in Exhibit 3 to the Order and the location of the mediation either by letter addressed to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Brian F. Moore, Esq. and Minta J. Nester, Esq., or by email to bmoore @teamtogut.com and mnester@teamtogut.com, with a copy to and arivera@teamtogut.com; provided, however, with the consent of the parties and the mediator, parties may also agree to utilize a video conferencing service (such as Zoom, Microsoft Teams, or Webex).

        2.      Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to determine whether the Mediator has any conflicts with the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation. If the selected Mediator abstains, the Defendant(s) will be given another 15 days to select an alternate Mediator as described in Paragraph F.1 above.

        3.      No mediator shall mediate an Avoidance Action in which he/she or his/her law firm represents a party.

4.    If a defendant does not timely choose a location or a mediator and timely notify Debtor's counsel in the manner described herein, the ~~Debtors~~Litigation Trust will assign such case to be mediated in either New York or Houston, assign a mediator to the Avoidance Action and notify the defendant of same.

5.    The ~~Debtors~~Litigation Trust, working in good faith with the mediators and defendants, will schedule the mediations.  Each mediator will provide to the ~~Debtors~~Litigation Trust the dates on which the mediator is available for mediation and the ~~Debtors~~Litigation Trust will coordinate with the defendants to schedule the mediations on those dates.

6.    The ~~Debtors~~Litigation Trust will provide at least twenty-one (21) days' written notice of the first date, time and place of each mediation, which notice shall be filed on the docket for the relevant Avoidance Action.

7.    At least ten (10) days prior to the scheduled mediation for each Avoidance Action, the parties shall exchange position statements and submit their respective position statements to the Mediator. Unless agreed in writing by both parties and the mediator, the position statements shall not exceed seven (7) pages double-spaced (exclusive of exhibits and schedules).  The mediator may also require the parties to provide to the mediator any relevant papers and exhibits, and a settlement proposal.

8.    The mediator's fees and expenses shall be shared equally by the parties on a per Avoidance Action basis, and payment arrangements satisfactory to the mediator must be completed prior to the commencement of the mediation.  The mediator's fees shall be fixed as follows:

   i.   Avoidance Actions with a demand amount (as reflected in the Complaint) of less than $100,000:  $2,000 per party, per case;

   ii.  Avoidance Actions with a demand amount (as reflected in the Complaint) between $100,000 and $250,000:  $3,500 per party, per case;

   iii. Avoidance Actions with a demand amount (as reflected in the Complaint) between $250,000 and $500,000:  $5,000 per party, per case;

   iv.  Avoidance Actions with a demand amount (as reflected in the Complaint) of over $500,000:  $7,500 per party, per case.

\

9. The mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The mediator may implement additional procedures which are reasonable and practical under the circumstances.

10. The parties will participate in the mediation, as scheduled and presided over by the mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party[2] and a representative of each party having full settlement authority shall attend the mediation in person; provided, however, that a mediator, in his or her discretion, may allow a party representative to appear telephonically.

11. The length of time necessary to complete the mediation will be within the mediator's discretion. The mediator may also adjourn a mediation that has been commenced if the mediator determines that an adjournment is in the best interests of the parties.

12. All proceedings and writings incident to the mediation will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

13. The mediation must be concluded no later than 120 days after the date on which the defendant has filed its Answer to the complaint.

14. If a party (a) fails to submit the required submissions as provided in this Mediation Process or as may be agreed to by the mediator or ordered by the Court, or (b) fails to attend the mediation as required, then the non-defaulting party may file a motion for sanctions, a default judgment or an order to dismiss the Avoidance Action.

15. The full fees and expenses of the mediator shall be paid by any party that cancels or fails to appear at mediation unless the party notifies the mediator of the cancellation by facsimile or email no less than five (5) days prior to the scheduled mediation date (not counting the day scheduled for mediation), subject to further restriction set by any selected mediator.

16. Within ten (10) days after the conclusion of the mediation, the mediator will file a certificate, drafted with the caption of the

---

[2] Pursuant to the Special Counsel Order, the Togut Firm's attendance at the mediations shall satisfy the requirement that Debtors' counsel be present.

Avoidance Action, which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared (or failed to appear, as applicable) at the mediation, and (c) whether or not the applicable Avoidance Action settled (the "Mediator's Certificate").

17. If an Avoidance Action has not settled, then the ~~Debtors~~ Litigation Trust must file with the Court, and serve on the defendant, a notice of Pretrial Scheduling Conference to take place in the Avoidance Action; provided however, that a minimum of twenty-eight (28) days' notice of the Pretrial Scheduling Conference is required.

18. The Court will schedule regular Omnibus Hearing dates in this bankruptcy case, on which dates any post-mediation pretrial scheduling conferences in the Avoidance Actions will take place. Any pretrial motions filed by the parties in the Avoidance Actions must be set for hearing on one of the Omnibus Hearing dates after the filing of the Mediator's Certificate or unless otherwise ordered by the Court.

19. Any motions filed by the ~~Debtors~~ Litigation Trust that affect all of the Avoidance Actions may and should be filed in the bankruptcy case, and not in each separately docketed Avoidance Action, provided, however, that each defendant shall receive notice of the filing of the same.

20. The Proposed Avoidance Action Procedures contemplate that the Court will set Avoidance Action Omnibus Hearings (as defined further herein) at its discretion. All motions and other matters concerning any Avoidance Action will only be heard at an Avoidance Action Omnibus Hearing.

21. A copy of the Avoidance Action Procedures will be served on each defendant with the Summons and Complaint in each Avoidance Action.

22. The Mediator shall not be called as a witness by any party except as set forth in this Paragraph.  No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediator nor its agents, partners, law firm, or employees in connection with the Mediator's role in the Remaining Avoidance Action.  Neither the Mediator nor its agents, partners, law firm, or employees (a) are necessary parties in any proceeding related to the mediation or the subject matter of the mediation nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted pursuant to the Order.  Any documents provided to the Mediator by the parties shall be

\

destroyed within 30 days after the filing of the Mediator's Certificate, unless otherwise ordered by the Court. Notwithstanding the foregoing, a Mediator may be called as a witness by any party, and may be compelled to testify and/or answer discovery on a limited basis, in proceedings where it is alleged that a party failed to comply with mediation as required in the Order.

G.    **Discovery Schedule**. All mediations of Remaining Avoidance Actions must be concluded prior to ~~January 22~~February 2, 2026 (the "<u>Mediation Deadline</u>"). The following provisions and deadlines shall apply to any Remaining Avoidance Action not concluded prior to the Mediation Deadline:

1.    The parties to Avoidance Actions shall provide the disclosures required under Bankruptcy Rule 7026 ("<u>Initial Disclosures</u>") on or prior to February 4, 2026.

2.    All written interrogatories, document requests, and requests for admission, if any, may be served upon the opposing party any time after the deadline for providing Initial Disclosures through March 5, 2026.

3.    Written responses and objections to written interrogatories, document requests, and requests for admission, if any, shall be served by April 9, 2026.

4.    Document production shall be substantially complete no later than May 14, 2026.

5.    The parties to the Remaining Avoidance Actions shall have through and including June 30, 2026 to complete non-expert fact discovery, including depositions of fact witnesses.

6.    Unless the parties to a Remaining Avoidance Action agree to a broader scope of discovery, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to non-privileged matters that (a) are properly discoverable under the Federal Rules of Civil Procedure ("<u>FRCP</u>") and related Bankruptcy Rules and (b) relate solely to the Remaining Avoidance Actions.

7.    The standard provisions of FRCP 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Remaining Avoidance Actions.

8.    The standard provisions of FRCP 34 (including FRCP 34(b)(2)(E) regarding the production of electronically stored information), made applicable herein pursuant to Bankruptcy Rule 7034, shall

\

apply to the Remaining Avoidance Actions.

9. The standard provisions of FRCP 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Remaining Avoidance Actions.

10. No later than July 17, 2026, the parties shall meet and confer concerning expert disclosures, including reports, stipulations, production of underlying documents, rebuttal reports, if any, and depositions.

11. Should a discovery dispute arise, the parties shall meet and confer to resolve the dispute. If no resolution can be reached following a meet and confer, the complainant shall file with the Court a notice of discovery dispute outlining the issues, with a copy sent to the other party to the Remaining Avoidance Action. The respondent must reply to the notice of discovery dispute within three business days. Neither the notice of discovery dispute nor the response thereto, excluding exhibits, may be longer than five pages double-spaced. The Court will inform the parties if it will address the dispute raised in the notice informally via a status conference or require the parties to proceed through formal motion practice pursuant to Bankruptcy Rule 7037.

12. Pursuant to FRCP 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports concerning any issue on which a party bears the burden of proof (not including any report by the Plaintiff on insolvency) shall be delivered to the Plaintiff on or before July 30, 2026 and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, reports from such experts shall be given on or before July 30, 2026.

13. Disclosures and reports of the parties' rebuttal experts, including the Plaintiff's rebuttal insolvency report (if any), required under FRCP 26(a)(2) and made applicable herein pursuant to Bankruptcy Rule 7026, shall be made to the adverse party on or before September 3, 2026.

14. All expert discovery, including expert witness depositions, shall be concluded on or before October 29, 2026.

15. The standard provisions of FRCP 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Remaining Avoidance Actions with respect to supplementation of discovery responses.

16. Any motions for summary judgment shall be filed and served after the close of discovery and prior to November 12, 2026 at 4:00 P.M. (prevailing Central Time). The Local Rules governing

\

dispositive motions in adversary proceedings, including Local Rule 9013-1, shall apply.

17.     Oppositions to any motion for summary judgment must be filed by December 3, 2026 at 4:00 P.M. (prevailing Central Time). Any reply to such oppositions must be filed by December 10, 2026 at 4:00 P.M. (prevailing Central Time).

H.      **Avoidance Action Omnibus Hearings**.

1.      Except as otherwise ordered by the Court, all motions and other matters concerning any Avoidance Action shall only be heard at an omnibus hearing before the Court (such hearing, an "Avoidance Action Omnibus Hearing"), the agenda for which may include status conferences, final pre-trial conferences, and hearings on motions, if any.  All motions, pleadings, requests for relief, or other materials that purport to set a hearing on a date or time other than an Avoidance Action Omnibus Hearing date shall automatically be scheduled to be heard at an Avoidance Action Omnibus Hearing that is at least 30 days after such motion, pleading, request for relief, or other material is filed and served.  The Court may, however, set such a matter for hearing at another date and time should the movant request, and should the Court grant, expedited consideration of the movant's submission. Further, the Court shall set Avoidance Action Omnibus Hearings at its discretion.

2.      No Defendant is required to appear at any Avoidance Action Omnibus Hearing unless (a) a matter pertaining to such Defendant's Avoidance Action is calendared to be considered at the Avoidance Action Omnibus Hearing, or (b) the Court has directed such Defendant to appear. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Action Omnibus Hearing, and has not otherwise notified the Plaintiff of a pending motion or issue by placing the same on the agenda, the motion or issue may be rescheduled to be heard at the next Avoidance Action Omnibus Hearing.

3.      If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Action Omnibus Hearing. At such time, the Court may address additional issues arising subsequent to the Order, set additional deadlines as necessary, establish a due date by which the parties must file a joint pretrial order, schedule a trial on the Avoidance

\

Action that is convenient to the Court's calendar, and otherwise address any matter appropriate under FRCP 16 or 26.

I.    **Miscellaneous.**

    1.    The Local Rules shall apply to all Avoidance Actions, except that this Order shall control with respect to the Avoidance Actions to the extent of any conflict with the Local Rules or any other applicable rules and orders of the Court.

    2.    The deadlines contained in this Order and these Avoidance Action Procedures may be extended and/or modified by the Court upon written motion and good cause shown or by written consent of the parties, which written consent need not be filed with the Court.