IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **STEWARD HEALTH CARE SYSTEM** | § | |
| **LLC**, *et al.*, | § | Case No.24-90213 (CML) |
| | § | |
| Debtors.[1] | § | |
| | § | (Jointly Administered) |
| | § | |

**BECKMAN COULTER, INC.'S RESPONSE IN OPPOSITION TO DEBTORS'
TWENTIETH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
(RECLASSIFIED CLAIMS)**

Beckman Coulter, Inc. ("Beckman") hereby files this *Response in Opposition to Debtors' Twentieth Omnibus Objection to Certain Proofs of Claim (Reclassified Claims)* (the "Response") [Docket No. 5367] (the "Omnibus Objection") filed by Steward Heath Care System ("Steward") and its affiliated co-debtors (collectively, the "Debtors"). In support of this Response, Beckman respectfully states as follows:

**RELEVANT BACKGROUND**

**A. Beckman's Contracts with the Debtors**

1. Beckman and the Debtors have a longstanding professional relationship with numerous contracts in which Beckman provides goods and services, including those necessary to perform biomedical laboratory services.

2. Pursuant to a various contracts and services agreements (the "Contracts"), Beckman provides the Debtors with various equipment, and the Debtors purchases chemical

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

reagents to conduct blood analysis, as well as the products needed to maintain and service the equipment.

### B. Relevant Procedural History & Claim History

3. On May 6, 2024, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The cases are jointly administered under Case No. 24-90213.

4. On July 3, 2025, the Debtors filed the Omnibus Objection seeking to reclassify one (1) claim filed by Beckman on August 23, 2024 (the "Claim"). A copy of the claim is attached hereto as Exhibit A.

5. The Omnibus Objection states that the Claim "asserted goods sold and services performed as basis for claim under section 503(b)(9). Reclassify due to claim's incorrect or improper classification as a 503(b)(9) administrative expense claim as services are not eligible for 503(b)(9) status and goods were not received in a 20 day window prior to the Petition Date." *See* Debtors' Omnibus Obj., Sched. 1, p. 2.

6. Beckman timely filed Claim No. 9958 and asserted a total claim amount of $1,562,612.34. *See* Ex. A.

7. Claim No. 9958 reflects the value of pre-petition goods and services that Beckman provided to the following customers: Melbourne Regional Medical Center; Mountain Vista Medical Center; Wadley Regional Medical Center; and Steward Healthcare.

8. Of the total value asserted in Claim No. 9958, Beckman is entitled to $70,070.38 in administrative priority for goods and services provided within twenty (20) days of the Petition Date.

9. Accordingly, Beckman asserted a $70,070.38 administrative claim under 11 U.S.C. § 503(b)(9). *See* Ex. A.

**C. Response**

10. The Debtors propose to reclassify Beckman's administrative claim by reducing the value to $14,288.31. This proposed reclassification of the Claim is improper.

11. Prior to filing this Response, Beckman attempted to resolve the Omnibus Objection. In support thereof Beckman provided invoices and shipping dates. However, despite providing a selection of invoices in support of its claim, the Debtors refused to provide Beckman with records supporting the proposed reclassification. The Debtors also neglected to identify which specific invoices were objectionable.

12. As a result, Beckman is without sufficient information to meaningfully counteract the Omnibus Objection and proposed reclassification, as Beckman stands behind the administrative amount sought in Claim 9958.

13. The twenty-day (20) administrative expense period began on April 16, 2024, and ended on May 6, 2024, the Petition Date. Beckman delivered goods and performed incidental services, where appropriate, during the administrative expense period. Accordingly, Beckman is entitled to the value of its administrative priority expense pursuant to section 503(b)(9).

14. The Debtors have provided no basis for Beckman's inclusion in the Omnibus Objection.

15. Beckman expressly reserves the right to supplement this Response. Nothing in this Response should be construed as a waiver, concession, or admission as to the correct characterization or treatment of the Claim.

WHEREFORE, for the reasons set forth above, Beckman Coulter, Inc. respectfully requests that the Court enter an order: (i) denying the relief sought in the Omnibus Objection pertaining to Beckman; (ii) deeming the Claim to be allowed as detailed herein; (iii) and granting Beckman such other relief as is appropriate.

Dated: November 21, 2025

Respectfully Submitted,

BERNSTEIN-BURKLEY, P.C.

By: /s/ Keri P. Ebeck
Keri P. Ebeck, Esq.
SBN: 91298
601 Grant St., 9th Floor
Pittsburgh, PA 15219
Phone: (412) 456-8112
kebeck@bernsteinlaw.com

Counsel for Beckman Coulter, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties that are registered or otherwise entitled to receive electronic notices via electronic notification pursuant to the ECF procedures in this District on the 21st day of November 2025.

/s/ Keri P. Ebeck
Keri P. Ebeck