IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **STEWARD HEALTH CARE SYSTEMS** | ) | **Case No. 24-90213 (CML)** |
| **LLC**, *et al.*, | ) | |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.**[1] | ) | |
| | ) | |

## SCG CAPITAL CORPORATION'S RESPONSE TO SHC PLAN ADMINISTRATOR TRUST'S TWENTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (NO LIABILITY CLAIMS, RECLASSIFIED AND REDUCED CLAIMS, AND REDUCED CLAIMS)

SCG Capital Corporation ("SCG"), a creditor and party-in-interest herein, by its undersigned counsel, files this response (the "Response") to the *SHC Plan Administrator Trust's Twenty-Seventh Omnibus Objection to Certain Proofs of Claim (No Liability Claims, Reclassified and Reduced Claims, and Reduced Claims)* [Docket No. 6219] (the "Claim Objection"), filed by the SHC Plan Administrator Trust (the "Plan Trust"), and in support thereof, states as follows.

## BACKGROUND

### A.    The Equipment Leases

2.    On March 12, 2012, Banc of America Leasing & Capital, LLC ("Banc of Am."), as lessor, and Steward Health Care System LLC ("Steward HCS"), as lessee, entered into Master Lease Agreement No. 23770-90000 (the "MLA"), a copy of which is attached hereto as **Exhibit**

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' Voting Agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

**A**, relating to Steward HCS's lease of certain equipment from Banc of Am., as set forth in corresponding equipment schedules related thereto.

3.      As set forth in that certain Addendum to the MLA, New England Sinai Hospital, a Steward Family Hospital, Inc, Steward St. Elizabeth's Medical Center of Boston, Inc., Steward Holy Family Hospital, Inc, Steward Good Samaritan Medical Center, Inc., Steward St. Anne's Hospital Corporation, Steward Norwood Hospital, Inc., Steward Carney Hospital, Inc., Merrimack Valley Hospital, a Steward Family Hospital, Inc., Nashoba Valley Medical Center, a Steward Family Hospital, Inc., Quincy Medical Center, a Steward Family Hospital, Inc., Morton Hospital, a Steward Family Hospital, Inc., Steward Hospital Holdings LLC, and Steward Medical Holdings LLC were all named as co-lessees under the MLA.

4.      On September 8, 2014, Bank of America, N.A. ("<u>BofA</u>")[2] and Steward HCS entered into Equipment Schedule 014 ("<u>Schedule 014</u>"), a copy of which is attached hereto as **Exhibit B**, pursuant to which Steward HCS agreed to lease certain equipment identified as: one (1) Selenia Dimensions Mammography System (the "<u>Schedule 014 Equipment</u>") for a 60-month term, at a monthly lease rate of $7,074.65, plus taxes. The Schedule 014 Equipment was required to be located at 909 Sumner Street, Fl. 2, Stoughton, MA 02072.

5.      On September 29, 2014, BofA assigned to SCG all of its rights, title, interest and obligations in and to Schedule 014, the MLA and the Schedule 014 Equipment, pursuant to an Assignment and Specification of Assigned Lease Schedule, a copy of which is attached hereto as **Exhibit C**.

6.      On December 23, 2014, BofA and Steward HCS entered into Equipment Schedule 017 ("<u>Schedule 017</u>"), a copy of which is attached hereto as **Exhibit D**, pursuant to which Steward

---

[2]      On or about February 18, 2015, the equipment subject to the MLA was sold by Banc of Am. to BofA.

HCS agreed to lease certain equipment identified as: one (1) Selenia Dimensions Mammography System (the "Schedule 017 Equipment") for a 60-month term, at a monthly lease rate of $7,783.38, plus taxes. The equipment subject to Equipment Schedule 017 was required to be located at 531 Faunce Corner Road, Darthmouth, MA 02747.

7.     On December 23, 2014, BofA and Steward HCS entered into Equipment Schedule 018 ("Schedule 018", together with Schedule 014 and Schedule 017, the "Schedules"), a copy of which is attached hereto as **Exhibit E**, pursuant to which Steward HCS agreed to lease certain equipment identified as: one (1) Selenia Dimensions Mammography System (the "Schedule 018 Equipment", tougher with the Schedule 014 Equipment and the Schedule 017 Equipment, the "Equipment") for a 60-month term, at a monthly lease rate of $7,319.72, plus taxes.   The equipment subject to Equipment Schedule 018 was required to be located at 531 Faunce Corner Road, Darthmouth, MA 02747.

8.     On February 19, 2015, BofA assigned to SCG all of its rights, title, interest and obligations in and to Equipment Schedule 017 and Equipment Schedule 018, the equipment subject thereto, and the MLA, pursuant to a Notice of Assignment, a copy of which is attached hereto as **Exhibit F**.

### B.     The Notice of Rejection

9.     On July 10, 2024, the Court entered an *Order (I) Approving Procedures for Rejection of Executory Contracts and Unexpired Leases of Nonresidential Real Property; (II) Amendments to Certain Unexpired Leases of Nonresidential Real Property; (III) Abandonment of Property in Connection Therewith; and (IV) Granting Related Relief* [Docket No. 1551] (the "Rejection Procedures Order"), approving, among other relief, certain procedures for the rejection or amendment of the Debtors' executory contracts or unexpired nonresidential real property leases.

3

10.     On July 11, 2025, the Debtors filed their *Fifty-Third Notice of Rejection of Certain Executory Contracts* [Docket No. 5494] (the "Notice of Rejection") which provided notice of the Debtors' intent to reject, *inter alia*, Schedule 014, Schedule 017 and Schedule 018, with effective dates of rejection of July 11, 2014 (the date on which the Notice of Rejection was filed).

11.     On October 23, 2025, SCG filed *SCG Capital Corporation's Response to Fifty-Third Notice of Rejection of Certain Executory Contracts* [Docket No. 6085], pointing out that, despite the filing of the Notice of Rejection, and the lack of any objection thereto by the requisite deadline, neither the Debtors nor the Plan Trust were taking any action to prompt entry of an order approving the rejection of the Schedules because, according to counsel for the Plan Trust, the purchasers of the Debtors' assets were still trying to determine which of the Debtors' leased equipment they wished to utilize. As set forth in SCG's response to the Notice of Rejection, the excessive purposeful delay in the entry of an order granting the rejection of the SCG's leases, at SCG's expense, with an intent to seek an effective rejection date of more than three months prior, was (and continues to be) highly prejudicial to SCG.

### C.     The Administrative Claims

12.     On December 19, 2024, SCG filed Proof of Administrative Claim No. 13631 ("Claim 13631"), asserting an administrative claim in the total amount of $188,234.01 on account of amounts accruing under the Schedules and the Debtors' use of the Equipment during the period from the Petition Date through November 15, 2024.

13.     On August 11, 2025, SCG filed Proof of Administrative Claim No. 15166 ("Claim 15166"), asserting an administrative claim in the total amount of $299,127.55 on account of amounts accruing under the Schedules and the Debtors' use of the Equipment during the period from the November 16, 2024 through July 11, 2025.

**D.**   **The Claim Objection**

14.    On November 26, 2025, the Plan Trust filed the Claim Objection, which included an objection to Claim 13631, asserting that Claim 13631 should be reduced and reclassified to: (i) an unsecured claim in the amount of $3,800.62 (which amount the Plan Trust asserts arose prepetition); and (ii) an administrative claim in the amount of $137,305.67, with the reduction of $47,127.72 on account of Boston Medical Center's use of the equipment.

## RESPONSE TO CLAIM OBJECTION

15.    The Plan Trust seeks to reduce the amount of Claim 13631 because, *inter ilia*, it asserts that the respective goods or services were rendered to Good Samaritan Hospital and therefore are the liability of Boston Medical Center ("BMC").

16.    Importantly, the crux of SCG's problem is that it has been unable to obtain confirmation as to the whereabouts of the Equipment. While third-party maintenance reports seem to indicate that the Schedule 014 Equipment is in BMC's possession, and while SCG has initiated communications with BMC, BMC has yet to confirm that it is in fact in possession of the Schedule 014 Equipment.

17.    As for the Schedule 017 Equipment and Schedule 018 Equipment, SCG believes that this equipment is in the possession of either Brown Health Medical Group ("BHMG") or Hawthorne Medical Associates, LLC ("Hawthorne"); however, to date, SCG is unable to get confirmation as to whether either possess the Schedule 017 Equipment and Schedule 018 Equipment.

18.    At this juncture, SCG cannot confirm where its Equipment is located. The Equipment was leased to the Debtors and neither they nor the Plan Trust should be permitted to

abandon the estate's obligations with respect to the Equipment or the amounts due and owing thereunder, asserting that it is someone else's responsibility.

19.     While the Schedules and the MLA have not yet been deemed rejected, that is clearly the Debtors' intent as evidenced by the Notice of Rejection. And, importantly, none of the Schedules or the MLA were assumed and assigned to any buyer of the Debtors' assets. The Debtors' and Plan Trust's attempt to place the responsibility for finding the Equipment or making payments thereunder on any of the buyers is disingenuous. Neither the Debtors nor the Plan Trust should be permitted to shift the estate's burden on SCG or others in trying to discover what the Debtors did with the Equipment, how it was transferred, when it was transferred, and under what conditions it was transferred, when the sale papers themselves do not evidence any such assignment.

20.     Moreover, the Plan Trust's objection to Claim No. 13631 as opposed to Claim 15166 is curious when any purported transfer of the Equipment to any of the buyers would have occurred during the period that Claim 16166 would have covered.

21.     In this District, in the context of a proof of claim dispute, if a creditor files a proof of claim in full compliance with Bankruptcy Rule 3001, that claim is deemed prima facie valid.  If the debtor objects to that claim, he or she must produce evidence sufficient to rebut the presumption of validity and establish that the claim should be disallowed pursuant to § 502(b). *See Pearl Res. Operating Co., LLC v. Transcon Corp., LLC (In re Pearl Res. LLC)*, Case No. 20-31585, 2024 Bankr. LEXIS 405, *20-21 (Bankr. S.D. Tex Feb. 20, 2024). The Plan Trust has simply failed to carry its burden herein.

WHEREFORE, for the forgoing reasons, the Plan Trust's Claim Objection should be overruled.

Dated: December 23, 2025

Respectfully submitted,

/s/ *Andrew G. Edson*
Robert P. Franke (SBN 07371200)
Andrew G. Edson (SBN 24076364)
Tara L. Bush (SBN 24122050)
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, TX 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330
bfranke@clarkhill.com
aedson@clarkhill.com
tbush@clarkhill.com

and

Joseph M. Selba
TYDINGS & ROSENBERG LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202
Telephone: (410) 752-9700
jselba@tydings.com

*Counsel for SCG Capital Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties that are registered to receive electronic notices via electronic notification pursuant to the ECF procedures in this District on this 23rd day of December, 2025.

*/s/ Andrew G. Edson*
Andrew G. Edson