## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (the "Settlement Agreement") is made by and among:

1. The SHC Creditor Litigation Trust (the "Trust") and the trustee thereof, Mark Kronfeld (the "Trustee"); and

2. Cerberus Capital Management, L.P., SHCI Debtholder LLC, Cerberus Capital Partners, L.P., Cerberus International II Master Fund, L.P., Cerberus Partners II, L.P., Cerberus Series Four Holdings, LLC, and Cerberus Operations and Advisory Company, LLC ("COAC," and collectively, "Cerberus").

The Trust, Trustee, and Cerberus are referred to collectively as the "Parties" and each individually a "Party."

WHEREAS, Steward Health Care System LLC and certain of its affiliates (collectively, "Steward" or the "Debtors") filed a chapter 11 bankruptcy petition in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), which cases were jointly administered under Case No. 24-90213 (the "Bankruptcy Case");

WHEREAS, on June 2, 2025, the Bankruptcy Court entered an order [Dkt. No. 5035] approving, among other things, the Litigation Trust Agreement (the "Litigation Trust Agreement," defined in the Chapter 11 Plan as the trust agreement consistent with the term sheet of the Chapter 11 Plan and otherwise mutually agreeable to the parties) [Dkt. No. 4966];

WHEREAS, on July 25, 2025, the Bankruptcy Court entered an order (the "Confirmation Order") [Dkt. No. 5774] confirming the Joint Chapter 11 Plan of Liquidation of the Debtors (the "Chapter 11 Plan") [Dkt. No. 5492];

WHEREAS, pursuant to the Chapter 11 Plan and Confirmation Order, the Trust was formed and Mark Kronfeld was appointed as the Trustee;

WHEREAS, pursuant to the Chapter 11 Plan and Confirmation Order, the Trust became the owner of the Litigation Trust Assets (defined in the Chapter 11 Plan as the estate assets identified on Schedule 1 of the Chapter 11 Plan) on July 28, 2025, which Litigation Trust Assets include all Claims and Causes of Action (as defined in the Chapter 11 Plan and the Litigation Trust Agreement) asserted or assertable by the Debtors against, among others, Cerberus;

WHEREAS, the Trustee has asserted, or threatened to assert, claims arising out of Cerberus's relationship with the Debtors including, without limitation, the claims set forth in the draft complaints provided by the Trustee to Cerberus dated as of March 16, 2026, and as revised on May 4, 2026, both captioned Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust v. Cerberus Capital Management, L.P., SHCI Debtholder LLC, Cerberus Capital Partners, L.P., Cerberus International II Master Fund, L.P., Cerberus Partners II, L.P., Cerberus Series Four Holdings, LLC, Cerberus Operations and Advisory Company, LLC, and Stephen Feinberg (collectively, the "Draft Complaint");

1

WHEREAS, Cerberus denies and disputes each and all of the Trustee's claims, causes of action, and allegations, but wishes to resolve the claims set forth in the Draft Complaint and any and all other claims that could be asserted against Cerberus and any of its Affiliates[1] by the Trustee or the Debtors, as set forth herein;

WHEREAS, the Parties have engaged in formal and informal discovery regarding the claims and allegations asserted by the Trustee, including through an agreed mediation process;

WHEREAS, the Parties engaged in a confidential mediation before the Honorable Christopher S. Sontchi (former Chief Bankruptcy Judge of the United States Bankruptcy Court, District of Delaware) that led to the Parties' agreement to fully and finally resolve all claims they may have against each other and related persons and entities and Affiliates, pursuant to the terms memorialized in this Settlement Agreement;

WHEREAS, the Parties desire to avoid the disruption, inconvenience, uncertainty, and costs associated with litigation of the claims set forth in the Draft Complaint and any and all other claims that the Trustee and Steward have, had, or could assert arising out of or relating to the Debtors' relationship with Cerberus or its Affiliates (the "Trustee's Claims"), and to resolve all disputes between the Trustee, on the one hand, and Cerberus and any of its Affiliates on the other hand, arising out of or relating to the Debtors' relationship with Cerberus or its Affiliates; and

WHEREAS, the Trustee believes that entering into this Settlement Agreement is in the best interests of the Litigation Trust, its beneficiaries, the Debtors, their estates, and their creditors;

WHEREAS, the Trustee has the right, power, and authority to enter into this Settlement Agreement and is duly authorized to execute and complete this Settlement Agreement without any further court order or consent of any kind, and the Trustee is authorized to execute and complete this Settlement Agreement pursuant to the Litigation Trust Agreement and the Confirmation Order;

WHEREAS, pursuant to the Chapter 11 Plan, Confirmation Order, Litigation Trust Agreement, and the Order (I) Approving Settlement with FILO Secured Parties; (II) Authorizing

---

[1] "Affiliate" means, with respect to any person or entity, any other person or entity that directly or indirectly Controls, is Controlled by, or is under common Control with such person or entity, including without limitation such person's employer or entity's current and former parent companies, subsidiaries, officers, directors, general and limited partners, members, employees, attorneys, financial consultants, and shareholders including, for the avoidance of doubt, any employee, member, partner, or consultant of Cerberus that was at any time a member of the board of directors of any Debtor or affiliate thereof.  For purposes of this definition, "Control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a person or entity, whether through the ownership of voting securities, by contract, or otherwise.  For removal of doubt, former members of Steward management, including but not limited to Dr. Ralph de la Torre, Michael Callum, James Karam, Mark Rich, and Sanjay Shetty, and their Affiliates, shall not be deemed a Cerberus Affiliate.  Further, all of the parties named as potential defendants in the Draft Complaint are deemed Cerberus Affiliates, and no party currently named in any pending lawsuit by the Debtors or any pending adversary proceeding related to the Bankruptcy Case is deemed to be a Cerberus Affiliate.

2

and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief (the "FILO Order") [Dkt. No. 5035], this Settlement Agreement is binding on all parties in interest to the Debtors, including but not limited to any subsequently appointed Chapter 7 Trustee.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements contained in this Settlement Agreement and other good and valuable consideration described herein, the sufficiency of which is hereby acknowledged by all Parties, the Parties agree as follows:

1.      **Settlement Payment**. Subject to the occurrence of the Effective Date (as defined in Paragraph 6), Cerberus shall cause to be paid to the Trustee the gross total sum of ███████ ███████████████████████ (hereinafter the "Settlement Payment"). The Trustee acknowledges and agrees that neither Cerberus nor its Affiliates shall be liable for the apportionment of the Settlement Payment as between the Trustee and the Trustee's counsel, any of his other current or former attorneys, or any other person(s) or entities. Within five (5) business days after entry of an order by the Bankruptcy Court approving the Settlement Agreement, the Settlement Payment shall be placed in escrow in the following account:

| | |
|---|---|
| Account Name: | Reid Collins & Tsai LLP IOLTA |
| Bank Name: | Broadway National Bank |
| Bank Address: | 1177 Northeast Loop 410 |
| | San Antonio, Texas 78209 |
| ABA: | 114021933 |
| Account No.: | 4100077126 |

(a)     The Settlement Payment shall remain in escrow, either in the account listed above or in an interest-bearing escrow account chosen by the Trustee, until the Effective Date. Upon the Effective Date, the Settlement Payment shall be released from escrow.

(b)     The Trustee acknowledges and agrees that no withholdings will be made from the Settlement Payment. The Trustee expressly agrees and acknowledges that Cerberus has made no representations regarding, and takes no position with respect to, the taxability or non-taxability of the Settlement Payment, and that the Trustee and the Debtors shall be solely responsible for any taxes, assessments, liabilities, penalties, interest payments, or other amounts due at any time in connection with or as a result of the Settlement Payment. The Trust and the Debtors shall defend, indemnify, and hold harmless the Cerberus Releasees (as defined in Paragraph 3) for any taxes, assessments, liabilities, costs, penalties, expenses (including reasonable attorneys' fees and costs), interest payments, or other amounts due at any time in connection with or as a result of the taxability of the Settlement Payment. The Trustee shall rely on his own accountant or tax attorney for advice and is not relying on Cerberus in any way regarding the tax treatment of the Settlement Payment.

(c)     As a condition precedent to the occurrence of the Effective Date (as defined in Paragraph 6), the Trustee shall file, pursuant to Rule 9019(a) of the Bankruptcy Code, a motion and proposed order (the "9019 Motion") on notice for Court approval of this Settlement

3

Agreement with the Bankruptcy Court, each in form and substance acceptable to Cerberus in its sole and absolute discretion, seeking a court order approving the Settlement Agreement, and such filing shall occur within thirty (30) days of execution by all Parties of the Settlement Agreement. The Trustee shall serve the 9019 Motion on all parties requesting and entitled to notice under the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court, all relevant orders entered by the Bankruptcy Court, the Chapter 11 Plan, the Confirmation Order, and the Litigation Trust Agreement on not less than seven (7) days' notice, or such other period as the Bankruptcy Court directs, to all of the required Parties.

(d)     To the extent required by the Bankruptcy Court, and only to that extent, the Trustee may disclose the terms of the Settlement Agreement in connection with the 9019 Motion. In connection with the 9019 Motion, the Trustee shall seek an order allowing the filing of this Settlement Agreement with the amount of the Settlement Payment and the personal identification of the Cerberus Releasees redacted (the "Sealing Order"). The proposed Sealing Order shall direct that any party seeking to view the unredacted Settlement Agreement shall obtain and execute a non-disclosure agreement ("NDA") with the Trustee, to which Cerberus shall be a third-party beneficiary entitled to enforce the terms thereof. The Trustee shall attach to such motion to seal a form NDA in form and substance acceptable to Cerberus in its sole and absolute discretion. Notwithstanding the foregoing, although the Trustee agrees to seek the Sealing Order, this Settlement Agreement is not contingent on the Bankruptcy Court approving the Sealing Order, and Cerberus will not appeal any denial by the Bankruptcy Court of the Trustee's request for a Sealing Order.

(e)     The proposed order approving the Settlement Agreement shall be in form and substance acceptable to Cerberus in its sole and absolute discretion.

2.     **No Consideration Absent Execution of this Settlement Agreement**. The Trustee understands and agrees that the Trustee is not otherwise entitled to, and would not and will not receive, the monies or benefits specified in Paragraph 1 in the absence of this Settlement Agreement and the related Release.

3.     **General Release of Claims**.

(a)     In consideration for the Settlement Payment, Cerberus's release set forth in Paragraph 3(b) below, and other good and valuable consideration, the Trustee (on behalf of himself, the Trust, the Debtors, and all of the Debtors' Affiliates, to the fullest extent allowed by law in his capacity as Trustee of the Trust, and on behalf of his successors, assigns, agents, and representatives in such capacity) knowingly, voluntarily, and irrevocably releases and forever discharges, to the fullest extent permitted by law, Cerberus and each of its current and former direct and indirect subsidiaries, funds, general and limited partners, parent companies, predecessors, successors, assigns, and Affiliates, and each of their respective general and limited partners, members, investors, shareholders, officers, directors, managers, employees, agents, attorneys, insurers (only to the extent of their coverage of Cerberus), advisors, individual consultants (including COAC individual consultants), and representatives (including, without limitation, ███████████████████████████████████ nd any COAC personnel who ever worked with Steward), and any other persons or entities acting by, through, or on behalf of any of the foregoing, or claimed

to be jointly or severally liable with any of the foregoing (collectively, the "Cerberus Releasees"), of and from any and all claims and causes of action, known or unknown, asserted or unasserted, matured or unmatured, absolute or contingent, that the Trustee (or anyone claiming by, through, or under him) and the Debtors have, had, or may have against any of the Cerberus Releasees arising at any time up through and including the Effective Date of this Settlement Agreement. The claims and causes of action released in this Paragraph 3(a) include, but are not limited to, any and all claims and causes of action: (i) arising out of or relating to the relationship or dealings between the Debtors or any of their affiliates and the Cerberus Releasees, or the termination thereof, including without limitation any claims arising in connection with the Bankruptcy Case and all adversary proceedings therein (the "Bankruptcy Proceeding"); (ii) arising from or relating to any allegations that the Trustee asserted or could have asserted in any demand letters, submissions, complaints, or mediation statements that the Trustee or his present or former attorneys prepared, or in any suit, action, charge, or other proceeding the Trustee could have initiated, including without limitation the Draft Complaint, prepared for filing as an adversary proceeding in the Bankruptcy Proceeding; (iii) arising in or in connection with the payment of a dividend to Cerberus in connection with the 2016 mortgage and sale-leaseback transaction with Medical Properties Trust, Inc. under applicable law or in equity, including but not limited to any applicable law with respect to avoidance or breach of fiduciary duties by any Party; (iv) arising in or in connection with the purchase of Cerberus's equity in May 2020 or the January 2021 redemption of the convertible note issued to Cerberus in connection therewith; (v) arising under any federal, state, local, foreign, or other law, statute, regulation, or ordinance; (vi) arising under the common law of any jurisdiction, including without limitation breach of contract, tort, and defamation; or (vii) for attorneys' fees or costs. For removal of doubt, former members of Steward management, including but not limited to Dr. Ralph de la Torre, Michael Callum, James Karam, Mark Rich, and Sanjay Shetty, and their Affiliates; any non-Cerberus agent or employee of the Debtors; any party that is named in any pending litigation with the Debtors or the Trustee; and, with the exception of COAC and any COAC personnel or employee, any professional firm, advisor, auditor, accountant, or other professional that was engaged by the Debtors (solely in their capacity as such), shall not be deemed a Cerberus Releasee. To be clear, the Trustee is not releasing claims against former third-party professionals of the Debtors except to the extent they were employees of Cerberus or individual consultants engaged by Cerberus. Third-party professionals of Cerberus are released to the extent they would otherwise be entitled to indemnification by Cerberus for services arising under an agreement with Cerberus, and in no event are any such professionals released for services provided to the Debtors after May 11, 2020.

(b)     Cerberus knowingly, voluntarily, and irrevocably releases and forever discharges, to the fullest extent permitted by law, the Debtors and all of their Affiliates, the Trust, and the Trustee (in his capacity as Trustee of the Trust, and including his successors, assigns, agents, and representatives in such capacity) (such releasees and the Cerberus Releasees together, the "Releasees") of and from any and all claims and causes of action, known or unknown, asserted or unasserted, matured or unmatured, absolute or contingent, that Cerberus (or anyone claiming by, through, or under it, including without limitation its successors and assigns) has, had, or may have against the Debtors or the Trustee arising at any time up through and including the Effective Date. The claims and causes of action released in this Paragraph 3(b) include, but are not limited to, any and all claims and causes of action: (i) arising out of or relating to Cerberus's relationship or dealings with the Debtors, their Affiliates, or the Trustee, including without limitation any claims arising in connection with the Bankruptcy Proceeding; (ii) arising from or

5

relating to any allegations that Cerberus asserted or could have asserted in any demand letters, submissions, draft pleadings, or mediation statements that Cerberus or its present or former attorneys prepared, or in any suit, action, charge, or other proceeding Cerberus could have initiated; (iii) arising under any federal, state, local, foreign, or other law, statute, regulation, or ordinance; (iv) arising under the common law of any jurisdiction, including without limitation breach of contract, tort, and defamation; or (v) for attorneys' fees or costs.

(c)     It is the intention of the Parties that this Settlement Agreement eliminate all further risk and liability of the Cerberus Releasees relating to Steward or the Bankruptcy Case that the Trustee has the legal authority and power to provide and that the Settlement Agreement shall be a final and complete resolution of all disputes asserted or which could be or could have been asserted with respect to Steward by the Trustee, the Debtors, or their Affiliates against the Cerberus Releasees, including without limitation any third-party claims for contribution in accordance with 10 Del. C. § 6304 and any similar laws or statutes.  The Trustee agrees pursuant to 10 Del. C. § 6304(b) and any similar laws or statutes that any amount recoverable against any alleged tortfeasor other than the Cerberus Releasees will be reduced to the extent of the pro rata share, if any, of the Cerberus Releasees.

(d)     It is the intention of the Parties that the language relating to the description of claims and causes of action released in this Paragraph 3 shall be given the broadest possible interpretation permitted by law.  This Settlement Agreement does not release or waive the Parties' rights to enforce the terms of this Settlement Agreement, or any claims that cannot be released as a matter of law.

(e)     ALL PARTIES ACKNOWLEDGE AND UNDERSTAND THAT THIS SETTLEMENT AGREEMENT INCLUDES THE RELEASE OF BOTH KNOWN AND UNKNOWN CLAIMS.  Notwithstanding the provisions of Section 1542 of the California Civil Code and any analogous state or federal provisions of law, and for the purpose of implementing a full and complete release and discharge of the Releasees, each Party expressly acknowledges that this Settlement Agreement is intended to include in its effect, without limitation, all claims that the releasing Party does not know or suspect to exist in his or her favor at the time of execution hereof, and that this Settlement Agreement contemplates the extinguishment of any such claim or claims.  Section 1542 of the California Civil Code, which is waived herein above, provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

4.     **Affirmations**.  The Trustee represents and warrants that the Trustee has not filed or caused to be filed any action other than adversary proceedings in the Bankruptcy Case, and is not presently a party to any claim, complaint, action, or other proceeding against Cerberus or any of the parties named as potential defendants in the Draft Complaint, in any forum or form. Except as explicitly described in Paragraph 1 of this Settlement Agreement, the Trustee acknowledges, agrees, and affirms that he is not entitled to any other payments or benefits from any of the Cerberus Releasees, and the Cerberus Releasees shall not have any liability or obligation

6

to the Trustee in excess of the amounts explicitly set forth in Paragraph 1 of this Settlement Agreement.

5. **Confidentiality**. To the fullest extent allowed in his capacity as Trustee of the Trust, the Trustee agrees that he, the Trust, the Debtors, all of the Debtors' Affiliates, and their financial and legal advisors, and any other person or entity acting for the Trust or Trustee shall not directly or indirectly disclose the amount of the Settlement Payment, any information regarding the negotiations, and the mediation leading to the Settlement Agreement to anyone other than the Trust's or the Debtors' attorneys, tax advisors, accountants, beneficiaries, or other agents or representatives who need to know that information (hereinafter, collectively, the Trust's "Representatives"), provided that such Representatives agree to maintain the confidentiality of such information, and that the Trust and the Debtors remain responsible for any breach of confidentiality by any of their Representatives. The Trustee represents and agrees, on behalf of himself and his Representatives, that he will keep the amount paid to him pursuant to this Settlement Agreement; the negotiations leading to this Settlement Agreement; and the underlying facts and circumstances of the Trustee's assertions or allegations pertaining specifically to Cerberus leading to, relating to, or in connection with the settlement memorialized in this Settlement Agreement (including without limitation the allegations that the Trustee asserted or could have asserted against Cerberus or any Cerberus Releasees in any demand letters, submissions, or draft complaints that the Trustee or his present or former attorneys prepared or in any suit, action, charge, or other proceeding the Trustee could have initiated related to Cerberus or any Cerberus Releasees, including without limitation the Draft Complaint), completely confidential and will not publicize or disclose any of the foregoing in any manner, whether in writing, orally, or otherwise, in any forum, to any person (other than his Representatives), directly or indirectly, or by or through any Representative, unless compelled to do so by law. If the Trustee is compelled by law to disclose any information covered by this Paragraph 5, the Trustee shall (a) unless prohibited by applicable law, provide Andrew Levander and Gary Mennitt, counsel to Cerberus, with written notice of such requirement as far in advance as reasonably practicable of such anticipated disclosure so as to enable Cerberus to seek (with the Trustee's reasonable cooperation) an appropriate protective order or confidential treatment, and (b) in the absence of a protective order from a court or arbitrator, disclose only that information that is legally required to be disclosed and exercise best efforts to ensure that such information will be afforded confidential treatment. Notwithstanding the foregoing, the Trustee may: (1) disclose the existence of the Settlement Agreement (but not its terms) to the Bankruptcy Court at either a hearing or in a public filing, or (2) only if necessary, disclose the amount of the Settlement Payment to the Bankruptcy Court, either on an in camera basis, at a closed hearing, or in a sealed filing, and in each instance only for the purpose of updating the Bankruptcy Court as to the status and ongoing operations of the Trust or as relevant to any required disclosures filed by the Trustee with the Bankruptcy Court, and, to the extent necessary, in connection with obtaining an order approving the Settlement Agreement.

6. **Conditions Precedent**. This Settlement Agreement shall become effective (the "Effective Date") upon the occurrence of the following conditions: (i) the Trustee timely executes, dates, and delivers this Settlement Agreement; (ii) Cerberus timely executes, dates, and delivers this Settlement Agreement; (iii) Cerberus's counsel has received an IRS Form W-9 fully completed, executed, and dated by the Trustee; and (iv) the Bankruptcy Court enters an order, on the 9019 Motion and in a form compliant with Paragraph 1 above, approving the Settlement

7

Agreement and either (a) no party objected to the 9019 Motion, or (b) if a party objected to the 9019 Motion, the Bankruptcy Court's order approving the Settlement Agreement has become a Final Order (as defined in the Chapter 11 Plan).  As set forth in Paragraph 18, the documents described in this Paragraph 6 shall be sent by email to Andrew Levander and Gary Mennitt, counsel for Cerberus, at andrew.levander@dechert.com and gary.mennitt@dechert.com.  The Parties understand and agree that, unless and until each of the conditions precedent has been satisfied and completed, this Settlement Agreement shall not be binding, enforceable, or effective.

7. **Continuing Obligations**.

(a)     The obligations of the Parties under existing protective orders related to the Bankruptcy Case, including but not limited to Dkt. No. 2511, shall remain in effect pursuant to the terms thereof.

(b)     Except as provided in Paragraph 6, the Trustee shall not make, or cause anyone to make, any statements, orally or in writing, in any forum, or take any actions, or cause anyone to take any actions, that in any way would disparage any of the Cerberus Releasees, or that would harm the reputation, goodwill, or businesses of any of the Cerberus Releasees, or that would be in any way inconsistent with the denial of any wrongdoing or liability set forth in Paragraph 13 below.  Cerberus shall not make, or cause anyone to make, any statements, orally or in writing, in any forum, or take any actions, or cause anyone to take any actions, that in any way would disparage the Trustee (in his capacity as Trustee of the Trust, and including his successors, assigns, agents, and representatives in such capacity), or that would harm the reputation, goodwill, or businesses of the Trustee (in his capacity as Trustee of the Trust, and including his successors, assigns, agents, and representatives in such capacity).  For the avoidance of doubt, nothing in this Paragraph 7(b) or this Settlement Agreement precludes the Parties from alleging information in connection with claims against parties not released hereunder or supplying truthful information to any governmental authority or in response to any lawful subpoena or other legal process.  In the event of such a subpoena or court order, the Trust and Trustee shall provide notice to Cerberus in accordance with Paragraph 18 as soon as possible and prior to any response and allow Cerberus an opportunity to respond, object, and seek judicial intervention.

(c)     The Trustee further represents and warrants that he and the Trust have not assisted, and are not currently assisting, any other person or entity, and will not assist any other person or entity, in making any claim against Cerberus or the Cerberus Releasees relating to the Debtors or the Bankruptcy Case unless compelled to do so by subpoena or court order.  In the event of such a subpoena or court order, the Trust and Trustee shall provide notice to Cerberus in accordance with Paragraph 18 as soon as possible and prior to any response.  The Trustee and the Trust covenant not to bring, or assist any person or entity in bringing, any claim in violation of this Settlement Agreement.

8. **Third-Party Claims.**   The Trustee represents and warrants that, after consultation with counsel, (i) the Trustee is unaware of any claims, causes of action, or potential claims or causes of action by any other person or entity against any of the Cerberus Releasees related to Steward or the Bankruptcy Case not settled and released hereby, and (ii) except for the assertions or allegations explicitly made by the Trustee, with respect to actions taken by any of the Cerberus Releasees, leading to, relating to, or in connection with the settlement memorialized in

8

this Settlement Agreement (which Cerberus denies), the Trustee is unaware of any actual or purported wrongdoing by any of the Cerberus Releasees related to Steward, the Bankruptcy Case, or otherwise.

9.  **Representations and Warranties by the Trustee**.

(a)  The Trustee has consulted with and obtained the consent of all parties whom he was required to consult with and/or obtain the consent of, to this Settlement Agreement.

(b)  Pursuant to the terms of the Chapter 11 Plan, the Confirmation Order, and the Litigation Trust Agreement, any and all claims the Debtors or any of their Affiliates had or may have had against the Cerberus Releasees were assigned to the Trust, and the Trust and the Trustee have the power and authority to enter into and consummate the Settlement Agreement and thereby bind the Trustee, Trust, and the Debtors, including with respect to the Releases granted hereby, without (i) filing any further motion with, or obtaining an order from, the Bankruptcy Court approving this Settlement Agreement, or (ii) notice to, consent, or approval of any party-in-interest of the Debtors.

(c)  Pursuant to the FILO Order, the Chapter 11 Plan, the Confirmation Order, and the Litigation Trust Agreement (and the schedules thereto), as approved by the Bankruptcy Court, the Trustee represents and warrants that the Settlement Payment is in excess of the amount that would require further approval from the Bankruptcy Court, the Trust beneficiaries, or any other party in interest.

(d)  Without limiting the foregoing, the Trustee represents and warrants that this Settlement Agreement is binding on the Trustee, the Trust, the Debtors, and all parties in interest of the Debtors, including with respect to the Releases granted hereby and including a subsequently appointed Chapter 7 Trustee, whether or not the Chapter 11 Plan is affirmed on appeal and whether or not the Chapter 11 Plan becomes effective.

10.  **Governing Law and Interpretation**.  This Settlement Agreement shall be governed by and shall be performed in accordance exclusively with the laws of the State of New York without reference to choice of law rules.

11.  **Dispute Resolution**.  As long as the Bankruptcy Case is open, the Bankruptcy Court shall have exclusive jurisdiction over any dispute or claim arising out of, in connection with, or relating to this Settlement Agreement (including without limitation its subject matter, interpretation, or formation) or the Trustee's relationship with the Cerberus Releasees ("Covered Actions").  Each of the Parties: (i) irrevocably and unconditionally consents to submit to the sole and exclusive jurisdiction of the Bankruptcy Court for any Covered Action for so long as the Bankruptcy Case is open; (ii) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such court; (iii) consents to service of process by registered mail upon such Party and/or such Party's registered agent; (iv) waives any objection to venue in such court; (v) agrees not to commence any such litigation except in the Bankruptcy Court; and (vi) agrees not to plead or claim in the Bankruptcy Court that any such Covered Action has been brought in an inconvenient forum.  Notwithstanding the foregoing, to the extent that the

9

Bankruptcy Case is no longer pending or the Bankruptcy Court otherwise declines to exercise jurisdiction, any Covered Action shall be brought in a court located in New York County, New York. To the extent that the Bankruptcy Court and the New York courts are unavailable, a Covered Action may be brought in any court of competent jurisdiction.

12.     **Waiver of Jury Trial**. The Trustee and Cerberus hereby waive the right to a trial by jury with respect to any Covered Action.

13.     **Non-Admission of Wrongdoing**.   The Parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Settlement Agreement shall be deemed, argued, or construed at any time for any purpose as an admission by either Party (or any Releasee) of any liability or unlawful conduct of any kind whatsoever. Each Party specifically denies any wrongdoing or unlawful conduct. The Parties agree that this Settlement Agreement shall remain confidential and may not be used for any other purpose, nor in any other case or proceeding, except as set forth herein to enforce the terms hereof.

14.     **No Other Third-Party Beneficiaries**. This Settlement Agreement is for the sole and exclusive benefit of the Parties hereto and their respective permitted successors and assigns and the Releasees. Nothing in this Settlement Agreement, express or implied, is intended to, or shall, confer any rights, remedies, obligations, or liabilities upon any person or entity other than the Parties hereto and the Releasees. For the avoidance of doubt, the Cerberus Releasees are third-party beneficiaries of the releases contained herein with rights to enforce same.

15.     **Joint Drafting**. This Settlement Agreement shall be deemed to have been drafted jointly by the Parties hereto, and no rule of strict construction shall be applied against any Party as the drafter hereof. Each Party acknowledges that it has had the opportunity to review this Settlement Agreement and to consult with counsel of its choice in connection therewith. Accordingly, any rule of law or legal decision that would require interpretation of any ambiguity in this Settlement Agreement against the party that drafted it shall not apply and is expressly waived by each Party.

16.     **Cooperation**. The Parties agree to do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Settlement Agreement, including obtaining entry of the 9019 order on an expedited basis.

17.     **Due Authority.** Each individual executing this Settlement Agreement directly and expressly represents and warrants that he or she has been given, and has received and accepted, authority to so sign and execute this Settlement Agreement on behalf of the Party for whom it is indicated he or she has signed, and further has been expressly given and received and accepted authority to enter into a binding agreement on behalf of such Party with respect to the matters contained herein and as stated herein, and that the consent of no other party is required to bind such Party.

18.     **Notices**. Any notice, request, or other communication required or permitted to be delivered under this Settlement Agreement must be in writing, marked "CONFIDENTIAL" and sent to the Parties at the addresses set forth below (or to such other address as the Party to whom notice is to be given may have furnished to the other Party in writing in accordance with

10

this Paragraph 18), and will be considered received as of the date delivered if delivered in person or by email (or similar electronic transmission), on the next business day if sent by a trusted recognized overnight courier service, and on the second business day if mailed by registered mail, return receipt requested, postage prepaid.

If to the Trustee:

      Reid Collins & Tsai LLP
      1301 S. Capital of Texas Hwy
      Building C, Suite 300
      Austin, Texas 78746
      Attention: Bill Reid and Jeremy Wells
      Phone: (512) 647-6120
      Email: wreid@reidcollins.com and jwells@reidcollins.com

If to Cerberus:

      Dechert LLP
      Three Bryant Park
      1095 Avenue of the Americas
      New York, NY 10036-6797
      Attention:  Andrew Levander and Gary Mennitt
      Phone: (212) 698-3683
      Fax: (212) 698-3599
      Email: andrew.levander@dechert.com and gary.mennitt@dechert.com

      Cerberus Capital Management, L.P.
      Cerberus Operations and Advisory Company, LLC
      875 Third Avenue
      New York, NY 10022
      Attention: Israel Friedman and Sheila Sadighi
      Phone: (646) 885-3173
      Email: ifriedman@cerberus.com and ssadighi@cerberusoperations.com

19.    **Amendment; Assignment**.   This Settlement Agreement may not be waived, modified, altered, or changed in any way without the express written consent of both Parties wherein specific reference is made to this Settlement Agreement.  Neither Cerberus nor the Trustee may assign this Settlement Agreement.

20.    **Entire Settlement Agreement**.  This Settlement Agreement sets forth the entire agreement between the Parties with respect to the subject matter hereto and supersedes any prior agreements or understandings between the Parties with respect thereto.  The Parties jointly drafted this Settlement Agreement, and this Settlement Agreement should not be construed for or against any Party.  Without limiting the foregoing, the tolling agreement dated January 22, 2026, as amended by the first amended tolling agreement dated July 6, 2026, is rescinded, superseded, cancelled, void ab initio, and of no further force and effect.

11

21.     **Headings; Facsimiles and PDFs**.  The headings in this Settlement Agreement are for convenience of reference only and shall not affect the interpretation of this Settlement Agreement.  Facsimile transmission of signatures on this Settlement Agreement shall be deemed to be original signatures and shall be acceptable to the Parties to this Settlement Agreement for all purposes.  In addition, transmission by electronic mail of a PDF document created from the original signed document shall be acceptable to the Parties to this Settlement Agreement for all purposes.  This Settlement Agreement may be executed in counterparts, and all counterparts taken together shall constitute one document.

22.     **Further Assurances.** Each Party hereto agrees, without any further consideration, to execute and deliver such other documents and to take such other actions as other Parties may reasonably request in order to effectuate the purposes of this Settlement Agreement and to consummate, acknowledge, and enforce the transactions contemplated hereby.

IN WITNESS WHEREOF, intending to be legally bound, the Parties hereto knowingly and voluntarily executed this Settlement Agreement as of the dates set forth below:

CERBERUS CAPITAL MANAGEMENT, L.P.

_____

By:   Israel Friedman, Esq.
Global General Counsel & Senior Managing Director
CERBERUS CAPITAL MANAGEMENT, L.P.
On behalf of itself and as an entity authorized
to act for "Cerberus" as that term is defined above

**Date**: July 15, 2026

13

THE TRUSTEE AND THE TRUST, as defined above

By:   Mark Kronfeld

**Date**: July 16, 2026