United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 30, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, et al., | Case No. 24-90213 (CML) |
| Debtors. | (Jointly Administered) |

ORDER (A) APPROVING THE SETTLEMENT AGREEMENT BETWEEN
LITIGATION TRUST AND CERBERUS CAPITAL MANAGEMENT, L.P.,
AND RELATED ENTITIES  AND (B) PRECLUDING ANY STAY OF THE
EFFECTIVENESS OF THE REQUESTED RELIEF

Upon consideration of the *Litigation Trust's Emergency Motion for Entry of an Order (I) Approving Settlement Agreement Between Litigation Trust and Cerberus Capital Management, L.P. and Related Entities and (II) Precluding Any Stay of the Effectiveness of the Requested Relief* (the "Motion")[1], and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that shortened notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Litigation Trust, its beneficiaries, the Debtors, and the Debtors' creditors; and upon all of the proceedings had before the Court and after due

---

[1] All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Motion, and if not defined therein, in the Settlement Agreement.

deliberation and sufficient cause appearing therefor; and the Litigation Trust asserts that it has the unilateral power and authority to enter into the Settlement Agreement without any notice or court order, but Cerberus requires court approval as a condition to consummating the Settlement Agreement,

**IT IS ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:**

1.     The Motion is **GRANTED** to the extent set forth herein.

2.     The Settlement Agreement, a redacted version of which was submitted as Exhibit 1 to the Motion, and an unredacted copy of which was filed at Docket No. 6666 and reviewed by the Court, is hereby approved in all respects on a final basis pursuant to Bankruptcy Rule 9019, including without limitation the General Release of the Cerberus Releasees.

3.     The Settlement Agreement is fair, reasonable, and equitable, and in the best interests of all parties in interest, including the Debtors, their estates, their creditors, and the Litigation Trust and its beneficiaries.

4.     The Court reached its conclusion that the Settlement Agreement is fair and equitable and in the best interests of the Debtors, their estates and all parties in interest after considering all of the factors required by the Fifth Circuit: "(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise." *In re Age Refin. Inc.,* 801 F.3d 530, 540 (5th Cir. 2015).

5.     In considering this last "catch-all" category, the Court considered the "reasonable views" of the creditors and whether the settlement is "the product of arms-length bargaining, and

not fraud or collusion." *Id.* (citation omitted). *See also In re Foster Mortg. Corp.*, 68 F.3d 914, 917-18 (5th Cir. 1995) (stating these same factors).

6. After reviewing the Motion and the arguments made by counsel, this Court determines that the first factor is easily met. The Litigation Trust's success in litigation against Cerberus is uncertain and involves highly complex and disputed legal and factual issues.

7. The Court also determines that the second factor is easily met. The litigation is expected to be highly complex, expensive, and could take years to reach a final judgment. Such delay, in addition to the uncertainty already noted, would greatly prejudice the interests of the Litigation Trust and its beneficiaries. The Settlement Agreement eliminates the expense and delay, delivering significant value for the Litigation Trust now.

8. The first catch-all factor, the reasonable views of creditors, is also clearly met. The Litigation Trustee as the representative of the Trust's beneficiaries agreed to the Settlement Agreement with the advice and consent of the Trust's beneficiaries and was represented by sophisticated legal and financial advisors. [In addition, the absence of any objection to the Motion also indicates that there is creditor support for the Settlement Agreement, further supporting its approval. *See In re Senior Care Centers, LLC*, 2021 WL 632779, at *10 (N.D. Tex. 2021).] The value that the Settlement Agreement will deliver for the Litigation Trust now, as opposed to speculative, potential value at an undetermined point in the future, strongly justifies approval of the Settlement Agreement.

9. The second additional factor, the extent to which the Settlement Agreement was the product of arm's-length bargaining, supports approval as well. The Litigation Trustee and Cerberus have reached the Settlement Agreement after producing documents, exchanging expert analyses, engaging in mediation under the supervision of Bankruptcy Judge (ret.) Christopher S.

Sontchi, and weeks of continued negotiations after the mediation.  Both sides were represented by experienced counsel.  The Motion sets forth sufficient evidence for the Court to consider that the Settlement Agreement was the product of arm's-length bargaining and was not the product of fraud or collusion.

10.     All objections that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in any such objections, are hereby overruled on the merits.

11.     The Litigation Trust is authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement Agreement in accordance with the terms, conditions, and agreements set forth therein.

12.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order or the Settlement Agreement shall be deemed an implication or admission as to the amount of, basis for, or validity of any particular claim against Cerberus under the Bankruptcy Code or other applicable non-bankruptcy law nor of any implication or admission regarding any weakness in the Trust's claims or strength in Cerberus's defenses.

13.     In addition, the Trust's request to have the Motion heard on shortened notice is granted. Good cause exists to shorten the notice period to seven (7) days. The Trust beneficiaries support the Settlement Agreement, and expeditious consideration of the Motion will enable prompt payment of the Settlement Payment, facilitate distributions to Trust beneficiaries in accordance with the waterfall required by the Litigation Trust Agreement, and reduce financing expenses associated with the administration of the Trust. Notice of the Motion as provided therein was good

and sufficient notice of the Motion and meets the requirements of Bankruptcy Rules 2002 and 9006(c) and the Local Rules.

14.  This Order and the Settlement Agreement are and shall be binding on the Litigation Trust, its beneficiaries, the Debtors, all creditors and other parties in interest, and any Chapter 11 or Chapter 7 trustee to be appointed in this case, if any, and shall remain in full force and effect in the event the confirmed Chapter 11 Plan in this case does not become effective, or is otherwise withdrawn, modified, or amended in any way, or is superseded by a different chapter 11 plan.

15.  Notwithstanding anything to the contrary in the Settlement Agreement or this Order, nothing in either shall constitute a release by the Commonwealth of Massachusetts, the Attorney General for the Commonwealth of Massachusetts, or the Executive Office of Health and Human Services for the Commonwealth of Massachusetts (collectively, the "Commonwealth") or otherwise affect any claim, cause of action, right, or remedy of the Commonwealth against any Cerberus Releasee on account of the Commonwealth's direct claims.  Neither the Settlement Agreement nor this Order shall provide any basis to bar or reduce the Commonwealth's claim or recovery on account of the Commonwealth's direct claims. The foregoing does not limit the General Release of Claims by the Trustee and anyone claiming by, through, or under him, and the Trust, the Debtors, and the Debtors' Affiliates.

16.  Notwithstanding Bankruptcy Rule 6004(h) or any other applicable rule, this Order shall be effective immediately upon its entry, and the fourteen (14) day stay otherwise imposed by Bankruptcy Rule 6004(h) is hereby waived for cause shown.

17.  Except as provided in the Settlement Agreement, this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:  July 30, 2026

_____
Christopher Lopez
United States Bankruptcy Judge