**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| **STEWARD HEALTH CARE SYSTEM LLC, *et al.*,** | § | **Chapter 11** |
| | § | **Case No. 24-90213 (CML)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |
| **MARK KRONFELD, Not Individually but Solely in His Capacity as Trustee of the SHC Creditor Litigation Trust,** | § | |
| | § | **Adv. Pro. No. 25-03499 (CML)** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | |
| **RLDATIX NORTH AMERICA INC.,** | § | |
| **Defendant.** | § | |

**APPLICATION FOR ENTRY OF AN ORDER (I) APPROVING STIPULATION AND AGREED ORDER BETWEEN LITIGATION TRUST AND RLDATIX NORTH AMERICA INC RESOLVING AVOIDANCE CLAIMS, AND (II) GRANTING RELATED RELIEF**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE BANKRUPTCY COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE BANKRUPTCY COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The SHC Creditor Litigation Trust (the "Litigation Trust" or the "Movant") as the assignee and transferee of the Debtors' Causes of Action under the

[1] A complete list of the Debtors in these chapter 11 cases (the "Chapter 11 Cases") may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward.

*Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* [Ch. 11 Case Docket No. 5492] (the "Plan")[2] and the *Order (I) Approving Settlement with FILO Secured Parties; (II) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* [Ch. 11 Case Docket No. 5035][3] (the "FILO Settlement Order") hereby submits this application (the "Motion") for approval of the *Stipulation and Agreed Order Between Litigation Trust and RLDatix North America Inc Resolving Avoidance Claims*, a copy of which is annexed hereto as **Exhibit A**, (the "Settlement Agreement") under sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In further support of the Motion, the Movant respectfully states:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Movant confirms its consent to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3] Citations to the above-captioned chapter 11 case shall be denoted as "Ch. 11 Case Docket No. __." Citations to above-captioned adversary proceedings shall be denoted as "Adv. Pro. Docket No. __."

determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

### A. General Background

4. On May 6, 2024 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing respective voluntary cases under chapter 11 of the Bankruptcy Code.

5. On May 16, 2024, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (the "Official Committee of Unsecured Creditors"). No trustee or examiner has been appointed in the Chapter 11 Cases pursuant to section 1104 of the Bankruptcy Code.

6. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Ch. 11 Case Docket No. 38], filed on the Petition Date and incorporated herein by reference.

8. On February 3, 2025, the Bankruptcy Court entered the *Order Authorizing the Employment and Retention of Togut, Segal & Segal LLP as Special Bankruptcy Counsel for*

*the Debtors and Debtors in Possession Effective as of December 19, 2024* [Ch. 11 Case Docket No. 3886] approving the retention of Togut, Segal & Segal LLP (the "Togut Firm") as special bankruptcy counsel to the Debtors in these Chapter 11 Cases to investigate, analyze and prosecute avoidance claims under chapter 5 of the Bankruptcy Code in favor of the Debtors' estates (the "Avoidance Claims").[4]

9. On March 20, 2025, the Bankruptcy Court entered the *Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* [Ch. 11 Case Docket No. 4269, and as amended, Ch. 11 Case Docket Nos. 5485, 6098, 6354, and 6613] (the "Procedures Order") setting forth procedures (the "Avoidance Claim Settlement Procedures") authorizing the Debtors, the Litigation Trust, and the Litigation Trustee (as defined below) to settle certain Avoidance Claims and causes of action arising under chapter 5 of the Bankruptcy Code.

10. On June 2, 2025, the Bankruptcy Court entered the FILO Settlement Order.

11. The FILO Settlement Order provided that (i) the Litigation Trust would be established on the earlier of July 14, 2025 or one business day after entry of an order confirming a Chapter 11 plan, and (ii) the Litigation Trust would be assigned (among other things) "all [c]laims and [c]auses of action under sections 502(d), 544, 545, 547, 548, 549, 550, or 553 of the Bankruptcy Code, any other avoidance actions under the Bankruptcy Code, and any state law fraudulent transfer claims." *See* FILO Settlement Order, ¶¶ 5-6, Schedule 1 ¶ 4.g.

[4] *See Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Togut, Segal & Segal LLP as Special Bankruptcy Counsel for the Debtors and Debtors In Possession Effective as of December 19, 2024* [Case No. 24-90213 (CML) Docket No. 3671].

12. The FILO Settlement Order also provided that "Mark Kronfeld of Province Fiduciary Services, LLC" would serve as the trustee of the Litigation Trust (the "Litigation Trustee") upon the trust's establishment. *See* FILO Settlement Order, ¶ 11.

13. On July 11, 2025, the Debtors filed the Plan.

14. The Plan also stated that the Litigation Trustee would be "empowered, without the need for Bankruptcy Court approval, to… pursue, prosecute, settle, abandon, or otherwise resolve" the Avoidance Claims, "including through the commencement, participation, defense, or continuation of legal proceedings, including judicial, arbitration or administrative proceedings, in any domestic or foreign jurisdiction…during or after the pendency of these Chapter 11 Cases." *See* Plan, Art. VII § 7.1; Ex. C, Schedule 1 ¶ 4.

15. On July 16, 2025, the Debtors filed a *Notice of Further Extension of (I) Maturity Date Under FILO DIP Credit Agreement and (II) Litigation Trust Establishment Date* [Ch. 11 Case Docket No. 5703], which stated that "counsel to the FILO DIP Lenders and the counsel to the Creditors' Committee, the FILO DIP Lenders and the Creditors' Committee agreed with the Debtors that the Litigation Trust Establishment Date[5] will occur on July 17, 2025, unless further extended by the Parties (as defined below) as agreed to in writing . . . and upon notice filed with the Court."

16. Accordingly, the Litigation Trust went into effect on July 17, 2025 as the "SHC Credit Litigation Trust," and Mr. Kronfeld was appointed as Litigation Trustee of the Litigation Trust. *See Notice of Further Extension of (I) Maturity Date Under FILO DIP*

[5] "Litigation Trust Establishment Date" means the date the Litigation Trust was established and certain assets of the Debtors' estates were transferred thereto in accordance with Section 7.1 of the Plan and the FILO Settlement Order. *See* Plan at 13.

*Credit Agreement and (II) Litigation Trust Establishment Date* [Ch. 11 Case Docket No. 5703].

17. On July 25, 2025, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* [Ch. 11 Case Docket No. 5774] (the "Confirmation Order"), which, among other things, confirmed the Plan in its entirety.

18. The Plan reasserted that the Litigation Trust would be assigned the same Causes of Action as provided for in the FILO Settlement Order, including any "avoidance actions under the Bankruptcy Code" and "any state law fraudulent transfer claims." *See* Plan, Art. VII §§ 1.1, 7.1; Ex. C, Schedule 1 ¶ 4.

19. The Litigation Trust remains in effect and the Litigation Trustee continues to commence litigation on behalf of the Litigation Trust by asserting additional Avoidance Claims.

**B. Background Concerning Settlement Agreement**

20. On March 18, 2025, the Togut Firm, on behalf of the Debtors as special counsel, sent RLDatix North America Inc ("RLDatix," together with the Litigation Trust, the "Parties," and each, individually, a "Party") correspondence (the "Demand Letter") (i) asserting that, during the 90-day period prior to the Petition Date, RLDatix received transfers from certain of the Debtors totaling $6,100,219, which may be subject to avoidance and recovery under chapter 5 of the Bankruptcy Code (together, the "Challenged Transfers"), and (ii) demanding recovery of the Challenged Transfers.

21. On July 15, 2025, the Debtors commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against RLDatix in the Bankruptcy Court by filing a complaint to avoid and recover the Challenged Transfers pursuant to

Bankruptcy Code sections 502, 547, 548, and 550 [Adv. Pro. Docket No. 1] (the "Defendant Avoidance Claims"). On November 6, 2025, the Litigation Trust filed an amended complaint in the Adversary Proceeding to reflect the assignment of the Defendant Avoidance Claims to it in accordance with the Plan [Adv. Pro. Docket No. 4].

22. RLDatix denies liability and asserts that it possesses affirmative defenses to the Adversary Proceeding relating to the Challenged Transfers and Defendant Avoidance Claims related thereto, including that the Challenged Transfers were remitted in the ordinary course of business pursuant to section 547(c)(2) of the Bankruptcy Code and are otherwise subject to other statutory defenses.

23. The Parties have engaged in good faith, arms' length negotiations and have entered into the Settlement Agreement with respect to resolution of the Defendant Avoidance Claims, the Demand Letter, the Challenged Transfers, and all other claims held and/or assertable by RLDatix against the Movant arising under or relating to the Challenged Transfers, and all other claims held by the Movant against RLDatix arising under or relating to the Challenged Transfers, as set forth in the Settlement Agreement.

24. The key terms of the Settlement Agreement are summarized below:[6]

- RLDatix shall, no later than thirty (30) days after the date the order approving the Settlement Agreement becomes a final and non-appealable, pay to the Litigation Trust $1,450,000 in Cash (the "Settlement Consideration");

- The Movant agrees that the Settlement Consideration shall constitute full and final settlement of the Defendant Avoidance Claims and any and all Claims or Causes of Action arising under or related to the Demand Letter and Challenged Transfers;

6 The following summary of the Settlement Agreement is subject entirely to the express terms of the Settlement Agreement. If there are any inconsistencies between the summary herein and the Settlement Agreement, the Settlement Agreement shall control.

- With certain exceptions set forth in the Settlement Agreement, RLDatix and each of its current and former directors, managers, officers, shareholders, predecessors, successors, assigns, direct and indirect subsidiaries, affiliates, parents, partners, employees, agents, advisors, attorneys, and representatives are released from all Claims and Causes of Action arising under or relating to the Challenged Transfers;

- With certain exceptions set forth in the Settlement Agreement, the Debtors and their estates (the "Estates"), the Litigation Trust, and the Litigation Trustee are released from all Claims and Causes of Action arising under or relating to the Challenged Transfers; and

- All Parties will bear their own fees and costs in preparing and prosecuting the Settlement Agreement.

25. RLDatix also filed proofs of claim against various Debtors asserting General Unsecured Claims in an aggregate unknown amount, which have been docketed in the official claims register of the Chapter 11 Cases bearing claim numbers 5952, 7385, and 7439 (collectively, the "GUC Claims"). For the avoidance of doubt, the GUC Claims remain unaffected by the Settlement Agreement and are not part of the Settlement Consideration; and further, for the avoidance of doubt, nothing herein shall (i) affect the validity, amount, or classification of the GUC Claims except as explicitly modified by the Settlement Consideration set forth herein or (ii) limit any defense, objection, or other rights of the Parties in connection with the GUC Claims.

26. Due to the time and expense associated with potentially litigating the Defendant Avoidance Claims and the defenses asserted by RLDatix, among other factors, the Movant has determined in its sound business judgment to agree to the terms of the Settlement Agreement. The Movant submits that this Motion is required under the Avoidance Claim Settlement Procedures because such procedures apply to Avoidance Claims where the amount demanded is in excess of $5 million.

## RELIEF REQUESTED

27. By this Motion, the Movant respectfully requests that the Bankruptcy

Court approve the Settlement Agreement, annexed hereto as **Exhibit A**.

## BASIS FOR RELIEF REQUESTED

### A. Entry into the Settlement Agreement is a Sound Exercise of the Movant's Business Judgment

28. Section 363(b) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. 11 U.S.C. § 363(b)(1). It is well established in this jurisdiction that a debtor may use property of the estate outside the ordinary course of business under this provision if there is a good business reason for doing so. *See, e.g.*, *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (*quoting In re Cont'l Air Lines, Inc.*, 780 F.3d 1223, 1226 (5th Cir. 1986)); *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Tex. 2005) (same).

29. The Movant respectfully submits that entering into the Settlement Agreement is a sound exercise of the Movant's business judgment and is a fair and reasonable compromise that is in the best interests of the Movant, its estate, and the beneficiaries thereof. The Settlement Agreement finally resolves the Defendant Avoidance Claims in a timely and efficient manner, resulting in an influx of $1,450,000 in cash to the Movant's estate and avoids the costly and time-consuming process of litigating the Defendant Avoidance Claims, which involve fact-intensive defenses, including whether the Challenged Transfers potentially fall within the ordinary course of business defense. Accordingly, entering into the Settlement Agreement now avoids the need to prepare and file further pleadings in connection with the Defendant Avoidance Claims, which results in more cost savings for the Movant's estate.

**B. The Settlement Agreement Satisfies the Requirements of Bankruptcy Rule 9019 and Should Be Approved**

30. Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate. *See In re Age Refin. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). Ultimately, approval of a compromise is within the sound discretion of the bankruptcy court. *See U.S. v. AWECO, Inc. (In re AWECO, Inc.),* 725 F.2d 293, 297-98 (5th Cir. 1984). Settlements are considered a "normal part of the process of reorganization" and "a desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated and costly." *Rivercity v. Herpel (In re Jackson Brewing Co.), 624 F.2d 599, 602* (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act).

31. The Fifth Circuit sets forth a three-factor balancing test under which bankruptcy courts are to analyze proposed settlements. *Id.* The factors the Court considers are: (1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise. *See Age Refin. Inc.*, 801 F.3d at 540 (internal citations omitted).

32. Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.),* 68 F.3d 914, 917 (5th Cir. 1995). Second, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref. Inc.*, 801 F.3d at 540 (citations

omitted); *Foster Mortg. Corp.*, 68 F.3d at 918.

33. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *See Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

34. Furthermore, a proposed settlement "need not result in the best possible outcome for the debtor, but must not 'fall beneath the lowest point in the range of reasonableness.'" *In re Idearc Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009) (quoting *Vaughn v. Drexel Burnham Lambert Grp., Inc.* (*In re Drexel Burnham Lambert Grp., Inc.*), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991)). The process of evaluating proposed settlements, then, "is the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry, Inc.*, 390 U.S. at 425.

35. The Settlement Agreement clearly meets these standards, and is fair, equitable, and in the best interests of the Movant's estate. First, the Movant submits that litigation of the Defendant Avoidance Claims is unlikely to produce additional value or incrementally improved terms in light of the costs of such efforts. Second, the Settlement Agreement was the result of extensive good faith, arm's-length negotiations between the Movant and RLDatix.

36. Moreover, the Movant has shared the terms of the Settlement Agreement with the Official Committee of Unsecured Creditors and the FILO Lenders (as such term is defined in the Procedures Order), and neither have expressed any objections to the proposed settlement.

37. Finally, all factors bearing on the wisdom of the compromise – including the paramount interest of the beneficiaries of the Movant's estate – weigh in favor of

approval of the Settlement Agreement. Given the risks and costs inherent in further adjudicating the Defendant Avoidance Claims, the recovery provided for in the Settlement Agreement is beneficial for the Movant and the beneficiaries of the Movant's estate. Considering the range of reasonable outcomes, the resolution afforded by the Settlement Agreement certainly exceeds the lowest point in the range of reasonableness.

38. Accordingly, the Movant respectfully submits that the Settlement Agreement satisfies Bankruptcy Rule 9019 and should be approved.

## WAIVER OF BANKRUPTCY RULE 6004(h)

39. Given the limited nature of the relief requested herein and that approval of the Settlement Agreement is in the best interests of the Movant, its estate, and its beneficiaries, the Movant believes that ample cause exists to waive the requirements of Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

40. Except as otherwise expressly provided in any order granting the relief requested herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested herein is intended as or should be construed or deemed to be: (i) an implication or admission as to the validity of any claim against the Movant or the Debtors' Estates; (ii) a waiver or limitation of the Movant's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Movant's or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (vii) an admission as to the validity of any liens satisfied pursuant to this Motion; or (viii) an approval, assumption, adoption, or rejection of any

agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code. Likewise, if the Bankruptcy Court grants the relief sought herein, any payment made pursuant to the Bankruptcy Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Movant's or any other party in interest's rights to dispute such claim subsequently.

## NOTICE

41. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## CONCLUSION

**WHEREFORE**, the Movant respectfully requests that the Bankruptcy Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 4, 2026
New York, New York

Respectfully submitted,

*/s/ Brian F. Moore*
TOGUT, SEGAL & SEGAL LLP
Albert Togut (admitted *pro hac vice*)
Frank A. Oswald (admitted *pro hac vice*)
Brian F. Moore (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000

*Counsel to the SHC Creditor Litigation Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

*/s/ Brian F. Moore*

# EXHIBIT A

## Settlement Agreement

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § | Chapter 11 |
| Debtors.[1] | § | Case No. 24-90213 (CML) |
| | § | (Jointly Administered) |
| | § | |
| MARK KRONFELD, Not Individually but Solely in His Capacity as Trustee of the SHC Creditor Litigation Trust | § | Adv. Pro. No. 25-03499 (CML) |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| RLDATIX NORTH AMERICA INC., | § | |
| Defendant. | § | |

**STIPULATION AND AGREED ORDER BETWEEN LITIGATION TRUST AND RLDATIX NORTH AMERICA INC RESOLVING AVOIDANCE CLAIMS**

This stipulation and agreed order (the "Stipulation and Agreed Order")[2] is made by and among: (i) the SHC Creditor Litigation Trust (the "Litigation Trust"), as the

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these Chapter 11 Cases is 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors*, dated July 11, 2025 [Ch. 11 Case 24-90213 (CML) Docket No. 5492] (as may be modified, amended, or supplemented from time to time, the "Plan").

assignee and transferee of the Causes of Action of Steward Health Care System LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned Chapter 11 Cases under the Plan and the *Order (I) Approving Settlement with FILO Secured Parties; (II) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* [Ch. 11 Case Docket No. 5035][3] (the "FILO Settlement Order"); and (ii) RLDatix North America Inc. ("RLDatix", together with the Litigation Trust, the "Parties," and each, individually, a "Party").

RECITALS

**WHEREAS**, on May 6, 2024 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"); and

**WHEREAS**, on February 3, 2025, the Bankruptcy Court entered the *Order Authorizing the Employment and Retention of Togut, Segal & Segal LLP as Special Bankruptcy Counsel for the Debtors and Debtors in Possession Effective as of*

[3] Citations to the above-captioned chapter 11 case shall be denoted as "Ch. 11 Case Docket No. __." Citations to above-captioned adversary proceeding shall be denoted as "Adv. Pro. Docket No. __."

*December 19, 2024* [Ch. 11 Case Docket No. 3886] approving the retention of Togut, Segal & Segal LLP (the "Togut Firm") as special bankruptcy counsel to the Debtors in the Chapter 11 Cases to investigate, analyze, and prosecute avoidance claims under chapter 5 of the Bankruptcy Code in favor of the Debtors' Estates (the "Avoidance Claims");[4] and

**WHEREAS**, pursuant to that certain written correspondence dated March 18, 2025 (the "Demand Letter") the Togut Firm, on behalf of the Debtors as special counsel, (i) asserted that, during the 90-day period prior to the Petition Date, RLDatix received transfers from certain of the Debtors totaling $6,100,219, which may be subject to avoidance and recovery under chapter 5 of the Bankruptcy Code (together, the "Challenged Transfers"), and (ii) demanded recovery of the Challenged Transfers; and

**WHEREAS**, on March 20, 2025, the Bankruptcy Court entered the *Order Establishing Streamlined Procedures for the Prosecution and Resolution of Avoidance Claims* [Ch. 11 Case Docket No. 4269] and as amended [Ch. 11 Case Docket Nos. 5485, 6098, 6354, and 6613] (the "Procedures Order") setting forth procedures authorizing the Debtors, the Litigation Trust, and the Litigation Trustee to settle certain Claims arising under chapter 5 of the Bankruptcy Code; and

**WHEREAS,** on July 11, 2025, the Debtors filed the Plan; and

---

4 *See Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Togut, Segal & Segal LLP as Special Bankruptcy Counsel for the Debtors and Debtors In Possession Effective as of December 19, 2024* [Ch. 11 Case Docket No. 3671].

**WHEREAS**, the Plan and the FILO Settlement Order provide for the establishment of (i) a litigation trust to be assigned "all Avoidance Actions asserted or assertable by the Debtors" and (ii) a litigation trustee who shall be "empowered, without the need for Bankruptcy Court approval, to… pursue, prosecute, settle, abandon, or otherwise resolve" the Avoidance Actions, "including through the commencement, participation, defense, or continuation of legal proceedings, including judicial, arbitration or administrative proceedings, in any domestic or foreign jurisdiction…during or after the pendency of these Chapter 11 Cases." *See* Plan, Art. VII § 7.1; Ex. C, Schedule 1 ¶ 4; and

**WHEREAS,** on July 15, 2025, the Debtors commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against RLDatix in the Bankruptcy Court by filing a complaint to avoid and recover the Challenged Transfers pursuant to Bankruptcy Code sections 502, 547, 548, and 550 [Adv. Pro. Docket No. 1] (the "Defendant Avoidance Claims"). On November 6, 2025, the Litigation Trust filed an amended complaint in the Adversary Proceeding to reflect the assignment of the Defendant Avoidance Claims to it in accordance with the Plan. [Adv. Pro. Docket No. 4]; and

**WHEREAS**, the Litigation Trust, n/k/a the SHC Creditor Litigation Trust, has been in effect as of July 17, 2025, and has since retained the Togut Firm. Mark Kronfeld has been appointed as trustee (the "Litigation Trustee") for the Litigation Trust. *See Notice of Further Extension of (I) Maturity Date Under FILO DIP Credit Agreement and (II) Litigation Trust Establishment Date* [Ch. 11 Case Docket No. 5703]; and

**WHEREAS,** on July 25, 2025, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* [Ch. 11 Case Docket No. 5774] (the "Confirmation Order") which, among other things, confirmed the Plan; and

**WHEREAS,** RLDatix denies liability and asserts that it possesses affirmative defenses to the Adversary Proceeding relating to the Challenged Transfers and Avoidance Claims related thereto; and

**WHEREAS**, to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Stipulation and Agreed Order.

**SETTLEMENT**

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties:

1. The recitals set forth above are incorporated herein by reference.

2. Subject to entry by the Bankruptcy Court of this Stipulation and Agreed Order, and except as explicitly provided herein, in full and final settlement and satisfaction of any and all Claims or Causes of Action arising under or relating to the Challenged Transfers or the Demand Letter, whether known or unknown, foreseen or

unforeseen, matured or unmatured, existing or hereafter arising, held by the Litigation Trust including, but not limited to, the Defendant Avoidance Claims, RLDatix shall no later than thirty (30) days after this Stipulation and Agreed Order becomes a final and non-appealable order, pay to the Litigation Trust $1,450,000 in Cash (the "Settlement Consideration"). No later than fourteen (14) days following the entry of this Stipulation and Agreed Order by the Bankruptcy Court, the Litigation Trust shall provide a W-9 to RLDatix, and / or such other or further information as the RLDatix shall reasonably require in order to effectuate the payment of the Settlement Consideration to the Litigation Trust. For the avoidance of doubt, nothing herein shall (i) affect the validity, amount, or classification of any claim filed by RLDatix in the Chapter 11 Cases or (ii) limit any defense, objection, or other rights of the Parties in connection with any such claim.

3. Subject to (i) entry by the Bankruptcy Court of this Stipulation and Agreed Order and this Stipulation and Agreed Order becoming final and non-appealable, and (ii) the Settlement Consideration to be provided by RLDatix being received by the counsel for the Litigation Trust within the time period set forth in paragraph 2, RLDatix and each of its current and former directors, managers, officers, shareholders, predecessors, successors, assigns, direct and indirect subsidiaries, affiliates, parents, partners, employees, agents, advisors, attorneys, and representatives (each, a "Released Party" and collectively, the "Released Parties") are hereby released, acquitted, and forever completely discharged from, and the Debtors and their Estates, the Litigation Trust, and

the Litigation Trustee hereby release and waive, any and all Claims and Causes of Action arising under or relating to the Challenged Transfers that could be asserted against RLDatix and its successors and assigns, including, but not limited to, any and all Claims, damages, actions, suits, Causes of Action, rights, liens, demands, obligations and/or liabilities, whether statutory or at common law, known or unknown, asserted or unasserted, in equity or otherwise, including those arising under chapter 5 of the Bankruptcy Code ("Chapter 5 Causes of Action") arising under or relating to the Challenged Transfers, including, but not limited to, the Defendant Avoidance Claims; *provided*, however, notwithstanding anything to the contrary in the foregoing, the releases set forth herein (i) do not release or discharge any of the Released Parties of any liability or Claims derived therefrom, if any, arising solely as a result of an act or omission of such Released Party that is determined by a final, non-appealable order by a court of competent jurisdiction to have constituted (x) willful misconduct involving claims for actual fraud or (y) intentional torts to defraud or deceive, in each case, other than Chapter 5 Causes of Action, and further, only to the extent that any such claims were not known and could not have reasonably been known by the Transferor Released Parties (as defined below) as of the date hereof, and (ii) shall not apply to and shall not be deemed to release or discharge (x) any obligations of RLDatix arising under and pursuant to this Stipulation and Agreed Order or (y) any Claims relating to any breach of the obligations of RLDatix arising under and pursuant to this Stipulation and Agreed Order. For the avoidance of

doubt, RLDatix waives any right to file further Claims against the Debtors, the Debtors' Estates, or the Litigation Trust and Litigation Trustee relating to the Settlement Consideration pursuant to section 502(h) of the Bankruptcy Code, and any Claim filed by or on behalf of RLDatix against the Debtors' Estates pursuant to Bankruptcy Code section 502(h) related to the Settlement Consideration shall be deemed immediately expunged without any further order of the Bankruptcy Court.

4. Subject to entry by the Bankruptcy Court of this Stipulation and Agreed Order and this Stipulation and Agreed Order becoming final and non-appealable, and except as explicitly provided herein, RLDatix shall not assert any additional postpetition, priority, or administrative expense Claim (as that term is defined in section 101(5) of the Bankruptcy Code) against the Debtors, the Debtors' Estates, and/or the Litigation Trust arising on or after the date the Parties execute this Stipulation and Agreed Order.

5. Subject to entry by the Bankruptcy Court of this Stipulation and Agreed Order and this Stipulation and Agreed Order becoming final and non-appealable, and except as otherwise set forth in paragraph 2 hereof, the Debtors and their Estates, the Litigation Trust, and the Litigation Trustee are hereby released, acquitted, and forever completely discharged from, and each Released Party hereby releases and waives, any and all Claims and Causes of Action arising under or relating to the Challenged Transfers that could be asserted against the Debtors and their Estates, the Litigation Trust, and the

Litigation Trustee and their respective retained professionals, and their successors and assigns (collectively, the "Transferor Released Parties"), including, but not limited to, any and all Claims, damages, actions, suits, Causes of Action, rights, liens, demands, obligations and/or liabilities, whether statutory or at common law, known or unknown, asserted or unasserted, arising under or relating to the Challenged Transfers, in equity or otherwise, including Chapter 5 Causes of Action arising under or relating to the Challenged Transfers, including, but not limited to, the Avoidance Claims; *provided*, however, notwithstanding anything to the contrary in the foregoing, the releases set forth herein (i) do not release or discharge the Transferor Released Parties of any liability or Claims derived therefrom, if any, solely as a result of an act or omission of the Transferor Released Parties that is determined by a final, non-appealable order by a court of competent jurisdiction to have constituted (x) willful misconduct involving claims for actual fraud or (y) intentional torts to defraud or deceive, in each case, other than Chapter 5 Causes of Action, and further, only to the extent that any such claims were not known and could not have reasonably been known by RLDatix as of the date hereof, and (ii) shall not apply to and shall not be deemed to release or discharge (x) any obligations of the Transferor Released Parties arising under and pursuant to this Stipulation and Agreed Order, or (y) any Claims relating to any breach of the obligations of the Transferor Released Parties arising under and pursuant to this Stipulation and Agreed Order.

6. Subject to entry by the Bankruptcy Court of this Stipulation and

Agreed Order and this Stipulation and Agreed Order becoming final and non-appealable, the Parties shall execute, and the Litigation Trust shall file, a notice of dismissal of the Adversary Proceeding with prejudice, and the Settlement Consideration will irrevocably become property of the Litigation Trust.

7. Each Party shall bear its own fees and costs in preparing and prosecuting this Stipulation and Agreed Order.

8. The Parties acknowledge that this Stipulation and Agreed Order is made in compromise of disputed Claims, including the Defendant Avoidance Claims, and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

9. The Parties represent and acknowledge that, in executing this Stipulation and Agreed Order, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Stipulation and Agreed Order or otherwise, other than as specifically stated in this Stipulation and Agreed Order.

10. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Agreed Order, and they have not, except as noted herein, relied upon any

representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts. Rather, the Parties to this Stipulation and Agreed Order relied upon their own judgment, beliefs and interest and, if applicable, the advice of their own counsel (for whose expense each shall be solely responsible). The Parties acknowledge that they had a reasonable period of time to consider this Stipulation and Agreed Order.

11. The Parties represent that they (i) have carefully read and reviewed this Stipulation and Agreed Order and know the contents thereof, (ii) fully understand and voluntarily accept all the provisions contained in this Stipulation and Agreed Order, (iii) have had the option of consulting with counsel of their choice regarding the meaning of the terms herein, and (iv) are executing this Stipulation and Agreed Order freely and voluntarily. The Parties further represent that this Stipulation and Agreed Order is the product of arms' length and good faith negotiations between the Parties and that the Parties participated jointly in the drafting and preparation of this Stipulation and Agreed Order, and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation and Agreed Order.

12. This Stipulation and Agreed Order sets forth the entire agreement between the Parties relating to the subject matter hereof and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

13. The undersigned who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order and that he or she has been duly authorized and has the requisite authority and power to (i) execute and deliver this Stipulation and Agreed Order on behalf of such Party, (ii) bind his or her respective client or clients to the terms and conditions of this Stipulation and Agreed Order, and (iii) act with respect to the rights and Claims that are being altered or otherwise affected by this Stipulation and Agreed Order.

14. This Stipulation and Agreed Order may be amended, and any provision of this Stipulation and Agreed Order may be waived; *provided* that any such amendment or waiver will be binding upon the Parties only if such amendment or waiver is set forth in a writing executed by all the Parties hereto and, if necessary, approved by the Bankruptcy Court. No course of dealing between or among any persons having any interest in this Stipulation and Agreed Order shall be deemed effective to modify, amend, or discharge any part of this Stipulation and Agreed Order or any rights or obligations of any person under or by reason of this Stipulation and Agreed Order. No waiver of any of the provisions of this Stipulation and Agreed Order shall be deemed or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.

15. Notwithstanding the provisions of Rule 6004(h) of the Federal Rules

of Bankruptcy Procedure, this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

16. This Stipulation and Agreed Order shall be binding upon, and inure to the benefit of, the Parties, their respective heirs, executors, successors, administrators and assigns.

17. This Stipulation and Agreed Order shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof. The parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any Claims or disputes between the Parties with respect to this Stipulation and Agreed Order.

18. This Stipulation and Agreed Order may be executed by electronic signature (including use of /s/ preceding the typed name of a signatory) and may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

19. The Bankruptcy Court shall retain sole and exclusive jurisdiction over all matters related to this Stipulation and Agreed Order.

Dated: ________________, 2026

________________________________
Christopher Lopez
United States Bankruptcy Judge

DATED: New York, New York
July 30, 2026

| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP<br>*Counsel to the SHC Creditor Litigation Trust and MARK KRONFELD, Not Individually but Solely in His Capacity as Trustee of the SHC Creditor Litigation Trust*<br><br>By:<br><br>*/s/ Brian F. Moore*<br>Brian F. Moore (admitted *pro hac vice*)<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000 | KIRKLAND & ELLIS LLP<br>*Counsel for* RLDATIX NORTH AMERICA INC.<br><br>By:<br><br>*/s/ Seth T. Sanders*<br>Seth T. Sanders<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>seth.sanders@kirkland.com |